1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  PAUL R. LYND, Bar No. 202764
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
5  Facsimile:   415.399.8490
   E-mail: gtichy@littler.com, mbarrett@littler.com,
6  plynd@littler.com

7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) and
   HSBC BANK USA, N.A.

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  | Philip Wong and Frederic Chaussy, | Case No.  C 07 2446 MMC |
    | individually, on behalf of all others | |
13  | similarly situated, and on behalf of the | **DEFENDANTS HSBC MORTGAGE** |
    | general public, | **CORPORATION (USA)'S AND HSBC** |
14  | | **BANK USA, N.A.'S NOTICE OF MOTION** |
    | Plaintiffs, | **AND MOTION TO DISMISS OR,** |
15  | | **ALTERNATIVELY, MOTION TO STRIKE** |
    | v. | **RULE 23 CLASS ACTION ALLEGATIONS** |
16  | | **(FRCP 12(B)(6) AND 12(F));** |
    | HSBC Mortgage Corporation (USA); | **MEMORANDUM OF POINTS AND** |
17  | HSBC Bank USA, N.A.; HSBC Holdings, | **AUTHORITIES IN SUPPORT THEREOF** |
    | Inc.; and DOES 1 through 50, inclusive, | |
18  | | Date:           August 24, 2007 |
    | Defendants. | Time:           9:00 a.m. |
19  | | Courtroom:    7 (19th Floor) |
    | | Judge:          Hon. Maxine M. Chesney |
20  | | |
    | | Complaint Filed: June 29, 2007 (Amended) |
21  | | Trial Date:      Not Yet Set |

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                                    Case No.  C 07 2446 MMC

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**DEFENDANTS' MOTION TO DISMISS (FRCP 12(B)(6))**

PLEASE TAKE NOTICE that on August 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may heard before the Honorable Maxine M. Chesney in Courtroom 7 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendants HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A. ("Defendants")[1] will move to dismiss the class action allegations pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiffs' Amended Complaint for Damages, Restitution and Injunctive Relief ("Complaint") fails to state a claim upon which relief can be granted, on the grounds that:

1.  Plaintiffs' state law class action allegations alleged pursuant to Federal Rules of Civil Procedure 23 fail because 29 U.S.C. § 216(b) precludes the simultaneous litigation of both an opt-in collective action under that statute and an opt-out class action under Rule 23 in the same lawsuit, *see, e.g., Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004);

2.  Plaintiffs' state law class action allegations alleged pursuant to Federal Rules of Civil Procedure 23 fail because allowing Plaintiffs' to simultaneously litigate both an opt-out collective action under 29 U.S.C. § 216(b) and an opt-out class action under Rule 23 in the same lawsuit would violate the Rules Enabling Act;

3.  If the Court does not dismiss Plaintiffs' state class action allegations, adjudication of Plaintiffs' state law claims, which involve several claims under the laws of three states, will require the careful consideration and analysis of these claims and the relevant state law, with the inevitable result that state law claims will predominate over the federal Fair Labor Standards

---

[1] Please note that the parties have discussed Defendants' objection to HSBC Bank USA, N.A.'s inclusion as a party in this matter. The parties are exploring the possibility of dismissal of HSBC Bank USA, N.A. as a party; however, to date, no consensus on the issue has been reached.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                    1.                    Case No.  C 07 2446 MMC

1    Act claims, such that the Court should decline to exercise supplemental

2    jurisdiction over Plaintiffs' state law claims; and

3    4.    The Ninth Claim for Relief should be dismissed, at least to the extent that it

4    concerns alleged recordkeeping violations, because New Jersey law does not

5    authorize a civil cause of action for those alleged violations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                    2.                    Case No.  C 07 2446 MMC

**DEFENDANTS' MOTION TO STRIKE (FRCP 12(F))**

Additionally, PLEASE TAKE NOTICE that on August 24, 2007 at 9:00 a.m., or as soon thereafter as the matter may heard before the Honorable Maxine M. Chesney in Courtroom 7 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendants will also, or alternatively, move to the Court for an order striking the following matter from the Complaint:

1.    The references to "and class action" and "under the Federal Rule of Civil Procedure 23 ("Rule 23") and" in Paragraph 1 of the Complaint;

2.    Paragraph 3 of the Complaint, which alleges: "The California Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work 'off-the-clock'), within the State of California within the period four years prior to the filing date of this Complaint ('the California Class Period').";

3.    Paragraph 4 of the Complaint, which alleges: "The New York Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work 'off-the-clock'), within

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                                3.                     Case No.  C 07 2446 MMC

1    the State of New York within the period six years prior to the filing date of

2    this Complaint ('the New York Class Period').";

3    4.    Paragraph 5 of the Complaint, which alleges: "The New Jersey Class (Rule

4          23) is made up of all persons who are or have been employed by Defendants

5          as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage

6          Lending Consultants' (also known as 'loan officers'), 'Field Administrators'

7          and 'Senior Field Administrators' (also known as 'sales assistants'), and other

8          non-management mortgage sales employees, who were misclassified as

9          exempt, and therefore erroneously denied overtime, meal and rest period

10         compensation as required by state wage and hour laws, and/or were not paid

11         fully for overtime hours works [sic] (required to work off-the-clock), within

12         the State of New Jersey within the period two years prior to the filing of this

13         Complaint ('the New Jersey Class Period').";

14   5.    The reference in Paragraph 6 to "and the Class Period" and the allegation that

15         "Plaintiffs seek relief for the Class pursuant to the applicable provisions of the

16         state laws of California, New York, and New Jersey.";

17   6.    The reference in Paragraph 8 to "and California Classes";

18   7.    The reference in Paragraph 9 to "and California Classes";

19   8.    The reference in Paragraph 10 to "and the New York and New Jersey

20         Classes";

21   9.    Paragraph 24 of the Complaint, which alleges: "Plaintiffs bring this action as a

22         class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on

23         behalf of the following defined classes:

24         "California Class:  All persons who are or have been employed by Defendants

25         as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage

26         Lending Consultants' (also known as 'loan officers'), 'Field Administrators'

27         and 'Senior Field Administrators' (also known as 'sales assistants'), and other

28         non-management mortgage sales employees, who were misclassified as

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                   4.                        Case No.  C 07 2446 MMC

1    exempt, and therefore erroneously denied overtime, meal and rest period

2    compensation as required by state wage and hour laws, and/or were not paid

3    fully for overtime hours worked (required to work 'off-the-clock'), within the

4    State of California within the period four years prior to the filing date of this

5    Complaint.

6    "New York Class: All persons who are or have been employed by Defendants

7    as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage

8    Lending Consultants' (also known as 'loan officers'), 'Field Administrators'

9    and 'Senior Field Administrators' (also known as 'sales assistants'), and other

10   non-management mortgage sales employees, who were misclassified as

11   exempt, and therefore erroneously denied overtime, meal and rest period

12   compensation as required by state wage and hour laws, and/or were not paid

13   fully for overtime hours worked (required to work 'off-the-clock'), within the

14   State of New York within the period six years prior to the filing date of this

15   Complaint.

16   "New Jersey Class:  All persons who are or have been employed by

17   Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail

18   Mortgage Lending Consultants' (also known as 'loan officers'), 'Field

19   Administrators' and 'Senior Field Administrators' (also known as 'sales

20   assistants'), and other non-management mortgage sales employees, who were

21   misclassified as exempt, and therefore erroneously denied overtime, meal and

22   rest period compensation as required by state wage and hour laws, and/or

23   were not paid fully for overtime hours worked (required to work off-the-

24   clock), within the State of New Jersey within the period two years prior to the

25   filing of this Complaint.";

26   10.    Paragraph 25 of the Complaint, which alleges: "Numerosity: The Proposed

27          Class is so numerous that joinder of all members is impracticable.  Plaintiffs

28          are informed and believe, and on that basis allege, that during the relevant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                         5.                        Case No.  C 07 2446 MMC

1             time period, Defendants employed hundreds of people who satisfy the

2             definition of the Proposed Class.";

3    11.     Paragraph 26 of the Complaint, which alleges: "<u>Typicality</u>: The Plaintiffs'

4             claims are typical of the members of the Proposed Class. Plaintiffs are

5             informed and believe that, during the Class Period, like other "Retail

6             Mortgage Lending Consultants" and "Senior Retail Mortgage Lending

7             Consultants" (also known a "loan officers"), "Field Administrators" and

8             "Senior Field Administrators" (also known as sales assistants"), and other

9             non-management mortgage sales employees who were misclassified as

10            exempt, they routinely worked more than eight hours per day and more than

11            40 hours were week, and routinely worked through meal and real periods,

12            and/or were required to work overtime hours without compensation ("off the

13            clock"). Plaintiffs had the same duties and responsibilities as other Class

14            members. Plaintiffs were subject to Defendants' policy and practice and

15            improperly treating and classifying employees in these positions as "exempt"

16            from state wage and hour laws, failing to pay appropriate overtime

17            compensation, failing to provide or authorize meal and rest breaks in

18            compliance with state laws, and failing to maintain to maintain accurate time

19            records of hours worked by the Proposed Class or to issue accurate itemized

20            wage statements to these individuals.";

21    12.     Paragraph 27 of the Complaint, which alleges: "<u>Superiority</u>: A class action is

22            superior to other available methods for the fair and efficient adjudication of

23            the controversy, particularly in the context of wage and hour litigation where

24            individual plaintiffs lack the financial resources to vigorously prosecute

25            separate lawsuits in federal court against large corporate Defendants.

26            Prosecuting hundreds of identical, individual lawsuits nationwide does not

27            promote judicial efficiency or equity and consistency in judicial results.";

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

**DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS**       6.       **Case No. C 07 2446 MMC**

13.  Paragraph 28 of the Complaint, which alleges: "<u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.";

14.  Paragraph 29 of the Complaint, which alleges: "<u>Commonality</u>:  Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

A.  Whether Defendants improperly classified the members of the Proposed Class as exempt;

B.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

C.  Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the applicable state laws;

D.  Whether Plaintiffs and the Proposed Class' members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to the applicable state laws;

E.  Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

F.  Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of state wage laws;

G.  Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to state wage laws;

H.  The proper measure of damages sustained by the Proposed Class; and

I.  Whether Defendants' actions were 'willful.'";

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                    7.                    Case No.  C 07 2446 MMC

15.  Paragraph 30 of the Complaint, which alleges: "This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.";

16.  Paragraph 31 of the Complaint, which alleges: "Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.";

17.  Paragraph 32 of the Complaint, which alleges: "Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendants.";

18.  The two references in Paragraph 57 to "members of the Class" and the reference in that paragraph to "and the other Class Members";

19.  The reference in Paragraph 58 to "and the Class";

20.  Paragraph 60 of the Complaint, which alleges: "During the relevant time period, many Class members were employed by and thereafter terminated or resigned from their positions with Defendants. Defendants, however,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                     8.                     Case No. C 07 2446 MMC

1      willfully failed to pay such Class Members all wages owed them (including

2      overtime wages) within the time limits set forth in California Labor Code

3      sections 201 and 202.";

4  21.    Paragraph 61 of the Complaint, which alleges: "Under Labor Code sections

5      201, 202, and 203, those Class Members who no longer work for Defendants

6      are entitled to waiting time penalties for Defendants willful failure to timely

7      pay all wages owed upon separation of their employment.";

8  22.    The four references in Paragraph 64 of the Complaint to "and the Class";

9  23.    The three references in Paragraph 70 of the Complaint to "and Class

10      Members";

11  24.    The reference in Paragraph 73 of the Complaint to "and the Class Members";

12  25.    The reference in Paragraph 81 of the Complaint to "on behalf of herself and

13      all members of the New Jersey Class";

14  26.    The reference in Paragraph 83 of the Complaint to "and each member of the

15      prospective New Jersey Class";

16  27.    The reference in Paragraph 84 of the Complaint to "and the New Jersey Class

17      members";

18  28.    The reference in Paragraph 85 of the Complaint to "and the New Jersey Class

19      members";

20  29.    Paragraph 85 of the Complaint, which alleges: "Upon information and belief,

21      Defendants have failed to keep true and accurate records of the hours worked

22      by the Ms. Pica [sic] and the New Jersey Class members in violation of New

23      Jersey State Wage and Hour Law, N.J.S. § 34:11-5a20 [sic].";

24  30.    The reference in Paragraph 89 of the Complaint to "and the New York Rule

25      23 Class";

26  31.    The reference in Paragraph 92 of the Complaint to "and to the New York Rule

27      23 Class";

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**
    9.    Case No.  C 07 2446 MMC

32.    The reference in Paragraph 93 of the Complaint to "and the New York Rule 23 Class";

33.    The reference in Paragraph 94 of the Complaint to "and the New York Rule 23 Class" and the allegation that "The New York Named Plaintiff does not seek liquidated damages on behalf of the New York Rule 23 Class.";

34.    The reference in Paragraph 95 of the Complaint to "and the New York Rule 23 Class"; and

35.    The reference in Paragraph 96 of the Complaint to "A.  That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure."

These Motions are based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice filed herewith, all the files and records in this matter, and on such oral argument as may be presented at the hearing on these Motions.

Dated: July 19, 2007

GEORGE J. TICHY II
MICHELLE R. BARRETT
PAUL R. LYND
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS

10.

Case No.  C 07 2446 MMC

1

# TABLE OF CONTENTS

2

PAGE

3   I.    INTRODUCTION AND SUMMARY OF CASE ...................................................1

4   II.   STATEMENT OF ISSUES TO BE DECIDED .................................................2

5   III.  LEGAL ARGUMENT ....................................................................................11

        A.    Applicable Legal Standards.......................................................................11

6
7       B.    Plaintiffs' Rule 23 Class Action Allegations Should Be Dismissed Or, At The
              Very Least, Stricken From The Complaint ...............................................11

8             1.   Plaintiffs' State Law Class Action Allegations Are Inherently
                   Incompatible With Opt-In Collective Actions Under The FLSA.................11

9
              2.   Plaintiffs' Rule 23 Class Action Allegations Violate The Rules
10                 Enabling Act ...................................................................................14

11            3.   The Court Should Decline To Exercise Supplemental Jurisdiction Over
                   The State Law Class Action Claims Because They Predominate Over
12                 The Federal Claims...........................................................................16

13      C.    The Ninth Claim For Relief Should Be Dismissed Or Stricken Because New
              Jersey Law Does Not Allow A Civil Suit Over Recordkeeping ...............................18

14  IV.   CONCLUSION ...........................................................................................19

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

# TABLE OF AUTHORITIES

PAGE

## CASES

Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997)................................................................15

Aquilino v. Home Depot U.S.A., Inc., 2006 WL 2023539 (D.N.J. July 18, 2006) ..........................17

Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir. 1990) ..............................................11

Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240 (11th Cir. 2003) ....................12

Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) ................................................16

Chase v. AIMCO Properties, L.P., 374 F.Supp.2d 196 (D.D.C. 2005).......................................17

De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003)............................................15, 17

Edwards v. City of Long Beach, 467 F.Supp.2d 986 (C.D. Cal. 2006) ...............................12, 13, 14

Fantasy, Inc. v. Fogerty, 984 F.2d 1524 (9th Cir. 1993), rev. on other grounds, 510 U.S. 517 (1994)......................................................................................................................11

Glewwe v. Eastman Kodak Co., No. 05-6462T, 2006 WL 1455476 (W.D.N.Y. May 25, 2006)............................................................................................................................17

Harden v. WIS Holding Corp., Case No. 07-4076-CV-C-SOW .................................................13

Herring v. Hewitt Assocs., Inc., 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006)..........................................................................................................................12

Himmelman v. Continental Casualty Co., 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006)...................................................................................................................12

Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989).......................................................12

Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex. 2003)............................................17

LaChapelle v. Owens-Corning, Inc., 513 F.2d 286 (5th Cir. 1975)...........................................12

Letouzel v. Eastman Kodak Co.; 2006 WL 1455478 (W.D.N.Y. May 25, 2006) ..........................17

Leuthold v. Destination America, Inc., 224 F.R.D. 462 (N.D. Cal. 2004)......................2, 12, 13, 14

Luciano v. Eastman Kodak Co., 2006 WL 1455477 (W.D.N.Y. May 25, 2006) ..........................17

McLain v. Leona's Pizzeria, 222 F.R.D. 574 (N.D. Ill. 2004) ............................................13, 14

Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 (D. N.J. Jan. 5, 2006) ..........................13

Neary v. Metropolitan Property and Casualty Ins. Co., 472 F.Supp.2d 247 (D. Conn. 2007)......................................................................................................................17

Otto v. Pocono Health Sys., 457 F.Supp.2d 522 (M.D. Pa. 2006) .....................................12, 13, 14

Qwest Communications Corp. v. City of Berkeley, 208 F.R.D. 288 (N.D. Cal. 2002) .......................................................................................11

Rodriguez v. The Texan, Inc., 2001 U.S. Dist. LEXIS 24652 (N.D. Ill. Mar. 7, 2001) ....................13

Strigliabotti v. Franklin Resources, Inc., 398 F. Supp. 2d 1094 (N. D. Cal. 2005)...............................................................................11

Tran v. Le French Baker, Inc., 1995 WL 374342 (N.D. Cal. June 14, 1995) ................................16

United States ex rel. Greenville Equip. Co. v. United States Cas. Co., 218 F.Supp.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

653 (D. Del. 1962) ...............................................................................................15

## STATUTES

28 U.S.C. § 1331 ...............................................................................................16

28 U.S.C. § 1367(a) ...........................................................................................16

28 U.S.C. § 1367(c)(2) .......................................................................................17

28 U.S.C. § 1367(c)(4) .......................................................................................17

28 U.S.C. § 2072(b) ........................................................................................2, 15

29 U.S.C. § 216(b) .............................................................1, 2, 11, 12, 13, 14, 15

California Labor Code § 201 ................................................................................9

California Labor Code § 202 ................................................................................9

California Labor Code § 203 ...........................................................................9, 18

New Jersey Statutes section 34:11-56a20 ..........................................................18

New Jersey Statutes section 34:11-56a22 ..........................................................18

New Jersey Statutes section 34:11-56a25 ..........................................................18

## RULES

Federal Rule of Civil Procedure 12(b)(6) ..........................................................11

Federal Rule of Civil Procedure 23 ................................................1, 2, 11, 12, 13, 14

Federal Rule of Civil Procedure 23(b)(1) .......................................................8, 11

Federal Rule of Civil Procedure 23(b)(3) .................................................8, 11, 13

Federal Rule of Civil Procedure 12(f) ...............................................................11

Rules 23 ...............................................................................................................2

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS**

iii.

Case No.  C 07 2446 MMC

1    **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' FRCP**

2    **12(B)(6) AND 12(F) MOTIONS**

3

4    **I.      INTRODUCTION AND SUMMARY OF CASE**

5               Plaintiffs Philip Wong and Frederic Chaussy filed a Complaint for Damages,

6    Restitution and Injunctive Relief against Defendants HSBC Mortgage Corporation (USA) and

7    HSBC Bank USA, N.A. ("Defendants").  In a stipulation filed with the Court, on May 30, 2007,

8    counsel for the parties agreed to extend the time for Defendants to respond until June 29, 2007.  On

9    that date, before Defendants could file a responsive pleading, Plaintiffs Wong and Chaussy filed an

10   Amended Complaint for Damages, Restitution and Injunctive Relief ("Complaint"), which included

11   a newly named Plaintiff, Leslie Marie Shearn, and claims under New Jersey and New York law.

12              Plaintiffs' Complaint seeks to simultaneously litigate a collective action under

13   section 16(b), 29 U.S.C. § 216(b), of the Fair Labor Standards Act ("FLSA"), while at the same time

14   seeking to pursue several class action claims under Rule 23 of the Federal Rules of Civil Procedure.

15   Plaintiffs assert their Rule 23 class action allegations under the laws of three different states—

16   California, New Jersey and New York.  The First Claim for Relief, which Plaintiffs allege as a

17   collective action, alleges failure to pay overtime wages under the FLSA.  Additionally, in the Second

18   through Sixth Claims for Relief, Plaintiffs allege violations of California overtime, meal and rest

19   period, and itemized wage statement requirements, as well as seek waiting time penalties for the

20   alleged failure to pay final wages under California law.  They also allege a claim for unfair business

21   practices under California law.  On behalf of an alleged California class, they allege these multiple

22   California law claims as putative class actions under Rule 23.

23              Next, in the Ninth Claim for Relief, Plaintiff Shearn alleges failure to pay overtime

24   wages under New Jersey law, on behalf of a putative Rule 23 New Jersey Class.  Finally, in the

25   Tenth Claim for Relief, Plaintiff Shearn further seeks to represent a putative New York Class under

26   Rule 23, alleging failure to pay overtime wages under New York law.

27              Through these allegations, Plaintiffs seek to simultaneously pursue incompatible

28   collective and class actions.  As several federal courts have held, the opt-out scheme provided by a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                                              Case No.  C 07 2446 MMC

1   Rule 23 class action is inherently incompatible with the opt-in procedure required by section 16(b)

2   of the FLSA.  Congress adopted the collective action procedure in the FLSA to limit representative

3   actions, a purpose that would be frustrated by allowing Plaintiffs to circumvent the FLSA's opt-in

4   procedure by pursuing opt-out class actions at the same time.  *See, e.g., Leuthold v. Destination*

5   *America, Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004).  Additionally, the simultaneous maintenance

6   of a class action under Rule 23 and a collective action under the Rules Enabling Act, 28 U.S.C.

7   § 2072(b) ("REA"), because doing so would abridge the substantive rights of Defendants and the

8   employees.  For these reasons, the Court should dismiss Plaintiffs' Rule 23 class action allegations

9   or strike them from the Complaint.  Alternatively, the Court should decline to exercise supplemental

10  jurisdiction over Plaintiffs' state law claims because state law issues predominate in the Complaint.

11          Finally, in the Ninth Claim for Relief, Plaintiffs allege that Defendants failed to

12  maintain records of hours worked as required by New Jersey law.  However, New Jersey does not

13  provide for a civil cause of action for any alleged violation of this requirement.  Thus, this claim

14  should be dismissed or stricken from the Complaint as well.

15  **II.     STATEMENT OF ISSUES TO BE DECIDED**

16          The following issues are before the Court to be decided:

17          **MOTION TO DISMISS**

18          (1)     Whether Plaintiffs' state law class action allegations alleged pursuant to

19  Federal Rules of Civil Procedure 23 fail because 29 U.S.C. § 216(b) precludes the simultaneous

20  litigation of both an opt-in collective action under that statute and an opt-out class action under Rule

21  23 in the same lawsuit;

22          (2)     Whether Plaintiffs' state law class action allegations alleged pursuant to

23  Federal Rules of Civil Procedure 23 also fail because allowing Plaintiffs' to simultaneously litigate

24  both an opt-out collective action under 29 U.S.C. § 216(b) and an opt-out class action under Rules

25  23 in the same lawsuit would violate the Rules Enabling Act;

26          (3)     If the Court does not dismiss Plaintiffs' state class action allegations, whether

27  the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims

28  because they would predominate over the federal FLSA claims; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                    2.                    Case No.  C 07 2446 MMC

1         (4)     Whether the Ninth Claim for Relief should be dismissed, at least to the extent

2  that it concerns alleged recordkeeping violations, because New Jersey law does not authorize a civil

3  cause of action for those alleged violations.

4         **MOTION TO STRIKE**

5         (1)     Whether the references to "and class action" and "under the Federal Rule of

6  Civil Procedure 23 ("Rule 23") and" in Paragraph 1 of the Complaint should be stricken because

7  Plaintiffs cannot simultaneously pursue class and collective actions in this case;

8         (2)     Whether Paragraph 3 of the Complaint, which alleges, "The California Class

9  (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail

10  Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as

11  'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales

12  assistants'), and other non-management mortgage sales employees, who were misclassified as

13  exempt, and therefore erroneously denied overtime, meal and rest period compensation as required

14  by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to

15  work 'off-the-clock'), within the State of California within the period four years prior to the filing

16  date of this Complaint ('the California Class Period')," should be stricken because Plaintiffs cannot

17  simultaneously pursue class and collective actions in this case;

18         (3)     Whether Paragraph 4 of the Complaint, which alleges, "The New York Class

19  (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail

20  Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as

21  'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales

22  assistants'), and other non-management mortgage sales employees, who were misclassified as

23  exempt, and therefore erroneously denied overtime, meal and rest period compensation as required

24  by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to

25  work 'off-the-clock'), within the State of New York within the period six years prior to the filing

26  date of this Complaint ('the New York Class Period')," should be stricken because Plaintiffs cannot

27  simultaneously pursue class and collective actions in this case;

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**        3.                **Case No.  C 07 2446 MMC**

(4)    Whether Paragraph 5 of the Complaint, which alleges, "The New Jersey Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work off-the-clock), within the State of New Jersey within the period two years prior to the filing of this Complaint ('the New Jersey Class Period')," should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(5)    Whether the reference in Paragraph 6 to "and the Class Period" and the allegation that "Plaintiffs seek relief for the Class pursuant to the applicable provisions of the state laws of California, New York, and New Jersey" should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(6)    Whether the reference in Paragraph 8 to "and California Classes" should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(7)    Whether the reference in Paragraph 9 to "and California Classes" should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(8)    Whether the reference in Paragraph 10 to "and the New York and New Jersey Classes" should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(9)    Whether Paragraph 24 of the Complaint, which alleges, "Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined classes:

"California Class: All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                     4.                     Case No. C 07 2446 MMC

non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work 'off-the-clock'), within the State of California within the period four years prior to the filing date of this Complaint.

"New York Class:  All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work 'off-the-clock'), within the State of New York within the period six years prior to the filing date of this Complaint.

"New Jersey Class:   All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work off-the-clock), within the State of New Jersey within the period two years prior to the filing of this Complaint," should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                     5.                     Case No.  C 07 2446 MMC

1    (10)    Whether Paragraph 25 of the Complaint, which alleges, "Numerosity: The

2 Proposed Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed

3 and believe, and on that basis allege, that during the relevant time period, Defendants employed

4 hundreds of people who satisfy the definition of the Proposed Class," should be stricken because

5 Plaintiffs cannot simultaneously pursue class and collective actions in this case;

6    (11)    Whether Paragraph 26 of the Complaint, which alleges, "Typicality: The

7 Plaintiffs' claims are typical of the members of the Proposed Class.  Plaintiffs are informed and

8 believe that, during the Class Period, like other "Retail Mortgage Lending Consultants" and "Senior

9 Retail Mortgage Lending Consultants" (also known a "loan officers"), "Field Administrators" and

10 "Senior Field Administrators" (also known  as sales assistants"), and other non-management

11 mortgage sales employees who were misclassified as exempt, they routinely worked  more than

12 eight hours per day and more than 40 hours were week, and routinely  worked through meal and real

13 periods, and/or were required to work overtime hours without compensation ("off the clock").

14 Plaintiffs had  the same duties and responsibilities as other Class members.  Plaintiffs were subject to

15 Defendants' policy and practice and improperly treating and classifying employees in these positions

16 as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation,

17 failing to provide or authorize meal and rest breaks in compliance with state laws, and failing to

18 maintain to maintain accurate time records of hours worked by the Proposed Class or to issue

19 accurate itemized wage statements to these individuals," should be stricken because Plaintiffs cannot

20 simultaneously pursue class and collective actions in this case;

21    (12)    Whether Paragraph 27 of the Complaint, which alleges, "Superiority: A class

22 action is superior to other available methods for the fair and efficient adjudication of the controversy,

23 particularly in the context of wage and hour litigation where individual plaintiffs lack the financial

24 resources to vigorously prosecute separate lawsuits in federal court against large corporate

25 Defendants.  Prosecuting hundreds of identical, individual lawsuits nationwide does not promote

26 judicial efficiency or equity and consistency in judicial results," should be stricken because Plaintiffs

27 cannot simultaneously pursue class and collective actions in this case;

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco  CA  94108 2693
415 433 1940

DEFENDANTS' NOTICE OF MOTION &               6.                    Case No.  C 07 2446 MMC
MOTION TO DISMISS

(13)    Whether Paragraph 28 of the Complaint, which alleges, "<u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex, nationwide wage and hour class and collective action litigation," should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

(14)    Whether Paragraph 29 of the Complaint, which alleges, "<u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

      A.    Whether Defendants improperly classified the members of the Proposed Class as exempt;

      B.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

      C.    Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the applicable state laws;

      D.    Whether Plaintiffs and the Proposed Class' members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to the applicable state laws;

      E.    Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

      F.    Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of state wage laws;

      G.    Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to state wage laws;

      H.    The proper measure of damages sustained by the Proposed Class; and

      I.    Whether Defendants' actions were 'willful.'"

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS

7.

Case No.  C 07 2446 MMC

1    should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in

2    this case;

3            (15)    Whether Paragraph 30 of the Complaint, which alleges, "This case is

4    maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or

5    against individual members of the class would result in inconsistent or varying adjudications and

6    create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each

7    individual member's claim as a separate action would be dispositive of the interest of other

8    individuals not party to this action, impeding their ability to protect their interests," should be

9    stricken because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

10            (16)    Whether Paragraph 31 of the Complaint, which alleges, "Class certification is

11    appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the

12    Proposed Class predominate over any questions affecting only individual members of the Proposed

13    Class, and because a class action is superior to other available methods for the fair and efficient

14    adjudication of this litigation.  Defendants' common and uniform policies and practices denied the

15    Proposed Class the overtime pay to which they are entitled.  The damages suffered by the individual

16    Proposed Class members are small compared to the expense and burden of individual prosecution of

17    this litigation.  In addition, class certification is superior because it will obviate the need for unduly

18    duplicative litigation that might result in inconsistent judgments about Defendants' practices,"

19    should be stricken because Plaintiffs cannot simultaneously pursue class and collective actions in

20    this case;

21            (17)    Whether Paragraph 32 of the Complaint, which alleges, "Plaintiffs intend to

22    send notice to all members of the Proposed Class to the extent required by Rule 23.  The names and

23    address of the Proposed Class are available from Defendants," should be stricken because Plaintiffs

24    cannot simultaneously pursue class and collective actions in this case;

25            (18)    Whether the two references in Paragraph 57 to "members of the Class" and

26    the reference in that paragraph to "and the other Class Members" should be stricken because

27    Plaintiffs cannot simultaneously pursue class and collective actions in this case;

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1       (19) Whether the reference in Paragraph 58 to "and the Class" should be stricken

2    because Plaintiffs cannot simultaneously pursue class and collective actions in this case;

3       (20) Whether Paragraph 60 of the Complaint, which alleges, "During the relevant

4    time period, many Class members were employed by and thereafter terminated or resigned from

5    their positions with Defendants.  Defendants, however, willfully failed to pay such Class Members

6    all wages owed them (including overtime wages) within the time limits set forth in California Labor

7    Code sections 201 and 202," should be stricken because Plaintiffs cannot simultaneously pursue

8    class and collective actions in this case;

9       (21) Whether Paragraph 61 of the Complaint, which alleges, "Under Labor Code

10   sections 201, 202, and 203, those Class Members who no longer work for Defendants are entitled to

11   waiting time penalties for Defendants willful failure to timely pay all wages owed upon separation of

12   their employment," should be stricken because Plaintiffs cannot simultaneously pursue class and

13   collective actions in this case;

14      (22) Whether the four references in Paragraph 64 of the Complaint to "and the

15   Class" should be stricken because Plaintiffs cannot simultaneously pursue class and collective

16   actions in this case;

17      (23) Whether the three references in Paragraph 70 of the Complaint to "and Class

18   Members" should be stricken because Plaintiffs cannot simultaneously pursue class and collective

19   actions in this case;

20      (24) Whether the reference in Paragraph 73 of the Complaint to "and the Class

21   Members" should be stricken because Plaintiffs cannot simultaneously pursue class and collective

22   actions in this case;

23      (25) Whether the reference in Paragraph 81 of the Complaint to "on behalf of

24   herself and all members of the New Jersey Class" should be stricken because Plaintiffs cannot

25   simultaneously pursue class and collective actions in this case;

26      (26) Whether the reference in Paragraph 83 of the Complaint to "and each member

27   of the prospective New Jersey Class" should be stricken because Plaintiffs cannot simultaneously

28   pursue class and collective actions in this case;

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS   9.   Case No.  C 07 2446 MMC

1          (27)   Whether the reference in Paragraph 84 of the Complaint to "and the New

2  Jersey Class members" should be stricken because Plaintiffs cannot simultaneously pursue class and

3  collective actions in this case;

4          (28)   Whether the reference in Paragraph 85 of the Complaint to "and the New

5  Jersey Class members" should be stricken because Plaintiffs cannot simultaneously pursue class and

6  collective actions in this case;

7          (29)   Whether Paragraph 85 of the Complaint, which alleges, "Upon information

8  and belief, Defendants have failed to keep true and accurate records of the hours worked by the Ms.

9  Pica [sic] and the New Jersey Class members in violation of New Jersey State Wage and Hour Law,

10  N.J.S. § 34:11-5a20 [sic]," should be stricken because New Jersey law does not provide a civil cause

11  of action for the recordkeeping violations alleged;

12          (30)   Whether the reference in Paragraph 89 of the Complaint to "and the New

13  York Rule 23 Class" should be stricken because Plaintiffs cannot simultaneously pursue class and

14  collective actions in this case;

15          (31)   Whether the reference in Paragraph 92 of the Complaint to "and to the New

16  York Rule 23 Class" should be stricken because Plaintiffs cannot simultaneously pursue class and

17  collective actions in this case;

18          (32)   Whether the reference in Paragraph 93 of the Complaint to "and the New

19  York Rule 23 Class" should be stricken because Plaintiffs cannot simultaneously pursue class and

20  collective actions in this case;

21          (33)   Whether the reference in Paragraph 94 of the Complaint to "and the New

22  York Rule 23 Class" and the allegation that "The New York Named Plaintiff does not seek

23  liquidated damages on behalf of the New York Rule 23 Class" should be stricken because Plaintiffs

24  cannot simultaneously pursue class and collective actions in this case;

25          (34)   Whether the reference in Paragraph 95 of the Complaint to "and the New

26  York Rule 23 Class" should be stricken because Plaintiffs cannot simultaneously pursue class and

27  collective actions in this case; and

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &**
**MOTION TO DISMISS**        10.        **Case No.  C 07 2446 MMC**

1    (35)    Whether the reference in Paragraph 96 of the Complaint to "A. That the

2    Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the

3    Federal Rules of Civil Procedure" should be stricken because Plaintiffs cannot simultaneously

4    pursue class and collective actions in this case.

5    **III.    LEGAL ARGUMENT**

6         **A.         Applicable Legal Standards**

7         Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes "challenges to the

8    legal sufficiency of the opposing party's pleadings" and permits a court to dismiss a claim on the

9    basis of a dispositive issue of law.  *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D.

10   288, 291 (N.D. Cal. 2002).  Under this rule, "a court must determine whether the facts alleged in the

11   complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy.  If the

12   complaint fails to articulate a legally sufficient claim, the complaint should be dismissed...."

13   *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp.2d 1094, 1097 (N. D. Cal. 2005).  Dismissal

14   can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under

15   a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16        Rule 12(f) authorizes the Court to strike any "redundant, immaterial, impertinent, or

17   scandalous" matter from a pleading.  "The function of a 12(f) motion to strike is to avoid the

18   expenditure of time and money that must arise from litigating spurious issues by dispensing with

19   those issues prior to trial..." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev. on*

20   *other grounds*, 510 U.S. 517 (1994).  Thus, a motion to strike is appropriate to attack portions of a

21   pleading, or even single words or phrases.  *Id.*

22        **B.     Plaintiffs' Rule 23 Class Action Allegations Should Be Dismissed Or, At The**
23             **Very Least, Stricken From The Complaint.**

24             **1.     Plaintiffs' State Law Class Action Allegations Are Inherently**
25                  **Incompatible With Opt-In Collective Actions Under The FLSA.**

26        Plaintiffs' simultaneous pursuit of a Rule 23 class action at the same time as a

27   collective action under section 16(b) of the FLSA cannot be reconciled.  Courts, including this

28   Northern District, have recognized that Rule 23 class actions and section 16(b) collective actions are

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &                    11.                    Case No.  C 07 2446 MMC
MOTION TO DISMISS

1  "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Corning, Inc.*, 513 F.2d 286, 289

2  (5th Cir. 1975). *See also Himmelman v. Continental Casualty Co.*, 2006 U.S. Dist. LEXIS 56187, at

3  *5 (D. N.J. Aug. 11, 2006) ("these two schemes are inherently incompatible"); *Herring v. Hewitt*

4  *Assocs., Inc.*, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D. N.J. Aug. 11, 2006) (holding Rule 23 opt-

5  out class action on state law claims "legally incompatible" with the FLSA's opt-in collective action).

6  *See also Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006); *Leuthold v.*

7  *Destination America, Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004). Because Plaintiffs' federal

8  collective action and state law class action allegations cannot be reconciled, Plaintiffs' Rule 23 class

9  action allegations should be dismissed or stricken from the Complaint.

10         Section 16(b) of the FLSA and Rule 23 provide different, and opposing, means for a

11  party to participate in an action. The FLSA requires a party affirmatively to join or "opt-in" to a

12  collective action, while Rule 23 "requires that nonparticipating class members affirmatively opt out

13  of the suit." *Leuthold, supra*, 224 F.R.D. at 469. "In other words, the FLSA suit provides a means of

14  participation for individuals who truly wish to join the suit, while requiring no action from those

15  who do not wish to join. By contrast, a Rule 23 class requires that a potential class member take

16  affirmative action not to be bound by the judgment." *Id.* at 469-70.

17         Congress created the FLSA's opt-in collective action procedure, to require

18  affirmative consent to join a case, "for the purpose of limiting private FLSA plaintiffs to employees

19  who asserted claims in their own right and freeing employers from the burden of representative

20  actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). It did so to "prohibit what

21  precisely is advanced under Rule 23 – a representative plaintiff filing an action that potentially may

22  generate liability in favor of uninvolved class members." *Cameron-Grant v. Maxim Healthcare*

23  *Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003).

24         Several courts have rejected class action allegations because simultaneous collective

25  and class actions are irreconcilable. *See, e.g., Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522 (M.D.

26  Pa. 2006) (granting motion to dismiss class action allegations); *Herring, supra*, 2006 U.S. Dist.

27  LEXIS 56189 (D. N.J. Aug. 11, 2006) (dismissing and striking class action allegations);

28  *Himmelman, supra*, 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006) (dismissing and striking

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS**          12.          Case No. C 07 2446 MMC

1  class action allegations); *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, at *15 (D. N.J.

2  Jan. 5, 2006) (denying class certification); *McLain v. Leona's Pizzeria*, 222 F.R.D. 574, 577 (N.D.

3  Ill. 2004).[2] For a similar reason, several courts (including the *Leuthold* court in this District) rejected

4  class action claims and simultaneous collective and class actions because a simultaneous class action

5  is not a superior means of adjudicating putative class claims under Rule 23(b)(3), when a collective

6  action is available. *Edwards, supra,* 467 F.Supp.2d 986; *Leuthold, supra,* 224 F.R.D. at 469-70;

7  *McLain, supra,* 222 F.R.D. at 577.

8         Simply put, allowing simultaneous collective and class actions would impermissibly

9  thwart Congress' intent to limit representative actions. "To allow a Section 216(b) opt-in action to

10  proceed accompanied by a Rule 23 opt-out state law class action would essentially nullify

11  Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in

12  requirement." *Otto, supra,* 457 F. Supp.2d at 524. It would permit Plaintiffs "to circumvent the opt-

13  in requirement and bring unnamed parties into federal court by calling upon state statutes similar to

14  the FLSA [which] would undermine Congress's intent to limit these types of actions to collective

15  actions." *Moeck, supra,* 2006 U.S. Dist. LEXIS 511, at *15-16. As this District has reasoned,

16  "[f]urther, the policy behind requiring FLSA plaintiffs to opt in to the class would largely be

17  thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the

18  vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Leuthold, supra,*

19  224 F.R.D. at 470, quoting *Rodriguez v. The Texan, Inc.*, 2001 U.S. Dist. LEXIS 24652, *3 (N.D. Ill.

20  Mar. 7, 2001).

21         Moreover, allowing a plaintiff to pursue an opt-in class action based on state statutes

22  similar to the FLSA could result in the "incongruous situation" of a FLSA opt-in collective class

23  containing few members, but with large opt-out classes on the state law claims. *McLain, supra,* 222

24  F.R.D. at 577. Impermissibly, "[t]o do so would effectively allow a federal tail to wag what is in

25  substance a state dog." *Id.*

26  _____

[2] Most recently, on June 27, 2007, the United States District Court for the Western District of
27  Missouri reached the same conclusion in *Harden v. WIS Holding Corp.*, Case No. 07-4076-CV-C-
SOW. *Harden* dismissed the California state law claim in a case alleging a FLSA collective action
28  and a Rule 23 class action based on a claim alleged under California law. A copy of the decision in
*Harden* is attached to Defendants' Request for Judicial Notice.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' NOTICE OF MOTION &          13.          Case No. C 07 2446 MMC
MOTION TO DISMISS

In addition to defying congressional intent, simultaneous collective and class actions have a strong potential of confusing the putative class members. "[T]he inherently contrasting nature of opt-in versus opt-out actions would create challenges were those actions to proceed simultaneously in federal court." *Id.* "If both a § 216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit." *Edwards, supra,* 467 F.Supp.2d at 992. *See also Leuthold, supra,* 224 F.R.D. at 470 ("Confusion would likely result in asking potential plaintiffs both to opt in and out of the claims in this suit."); *McLain, supra,* 222 F.R.D. at 577 ("it may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others").

In this case, Plaintiffs have alleged their First Claim for Relief for allegedly unpaid overtime wages under the FLSA. As discussed, it would have to proceed as an opt-in, collective action, with interested plaintiffs having to affirmatively join the action. In addition, Plaintiffs have alleged nearly identical claims for overtime wages under the laws of California, New Jersey, and New York in their Second, Ninth, and Tenth Claims for Relief, respectively. They seek to pursue these claims, as well as several other California state law claims related to their alleged misclassification as overtime exempt, as opt-out class actions under Rule 23. Plaintiffs cannot pursue these collective and class action claims simultaneously. As discussed, Congress sought to limit representative actions when it provided for an opt-in, collective action in the FLSA. The great weight of case law, including the *Leuthold* decision from this District, holds that a plaintiff cannot simultaneously maintain a collective and a class action. By alleging multiple Rule 23 classes based on state laws similar to the FLSA, Plaintiffs are merely attempting to circumvent Congress' intent. *Otto, supra,* 457 F. Supp.2d at 524; *Leuthold, supra,* 224 F.R.D. at 470. Accordingly, the Court should dismiss Plaintiffs' class action allegations or strike them from the Complaint.

## 2. Plaintiffs' Rule 23 Class Action Allegations Violate The Rules Enabling Act.

In addition to contravening congressional intent, Plaintiff's simultaneous pursuit of a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                    14.                    Case No.  C 07 2446 MMC

1    Rule 23 class action and a FLSA collective action would violate the REA. The REA provides that a

2    federal rule of practice or procedure, such as Rule 23, may not be applied to "abridge, enlarge or

3    modify any substantive right." 28 U.S.C. § 2072(b). Because Plaintiffs' Rule 23 classes would

4    abridge the substantive rights of Defendants and the putative class members under section 16(b) of

5    the FLSA, the Court should dismiss or strike the class action allegations for this reason as well.

6           Rule 23 is a procedural rule that does not create any substantive rights. *Amchem*

7    *Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997) ("Rule 23's requirements must be interpreted

8    in keeping with Article III constraints, and with the Rules Enabling Act."); *United States ex rel.*

9    *Greenville Equip. Co. v. United States Cas. Co.*, 218 F.Supp. 653, 656 (D. Del. 1962) (holding that

10   Federal Rules of Civil Procedure "as the name indicates, are of a procedural nature, leaving matters

11   of substantive right to be otherwise determined"). Section 16(b) of the FLSA mandates that "[n]o

12   employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent

13   in writing to become such a party and such consent is filed in the court in which such action is

14   brought." 29 U.S.C. § 216(b). This statute provides substantive rights to putative collective action

15   members and their employers. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003)

16   (noting that "[t]he aggregation of claims, particularly as class actions, profoundly affects the

17   substantive rights of the parties to the litigation"). Specifically, section 16(b) establishes the

18   substantive rights of employees to have their claims adjudicated only on an opt-in basis, gives them

19   the choice of when and where to bring their respective claims through the affirmative opt-in

20   mechanism, and the right to avoid the preclusive effect of a judgment in a FLSA case that they have

21   not consented to join. Likewise, as discussed above, Congress created the opt-in, collective action as

22   a means of limiting representative actions under the FLSA. It thus granted employers the

23   substantive right to defend claims for unpaid overtime only against individuals who either

24   individually bring an action or who affirmatively opt into a collective action.

25          Allowing Plaintiffs in this case to simultaneously pursue a Rule 23 class action would

26   impair these substantive FLSA rights. All of the putative class members would be bound by any

27   judgment – including those individuals who did not affirmatively opt into the FLSA collective action

28   – under the doctrines of *res judicata* and collateral estoppel. *See Chao v. A-One Med. Servs., Inc.*,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS                    15.                    Case No.  C 07 2446 MMC

346 F.3d 908 (9th Cir. 2003) (affirming dismissal of FLSA claim on *res judicata* because employee previously litigated a state law overtime claim against employer); *Tran v. Le French Baker, Inc.*, 1995 WL 374342, *2 (N.D. Cal. June 14, 1995) (holding that plaintiff awarded overtime pay under California law was collaterally estopped from pursuing FLSA claim). Consequently, the rights of the putative collective action members under the FLSA would be extinguished if the several state law claims were adjudicated here as class actions under Rule 23.

Additionally, Defendants would be bound by an overtime judgment for both participating and non-participating members in the collective action. This result, through the application of Rule 23 to potentially sweep all current and former employees into the class actions, would violate Defendants' substantive rights to proceed under a collective action under section 16(b). Moreover, Defendants would impermissibly be forced to simultaneously litigate identical or similar claims under two inherently incompatible schemes. As discussed above, several federal courts, including the *Leuthold* court in this District, have held that collective and class actions are irreconcilable and cannot be maintained simultaneously. Accordingly, because allowing these two types of actions to proceed simultaneously would violate the REA, the class action allegations should be dismissed or stricken.

### 3. The Court Should Decline To Exercise Supplemental Jurisdiction Over The State Law Class Action Claims Because They Predominate Over The Federal Claims.

Alternatively, if the Court declines to dismiss or strike Plaintiffs' class action allegations, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' California, New Jersey, and New York state law claims.

The Court has primary original jurisdiction over "all civil actions arising under the...laws...of the United States." 28 U.S.C. § 1331. Likewise, the Court also may exercise supplemental jurisdiction over pendent state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, the Court may adjudicate pendent state law claims only to the extent that they derive from or are attendant to a plaintiff's simultaneous

1    federal claims. Conversely, the Court may decline to exercise supplemental pendent jurisdiction

2    when state law claims substantially predominate over federal claims or where compelling reasons

3    exist to justify declining jurisdiction. 28 U.S.C. § 1367(c)(2), (4).

4         In putative wage and hour class actions under Rule 23, federal courts have declined to

5    exercise supplemental jurisdiction over pendent state law claims when those state claims would

6    predominate. *See Chase v. AIMCO Properties, L.P.*, 374 F.Supp.2d 196, 201-02 (D.D.C. 2005)

7    (holding that California and Maryland law claims would predominate over FLSA claims); *De

8    Asencio, supra,* 342 F.3d at 301 (claims under Pennsylvania law held predominant); *Neary v.

9    Metropolitan Property and Casualty Ins. Co.*, 472 F.Supp.2d 247, 251-53 (D. Conn. 2007) (claims

10   under laws of 50 states predominated); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D.

11   Tex. 2003) (predominance of Texas law claims over FLSA claims "alone favors remand of the state

12   claims").[3] "Predomination under section 1367 generally goes to the type of claim, not the number of

13   parties involved. But the disparity in numbers of similarly situated plaintiffs may be so great that it

14   becomes dispositive by transforming the action to a substantial degree, by causing the federal tail

15   represented by a comparatively small number of plaintiffs to wag what is in substance a state dog."

16   *De Asencio, supra,* 342 F.3d at 309. As the *De Asencio* court noted, while an opt-in class may be

17   small, generally an "opt-out class will be greater in number, perhaps even exponentially greater." *Id.*

18   at 310.

19        In this case, if Plaintiffs are permitted to proceed with the state law claims, those

20   several state law claims would predominate. Plaintiffs allege a single federal cause of action under

21   the FLSA, with 10 separate state law claims brought under the laws of California, New Jersey, and

22   New York. Considering only the putative Rule 23 class claims, those state law claims introduce

23   issues far broader than alleged overtime exempt misclassification as claimed in the FLSA claim.

---

24   [3] *See also Aquilino v. Home Depot U.S.A., Inc.,* 2006 WL 2023539, at *3 (D.N.J. July 18, 2006)
     ("The congressional intent for an opt-in procedure pursuant to FLSA...'would largely be thwarted if a
25   plaintiff were permitted to back door the shoe horning in of unnamed parties' pursuant to an exercise
     of supplemental jurisdiction."); *Glewwe v. Eastman Kodak* Co., No. 05-6462T, 2006 WL 1455476,
26   at *4 (W.D.N.Y. May 25, 2006) (declining to extend supplemental jurisdiction where "the state
     claims would present complex issues of state law that would substantially predominate over the
27   FLSA claim"); *accord Letouzel* v. *Eastman Kodak Co.*; 2006 WL 1455478, at *4 (W.D.N.Y. May
     25, 2006) (same); *Luciano v. Eastman Kodak Co.,* 2006 WL 1455477, at *5 (W.D.N.Y. May 25,
28   2006) (same).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &**              17.
**MOTION TO DISMISS**                                                    Case No. C 07 2446 MMC

1    These putative state law class claims would require an overtime exempt analysis under the laws of

2    three states, as well as a determination of whether certain California class members are entitled to

3    waiting time penalties under California Labor Code § 203. The California class claims also include

4    claims for the alleged failure to provide proper itemized wage statements and the alleged failure to

5    provide meal and rest periods. Not only are several state laws involved under the laws of three

6    states, but each of the claims would require individualized inquiries into the circumstances of each

7    putative class member. Thus, the state law claims would predominate and overwhelm the case. The

8    Court should decline to exercise supplemental jurisdiction over them.

9

10   **C.    The Ninth Claim For Relief Should Be Dismissed Or Stricken Because New Jersey Law Does Not Allow A Civil Suit Over Recordkeeping.**

11

12           The Ninth Claim for Relief alleges that "Defendants have failed to keep true and

     accurate records of the hours worked by the Ms. Pica [sic] and the New Jersey Class members in

13
     violation of New Jersey State Wage and Hour Law, N.J.S. [sic] § 34:11-5a20 [sic]." Complaint ¶85.
14
     Notwithstanding their typographical errors (no "Ms. Pica" is a named plaintiff in this case and the
15
     citations are incorrect), Plaintiffs obviously refer to New Jersey Statutes section 34:11-56a20's
16
     requirement that employers "keep a true and accurate record of the hours worked by each
17
     [employee] and the wages paid by him to each [employee]" not covered by an exemption to the
18
     statute's overtime requirements. N.J. Stat. Ann. 34:11-56a20. Because New Jersey law does not
19
     authorize a civil suit for alleged violation of this statute, the Ninth Claim for Relief should be
20
     dismissed or this allegation stricken from the Complaint.
21
             Although section 34:11-56a25 of the same statute permits civil actions by employees
22
     to recover unpaid wages, that section limits the civil cause of action to the collection of such unpaid
23
     wages. The statute separately addresses violations of the record-keeping requirements in section
24
     34:11-56a22. That section expressly refers to violations of a employer's record-keeping obligations
25
     and makes plain that the penalty for an infraction is "a disorderly person offense," not a private civil
26
     cause of action as Plaintiffs mistakenly allege. N.J. Stat. Ann. 34:11-56a22. Thus, because no
27
     private cause of action exists for alleged violations of section 34:11-56a20, those claims as alleged in
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &**                    18.                    **Case No.  C 07 2446 MMC**
**MOTION TO DISMISS**

1  the Ninth Claim for Relief should be dismissed or stricken.

2  **IV.    CONCLUSION**

3     For the reasons discussed herein, Defendants respectfully request that the Court grant

4  their Motions.

5  Dated: July 19, 2007

6

7  GEORGE J. TICHY, II
   MICHELLE R. BARRETT

8  PAUL R. LYND
   LITTLER MENDELSON

9  A Professional Corporation
   Attorneys for Defendants

10  HSBC MORTGAGE CORPORATION (USA)
    and HSBC BANK USA, N.A.

11  Firmwide:82798486.1 023404.1043

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' NOTICE OF MOTION &
MOTION TO DISMISS**                    19.                    Case No. C 07 2446 MMC