# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TANYA HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-4076-CV-C-SOW |
| ) | |
| WIS HOLDING CORPORATION, ) | |
| aka WIS International, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court are defendants WIS International, Inc.'s and Washington Inventory Service, Inc.'s Motion to Dismiss Count II of Complaint (Doc. #19), defendants' Suggestions in Support, plaintiff Tanya Harden's Suggestions in Opposition, and defendants' Reply. For the reasons stated below, defendants motion is granted.

I. Background

Plaintiff Tanya Harden ("Harden") brings this action against defendants WIS International, Inc. and Washington Inventory Service, Inc. (collectively, "WIS"). Plaintiff Harden alleges that she was employed as an inventory associate for WIS in Central Missouri. WIS contracts with retail stores to provide inventory management services. Harden was responsible for counting inventory in various stores that contract with WIS for such services.

Plaintiff contends that she was compensated as a "non-exempt" employee during her employment, but that she did not receive proper payment for certain hours that she worked for WIS in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. Specifically, Harden alleges that she was required to wait prior to beginning work as well as after completing

her work while WIS supervisory employees performed certain tasks. Plaintiff also alleges that she was not properly compensated for time spent traveling to and from, as well as between, work sites.

Harding has filed Count I as a collective action under the FLSA, "individually and on behalf of all others similarly situated." Plaintiff seeks to proceed with a collective action under Section 216(b) of the FLSA. In Count II, plaintiff Harden alleges a violation of California state law, the California Business and Professions Code, §17200, et seq. based upon WIS's alleged failure to pay its employees properly. Harden brings Count II as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of an alleged class of "all current and former employees of WIS who have worked as an inventory associate at any time in the last four years." Pursuant to Count II, plaintiff seeks "restitution and injunctive relief."

Defendants move to dismiss Count II of plaintiff Harden's Complaint as a matter of law. Defendants assert that plaintiff's proposed class action pursuant to Fed. R. Civ. P. 23 is inherently incompatible with her prosecution of an FLSA collective action.

## II. Standard

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the Complaint. A motion to dismiss should be granted if no set of facts would entitle Harden to relief as to Count II of her Complaint. Conley v. Gibson, 355 U.S. 41, 45-47 (1957).

## III. Discussion

Count I of plaintiff Harden's Complaint asserts an "opt-in" collective action under the FLSA. Section 216(b) of the FLSA requires putative collective action members to affirmatively

"opt-in" to the action. Count II of plaintiff Harden's Complaint seeks to create a class action pursuant to Fed. R. Civ. P. 23 for an alleged violation of California law. The proposed class created by such an action would be comprised of all similarly situated persons who do not opt-out of the class. Defendants WIS argue that allowing these two types of class actions to proceed simultaneously is procedurally irreconcilable.

Several courts have concluded that a FLSA collective action and a Fed. R. Civ. P. 23 class action are "inherently incompatible." Himmelman v. Continental Casualty Co., No. 06-166, 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006)(citations omitted); Herring v. Hewitt Assoc., Inc., No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D. N.J. August 11, 2006). These Courts recognized that Congress deliberately created the opt-in procedure under the FLSA to limit private FLSA plaintiffs to employees asserting claims in their own right and to free employers from the burden of representative actions. Allowing a plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." Himmelman, at *5-6 (citing Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511, *15, No. 03-1950 (D. N.J. Jan. 5, 2006)).

The Court is also concerned about potential confusion among the putative class members if plaintiff Harden is allowed to proceed with both a §216(b) collective action, requiring class members to affirmatively opt-in, and a Fed. R. Civ. P. 23 class action, requiring class members to opt-out in order to avoid being bound by the judgment. As recognized in Edwards v. City of Long Beach, 467 F. Supp.2d 986, 992 (C.D. Cal. Dec. 12, 2006), "If both a §216(b) collective action and a Rule 23 class action were allowed to proceed, confusion would result from requiring

3

potential plaintiffs to both opt-in and opt-out of the claims in the suit." (citing Leuthold v. Destination America, Inc., 224 F.R.D. 462, 469 (N.D. Cal. 2004)).

Finally, as recognized in Edwards, there are jurisdictional concerns in allowing plaintiff's proposed claims to proceed. The proposed Fed. R. Civ. P. 23 class is based on a California law claim. The Court in Edwards stated:

> But for the FLSA claims, Plaintiffs would not have jurisdiction in this Court. *See* 28 U.S.C. §1367(a). Thus, if "only a few plaintiffs opt-in to the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims."

(quoting Leuthold, 224 F.R.D. at 470). In that situation, the state law claim would substantially predominate over the federal claims. This was described by one court as allowing "a federal tail to wag what is in substance a state dog." Id. (quoting McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)). Although 28 U.S.C. §1367(a) "allows parties to join their state claims to federal claims where appropriate, it does not contemplate a plaintiff using supplemental jurisdiction as a rake to drag as many members as possible into what would otherwise be a federal collective action." Id. at 993.

For these reasons, the Court will not allow plaintiff Harden to pursue a Fed. R. Civ. P. 23 class action with respect to Count II of her Complaint.

In Edwards, the court ruled that it would permit plaintiffs "who opt-in to the §216(b) collective action" to "pursue any pendent state law claims as part of the FLSA action." Id. The Court is dismissing Count II of plaintiff Harden's Complaint *without prejudice* and will allow plaintiff Harden to determine whether or not to seek leave to amend her Complaint to plead the California law claims in that manner or whether to pursue the claim in another forum.

4

Having reached this conclusion, the Court need not address defendants' argument that the proposed class action in Count II violates the Rules Enabling Act.

IV. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendants WIS International, Inc.'s and Washington Inventory Service, Inc.'s Motion to Dismiss Count II of Complaint (Doc. #19) is granted and Count II of plaintiff Harden's Complaint is dismissed *without prejudice*.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: June 27, 2007

5