1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  PAUL R. LYND, Bar No. 202764
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
5  Facsimile:    415.399.8490
   E-mail: gtichy@littler.com, mbarrett@littler.com,
6  plynd@littler.com

7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) and
   HSBC BANK USA, N.A.

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong and Frederic Chaussy, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>       v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; HSBC Holdings, Inc.; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  C 07 2446 MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS HSBC MORTGAGE CORPORATION (USA)'S AND HSBC BANK USA, N.A.'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE**<br><br>Date:           August 24, 2007<br>Time:           9:00 a.m.<br>Courtroom:      7 (19th Floor)<br>Judge:          Hon. Maxine M. Chesney<br><br>Complaint Filed:   June 29, 2007 (Amended)<br>Trial Date:        Not Yet Set |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/STRIKE         1.         Case No.  C 07 2446 MMC

Defendants HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A. move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Rule 23 class action allegations in the Amended Complaint for Damages, Restitution and Injunctive Relief ("Complaint") filed on June 29, 2007 by Plaintiffs Philip Wong, Frederic Chaussy, and Leslie Marie Shearn. Defendants further argue that the Court should decline supplemental jurisdiction over Plaintiffs' state law claims because they would predominate over the federal Fair Labor Standards Act ("FLSA") claims. Additionally, Defendants move pursuant to Rule 12(b)(6) to dismiss Plaintiffs' claim in the Ninth Claim for Relief, at least to the extent that it concerns alleged recordkeeping violations, because New Jersey law does not authorize a civil cause of action for those alleged violations. Alternatively, Defendants move pursuant to Rule 12(f) to strike the Rule 23 class action allegations and the portions of the Ninth Claim for Relief concerning alleged recordkeeping violations under New Jersey law.

The matter was heard by the Court on August 24, 2007. Having considered all of the papers filed by the parties and the oral argument on the motions, the Court GRANTS Defendants' motions.

Rule 12(b)(6) authorizes "challenges to the legal sufficiency of the opposing party's pleadings" and permits a court to dismiss a claim on the basis of a dispositive issue of law. *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002). Under this rule, "a court must determine whether the facts alleged in the complaint, to be taken for these purposes as true, entitle the plaintiff to a legal remedy. If the complaint fails to articulate a legally sufficient claim, the complaint should be dismissed...." *Strigliabotti v. Franklin Resources, Inc.*, 398 F.Supp.2d 1094, 1097 (N. D. Cal. 2005). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiffs simultaneously seek to pursue a collective action under section 16(b) of the FLSA and class actions claims under Rule 23 based on several alleged state law violations. Plaintiffs state law class action allegations are based on alleged violations of the laws of California, New York, and New Jersey. Rule 23 class actions and section 16(b) collective actions are "mutually

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS/STRIKE

2.

Case No. C 07 2446 MMC

exclusive and irreconcilable." *LaChapelle v. Owens-Corning, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975). *See also Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 469 (N.D. Cal. 2004).

Section 16(b) of the FLSA and Rule 23 provide different, and opposing, means for a party to participate in an action. The FLSA requires a party affirmatively to join or "opt-in" to a collective action, while Rule 23 "requires that nonparticipating class members affirmatively opt out of the suit." *Leuthold, supra*, 224 F.R.D. at 469. "In other words, the FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join. By contrast, a Rule 23 class requires that a potential class member take affirmative action not to be bound by the judgment." *Id.* at 469-70. Congress created the FLSA's opt-in collective action procedure, to require affirmative consent to join a case, "for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). It did so to "prohibit what precisely is advanced under Rule 23 – a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members." *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003).

As several federal courts, including another court in this district have recognized, Plaintiffs cannot simultaneously pursue a collective action under the FLSA and a Rule 23 class action because they are irreconcilable and because a class action is not a superior means of adjudicating the claims when a collective action is available. *See, e.g., Edwards, supra*, 467 F.Supp.2d 986; *Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522 (M.D. Pa. 2006); *Herring v. Hewitt Associates*, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11, 2006); *Himmelman v. Continental Casualty Co.*, 2006 U.S. Dist. LEXIS 56187 (D. N.J. Aug. 11, 2006); *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, at *15 (D. N.J. Jan. 5, 2006); *Leuthold, supra*, 224 F.R.D. at 469-70; *McLain v. Leona's Pizzeria*, 222 F.R.D. 574, 577 (N.D. Ill. 2004). Accordingly, the Court GRANTS Defendants' motion to dismiss the Rule 23 class action allegations.

Additionally, Plaintiffs' cannot simultaneously pursue a collective action and Rule 23 class action because permitting Plaintiffs to do so would violate the Rules Enabling Act ("REA"). The REA provides that a federal rule of practice or procedure, such as Rule 23, may not be applied to "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Because Plaintiffs' Rule 23 classes would abridge the substantive rights of Defendants and the putative class members under section 16(b) of the FLSA, the Court should dismiss or strike the class action allegations for this reason as well. Rule 23 is a procedural rule that does not create any substantive rights. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997); *United States ex rel. Greenville Equip. Co. v. United States Cas. Co.*, 218 F.Supp. 653, 656 (D. Del. 1962). Section 16(b) of the FLSA mandates that "[n]o employee shall be a party plaintiff to any such action [under the FLSA] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Here, the FLSA provides substantive rights to putative collective action members and their employers. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003). Specifically, section 16(b) establishes the substantive rights of employees to have their claims adjudicated only on an opt-in basis, gives them the choice of when and where to bring their respective claims through the affirmative opt-in mechanism, and the right to avoid the preclusive effect of a judgment in a FLSA case that they have not consented to join. Likewise, Congress created the opt-in, collective action as a means of limiting representative actions under the FLSA. It thus granted employers the substantive right to defend claims for unpaid overtime only against individuals who either individually bring an action or who affirmatively opt into a collective action. Allowing Plaintiffs in this case to simultaneously pursue a Rule 23 class action would impair these substantive FLSA rights. Accordingly, for this reason as well, the Court GRANTS Defendants' motion to dismiss the Rule 23 class action allegations.

Next, Defendants move to dismiss the Ninth Claim for Relief, at least to the extent that it concerns alleged recordkeeping violations, because New Jersey law does not provide for a civil action for these alleged violations. The Ninth Claim for Relief alleges that "Defendants have failed to keep true and accurate records of the hours worked by the Ms. Pica [sic] and the New Jersey Class members in violation of New Jersey State Wage and Hour Law, N.J.S. [sic] § 34:11-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/STRIKE

4.

Case No. C 07 2446 MMC

5a20 [sic]." Complaint ¶85. Notwithstanding their typographical errors, Plaintiffs obviously refer to New Jersey Statutes section 34:11-56a20's requirement that employers "keep a true and accurate record of the hours worked by each [employee] and the wages paid by him to each [employee]" not covered by an exemption to the statute's overtime requirements. N.J. Stat. Ann. 34:11-56a20. Although section 34:11-56a25 of the same statute permits civil actions by employees to recover unpaid wages, that section limits the civil cause of action to the collection of such unpaid wages. The statute separately addresses violations of the record-keeping requirements in section 34:11-56a22. That section expressly refers to violations of a employer's record-keeping obligations and makes plain that the penalty for an infraction is "a disorderly person offense," not a private civil cause of action as Plaintiffs mistakenly allege. N.J. Stat. Ann. 34:11-56a22. Thus, because no private cause of action exists for alleged violations of section 34:11-56a20, the Court GRANTS Defendants' motion to dismiss the Ninth Claim for Relief.

Finally, simultaneous collective and Rule 23 class actions are inappropriate in this case because the several state law claims would predominate over the federal FLSA claims. The Court has primary original jurisdiction over "all civil actions arising under the…laws…of the United States." 28 U.S.C. § 1331. Likewise, the Court also may exercise supplemental jurisdiction over pendent state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Thus, the Court may adjudicate pendent state law claims only to the extent that they derive from or are attendant to a plaintiff's simultaneous federal claims. Conversely, the Court may decline to exercise supplemental pendent jurisdiction when state law claims substantially predominate over federal claims or where compelling reasons exist to justify declining jurisdiction. 28 U.S.C. § 1367(c)(2), (4).

In this case, if Plaintiffs are permitted to proceed with the state law claims, those several state law claims would predominate. Plaintiffs allege a single federal cause of action under the FLSA, with 10 separate state law claims brought under the laws of California, New Jersey, and New York. Considering only the putative Rule 23 class claims, those state law claims introduce issues far broader than alleged overtime exempt misclassification as claimed in the FLSA claim.

These putative state law class claims would require an overtime exempt analysis under the laws of three states, as well as a determination of whether certain California class members are entitled to waiting time penalties under California Labor Code § 203. The California class claims also include claims for the alleged failure to provide proper itemized wage statements and the alleged failure to provide meal and rest periods. Not only are several state laws involved under the laws of three states, but each of the claims would require individualized inquiries into the circumstances of each putative class member. Thus, the state law claims would predominate and overwhelm the case. For this reason, the Court declines supplemental jurisdiction over the state law claims and thus dismisses Plaintiff's state law claims.

Alternatively, Defendants move pursuant to Rule 12(f) to strike the Rule 23 class action allegations and the allegations of recordkeeping violations under New Jersey law in the Ninth Claim for Relief. Rule 12(f) authorizes the Court to strike any "redundant, immaterial, impertinent, or scandalous" matter from a pleading. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev. on other grounds*, 510 U.S. 517 (1994). Thus, a motion to strike is appropriate to attack portions of a pleading, or even single words or phrases. *Id.*

For the reasons set forth above, the Court agrees that Plaintiffs cannot pursue a Rule 23 class action simultaneously with a collective action under the FLSA. It further agrees that New Jersey law does not authorize a civil cause of action for alleged recordkeeping violations, as is alleged in the Ninth Claim for Relief. These allegations should be stricken from the Complaint. Accordingly, the Court GRANTS Defendants' motion to strike and orders the following matter stricken from the Complaint:

1. The references to "and class action" and "under the Federal Rule of Civil Procedure 23 ("Rule 23") and" in Paragraph 1 of the Complaint;
2. Paragraph 3 of the Complaint, which alleges: "The California Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/STRIKE         6.         Case No. C 07 2446 MMC

Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work 'off-the-clock'), within the State of California within the period four years prior to the filing date of this Complaint ('the California Class Period').";

3. Paragraph 4 of the Complaint, which alleges: "The New York Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work 'off-the-clock'), within the State of New York within the period six years prior to the filing date of this Complaint ('the New York Class Period').";

4. Paragraph 5 of the Complaint, which alleges: "The New Jersey Class (Rule 23) is made up of all persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours works [sic] (required to work off-the-clock), within

the State of New Jersey within the period two years prior to the filing of this Complaint ('the New Jersey Class Period').";

5. The reference in Paragraph 6 to "and the Class Period" and the allegation that "Plaintiffs seek relief for the Class pursuant to the applicable provisions of the state laws of California, New York, and New Jersey.";

6. The reference in Paragraph 8 to "and California Classes";

7. The reference in Paragraph 9 to "and California Classes";

8. The reference in Paragraph 10 to "and the New York and New Jersey Classes";

9. Paragraph 24 of the Complaint, which alleges: "Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined classes:

"California Class: All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work 'off-the-clock'), within the State of California within the period four years prior to the filing date of this Complaint.

"New York Class: All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period

compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work 'off-the-clock'), within the State of New York within the period six years prior to the filing date of this Complaint.

"New Jersey Class: All persons who are or have been employed by Defendants as 'Retail Mortgage Lending Consultants' and 'Senior Retail Mortgage Lending Consultants' (also known as 'loan officers'), 'Field Administrators' and 'Senior Field Administrators' (also known as 'sales assistants'), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work off-the-clock), within the State of New Jersey within the period two years prior to the filing of this Complaint.";

10. Paragraph 25 of the Complaint, which alleges: "<u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed hundreds of people who satisfy the definition of the Proposed Class.";

11. Paragraph 26 of the Complaint, which alleges: "<u>Typicality</u>: The Plaintiffs' claims are typical of the members of the Proposed Class. Plaintiffs are informed and believe that, during the Class Period, like other "Retail Mortgage Lending Consultants" and "Senior Retail Mortgage Lending Consultants" (also known a "loan officers"), "Field Administrators" and "Senior Field Administrators" (also known as sales assistants"), and other non-management mortgage sales employees who were misclassified as exempt, they routinely worked more than eight hours per day and more than 40 hours were week, and routinely worked through meal and real periods,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/STRIKE

9.

Case No. C 07 2446 MMC

and/or were required to work overtime hours without compensation ("off the clock"). Plaintiffs had the same duties and responsibilities as other Class members. Plaintiffs were subject to Defendants' policy and practice and improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with state laws, and failing to maintain to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.";

12. Paragraph 27 of the Complaint, which alleges: "<u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendants. Prosecuting hundreds of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.";

13. Paragraph 28 of the Complaint, which alleges: "<u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.";

14. Paragraph 29 of the Complaint, which alleges: "<u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

   A. Whether Defendants improperly classified the members of the Proposed Class as exempt;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS/STRIKE

10.

Case No. C 07 2446 MMC

    B.    Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

    C.    Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the applicable state laws;

    D.    Whether Plaintiffs and the Proposed Class' members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to the applicable state laws;

    E.    Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

    F.    Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of state wage laws;

    G.    Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to state wage laws;

    H.    The proper measure of damages sustained by the Proposed Class; and

    I.    Whether Defendants' actions were 'willful.'";

15. Paragraph 30 of the Complaint, which alleges: "This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.";

16. Paragraph 31 of the Complaint, which alleges: "Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is

superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.";

17. Paragraph 32 of the Complaint, which alleges: "Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendants.";

18. The two references in Paragraph 57 to "members of the Class" and the reference in that paragraph to "and the other Class Members";

19. The reference in Paragraph 58 to "and the Class";

20. Paragraph 60 of the Complaint, which alleges: "During the relevant time period, many Class members were employed by and thereafter terminated or resigned from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.";

21. Paragraph 61 of the Complaint, which alleges: "Under Labor Code sections 201, 202, and 203, those Class Members who no longer work for Defendants are entitled to waiting time penalties for Defendants willful failure to timely pay all wages owed upon separation of their employment.";

22. The four references in Paragraph 64 of the Complaint to "and the Class";

23. The three references in Paragraph 70 of the Complaint to "and Class Members";

24. The reference in Paragraph 73 of the Complaint to "and the Class Members";

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS/STRIKE

12.

Case No. C 07 2446 MMC

25. The reference in Paragraph 81 of the Complaint to "on behalf of herself and all members of the New Jersey Class";

26. The reference in Paragraph 83 of the Complaint to "and each member of the prospective New Jersey Class";

27. The reference in Paragraph 84 of the Complaint to "and the New Jersey Class members";

28. The reference in Paragraph 85 of the Complaint to "and the New Jersey Class members";

29. Paragraph 85 of the Complaint, which alleges: "Upon information and belief, Defendants have failed to keep true and accurate records of the hours worked by the Ms. Pica [sic] and the New Jersey Class members in violation of New Jersey State Wage and Hour Law, N.J.S. § 34:11-5a20 [sic].";

30. The reference in Paragraph 89 of the Complaint to "and the New York Rule 23 Class";

31. The reference in Paragraph 92 of the Complaint to "and to the New York Rule 23 Class";

32. The reference in Paragraph 93 of the Complaint to "and the New York Rule 23 Class";

33. The reference in Paragraph 94 of the Complaint to "and the New York Rule 23 Class" and the allegation that "The New York Named Plaintiff does not seek liquidated damages on behalf of the New York Rule 23 Class.";

34. The reference in Paragraph 95 of the Complaint to "and the New York Rule 23 Class"; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS/STRIKE   13.   Case No. C 07 2446 MMC

35. The reference in Paragraph 96 of the Complaint to "A. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure."

IT IS SO ORDERED.

Dated:_____

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

Firmwide:82844059.1 023404.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS/STRIKE

14.

Case No. C 07 2446 MMC