Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Timothy C. Selander, MN State Bar No 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, MN State Bar No. 346214, CA Bar No. Pending
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 3:07-cv-2446 MMC<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date:　　　　　　August 24, 2007<br>Time:　　　　　　9:00 a.m.<br>Courtroom:　　　 7 (19th floor)<br><br>Date originally filed:　May 7, 2007 |

Defendants seek judicial notice of <u>Tanya Harden v. WIS Holding Corporation</u>, Case No. 07-4076-CV-C-SOW, but not for the mere existence of the opinion (which Plaintiffs do not dispute). The opinion's existence would have been confirmed through proper citation in Defendants' brief.   Rather, Defendants seem to seek judicial notice broadly, of the legal determinations and findings of fact contained within the Missouri District Court's order. However, binding 9th Circuit authority and Federal Rules of Evidence, Rule 201(a), do not abide Defendants' sweeping request for judicial notice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A court can only take judicial notice of another court's opinion for limited purposes. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). "[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" <u>Id.</u> (internal citation omitted).    Additionally, judicial notice cannot be taken of the legal determinations of the other court.    <u>Jablonsky v. Sierra Kings Health Care Dist.</u>, 2007 WL 7085666 at *1 (E.D. Cal., Mar. 02, 2007); <u>see also</u> Charles Alan Wright & Kenneth W. Graham, <u>Federal Practice & Procedure: Evidence</u> § 5103 at 472-73 (1977) (courts cannot take judicial notice of legal determinations under Rule 201).

Moreover, Defendants' request controverts the spirit of Fed. R. Evid. 201(a), which states that judicial notice should be taken of "adjudicative facts." The committee notes to Fed. R. Evid. 201(a) defines "adjudicative facts" as "those to which the law is applied in the process of adjudication."  Fed. R. Evid. 201(a), Advisory Committee Notes to 1972 Proposed Rules. Under <u>Lee</u>, the Court here cannot take judicial notice of the facts of the <u>Harden</u> decision.

The Court should reject Defendants' request for judicial notice.

In the alternative, should the Court choose to grant Defendants' request for judicial notice to the extent permissible, i.e. for the existence of and authenticity of the <u>Harden</u> decision, Plaintiffs request that the Court grant judicial notice of the existence and authenticity of every decision cited within Plaintiffs' Opposition to Defendants' Motion to Dismiss.  Plaintiffs will provide copies of all decisions cited to the Court upon request.

-2-

1

2    Dated: August 3, 2007                    s/ Bryan Schwartz

3                                             **NICHOLS KASTER & ANDERSON, PLLP**

4                                            Donald H. Nichols, MN State Bar No. 78918
                                             (admitted **pro hac vice**)
5                                            Paul J. Lukas, MN State Bar No. 22084X
                                             (admitted **pro hac vice**)
6                                            Timothy C. Selander, MN State Bar No. 0387016
                                             (admitted **pro hac vice**)
7                                            NICHOLS KASTER & ANDERSON, PLLP
                                             4600 IDS Center
8                                            80 S. 8th Street
                                             Minneapolis, MN 55402
9
                                             Bryan J. Schwartz, CA State Bar No. 209903
10                                           Matthew C. Helland, MN State Bar No. 346214, CA
                                             State Bar No. pending
11                                           (admitted **pro hac vice**)
                                             NICHOLS KASTER & ANDERSON, LLP
12                                           One Embarcadero Center
                                             Ste. 720
13                                           San Francisco, CA 94111

14                                           Attorneys    for    Individual    and    Representative
                                             Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al
**Case No. 07-2446 MMC**

I hereby certify that on August 3, 2007, I caused the following document(s):

**Plaintiffs' Memorandum In Opposition To Defendants' Request For Judicial Notice**

to be served via ECF to the following:

George J. Tichy, II
Michelle Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

| | |
|---|---|
| Dated:  August 3, 2007 | NICHOLS KASTER & ANDERSON, PLLP |

s/ Bryan J. Schwartz

Bryan J. Schwartz State Bar No. 209903
**NICHOLS KASTER & ANDERSON, LLP**
One Embarcadero Center, Suite 720
San Francisco, CA  94111

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**