1  Donald H. Nichols, MN State Bar No. 78918
   (admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
   (admitted **pro hac vice**)
3  Timothy C. Selander, MN State Bar No. 0387016
   (admitted **pro hac vice**)
4  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
5  80 S. 8th Street
   Minneapolis, MN 55402
6
   Bryan J. Schwartz, CA State Bar No. 209903
7  Matthew C. Helland, MN State Bar No. 346214, CA Bar No. Pending
   (admitted **pro hac vice**)
8  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
9  San Francisco, CA 94111

10 Attorneys for Individual and Representative Plaintiffs

11           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
12
   Philip Wong, Frederic Chaussy, and Leslie      Case No.: 3:07-cv-2446 MMC
13 Marie Shearn, individually, on behalf of all
   others similarly situated, and on behalf of    **PLAINTIFFS' MEMORANDUM IN**
14 the general public,                            **OPPOSITION TO DEFENDANTS'**
                                                  **MOTION TO DISMISS OR,**
15                          Plaintiffs,           **ALTERNATIVELY, MOTION TO**
                                                  **STRIKE RULE 23 CLASS ACTION**
16      vs.                                       **ALLEGATIONS (FRCP 12(B)(6) AND**
                                                  **12(F))**
17 HSBC Mortgage Corporation (USA);
   HSBC Bank USA, N.A.; and DOES 1                Date:           August 24, 2007
18 through 50, inclusive,                         Time:           9:00 a.m.
                                                  Courtroom:      7 (19th floor)
19                          Defendants.
                                                  Date originally filed:  May 7, 2007
20

21

22                      **TABLE OF CONTENTS**

23 I.      INTRODUCTION………………………………………………………………….5
24 II.     SUMMARY OF RELEVANT FACTS……………………………………………….6
   III.    ARGUMENT …………………………………………………………………...7
25         a.      Standard Of Review……………………………………………….....7
           b.      Defendants' Arguments That State Law Claims And Flsa Claims Cannot Proceed
26                 Together Are Unavailing, Especially Upon A Fed.R.Civ.P. 12(B)(6)
                   Motion………………………………………………………………..8
27                 i.      The Overwhelming Weight of Authority Rejects Defendants' Attempts to
                           Eliminate State Law Claims……………………………………………9
28                 ii.     Defendant Cannot Show There is "No Set of Facts" Upon Which Plaintiffs

Can Prevail, or Incontrovertible Legal Precedent Dictating that Plaintiffs'
State Law Claims Must Be Dismissed..............................................9
    1.    Plaintiffs articulate sufficient facts to overcome a Fed.R.Civ.P.
        12(b)(6) motion.....................................................................9
    2.    Defendant cites no precedent requiring dismissal of Plaintiffs' state
        law claims.........................................................................10
  iii.    Defendants' Concerns Regarding Logistical Complexities in Notifying
        Different Classes are Premature and
        Unwarranted.......................................................................12
  iv.    The Ninth Circuit Has Rejected Defendants' Argument that the Legislative
        Intent Behind the FLSA Was to Bar State Law
        Claims...............................................................................12
  c.  The Rules Enabling Act Does Not Require Dismissal Of Plaintiffs' State Law
      Claims.................................................................................13
  d.  This Court Has Supplemental Jurisdiction Over Plaintiffs' Claims.....................15
  e.  The Ninth Claim for Relief Should Not Be Dismissed or Stricket Because a Civil
      Cause of Action Under New Jersey Law is Adequately Pled in the Complaint........19
IIII.    Conclusion..........................................................................................20

## TABLE OF AUTHORITIES

### Cases

*Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. 2005) ...................................... 8, 10

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). ....................................................... 20

*Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) ........................... 9, 17

*Aquilino v. Home Depot USA, Inc.*, 2006 WL 2023539 (D.N.J. 2006) ....................................... 18

*Bahramipour v. Citigroup Global Markets, Inc.*, 2006 WL 449132 (N.D.Cal.)...........................11

*Bahrampour v. Lampert*, 356 F .3d 969 (9th Cir. 2004)................................................................ 16

*Bamonte v. City of Mesa*, 2007 WL 2022011 (D.Ariz. 2007) ................................................ 16, 17

*Barnett v. Washington Mutual Bank, FA*, 2004 WL 2011462 (N.D. Cal. 2004).........................12

*Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772 (E.D.N.C. 2001) ............................ 9, 17

*Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005)....................... 8, 10

*Brock v. Seto*, 790 F.2d 1446, 1448-49 (9th Cir. 1986) ................................................................ 20

*Brzychnalski v. Unesco, Inc.*, 35 F.Supp.2d 351 (S.D.N.Y.1999) ................................................. 9

*Bus. Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991)............ 15

*Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003)............................................ 14, 15

*Chase v. AIMCO Properties, L.P.*, 374 F.Supp.2d 196 (D.D.C. 2005) ........................................ 18

*Chavez v. IBP, Inc.*, 2002 WL 31662302 (E.D. Wash. 2002)...................................................... 17

*City of Redwood City*, 640 F.2d at 966 ........................................................................................ 11

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335 (N.D.Cal.1991) .................................. *7, 20*

*Conley v. Gibson,* 355 U.S. 41 (1957) ........................................................................... *7, 9, 10*

*De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301 (3rd Cir. 2003)................................. *14, 18*

*Edwards v. City of Long Beach,* 467 F.Supp.2d 986 (C.D.Cal. 2006) ......................... *10*

*Farhy v. Janney Montgomery Scott, LLC,* 2007 WL 1455764 (E.D. Pa.)…………………..........*12*

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir.1993) ..................................................... *7*

*Farmers Ins. Exchange Claims Representative Overtime Pay Litigation,.* 2003 WL 23669376
    (D.Or. 2003)..................................................................................................................... *8*

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994) ......................................................... *7, 20*

*Glewwe v. Eastman Kodak Co.,* 2006 WL 1455476 (W.D.N.Y. 2006)......................... *18*

*Goldman v. Radioshack Corp.,* 2003 WL 21250571 (E.D. Pa. 2003) ......................... *17*

*Herring v. Hewitt Associates,* 2006 WL 2347875 (D.N.J. 2006)…………………………………*12*

*Himmelman v. Continental Cas. Co.,* 2006 WL 2347873 (D.N.J. 2006)……………………*12*

*Iglesias-Mendoza v. La Belle Farm, Inc.,* 2007 WL 268233 (S.D.N.Y.) ..................... *17*

*Jackson v. City of San Antonio,* 220 F.R.D. 55 (W.D. Tex. 2003) ............................... *18*

*Keeley v. Loomis Fargo & Co.,* 183 F.3d 257 (3rd Cir. 1999) ..................................... *20*

*Kelly v. SBC, Inc.,* 1998 U.S. Dist LEXIS 18643 (N.D.Cal.1998) ........................... *8, 13*

*Klein v. Ryan Beck Holdings, Inc.,* 2007 WL 2059828 (S.D.N.Y., 2007)……………………….....*12*

*Kuba v. 1-A Agric. Ass'n,* 387 F.3d 850, 855 (9th Cir. 2004) ....................................... *16*

*LaChapelle v. Owens-Corning, Inc.,* 513 F.2d 286 (5th Cir. 1975) ....................... *11, 12*

*Ladegaard v. Hard Rock Concrete Cutters, Inc.* 2000 WL 1774091 (N.D. Ill. 2001) ................... *9*

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193 (S.D.N.Y. 2006) ..................................... *9*

*Letouzel v. Eastman Kodak Co.,* 2006 WL 1455478 (W.D.N.Y. 2006)......................... *18*

*Leuthold v. Destination America, Inc.,* 224 F.R.D. 462 (N.D.Cal. 2004)................... *10*

*Lindsay v. Gov't Employees Ins. Co.,* 448 F.3d 416 (D.C. Cir. 2006) ......................... *16*

*Luciano v. Eastman Kodak Co.,* 2006 WL 1455477 (W.D.N.Y. 2006) ....................... *18*

*Mascol v. E & L Transp., Inc.,* 2005 WL 1541045 (E.D.N.Y. 2005)……………………………………*9*

*McClain v. Leona's Pizzeria, Inc.,* 222 F.R.D. 574 (N.D.Ill. 2004).............................. *10*

*McLaughlin v. Liberty Mut. Ins. Co.,* 224 F.R.D. 304 (D. Mass. 2004)................... *9, 17*

*Mendez v. Radec Corp.,* 411 F. Supp. 2d 347 (W.D.N.Y. 2006)..................................... *9*

*Moeck v. Gray Supply Corp.,* 2006 WL 42368 (D.N.J. 2006)....................................... *10*

*Morton v. Valley Farm Transportation, Inc.,* 2007 WL 1113999 (N.D. Cal. 2007) ................. *8, 10*

*Neary v. Metropolitan Property and Cas. Ins. Co.,* 472 F.Supp.2d 247 (D.Conn. 2007) ............. *18*

*O'Brien v. Encotech Construction Services, Inc.,* 203 F.R.D. 346 (N.D. Ill. 2001)....................... *9*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Otto v. Pocono Health System,* 457 F.Supp.2d 522 (M.D. Pa. 2006)................................11,12

*Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1418 (9th Cir. 1990).....................12

*Parks School of Business, Inc. v. Symington,* 51 F.3d 1480 (9th Cir. 1995)..............................7

*Polich v. Burlington Northern, Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991) ..................................... 19

*Ramirez v. RDO-BOS Farms, LLC,* 2007 WL 273604 (D. Or. 2007) ................................. 8, 10, 12

*Recinos-Recinos v. Express Forestry, Inc.,* 233 F.R.D. 472 (E.D. La. 2006)................................ 9

*Rees v. Souza's Milk Transportation, Co.,* 2006 WL 738987 (E.D. Cal. 2006)........................ 8, 10

*Romero v. Producers Dairy Foods,* 235 F.R.D. 474 (E.D. Cal. 2006)...................................... 8, 10

*Rubery v. Buth-Na-Bodhaige, Inc.,* 2007 WL 186654 (W.D.N.Y.)................................................ 17

*Schaefer v. Overland Exp. Family of Funds,* 169 F.R.D. 124 (S.D.Cal. 1996) ........................... 19

*Scott v. Aetna Services, Inc.,* 210 F.R.D. 261 (D. Conn. 2002)...............................................9

*Smith v. Lowe's Home Centers, Inc.,* 236 F.RD. 354 (S.D. Ohio 2006).................................... 17

*Software N. Am., Inc. v. United States Dist. Court,* 24 F.3d 1545, 1557-58 (9th Cir.1994).......... 16

*Tanya Harden v. WIS Holding Corporation,* Case No. 07-4076-CV-C-SOW............................12

*Takacs v. A.G. Edwards and Sons, Inc.,* 444 F. Supp. 2d 1100 (S.D. Cal., 2006)....................13

*Tomlinson v. Indymac Bank,* 359 F. Supp. 2d 898 (C.D. Cal. 2005)....................................12

*Torres v. Gristede's Operating Group,* 2006 WL 2819730 (S.D.N.Y. 2006)................................ 9

*Tran v. Le French Baker, Inc.,* 1995 WL 374342 (N.D. Cal. 1995)................................................ 14

*Trinidad v. Breakaway Courier Systems, Inc.,* 2007 WL 103073  (S.D.N.Y. 2007)....................... 9

*Trotter v. Perdue Farms, Inc.,* 2001 WL 1002448 (D. Del. 2001)................................................ 9

*United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981). ................................... 7

*Weinberger v. Jackson,* 102 F.R.D. 839 (N.D.Cal.1984) ............................................................. 19

*Westerfield v. Washington Mut. Bank,* 2007 WL 2162989 (E.D.N.Y.).........................11, 13, 14

*Williamson v. Gen. Dynamics Corp.,* 208 F.3d 1144, 1151 (9th Cir.2000)............................12

**Statutes**

*28 U.S.C. §1332(d)* ........................................................................................................... 5

*29 U.S.C. § 216(b)* ........................................................................................................... 10

*29 U.S.C. § 218(a)*...........................................................................................................13

*Cal. Bus. & Prof.Code § 17200 et seq.* ......................................................................... 9

*Class Action Fairness Act, 28 U.S.C. §1332(d)*.............................................................5

*N.J. Stat. Ann. §§ 34:11-56a4), 34:11-56a25*...........................  ........................  .....................20

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**Other Authorities**

*Paul Beckett,* Companies Still Fear Class-Action Suits*, Wall St. J., Apr. 4, 1997, at B2………..17*

*William W. Schwarzer et al.,* Judicial Federalism in Action: Coordination of Litigation in State and Federal Courts, *78 VA. L. REV. 1689 (1992)……………………………………………17*

## I.  **INTRODUCTION**

Defendants bring this motion to dismiss, arguing that FLSA collective actions certified under 28 U.S.C. § 216(b) are inherently incompatible with Rule 23 state law class actions and therefore cannot coexist in the same litigation.  Defendants' argument is based upon "an imaginary legal doctrine," as one Federal District Court recently called a similar argument - without any basis in law, and against the prevailing tide of authority. Binding and persuasive precedent holds that FLSA collective actions and Rule 23 state law claims can coexist and should proceed simultaneously, in the interest of judicial economy, consistency of results, and fairness to all parties.

Second, Defendants argue that the Rule 23 class claims violate the Rules Enabling Act by depriving Defendants of a substantive right to proceed in an opt-in fashion in wage and hour litigation.  Again, this argument is without merit, because Defendants provide no authority that the opt-in procedural mechanism is Defendants' substantive right, and the opt-in mechanism should not be used to deprive Plaintiffs of substantive claims.

Third, Defendants argue in the alternative that even if the two actions are compatible, the court should still dismiss the Rule 23 state law claims from Federal Court, refusing to exercise supplemental jurisdiction.  Yet, relevant 9th Circuit precedent, along with considerations of judicial economy and fairness, support a grant of supplemental jurisdiction.  The cases Defendants cite to preclude supplemental jurisdiction are all factually distinguishable. In the alternative, even if state law claims predominated, Plaintiffs would be entitled to bring them in Federal Court because of original diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d).

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Finally, Defendants argue that Plaintiffs' Ninth Claim for Relief should be dismissed for failure to state a cause of action. Defendants' defeat their own motion by admitting that Plaintiffs' Ninth Claim does state a claim for relief.

Each of Defendants' arguments is without merit and fails to meet Defendants' heavy burden upon a motion to dismiss. As such, Defendants' motion should be denied in its entirety. Similarly, Defendants' motion to strike portions of the complaint should be denied. Plaintiffs are entitled to maintain both state law Rule 23 class action and FLSA collective action claims in this case.

## II.     <u>SUMMARY OF RELEVANT FACTS</u>

Plaintiffs Phillip Wong, Frederic Chaussy, and Leslie Marie Shearn (collectively "Plaintiffs"), brought this action on behalf of themselves and others against Defendants: HSBC Mortgage Corporation (USA), HSBC Bank USA, and certain Doe Defendants, or their predecessors-in-interest seeking damages, restitution and injunctive relief for Defendants violations of federal and state law. Compl. ¶ 1. Plaintiffs and the putative class members were or are employed as "Retail Mortgage Lending Consultants" and "Senior Retail Mortgage Lending Consultants" (also known as "loan officers"), "Field Administrators" and "Senior Field Administrators" (also known as "sales assistants"), and other non-mortgage sales employees. <u>Id.</u> Defendants misclassified Plaintiffs as exempt under the Fair Labor Standards Act ("FLSA") and failed to pay overtime and meal and rest period premiums, <u>inter alia</u>, as required by federal and state law. <u>Id.</u>

Plaintiffs assert collective class claims pursuant to § 16(b) of the FLSA (Compl. ¶ 18), along with violations of California wage law which will require class certification under Rule 23. Compl. ¶¶55-73. Plaintiffs' amended complaint also asserts Rule 23 class claims related to Defendants' violations of New York and New Jersey state laws. Compl. ¶¶ 81-95.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

III.     **ARGUMENT**

2

a.  **STANDARD OF REVIEW**

3

Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). When ruling on a

4

defendant's motion to dismiss for failure to state a claim on which relief can be granted, a court

5

6

takes all allegations of material fact as true and construe them in the light most favorable to the

nonmoving party. <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480 (9th Cir. 1995).  A

7

8

motion to dismiss is generally viewed with disfavor, and should only on rare occasions be

9

granted.  <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).  A court

10

should allow claims to stand "unless it appears beyond doubt that plaintiff can prove no set of

11

facts in support of their claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41,

12

45 (1957).

13

Defendant also seeks to strike portions of the complaint under Rule 12(f) of the Federal

14

15

Rules of Civil Procedure.  Rule 12(f) provides that, upon motion or upon the Court's own

16

initiative, the Court may strike "any redundant, immaterial, impertinent, or scandalous matter."

17

F.R.C.P. 12(f).  Motions to strike serve to "avoid the expenditure of time and money that must

18

arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Fantasy, Inc. v.</u>

19

<u>Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993)</u> (citation and internal quotation omitted) (abrogated

20

21

on other grounds by <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994)).  An "immaterial" matter has

no essential or important relationship to the claims or defenses pled.  <u>Id. at 1527</u> (<u>citing</u> 5 Charles

22

23

A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1382, at 706-07 (1990)).

24

"'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the

25

issues in question."  <u>Id</u>.  Rule 12(f) motions are generally disfavored and "should not be granted

26

unless it is clear that the matter to be stricken could have no possible bearing on the subject

27

matter of the litigation."  <u>Colaprico v. Sun Microsystems, Inc.</u>, 758 F.Supp. 1335, 1339

28

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

(N.D.Cal.1991).[1]

### b. DEFENDANTS' ARGUMENTS THAT STATE LAW CLAIMS AND FLSA CLAIMS CANNOT PROCEED TOGETHER ARE UNAVAILING, ESPECIALLY UPON A FED.R.CIV.P. 12(b)(6) MOTION.

#### i. The Overwhelming Weight of Authority Rejects Defendants' Attempts to Eliminate State Law Claims.

In the 9th Circuit, courts have regularly certified Rule 23 class actions under state law and FLSA collective actions in the same litigation. See, e.g., Morton v. Valley Farm Transportation, Inc., 2007 WL 1113999 (N.D. Cal. 2007) (Illston, J.) (certifying both an FLSA collective action and a Rule 23 California wage law class action); Breeden v. Benchmark Lending Group, Inc., 229 F.R.D. 623 (N.D. Cal. 2005) (Conti, J.) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state wage law class action); Romero v. Producers Dairy Foods, 235 F.R.D. 474 (E.D. Cal. 2006) (same); Rees v. Souza's Milk Transportation, Co., 2006 WL 738987 (E.D. Cal. 2006) (same); Aguayo v. Oldenkamp Trucking, 2005 WL 2436477 (E.D. Cal. 2005) (same); Ramirez v. RDO-BOS Farms, LLC, 2007 WL 273604 (D. Or. 2007) (certifying a Rule 23 Oregon state law class action when conditional certification had already been granted on plaintiffs' FLSA claims); In re Farmers Ins. Exchange Claims Representative Overtime Pay Litigation,. 2003 WL 23669376 (D.Or. 2003) (certifying a Rule 23 class action under Colorado, Illinois, Michigan, Minnesota, New Mexico, Oregon, and Washington state law in action that had been conditionally certified under the FLSA); Kelly v. SBC, Inc., 1998 U.S. Dist LEXIS 18643, *38 (N.D.Cal.1998) (FLSA not a bar to a Rule 23 "opt-out" class certification of state Unfair Competition Law claims predicated on FLSA violations). The multitude of District Courts across the country that have certified both Rule 23 class actions and FLSA collective actions in the same litigation is further persuasive authority rebutting Defendants' argument that the federal and state

---

[1] Plaintiffs oppose Defendants' motion in the alternative to strike all portions of Plaintiffs' complaint relating to state law class claims for the same reasons Plaintiffs oppose Defendants' 12(b)(6) motion. With the exception of the section infra regarding Plaintiffs' Ninth Claim for Relief, Plaintiffs will not devote additional briefing to this issue since Defendants raise no additional arguments in support of the motion to strike, other than those arguments supporting Defendants' motion to dismiss.

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

claims are "inherently incompatible."[2]

### ii. Defendant Cannot Show There is "No Set of Facts" Upon Which Plaintiffs Can Prevail, or Incontrovertible Legal Precedent Dictating that Plaintiffs' State Law Claims Must Be Dismissed.

#### 1. Plaintiffs articulate sufficient facts to overcome a Fed.R.Civ.P. 12(b)(6) motion.

The cases cited in III.b., <u>supra</u>, are all cases in which courts have certified both FLSA and Rule 23 classes. The plaintiffs in these many cases in the 9th Circuit and nationwide where state law and FLSA claims have proceeded simultaneously have met a much greater burden - on a motion for class certification - than Plaintiffs bear here, in opposing a motion to dismiss. Whereas on a motion for class certification, a plaintiff must meet each of the requirements under Rule 23, the instant motion must be denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of their claim which would entitle him to relief."  <u>Conley</u>, 355 U.S. at 45. Under this lenient standard, Plaintiffs' state law claims cannot be dismissed, since plaintiffs have alleged facts articulating a host of state wage law violations and all elements for Rule 23 certification. <u>See</u> Complaint at ¶¶24-32.

---

[2] <u>See</u>, <u>e.g.</u>, <u>Trinidad v. Breakaway Courier Systems, Inc.</u>, 2007 WL 103073  (S.D.N.Y. 2007) (granting Plaintiffs' motion for conditional certification under the FLSA and certification of a Rule 23 New York state law class action); <u>Torres v. Gristede's Operating Group</u>, 2006 WL 2819730 (S.D.N.Y. 2006) (same); <u>Mendez v. Radec Corp.</u>, 411 F. Supp. 2d 347 (W.D.N.Y. 2006) (outlining Court's orders to certify both FLSA collective action and Rule 23 New York state law class action); <u>Lee v. ABC Carpet & Home</u>, 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and Rule 23 New York state law class action); <u>Recinos-Recinos v. Express Forestry, Inc.</u>, 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); <u>Mascol v. E & L Transp., Inc.</u>, 2005 WL 1541045 (E.D.N.Y. 2005) (certifying Rule 23 New York state law class action in suit in which FLSA collective action had already been certified). <u>McLaughlin v. Liberty Mutual Ins. Co.</u>, 224 F.R.D. 304 (D. Mass. 2004) (certifying Rule 23 Massachusetts state law class action in suit in which FLSA collective action had already been conditionally certified); <u>Scott v. Aetna Services, Inc.</u>, 210 F.R.D. 261 (D. Conn. 2002) (denying motion to decertify FLSA collective action and granting motion to certify Rule 23 Connecticut state law class action); <u>O'Brien v. Encotech Construction Services, Inc.</u>, 203 F.R.D. 346 (N.D. Ill. 2001) (simultaneously certifying an FLSA collective action and a Rule 23 Illinois state law class action); <u>Ladegaard v. Hard Rock Concrete Cutters, Inc.</u> 2000 WL 1774091 (N.D. Ill. 2001) (certifying a Rule 23 class action under Illinois state law despite the availability of FLSA remedies); <u>Ansoumana v. Gristede's Operating Corp.</u>, 201 F.R.D. 81 (S.D.N.Y. 2001) (certifying a Rule 23 New York state claim class action in suit in which an FLSA class had already been conditionally certified); <u>Beltran-Benitez v. Sea Safari, Ltd.</u>, 180 F. Supp. 2d 772 (E.D.N.C. 2001) (Rule 23 "opt-out" requirement can be reconciled with the FLSA "opt-in" procedure); <u>Trotter v. Perdue Farms, Inc.</u>, 2001 WL 1002448 (D. Del. 2001) (certifying FLSA collective action and Rule 23 class actions under Delaware, Kentucky, Maryland, North Carolina, and South Carolina state law); <u>Brzychnalski v. Unesco, Inc.</u>, 35 F.Supp.2d 351, 354 (S.D.N.Y.1999) (granting authorization to pursue collective action for FLSA claims and class certification for New York State claims under Rule 23).

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The decisions cited by Defendant from this circuit did not address Fed.R.Civ.P. 12(b)(6) motions, but the plaintiffs' respective motions for class certification. See Edwards v. City of Long Beach, 467 F.Supp.2d 986 (C.D.Cal. 2006); Leuthold v. Destination America, Inc., 224 F.R.D. 462 (N.D.Cal. 2004). Neither Edwards nor Leuthold contain the "legally incompatible" language repeated throughout Defendants' motion. See id. Rather, these cases involved a detailed factual analysis under the "superiority" requirement of Fed.R.Civ.P. 23(b)(3). Leuthold, 224 F.R.D. at 469-70; Edwards, 467 F.Supp.2d at 992-93 (relying upon Leuthold). Even if the analysis in these two decisions were persuasive, though conflicting with the weight of authority in the 9th Circuit and nationwide allowing certification of Rule 23 and FLSA classes, the Court cannot complete a factual analysis on the superiority element at the motion to dismiss stage. Conley, 355 U.S. at 45.[3]

Even if this Court could evaluate facts at this stage of the litigation (as opposed to presuming the non-moving party's version of the facts, as the Court is required to do), Leuthold is distinguishable. In that case, the Court found that a Rule 23 class action was not superior to an FLSA collective action in part because the defendant had demonstrated that many putative class members were "hostile" towards the lawsuit. Leuthold, 224 F.R.D. at 70; see Romero, 235 F.R.D. at 491 (distinguishing Leuthold). The Leuthold court reasoned that, given this hostility, a superior course of action would be to require that plaintiffs who so desired file consent forms to join the lawsuit. Leuthold, 224 F.R.D. at 70. Even if weighing conflicting evidence were appropriate at the Fed.R.Civ.P. 12(b)(6) stage, Defendant produces no evidence of such hostility in this case.[4]

## 2. Defendant cites no precedent requiring dismissal of Plaintiffs' state law claims.

Unless Defendant could demonstrate clear legal precedent requiring rejection of claims,

---

[3] Likewise, Defendants' reliance upon cases decided upon motions for conditional collective action certification (in particular, Moeck v. Gray Supply Corp., 2006 WL 42368 (D.N.J. 2006) and McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D.Ill. 2004)) is misplaced in the context of a motion to dismiss.

[4] Even on a motion for class certification, Leuthold is not binding, and should not persuade this Court, in light of the numerous courts in this Circuit that have certified both Rule 23 class and FLSA collective actions since the Leuthold decision. See, e.g., Morton, 2007 WL 1113999; Ramirez, 2007 WL 273604; Breeden, 229 F.R.D. at 623; Romero, 235 F.R.D. at 474; Rees, 2006 WL 738987; Aguayo, 2005 WL 2436477.

Plaintiffs' state law claims may not be dismissed under Fed.R.Civ.P. 12(b)(6), because dismissal at this early stage of litigation is disfavored. See City of Redwood City, 640 F.2d at 966. Here, the cases Defendant cites are, at best, on shaky legal ground, outweighed by the preponderance of recent precedent throughout the 9th Circuit and nationwide which permits state law Rule 23 class action claims and FLSA claims to coexist. See Section II.A, supra.

Defendant cites to only one Circuit Court decision - a 30+ year-old case from the 5th Circuit - LaChapelle v. Owens-Corning, Inc., 513 F.2d 286 (5th Cir. 1975), in support of its theory that the FLSA and state wage law claims are "mutually exclusive and irreconcilable." However, even LaChapelle is inapposite. LaChapelle involved an Age Discrimination in Employment Act ("ADEA") claim, and held only that an ADEA claim must proceed via an opt-in procedure rather than an opt-out procedure. Id. at 287. The only question on appeal in LaChapelle was whether an ADEA claim can proceed as a Rule 23 class. Id. As Judge Wilken of this Court explained, rejecting a defendant's summary judgment motion citing LaChapelle in seeking to dismiss plaintiffs' state Unfair Competition Law (Bus. & Prof.Code § 17200 et seq.) ("UCL"), Rule 23 class claims (based on FLSA violations):

> In [LaChapelle], although the court stated that "opt-out" and "opt-in" classes are mutually exclusive and irreconcilable, it made this statement in determining whether a suit brought under the Age Discrimination in Employment Act (ADEA) may be an "opt-out" class action. Cases in which plaintiffs attempt to circumvent the "opt-in" requirement of 29 U.S.C. § 216(b) for other federal claims, like the ADEA, are inapplicable to State law claims such as the one at issue here.

Bahramipour v. Citigroup Global Markets, Inc., 2006 WL 449132 at *5 (N.D.Cal.) (emphasis added). Here, as in Bahramipour, Plaintiffs do not seek a prohibited, nationwide, opt-out FLSA class. The Court cannot dismiss state law claims, which employ a Rule 23 mechanism, simply because Plaintiffs' FLSA claims require a different mechanism. See supra; see also Westerfield v.

Washington Mut. Bank, 2007 WL 2162989 at *1 (E.D.N.Y.).[5]

### iii.  Defendants' Concerns Regarding Logistical Complexities in Notifying Different Classes are Premature and Unwarranted.

Defendant also suggests that Rule 23 and FLSA classes are "inherently incompatible" because of the logistical differences in the opt-out/opt-in notice procedures.  If the concern is confusion amongst class members, judicial notices can be and frequently are crafted that address the different procedures – see supra Section III.b, listing many courts which certified simultaneously Rule 23 class actions and FLSA collective actions and managed to provide notice in accordance with such decisions. Certainly, a motion to dismiss is not the appropriate stage of litigation to address the wording of class notifications. Moreover, Plaintiffs may (and likely will) seek conditional FLSA certification well in advance of seeking Rule 23 class certification, in which case the opt-in notice will precede and will not be muddled by any other type of notice. See Ramirez v. RDO-BOS Farms, LLC, 2007 WL 273604 at *2.

### iv.  The Ninth Circuit Has Rejected Defendants' Argument that the Legislative Intent Behind the FLSA Was to Bar State Law Claims.

Defendants further argue that allowing Rule 23 state claims to proceed would thwart Congress' intention in designing an opt-in procedure for FLSA claims. The 9th Circuit has rejected this argument outright, stating, "[T]he FLSA does not preempt California from applying its own overtime laws." Pacific Merchant Shipping Ass'n v. Aubry, 918 F.2d 1409, 1418 (9th Cir. 1990).  The FLSA's savings clause[6] "is evidence that Congress did not intend to preempt the

---

[5] In addition to LaChapelle, Defendants manage to conjure up several District Court cases, mostly in the 3rd Circuit, which suggest that FLSA claims and state law claims should not be adjudicated simultaneously, Otto v. Pocono Health System, 457 F.Supp.2d 522 (M.D. Pa. 2006); Herring v. Hewitt Associates, 2006 WL 2347875 (D.N.J. 2006); Himmelman v. Continental Cas. Co., 2006 WL 2347873 (D.N.J. 2006); Tanya Harden v. WIS Holding Corporation, Case No. 07-4076-CV-C-SOW. One Court in the Eastern District of New York recently discounted the reasoning in these decisions, however, explaining that the cases "which cite only to the theory of inherent incompatibility [of FLSA and state law claims] are simply wrongly decided under an imaginary legal doctrine." Westerfield, 2007 WL 2162989, at *2.  See also Klein v. Ryan Beck Holdings, Inc., 2007 WL 2059828 (S.D.N.Y., 2007). Even in the 3rd Circuit, one Court recently denied a Defendants' motion to dismiss Rule 23 state class action claims in an FLSA action.  See Farhy v. Janney Montgomery Scott, LLC, 2007 WL 1455764 (E.D. Pa.).The Otto, Herring, and Himmelman decisions should not persuade this Court.

[6] "No provision of [the FLSA] shall excuse noncompliance with any Federal or State law or municipal ordinance

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

entire field." <u>Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir.2000)</u>.  As this

Court has recognized (rejecting defendants' efforts to seek dismissal of California UCL claims),

"Congress' adoption of a FLSA statute of limitations and class action opt-in procedure does not

preclude the enforcement of California's unfair business practices law with a longer statute of

limitations and opt-out class action procedure . . . ." <u>Barnett v. Washington Mutual Bank, FA</u>,

2004 WL 2011462 at *6 (N.D. Cal. 2004). <u>See also</u> <u>Takacs v. A.G. Edwards and Sons, Inc.</u>, 444

F. Supp. 2d 1100 (S.D. Cal., 2006); <u>Tomlinson v. Indymac Bank</u>, 359 F. Supp. 2d 898 (C.D. Cal.

2005) ("[T]he Court is unaware of any legislative history that evidences Congress' intent to forbid

states from permitting claims for overtime wages by employees who have not opted into a

representative class").  Although FLSA claims clearly require actions to be brought via an opt-in

procedure, nothing in the FLSA evidences a Congressional intent to limit state actions and

remedies which require other procedures.

### c. THE RULES ENABLING ACT DOES NOT REQUIRE DISMISSAL OF PLAINTIFFS' STATE LAW CLAIMS.

Plaintiffs agree with Defendant that the Rules Enabling Act ("REA") prevents

Fed.R.Civ.P. 23 from abridging any substantive right. However, Defendants cite no substantive

right which would be abridged in any way by Plaintiffs' pursuit of state law Rule 23 claims.

Defendants provide no authority for the proposition that the FLSA's opt-in mechanism is a

substantive right granted to Defendants, or that such right, even if it were Defendants' right to

invoke, is abridged by bringing other causes of action with other mechanisms. On the contrary,

the right to proceed in an opt-in collective action is Plaintiffs' right, and it is not deprived by the

simultaneous litigation of different claims in a Rule 23 context. It would be an ironic twist if the

---

establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter." <u>29 U.S.C. § 218(a)</u>.

REA were used to allow a procedural rule (the opt-in procedure) to deprive Plaintiffs of their substantive state law rights.

Defendants have not cited any case which holds that the FLSA opt-in procedure is a substantive right granted to Defendants. Defendants cite <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301, 310 (3rd Cir. 2003) on this subject generally, however, <u>De Asencio</u> addresses supplemental jurisdiction and predomination questions, not the Rules Enabling Act. Further, the passage cited by Defendants does not say that the FLSA opt-in procedure <u>is</u> a substantive right, it simply notes that the opt-in procedure "<u>affects</u> the substantive rights" of the parties. <u>Id.</u> (emph. added). More to the point, the <u>Westerfield</u> court recently addressed a REA argument similar to that raised by Defendants, holding that "[s]ection 216(b) by its terms governs procedural rights. It establishes the procedure to be followed to establish party plaintiff status in an FLSA action." <u>Westerfield</u>, 2007 WL 2162989 at *1. Indeed, Defendants' motion refers to "the FLSA's opt-in collective action <u>procedure</u>." <u>Dkt.</u> 19 at 12. (emphasis added).

Defendants reference cases addressing the doctrines of collateral estoppel and <u>res judicata</u> in support of their argument that the FLSA collective action procedure is a substantive right. However, these cases are not REA cases and are inapposite. They simply hold that once a plaintiff has fully litigated an overtime claim under state law, he/she cannot seek to recover those same damages in a later suit under federal law. See <u>Chao v. A-One Med. Servs., Inc.</u>, 346 F.3d 908 (9th Cir. 2003); <u>Tran v. Le French Baker, Inc.</u>, 1995 WL 374342 (N.D. Cal. 1995). The <u>Chao</u> and <u>Tran</u> cases are unlike the case at bar, since here, Plaintiffs brought state and federal claims simultaneously. If anything, <u>Chao</u> and <u>Tran</u> provide further justification for the Court to hear Plaintiffs' claims simultaneously – because proceeding along parallel tracks with claims in state and federal court might lead to conflicting precedents – a result <u>Chao</u> and <u>Tran</u> seek to avoid. As outlined <u>infra</u>, the principals of judicial economy supporting the doctrine of supplemental jurisdiction counsel in favor of resolving all Plaintiffs' claims in the same litigation, since

-14-

Plaintiffs' state and federal claims arose from the same transactional nucleus of facts with respect to overtime.

It is noteworthy that Plaintiffs' meal/rest period, waiting time penalties, and other claims are solely California claims, and thus different substantive rights all together. Surely, Defendants cannot deprive all Plaintiffs of these substantive rights relying upon the opt-in procedural device.

The United States Supreme Court has made it clear that any Rules Enabling Act ("REA") challenge "has a large hurdle to get over." Bus. Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 552 (1991). For the foregoing reasons, Defendants fail to overcome this REA hurdle here.

### d. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLAIMS.

Defendants fail to cite a single case from the 9th Circuit in the section of the motion addressing supplemental jurisdiction. Yet, the 9th Circuit favors litigating all overtime claims – under state and federal law – in a single proceeding. In the Chao case cited by Defendant (Dkt. #19 at pp. 15-16), the 9th Circuit dismissed a plaintiff's federal overtime claims using the principle of collateral estoppel and/or res judicata because she previously failed to raise these FLSA claims when litigating her overtime claims in small claims court. Chao, 346 F.3d at 921-922. The Court explained:

> Perhaps the most difficult factor here is whether the state court suits involved infringement of the same right as the instant suit. With regard to Millard, although we know she pursued an overtime claim, we do not know definitively under what statute or theory she was proceeding. This uncertainty, however, does not obscure the fact that Millard admittedly pursued a claim for unpaid overtime wages. Even if Millard did not raise [in small claims court] the FLSA argument being raised here, she could and should have.

Id. (emph. added). If Plaintiffs are not permitted to address state law claims here, they may encounter the inequitable result of being collaterally estopped from raising them later – though they were not permitted to raise (and should have raised) such claims in this proceeding.

-15-

"Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agric. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004). Defendants argue that Plaintiffs' state claims derive from a different "nucleus of operative fact," but the argument again contradicts Chao, which explains, in the context of a res judicata/collateral estoppel determination:

> It is clear enough from the evidence presented that the employees' state court claims and the Secretary's suit arose out of the same transactional nucleus of facts, the employees' work with A-One and Alternative. It is not clear exactly what evidence was presented in the state counterclaims, but we do not believe that this uncertainty, which could well have been the result of dubious conduct of the litigation by the employees, is significant in light of the certainty that the suits arose from the same transactional nucleus of facts and that both employees made at least some arguments with respect to overtime. These two factors suggest a concurrence of identity of claims.

Id. (emph. added). As in Chao, Plaintiffs' state law claims arise from the same nucleus of facts – their employment at Defendants – and likewise relate to the wages and hours they were paid, and the extent of overtime hours they worked. Here, "[t]he alleged violations of the overtime pay provisions of [state law] and the FLSA are based on the same conduct of Defendant with regard to the same employees over the same period of time." Bamonte, 2007 WL 2022011 at *2.

In deciding whether to decline supplemental jurisdiction, a Court must "undertake a case-specific analysis to determine whether declining supplemental jurisdiction comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness and comity." Bahrampour v. Lampert, 356 F .3d 969, 978 (9th Cir. 2004) (internal quotation marks omitted) (quoting Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1557-58 (9th Cir.1994)). As another Court in this Circuit recently held in a matter which included both state and federal wage claims, "[j]udicial economy weighs against bifurcated state and federal proceedings in these circumstances." Bamonte v. City of Mesa, 2007 WL 2022011 at*3 (D.Ariz. 2007) (citing  Lindsay v. Gov't Employees Ins. Co., 448 F.3d 416, 425 (D.C. Cir.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

2006) (explaining that "[p]redomination under section 1367(c)(2) relates to the type of claim" and that a state-law claim for overtime pay did not predominate over an FLSA claim that it "essentially replicate[d]")). If this Court were to dismiss Plaintiffs' claims, then Plaintiffs would be forced to file lawsuits (and expend judicial resources) in at least three additional courts. The "values of economy, convenience, fairness and comity" counsel against forcing Plaintiffs to pursue their claims, based on the same policies and practices of Defendants – i.e., failing to pay overtime based upon Defendants' common scheme – around the country. See, Bamonte, 2007 WL 2022011 at *4-5; Chavez v. IBP, Inc., 2002 WL 31662302, at *2 (E.D. Wash. 2002). See also McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 313 (D. Mass. 2004); Goldman v. Radioshack Corp., 2003 WL 21250571 at *5 (E.D. Pa. 2003); Beltran-Benitez v. Sea Safari, LTD., 180 F.Supp.2d 772, 774 (E.D.N.C. 2001); Iglesias-Mendoza v. La Belle Farm, Inc., 2007 WL 268233 (S.D.N.Y.); Rubery v. Buth-Na-Bodhaige, Inc., 2007 WL 186654 (W.D.N.Y.); Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354 (S.D. Ohio 2006).

One Court in the Southern District of New York described eloquently the considerations of judicial economy and fairness present here:

> If the related FLSA and [New York State] Minimum Wage Act claims were to be litigated in parallel fashion, in this court and in the New York Supreme Court, there would be great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems inherent in parallel class action litigation. See, e.g., William W. Schwarzer et al., Judicial Federalism in Action: Coordination of Litigation in State and Federal Courts, 78 VA. L. REV. 1689 (1992); Paul Beckett, Companies Still Fear Class-Action Suits, Wall St. J., Apr. 4, 1997, at B2 (discussing the high costs to companies that result from defending multiple class actions in state and federal courts). The writers note the problems and needless expense of overlapping, uncoordinated discovery; differing rulings by multiple courts with respect to discovery, relevance and privilege; differing and conflicting rulings on issues of both procedure and substance; collateral estoppel issues with respect to interlocutory rulings; and the difficulties of managing joint trials even where multiple courts agree jointly to manage complex litigations. Congress enacted Section 1367 to avoid such problems. Defendants short-sightedly argue to reverse the Congressional wisdom. I decline to do so.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001).  This Court should find the reasoning in Ansoumana persuasive.

Defendants also argue that the Court should not exercise supplemental jurisdiction because Plaintiffs' state law claims predominate, under  28 U.S.C. § 1367(c). Citing De Asencio, 342 F.3d at 309, Defendants assert that the "disparity in numbers" between the FLSA claims and the state law claims is cause for dismissal.  Defendants fail to note, however, that De Asencio was decided on a motion for conditional certification, after the FLSA opt-in period had already closed. Id. at 305.[7]  Upon the instant Rule 12 motion, the Court cannot consider (and Defendants have not provided) any evidence detailing the respective sizes of Plaintiffs' proposed classes.  Plaintiffs assert a nationwide FLSA class, whereas each Rule 23 class is only made up of one state.  It is pure conjecture to assume that there will be a "great disparity" in numbers, causing opt-in Plaintiffs to "wag what is in substance a state dog."  At this juncture, it is just as likely that the FLSA opt-in class will end up being greater in number than any Rule 23 class. Regardless, the size of the class, standing alone, does not require this Court to reject supplemental jurisdiction.

Moreover, Defendants cite cases addressing complex issues of state law (see Glewwe v. Eastman Kodak Co., 2006 WL 1455476 (W.D.N.Y. 2006); Letouzel v. Eastman Kodak Co., 2006 WL 1455478 (W.D.N.Y. 2006); Luciano v. Eastman Kodak Co., 2006 WL 1455477 (W.D.N.Y. 2006)), though Defendants have not established that such novel, complex issues of state law exist here. Defendants cite Neary v. Metropolitan Property and Cas. Ins. Co., 472 F.Supp.2d 247 (D.Conn. 2007), and Aquilino v. Home Depot USA, Inc., 2006 WL 2023539 (D.N.J. 2006), in support of the argument against supplemental jurisdiction, but Neary and Aquilino are distinguishable, because they involved many more state claims than here, in dozens in states.

---

[7] For the same reasons, this Court should not be persuaded by Chase v. AIMCO Properties, L.P., 374 F.Supp.2d 196 (D.D.C. 2005) (motion for class certification) and Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex. 2003) (same).

-18-

Finally, Defendants argue that the state claims should be dismissed because "each of the claims would require individualized inquiries into the circumstances of each class member." Defendants cite no authority supporting dismissing claims based on a refusal to exercise supplemental jurisdiction on a similar basis. If anything, this is an argument against class certification – which may not be considered at this juncture - and certainly is not an argument for a motion to dismiss under Fed.R.Civ.P. 12(b)(6).[8] Plaintiffs asserted facts – that they were subjected to common policies/practices which deprived them of appropriate wages, and which violated wage/hour laws – must be presumed to be true (see supra) and are sufficient to overcome the motion to dismiss.

Alternatively, if the Court refused to exercise supplemental jurisdiction over Plaintiffs' state law claims, then Plaintiffs can/could amend the Complaint to plead this Court's original diversity jurisdiction over each of the California claims, under the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d)(2). The representative California Plaintiffs and each member of the Rule 23 California class are citizens of the state of California. Defendants are citizens of the State of New York. The amount in controversy in this action exceeds $5,000,000. It would constitute error for the Court to dismiss state law claims based upon lack of jurisdiction, when, through amending to add a CAFA claim, Plaintiffs could cure any perceived defect. Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991).

**e.  THE NINTH CLAIM FOR RELIEF SHOULD NOT BE DISMISSED OR STRICKEN BECAUSE A CIVIL CAUSE OF ACTION UNDER NEW JERSEY LAW IS ADEQUATELY PLED IN THE COMPLAINT.**

Plaintiffs' Ninth Claim for Relief states a claim for which relief can be granted. See N.J. Stat. Ann. §§ 34:11-56(a)(4), 34:11-56a25. Defendants concede as much by pointing out that

---

[8] Differences existing between Plaintiffs based upon individualized damages calculations will not prevent class certification – if such differences precluded certification, then no FLSA or state wage claims would ever be certified. See, e.g., Schaefer v. Overland Exp. Family of Funds, 169 F.R.D. 124 (S.D.Cal. 1996) (citing Weinberger v. Jackson, 102 F.R.D. 839 (N.D.Cal.1984).

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

N.J. Stat. Ann. § 34:11-56a25 provides for a civil action to recover damages under New Jersey's wage and hour law. Dkt. #19, at p. 19. See also Keeley v. Loomis Fargo & Co., 183 F.3d 257 (3rd Cir. 1999) (overturning District Court decision granting summary judgment, allowing NJ State wage law class action, recognizing lack of FLSA preemption over NJ wage law). Given this concession, Defendants' motion to dismiss the Ninth Claim for Relief in its entirety is baseless.

Moreover, even if Defendants could ultimately show that record-keeping violations do not give rise to an individual right of action, Defendants cannot show that their failure to keep time records will have "no possible bearing on the subject matter of the litigation." Colaprico, 758 F.Supp. at 1339. Neither is Defendants' shoddy record-keeping "immaterial" or "impertinent." Fogerty, 984 F.2d at 1527. Paragraph 85 "pertains" to Plaintiffs' claims, and bears an "important relationship" to those claims. Id. Defendants' failure to keep accurate time records allows Plaintiffs to provide evidence of their hours worked. Brock v. Seto, 790 F.2d 1446, 1448-49 (9th Cir. 1986), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). This evidence will be sufficient proof of the approximate hours worked if it allows for a "just and reasonable inference" of the hours actually worked. Id. at 1448. Accordingly, paragraph 85 of Plaintiffs' complaint should not be stricken.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss portions of the action should be denied in its entirety.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   Dated: August 3, 2007                   <u>s/ Bryan Schwartz                   </u>

2                                     **NICHOLS KASTER & ANDERSON, PLLP**

3                                     Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)

4                                     Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)

5                                     Timothy C. Selander, MN State Bar No. 0387016
(admitted **pro hac vice**)

6                                     NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center

7                                     80 S. 8th Street
Minneapolis, MN 55402

8

9                                     Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, MN State Bar No. 346214, CA
State Bar No. pending

10                                     (admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, LLP

11                                     One Embarcadero Center
Ste. 720

12                                     San Francisco, CA 94111

13                                     Attorneys for Individual and Representative
Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al
**Case No. 07-2446 MMC**

I hereby certify that on August 3, 2007, I caused the following document(s):

**Plaintiffs' Memorandum In Opposition To Defendants' Motion To Dismiss Or, Alternatively, Motion To Strike Rule 23 Class Action Allegations (FRCP 12(B)(6) And 12(F))**

to be served via ECF to the following:

George J. Tichy, II
Michelle Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

Dated:  August 3, 2007          NICHOLS KASTER & ANDERSON, PLLP

s/ Bryan J. Schwartz

Bryan J. Schwartz State Bar No. 209903
**NICHOLS KASTER & ANDERSON, LLP**
One Embarcadero Center, Suite 720
San Francisco, CA  94111

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**