1   GEORGE J. TICHY, II, Bar No. 041146
    MICHELLE R. BARRETT, Bar No. 197280
2   PAUL R. LYND, Bar No. 202764
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
5   Facsimile:    415.399.8490
    E-mail: gtichy@littler.com, mbarrett@littler.com,
6   plynd@littler.com

7
    Attorneys for Defendants
8   HSBC MORTGAGE CORPORATION (USA) and
    HSBC BANK USA, N.A.

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  | Philip Wong, Frederic Chaussy, and Leslie | Case No.  C 07 2446 MMC
    | Marie Shearn, individually, on behalf of all |
14  | others similarly situated, and on behalf of | **DEFENDANTS HSBC MORTGAGE**
    | the general public, | **CORPORATION (USA)'S AND HSBC**
15  | | **BANK USA, N.A.'S REPLY IN SUPPORT**
    | Plaintiffs, | **OF THEIR MOTION TO DISMISS OR,**
16  | | **ALTERNATIVELY, MOTION TO STRIKE**
    | v. | **RULE 23 CLASS ACTION ALLEGATIONS**
17  | | **(FRCP 12(B)(6) AND 12(F))**
    | HSBC Mortgage Corporation (USA); |
18  | HSBC Bank USA, N.A.; and DOES 1 | Date:          August 24, 2007
    | through 50, inclusive, | Time:          9:00 a.m.
19  | | Courtroom:    7 (19th Floor)
    | Defendants. | Judge:         Hon. Maxine M. Chesney
20  | |
    | | Complaint Filed:    June 29, 2007 (Amended)
21  | | Trial Date:    Not Yet Set

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' REPLY BRIEF ISO**                    Case No.  C 07 2446 MMC
**MOTIONS TO DISMISS/STRIKE**

**TABLE OF CONTENTS**

PAGE

I.   INTRODUCTION ................................................................................................ 1

II.  LEGAL ARGUMENT.......................................................................................... 2

　　A.   Plaintiffs Have Not Shown That They Must Be Permitted To Simultaneously
　　　　 Pursue A FLSA Collective Action And Rule 23 Class Action Allegations ................ 2

　　　　1.   Plaintiffs Fail To Cite Any Authority Directly Addressing Whether
　　　　　　 Simultaneous Collective And Class Actions Are Compatible And
　　　　　　 Reconcilable.......................................................................................... 2

　　　　2.   Defendants Have Properly Challenged Plaintiffs' Rule 23 Class Action
　　　　　　 Allegations Through a Rule 12(b)(6) Motion or Motion To Strike................. 3

　　　　3.   The Law Clearly Recognizes Collective And Class Actions As
　　　　　　 Mutually Exclusive And Irreconcilable ..................................................... 4

　　　　4.   Because Opt-In and Opt-Out Procedures Are So Different, The
　　　　　　 Confusion Likely To Result Militates Against Allowing The
　　　　　　 Procedures Simultaneously And Should Be Considered At This Stage .......... 5

　　　　5.   The FLSA Does Not Permit Plaintiffs To Simultaneously Pursue
　　　　　　 Collective And Rule 23 Class Actions Based On State Law......................... 6

　　B.   The Rules Enabling Act Also Bars Plaintiffs' Rule 23 Class Action
　　　　 Allegations ................................................................................................ 7

　　C.   Alternatively, The Court Should Decline Supplemental Jurisdiction Over
　　　　 Plaintiffs' State Law Claims ........................................................................ 8

　　D.   Plaintiffs' Ninth Cause Of Action Under New Jersey Law Should Be
　　　　 Dismissed, Or Its Recordkeeping Allegations Stricken, Because New Jersey
　　　　 Does Not Provide A Private Right Of Action For Recordkeeping Violations .......... 10

III. CONCLUSION.................................................................................................. 11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE
i.
Case No. C 07 2446 MMC

# TABLE OF AUTHORITIES

PAGE

## CASES

*Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) ................................................................. 9

*Bahramipour v. Citigroup Global Markets, Inc.*,
    2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) .............................................................. 5

*Bonilla v. Las Vegas Cigar Co.*,
    61 F. Supp. 2d 1129 (D. Nev. 1999) ............................................................................................ 5

*Chao v. A-One Med. Servs., Inc.*,
    346 F.3d 908 (9th Cir. 2003) ....................................................................................................... 8

*Chase v. AIMCO Properties, L.P.*,
    374 F. Supp. 2d 196 (D.D.C. 2005) ............................................................................................ 8

*City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997) ....................................................... 9

*De Asencio v. Tyson Foods, Inc.*,
    342 F.3d 301 (3d Cir. 2003) .................................................................................................... 7, 8

*Edwards v. City of Long Beach*,
    467 F. Supp. 2d 986 (C.D. Cal. 2006) ................................................................................. 2, 4, 5

*Harden v. WIS Holding Corporation*,
    Case No. 07-4076-CV-C-SOW (W.D. Mo. June 27, 2007) .......................................................... 2

*Herring v. Hewitt Assocs., Inc.*, 2006 U.S. Dist. LEXIS 56189 (D. N.J. Aug. 11,
    2006) ................................................................................................................................ 2, 3, 4, 5

*Himmelman v. Continental Casualty Co.*,
    2006 U.S. LEXIS 56187 (D. N.J. Aug. 11, 2006) ............................................................. 2, 3, 4, 5

*Jackson v. City of San Antonio*,
    220 F.R.D. 55 (W.D. Tex. 2003) ................................................................................................. 8

*Kinney Shoe Corp. v. Vorhes*,
    564 F.2d 859 (9th Cir. 1977) ....................................................................................................... 5

*LaChapelle v. Owens-Corning, Inc.*,
    513 F.2d 286 (5th Cir. 1075) ................................................................................................... 4, 5

*Leuthold v. Destination America, Inc.*,
    224 F.R.D. 462 (N.D. Cal. 2004) ................................................................................ 1, 2, 3, 4, 5, 6, 7

*McLain v. Leona's Pizzeria*,
    222 F.R.D. 574 (N.D. Ill. 2004) .................................................................................................. 2

*Moeck v. Gray Supply Corp.*,
    2006 U.S. Dist. LEXIS 511 (D. N.J. Jan. 5, 2006) ...................................................................... 2

*Otto v. Pocono Health Sys.*,
    457 F. Supp. 2d 522 (M.D. Pa. 2006) ................................................................................. 2, 3, 4, 5, 6

*Romero v. Producers Dairy Foods*,
    235 F.R.D. 474 (E.D. Cal. 2006) ................................................................................................ 4

## STATUTES

28 U.S.C. § 2072(b) ............................................................................................................................ 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE

ii.

Case No.  C 07 2446 MMC

1

**TABLE OF AUTHORITIES**
(CONTINUED)

2

PAGE

3

**OTHER AUTHORITIES**

4

Cal. Rules of Court, Rule 8.548(a) ................................................................................ 9

Federal Rule of Civil Procedure 15(a) ........................................................................ 10

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

XXX (NO.  C 07 2446)                                iii.

## I.    INTRODUCTION

Plaintiffs Philip Wong, Frederic Chaussy, and Leslie Marie Shearn ("Plaintiffs") have failed to show any basis for denying the Rule 12(b)(6) Motion to Dismiss or, alternatively, the Rule 12(f) Motion to Strike brought by Defendants HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A.  Indeed, on several levels, Plaintiffs fail to comprehend the basic legal principles upon which the motions are based.  Simply put, by creating the opt-in collective action in Section 216(b) of the FLSA, Congress sought to limit representative actions.  As several federal courts have held in the past several years, allowing a plaintiff to simultaneously pursue a FLSA opt-in collective action at the same time as a Rule 23 opt-out class action thwarts congressional intent and cannot be permitted.  Thus, several federal courts have dismissed or stricken Rule 23 class action allegations based on state laws when the plaintiff also asserts a FLSA collective action.  Despite Plaintiffs' efforts to dismiss this line of case law as "imaginary," the fact of the matter is that it is real and established, including in *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004)—a decision from <u>this</u> District.  Also, despite Plaintiffs' protests, the opposing opt-in and opt-out procedures in collective and class actions have been recognized as mutually exclusive and irreconcilable by a line of case authority, including in the Ninth Circuit.

Thus, because Plaintiffs cannot simultaneously pursue irreconcilable collective and class actions, their Rule 23 class action allegations should be dismissed or stricken as inherently incompatible.  These allegations further should be dismissed or stricken because they would abridge substantive rights in violation of the Rules Enabling Act.  Alternatively, because Plaintiffs' state law claims are numerous and involve novel and complex issues, they predominate in the case.  The Court thus should decline supplemental jurisdiction over them.  Furthermore, Plaintiffs' have failed to show that they have a civil cause of action for alleged recordkeeping violations under New Jersey law.  Thus, that claim should be dismissed or stricken from the Ninth Cause of Action.  For all of these reasons, Defendants' Motion to Dismiss must be granted.  Alternatively, the Court should strike these allegations from Plaintiffs' Amended Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE

1.

Case No.  C 07 2446 MMC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## II.    LEGAL ARGUMENT

### A.    Plaintiffs Have Not Shown That They Must Be Permitted To Simultaneously Pursue A FLSA Collective Action And Rule 23 Class Action Allegations.

As a recent line of case law holds, FLSA collective actions and Rule 23 class actions (one opt-in and the other opt-out, respectively) are "inherently incompatible" and cannot be maintained simultaneously. *See, e.g., Himmelman v. Continental Casualty Co.*, 2006 U.S. LEXIS 56187, at *5 (D. N.J. Aug. 11, 2006); *Herring v. Hewitt Assocs., Inc.*, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D. N.J. Aug. 11, 2006)("legally incompatible"). *See also Otto v. Pocono Health Sys.*, 457 F.Supp.2d 522 (M.D. Pa. 2006); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006); *Moeck v. Gray Supply Corp.*, 2006 U.S. Dist. LEXIS 511, at *15 (D. N.J. Jan. 5, 2006); *Leuthold, supra*, 224 F.R.D. at 469; *McLain v. Leona's Pizzeria*, 222 F.R.D. 574, 577 (N.D. Ill. 2004).[1]    Plaintiffs make several unavailing and unsupported arguments in their effort to simultaneously pursue incompatible collective and class actions and argue around this recent clear line of authority disapproving such suits.    Accordingly, Plaintiffs' Rule 23 class action allegations should be dismissed or stricken from the Complaint.

### 1.    Plaintiffs Fail To Cite Any Authority Directly Addressing Whether Simultaneous Collective And Class Actions Are Compatible And Reconcilable.

In an apparent effort to blur the issues and overwhelm the Court, Plaintiffs string cite numerous decisions from District Courts in the Ninth Circuit.    They assert that these cases support the proposition that FLSA collective actions and Rule 23 class actions are compatible and can be maintained simultaneously.    Pl.'s MPA 8: 7-23.    However, **none** of these cases support Plaintiffs' argument.    While they may have certified collective and class actions, **none** of those cases directly addressed or raised the specific issue at hand – whether a collective action and a Rule 23 class action

---

[1] Another District Court also recently so held in granting a Rule 12(b)(6) motion to dismiss in *Harden v. WIS Holding Corporation*, Case No. 07-4076-CV-C-SOW (W.D. Mo. June 27, 2007), a copy of which is attached to Defendants' previously filed Request for Judicial Notice.    Plaintiffs offer a baseless objection to Defendants' Request for Judicial Notice.    They misconstrue it to be a request for judicial notice of the facts in *Harden*.    However, the request obviously is directed only at taking judicial notice of the decision of the *Harden* decision.

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE                2.                Case No.  C 07 2446 MMC

1    are incompatible and thus cannot be maintained simultaneously.[2]  Similarly, **none** of cases cited by

2    Plaintiffs from outside of the Ninth Circuit addressed this issue either.  Pl.'s MPA 9: 18-28.  Simply

3    put, these cases cannot provide support for a proposition not addressed in them.  Thus, contrary to

4    Plaintiffs' mere assertion that "overwhelming" authority defeats Defendants' argument, the clear

5    weight of authority in fact supports it.

6    
7    

**2.    Defendants Have Properly Challenged Plaintiffs' Rule 23 Class Action Allegations Through a Rule 12(b)(6) Motion or Motion To Strike.**

8    Plaintiffs incorrectly argue that Defendants cannot attack Plaintiffs' incompatible

9    Rule 23 class action allegations on a Rule 16(b)(6) motion or on a motion to strike.  Here, Plaintiffs

10   are confused.  Missing the point of Defendants' motions, Plaintiffs insist that the motions should be

11   denied because they allegedly "have alleged facts articulating a host of state wage law violations and

12   all elements for Rule 23 certification."  Pl.'s MPA 9: 14-16.  Even assuming so, such allegations are

13   beside the point.  The real issue (and it is a legal, rather than a factual, issue) is whether Plaintiffs

14   can maintain incompatible Rule 23 class allegations simultaneously with a FLSA collective action.

15   The law is clear that Defendants may properly attack the Rule 23 allegations on that basis through a

16   Rule 12(b)(6) motion or a motion to strike, as several courts have granted these exact type of

17   motions when confronted with simultaneous FLSA collective action and Rule 23 class action

18   allegations.  See, e.g., Otto, supra, 457 F.Supp.2d at 524 (granting motion to dismiss state law class

19   action allegations); Herring, supra, 2006 U.S. Dist. LEXIS at *5-6 (granting motion to strike class

20   action allegations); Himmelman, supra, 2006 U.S. Dist. LEXIS 56187 at *4-6 (same).

21   
22   

---

[2] Of the myriad cases cited by Plaintiffs, *Ramirez v. RDO-BOS Farms, LLC*, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007) comes closest to touching on whether simultaneous collective and Rule 23 class actions are compatible.  However, *Ramirez* did not directly consider whether simultaneous collective and class actions are reconcilable.  Instead, in ruling on a motion for class certification and specifically on whether Rule 23(b)(3)'s superiority requirement was satisfied, the *Ramirez* court declined to follow *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) because of unique circumstances in *Ramirez*.  There, the court believed that a simultaneous class action was proper because there was evidence presented that employees feared or experienced retaliation for joining the collective action.  *Ramirez, supra*, 2007 U.S. Dist. LEXIS at *5.  There is no such evidence or allegation in this case.  Furthermore, to the extent *Ramirez* ignored *Leuthold*, it was against the clear line of recent authority cited above.  Moreover, *Ramirez* was a decision from a District Court in Oregon, while *Leuthold* was a decision from this District.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' REPLY BRIEF ISO MOTIONS TO DISMISS/STRIKE**

3.

Case No.  C 07 2446 MMC

1    The fact that *Leuthold* and *Edwards* rejected simultaneous Rule 23 class actions and

2    FLSA collective actions at the class certification stage also is unavailing for Plaintiffs.  There is no

3    indication that the parties there raised this issue before the class certification stage.  As discussed,

4    *Otto, Herring,* and *Himmelman* each held that a defendant may object at the pleading stage and have

5    incompatible collective action and Rule 23 class action allegations stricken then.  In any event, both

6    *Leuthold* and *Edwards* relied upon, and stand for, the same legal propositions as the other cases

7    because they also held that simultaneous collective actions and Rule 23 class actions cannot be

8    maintained.  *Edwards, supra,* 467 F.Supp.2d at 992-993; *Leuthold, supra,* 224 F.R.D. at 469-470.[3]

9    Thus, Defendants have properly raised this issue at an early stage through a motion to dismiss and

10    motion to strike.

> **3.    The Law Clearly Recognizes Collective And Class Actions As Mutually Exclusive And Irreconcilable.**

13    Plaintiffs scoff at the unequivocal holding in *LaChapelle v. Owens-Corning, Inc.,* 513

14    F.2d 286, 289 (5th Cir. 1075), that opt-in collective actions and opt-out class actions are "mutually

15    exclusive and irreconcilable."  Pl.'s MPA 10: 23 – 12: 1.  Nonetheless, the law is clear on that point.

16    As noted, other courts have recently held that opt-in and opt-out actions are incompatible when

17    confronted with an alleged FLSA collective action and Rule 23 class action allegations on state law

18    claims.  *Himmelman, supra,* 2006 U.S. Dist. LEXIS 56187, at *5 ("these two schemes are inherently

19    incompatible," citing *LaChapelle*); *Herring, supra,* 2006 U.S. Dist. LEXIS, at *5-6 (simultaneous

20    collective and class actions are "legally incompatible," citing *LaChapelle*).  *See also Otto, supra,*

21    457 F.Supp.2d at 524 & n. 2 (holding simultaneous collective and class actions would nullify

---

[3] Plaintiffs emphasize that *Leuthold,* 224 F.R.D. at 70, considered the hostility of putative class members as a reason for denying class certification.  They also note that *Romero v. Producers Dairy Foods,* 235 F.R.D. 474, 491 (E.D. Cal. 2006) downplayed that consideration because there was not significant hostility shown.  Pl.'s MPA 10: 13-18.  While Plaintiffs maintain that *Leuthold* is distinguishable, it is distinguishable only insofar as the issue at hand was raised at the class certification stage, rather than earlier, when evidence of class member hostility toward the putative class action had been gathered.  This factor is not determinative at all.  The court in *Edwards* noted that no similar hostility to the class action had been shown in that case.  Nonetheless, "[e]ven though there is no evidence of similar hostility here, the Court finds that the approach taken by the *Leuthold* court applies equally here."  *Edwards, supra,* 467 F.Supp.2d at 992 n. 4.  Plus, as *Otto, Herring,* and *Himmelman* held, this issue can be raised at the pleading stage through a motion to dismiss or motion to strike.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' REPLY BRIEF ISO MOTIONS TO DISMISS/STRIKE**    4.    Case No.  C 07 2446 MMC

1  congressional intent and eviscerate FLSA's opt-in requirement, citing *LaChapelle*). Indeed, the

2  Ninth Circuit has relied upon the cited portion of *LaChapelle*, also noting that collective and class

3  actions have been held to be "mutually exclusive" and "irreconcilable." *Kinney Shoe Corp. v.*

4  *Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977). *See also Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d

5  1129, 1135 (D. Nev. 1999) (collecting authorities holding that collective and class actions are

6  "mutually exclusive" and "irreconcilable"). Plaintiffs' attempt to discount the weight of *LaChapelle*

7  is simply baseless.[4]

8       **4.      Because Opt-In and Opt-Out Procedures Are So Different, The**
         **Confusion Likely To Result Militates Against Allowing The Procedures**
9        **Simultaneously And Should Be Considered At This Stage.**

10           Plaintiffs object to consideration of the logistical differences between opt-in and opt-

11  out procedures at this early stage. They mischaracterize the issue as nothing more than an issue of

12  "the wording of class notifications." Pl.'s MPA 12: 2-14. As discussed above, it is appropriate at

13  this stage to raise the issue of the mutual exclusive and incompatible nature of opt-in collective

14  actions and Rule 23 opt-out class actions. After all, several courts have dismissed or stricken Rule

15  23 class action allegations on a motion to dismiss or motion to strike in the wake of a simultaneous

16  collective action. *See, e.g., Otto, supra*, 457 F.Supp.2d at 524; *Herring, supra*, 2006 U.S. Dist.

17  LEXIS at *5-6; *Himmelman, supra*, 2006 U.S. Dist. LEXIS 56187 at *4-6. Courts also have held

18  that the opposite opt-in and opt-out procedures are likely to create undue confusion for class

19  members. *See, e.g., Edwards, supra*, 467 F.Supp.2d at 992; *Leuthold, supra*, 224 F.R.D. at 470.

20  Rather than being a consideration that can only be addressed at the certification and notice stage, this

21  concern regarding confusion to class members further demonstrates how collective and class actions

22  are mutually exclusive, irreconcilable, and incompatible. It is entirely appropriate to consider this

23  concern here.

24

25  [4] Contrary to Plaintiff's argument, *Bahramipour v. Citigroup Global Markets, Inc.*, 2006 U.S. Dist.
    LEXIS 9010 (N.D. Cal. Feb. 22, 2006), did not undercut *LaChapelle* or hold that collective and class
26  actions may proceed simultaneously. The issue in *Bahramipour* was inapposite: Whether an unfair
    competition claim brought under California Business and Professions Code § 17200 *et seq.*, but
27  predicated on an alleged violation of the FLSA, would frustrate congressional objectives by
    proceeding as a Rule 23 class action, as state law claims do. *Bahramipour, supra*, 2006 U.S. Dist.
28  LEXIS, at *12-16.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' REPLY BRIEF ISO**                      5.                      **Case No.  C 07 2446 MMC**
**MOTIONS TO DISMISS/STRIKE**

1    **5.     The FLSA Does Not Permit Plaintiffs To Simultaneously Pursue
            Collective And Rule 23 Class Actions Based On State Law.**

2

3              Plaintiffs incorrectly argue that Defendants somehow claim that the FLSA preempts

4    state wage and hour laws. Pl.'s MPA 12: 15 – 13: 14.  Again, Plaintiffs are confused and miss the

5    basis of Defendants' motions.  The issue of whether the FLSA allows states to enact greater wage

6    and hour protections is beside the point.  It also affords no basis for Plaintiffs to simultaneously

7    pursue incompatible opt-in and opt-out actions, which several courts have held cannot be done

8    because the opposing schemes are irreconcilable.  Rather, the point missed (or ignored) by Plaintiffs

9    is that simultaneously allowing a FLSA collective action and Rule 23 class actions based on state

10   laws would thwart Congress' intent to limit representative actions when it created the opt-in

11   collective action procedure in the FLSA.  "It is clear that Congress labored to create an opt-in

12   scheme when it created Section 216(b) specifically to alleviate the fear that absent individuals would

13   not have their rights litigated without their input or knowledge.  To allow a Section 216(b) opt-in

14   action to process accompanied by a Rule 23 opt-out state law class action claim would essentially

15   nullify Congress' intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s

16   opt-in requirement." *Otto, supra,* 457 F.Supp.2d at 524.  This point is the real issue, as well as the

17   actual law under the FLSA, which does not support Plaintiffs' argument for simultaneous collective

18   and class actions.

19             Additionally, in their main argument that simultaneous collective and class actions

20   are incompatible and irreconcilable, Defendants seeks dismissal or to strike only the Rule 23 class

21   action allegations.  With the dismissal or striking of the Rule 23 class action allegations, Plaintiffs

22   and collective class members would still be able to pursue their individual pendent state law claims

23   as part of this case. *Leuthold, supra,* 224 F.R.D. at 470 ("Those plaintiffs who choose to opt in to

24   the FLSA class will certainly be able to prosecute any pendent state law claims as part of that suit.").

25   Accordingly, contrary to Plaintiffs' arguments, the FLSA does not authorize simultaneous collective

26   and Rule 23 class actions.  Instead, as discussed, the opt-in collective action scheme created by

27   Congress in the FLSA sought to limit representative actions.  Rule 23 opt-out class actions are

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE                    6.                    Case No.  C 07 2446 MMC

1    inherently incompatible with the FLSA collective action. Thus, because Plaintiffs cannot pursue

2    them simultaneously, their Rule 23 class action allegations should be dismissed or stricken.

3    **B.    The Rules Enabling Act Also Bars Plaintiffs' Rule 23 Class Action Allegations.**

4    Plaintiffs incorrectly focus on whether section 216(b) of the FLSA, which provides

5    for a collective action, is a substantive or procedural right. Pl.'s MPA 13: 20-22, 14: 3-4. The actual

6    issue is whether simultaneous pursuit of a collective action and a Rule 23 class action would <u>abridge</u>

7    substantive rights in contravention of the Rules Enabling Act ("REA"). 28 U.S.C. § 2072(b). Here,

8    Defendants' substantive rights would be abridged by allowing Plaintiffs to pursue several class

9    actions simultaneously in the same forum with a FLSA collective action.

10    When claims are aggregated as class actions under Rule 23, it affects the substantive

11    rights of the parties, especially of the defendant. "The aggregation of claims, particularly as class

12    actions, profoundly affects the substantive rights of the parties to the litigation. Notably, aggregation

13    affects the dynamics for discovery, trial, negotiation and settlement, and can bring hydraulic pressure

14    to bear on defendants. The more aggregation, the greater the effect on the litigation." *De Asencio v.*

15    *Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003). Plaintiff's objection that *De Asencio* did not

16    involve the REA misses the point. The fact is that aggregation of claims in class actions affects the

17    substantive rights of the parties, a general principle recognized by the *De Asencio* court that applies

18    under the REA as well. As discussed, and as the several cases discussed herein have recognized,

19    Congress sought to limit representative actions and the affects of the aggregation of claims by

20    providing for opt-in collective actions under the FLSA. For that reason, the cases have disallowed

21    simultaneous FLSA collective actions and Rule 23 class actions. Accordingly, because allowing a

22    simultaneous Rule 23 class action would violate Defendants' substantive rights under the REA,

23    Plaintiffs' Rule 23 class action allegations should be dismissed or stricken for this reason as well.[5]

24

25    _____

26    [5] Plaintiffs also incorrectly claim that only allowing an opt-in FLSA collective action, but no Rule 23 class action, would deprive them of their alleged "substantive rights" concerning their "meal/rest period, waiting time penalties, and other claims" brought under California law. Pl.'s MPA 15: 3-5.

27    Not so. As discussed, Plaintiffs and collective class members who opt-in would be able to pursue their pendent state law claims alleged in this case, even without a Rule 23 class action. *Leuthold,*

28    *supra,* 224 F.R.D. at 470.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE                7.                Case No. C 07 2446 MMC

1

**C.     Alternatively, The Court Should Decline Supplemental Jurisdiction Over Plaintiffs' State Law Claims.**

2

3        Plaintiffs' lawsuit essentially uses a single federal cause of action based on the FLSA

4  as ticket into federal court, through which they can aggregate their several and predominate state

5  laws claims (under the laws of three states) into a single, large class action.  Because the state law

6  claims predominate, the Court alternatively should exercise its discretion and decline supplemental

7  jurisdiction over the state law claims.

8        Plaintiffs' reliance on *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003)

9  is misplaced.  Contrary to Plaintiffs' characterization, that case does not stand for the proposition

10  that a plaintiff's federal and state claims must be joined for all purposes in the Ninth Circuit as long

11  as they bear some sort of relationship.  *Chao* did not concern supplemental jurisdiction at all, nor did

12  it involve any state law claims.  Furthermore, it was not a class action.  Rather, it was an action

13  brought by the federal Secretary of Labor under the FLSA for overtime wages on behalf of <u>eight</u>

14  employees.  *Id.* at 914.

15        Contrary to Plaintiffs' arguments, their numerous state law claims predominate in this

16  case.  Alleging only a single federal cause of action, Plaintiffs further allege 10 separate state law

17  claims under California, New Jersey, and New York law.  Selectively citing cases in which federal

18  courts declined supplemental jurisdiction because the claims involved the laws of many states,

19  Plaintiffs ignore the fact that courts have refused supplemental jurisdiction in cases involving <u>fewer</u>

20  state law claims than Plaintiffs' claims.   Indeed, federal court have declined supplemental

21  jurisdiction when cases involved the laws of only one or two states.  *Chase v. AIMCO Properties,*

22  *L.P.*, 374 F.Supp.2d 196, 201-202 (D.D.C. 2005) (California and Maryland claims predominated

23  over FLSA claim); *De Asencio, supra*, 342 F.3d at 301 (claims under one state's laws

24  predominated); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003) (claims under

25  Texas law predominated over FLSA claim).

26        Also contrary to Plaintiffs' arguments, there are several novel and complex issues

27  presented by Plaintiffs' state law claims.  Plaintiffs have overtime claims under the laws of

28  California, New Jersey, and New York, all of which have different overtime laws.  Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

**DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE**                    8.                    Case No.  C 07 2446 MMC

1  California overtime claims will involve determinations under potentially four exemptions –

2  administrative, executive, outside sales, and the commissioned pay exemptions. California's outside

3  sales and commissioned pay exemptions are still without significant guiding authority from

4  California's courts. Plus, Plaintiffs' meal and rest period claims under California law raise several

5  complicated and unresolved legal issues, including whether meal periods are mandatory or

6  employees simply must be provided the opportunity for a meal period, when meal periods must

7  begin, and the number of amounts of hourly pay that can be awarded under California Labor Code

8  § 226.7(b) for a violations of meal and rest period requirements. Plaintiffs' itemized wage deduction

9  statement claim under California law also raises novel questions, as that statute has not been the

10  subject of significant interpretation by California courts. Unresolved novel issues include whether

11  overtime not paid because of a good faith exempt classification triggers penalties under California

12  Labor Code § 226(e), as well as the contours of the defense provided by the statute that a violation

13  be "knowing and intentional" before penalties may be imposed. On these and other California law

14  issues, the Court lacks the ability to certify California law questions to the California Supreme

15  Court, as California's Rules of Court only permit the United States Supreme Court or the Ninth

16  Circuit Court of Appeals to do so. *See* Cal. Rules of Court, Rule 8.548(a). Thus, state law issues

17  will predominate and overwhelm this case. Accordingly, the Court should decline supplemental

18  jurisdiction over Plaintiffs' state law claims.

19       As an apparent afterthought, Plaintiffs suggest that, if the Court declines

20  supplemental jurisdiction, that they "can/could" amend their Complaint "to plead this Court's

21  original diversity jurisdiction over each of the California claims" under the Class Action Fairness

22  Act ("CAFA"). Pl.'s MPA 19: 11-15. Plaintiffs are incorrect. The purpose of CAFA was to expand

23  federal jurisdiction over class actions to permit their removal from state court in some instances. As

24  the Ninth Circuit has recognized, it is not clear that CAFA also confers original jurisdiction as well

25  as removal jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Under

26  Plaintiff's suggestion, CAFA would nullify the Court's discretionary supplemental jurisdiction

27  conferred by 29 U.S.C. § 1367. After all, supplemental jurisdiction "is a doctrine of discretion, not

28  of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997). Even if

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO
MOTIONS TO DISMISS/STRIKE        9.        Case No.  C 07 2446 MMC

1    CAFA affords original jurisdiction, Plaintiffs also assume without support that they could meet

2    CAFA's requirements and would not have their class actions claims dismissed by the Court as a

3    discretionary dismissal, which CAFA also permits.  Finally, Plaintiffs' incorrectly assume that they

4    can amend their Complaint a second time as a matter of right.  Having already amended once as a

5    matter of right, they cannot do so again.  Fed. R. Civ. Proc. 15(a).[6]

6    **D.    Plaintiffs' Ninth Cause Of Action Under New Jersey Law Should Be Dismissed,**
     **Or Its Recordkeeping Allegations Stricken, Because New Jersey Does Not**
7    **Provide A Private Right Of Action For Recordkeeping Violations.**

8             Plaintiffs have failed to show any legal basis allowing them to proceed with a civil

9    cause of action for alleged recordkeeping violations under N.J.S.A. 34:11-56a20.  They have not,

10   and cannot, because no such civil cause of action exists.  Defendants' alleged "shoddy record-

11   keeping," even assuming the allegation is true (which it is not), would not subvert the New Jersey

12   Commissioner of Labor's sole authority to prosecute a misdemeanor action against employers who

13   fail to "keep a true and accurate record of the hours worked by each [employee] and the wages paid

14   by [the employer] to each [employee]."  Indeed, such prosecution by the New Jersey Commissioner

15   of Labor is the <u>only</u> remedy available for what Plaintiffs allege in Paragraph 85 of the Complaint, in

16   their Ninth Claim for Relief.

17            To distract this Court from the obvious legal flaws in the Ninth Claim for Relief,

18   Plaintiffs resort to anticipating future discovery issues that may or may not arise.  Nevertheless,

19   while Plaintiffs' crystal ball may portend what course discovery may take, their bald speculation

20   regarding Defendants' recordkeeping does not alter the well-settled area of statutory construction.

21   The language of N.J.S.A. 34:11-56a20 is plain:  <u>No</u> civil cause of action exists for a violation of its

22   provisions.  Plaintiffs have offered absolutely no authority that alters this fact.  Accordingly, because

23   no private cause of action exists for violations of N.J.S.A. 34:11-56a20, the Ninth Cause of Action

24   must be dismissed or the allegations in Paragraph 85 stricken from the Complaint.

25   //

26   //

27   _____

28   [6] Moreover, even if Plaintiffs' CAFA argument were persuasive, Plaintiffs and their counsel would
     likely be precluded from making such a claim under Federal Rule of Civil Procedure Rule 11.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' REPLY BRIEF ISO          10.          Case No.  C 07 2446 MMC
MOTIONS TO DISMISS/STRIKE

III.    CONCLUSION

For the reasons discussed herein, Defendants respectfully request that the Court grant their Motions.

Dated: August 10, 2007

/s/ Michelle R. Barrett
GEORGE J. TICHY, II
MICHELLE R. BARRETT
PAUL R. LYND
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

Firmwide:82918237.1 023404.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940