1  Donald H. Nichols, MN State Bar No. 78918
   (admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
   (admitted **pro hac vice**)
3  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
4  80 S. 8th Street
   Minneapolis, MN 55402
5
   Bryan J. Schwartz, CA State Bar No. 209903
6  Matthew C. Helland, CA State Bar No. 250451
   (admitted **pro hac vice**, N.D. Cal. application forthcoming)
7  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
8  San Francisco, CA 94111

9  Attorneys for Individual and Representative Plaintiffs

10 George J. Tichy, II, CA State Bar No. 041146
   Michelle R. Barrett, CA State Bar No. 197280
11 Paul R. Lynd, CA State Bar No. 202764
   LITTLER MENDELSON, P.C.
12 650 California Street, 20th Floor
   San Francisco, California 94108
13
14 Attorneys for Defendants
   HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A.
15
                  IN THE UNITED STATES DISTRICT COURT
16                 NORTHERN DISTRICT OF CALIFORNIA

17 | Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public, | **Case No.: 3:07-cv-2446 MMC** |
|---|---|
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT, FRCP 26(F) REPORT AND [PROPOSED] ORDER** |
| vs. | Date: August 17, 2007 |
| HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive, | Case Mgmt Conf: August 24, 2007
Time: 10:30 a.m.
Judge: Hon. Maxine M. Chesney
Courtroom: 7, 19th Floor |
| Defendants. | Date Action Filed: May 7, 2007 |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
CASE NO. 3:07-CV-2446 MMC

SF:148553.1

The parties to this action jointly submit this Rule 26 Case Management Statement.

### A.   DESCRIPTION OF THE CASE

#### 1.   Jurisdiction and Service.

The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time. However, Defendants contend that HSBC Bank USA, NA is not a proper defendant in this matter and should be dismissed.

#### 2.   Plaintiffs' Claims.

Plaintiffs' Amended Complaint alleges nine causes of action relating to: (1) wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California, New Jersey and New York state law; (2) unfair business practices under California law; and (3) retaliation for protected activity under the FLSA and California law. *See* Plaintiffs' Amended Complaint.

#### 3.   Facts Related to the Amended Complaint.

Plaintiffs' wage and hour causes of action under the FLSA (nationwide) and/or state law (California, New Jersey and New York) pertain to "Retail Mortgage Lending Consultants" and "Senior Retail Mortgage Lending Consultants" (who Plaintiffs contend are also known as "loan officers"), "Field Administrators" and "Senior Field Administrators" (who Plaintiffs contend are also known as "sales assistants"), and other non-management mortgage sales employees. Plaintiffs also allege that Defendants retaliated against Frederic Chaussy in retaliation for raising a protected wage complaint. Plaintiffs seek to certify a nationwide collective action that includes the positions listed above for a violation of the alleged wage and hour claims. Plaintiffs also seek to certify California, New York, and New Jersey classes (Rule 23) that include these same positions listed above for their alleged wage and hour claims under California/New York/New Jersey law (respectively) within the period four/six/two years (respectively) prior to the filing date of the Complaint.

### B.   DISPUTED FACTUAL AND LEGAL ISSUES

According to Plaintiffs, the principal factual and legal issues that the parties dispute are:

- To what extent, if any, was HSBC Bank USA, NA an arms'-length transactor with respect to HSBC Mortgage Corporation (USA)'s practices and overall management.

- Whether loan officers and sales assistants at HSBC were classified as non-exempt, and if so, when they were so classified.
- The number of hours worked per day or per week by each Plaintiff and/or class member.
- Whether HSBC maintained accurate records of the hours worked by Plaintiffs and/or each member of the putative class.
- Whether HSBC had knowledge of any unpaid overtime worked by Plaintiffs and/or each member of the putative class.
- Whether HSBC appropriately compensated any overtime worked by Plaintiffs and/or each member of the putative class.
- Whether HSBC authorized and provided meal and/or rest periods for each Plaintiff and/or class member.
- Whether HSBC had knowledge of any improperly compensated meal and/or rest periods for each Plaintiff and/or class member.
- Whether HSBC provided accurate, itemized wage statements.
- Whether HSBC paid each Plaintiff and/or class member properly at their termination of employment.
- The amount of damages, if any, suffered by Plaintiffs and/or each member of the putative class.
- Whether notice of this collective action should be provided to putative class members pursuant to Hoffman La-Roche, Inc. v. Sperling, 493 U.S. 165 (1989).
- Whether the California, New Jersey, and New York classes are appropriate for Fed.R.Civ.P. 23 class certification.
- If the Plaintiffs were ever classified as exempt employees during the statutory period, whether there was any justification for such.
- Assuming liability is found, whether Defendants' failure to pay overtime to each Plaintiff and/or class member was willful.
- Assuming liability is found, whether Defendants' failure to appropriately provide and/or compensate meal/rest periods for each Plaintiff and/or class member was willful.
- Whether HSBC acted in good faith and/or had reasonable grounds for believing that it paid all sums considered to be legally due to each Plaintiff.
- Whether a collective and/or class action certification is appropriate in this case.
- Entitlement to and/or the amount of penalties claimed by each Plaintiff and/or class member.
- Entitlement to and/or the amount of attorneys' fees claimed by each Plaintiff and/or class member.

According to Defendants, the parties dispute the following factual and legal issues.

- Whether HSBC Bank USA, NA is an improper Defendant in this matter;
- Whether Plaintiffs can properly maintain FLSA collective action claims in the same case as Rule 23 class action claims, *see, e.g., Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006);

- Whether it is appropriate for named Plaintiffs to maintain a claim for premiums or penalties under California Business and Professions Code § 17200, *et seq., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146, 1148 (2003);
- Whether HSBC Mortgage Corporation (USA) was required to pay overtime to named Plaintiffs and putative class members;
- Whether named Plaintiffs and putative class members worked in excess of 8 hours in a day and/or 40 hours per week;
- Whether Plaintiff Chaussy and putative class members were properly paid all wages due and owing upon termination (California only);
- Whether Plaintiffs and putative class members were provided properly itemized wage statements (California only);
- Whether HSBC Mortgage Corporation (USA) was required to provide meal and rest periods to Plaintiffs Wong and Chaussy and putative class members (California only);
- Whether named Plaintiffs Wong and Chaussy and putative class members were afforded the opportunity to take meal and rest periods (California only);
- Whether HSBC Mortgage Corporation (USA) kept accurate records regarding hours worked with respect to Plaintiff Shearn and putative class members (New Jersey only);
- Whether this action can be maintained as a class action;
- Whether the individual issues of proof (actual working hours and meal and rest periods for numerous job classifications at many separate locations) predominate to such an extent that any purported class lacks commonality;
- Whether Plaintiffs are appropriate class representatives, as they have not worked in all positions claimed to be included in Plaintiffs' class definitions: Retail Mortgage Lending Consultants, Senior Retail Mortgage Lending Consultants, Field Administrators, Senior Field Administrators and other unspecified "non-management mortgage sales employees";
- Whether plaintiff and the putative class members were properly classified as overtime exempt employees under various FLSA, California, New Jersey and/or New York exemptions, including exemptions related to salespersons;
- Whether Plaintiff Chaussy was lawfully terminated from employment with HSBC Mortgage Corporation (USA);
- Whether named Plaintiff Shearn ever performed services for HSBC Mortgage Corporation in both New Jersey and New York;
- Whether named Plaintiffs accurately reported time worked to HSBC Mortgage Corporation (USA);
- Whether HSBC Mortgage Corporation (USA) had knowledge of any of the alleged unlawful acts in Plaintiffs' Amended Complaint;
- Assuming HSBC Mortgage Corporation (USA) had any knowledge of the alleged unlawful acts described in Plaintiffs' Amended Complaint, whether HSBC Mortgage Corporation (USA) acted willfully; and
- Whether Plaintiffs and putative class members are entitled to damages, and if yes, what is the amount.

### C. **MOTIONS**

Plaintiffs propose filing their motion for Rule 23 class certification by March 31, 2008.

1  Plaintiffs propose filing their motion for conditional certification (first-tier analysis) of an FLSA
2  class by October 31, 2008. Defendants intend to oppose any motion regarding Rule 23 or FLSA
3  conditional certification. Defendants have already filed a Motion to Dismiss or, alternatively,
4  Motion to Strike portions of Plaintiffs' Amended Complaint, which Plaintiffs timely opposed.
5  This Motion is scheduled to be heard by the Court on August 24, 2007. Defendants further
6  anticipate filing any other dispositive motions that may be necessary to eliminate portions of
7  Plaintiffs' claims as the matter proceeds.

### D. **AMENDMENT OF PLEADINGS**

Plaintiffs amended the Complaint on June 29, 2007. Plaintiffs seek to certify this case as a collective/class action. At this time, no additional parties are known to Plaintiffs apart from potential additional "opt-in" Plaintiffs under the FLSA. Currently, approximately a dozen "opt-in" Plaintiffs have filed consent forms to join this lawsuit. Plaintiffs have notified Defendants that they may add additional named Plaintiffs and additional state Rule 23 class claims in the future. Plaintiffs intend to conduct a Fed.R.Civ.P. 30(b)(6) deposition of HSBC Bank USA, NA, beginning on August 30, 2007, and, in light of the results of such, and appropriate written/document discovery production, along with other depositions, will assess whether to amend to exclude HSBC Bank USA, NA, and/or add other Defendants as named parties. Plaintiffs also intend to substitute named Defendants for Doe Defendants after discovery reveals their identities.

Defendants' deadline to respond to the Amended Complaint was July 19, 2007. On that date, Defendants filed a Motion to Dismiss parts of the Amended Complaint, under Fed.R.Civ.P. 12(b)(6). Alternatively, the Motion seeks to strike portions of the Amended Complaint under Fed.R.Civ.P. 12(f). Plaintiffs opposed this motion and Defendants replied. The 12(b)(6) motion is set for hearing before the Court on August 24, 2007 at 9:00 a.m. At this time, Defendants do not believe additional parties will need to be joined. However, Defendants maintain that HSBC Bank USA, NA is an improper Defendant in this matter and must be dismissed.

### E. **EVIDENCE PRESERVATION**

The parties have made efforts to preserve both electronic and other evidence, including

4

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
CASE NO. 3:07-CV-2446 MMC

SF:148553.1

1  putting a destruction hold on potentially relevant electronic and other information and documents.

2  **F.   DISCLOSURES**

3  The parties agree to waive initial disclosures because Plaintiffs have already commenced
4  discovery and Defendants will conduct discovery.  However, as discussed *infra*, the parties
5  disagree as to how discovery should be conducted.

6  **G.   DISCOVERY TO DATE**

7  Bryan Schwartz for the Plaintiffs and Michelle Barrett for the Defendant have met and
8  conferred about this Joint Case Management Report, in person and over the telephone, in
9  anticipation of the Court's Case Management Conference.  The Case Management Conference is
10 set for August 24, 2007 at 10:30 a.m.  Plaintiffs served a Notice of Taking of Deposition Pursuant
11 to Fed.R.Civ.P. 30(b)(6), and re-served an amended notice, setting depositions of the two named
12 Defendants for agreed-upon dates, on August 30 and September 11, 2007, respectively.  Plaintiffs
13 anticipate taking full, Fed.R.Civ.P. 30(b)(6) depositions of the two current named Defendants on
14 these dates.

15 Defendants only agreed to these depositions for the purpose of determining whether
16 Plaintiffs will voluntarily dismiss Defendant HSBC Bank USA, NA from this action.  Plaintiffs'
17 Amended Notices of Deposition touch on subjects well beyond this issue.  As discussed below,
18 Defendants believe that discovery should be conducted in a phased or tiered approach; thus,
19 Defendants maintain that merits discovery should not be conducted during these depositions.

20 On July 11, 2007, Plaintiffs emailed (and on July 12, 2007 mailed) to counsel for
21 Defendant HSBC Mortgage Corporation a first set of interrogatories, document requests, and
22 admissions requests. Defendant HSBC Mortgage responded to these discovery requests on
23 August 13, 2007. The parties preliminarily met and conferred regarding Defendant HSBC
24 Mortgage Corporation's discovery responses on August 16, 2007.  While certain issues have been
25 touched upon through this meet and confer effort, the parties continue to discuss the matter in an
26 effort to resolve many differences related to Defendant HSBC Mortgage Corporation's discovery
27 responses.

28 Plaintiffs assert that Defendant HSBC Mortgage Corporation's responses are entirely non-

5

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
CASE NO. 3:07-CV-2446 MMC

SF:148553.1

responsive and incomplete, and anticipate filing a motion to compel shortly if the parties are unable to resolve the matter. Defendant HSBC Mortgage Corporation contends that Plaintiffs discovery requests are premature and may result in unnecessary discovery efforts, given Defendants' pending Motion to Dismiss or, alternatively, Motion to Strike (discussed below). Further, Defendant HSBC Mortgage Corporation contends that the responses are neither "entirely non-responsive" nor "incomplete" as objections to all requests were served and answers to many of the requests were also provided. Finally, as discussed below, Defendants believe that merits discovery should wait until after class certification discovery occurs and Plaintiffs' motion on conditional FLSA and/or Rule 23 class certification are resolved.

## H.    SCOPE OF ANTICIPATED DISCOVERY AND SCHEDULE

Plaintiffs propose that discovery proceed simultaneously on class discovery and merits discovery, for maximum judicial efficiency. They also agree that Defendants can take discovery of, including depositions of all the opt-in plaintiffs without leave of court, and that they will likewise take discovery of, including depositions of, all of the relevant witnesses (including co-workers and managers) relating to the claims of all of the opt-in plaintiffs, without leave of court. Plaintiffs also anticipate that all discovery (class discovery and merits discovery) shall be commenced in time to be completed by March 31, 2008. Plaintiffs propose that designation of expert witnesses should be completed by March 1, 2008, and disclosures of expert reports and/or opinions by March 15, 2008. Finally, Plaintiffs believe that expert discovery should be commenced in time to be completed by April 15, 2008.

Defendants believe that judicial economy would be best served if any discovery were limited to only the three named Plaintiffs until such as the Court has ruled on Defendants Motion to Dismiss or, alternatively, Motion to Strike, as the parties will waste time and resources engaging in discovery on subjects that may be dismissed by the Court. Further, Defendants believe that discovery is best conducted by using a phased approach of exploring class certification issues first and the merits of the claims second. Defendants also believe that Plaintiffs do not have an absolute right to information for all putative class members. Rather, class discovery can be conducted on a limited basis through providing a random sampling of

information related to a limited set of individuals to Plaintiffs. This random sampling will provide much more statistically significant information that if Plaintiffs are allowed to pick and choose only information that supports their claims. Defendants do not agree with Plaintiffs' suggested approach of completing all discovery by March 31, 2008, as it would prevent any discovery after hearing on Plaintiffs' motion for class certification, which Plaintiffs propose to file by April 30, 2008.

Defendants believe that any discovery deadlines should turn upon whether the action is certified as a collective action and/or class action and the dates set by the Court for these motions. If Plaintiffs fail to certify a collective or class action, very limited additional discovery will be required on the merits of the case. If an FLSA collective class or a Rule 23 class is certified, the parties will need adequate time following the opt-in or opt-out process to conduct merits discovery for opt-in plaintiffs and/or Rule 23 class members. As a result, Defendants respectfully request that the Court allow the issue of discovery deadlines to be reopened after the Court issues any order denying or granting Plaintiffs' collective or class motions. If a Rule 23 class is not certified, Defendants preliminarily propose the following deadlines for discovery:

- Discovery (excluding experts): six (6) months after denial;
- Expert Witness Disclosure: five (5) months after denial;
- Rebuttal Expert Witness Disclosure: six (6) months after denial;
- Expert Witness Discovery Deadline: nine (9) months after denial.

If a Rule 23 class is certified, Defendants preliminarily propose the following deadlines:

- Discovery (excluding experts): ten (10) months after denial;
- Expert Witness Disclosure: eight (8) months after denial;
- Rebuttal Expert Witness Disclosure: nine (9) months after denial;
- Expert Witness Discovery Deadline: ten (10) months after denial.

If the Court conditionally certifies an FLSA class and a significant number of opt-in plaintiffs join, Defendants believe these discovery deadlines will likely need to be extended by the Court.

## I. CLASS ACTIONS

### 1. Plaintiffs' statement regarding class action allegations (Local Rule 16-9(b))

The action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1), (b)(2), and (b)(3). This action is brought on behalf of the following class: All persons who are or have been

1  employed by Defendants as "Retail Mortgage Lending Consultants" and "Senior Retail Mortgage
2  Lending Consultants" (also known as "loan officers"), "Field Administrators" and "Senior Field
3  Administrators" (also known as "sales assistants"), and other non-management mortgage sales
4  employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal
5  and rest period compensation as required by state wage and hour laws, and/or were not paid fully
6  for overtime hours worked (required to work "off-the-clock"), within the State of California/New
7  York/New Jersey (respectively) within the period four/six/two years (respectively) prior to the
8  filing date of the Complaint. (See Compl. at ¶¶ 3-5.) The facts showing that the party is entitled
9  to maintain the action under Fed.R.Civ.P. 23(a) and (b) are as follows:

10    (i) Numerosity: Plaintiffs believe, and have alleged that proposed class consists of
11        hundreds of people who satisfy the definition.
12    (ii) Typicality: Plaintiffs Wong, Chaussy, and Shearn are members of the proposed
13         classes, alleging the same claims as the class. Plaintiffs have no interests that are
14         adverse to those of the other class members.
15    (iii) Commonality: Common questions of fact and law, for the Rule 23 classes, include but
16         are not limited to the following: (1) whether members of the Proposed Class were
17         ever classified as exempt employees during the statutory period; (2) whether
18         Defendants unlawfully failed to pay appropriate overtime compensation to members
19         of the Proposed Classes; (3) whether Defendants employed Plaintiffs and the Proposed
20         Class within the meaning of the applicable state laws; (4) the proper measure of
21         damages sustained by the Proposed Class; (5) whether Defendants' actions were
22         "willful;" and, as to the California class, (6) whether Plaintiffs and the Proposed
23         California Class members who are no longer employed with Defendants are entitled to
24         waiting time penalties; (7) whether Defendants' policies and practices provide and/or
25         authorize meal and rest periods in compliance with California law; (8) whether
26         Defendants provided adequate itemized wage statements to the Plaintiffs and the Class
27         pursuant to Labor Code section 226; and (9) whether Defendants' conduct violated the
28         California Unfair Practices Act set forth in the Business and Professions Code sections

SF:148553.1

1       17200 *et seq.* by violating state and federal law as set forth herein.

2    (iv) Adequacy: Plaintiffs' attorneys are well-qualified and very experienced in
3         representing Plaintiffs in wage and hour collective/class actions. Plaintiffs understand
4         their duties as class representatives and are willing and able to perform them.

5    (v) Predominance and Superiority: The issues of fact and law identified above
6         predominate over any individual issues in this lawsuit. Further, a class action is
7         superior to other available methods for the fair and efficient adjudication of the
8         controversy, particularly in the context of wage and hour litigation where individual
9         plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in
10        federal court against large corporate Defendants. Moreover, judicial resources would
11        be wasted if multiple courts were required to hear the same evidence regarding
12        Defendants' business and compensation policies and practices. A single class action
13        efficiently resolves these claims in one court.

14   Plaintiffs propose filing their motion for class certification by April 30, 2008.

15   **2.    OTHER CLASS ACTION ISSUES**

16   Defendant denies that the action is maintainable as a class action or a collective action. Plaintiffs
17   propose filing their motion for Rule 23 class certification by March 31, 2008. Plaintiffs propose
18   filing their motion for tier-one, conditional certification of an FLSA class by October 31, 2007.

19   **J.    RELATED CASES**

20   Presently, the parties are unaware of any related cases or proceedings.

21   **K.    RELIEF**

23   Plaintiffs' prayer for relief is detailed at ¶96 of the Amended Complaint. Prior to
24   discovery, Plaintiffs cannot calculate the precise extent of damages to the class, however, this
25   calculation will be based upon a standard formula, wherein Plaintiffs receive 1.5 or 2 times
26   Plaintiffs' regular rates of pay, multiplied by Plaintiffs' good-faith estimates of hours of overtime
27   worked (*see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)), plus, in California,

premiums for meal and rest periods missed, plus applicable penalties/punitive measures available under the statutes, and liquidated damages, plus interest, attorneys fees and costs. Plaintiffs can state generally that the total amount in controversy exceeds $5,000,000.00.

Defendants have not filed any counterclaims and, thus, are not presently seeking any relief from the Court in this matter. If liability is established in this matter, Defendants currently contend that any damage calculations must be performed on an individualized basis, as each named Plaintiff and putative class member will have worked different lengths of time, different amounts of time, and individualized facts will affect any damages suffered by them.

### L.  SETTLEMENT AND ADR

It is too early in the case to explore the issue of settlement. However, the parties remain willing to consider, in good faith, settlement discussions, as the case progresses. The parties have filed a Stipulation and Proposed Order Selecting Early Neutral Evaluation to be completed before December 31, 2007, which has been approved by the Court.

### M.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The matter has been assigned to the Honorable U.S. District Court Judge Maxine M. Chesney, as Defendants did not consent to assignment to a Magistrate Judge for all purposes.

### N.  OTHER REFERENCES

The parties do not agreed to binding arbitration, nor do they believe this matter is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

### O.  OTHER REFERENCES

It is too early in the litigation to determine whether issues can be narrowed for trial to expedite the presentation of evidence. However, the parties to work in good faith to determine if any issues may be narrowed, as the case progresses. Should the matter proceed to trial, Defendants may request that any damages phase be bifurcated from the liability phase, and Plaintiffs may oppose such a request.

**P.     EXPEDITED SCHEDULE**

The parties do not believe this matter can be resolved on an expedited schedule.

**Q.     TRIAL SCHEDULE**

**1.     Deadlines**

Plaintiffs propose the following deadlines:

- Dispositive Motion Deadline – Served, Filed and Heard by June 30, 2008.
- Final Pretrial Conference Deadline – July 31, 2008.
- Proposed Trial Date – August 29, 2008, or sixty (60) days from the Court's ruling on any dispositive motions.

Defendants believe that the following deadlines should be set:

- Dispositive Motion Deadline – one hundred twenty (120) days before trial.
- Final Pretrial Conference Deadline – thirty (30) days prior to trial.
- Proposed Trial Date – set after the Court rules on any collective or class action motions.

Defendants do not anticipate the parties being ready for a trial in this matter prior to August 2008 if the Court should grant any part of Plaintiffs' anticipated class certification motion(s).

**2.     Length of Trial**

Plaintiffs expect trial to last approximately fourteen to twenty-one (14-21) days. In Defendants' view, a trial's length will largely depend upon whether the Court grants Defendants' Motion to Dismiss or, alternatively, Motion to Strike.  Further, a trial's length will also depend on the number of claims that remain in the case if trial should occur.  If one or multiple classes are certified, Defendants believe that a trial would last approximately thirty (30) to forty (40) days given the individual issues pertaining to each putative class member that would need to be addressed.  If no classes are certified, Defendants believe that a trial run approximately five (5) to seven (7) days.

**3.     Jury or Bench Trial**

Plaintiffs have demanded a jury trial.

**R.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have not yet filed the "Certification of Interested Entities or Persons" pursuant to Civil L.R. 3-16. The parties will do so prior to the Case Management Conference.

**S.     NO PROPOSED CASE MANAGEMENT CONFERENCE ORDER**

Given the parties' differences regarding discovery and relevant deadlines, the parties have not submitted a Proposed Order and respectfully request the Court enter its own Case Management Order.

Dated:  August 17, 2007             NICHOLS KASTER & ANDERSON, LLP


By: s/Bryan J. Schwartz
    BRYAN J. SCHWARTZ

Attorneys for Plaintiffs and Representative Plaintiffs

Dated:  August 17, 2007             LITTLER MENDELSON


By: s/Michelle R. Barrett            .
    MICHELLE R. BARRETT

Attorneys for Defendants HSBC Mortgage Corporation (USA), and HSBC Bank (USA), NA.

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al
**Case No. 07-2446 MMC**

I hereby certify that on August 17, 2007, I caused the following document(s):

**Joint Case Management Statement, FRCP 26(F) Report And [Proposed] Order**

to be served via ECF to the following:

George J. Tichy, II
Michelle Barrett
Paul R. Lynd
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

Dated:  August 17, 2007          NICHOLS KASTER & ANDERSON, PLLP

s/ Bryan J. Schwartz

Bryan J. Schwartz State Bar No. 209903
**NICHOLS KASTER & ANDERSON, LLP**
One Embarcadero Center, Suite 720
San Francisco, CA  94111

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

13

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER
CASE No. 3:07-CV-2446 MMC

SF:148553.1