1   Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)

2   Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)

3   Timothy C. Selander, MN State Bar No. 0387016
(admitted **pro hac vice**)

4   NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center

5   80 S. 8th Street
Minneapolis, MN 55402

6

7   Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, MN State Bar No. 346214, CA Bar No. 250451
(admitted **pro hac vice**, N.D. Cal. application forthcoming)

8   NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

9

10   Attorneys for Individual and Representative Plaintiffs

11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12

13   Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,

14

15                  Plaintiffs,

16   vs.

17   HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,

18

19                  Defendants.

20

21

22

23

**Case No.: 3:07-cv-2446 MMC**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANTS' COMPLETE AND THOROUGH RESPONSES TO INTERROGATORIES 4 AND 6 AND REQUESTS FOR PRODUCTION 1, 3, 4, AND 5, WITHIN FIVE (5) DAYS OF THE COURT'S ORDER, AND MEMORANDUM OF LAW AND POINTS OF AUTHORITY**

Date:   September 28, 2007
Time:  9:00 a.m.
Courtroom: 7 (19th floor)

Date originally filed:   August 21, 2007

24

25

26

27

28

**PLAINTIFFS' MOTION TO COMPEL**

1

## **TABLE OF CONTENTS**

2

**Notice Of Motion And Motion** ............................................................................................ 1

3

**Memorandum Of Law And Points Of Authority** .............................................................. 1

4

**Factual Background** ............................................................................................................. 2

5

**Argument** ............................................................................................................................. 5

6

   **I.**    Plaintiffs' Former Coworkers And Other Individuals Plaintiffs Consider Similarly-
7
        Situated Individuals, And Immediate And Second-Line Managers Of These Employees,
8
        Are Fact Witnesses Who Are Likely To Possess Relevant Information. ......................... 5

9

   **II.**  Defendants' Privacy Objection Is Ill-Founded, Has Been Rejected Under Federal And
        California State Law, And The Witnesses' Rights Are Adequately Protected Without
10
        Barring Plaintiffs' Legitimate Discovery Requests. ........................................................ 9

11

   **III**.  Defendants' Assertion That Plaintiffs' Discovery Is Premature Is Without Any Basis In
12
        Law Or Fact. ................................................................................................................... 11

13

**Conclusion**……………………………………………………………………………………..14

14

15

## **TABLE OF AUTHORITIES**

16
**Cases**

17
*Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 865, 869 (Cal. Ct. App. 1985) ............................. 8

18
*Bailey v. Ameriquest Mortgage Co.*, No. 2002 WL 100388 (D. Minn. Jan. 23, 2002) .................... 7

*Barton v. The Pantry, Inc.*, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) ............................... 7

19
*Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554, 57 Cal.Rptr.3d 197
20
   (Cal.App. 2 Dist. April 9, 2007) .................................................................................................. 7

*Belaire-West Landscape, Inc.*, 149 Cal.App.4th 554, 560 .......................................................... 10
21

*Bryan Pepe, et al v. Accredited Home Lenders*, Civ. No. 2:06-cv-01225 (W.D. Pa. May 14, 2007)
22
   ....................................................................................................................................................... 7

23
*Darryl Allen, et al v. Accredited Home Lenders*, Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007) 7

*Donahay v. Palm Beach Tours & Transp.*, Order 1, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16,
24
   2007) ............................................................................................................................................. 7

25
*Donahay v. Palm Beach Tours & Transp.*, Order 2, 2007 WL 1119208, *1 (S.D. Fla. Apr. 16,
   2007) ............................................................................................................................................. 7
26

*Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) ................................................. 12
27
*Gulf Oil v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) ......................... 10

28
*Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) ............................ 6

**PLAINTIFFS' MOTION TO COMPEL**

*Helton v. K-Mart*, 519 U.S. 987, 117 S.Ct. 447, 136 L.Ed.2d 342 (1996) .................................... 12

*Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947) ............................ 5

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) .................................................... 6

*Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001) ...................................... 6

*Koo v. Rubio's Rest., Inc.*, 109 Cal. App. 4th 719, 736 (2003) ....................................................... 8

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ........................................................ 8

*Mevorah v. Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank*, 2005 WL 4813532, *5 (N.D.Cal. November 17, 2005) ........................................................................................... 10

*Miklos v. Golman-Hayden Cos., Inc.*, 2000 WL 1617969 (S.D. Ohio Oct. 24, 2000) .................... 7

*Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W.D. Wash. June 22, 2006) ........................... 7

*Parris v. Superior Court of Los Angeles County*, 109 Cal.App. 4th 285, 298 n. 6 (2003) ............ 10

*Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 373, 53 Cal.Rptr.3d 513, 150 P.3d 198 (January 25, 2007) ............................................................................................. 10

*Piper v. RGIS Inventory Specialists, Inc.*, 2007 WL 1690887, *7 (N.D.Cal. June 11, 2007).......... 9

*Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) ..................................................................... 4, 5

*Stillman v. Staples, Inc.*, Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007) ....................................... 6

*Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994) .................................................. 6

*United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950) ...................... 5

*Whitworth v. Chiles Offshore Corp.*, 1992 WL 365153 (E.D. La. Nov. 25, 1992) .......................... 7

*Wiegele v. Fed Ex Ground Pkg. Sys.*, 2007 WL 628041 .................................................................. 6

**Statutes**

*29 U.S.C. § 216(b).* ......................................................................................................................... 8

*29 U.S.C. § 255(a)*…………………………………………………………………………..8

**PLAINTIFFS' MOTION TO COMPEL**

1

## **NOTICE OF MOTION AND MOTION**

2

Please take notice that on September 28, 2007, at 9:00 a.m., in the courtroom of the

3

Honorable Maxine Chesney of the above-mentioned Court, Plaintiffs Phillip Wong, *et al.*, will

4

5

and hereby do move for an order compelling Defendants' complete and thorough responses to

Interrogatories 4 and 6 and Requests for Production 1, 3, 4, and 5.

6

7

This Motion to Compel is made pursuant to Fed. R. Civ. P. 37(a)(2)(B) and is based upon:

8

the notice of motion and motion; accompanying memorandum of points and authorities;

9

Plaintiffs' discovery requests and Defendants' responses; and the accompanying declaration of

10

undersigned Plaintiffs' counsel. Through this motion, Plaintiffs respectfully request that the Court

11

compel Defendants to provide complete and thorough responses to Interrogatories 4 and 6 and

12

Requests for Production 1, 3, 4, and 5, within five (5) days of the Court's Order.

13

14

## **MEMORANDUM OF LAW AND POINTS OF AUTHORITY**

15

Plaintiffs Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, who are suing

16

Defendants HSBC Mortgage Corporation (USA) and HSBC Bank (USA), NA ("Defendants"), on

17

behalf of putative classes of Senior Retail Mortgage Lending Consultants and Retail Mortgage

18

Lending Consultants (aka loan officers), Senior Field Administrators and Field Administrators

19

(aka sales assistants), and other non-management mortgage sales employees, bring overtime

20

claims under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA"), and the laws of

21

22

California, New Jersey, and New York.  In this action, to obtain FLSA certification, Plaintiffs

23

will have to show that they are similarly-situated to other employees in their positions nationwide,

24

and that Defendants had a policy or practice of denying them overtime pay.  Plaintiffs will have

25

to prove they worked overtime hours for which Defendants failed to compensate them and will

26

also have to show that Defendants' conduct was willful and not in good faith.  In order to meet

27

their burden of proof, Plaintiffs have requested from Defendants the names and contact

28

1   information of Plaintiffs' co-workers, who are eyewitnesses in this case.  Plaintiffs have also

2   requested the names and contact information for other loan officers, sales assistants, and other

3   non-management mortgage sales employees to whom they are similarly-situated, who are also

4   fact witnesses. Furthermore, Plaintiffs have requested the names and contact information for the

5   managers of these employees, who may or may not provide favorable testimony, but who are

6   nonetheless relevant fact witnesses. Because Defendants refuse to provide this information,

7   

8   Plaintiffs bring this Motion to Compel.[1]

9                          **FACTUAL BACKGROUND**

10           Named Plaintiffs Philip Wong, Frederic Chaussy, and Leslie Marie Shearn performed the

11   duties of loan officer and sales assistant for Defendants in California, New York, and New Jersey.

12   To date, ten additional individuals who worked in these capacities for Defendants in these states

13   (and in Pennsylvania and Maryland) have expressed their interest in joining this action by filing

14   consent forms with this Court (these ten, plus the three named Plaintiffs, will be referred to

15   together as "Plaintiffs"). Plaintiffs believe the loan officers were classified as exempt and denied

16   all overtime, meal, and rest period compensation, along with other relief. Plaintiffs believe the

17   sales assistants were classified by Defendants as non-exempt employees, but Defendants refused

18   to compensate them for all their overtime hours worked, meal and rest period premiums, and other

19   relief. As a result, Plaintiffs brought this overtime action pursuant to the FLSA and state wage and

20   hour statutes.

21   

22           On July 11, 2007, after meeting-and-conferring with Defendants' counsel pursuant to

23   Fed.R.Civ.P. 26(f), Plaintiffs initiated discovery, serving interrogatories, requests for production

24   

25   

26   

27   _____

[1] Plaintiffs' counsel certifies that pursuant to Federal Rule of Civil Procedure 37(a)(1)(A), he conferred with defense
counsel to try to resolve this issue but was unsuccessful.  *See* Schwartz Dec. at ¶3.  Plaintiffs are hamstrung in
discovery by Defendants' refusal to provide the names of relevant witnesses. *Id.* at ¶4. By bringing this early motion
to compel the disclosure of the names and contact information of witnesses, Plaintiffs do not waive their right to
bring a motion to compel other discovery if they are unable to resolve those discovery issues with Defendants.

28   

-2 -                    Wong, et al. v. HSBC, Case No.: 3:07-cv-2446 MMC

**PLAINTIFFS' MOTION TO COMPEL**

of documents, and requests for admissions. *See* EXHIBIT 1, Plaintiffs' Discovery Requests;[2] Schwartz Dec. at ¶2. On or after August 13, 2007, Defendants served responses to these discovery requests, generally failing or overtly refusing to provide substantive answers because of Defendants' pending motion to dismiss Plaintiffs' state law claims, and the parties' disagreements regarding the timeline of future discovery events. *See* EXHIBIT 2, Defendants' Discovery Responses.

In particular, Interrogatories 4 and 6 and Requests for Production 1, 3, 4, and 5, regarding which Plaintiffs have moved to compel responses, relate to the identities of witnesses in this case. These requests and Defendants' responses are as follows:[3]

Interrogatories:

4. Identify all managers responsible for directly supervising Plaintiffs during the applicable statutory period, including for each his/her name, address, telephone number, job title, the Plaintiff(s) supervised by him/her, the location at which he/she supervised each Plaintiff, and the dates he/she supervised each Plaintiff.

6. Identify each employee employed by Defendant during the statutory period in the position titles listed in Interrogatory 5 [a. Senior Retail Mortgage Lending Consultants; b. Retail Mortgage Lending Consultants; c. Senior Field Administrators; and d. Field Administrators.], stating all position titles each employee held and dates of employment of each person in each position.

Requests for Production:

1. A list, in Excel format, of all persons employed by Defendant as Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators at any of Defendant's locations within the applicable statutory period, including for each his/her name, address, telephone number, dates of employment as a Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators, location of employment, employee number, and last four digits of their social security number. For this Request, the relevant statutory period begins six years prior to the date of the filing of this complaint for New York employees, four years for California employees, and

---

[2] The Requests for Admissions (and Defendants' deficient responses) are not raised here and therefore, not provided.

[3] *See* Exh. 1. Note that the Definitions included in the Interrogatories explain that: "'Statutory period' means from May 7, 2001 to present for all Plaintiffs ever employed in New York, from May 7, 2003 to present for all Plaintiffs ever employed in California, and from May 7, 2004 to present for all Plaintiffs employed outside of New York or California;" and "'Identify' (or 'state the identify of') with respect to a natural person means to state the person's full name, current or last-known residence and business address and telephone number, current or last known employer, that employer's address and the current or last known position or job title the person held with such employer."

**PLAINTIFFS' MOTION TO COMPEL**

three years elsewhere, and continues until the present.

3. A list, in Excel format, of all persons employed by Defendant at the locations in which Plaintiffs worked, including for each his/her name, address, telephone number, job title, dates of employment, location of employment, and current employment status.

4. A list, in Excel format, of all persons employed by Defendant responsible for directly supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators during the applicable statutory period, including for each his/her name, address, telephone number, job title, dates of employment in that position, location managed, and current employment status.

5. A list, in Excel format, of all persons employed by Defendant responsible for directly supervising, during the statutory period, those deemed responsible for supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators identified in Interrogatory No. 4 above, including for each his/her name, address, telephone number, job title, dates of employment in that position, area or region managed, and current employment status.

Defendants' responses to all of these requests were essentially the same, raising every garden-variety objection (irrelevant, not designed to lead to the discovery of admissible evidence, overbroad, unduly burdensome and oppressive, calls for a narrative, etc.), plus several more situation-specific objections (discussed below),[4] concluding with an offer to supply discovery responses only as to the named plaintiffs in this matter.

The parties exchanged extensive communications on August 17, 20, and 21, 2007, reaching an impasse regarding the necessity of Defendants' prompt cooperation in full discovery. Schwartz Dec. at ¶3. This motion is the result of that impasse.

---

[4] One response of Defendants' is particularly absurd, and requires no discussion beyond this footnote: "Defendant also objects on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this stage." If this were at all a valid objection to written discovery requests for witness contact information, then surely no party would ever be required to provide any discovery in any case. Moreover, as noted, *supra*, the Ninth Circuit's approach is directly contrary to that taken by Defendants: *i.e.*, "pre-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Another of Defendants' responses is also easily dismissed – Defendants' objection that the employee data sought "requires Defendant to create information not already in existence." Clearly, Defendants have information, readily available, in downloadable format, regarding their employees' names and contact information. Defendants use this data to pay their employees, to provide information to their employees, etc., and may (and presumably do) use this information to contact witnesses in this case. Plaintiffs are likewise entitled to access this relevant information.

**PLAINTIFFS' MOTION TO COMPEL**

# ARGUMENT

The Ninth Circuit starts with the premise that "pre-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen,* 5 F.3d 1289, 1292 (9th Cir. 1993), citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)." As the Ninth Circuit has explained, "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen*, 5 F.3d at 1292, citing *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950). Consistent with this standard, the Federal Rules of Civil Procedure have established that Plaintiffs may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party [including]… the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).  The purpose of discovery is to allow a broad search for facts, including the names of witnesses, that may aid a party in the preparation or presentation of his/her case.  Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes, 1946 Amendment, Subd. (b).

Federal Rule of Civil Procedure 37(a)(2)(B) provides that when a party fails to answer an interrogatory or fails to respond to a request for production, "the discovering party may move for an order compelling an answer." Plaintiffs' discovery requests are relevant and reasonably calculated to lead to the discovery of admissible evidence, but Defendants' objections are either insufficient or without merit.  For these reasons, Plaintiffs' Motion should be granted.

**I.    PLAINTIFFS' FORMER COWORKERS AND OTHER INDIVIDUALS PLAINTIFFS CONSIDER SIMILARLY-SITUATED INDIVIDUALS, AND IMMEDIATE AND SECOND-LINE MANAGERS OF THESE EMPLOYEES, ARE FACT WITNESSES WHO ARE LIKELY TO POSSESS RELEVANT INFORMATION.**

Defendants repeatedly object based on the notion that Plaintiffs' request for information regarding witnesses " is overbroad and therefore seeks information related to individuals who are not yet confirmed as parties to this lawsuit." Exh. 2. Defendants miss the point, however, with

**PLAINTIFFS' MOTION TO COMPEL**

1   this argument. The law is clear that Plaintiffs are entitled to conduct discovery with relevant

2   witnesses – not only with parties. As such, Defendants' offer to provide discovery only as to

3   named Plaintiffs[5] is inappropriate and insufficient.

4       The United States Supreme Court has recognized that regardless of whether judicial notice

5   is appropriate, alternative bases exist for ordering defendants to produce to plaintiffs the names

6   and addresses of coworkers and managers. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165,

7   170 (1989).  The Supreme Court specifically stated, "Without pausing to explore alternative bases

8   for the discovery, *for instance that the employees might have knowledge of other discoverable*

9   *matter*, we find it suffices to say that the discovery was relevant to the subject matter of the action

10  and that there were no grounds to limit the discovery under the facts and circumstances of this

11  case." *Id.* at 170 (emphasis added).  Fed.R.Civ.P. 26(b)(1) makes discoverable "the identity and

12  location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).

13      In addition, many other courts across the country have found that contact information for

14  co-workers and other employees who may be similarly-situated is discoverable in cases such as

15  this.  *See Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (ordering

16  production of list of co-workers prior to certification); *Kane v. Gage Merch. Servs., Inc.,* 138 F.

17  Supp. 2d 212 (D. Mass. 2001) (plaintiff's motion seeking an order directing defendant to provide

18  names and addresses of its employees granted); *Tucker v. Labor Leasing, Inc.,* 155 F.R.D. 687

19  (M.D. Fla. 1994) (plaintiff's motion to compel names of employees granted);  *Stillman v. Staples,*

20  *Inc.*, Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007) (compelling defendant, pre-certification, to

21  produce to plaintiffs the names, addresses, positions and titles of employees with the same or

22  similar job duties as the plaintiff);[6] *Wiegele v. Fed Ex Ground Pkg. Sys.,* 2007 WL 628041 (S.D.

23  Cal. Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees without

---

[5] Of such discovery, as of the time of this writing, Defendants have provided none whatsoever.
[6] Exh. 3.

Wong, et al. v. HSBC, Case No.: 3:07-cv-2446 MMC

**PLAINTIFFS' MOTION TO COMPEL**

certification); *Bryan Pepe, et al v. Accredited Home Lenders*, Civ. No. 2:06-cv-01225 (W.D. Pa. May 14, 2007) (ordering defendant to provide answers to interrogatories requesting contact information for co-workers pursuant to discovery request in FLSA action);[7] *Darryl Allen, et al v. Accredited Home Lenders*, Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007) (ordering defendant in FLSA action to provide names of co-workers, finding them relevant to the claims asserted);[8] *Donahay v. Palm Beach Tours & Transp.*, Order 1, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007) (granting plaintiffs' motion to compel list of those individuals similarly-situated); *Donahay v. Palm Beach Tours & Transp.*, Order 2, 2007 WL 1119208, *1 (S.D. Fla. Apr. 16, 2007) (granting motion to compel response to interrogatories seeking identity of those similarly-situated); *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending in misclassification and "off-the-clock" case); *Barton v. The Pantry, Inc.*, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) ("The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims."); *Bailey v. Ameriquest Mortgage Co.*, No. 2002 WL 100388 (D. Minn. Jan. 23, 2002) (affirming magistrate judge's order compelling discovery of the names and addresses of other account executives similarly-situated to plaintiffs); *Miklos v. Golman-Hayden Cos., Inc.*, 2000 WL 1617969 (S.D. Ohio Oct. 24, 2000) (plaintiff's motion to compel production of names and addresses of similarly-situated employees of defendant granted); *Whitworth v. Chiles Offshore Corp.*, 1992 WL 365153 (E.D. La. Nov. 25, 1992) (affirming magistrate judge's decision granting plaintiff's motion to compel defendant to produce the names and addresses of similarly-situated employees); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554, 57 Cal.Rptr.3d 197 (Cal.App. 2 Dist.

---

[7] Exh. 4.
[8] Exh. 5.

**PLAINTIFFS' MOTION TO COMPEL**

April 9, 2007) (disclosure of putative class members' contact information did not violate right to privacy); *Koo v. Rubio's Rest., Inc.*, 109 Cal. App. 4th 719, 736 (2003) ("[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties'") (quoting *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 865, 869 (Cal. Ct. App. 1985)).

Here, regarding the misclassification of loan officers at Defendants, the Plaintiffs' job duties are disputed, so Plaintiffs may rely upon testimony of co-workers and managers to establish their job duties. Likewise, with respect to the sales assistants' "off-the-clock" case, the accuracy of Plaintiffs' timesheets is directly in dispute. Plaintiffs may therefore rely on other sources, including the testimony of other individuals, to prove their claims. The identities of Plaintiffs' coworkers are relevant to the parties' claims and defenses because these individuals were eyewitnesses to the key facts in dispute: the nature of Plaintiffs' job duties, whether Plaintiffs worked overtime, and whether Defendants discouraged and/or prevented mortgage sales employees from recording and being paid appropriate overtime.

Further, the Plaintiffs' immediate and second-line managers and other Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, Field Administrators, and non-management mortgage sales employees, and their immediate and second-line managers, may have information relevant to whether they are all similarly-situated, whether Defendants' violations of the FLSA and state law were willful,[9] and whether liquidated damages[10] are appropriate. All these issues will likely be resolved based upon information possessed by Defendants' employees and former employees, whose contact

---

[9] A two-year statute of limitations typically applies to FLSA claims. 29 U.S.C. § 255(a). Plaintiffs may collect damages incurred within a third year, however, if the defendant's violation of the overtime laws was "willful." *Id.* A violation of the FLSA is willful when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

[10] An employer who violates the FLSA overtime provisions is liable to the employee in the amount of the unpaid overtime compensation "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**PLAINTIFFS' MOTION TO COMPEL**

information Plaintiffs now seek. Interviews with these employees are likely to lead to the discovery of evidence that Defendants misclassified their employees, denied their employees overtime pay, and that Defendants' conduct was deliberate.

Plaintiffs do not possess, and cannot obtain by less "burdensome" means, the names, and certainly not the addresses and phone numbers, of all of their former coworkers and managers, and all loan officers and sales assistants nationwide from the relevant period. Defendants can easily access this information and provide it, and are likely already working with these eye-witnesses to prepare Defendants' defenses. Plaintiffs are unduly prejudiced (and Defendants unduly advantaged) by Defendants' refusal to share the contact information for these relevant witnesses.

In sum, the information sought is relevant, and Defendant has made no showing under Fed.R.Civ.P. 26 that the requested lists of names, addresses and phone numbers of Defendants' employees and past employees is unduly burdensome to produce. The identities of Plaintiffs' coworkers and similarly-situated employees, and immediate and second-line managers, are necessary for the parties to litigate this action. The Court should compel Defendants to answer these straightforward discovery requests.

## II.    DEFENDANTS' PRIVACY OBJECTION IS ILL-FOUNDED, HAS BEEN REJECTED UNDER FEDERAL AND CALIFORNIA STATE LAW, AND THE WITNESSES' RIGHTS ARE ADEQUATELY PROTECTED WITHOUT BARRING PLAINTIFFS' LEGITIMATE DISCOVERY REQUESTS.

Defendants object to Plaintiffs' requests for witness contact information on the ground that, "to the extent it requests addresses and telephone numbers of third parties, it seeks to invade the privacy interest of third parties without compelling need therefore." [sic] Exh. 2. However, in general, "pre-certification communications with potential collective action members are permitted unless there is a 'clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.'" *Piper v. RGIS Inventory*

**PLAINTIFFS' MOTION TO COMPEL**

1  *Specialists, Inc.*, 2007 WL 1690887, *7 (N.D.Cal. June 11, 2007), citing *Gulf Oil v. Bernard,* 452

2  U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (holding that district court abused its

3  discretion limiting communications between parties and potential class members because it did

4  not adequately consider the difficulties the limitations posed for potential plaintiffs seeking to

5  vindicate their legal rights). Here, no such findings or evidence justify preventing Plaintiffs from

6  discovering the identities of the relevant witnesses in the case. Defendants have provided no

7  specific information which provides them with the basis upon which to assert, in sweeping

8  manner, a privacy right on behalf of all of Defendants' current/former employees who are

9  witnesses in this matter.

10        California courts have likewise rejected the notion that provision of

11 employees'/witnesses' contact information pre-certification in a wage and hour dispute violates

12 the right to privacy under California law. *Belaire-West Landscape, Inc.,* 149 Cal.App.4th 554,

13 560, citing *Pioneer Electronics (USA), Inc. v. Superior Court* 40 Cal.4th 360, 373, 53 Cal.Rptr.3d

14 513, 150 P.3d 198 (January 25, 2007). In *Pioneer*, a consumer class action, the California

15 Supreme Court explained:

> *Contact information regarding the identity of potential class members is generally discoverable*, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. [Citations.] Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches.

*Id.* (Emph. added.). Here, Plaintiffs' need for the witnesses' contact information outweighs any

generalized privacy right asserted by Defendants.

        Moreover, Plaintiffs' counsel are already mindful of the Rules of Professional Conduct,

which prohibit, among other things, false, misleading, and deceptive messages in pre-certification

communications. *See*, *e.g.*, *Mevorah v. Wells Fargo Home Mortg., Inc., a div. of Wells Fargo Bank,* 2005 WL 4813532, *5 (N.D.Cal. November 17, 2005), citing *Parris v. Superior Court of*

**PLAINTIFFS' MOTION TO COMPEL**

*Los Angeles County,* 109 Cal.App. 4th 285, 298 n. 6 (2003). *See also, e.g.,* Cal.RPC 5-310 (prohibiting certain types of contact with witnesses). In contacting witnesses, following the rules of professional conduct, Plaintiffs' counsel will clearly disclose to the employee- or former employee-witnesses: (1) the identity of the named Plaintiffs in this case and the fact that they represent the Plaintiffs; (2) the reason Plaintiffs want to talk to each employee/former employee; and (3) that each employee/former employee has the right to refuse to talk to Plaintiffs' counsel. Likewise, following the rules of professional conduct, Plaintiffs will not seek to communicate with current managers of Defendants who may reasonably be considered represented parties in this matter. If important, unrepresented witnesses refuse to speak to Plaintiffs informally, or where management witnesses represented by Defendants' counsel have important information, then Plaintiffs can seek to notice their depositions or use other discovery methods.

Because the Rules of Professional Conduct adequately govern Plaintiffs' conduct with respect to the witnesses in this matter, because Defendants cannot establish any legitimate privacy right which outweighs Plaintiffs' right to discovery with relevant witnesses, and because of the Ninth Circuit's extremely broad, liberal standard favoring discovery of "every man's evidence," Defendants' privacy objection should be rejected.

## III. DEFENDANTS' ASSERTION THAT PLAINTIFFS' DISCOVERY IS PREMATURE IS WITHOUT ANY BASIS IN LAW OR FACT.

Defendants repeatedly object to Plaintiffs' "attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time." Defendants likewise assert that Plaintiffs' discovery requests are "not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved." Defendants' objections in this regard are frivolous.

The parties met-and-conferred on July 11, 2007, per Fed.R.Civ.P. 26(f), and on several occasions since that time (Schwartz Dec. at ¶¶2-3), and served a joint Case Management

**PLAINTIFFS' MOTION TO COMPEL**

Conference statement under Rule 26 on August 17, 2007. Under Fed.R.Civ.P. 26(d), "Timing and Sequence of Discovery," "Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence…." Defendants' pending motion and any disagreements about discovery cannot limit Plaintiffs' right to begin discovery promptly or Defendants' obligation to cooperate. Nothing in Defendants' motion to strike will change or limit Plaintiffs' inquiries, except, perhaps as to unique California state law claims Defendants have sought to strike (*e.g.,* meal and rest period claims). Likewise, whether or not discovery is bifurcated into damages and certification phases remains inapposite to the instant Motion. Regardless of either of these considerations, Plaintiffs will be entitled to the names and contact information of the relevant witnesses in this case (*see supra*). Defendants failure to cooperate in discovery is nothing more than a transparent attempt to stall and foil Plaintiffs' search for relevant information required to build their case. Defendants did not cooperate with discovery in large part, omitting a few disputed items – Defendants utterly refused or failed to provide substantive discovery responses.

The potential plaintiffs in this case have serious statute of limitations concerns. Unlike Rule 23 class actions, the statute of limitations for those who have not filed consent forms is not tolled with the commencement of this action. *See Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1106 (11th Cir. 1996), *cert. denied, Helton v. K-Mart,* 519 U.S. 987, 117 S.Ct. 447, 136 L.Ed.2d 342 (1996) (holding that the statute of limitations ceases to run only when each employee files a consent form). As a result, the longer Defendants are able to stall in cooperating in discovery, to hinder Plaintiffs' capacity to seek conditional class certification (and notice to all plaintiffs) or Rule 23 certification (which tolls all putative class members' statutes of limitations), the more putative Plaintiffs' claims fall victim to the statute of limitations. As such, Defendants' stalling tactic prejudices Plaintiffs, and immediate Court intervention to compel Defendants' discovery cooperation is necessary.

**PLAINTIFFS' MOTION TO COMPEL**

## CONCLUSION

For the foregoing reasons, Defendants should be compelled to produce thorough responses to Interrogatories 4 and 6 and Requests for Production 1, 3, 4, and 5, within five (5) days of the Court's order.

Dated: August 21, 2007                     s/ Bryan Schwartz

                                           **NICHOLS KASTER & ANDERSON, PLLP**

                                           Donald H. Nichols, MN State Bar No. 78918
                                           (admitted **pro hac vice**)
                                           Paul J. Lukas, MN State Bar No. 22084X
                                           (admitted **pro hac vice**)
                                           Timothy C. Selander, MN State Bar No. 0387016
                                           (admitted **pro hac vice**)
                                           NICHOLS KASTER & ANDERSON, PLLP
                                           4600 IDS Center, 80 S. 8th Street
                                           Minneapolis, MN 55402

                                           Bryan J. Schwartz, CA State Bar No. 209903
                                           Matthew C. Helland, MN State Bar No. 346214, CA
                                           State Bar No. 250451
                                           (admitted **pro hac vice**)
                                           NICHOLS KASTER & ANDERSON, LLP
                                           One Embarcadero Center, Ste. 720
                                           San Francisco, CA 94111

                                           Attorneys for Individual and Representative
                                           Plaintiffs

**PLAINTIFFS' MOTION TO COMPEL**

1

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al

2

**Case No. 07-2446 MMC**

3

I hereby certify that on August 21, 2007, I caused the following document(s):

4

**Plaintiffs' Notice Of Motion And Motion To Compel Defendants' Complete And**

5

**Thorough Responses To Interrogatories 4 And 6 And Requests For Production 1, 3, 4, And 5, Within Five (5) Days Of The Court's Order, And Memorandum Of Law And**

6

**Points Of Authority**

7

to be served via ECF to the following:

8

George J. Tichy, II
Michelle Barrett

9

Littler Mendelson, P.C.

10

650 California Street
20th Floor

11

San Francisco, CA 94108-2693

12

13

| Dated:  August 21, 2007 | NICHOLS KASTER & ANDERSON, PLLP |
|---|---|

14

s/ Bryan J. Schwartz

15

Bryan J. Schwartz State Bar No. 209903

16

**NICHOLS KASTER & ANDERSON, LLP**
One Embarcadero Center, Suite 720

17

San Francisco, CA  94111

18

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS

19

20

21

22

23

24

25

26

27

28

-14 -                    Wong, et al. v. HSBC, Case No.: 3:07-cv-2446 MMC

**PLAINTIFFS' MOTION TO COMPEL**