1   Donald H. Nichols, MN State Bar No. 78918
    (admitted **pro hac vice**)
2   Paul J. Lukas, MN State Bar No. 22084X
    (admitted **pro hac vice**)
3   Matthew C. Helland, MN State Bar No. 346214
    (admitted **pro hac vice**)
4   NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
5   80 S. 8th Street
    Minneapolis, MN 55402
6
    Bryan J. Schwartz, CA State Bar No. 209903
7   NICHOLS KASTER & ANDERSON, LLP
    One Embarcadero Center, Ste. 720
8   San Francisco, CA 94111

9   Attorneys for Individual and Representative Plaintiffs

10                  **IN THE UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12  Philip Wong, Frederic Chaussy, and Leslie          **Case No.: 3:07-cv-2446**
    Marie Shearn, individually, on behalf of all
13  others similarly situated, and on behalf of
    the general public,
14
                        Plaintiffs,
15
        vs.                                             **PLAINTIFFS' INTERROGATORIES, SET I**
16
    HSBC Mortgage Corporation (USA);
17  HSBC Bank USA, N.A.; and DOES 1
    through 50, inclusive,
18
                        Defendants.
19

20

21         PLEASE TAKE NOTICE THAT, pursuant to Rule 33 of the Federal Rules of Civil

22  Procedure, Defendant HSBC Mortgage Corporation (USA) is requested and required to respond

23  to the following interrogatories within thirty (30) days after service of this request.

24  Interrogatories shall be answered in writing, directed to the offices of Nichols Kaster &

25  Anderson, LLP, One Embarcadero Center, Suite 720, San Francisco, CA 94111.

26                              **INSTRUCTIONS**

27

28         1.     In  answering  these  interrogatories,  Defendant  must  furnish  all  requested

        ────────────────────────────────────────────────
                    PLAINTIFFS' INTERROGATORIES, SET I

**EXHIBIT**
**1**

1  information, not subject to a valid objection, that is known by, possessed by, or available to

2  Defendant or any of Defendant's attorneys' consultants, representatives, agents, and all others

3  acting on behalf of Defendant.

4      2.    If Defendant is unable to answer fully any of these interrogatories, Defendant must

5  answer them to the fullest extent possible, specifying the reason(s) for Defendant's inability to

6  answer the remainder and stating whatever information, knowledge, or belief Defendant has

7  concerning the unanswerable portion.  An evasive or incomplete answer may be deemed to be a

8  failure to answer, and may render Defendant and Defendant's attorneys liable for the expenses of

9  a motion to compel a responsible and complete answer, including reasonable attorney's fees.

10
11     3.    Defendant must object separately to each subpart, and if Defendant objects to less

12  than all the subparts of a numbered interrogatory then Defendant must answer the remaining

13  subparts.  In addition, if Defendant objects to an interrogatory or a subpart thereof as calling for

14  information which is beyond the scope of discovery (e.g. "not reasonably calculated to lead to the

15  discovery of admissible evidence," "work product," "attorney/client privilege," etc), Defendant

16  must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not

17  objectionable.

18
19     4.    For each interrogatory and subpart of each interrogatory, if the information

20  furnished in Defendant's answer is not within Defendant's knowledge, identify each person to

21  whom the information is a matter of knowledge, if known.

22
23     5.    Defendant must continue to supplement each interrogatory response once the

24  information, document(s), and/or data responsive to each interrogatory request becomes available,

25  and even after the close of the discovery period in the case.

26                    **DEFINITIONS**

27
28     As used herein, the following terms shall have the meanings indicated:

-2-

1     1.     "Statutory period" means from May 7, 2001 to present for all Plaintiffs ever

2     employed in New York, from May 7, 2003 to present for all Plaintiffs ever employed in

3     California, and from May 7, 2004 to present for all Plaintiffs employed outside of New York or

4     California.

5

6          2.     "Defendant," "Your," "You" means HSBC Mortgage Corporation (USA), its

7     subsidiaries, affiliates, officers, directors, managers, agents and employees.

8          3.     "Identify" (or "state the identify of") with respect to a natural person means to

9     state the person's full name, current or last-known residence and business address and telephone

10    number, current or last known employer, that employer's address and the current or last known

11    position or job title the person held with such employer.

12

13         4.     "Identify" (or "state the identity of") with respect to an entity (not a natural

14    person) means to state its full name, the address of its principal place of business, and its

15    telephone number.

16         5.     "Identify" (or "state the identity of") with respect to a document means to state the

17    date of such document, if any; a general description thereof; identify the signer, preparer, or

18    sender thereof; state its present location and identify its custodian; and state descriptive

19    information of sufficient particularity to enable said document to be subject to a subpoena duces

20    tecum or request for its production.

21

22         6.     "Document," "documents," or "things" refers to all documents and tangible things,

23    including, but not limited to, all written, printed, typed, recorded, graphic, or symbolic matter of

24    every type and description, however, and by whomever prepared, produced, reproduced,

25    disseminated, or made, in any form, including, but not limited to, all statements, writings, letters,

26    minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work

27    assignments, reports, memoranda, notations, notes of telephone or personal conversations or

28

-3-

conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs, data sheets, data compilations, computer data sheets, computer data compilations from which information can be obtained or can be translated through detection devices into reasonable usable form, and any other document and thing. The definition also includes all copies of documents or things by whatever means made.

7.    "Describe" when used in reference to a factual situation means to state with particularity and in detail all facts known to you connected with, bearing upon, or relating in any way to matters contained in interrogatories.

8.    "Describe" when used in reference to written or oral communication means to state in detail (1) the type of document or other communication; (2) the date made; (3) the persons involved in the communication; (4) the present location of the document or other recorded evidence of the communication; and (5) the subject matter of the document or other communication, including factual setting in which made, substantive content, and purpose of communication.

9.    "State" means to identify and describe as defined above.

10.    "Statement" shall have the same definition as set forth in the second paragraph of Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

11.    "Relating to" means having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request whether the document contains a direct reference to the topic of the request or simply describes or

-4-

1  identifies the topic.

2      12.    "Plaintiffs" mean all persons identified as Plaintiffs in the caption and all persons

3  who have filed consent forms in this matter, including persons who file consent forms to join this

4  matter after the discovery period in this case closes.

5

6                              **INTERROGATORIES**

7      1.    With respect to the person signing these Interrogatories please identify the

8  person's name, business address, and job title.

9      2.    Identify all persons who you believe have any information or knowledge with

10  respect to any facts or matters relating to the allegations in the Complaint or your Answer.

11      3.    With respect to each person identified in Interrogatory #2, identify and describe

12  what information you believe each person may possess.

13

14      4.    Identify all managers responsible for directly supervising Plaintiffs during the

15  applicable statutory period, including for each his/her name, address, telephone number, job title,

16  the Plaintiff(s) supervised by him/her, the location at which he/she supervised each Plaintiff, and

17  the dates he/she supervised each Plaintiff.

18      4.    Identify each position title utilized at Defendant during the statutory period for

19  non-management employees (i.e., employees who, on a day-to-day basis, are not expected to

20  spend greater than 50% of their time engaged in the management of other employees), describe

21  the duties performed by each, and state whether each position is classified as exempt or non-

22  exempt.

23

24      5.    Identify the number of employees employed by Defendant during the statutory

25  period in the following positions:

26          a.    Senior Retail Mortgage Lending Consultants;

27          b.    Retail Mortgage Lending Consultants;

28

                              -5-

c. Senior Field Administrators; and

d. Field Administrators.

6. Identify each employee employed by Defendant during the statutory period in the position titles listed in Interrogatory 5, stating all position titles each employee held and dates of employment of each person in each position.

7. Identify each of Defendant's branch/store locations at which Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators have been employed during the statutory period, the date each branch/store opened, and if the branch/store location is no longer open, the date it closed.

8. For each branch/store location, identify the location of all notices, if any, posted by Defendants explaining to their employees the Fair Labor Standards Act.

9. Identify and describe Defendant's date of incorporation, State of incorporation, subsidiaries and parent company(ies) [This request includes the name, date of incorporation, State of incorporation of each subsidiary and parent company].

10. For the statutory period, state the average weekly compensation that Defendant paid to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators.

11. Identify all persons, by name, job title, dates of employment, and current job status, whose job included responsibility for determining, company-wide, Defendant's compliance with wage and hour laws during the last six years.

12. To the extent that Defendant is relying on attorney advice for any good faith defense to liquidated damages and willful conduct, identify the attorney(s), and describe all conversations and correspondence that were relied upon.

13.    Identify and describe all written administrative regulations, orders, rulings, approvals, or interpretations or administrative practice or enforcement policies relied upon by Defendant in justifying their method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators.

14.    Identify all judicial or other administrative proceedings, lawsuits, investigations, or inquiries of any kind of Defendant relating to employees' wages or hours worked, including but not limited to any investigation conducted by any state or federal wage and hour department.

15.    Identify any and all exhibits that may be introduced at trial or used as exhibits in deposition.

16.    Identify any and all witnesses who may be called at trial.

17.    Identify any expert witness you may call at trial and provide the facts known or opinions held by the expert consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure.

18.    Describe in detail the process in which Defendant classified Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators as exempt and/or non-exempt employees, including when the decision was made, the reason(s) for the decision, identification of those involved in the decision-making process, and the information relied upon in making the decision.

July 11, 2007                                      **NICHOLS KASTER & ANDERSON, LLP**

/s/
_____
Bryan J. Schwartz, CA State Bar No. 209903
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

Attorneys   for   Individual   and   Representative
Plaintiffs

-7-

1   Donald H. Nichols, MN State Bar No. 78918
    (admitted **pro hac vice**)
2   Paul J. Lukas, MN State Bar No. 22084X
    (admitted **pro hac vice**)
3   Matthew C. Helland, MN State Bar No. 346214
    (admitted **pro hac vice**)
4   NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
5   80 S. 8th Street
    Minneapolis, MN 55402
6
    Bryan J. Schwartz, CA State Bar No. 209903
7   NICHOLS KASTER & ANDERSON, LLP
    One Embarcadero Center, Ste. 720
8   San Francisco, CA 94111

9   Attorneys for Individual and Representative Plaintiffs

10              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  Philip Wong, Frederic Chaussy, and Leslie       **Case No.: 3:07-cv-2446**
    Marie Shearn, individually, on behalf of all
13  others similarly situated, and on behalf of
    the general public,
14
                         Plaintiffs,
15
         vs.                                        **PLAINTIFFS' REQUESTS FOR
16                                                    PRODUCTION, SET I**

17  HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.; and DOES 1
18  through 50, inclusive,

19                       Defendants.

20

21          PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

22  Procedure, Plaintiffs hereby requests that within thirty (30) days after service of this request,

23  Defendant shall produce and permit Plaintiffs to inspect and copy all of the following documents

24  and things at the offices of Nichols Kaster & Anderson, One Embarcadero Center, Suite 720, San

25  Francisco, CA 94111.

26
            The Defendant shall also serve a written response within thirty (30) days after service of
27
    the request, which response shall state the manner in which Defendant will cooperate with the
28

inspection, copying and related activities as to each category of documents and things requested.

## **INSTRUCTIONS**

1.    This request seeks all specified documents in the actual or constructive possession, custody, and/or control of Defendant, the Defendant's attorneys and/or agents, or which are believed by Defendant, Defendant's attorney(s) and/or agents to exist or previously to have existed.

2.    This request is expressly made continuing, requiring additional and supplemental responses when additional documents and/or things come into the possession custody or control of Defendant, Defendant's attorney(s) and/or agents until the instant action is finally terminated. Defendant must continue to supplement its responses to these requests even after the discovery period in this case closes and even if persons continue to consent to join this action after the discovery period ends.

3.    Should Defendant deem any documents and things within the scope of this request to be privileged, Defendant is requested to list such documents or things and to identify them by designation of the type of document or thing, the date thereof, the name or names of the originator thereof, the name of the addressee, the number of pages or other units, to state the present custodian and location of the document or thing and to state the specific grounds on which the claim of privilege rests in order that Defendant may have a factual basis to determine whether, and the basis upon which, to present the asserted privilege to the Court.

4.    Should the Defendant object to any request, Defendant is requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of language of the rest to which Defendant objects, and state which part of the request, if any, Defendant is answering.

5.    Objection shall be made at trial to introduction of evidence requested by this

-2-

1     Demand for Production but not provided.

2        6.     If the document or thing requested herein has been destroyed or discarded or

3   otherwise disposed of, Defendant shall set forth in the written response a description of each such

4

5   document or thing, including its contents, author, or addressee, date of disposal, manner of

6   disposal, reason for disposal, and person disposing of the document or thing.

7        7.     Defendant may attach a copy of a document of the written response, but the

8   original, if it is in Defendant's, Defendant's attorneys and/or agent(s)' possession, custody, or

9   control must be available for inspection.

10                       **DEFINITIONS**

11        1.     "Statutory period" means from May 7, 2001 to present for all Plaintiffs ever

12

13   employed in New York, from May 7, 2003 to present for all Plaintiffs ever employed in

14   California, and from May 7, 2004 to present for all Plaintiffs employed outside of New York or

15   California.

16        2.     "Defendant," "You," or "Your" means HSBC Mortgage Corporation (USA), its

17   subsidiaries, affiliates, officers, directors, managers, agents, and employees.

18        3.     "Document," "documents," and "things" shall mean all documents and tangible

19

20   things, including, but not limited to, all written, printed, typed, recorded, graphic, or symbolic

21   matter of every type and description, however, and by whomever prepared, produced, reproduced,

22   disseminated, or made, in any form, including, but not limited to, all statements, writings, letters,

23   minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work

24   assignments, reports, memoranda, notations, notes of telephone or personal conversations or

25   conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts,

26   microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs,

27   data sheets, data compilations, computer data sheets, computer data compilations from which

28

-3-

information can be obtained or can be translated through detection devices into reasonable usable form, and any other document and thing.

4.    "Excel format" means documents in "Microsoft Excel" file types, with file extension ".xls," with tab-separated columns reflecting identified and identifiable data fields.

5.    "Statement" shall have the same definition as set forth in the second paragraph of Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement or signed or otherwise adopted or approved by the person making it, and/or a stenographic, mechanical, electrical and/or other recording or transcription thereof, which is substantially verbatim recital of an oral statement by the person making it.

6.    "Relating to" means having any connection with the topic of the request of having some logical or casual connection between the information and the topic of the request whether the document contains a direct reference to the topic of the request or simply describes or identifies the topic.

7.    "Plaintiffs" means all persons identified as Plaintiffs in the caption and all persons who have filed consent forms in this matter, including persons who file consent forms to join this matter after the discovery period in this case closes.

8.    "Personnel File" means all employee records maintained by Defendant's human resource department or other corporate office, and all documents relating the employee maintained by his/her supervisor, co-employee, or other person.

## **REQUESTS FOR PRODUCTION**

1.    A list, in Excel format, of all persons employed by Defendant as Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators at any of Defendant's locations within the applicable statutory period, including for each his/her name, address, telephone number, dates of

-4-

1  employment as a Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

2  Consultants, Senior Field Administrators, and/or Field Administrators, location of employment,

3  employee number, and last four digits of their social security number. For this Request, the

4  relevant statutory period begins six years prior to the date of the filing of this complaint for New

5  York employees, four years for California employees, and three years elsewhere, and continues

6  until the present.

7

8      2.    Plaintiffs' personnel files.

9      3.    A list, in Excel format, of all persons employed by Defendant at the locations in

10  which Plaintiffs worked, including for each his/her name, address, telephone number, job title,

11  dates of employment, location of employment, and current employment status.

12

13      4.    A list, in Excel format, of all persons employed by Defendant responsible for

14  directly supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

15  Consultants, Senior Field Administrators, and/or Field Administrators during the applicable

16  statutory period, including for each his/her name, address, telephone number, job title, dates of

17  employment in that position, location managed, and current employment status.

18      5.    A list, in Excel format, of all persons employed by Defendant responsible for

19  directly supervising, during the statutory period, those deemed responsible for supervising Senior

20  Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

21  Administrators, and/or Field Administrators identified in Interrogatory No. 4 above, including for

22  each his/her name, address, telephone number, job title, dates of employment in that position, area

23  or region managed, and current employment status.

24

25      6.    All documents that identify or describe Defendant's hierarchical structure, during

26  the applicable statutory period, including but not limited to its divisions or departments, the job

27  titles within the structure, and the persons holding board, officer, and management positions

28

-5-

1    within the structure.

2        7.    All compensation plans and other documents relating to Defendant's policies,

3    procedures, or methods of compensating Senior Retail Mortgage Lending Consultants, Retail

4    Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators during the

5    applicable statutory period.

6        8.    All documents relating to any changes in Defendant's policies, procedures or

7    methods of paying Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

8    Consultants, Senior Field Administrators, and Field Administrators in the last six years.

9        9.    All records, in Excel format, of compensation paid to Plaintiffs during the

10   applicable statutory period, per week and per pay period.

11       10.   All documents containing, identifying or describing all communications between

12   Defendant and Plaintiffs relating to their compensation, hours of work, and overtime.

13       11.   All timesheets or other documents identifying or describing the hours worked by

14   Plaintiffs during the statutory period.

15       12.   All schedules or other documents identifying or describing the anticipated

16   schedules to be worked by Plaintiffs during the statutory period.

17       13.   All phone logs, records, bills, or other documents identifying or describing the date

18   and time of Plaintiffs' telephone activity during the statutory period.

19       14.   All computer logs, records, reports or other documents demonstrating the starting

20   and ending times of Plaintiffs' computer activity during each day of the statutory period.

21       15.   All email or other electronic messages sent to or from Plaintiffs through

22   Defendant's email or computer systems regarding or in any way relating to their hours worked,

23   overtime, and meals and rest periods during the applicable statutory period.

24       16.   All emails or other electronic messages sent to or from Plaintiffs' supervisors

-6-

through Defendant's email or computer systems during the statutory period regarding or in any way relating to Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators' hours worked, overtime, and meals and rest periods during the applicable statutory period.

17.    All time-stamped documents, including closing documents, security logs, faxes, or other documents that provide an identifiable time for the beginning and ending of work-related activity by Plaintiffs that have not been identified and produced in connection with Interrogatories Nos. 12-16.

18.    All official, published job descriptions identifying or describing the job duties and responsibilities of any non-management positions (i.e., employees who, on a day-to-day basis, are not expected to spend greater than 50% of their time engaged in the management of other employees) during the applicable statutory period.

19.    All job postings, advertisements, or other vacancy listings identifying and describing the Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, Senior Field Administrator, and/or Field Administrator positions during the applicable statutory period.

20.    All orientation materials provided to Plaintiffs upon their hire.

21.    All training materials provided to Plaintiffs during their employment.

22.    All policy, procedure or employee rules, handbooks, or manuals in effect and applicable to Plaintiffs during the statutory period.

23.    All documents used generally by Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators in the performance of their jobs, including any standard manuals, charts, graphs, matrixes, instructions, directions, rules, policies, or procedures.

-7-

24.    All documents that rank or otherwise compare or contrast Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators' performance within each location, area, region or nationally.

25.    All documents relating to Defendant's decision not to pay Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators overtime compensation.

26.    All documents that identify or describe all efforts taken by Defendant to comply with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

27.    All documents that identify, describe, or relate to any claim that Defendant's method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators was performed with a good faith reasonable belief that it was complying with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

28.    All documents that identify, describe or relate to any claim made by Defendant that it relied on attorney advice for any claim that their method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators was performed with a good faith reasonable belief that it was complying with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

29.    All documents relating to oral or written complaints or inquiries by any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's methods of compensation during the last ten years.

-8-

30.     All documents relating to oral or written complaints or inquiries, lawsuits or administrative filings made by any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's methods of compensation during the last ten years.

31.     All documents relating to any contact between Defendant and the Department of Labor or any other federal or state government agency regarding Defendant's compensation practices during the last ten years.

32.     All documents containing, identifying or describing all communications between Defendant and any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators relating to this lawsuit.

33.     All documents that may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

34.     All statements of witnesses or potential witnesses or persons interviewed in connection with this case.

35.     All documents relied upon or reviewed by Defendant's expert witnesses in forming his/her opinions in this matter.

36.     All documents obtained as a result of releases and/or subpoenas relating to this case.

37.     All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of meal breaks.

38.     All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

-9-

Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

39.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed or interrupted rest periods.

40.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

41.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed rest periods.

42.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for overtime.

July 11, 2007                          **NICHOLS KASTER & ANDERSON, LLP**

                                       /s/

                                       Bryan J. Schwartz, CA State Bar No. 209903
                                       NICHOLS KASTER & ANDERSON, LLP
                                       One Embarcadero Center
                                       Ste. 720
                                       San Francisco, CA 94111

                                       Attorneys    for    Individual    and    Representative
                                       Plaintiffs

                                       -10-