1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  PAUL R. LYND, Bar No. 202764
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone:    415.433.1940
5  Facsimile:    415.399.8490
   E-mail: gtichy@littler.com, mbarrett@littler.com,
6  plynd@littler.com

7  Attorneys for Defendants
   HSBC MORTGAGE CORPORATION (USA)
8  and HSBC BANK USA, N.A.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  PHILIP WONG, FREDERIC CHAUSSY,          Case No.  C 07 2446 MMC
    and LESLIE MARIE SHEARN,
14  individually, on behalf of all others    **DEFENDANT HSBC MORTGAGE**
    similarly situated, and on behalf of the **CORPORATION (USA)'S RESPONSE**
15  general public,                          **TO PLAINTIFFS' INTERROGATORIES**
                                             **(SET NO. ONE)**
16                        Plaintiffs,

17           v.

18  HSBC MORTGAGE CORPORATION
    (USA); HSBC BANK USA, N.A.; HSBC
19  HOLDINGS, INC.; and DOES 1 through
    50, inclusive,
20
                          Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO INTERROGS. (SET #1)

AUG 1 5 2007

EXHIBIT
2
tabbies®

1  PROPOUNDING PARTY:   Plaintiffs PHILIP WONG, FREDERIC CHAUSSY, and
2                       LESLIE MARIE SHEARN

3  RESPONDING PARTY:    Defendant HSBC MORTGAGE CORPORATION (USA)

4  SET NUMBER:          ONE

5          Defendant HSBC MORTGAGE CORPORATION (USA) (hereinafter "Defendant")

6  under oath, makes the following answers and objections to the written interrogatories propounded to

7  it by Plaintiffs on July 11, 2007. The answers and objections are made solely for the purpose of this

8  action. Each answer is subject to all objections as to competence, relevance, materiality, propriety,

9  and admissibility, and any and all other objections and grounds that would require the exclusion of

10 any statement if any interrogatories were asked of, or any statements contained herein were made by,

11 a witness present and testifying in court, all of which objections and grounds are reserved and may

12 be interposed at the time of trial.

13         The following answers are based upon information presently available to Defendant

14 and, except for explicit facts admitted herein, no incidental or implied admissions are intended

15 hereby. The fact that Defendant has answered or objected to any interrogatory or part thereof should

16 not be taken as an admission that said Defendant accepts or admits the existence of any facts set

17 forth or assumed by such interrogatories and that such answer or objection constitutes admissible

18 evidence. The fact that Defendant has answered part or all of any interrogatory is not intended and

19 shall not be construed to be a waiver by Defendant of all or any part of any objection to any

20 interrogatory.

21         Defendant objects to each and every such interrogatory to the extent that any or all of

22 the interrogatories call for information:  (a) which constitutes information or material prepared in

23 anticipation of litigation or for trial; (b) which constitutes information covered by the work product

24 doctrine; (c) which constitutes information which is privileged by virtue of the attorney-client

25 privilege, or (d) which constitutes information which is privileged or related to confidential trade

26 secrets or the privilege of privacy (including the freedom of association and financial privacy).

27 Defendant thus will not supply or render any information or material protected from discovery by

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
Los Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          1.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO INTERROGS. (SET #1)

1  virtue of the work product doctrine, the attorney-client privilege, privacy privilege or doctrine

2  protecting trade secret, proprietary or confidential information.

3  　　　　The above-stated objections are hereby made applicable to each and all of these

4  interrogatories and are hereby, as to each and all of them, incorporated by reference as if fully set

5  forth therein.

6  ## RESPONSE TO INTERROGATORIES

7  **INTERROGATORY NO. 1:**

8  　　　　With respect to the person signing these Interrogatories please identify the person's

9  name, business address, and job title.

10  **RESPONSE TO INTERROGATORY NO. 1:**

11  　　　　Defendant incorporates its General Objections as though set forth fully herein.

12  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

13  premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

14  discovery at this time. Subject to and without waiving the foregoing objections, Defendant responds

15  as follows: Michelle R. Barrett, Shareholder of the law firm Littler Mendelson, P.C., 650 California

16  Street, 20th Floor, San Francisco, California 94108 is signing the responses to these Interrogatories.

17  **INTERROGATORY NO. 2:**

18  　　　　Identify all persons who you believe have any information or knowledge with respect

19  to any facts or matters relating to the allegations in the Complaint or your Answer.

20  **RESPONSE TO INTERROGATORY NO. 2:**

21  　　　　Defendant incorporates its General Objections as though set forth fully herein.

22  Defendant further objects to this request on the basis of the attorney work product doctrine and the

23  attorney-client privilege. Defendant objects to this interrogatory on the grounds that it is overbroad

24  and not sufficiently limited in scope. Defendant also objects to this interrogatory on the grounds that

25  it is vague and ambiguous with respect to the words and/or phrases "all persons who have any

26  information with respect to any facts or matters." Requesting information from anyone with

27  information in regards to any element of this case is overbroad. Defendant objects on the grounds

28  that Plaintiff's request is unduly burdensome and oppressive. Defendant objects to Plaintiffs'

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)          2.          CASE NO. C 07 2446 MMC

1    attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

2    burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

3    the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

4    not been resolved. Further, Defendant objects to this request as Defendant has not yet answered

5    Plaintiffs' Amended Complaint.

6    **INTERROGATORY NO. 3:**

7            With respect to each person identified in Interrogatory #2, identify and describe what

8    information you believe each person may possess.

9    **RESPONSE TO INTERROGATORY NO. 3:**

10           Defendant incorporates its General Objections as though set forth fully herein.

11   Defendant further objects to this request on the basis of the attorney work product doctrine and the

12   attorney-client privilege. Defendant objects to this interrogatory on the grounds that it is overbroad

13   and not sufficiently limited in scope. Defendant further objects that on the grounds that it is unduly

14   burdensome and oppressive. Defendant objects to Plaintiffs' attempt to conduct discovery at this

15   stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require

16   Defendant to participate in discovery at this time. Moreover, the request is not ripe because

17   Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved. Defendant

18   further objects to this request on the grounds that discovery is not complete and that trial preparation

19   is ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

20   stage.

21   **INTERROGATORY NO. 4:**

22           Identify all managers responsible for directly supervising Plaintiffs during the

23   applicable statutory period, including for each his/her name, address, telephone number, job title, the

24   Plaintiff(s) supervised by him/her, the location at which he/she supervised each Plaintiff, and the

25   dates he/she supervised each Plaintiff.

26   **RESPONSE TO INTERROGATORY NO. 4:**

27           Defendant incorporates its General Objections as though set forth fully herein.

28   Defendant also objects to this request on the ground that it is overbroad and therefore seeks

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)

3.

CASE NO. C 07 2446 MMC

1   information which is neither relevant to the instant action nor reasonably likely to lead to the

2   discovery of admissible evidence. Defendant further objects to this request on the grounds that it is

3   unduly burdensome and oppressive and further calls for a narrative response that could be

4   accomplished through other less burdensome means of discovery. Defendant further objects to this

5   request on the grounds that discovery is not complete and that trial preparation is ongoing, and

6   Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

7   objects to this request on the ground that, to the extent it requests addresses and telephone numbers

8   of third parties, it seeks to invade the privacy of third parties without compelling need therefor.

9   Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

10   premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

11   discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

12   alternatively, Motion to Strike has not been resolved.

13   **INTERROGATORY NO. 4:  [SIC]**

14         Identify each position title utilized at Defendant during the statutory period for

15   non-management employees (i.e., employees who, on a day-to-day basis, are not expected to spend

16   greater than 50% of their time engaged in the management of other employees), describe the duties

17   performed by each, and state whether each position is classified as exempt or non-exempt.

18   **RESPONSE TO INTERROGATORY NO. 4:  [SIC]**

19         Defendant incorporates its General Objections as though set forth fully

20   herein. Defendant objects on the ground that the phrase and/or term "utilized" is vague and

21   ambiguous. Defendant further objects to this request on the grounds that it is unduly burdensome

22   and oppressive and further calls for a narrative response that could be accomplished through other

23   less burdensome means of discovery. Defendant also objects to this request on the grounds that it

24   calls for legal argument and legal conclusions. Defendant further objects to this request on the

25   grounds that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

26   reasonably be expected to formulate a complete response at this stage. Defendant objects to

27   Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

28   unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)    4.    CASE NO. C 07 2446 MMC

1    Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to

2    Strike has not been resolved.

3    **OGATORY NO. 5: [SIC]**

4         Identify the number of employees employed by Defendant during the statutory period

5    in the following positions:

6        a.      Senior Retail Mortgage Lending Consultants;

7        b.      Retail Mortgage Lending Consultants;

8        c.      Senior Field Administrators; and

9        d.      Field Administrators.

10    **RESPONSE TO INTERROGATORY NO. 5: [SIC]**

11         Defendant incorporates its General Objections as though set forth fully herein.

12    Defendant objects on the grounds that this request is overbroad. Defendant further objects to this

13    request on the grounds that discovery is not complete and that trial preparation is ongoing, and

14    Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

15    objects to this request on the ground that it is compound. Defendant objects to Plaintiffs' attempt to

16    conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

17    and prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is

18    not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

19    resolved.

20    **INTERROGATORY NO. 6: [SIC]**

21         Identify each employee employed by Defendant during the statutory period in the

22    position titles listed in Interrogatory 5, stating all position titles each employee held and dates of

23    employment of each person in each position.

24    **RESPONSE TO INTERROGATORY NO. 6: [SIC]**

25         Defendant incorporates its General Objections as though set forth fully herein.

26    Defendant also objects to this request on the ground that it is overbroad. Defendant further objects

27    to this request on the grounds that it is unduly burdensome and oppressive and further calls for a

28    narrative response that could be accomplished through other less burdensome means of discovery.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)

5.

CASE NO. C 07 2446 MMC

1  Defendant also objects on the ground that discovery is not complete and that trial preparation is

2  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

3  stage. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

4  premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

5  discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

6  alternatively, Motion to Strike has not been resolved.   In addition, Defendant objects to this request

7  to the extent that it requires Defendant to create information not already in existence. Defendant

8  further objects on the grounds that it is unduly burdensome and oppressive.

9  **INTERROGATORY NO. 7: [SIC]**

10  Identify each of Defendant's branch/store locations at which Senior Retail Mortgage

11  Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field

12  Administrators have been employed during the statutory period, the date each branch/store opened,

13  and if the branch/store location is no longer open, the date it closed.

14  **RESPONSE TO INTERROGATORY NO. 7: [SIC]**

15  Defendant incorporates its General Objections as though set forth fully herein.

16  Defendant objects on the grounds that this request is overbroad and therefore seeks information

17  which is neither relevant to the instant action nor reasonably likely to lead to the discovery of

18  admissible evidence. Defendant further objects on the grounds that it is unduly burdensome and

19  oppressive and further calls for a narrative response that could be accomplished through other less

20  burdensome means of discovery. Defendant also objects on the ground that discovery is not

21  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

22  formulate a complete response at this stage. Defendant objects to Plaintiffs' attempt to conduct

23  discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

24  prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is not

25  ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

26  resolved.

27  **INTERROGATORY NO. 8: [SIC]**

28  For each branch/store location, identify the location of all notices, if any, posted by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)          6.          CASE NO. C 07 2446 MMC

1   Defendants explaining to their employees the Fair Labor Standards Act.

2   **RESPONSE TO INTERROGATORY NO. 8:** **[SIC]**

3      Defendant incorporates its General Objections as though set forth fully herein.

4   Defendant also objects to this request on the ground that it is overbroad and therefore seeks

5   information which is neither relevant to the instant action nor reasonably likely to lead to the

6   discovery of admissible evidence. Defendant further objects to this request on the grounds that it is

7   unduly burdensome and oppressive. Defendant objects on the ground that the phrases and/or terms

8   "location," "Defendants" and "notices" are vague and ambiguous. Defendant also objects on the

9   ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

10  reasonably be expected to formulate a complete response at this stage. Defendant objects to

11  Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

12  unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

13  Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to

14  Strike has not been resolved.

15  **INTERROGATORY NO. 9:** **[SIC]**

16     Identify and describe Defendant's date of incorporation, State of incorporation,

17  subsidiaries and parent company(ies) [This request includes the name, date of incorporation, State of

18  incorporation of each subsidiary and parent company].

19  **RESPONSE TO INTERROGATORY NO. 9:** **[SIC]**

20     Defendant incorporates its General Objections as though set forth fully herein.

21  Defendant objects on the grounds that this information is equally available to Plaintiff as a matter of

22  public record. Defendant also objects to this request on the ground that it is overbroad and therefore

23  seeks information which is neither relevant to the instant action nor reasonably likely to lead to the

24  discovery of admissible evidence. Defendant objects to Plaintiffs' attempt to conduct discovery at

25  this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

26  require Defendant to participate in discovery at this time. Moreover, the request is not ripe because

27  Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)

7.

CASE NO. C 07 2446 MMC

1    **INTERROGATORY NO. 10:** [SIC]

2        For the statutory period, state the average weekly compensation that Defendant paid

3    to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

4    Administrators, and Field Administrators.

5    **RESPONSE TO INTERROGATORY NO. 10:** [SIC]

6        Defendant incorporates its General Objections as though set forth fully

7    herein.   Defendant objects on the grounds that the request for average weekly compensation is

8    overbroad and does not narrowly define the regions, offices, or individuals whose information would

9    be pertinent to this lawsuit. Defendant further objects to this request on the grounds that it is unduly

10    burdensome and oppressive and further calls for a narrative response that could be accomplished

11    through other less burdensome means of discovery. Defendant further objects to this request on the

12    ground that the financial information sought is privileged and confidential under the constitutional

13    right of privacy.  Defendant also objects on the ground that discovery is not complete and that trial

14    preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

15    response at this stage.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

16    the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

17    to participate in discovery at this time.   Moreover, the request is not ripe because Defendant's

18    Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

19    **INTERROGATORY NO. 11:** [SIC]

20        Identify all persons, by name, job title, dates of employment, and current job status,

21    whose job included responsibility for determining, company-wide, Defendant's compliance with

22    wage and hour laws during the last six years.

23    **RESPONSE TO INTERROGATORY NO. 11:** [SIC]

24        Defendant incorporates its General Objections as though set forth fully herein.

25    Defendant further objects to this request on the basis of the attorney work product doctrine and the

26    attorney-client privilege.    Defendant objects on the ground that the words and/or phrases

27    "responsibility for determining" and "compliance" is vague and ambiguous. Defendant also objects

28    to this request on the ground that it is overbroad and therefore seeks information which is neither

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          8.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO INTERROGS. (SET #1)

1  relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence.

2  Defendant also objects to this request on the grounds that it calls for legal argument and legal

3  conclusions. Defendant further objects to this request on the ground that it seeks information which

4  is equally available to Plaintiff. Defendant objects to Plaintiffs' attempt to conduct discovery at this

5  stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require

6  Defendant to participate in discovery at this time.  Moreover, the request is not ripe because

7  Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

8  **INTERROGATORY NO. 12:  [SIC]**

9        To the extent that Defendant is relying on attorney advice for any good faith defense

10  to liquidated damages and willful conduct, identify the attorney(s), and describe all conversations

11  and correspondence that were relied upon.

12  **RESPONSE TO INTERROGATORY NO. 12:  [SIC]**

13        Defendant incorporates its General Objections as though set forth fully herein.

14  Defendant objects to this request on the grounds that the information requested is protected by the

15  attorney-client privilege and/or work product doctrine. Defendant also objects on the grounds that

16  the words and/or phrases "relying" and "attorney advice" are vague and ambiguous. Defendant also

17  objects to this request on the ground that it is premature and therefore seeks information which is

18  neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible

19  evidence. Defendant also objects to this request on the grounds that it calls for legal argument and

20  legal conclusions.    Additionally, Defendant objects to this request on the grounds that the

21  information sought seeks defense counsel's legal analysis and theories regarding the law. Defendant

22  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

23  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

24  this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

25  Motion to Strike has not been resolved.

26  **INTERROGATORY NO. 13:  [SIC]**

27        Identify and describe all written administrative regulations, orders, rulings, approvals,

28  or interpretations or administrative practice or enforcement policies relied upon by Defendant in

LITTLER MENDELSON
A Professional Corporation
650 California Street,
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)          9.          CASE NO. C 07 2446 MMC

1 | justifying their method of compensating Senior Retail Mortgage Lending Consultants, Retail

2 | Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators.

3 | **RESPONSE TO INTERROGATORY NO. 13:** **[SIC]**

4 |      Defendant incorporates its General Objections as though set forth fully herein.

5 | Defendant objects to this request on the grounds that the information requested is protected by the

6 | attorney-client privilege and/or work product doctrine. Defendant also objects to this request on the

7 | ground that it is premature and therefore seeks information which is neither relevant to the instant

8 | action nor reasonably likely to lead to the discovery of admissible evidence. Defendant also objects

9 | to this request on the grounds that it calls for legal argument and legal conclusions. Additionally,

10 | Defendant objects to this request on the grounds that the information sought seeks defense counsel's

11 | legal analysis and theories regarding the law. Defendant objects on the grounds that the terms and/or

12 | phrases "practice or enforcement policies," "relied upon," and "justified" are vague and ambiguous.

13 | Defendant also objects on the ground that discovery is not complete and that trial preparation is

14 | ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

15 | stage. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

16 | premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

17 | discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

18 | alternatively, Motion to Strike has not been resolved.

19 | **INTERROGATORY NO. 14:** **[SIC]**

20 |      Identify all judicial or other administrative proceedings, lawsuits, investigations, or

21 | inquiries of any kind of Defendant relating to employees' wages or hours worked, including but not

22 | limited to any investigation conducted by any state or federal wage and hour department.

23 | **RESPONSE TO INTERROGATORY NO. 14:** **[SIC]**

24 |      Defendant incorporates its General Objections as though set forth fully

25 | herein. Defendant further objects to this request on the basis of the attorney work product doctrine

26 | and the attorney-client privilege. Defendant also objects to this request on the ground that it is

27 | overbroad and therefore seeks information which is neither relevant to the instant action nor

28 | reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)

10.

CASE NO. C 07 2446 MMC

1  that the phrases and/or terms "investigations," "inquiries," "of any kind of Defendant" are vague and

2  ambiguous.  Defendant objects to this request on the ground that it is unintelligible.  Defendant

3  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

4  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

5  this time.  Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

6  Motion to Strike has not been resolved.

7  **INTERROGATORY NO. 15:  [SIC]**

8          Identify any and all exhibits that may be introduced at trial or used as exhibits in

9  deposition.

10  **RESPONSE TO INTERROGATORY NO. 15:  [SIC]**

11          Defendant incorporates its General Objections as though set forth fully herein.

12  Defendant further objects to this request on the basis of the attorney work product doctrine and the

13  attorney-client privilege.  Defendant further objects to this request on the grounds that it is unduly

14  burdensome and oppressive and further calls for a narrative response that could be accomplished

15  through other less burdensome means of discovery.  Defendant objects to this request on the grounds

16  that the information sought seeks defense counsel's legal analysis and theories regarding the law.

17  Defendant also objects on the ground that discovery is not complete and that trial preparation is

18  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

19  stage.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

20  premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

21  discovery at this time.  Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

22  alternatively, Motion to Strike has not been resolved.

23  **INTERROGATORY NO. 16:  [SIC]**

24          Identify any and all witnesses who may be called at trial.

25  **RESPONSE TO INTERROGATORY NO. 16:  [SIC]**

26          Defendant incorporates its General Objections as though set forth fully herein.

27  Defendant further objects to this request on the basis of the attorney work product doctrine and the

28  attorney-client privilege.  Defendant also objects on the ground that discovery is not complete and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)                    11.                    CASE NO. C 07 2446 MMC

1   that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a

2   complete response at this stage.   Defendant objects to this request on the grounds that the

3   information sought seeks defense counsel's legal analysis and theories regarding the law. Defendant

4   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

5   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

6   this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

7   Motion to Strike has not been resolved.

8   **INTERROGATORY NO. 17:  [SIC]**

9           Identify any expert witness you may call at trial and provide the facts known or

10  opinions held by the expert consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure.

11  **RESPONSE TO INTERROGATORY NO. 17:  [SIC]**

12           Defendant incorporates its General Objections as though set forth fully herein.

13  Defendant further objects to this request on the basis of the attorney work product doctrine and the

14  attorney-client privilege. Defendant further objects to this request on the grounds that it is unduly

15  burdensome and oppressive and further calls for a narrative response that could be accomplished

16  through other less burdensome means of discovery. Defendant objects to this request on the grounds

17  that the information sought seeks defense counsel's legal analysis and theories.   Defendant also

18  objects on the ground that discovery is not complete and that trial preparation is ongoing, and

19  Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

20  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

21  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

22  this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

23  Motion to Strike has not been resolved.

24  **INTERROGATORY NO. 18:  [SIC]**

25           Describe in detail the process in which Defendant classified Senior Retail Mortgage

26  Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field

27  Administrators as exempt and/or non-exempt employees, including when the decision was made, the

28  reason(s) for the decision, identification of those involved in the decision-making process, and the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)        12.        CASE NO. C 07 2446 MMC

1   information relied upon in making the decision.

2   **RESPONSE TO INTERROGATORY NO. 18:** [SIC]

3         Defendant incorporates its General Objections as though set forth fully herein.

4   Defendant further objects to this request on the basis of the attorney work product doctrine and the

5   attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

6   and therefore seeks information which is neither relevant to the instant action nor reasonably likely

7   to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

8   and/or terms "process," "decision-making process" and "relied upon" are vague and ambiguous.

9   Defendant also objects to this request on the grounds that it calls for legal argument and legal

10   conclusions. Defendant objects to this request on the grounds that the information sought seeks

11   defense counsel's legal analysis and theories regarding the law. Defendant also objects on the

12   ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

13   reasonably be expected to formulate a complete response at this stage. Defendant objects to this

14   request on the ground that it is compound. Defendant objects to Plaintiffs' attempt to conduct

15   discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

16   prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is not

17   ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

18   resolved.

19

20   Dated: August 13, 2007

21

22   MICHELLE R. BARRETT

23   LITTLER MENDELSON
  A Professional Corporation

24   Attorneys for Defendants
  HSBC MORTGAGE CORPORATION (USA)

25   and HSBC BANK USA, N.A.

26

27   Firmwide:82789884.2 023404.1043

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO INTERROGS. (SET #1)    13.    CASE NO. C 07 2446 MMC

1   GEORGE J. TICHY, II, Bar No. 041146
    MICHELLE R. BARRETT, Bar No. 197280
2   PAUL R. LYND, Bar No. 202764
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA 94108.2693
    Telephone:    415.433.1940
5   Facsimile:     415.399.8490
    E-mail: gtichy@littler.com, mbarrett@littler.com,
6   plynd@littler.com

7   Attorneys for Defendants
    HSBC MORTGAGE CORPORATION (USA)
8   and HSBC BANK USA, N.A.

AUG 1 5 2007

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13   PHILIP WONG, FREDERIC CHAUSSY,       Case No.  C 07 2446 MMC
     and LESLIE MARIE SHEARN,
14   individually, on behalf of all others    **DEFENDANT HSBC MORTGAGE**
     similarly situated, and on behalf of the  **CORPORATION (USA)'S RESPONSE**
15   general public,                            **TO PLAINTIFFS' REQUESTS FOR**
                                                **PRODUCTION (SET NO. ONE)**
16                  Plaintiffs,

17         v.

18   HSBC MORTGAGE CORPORATION
     (USA); HSBC BANK USA, N.A.; HSBC
19   HOLDINGS, INC.; and DOES 1 through
     50, inclusive,
20
                    Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

CASE NO. C 07 2446 MMC

1  PROPOUNDING PARTY:    Plaintiffs PHILIP WONG, FREDERIC CHAUSSY, and
2                        LESLIE MARIE SHEARN

3  RESPONDING PARTY:     Defendant HSBC MORTGAGE CORPORATION (USA)

4  SET NUMBER:           ONE

5          Defendant HSBC MORTGAGE CORPORATION (USA) (hereinafter "Defendant")

6  hereby makes the following Response (including objections) to Plaintiffs' Request for Production of

7  Documents.  This Response is made solely for purposes of this action.  Each response and/or

8  production is subject to all objections as to competence, relevance, materiality, propriety and

9  admissibility, and any and all other objections and grounds which would require the exclusion of any

10 statements contained herein, if such statements were made by a witness present and testifying at

11 court, all of which objections and grounds are reserved and may be interposed at the time of trial.

12         The following Response is based upon information presently available to Defendant.

13 Defendant is not making any incidental or implied admissions regarding the contents of these

14 documents.  The fact that Defendant has responded or objected to any request or part thereof should

15 not be taken as an admission that Defendant accepts or admits the existence of any fact set forth or

16 assumed by Plaintiffs' request, or that such response or objection constitutes admissible evidence.

17 The fact that Defendant has answered part or all of any request is not intended and shall not be

18 construed to be a waiver by Defendant of all or any part of any objections to any request.

19         Defendant objects to each and every such interrogatory to the extent that any or all of

20 the requests call for information:   (a) which constitutes information or material prepared in

21 anticipation of litigation or for trial; (b) which constitutes information covered by the work product

22 doctrine; (c) which constitutes information which is privileged by virtue of the attorney-client

23 privilege, or (d) which constitutes information which is privileged or related to confidential trade

24 secrets or the privilege of privacy (including the freedom of association and financial privacy).

25 Defendant thus will not supply or render any information or material protected from discovery by

26 virtue of the work product doctrine, the attorney-client privilege, privacy privilege or doctrine

27 protecting trade secret, proprietary or confidential information.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

DEF. HSBC MORTGAGE CORPORATION          1.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1    All of the responses made herein are made subject to the objections stated above and

2    any further objection specifically stated.

3                    **RESPONSES TO REQUEST FOR PRODUCTION**

4    **REQUEST FOR PRODUCTION NO. 1:**

5                    A list, in Excel format, of all persons employed by Defendant as Senior Retail

6    Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators,

7    and/or Field Administrators at any of Defendant's locations within the applicable statutory period,

8    including for each his/her name, address, telephone number, dates of employment as a Senior Retail

9    Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators,

10    and/or Field Administrators, location of employment, employee number, and last four digits of their

11    social security number. For this Request, the relevant statutory period begins six years prior to the

12    date of the filing of this complaint for New York employees, four years for California employees,

13    and three years elsewhere, and continues until the present.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

15                    Defendant incorporates its General Objections as though set forth fully herein.    In

16    addition, Defendant objects to this request on the ground that, to the extent it requests addresses and

17    telephone numbers of third parties, it seeks to invade the privacy interest of third parties without

18    compelling need therefore. Defendant also objects on the ground that discovery is not complete and

19    that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a

20    complete response at this stage.  Defendant also objects to this request on the ground that it is

21    overbroad and therefore seeks information about individuals who are not yet confirmed as parties to

22    this lawsuit.  Defendant objects to this request to the extent that it requires Defendant to create

23    information not already in existence. Defendant objects to Plaintiffs' attempt to conduct discovery

24    at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

25    require Defendant to participate in discovery at this time.  Moreover, the request is not ripe because

26    Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

27                    Subject to and without waiving the foregoing objections, Defendant responds as

28    follows:  Defendant agrees to provide named Plaintiffs with an Excel document identifying named

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

2.

CASE NO. C 07 2446 MMC

1   Plaintiffs, their job titles, dates of employment as a Senior Retail Mortgage Lending Consultant,

2   Retail Mortgage Lending Consultant, Senior Field Administrator, and/or Field Administrator,

3   location of employment, and employee number.

4   **REQUEST FOR PRODUCTION NO. 2:**

5           Plaintiffs' personnel files.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

7           Defendant incorporates its General Objections as though set forth fully herein.  In

8   addition, Defendant objects to this request on the ground that, to the extent it requests addresses and

9   telephone numbers of third parties, it seeks to invade the privacy interest of third parties without

10  compelling need therefore.  Defendant further objects to this request on the ground that the financial

11  information sought is privileged and confidential under the constitutional right of privacy.

12  Defendant also objects on the ground that discovery is not complete and that trial preparation is

13  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

14  stage.  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

15  information about individuals who are not yet confirmed as parties to this lawsuit.  Defendant

16  objects on the ground that the phrase and/or term "personnel files" is vague and ambiguous.

17  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is

18  premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

19  discovery at this time.  Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

20  alternatively, Motion to Strike has not been resolved.

21          Subject to and without waiving the foregoing objections, Defendant responds as

22  follows:  Defendant agrees to provide named Plaintiffs' personnel files.

23  **REQUEST FOR PRODUCTION NO. 3:**

24          A list, in Excel format, of all persons employed by Defendant at the locations in

25  which Plaintiffs worked, including for each his/her name, address, telephone number, job title, dates

26  of employment, location of employment, and current employment status.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION           3.           CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2            Defendant incorporates its General Objections as though set forth fully herein.   In

3    addition, Defendant objects to this request on the ground that, to the extent it requests addresses and

4    telephone numbers of third parties, it seeks to invade the privacy interest of third parties without

5    compelling need therefore. Defendant also objects on the grounds that it is unduly burdensome and

6    oppressive and therefore seeks information which is neither relevant to the instant action nor

7    reasonably likely to lead to the discovery of admissible evidence.   Defendant also objects on the

8    ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

9    reasonably be expected to formulate a complete response at this stage. Defendant also objects to this

10   request on the ground that it is overbroad and therefore seeks information about individuals who are

11   not yet confirmed as parties to this lawsuit.   Defendant objects to this request to the extent that it

12   requires Defendant to create information not already in existence.  Defendant objects to Plaintiffs'

13   attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

14   burdensome and prejudicial to require Defendant to participate in discovery at this time.   Moreover,

15   the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

16   not been resolved.

17   **REQUEST FOR PRODUCTION NO. 4:**

18           A list, in Excel format, of all persons employed by Defendant responsible for directly

19   supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants,

20   Senior Field Administrators, and/or Field Administrators during the applicable statutory period,

21   including for each his/her name, address, telephone number, job title, dates of employment in that

22   position, location managed, and current employment status.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24           Defendant incorporates its General Objections as though set forth fully herein.   In

25   addition, Defendant objects to this request on the ground that, to the extent it requests addresses and

26   telephone numbers of third parties, it seeks to invade the privacy interest of third parties without

27   compelling need therefore. Defendant also objects on the grounds that it is unduly burdensome and

28   oppressive and therefore seeks information which is neither relevant to the instant action nor

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          4.                    CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1  reasonably likely to lead to the discovery of admissible evidence. Defendant also objects on the
2  ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot
3  reasonably be expected to formulate a complete response at this stage. Defendant also objects to this
4  request on the ground that it is overbroad and therefore seeks information related to individuals who
5  are not yet confirmed as parties to this lawsuit. Defendant objects to this request to the extent that it
6  requires Defendant to create information not already in existence. Defendant objects to Plaintiffs'
7  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly
8  burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,
9  the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has
10  not been resolved.

11         Subject to and without waiving the foregoing objections, Defendant responds as
12  follows: Defendant agrees to provide named Plaintiffs with an Excel document identifying all
13  persons employed by Defendant responsible for directly supervising named Plaintiffs. This list shall
14  include the supervisors' names, job titles, dates of employment in that position, location managed (if
15  any), and current employment status.

16  **REQUEST FOR PRODUCTION NO. 5:**

17         A list, in Excel format, of all persons employed by Defendant responsible for directly
18  supervising, during the statutory period, those deemed responsible for supervising Senior Retail
19  Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators,
20  and/or Field Administrators identified in Interrogatory No. 4 above, including for each his/her name,
21  address, telephone number, job title, dates of employment in that position, area or region managed,
22  and current employment status.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

24         Defendant incorporates its General Objections as though set forth fully herein. In
25  addition, Defendant objects to this request on the ground that, to the extent it requests addresses and
26  telephone numbers of third parties, it seeks to invade the privacy interest of third parties without
27  compelling need therefore. Defendant also objects on the grounds that it is unduly burdensome and
28  oppressive and therefore seeks information which is neither relevant to the instant action nor

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          5.          CASE NO. C 07 2446 MMC

1   reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground
2   that the phrase "responsible for directly supervising, during the statutory period, those deemed
3   responsible for supervising" is vague and ambiguous. Defendant objects to this request on the
4   ground that it is unintelligible. Defendant also objects on the ground that discovery is not complete
5   and that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a
6   complete response at this stage. Defendant objects to this request to the extent that it requires
7   Defendant to create information not already in existence. Defendant also objects to this request on
8   the ground that it is overbroad and therefore seeks information related to individuals who are not yet
9   confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at
10  this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to
11  require Defendant to participate in discovery at this time. Moreover, the request is not ripe because
12  Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

13          Subject to and without waiving the foregoing objections, Defendant responds as
14  follows:  Defendant agrees to provide named Plaintiffs with an Excel document identifying all
15  persons employed by Defendant who are responsible for directly supervising named Plaintiffs' direct
16  supervisors. This list shall include the individuals' names, job titles, dates of employment in that
17  position, area or region managed (if any), and current employment status.

18  **REQUEST FOR PRODUCTION NO. 6:**

19          All documents that identify or describe Defendant's hierarchical structure, during the
20  applicable statutory period, including but not limited to its divisions or departments, the job titles
21  within the structure, and the persons holding board, officer, and management positions within the
22  structure.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

24          Defendant incorporates its General Objections as though set forth fully herein.
25  Defendant further objects to this request on the basis of the attorney work product doctrine and the
26  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad
27  and therefore seeks information which is neither relevant to the instant action nor reasonably likely
28  to lead to the discovery of admissible evidence. Defendant objects to this request on the ground that,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)                6.                    CASE NO. C 07 2446 MMC

1  to the extent it requests addresses and telephone numbers of third parties, it seeks to invade the

2  privacy of third parties without compelling need therefor.  Defendant also objects on the ground that

3  discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be

4  expected to formulate a complete response at this stage.  Defendant objects to Plaintiffs' attempt to

5  conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

6  and prejudicial to require Defendant to participate in discovery at this time.  Moreover, the request is

7  not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

8  resolved.

9  **REQUEST FOR PRODUCTION NO. 7:**

10          All compensation plans and other documents relating to Defendant's policies,

11  procedures, or methods of compensating Senior Retail Mortgage Lending Consultants, Retail

12  Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators during the

13  applicable statutory period.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15          Defendant incorporates its General Objections as though set forth fully herein.

16  Defendant further objects to this request on the basis of the attorney work product doctrine and the

17  attorney-client privilege.  Defendant objects on the grounds that this information is equally available

18  to Plaintiffs.  Defendant also objects to this request on the ground that it is overbroad and therefore

19  seeks information which is neither relevant to the instant action nor reasonably likely to lead to the

20  discovery of admissible evidence.  Defendant objects on the ground that the phrases and/or terms

21  "compensation plans," "policies, procedures, or methods," and "compensating" are vague and

22  ambiguous.  Defendant objects to this request on the ground that, to the extent it requests addresses

23  and telephone numbers of third parties, it seeks to invade the privacy of third parties without

24  compelling need therefor.  Defendant further objects to this request on the ground that the financial

25  information sought is privileged and confidential under the constitutional right of privacy.

26  Defendant also objects on the ground that discovery is not complete and that trial preparation is

27  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

28  stage.  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          7.          CASE NO. C 07 2446 MMC

1   information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

2   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

3   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

4   this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

5   Motion to Strike has not been resolved.

6          Subject to and without waiving the foregoing objections, Defendant responds as

7   follows: Defendant agrees to provide named Plaintiffs' with all compensation plans and other non-

8   privileged documents describing the method of compensation applicable to each named Plaintiff,

9   subject to a mutually agreed upon Protective Order.

10   **REQUEST FOR PRODUCTION NO. 8:**

11          All documents relating to any changes in Defendant's policies, procedures or methods

12   of paying Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants,

13   Senior Field Administrators, and Field Administrators in the last six years.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

15          Defendant incorporates its General Objections as though set forth fully herein.

16   Defendant further objects to this request on the basis of the attorney work product doctrine and the

17   attorney-client privilege. Defendant objects on the grounds that this information is equally available

18   to Plaintiffs. Defendant also objects to this request on the ground that it is overbroad and therefore

19   seeks information which is neither relevant to the instant action nor reasonably likely to lead to the

20   discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

21   "changes," "policies, procedures, or methods," and "paying" are vague and ambiguous. Defendant

22   objects to this request on the ground that, to the extent it requests addresses and telephone numbers

23   of third parties, it seeks to invade the privacy of third parties without compelling need therefor.

24   Defendant further objects to this request on the ground that the financial information sought is

25   privileged and confidential under the constitutional right of privacy.   Defendant also objects on the

26   ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

27   reasonably be expected to formulate a complete response at this stage. Defendant also objects to this

28   request on the ground that it is overbroad and therefore seeks information related to individuals who

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

DEF. HSBC MORTGAGE CORPORATION     8.
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)             CASE NO. C 07 2446 MMC

1  are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct

2  discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

3  prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is not

4  ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

5  resolved.

6          Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant agrees to provide all non-privileged documents related to any changes to named

8  Plaintiffs' compensation, compensation plans or pay, subject to a mutually agreed upon Protective

9  Order.

10  **REQUEST FOR PRODUCTION NO. 9:**

11          All records, in Excel format, of compensation paid to Plaintiffs during the applicable

12  statutory period, per week and per pay period.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14          Defendant incorporates its General Objections as though set forth fully herein.

15  Defendant further objects to this request on the basis of the attorney work product doctrine and the

16  attorney-client privilege. Defendant objects on the grounds that Plaintiffs are seeking information

17  which is equally available to Plaintiffs. Defendant also objects to this request on the ground that it is

18  overbroad and therefore seeks information which is neither relevant to the instant action nor

19  reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground

20  that the phrase and/or term "records [] of compensation paid" is vague and ambiguous. Defendant

21  objects to this request on the ground that, to the extent it requests addresses and telephone numbers

22  of third parties, it seeks to invade the privacy of third parties without compelling need therefor.

23  Defendant further objects to this request on the ground that the financial information sought is

24  privileged and confidential under the constitutional right of privacy.  Defendant also objects to this

25  request on the ground that it is overbroad and therefore seeks information related to individuals who

26  are not yet confirmed as parties to this lawsuit. Defendant also objects on the ground that discovery

27  is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected

28  to formulate a complete response at this stage. Defendant objects to this request to the extent that it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          9.

CASE NO. C 07 2446 MMC

1   requires Defendant to create information not already in existence.  Defendant objects to Plaintiffs'

2   attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

3   burdensome and prejudicial to require Defendant to participate in discovery at this time.  Moreover,

4   the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

5   not been resolved.

6           Subject to and without waiving the foregoing objections, Defendant responds as

7   follows:  Defendant agrees to provide named Plaintiffs with an Excel document, if generation of

8   such a document is possible without manually inputting information into an Excel spreadsheet,

9   compensation paid to named Plaintiffs during their employment with Defendant, per week and per

10  pay period.

11  **REQUEST FOR PRODUCTION NO. 10:**

12          All documents containing, identifying or describing all communications between

13  Defendant and Plaintiffs relating to their compensation, hours of work, and overtime.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15          Defendant incorporates its General Objections as though set forth fully herein.

16  Defendant further objects to this request on the basis of the attorney work product doctrine and the

17  attorney-client privilege.  Defendant also objects to this request on the ground that it is overbroad

18  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

19  to lead to the discovery of admissible evidence. Defendant objects on the grounds that Plaintiffs are

20  seeking information which is equally available to Plaintiffs.  Defendant also objects to this request

21  on the ground that it is overbroad and therefore seeks information related to individuals who are not

22  yet confirmed as parties to this lawsuit. Defendant objects on the ground that the phrases and/or

23  terms "containing, identifying, or describing," "communications," "compensation," "hours of work"

24  and "overtime" are vague and ambiguous. Defendant objects to this request on the ground that, to

25  the extent it requests addresses and telephone numbers of third parties, it seeks to invade the privacy

26  of third parties without compelling need therefor. Defendant further objects to this request on the

27  ground that the financial information sought is privileged and confidential under the constitutional

28  right of privacy. Defendant also objects on the ground that discovery is not complete and that trial

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          10.                CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1   preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

2   response at this stage. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

3   the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

4   to participate in discovery at this time. Moreover, the request is not ripe because Defendant's

5   Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

6       Subject to and without waiving the foregoing objections, Defendant responds as

7   follows: Defendant agrees to provide all non-privileged documents containing, identifying or

8   describing all communications between Defendant and named Plaintiffs relating to their

9   compensation, hours of work, and overtime.

10  **REQUEST FOR PRODUCTION NO. 11:**

11      All timesheets or other documents identifying or describing the hours worked by

12  Plaintiffs during the statutory period.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

14      Defendant incorporates its General Objections as though set forth fully herein.

15  Defendant further objects to this request on the basis of the attorney work product doctrine and the

16  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

17  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

18  to lead to the discovery of admissible evidence. Defendant objects on the grounds that Plaintiffs are

19  seeking information which is equally available to Plaintiffs. Defendant objects on the ground that

20  the phrase and/or term "hours worked" is vague and ambiguous. Defendant objects to this request

21  on the ground that, to the extent it requests addresses and telephone numbers of third parties, it seeks

22  to invade the privacy of third parties without compelling need therefor. Defendant further objects to

23  this request on the ground that the financial information sought is privileged and confidential under

24  the constitutional right of privacy. Defendant also objects on the ground that discovery is not

25  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

26  formulate a complete response at this stage. Defendant also objects to this request on the ground that

27  it is overbroad and therefore seeks information related to individuals who are not yet confirmed as

28  parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)                11.                CASE NO. C 07 2446 MMC

1  the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

2  to participate in discovery at this time.  Moreover, the request is not ripe because Defendant's

3  Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

4          Subject to and without waiving the foregoing objections, Defendant responds as

5  follows:  Defendant agrees to provide all timesheets and other non-privileged documents identifying

6  or describing the hours worked by named Plaintiffs.

7  **REQUEST FOR PRODUCTION NO. 12:**

8          All schedules or other documents identifying or describing the anticipated schedules

9  to be worked by Plaintiffs during the statutory period.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11          Defendant incorporates its General Objections as though set forth fully herein.

12  Defendant further objects to this request on the basis of the attorney work product doctrine and the

13  attorney-client privilege.  Defendant also objects to this request on the ground that it is overbroad

14  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

15  to lead to the discovery of admissible evidence.  Defendant objects on the grounds that Plaintiffs are

16  seeking information which is equally available to Plaintiffs.  Defendant objects on the ground that

17  the phrase and/or term "anticipated schedules" is vague and ambiguous.  Defendant also objects on

18  the ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot

19  reasonably be expected to formulate a complete response at this stage.  Defendant also objects to this

20  request on the ground that it is overbroad and therefore seeks information related to individuals who

21  are not yet confirmed as parties to this lawsuit.  Defendant objects to Plaintiffs' attempt to conduct

22  discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

23  prejudicial to require Defendant to participate in discovery at this time.  Moreover, the request is not

24  ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been

25  resolved.

26          Subject to and without waiving the foregoing objections, Defendant responds as

27  follows:  Defendant agrees to provide all schedules and non-privileged documents identifying or

28  describing the anticipated schedules to be worked by named Plaintiffs.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          12.          CASE NO. C 07 2446 MMC

**REQUEST FOR PRODUCTION NO. 13:**

All phone logs, records, bills, or other documents identifying or describing the date and time of Plaintiffs' telephone activity during the statutory period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the basis of the attorney work product doctrine and the attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad and unduly burdensome and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the grounds that Plaintiffs are seeking information which is equally available to Plaintiffs. Defendant objects on the ground that the phrase and/or term "telephone activity" is vague and ambiguous. Defendant objects to this request on the ground that, to the extent it requests addresses and telephone numbers of third parties, it seeks to invade the privacy of third parties without compelling need therefor. Defendant also objects on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant agrees to provide all non-privileged phone logs, non-privileged records, bills, or other non-privileged documents identifying or describing the date and time of named Plaintiffs' telephone activity.

**REQUEST FOR PRODUCTION NO. 14:**

All computer logs, records, reports or other documents demonstrating the starting and ending times of Plaintiffs' computer activity during each day of the statutory period.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

13.

CASE NO. C 07 2446 MMC

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2              Defendant incorporates its General Objections as though set forth fully herein.

3    Defendant further objects to this request on the basis of the attorney work product doctrine and the

4    attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

5    and therefore seeks information which is neither relevant to the instant action nor reasonably likely

6    to lead to the discovery of admissible evidence. Defendant objects on the grounds that Plaintiffs are

7    seeking information which is equally available to Plaintiffs. Defendant objects on the ground that

8    the phrases and/or terms "records," "demonstrating" and "computer activity" are vague and

9    ambiguous. Defendant objects to this request on the ground that, to the extent it requests addresses

10   and telephone numbers of third parties, it seeks to invade the privacy of third parties without

11   compelling need therefor. Defendant further objects to this request on the ground that the financial

12   information sought is privileged and confidential under the constitutional right of privacy.

13   Defendant also objects on the ground that discovery is not complete and that trial preparation is

14   ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

15   stage. Defendant objects to this request to the extent that Defendant to create information not

16   already in existence. Defendant also objects to this request on the ground that it is overbroad and

17   therefore seeks information related to individuals who are not yet confirmed as parties to this

18   lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

19   is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

20   discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

21   alternatively, Motion to Strike has not been resolved.

22              Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Defendant agrees to provide all non-privileged computer logs, non-privileged records, non-

24   privileged reports, or other non-privileged documents demonstrating the starting and ending times of

25   named Plaintiffs' computer activity.

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          14.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1    **REQUEST FOR PRODUCTION NO. 15:**

2            All email or other electronic messages sent to or from Plaintiffs through Defendant's

3    email or computer systems regarding or in any way relating to their hours worked, overtime, and

4    meals and rest periods during the applicable statutory period.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

6            Defendant incorporates its General Objections as though set forth fully herein.

7    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

8    information which is neither relevant to the instant action nor reasonably likely to lead to the

9    discovery of admissible evidence.  Defendant objects on the grounds that Plaintiffs are seeking

10   information which is equally available to Plaintiffs.  Defendant objects on the ground that the phrase

11   and/or term "regarding or in any way relating to their hours works, overtime, and meal and rest

12   periods" is vague and ambiguous.  Defendant also objects on the ground that discovery is not

13   complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

14   formulate a complete response at this stage.  Defendant also objects to this request on the ground that

15   it is overbroad and therefore seeks information related to individuals who are not yet confirmed as

16   parties to this lawsuit.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

17   the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

18   to participate in discovery at this time.  Moreover, the request is not ripe because Defendant's

19   Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

20           Subject to and without waiving the foregoing objections, Defendant responds as

21   follows:  Defendant agrees to provide all emails or electronic message sent to or from named

22   Plaintiffs through Defendant's email or computer system regarding or related to named Plaintiffs'

23   hours worked, overtime, and meal and rest periods.

24   **REQUEST FOR PRODUCTION NO. 16:**

25           All emails or other electronic messages sent to or from Plaintiffs' supervisors through

26   Defendant's email or computer systems during the statutory period regarding or in any way relating

27   to Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION          15.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1  Field Administrators', and/or Field Administrators' hours worked, overtime, and meals and rest

2  periods during the applicable statutory period.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4        Defendant incorporates its General Objections as though set forth fully herein.

5  Defendant further objects to this request on the basis of the attorney work product doctrine and the

6  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

7  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

8  to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase

9  and/or term "regarding or in any way relating to Senior Retail Mortgage Lending Consultants',

10  Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators'

11  hours worked, overtime, and meals and rest periods" is vague and ambiguous. Defendant further

12  objects to this request on the ground that the financial information sought is privileged and

13  confidential under the constitutional right of privacy. Defendant also objects on the ground that

14  discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be

15  expected to formulate a complete response at this stage. Defendant also objects to this request on the

16  ground that it is overbroad and therefore seeks information related to individuals who are not yet

17  confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at

18  this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

19  require Defendant to participate in discovery at this time. Moreover, the request is not ripe because

20  Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

21        Subject to and without waiving the foregoing objections, Defendant responds as

22  follows: Defendant agrees to provide all non-privileged emails and other non-privileged email

23  messages sent to or from named Plaintiffs' supervisors through Defendant's email or computer

24  systems regarding or in any way relating to named Plaintiffs' hours worked, overtime, and meals and

25  rest periods during the applicable statutory period.

26  **REQUEST FOR PRODUCTION NO. 17:**

27        All time-stamped documents, including closing documents, security logs, faxes, or

28  other documents that provide an identifiable time for the beginning and ending of work-related

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)    16.    CASE NO. C 07 2446 MMC

1  activity by Plaintiffs that have not been identified and produced in connection with Interrogatories

2  Nos. 12-16.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

4  Defendant incorporates its General Objections as though set forth fully herein.

5  Defendant further objects to this request on the basis of the attorney work product doctrine and the

6  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

7  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

8  to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase

9  and/or term "an identifiable time for the beginning and ending of work-related activity by Plaintiffs"

10  is vague and ambiguous. Defendant objects to this request on the ground that, to the extent it

11  requests addresses and telephone numbers of third parties, it seeks to invade the privacy of third

12  parties without compelling need therefor. Defendant further objects to this request on the ground

13  that the financial information sought is privileged and confidential under the constitutional right of

14  privacy. Defendant also objects on the ground that discovery is not complete and that trial

15  preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

16  response at this stage. Defendant also objects to this request on the ground that it is overbroad and

17  therefore seeks information related to individuals who are not yet confirmed as parties to this

18  lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

19  is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

20  discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

21  alternatively, Motion to Strike has not been resolved.

22  Subject to and without waiving the foregoing objections, Defendant responds as

23  follows: Defendant agrees to provide all non-privileged time-stamped documents, closing

24  documents, security logs, or other non-privileged documents that provide an identifiable time for the

25  beginning and ending of work-related activity by named Plaintiffs.

26  **REQUEST FOR PRODUCTION NO. 18:**

27  All official, published job descriptions identifying or describing the job duties and

28  responsibilities of any non-management positions (i.e., employees who, on a day-to-day basis, are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

17.

CASE NO. C 07 2446 MMC

1  not expected to spend greater than 50% of their time engaged in the management of other

2  employees) during the applicable statutory period.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

4     Defendant incorporates its General Objections as though set forth fully herein.

5  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

6  information which is neither relevant to the instant action nor reasonably likely to lead to the

7  discovery of admissible evidence.  Defendant also objects on the ground that discovery is not

8  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

9  formulate a complete response at this stage. Defendant also objects to this request on the ground that

10  it is overbroad and therefore seeks information related to individuals who are not parties to this

11  lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

12  is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

13  discovery at this time.  Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

14  alternatively, Motion to Strike has not been resolved.

15  **REQUEST FOR PRODUCTION NO. 19:**

16     All job postings, advertisements, or other vacancy listings identifying and describing

17  the Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, Senior Field

18  Administrator, and/or Field Administrator positions during the applicable statutory period.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

20     Defendant incorporates its General Objections as though set forth fully herein.

21  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

22  information which is neither relevant to the instant action nor reasonably likely to lead to the

23  discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

24  "vacancy listings" is vague and ambiguous. Defendant also objects on the ground that discovery is

25  not complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

26  formulate a complete response at this stage. Defendant also objects to this request on the ground that

27  it is overbroad and therefore seeks information related to individuals who are not yet confirmed as

28  parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

18.

CASE NO. C 07 2446 MMC

1  the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

2  to participate in discovery at this time. Moreover, the request is not ripe because Defendant's

3  Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

4  Subject to and without waiving the foregoing objections, Defendant responds as

5  follows: Defendant agrees to provide job postings, advertisements, or other vacancy listings

6  identifying and describing the positions held by named Plaintiffs.

7  **REQUEST FOR PRODUCTION NO. 20:**

8  All orientation materials provided to Plaintiffs upon their hire.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

10  Defendant incorporates its General Objections as though set forth fully herein.

11  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

12  information which is neither relevant to the instant action nor reasonably likely to lead to the

13  discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term

14  "orientation materials" is vague and ambiguous. Defendant further objects to this request on the

15  ground that the trade secret or proprietary information sought is privileged and confidential.

16  Defendant also objects on the ground that discovery is not complete and that trial preparation is

17  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

18  stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks

19  information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

20  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

21  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

22  this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

23  Motion to Strike has not been resolved.

24  Subject to and without waiving the foregoing objections, Defendant responds as

25  follows: Defendant agrees to provide all orientation materials provided to named Plaintiffs, subject

26  to a mutually agreed upon Protective Order.

27  **REQUEST FOR PRODUCTION NO. 21:**

28  All training materials provided to Plaintiffs during their employment.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2  Defendant incorporates its General Objections as though set forth fully herein.

3  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

4  information which is neither relevant to the instant action nor reasonably likely to lead to the

5  discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term

6  "training material" is vague and ambiguous. Defendant further objects to this request on the ground

7  that the trade secret or proprietary information sought is privileged and confidential. Defendant also

8  objects on the ground that discovery is not complete and that trial preparation is ongoing, and

9  Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

10  also objects to this request on the ground that it is overbroad and therefore seeks information related

11  to individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs'

12  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

13  burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

14  the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

15  not been resolved.

16  Subject to and without waiving the foregoing objections, Defendant responds as

17  follows: Defendant agrees to provide all training materials provided to named Plaintiffs, subject to a

18  mutually agreed upon Protective Order.

19  **REQUEST FOR PRODUCTION NO. 22:**

20  All policy, procedure or employee rules, handbooks, or manuals in effect and

21  applicable to Plaintiffs during the statutory period.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

23  Defendant incorporates its General Objections as though set forth fully herein.

24  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

25  information which is neither relevant to the instant action nor reasonably likely to lead to the

26  discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term

27  "policy, procedure, or employees rules, handbooks or manuals" is vague and ambiguous. Defendant

28  further objects to this request on the ground that the trade secret or proprietary information sought is

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)                20.                CASE NO. C 07 2446 MMC

1  privileged and confidential. Defendant also objects on the ground that discovery is not complete and

2  that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a

3  complete response at this stage. Defendant also objects to this request on the ground that it is

4  overbroad and therefore seeks information related to individuals who are not yet confirmed as parties

5  to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the

6  action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

7  participate in discovery at this time. Moreover, the request is not ripe because Defendant's Motion

8  to Dismiss, or alternatively, Motion to Strike has not been resolved.

9           Subject to and without waiving the foregoing objections, Defendant responds as

10  follows: Defendant agrees to provide all policy, procedure or employee rules, handbooks, or

11  manuals in effect and applicable to named Plaintiffs, subject to a mutually agreed upon Protective

12  Order.

13  **REQUEST FOR PRODUCTION NO. 23:**

14           All documents used generally by Senior Retail Mortgage Lending Consultants, Retail

15  Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators in the

16  performance of their jobs, including any standard manuals, charts, graphs, matrixes, instructions,

17  directions, rules, policies, or procedures.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

19           Defendant incorporates its General Objections as though set forth fully herein.

20  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

21  information which is neither relevant to the instant action nor reasonably likely to lead to the

22  discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "in

23  the performance of their jobs, including any standard manuals, charts, graphs, matrixes, instructions,

24  directions, rules, policies, or procedures" is vague and ambiguous. Defendant further objects to this

25  request on the ground that the trade secret or proprietary information sought is privileged and

26  confidential. Defendant also objects on the ground that discovery is not complete and that trial

27  preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

28  response at this stage. Defendant also objects to this request on the ground that it is overbroad and

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)
    21.     CASE NO. C 07 2446 MMC

1    therefore seeks information related to individuals who are not yet confirmed as parties to this

2    lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

3    is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

4    discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

5    alternatively, Motion to Strike has not been resolved.

6          Subject to and without waiving the foregoing objections, Defendant responds as

7    follows: Defendant agrees to provide all documents, including any standard manuals, charts, graphs,

8    matrixes, instructions, directions, rules, policies, or procedures, used by named Plaintiffs in

9    performing their jobs, subject to a mutually agreed upon Protective Order.

10   **REQUEST FOR PRODUCTION NO. 24:**

11         All documents that rank or otherwise compare or contrast Senior Retail Mortgage

12   Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or

13   Field Administrators' performance within each location, area, region or nationally.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15         Defendant incorporates its General Objections as though set forth fully herein.

16   Defendant further objects to this request on the basis of the attorney work product doctrine and the

17   attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

18   and therefore seeks information which is neither relevant to the instant action nor reasonably likely

19   to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

20   and/or terms "rank or otherwise compare or contrast" and "performance" are vague and ambiguous.

21   Defendant further objects to this request on the ground that the financial information sought is

22   privileged and confidential under the constitutional right of privacy. Defendant further objects to

23   this request on the ground that the trade secret or proprietary information sought is privileged and

24   confidential. Defendant also objects on the ground that discovery is not complete and that trial

25   preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

26   response at this stage. Defendant also objects to this request on the ground that it is overbroad and

27   therefore seeks information related to individuals who are not yet confirmed as parties to this

28   lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          22.          CASE NO. C 07 2446 MMC

1   is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

2   discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

3   alternatively, Motion to Strike has not been resolved.

4          Subject to and without waiving the foregoing objections, Defendant responds as

5   follows: Defendant agrees to provide all non-privileged documents that rank or otherwise compare

6   or contrast named Plaintiffs' performance, subject to a mutually agreed upon Protective Order.

7   **REQUEST FOR PRODUCTION NO. 25:**

8          All documents relating to Defendant's decision not to pay Senior Retail Mortgage

9   Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or

10  Field Administrators overtime compensation.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

12         Defendant incorporates its General Objections as though set forth fully herein.

13  Defendant further objects to this request on the basis of the attorney work product doctrine and the

14  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

15  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

16  to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

17  and/or terms "decision not to pay" and "overtime compensation" are vague and ambiguous.

18  Defendant also objects on the ground that discovery is not complete and that trial preparation is

19  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

20  stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks

21  information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

22  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

23  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

24  this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

25  Motion to Strike has not been resolved.

26  **REQUEST FOR PRODUCTION NO. 26:**

27         All documents that identify or describe all efforts taken by Defendant to comply with

28  the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          23.          CASE NO. C 07 2446 MMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the basis of the attorney work product doctrine and the attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "efforts taken by," "overtime compensation" and "comply" are vague and ambiguous. Defendant also objects on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

**REQUEST FOR PRODUCTION NO. 27:**

All documents that identify, describe, or relate to any claim that Defendant's method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators was performed with a good faith reasonable belief that it was complying with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the basis of the attorney work product doctrine and the attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "method of compensating," "good faith reasonable belief," and "overtime

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 84108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)     24.     CASE NO. C 07 2446 MMC

1   compensation" are vague and ambiguous. Defendant also objects on the ground that discovery is not

2   complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

3   formulate a complete response at this stage. Defendant also objects to this request on the ground that

4   it is overbroad and therefore seeks information related to individuals who are not yet confirmed as

5   parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

6   the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

7   to participate in discovery at this time. Moreover, the request is not ripe because Defendant's

8   Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

9   **REQUEST FOR PRODUCTION NO. 28:**

10          All documents that identify, describe or relate to any claim made by Defendant that it

11  relied on attorney advice for any claim that their method of compensating Senior Retail Mortgage

12  Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field

13  Administrators was performed with a good faith reasonable belief that it was complying with the

14  Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

16          Defendant incorporates its General Objections as though set forth fully herein.

17  Defendant further objects to this request on the basis of the attorney work product doctrine and the

18  attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

19  and therefore seeks information which is neither relevant to the instant action nor reasonably likely

20  to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

21  and/or terms "relied," "method of compensating," "good faith reasonable belief," "complying" and

22  "overtime compensation" are vague and ambiguous. Defendant also objects on the ground that

23  discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be

24  expected to formulate a complete response at this stage. Defendant also objects to this request on the

25  ground that it is overbroad and therefore seeks information related to individuals who are not yet

26  confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at

27  this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          25.          CASE NO. C 07 2446 MMC

1   require Defendant to participate in discovery at this time. Moreover, the request is not ripe because

2   Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

3   **REQUEST FOR PRODUCTION NO. 29:**

4           All documents relating to oral or written complaints or inquiries by any Senior Retail

5   Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators,

6   and Field Administrators regarding Defendant's methods of compensation during the last ten years.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

8           Defendant incorporates its General Objections as though set forth fully herein.

9   Defendant further objects to this request on the basis of the attorney work product doctrine and the

10   attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

11   and therefore seeks information which is neither relevant to the instant action nor reasonably likely

12   to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

13   and/or terms "complaints or inquiries" and "methods of compensation" are vague and ambiguous.

14   Defendant also objects on the ground that discovery is not complete and that trial preparation is

15   ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

16   stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks

17   information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

18   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

19   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

20   this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

21   Motion to Strike has not been resolved.

22           Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Defendant agrees to provide all non-privileged documents relating to oral or written

24   complaints or inquiries made by named Plaintiffs regarding Defendant's methods of compensation.

25   **REQUEST FOR PRODUCTION NO. 30:**

26           All documents relating to oral or written complaints or inquiries, lawsuits or

27   administrative filings made by any Senior Retail Mortgage Lending Consultants, Retail Mortgage

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

26.

CASE NO. C 07 2446 MMC

1    Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's
2    methods of compensation during the last ten years.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4            Defendant incorporates its General Objections as though set forth fully herein.
5    Defendant further objects to this request on the basis of the attorney work product doctrine and the
6    attorney-client privilege.  Defendant also objects to this request on the ground that it is overbroad
7    and therefore seeks information which is neither relevant to the instant action nor reasonably likely
8    to lead to the discovery of admissible evidence.  Defendant objects on the ground that the phrases
9    and/or terms "complaints or inquiries" and "methods of compensation" are vague and ambiguous.
10   Defendant also objects on the ground that discovery is not complete and that trial preparation is
11   ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this
12   stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks
13   information related to individuals who are not yet confirmed as parties to this lawsuit.  Defendant
14   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,
15   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at
16   this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,
17   Motion to Strike has not been resolved.

18           Subject to and without waiving the foregoing objections, Defendant responds as
19   follows:  Defendant agrees to provide all non-privileged documents relating to oral or written
20   complaints or inquiries, or administrative filings made by named Plaintiffs regarding Defendant's
21   methods of compensation.

22   **REQUEST FOR PRODUCTION NO. 31:**

23           All documents relating to any contact between Defendant and the Department of
24   Labor or any other federal or state government agency regarding Defendant's compensation
25   practices during the last ten years.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

27           Defendant incorporates its General Objections as though set forth fully herein.
28   Defendant further objects to this request on the basis of the attorney work product doctrine and the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)        27.        CASE NO. C 07 2446 MMC

1    attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

2    and therefore seeks information which is neither relevant to the instant action nor reasonably likely

3    to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases

4    and/or terms "contact" and "compensation practices" are vague and ambiguous. Defendant also

5    objects on the ground that discovery is not complete and that trial preparation is ongoing, and

6    Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

7    also objects to this request on the ground that it is overbroad and therefore seeks information related

8    to individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs'

9    attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

10   burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

11   the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

12   not been resolved.

13           Subject to and without waiving the foregoing objections, Defendant responds as

14   follows: Defendant agrees to provide all non-privileged documents relating to any contact between

15   Defendant and the Department of Labor or any other federal or state government agency regarding

16   named Plaintiffs and Defendant's compensation practices.

17   **REQUEST FOR PRODUCTION NO. 32:**

18           All documents containing, identifying or describing all communications between

19   Defendant and any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

20   Consultants, Senior Field Administrators, and/or Field Administrators relating to this lawsuit.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

22           Defendant incorporates its General Objections as though set forth fully herein.

23   Defendant further objects to this request on the basis of the attorney work product doctrine and the

24   attorney-client privilege. Defendant also objects to this request on the ground that it is overbroad

25   and therefore seeks information which is neither relevant to the instant action nor reasonably likely

26   to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase

27   and/or term "communications" is vague and ambiguous. Defendant also objects on the ground that

28   discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)            28.            CASE NO. C 07 2446 MMC

1    expected to formulate a complete response at this stage. Defendant also objects to this request on the

2    ground that it is overbroad and therefore seeks information related to individuals who are not yet

3    confirmed as parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at

4    this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

5    require Defendant to participate in discovery at this time. Moreover, the request is not ripe because

6    Defendant's Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

7            Subject to and without waiving the foregoing objections, Defendant responds as

8    follows: Defendant agrees to provide all non-privileged documents containing, identifying or

9    describing all communications between Defendant and named Plaintiffs relating to this lawsuit.

10   **REQUEST FOR PRODUCTION NO. 33:**

11           All documents that may be offered into evidence at trial or depositions or may be

12   used to refresh the recollection of a witness at depositions or trial.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

14           Defendant incorporates its General Objections as though set forth fully herein.

15   Defendant further objects to this request on the basis of the attorney work product doctrine and the

16   attorney-client privilege. Defendant objects to this request on the grounds that the information

17   sought seeks defense counsel's legal analysis and theories regarding the law. Defendant also objects

18   to this request on the ground that it is overbroad and therefore seeks information which is neither

19   relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence.

20   Defendant objects on the ground that the phrase and/or term "may be offered" is vague and

21   ambiguous. Defendant also objects on the ground that discovery is not complete and that trial

22   preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

23   response at this stage. Defendant also objects to this request on the ground that it is overbroad and

24   therefore seeks information related to individuals who are not yet confirmed as parties to this

25   lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

26   is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

27   discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

28   alternatively, Motion to Strike has not been resolved.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION          29.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1 **REQUEST FOR PRODUCTION NO. 34:**

2   All statements of witnesses or potential witnesses or persons interviewed in

3 connection with this case.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

5   Defendant incorporates its General Objections as though set forth fully herein.

6 Defendant further objects to this request on the basis of the attorney work product doctrine and the

7 attorney-client privilege. Defendant objects to this request on the grounds that the information

8 sought seeks defense counsel's legal analysis and theories regarding the law. Defendant also objects

9 to this request on the ground that it is overbroad and therefore seeks information which is neither

10 relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence.

11 Defendant objects on the ground that the phrase and/or term "interviewed in connection" is vague

12 and ambiguous. Defendant also objects on the ground that discovery is not complete and that trial

13 preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

14 response at this stage. Defendant also objects to this request on the ground that it is overbroad and

15 therefore seeks information related to individuals who are not yet confirmed as parties to this

16 lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it

17 is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in

18 discovery at this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or

19 alternatively, Motion to Strike has not been resolved.

20 **REQUEST FOR PRODUCTION NO. 35:**

21   All documents relied upon or reviewed by Defendant's expert witnesses in forming

22 his/her opinions in this matter.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

24   Defendant incorporates its General Objections as though set forth fully herein.

25 Defendant further objects to this request on the basis of the attorney work product doctrine and the

26 attorney-client privilege. Defendant objects to this request on the grounds that the information

27 sought seeks defense counsel's legal analysis and theories regarding the law. Defendant also objects

28 to this request on the ground that it is overbroad and therefore seeks information which is neither

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

30.

CASE NO. C 07 2446 MMC

1   relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence.

2   Defendant also objects on the ground that discovery is not complete and that trial preparation is

3   ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

4   stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks

5   information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

6   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

7   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

8   this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

9   Motion to Strike has not been resolved.

10  **REQUEST FOR PRODUCTION NO. 36:**

11          All documents obtained as a result of releases and/or subpoenas relating to this case.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

13          Defendant incorporates its General Objections as though set forth fully herein.

14  Defendant further objects to this request on the basis of the attorney work product doctrine and the

15  attorney-client privilege. Defendant objects to this request on the grounds that the information

16  sought seeks defense counsel's legal analysis and theories regarding the law. Defendant also objects

17  to this request on the ground that it is overbroad and therefore seeks information which is neither

18  relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence.

19  Defendant objects on the ground that the phrase and/or term "as a result of releases and/or

20  subpoenas" is vague and ambiguous. Defendant also objects on the ground that discovery is not

21  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

22  formulate a complete response at this stage. Defendant also objects to this request on the ground that

23  it is overbroad and therefore seeks information related to individuals who are not yet confirmed as

24  parties to this lawsuit. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

25  the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

26  to participate in discovery at this time. Moreover, the request is not ripe because Defendant's

27  Motion to Dismiss, or alternatively, Motion to Strike has not been resolved.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)                31.                CASE NO. C 07 2446 MMC

1  **REQUEST FOR PRODUCTION NO. 37:**

2          All documents not produced in response to prior Requests containing guidance

3  provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

4  Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

5  the taking of meal breaks.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

7          Defendant incorporates its General Objections as though set forth fully herein.

8  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

9  information which is neither relevant to the instant action nor reasonably likely to lead to the

10 discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

11 "guidance provided" and "taking of meal breaks" are vague and ambiguous. Defendant also objects

12 on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant

13 cannot reasonably be expected to formulate a complete response at this stage. Defendant also

14 objects to this request on the ground that it is overbroad and therefore seeks information related to

15 individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs'

16 attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

17 burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

18 the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

19 not been resolved.

20         Subject to and without waiving the foregoing objections, Defendant responds as

21 follows: Defendant agrees to provide all non-privileged documents not produced in response to

22 prior Requests containing guidance provided to named Plaintiffs' regarding the taking of meal

23 breaks, subject to a mutually agreed upon Protective Order.

24 **REQUEST FOR PRODUCTION NO. 38:**

25         All documents not produced in response to prior Requests containing guidance

26 provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

27 Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

28 the taking of rest periods.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433.1940

DEF. HSBC MORTGAGE CORPORATION          32.          CASE NO. C 07 2446 MMC
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2          Defendant incorporates its General Objections as though set forth fully herein.

3   Defendant also objects to this request on the ground that it is overbroad and therefore seeks

4   information which is neither relevant to the instant action nor reasonably likely to lead to the

5   discovery of admissible evidence.  Defendant objects on the ground that the phrases and/or terms

6   "guidance provided" and "taking of rest periods" are vague and ambiguous.  Defendant also objects

7   on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant

8   cannot reasonably be expected to formulate a complete response at this stage.  Defendant also

9   objects to this request on the ground that it is overbroad and therefore seeks information related to

10  individuals who are not yet confirmed as parties to this lawsuit.  Defendant objects to Plaintiffs'

11  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

12  burdensome and prejudicial to require Defendant to participate in discovery at this time.  Moreover,

13  the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

14  not been resolved.

15          Subject to and without waiving the foregoing objections, Defendant responds as

16  follows:  Defendant agrees to provide all non-privileged documents not produced in response to

17  prior Requests containing guidance provided to named Plaintiffs' regarding the taking of rest

18  periods, subject to a mutually agreed upon Protective Order.

19

20  **REQUEST FOR PRODUCTION NO. 39:**

21          All documents not produced in response to prior Requests containing guidance

22  provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

23  Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

24  compensation for missed or interrupted rest periods.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

26          Defendant incorporates its General Objections as though set forth fully herein.

27  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

28  information which is neither relevant to the instant action nor reasonably likely to lead to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)                33.                CASE NO. C 07 2446 MMC

1  discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

2  "guidance provided" and "missed or interrupted rest periods" are vague and ambiguous. Defendant

3  also objects on the ground that discovery is not complete and that trial preparation is ongoing, and

4  Defendant cannot reasonably be expected to formulate a complete response at this stage. Defendant

5  also objects to this request on the ground that it is overbroad and therefore seeks information related

6  to individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs'

7  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

8  burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

9  the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

10  not been resolved.

11          Subject to and without waiving the foregoing objections, Defendant responds as

12  follows: Defendant agrees to provide all non-privileged documents not produced in response to

13  prior Requests containing guidance provided to named Plaintiffs' regarding missed or interrupted

14  rest periods, subject to a mutually agreed upon Protective Order.

15  **REQUEST FOR PRODUCTION NO. 40:**

16          All documents not produced in response to prior Requests containing guidance

17  provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

18  Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

19  the taking of rest periods.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21          Defendant incorporates its General Objections as though set forth fully herein.

22  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

23  information which is neither relevant to the instant action nor reasonably likely to lead to the

24  discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

25  "guidance provided" and "taking of rest periods" are vague and ambiguous. Defendant also objects

26  on the ground that discovery is not complete and that trial preparation is ongoing, and Defendant

27  cannot reasonably be expected to formulate a complete response at this stage. Defendant also

28  objects to this request on the ground that it is overbroad and therefore seeks information related to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          34.          CASE NO. C 07 2446 MMC

1  individuals who are not yet confirmed as parties to this lawsuit. Defendant objects to Plaintiffs'

2  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

3  burdensome and prejudicial to require Defendant to participate in discovery at this time. Moreover,

4  the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

5  not been resolved.

6           Subject to and without waiving the foregoing objections, Defendant responds as

7  follows: Defendant agrees to provide all non-privileged documents not produced in response to

8  prior Requests containing guidance provided to named Plaintiffs' regarding the taking of rest

9  periods, subject to a mutually agreed upon Protective Order.

10  **REQUEST FOR PRODUCTION NO. 41:**

11          All documents not produced in response to prior Requests containing guidance

12  provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

13  Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

14  compensation for missed rest periods.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16          Defendant incorporates its General Objections as though set forth fully herein.

17  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

18  information which is neither relevant to the instant action nor reasonably likely to lead to the

19  discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

20  "guidance provided" and "compensation for missed rest periods" are vague and ambiguous.

21  Defendant also objects on the ground that discovery is not complete and that trial preparation is

22  ongoing, and Defendant cannot reasonably be expected to formulate a complete response at this

23  stage. Defendant also objects to this request on the ground that it is overbroad and therefore seeks

24  information related to individuals who are not yet confirmed as parties to this lawsuit. Defendant

25  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

26  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

27  this time. Moreover, the request is not ripe because Defendant's Motion to Dismiss, or alternatively,

28  Motion to Strike has not been resolved.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)          35.          CASE NO. C 07 2446 MMC

1              Subject to and without waiving the foregoing objections, Defendant responds as

2    follows:  Defendant agrees to provide all non-privileged documents not produced in response to

3    prior Requests containing guidance provided to named Plaintiffs' regarding compensation for missed

4    rest periods, subject to a mutually agreed upon Protective Order.

5    **REQUEST FOR PRODUCTION NO. 42:**

6              All documents not produced in response to prior Requests containing guidance

7    provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

8    Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding

9    compensation for overtime.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

11              Defendant incorporates its General Objections as though set forth fully herein.

12    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

13    information which is neither relevant to the instant action nor reasonably likely to lead to the

14    discovery of admissible evidence.  Defendant objects on the ground that the phrases and/or terms

15    "guidance provided" and "compensation for overtime" are vague and ambiguous.  Defendant also

16    objects on the ground that discovery is not complete and that trial preparation is ongoing, and

17    Defendant cannot reasonably be expected to formulate a complete response at this stage.  Defendant

18    also objects to this request on the ground that it is overbroad and therefore seeks information related

19    to individuals who are not yet confirmed as parties to this lawsuit.  Defendant objects to Plaintiffs'

20    attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

21    burdensome and prejudicial to require Defendant to participate in discovery at this time.  Moreover,

22    the request is not ripe because Defendant's Motion to Dismiss, or alternatively, Motion to Strike has

23    not been resolved.

24    //

25    //

26    //

27    //

28    //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

36.

CASE NO. C 07 2446 MMC

1          Subject to and without waiving the foregoing objections, Defendant responds as

2    follows: Defendant agrees to provide all non-privileged documents not produced in response to

3    prior Requests containing guidance provided to named Plaintiffs' regarding compensation for

4    overtime, subject to a mutually agreed upon Protective Order.

5

6    Dated: August 13, 2007

7

8                           MICHELLE R. BARRETT

                        LITTLER MENDELSON

9                            A Professional Corporation

                        Attorneys for Defendants

10                           HSBC MORTGAGE CORPORATION (USA)

                        and HSBC BANK USA, N.A.

11

12

    Firmwide:82791320.1 023404.1043

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF. HSBC MORTGAGE CORPORATION
(USA)'S RESP. TO REQ. FOR PROD. (SET #1)

37.

CASE NO. C 07 2446 MMC