UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD STILLMAN, :
:
      Plaintiff, : Civil Action No. 07-849 (KSH)
v. :
:
STAPLES, INC., : ORDER ON INFORMAL
: APPLICATION
:
      Defendant. :

This matter having come before the Court by way of letter dated July 20, 2007, regarding a dispute concerning the plaintiff's Interrogatory No. 2, which requests the names, address, position and title of employees with the same or similar job duties as the plaintiff;

and the Court having considered the claims, Rule 26, and the arguments of the parties;

and for the reasons set forth herein;[1]

---

[1] The plaintiff seeks relief under the Fair Labor Standards Act and intends to ask the Court to allow him to maintain a collective action. To maintain a collective action, the plaintiff must show that there are other employees who are similarly situated. See 29 U.S.C. § 216(b) (stating that a collective action may be brought by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated"). To satisfy the similarly situated standard, the plaintiff "need show only that [his] position is similar, not identical, to the positions held by putative class members." Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 405 (D.N.J. 1988), aff'd Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). Thus, to determine whether or not the plaintiff and proposed plaintiffs are similarly situated, the Court must consider whether or not: (1) they all worked in the same department, division, and location; (2) they all advance similar claims; and (3) they seek substantially the same form of relief. Lockhart v. Westinghouse Credit Corp., 879 F.2d 43, 51 (3d Cir. 1989). Geographic commonality is not required. Id. at 52 & n.10. The focus is whether or not the employees were impacted by a common policy. Sperling, 118 F.R.D at 38-40 (D.N.J. 1988). Thus, discovery aimed to gather information about this subject is relevant and the proper topic for an interrogatory even before the collective action is certified. See Morden v. T-Mobile USA, Inc., Civ. No. C05-2112, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (citing cases, including Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989) and stating that in a FLSA case "at a minimum, plaintiffs should be entitled to discover the names and addresses of potentially similarly-situated employees of the defendant"); Hammond v. Lowe's Home Centers, Inc., 216 F.R.D. 666, 671 (D. Kan. 2003); Miklos v. Golman-Hayden Co., No. 2:99-CV-1279 2000 WL 1617969, at *1-2 (S.D. Ohio Oct. 24, 2000); see also Spellman v. Visionquest Nat'l,



IT IS ON THIS 30th day of July, 2007

ORDERED that, no later than **August 10, 2007**, the defendant shall provide a response to plaintiff's Interrogatory No. 2 for the period from February 8, 2004 to present.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

Ltd., No. 96-235E 1998 WL 1997458, at *2 (W.D. Pa. Feb. 13, 1998) (requiring defendant "to produce job descriptions so that Plaintiff could more carefully define its proposed class. . .").

While certain courts have determined that such discovery is not appropriate before the collective action is authorized, see, e.g., Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694, 695 (M.D. Ala. 2003), under the liberal discovery standard of Rule 26 and the clear relevance of the information at this time, there is no basis to delay a response to this interrogatory until after a ruling on the collective action motion. The plaintiff alleges that Staples employees nationwide who held the title of Assistant Store Sales Manager were called upon to do tasks that make them more akin to non-exempt workers. This interrogatory is tailored to seek information that will enable the plaintiff to identify these individuals so that they may interview them to determine whether or not similarly situated Staples employees exist. The fact that these employees may work in different geographic areas does not automatically make them dissimilar. In addition, the response will allow the plaintiff to see if these individuals have any discoverable information about the defendant's practices. Sperling, 118 F.R.D. at 402; Vivone v. Acme Markets, Inc., 105 F.R.D. 65, 68 (E.D. Pa. 1985) (permitting such discovery because it would also aid in the individuals to bring separate ADEA claims because it may lead to evidence of a pattern or practice that may bolster the individual claims). For these reasons, the defendant shall provide the information sought by Interrogatory No. 2.