Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Timothy C. Selander, MN State Bar No. 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, MN State Bar No. 346214, CA Bar No. 250451
(admitted **pro hac vice**, N.D. Cal. application forthcoming)
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:07-cv-2446 MMC<br><br>**AMENDED DECLARATION OF PLAINTIFFS' COUNSEL, BRYAN J. SCHWARTZ, ESQ., REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' COMPLETE AND THOROUGH RESPONSES TO INTERROGATORIES 4 AND 6 AND REQUESTS FOR PRODUCTION 1, 3, 4, AND 5, WITHIN FIVE (5) DAYS OF THE COURT'S ORDER** |

¶1. My name is Bryan Schwartz and I am counsel of record in the above-referenced matter. I am over the age of 18 and competent to testify about the matter set forth herein.

¶2. On July 11, 2007, after meeting-and-conferring with Defendants' counsel (Michelle Barrett) pursuant to Fed.R.Civ.P. 26(f), I initiated discovery on behalf of Plaintiffs, serving interrogatories, requests for production of documents, and requests for admissions.

**DECLARATION OF BRYAN J. SCHWARTZ, ESQ.**

¶3    Pursuant to Federal Rule of Civil Procedure 37(a)(1)(A), I conferred with defense counsel to try to resolve the discovery issues addressed in the above-referenced Motion to Compel, but was unsuccessful. In particular, the parties exchanged extensive communications on August 17, 20, and 21, 2007, reaching an impasse regarding the necessity of Defendants' prompt cooperation in full discovery. I have sought to narrow the scope of discovery due immediately, to encourage Defendants to cooperate. Nonetheless, immediately prior to Plaintiffs' service of this Motion, on August 21, 2007, Defendants reiterated their refusal to cooperate.

¶4    Plaintiffs are hamstrung in discovery by Defendants' refusal to provide the names and contact information of relevant witnesses. For example, Plaintiffs cannot obtain information which may tend to corroborate the Plaintiffs' own accounts, including information from managers and co-workers who do will not gain by this lawsuit but who may testify truthfully about Defendants' practices. Though Defendants will inevitably attempt to present witnesses to attempt to rebut Plaintiffs' assertions, Plaintiffs are denied the opportunity to explore (beyond Plaintiffs own clients) the nature and scope of Defendants' unlawful activity.

¶5    Exhibit 1 to the Motion is a true and correct copy of Plaintiffs' Interrogatories and Requests for Production of Documents, served July 11, 2007, in the above-referenced matter.

¶6    Exhibit 2 to the Motion is a true and correct copy of Defendants' Responses to Plaintiffs' discovery requests (in Exhibit 1), served on or after August 13, 2007.

¶7    Exhibit 3 to the Motion is a true and correct copy of *Stillman v. Staples, Inc.*, Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007).

¶8    Exhibit 4 to the Motion is a true and correct copy of *Bryan Pepe, et al v. Accredited Home Lenders*, Civ. No. 2:06-cv-01225 (W.D. Pa. May 14, 2007).

¶9    Exhibit 5 to the Motion is a true and correct copy of *Darryl Allen, et al v. Accredited Home Lenders*, Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: 8/21/07

_____
Bryan Schwartz