1

2                              UNITED STATES DISTRICT COURT

3                            NORTHERN DISTRICT OF CALIFORNIA

4

5   Philip Wong, Frederic Chaussy, and Leslie        Case No.  C 07 2446 MMC
    Marie Shearn, individually, on behalf of all
6   others similarly situated, and on behalf of
    the general public.,

7                Plaintiffs,

8        v.                                           **[PROPOSED] ORDER**

9   HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.; and DOES 1
10  through 50, inclusive,

11               Defendants.

12

13                                    **[PROPOSED] ORDER**

14  On August 23, 2007, a hearing was held before the Court on "Defendants HSBC Mortgage

15  Corporation (USA)'s and HSBC Bank USA, N.A.'s Motion to Dismiss, Or, Alternatively, Motion to

16  Strike Rule 23 Class Action Allegations (FRCP 12(b)(6) and 12(f))." After consideration of the

17  briefing for and against the Motion, and the arguments of counsel at the hearing, and good cause

18  being shown, the Court hereby **DENIES** Defendants' Motion.

19

20

21  State law, Rule 23 class claims, and federal Fair Labor Standards Act claims under 29 U.S.C.

22  §216(b) ("FLSA"), with their collective action mechanism, can be (and often are) litigated

23  simultaneously. See, e.g., Morton v. Valley Farm Transportation, Inc., 2007 WL 1113999 (N.D. Cal.

24  April 13, 2007) (Illston, J.); Breeden v. Benchmark Lending Group, Inc., 229 F.R.D. 623 (N.D. Cal.

25  2005) (Conti, J.); Kelley v. SBC, Inc., 1998 WL 928302 (N.D. Cal. November 13, 1998) (Wilken,

26  J.). The sheer number of courts in this and other jurisdictions certifying Rule 23 and FLSA claims

27  simultaneously disproves the notion that the claims are "inherently incompatible," as Defendants

28

**[PROPOSED] ORDER**                                              Case No.  C 07 2446 MMC

argue. See Westerfield v. Washington Mut. Bank, 2007 WL 2162989 (E.D.N.Y. July 26, 2007)

(expressly rejecting "inherent incompatibility" argument under similar circumstances). Defendants'

reliance on Leuthold v. Destination America, Inc., 224 F.R.D. 462 (N.D. Cal. 2004) (Walker, J.), is

inapposite, since that case was decided based on the Court's consideration of a Rule 23 class

certification motion, where facts were adduced showing that the Rule 23 class action mechanism

lacked superiority under the particular circumstances. At the Fed.R.Civ.P. 12(b)(6) stage, such an

analysis would be premature, and in any event, no such facts were adduced here. As such, dismissal

of (or striking of) Plaintiffs' state law claims under Fed.R.Civ.P. 12(b)(6) or 12(f) is inappropriate.

Bell Atlantic Corp. et al. v. Twombly et al., __ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (May 21,

2007); Colaprico v. Sun Microsystems, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

Moreover, Defendants' attempt to invoke the Rules Enabling Act fails, since the collective action

mechanism of the FLSA is a procedural mechanism – not a substantive right. Westerfield, 2007 WL

2162989, at *2. "Even if the right to opt-in is a substantive right, the right is not modified or

abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in

class in the same case." Id.

The Court has the discretion to exercise supplemental jurisdiction over the state law claims, under 28

U.S.C. §1367, and will do so here, because the Plaintiffs' wage and hour claims under state and

federal law arose under a common nucleus of operative fact. Kuba v. 1-A Agric. Ass'n, 387 F.3d

850, 855 (9th Cir. 2004). See also Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003).

Judicial economy and fairness dictate this result, because if the state and federal claims were to be

litigated in parallel fashion in separate courts, there would be great potential for confusion of issues,

and considerable unnecessary expenditure of judicial and the parties' resources. Ansoumana v.

**[PROPOSED] ORDER**                    2.                    Case No.  C 07 2446 MMC

1    Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001), citing William W. Schwartzer, et al.,

2    Judicial Federalism in Action: Coordination of Litigation in State and Federal Courts, 78

3    VA.L.REV. 1689 (1992).

4

5

6    Finally, Defendants' motion to dismiss Plaintiff's Ninth Claim of Relief for failure to state a claim

7    upon which relief can be granted is rejected, because New Jersey law provides recourse for violation

8    of overtime laws. N.J. Stat. Ann. §§34:11-56(a)(4), 34:11-56(a)25.

9

10                                        It is SO ORDERED.

11

12

13                        ._____.
                            Hon. Maxine M. Chesney
14                          United States District Court
                            Northern District of California
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**                        3.                    Case No.  C 07 2446 MMC