September 10, 2007

Michelle R. Barrett
Littler Mendelson, PC
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone: 415.433.1940
Facsimile: 415.399.8490
mbarrett@littler.com

Bryan Schwartz
Nichols Kaster & Anderson, LLP
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Telephone: 415.277.7235
Facsimile: 415.277.7238
schwartz@nka.com

**VIA ELECTRONIC FILING**

The Honorable Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

Re:  *Wong, et al. v. HSBC Mortgage Corporation (USA), et al.*
     United States District Court Case No. 07-2446 MMC (JCS)

Dear Magistrate Judge Spero:

The purpose of this Joint Letter to the Court is to report the agreements reached by the parties after they met and conferred in person on September 5, 2007.[1]  The parties informally resolved all issues related to Plaintiffs' motion to compel Defendant HSBC Mortgage Corporation (USA) ("Defendant" or "Mortgage Corp") to provide further responses to Plaintiffs' Requests for Production 1, 3, 4 and 5 and Interrogatories 4 and 6.  Therefore, this motion is moot and should be removed from the Court's calendar.  In fact, it is our understanding that the Court has removed the matter from the calendar.  Given the breadth of information, the parties have agreed to work together in terms of deadlines for providing further discovery responses.  Defendant anticipates being able to provide the list agreed upon by the parties regarding putative class members (Request for Production No. 1) this week.  Defendant will also provide Plaintiffs with an update as to its ability to provide the lists agreed upon by the parties related to supervisors (Requests for Production Nos. 4 and 5) this week, as gathering this information must be done primarily by a manual review of employee

---

[1] All dates shall refer to the year 2007 unless otherwise stated.

The Honorable Joseph C. Spero
September 10, 2007
Page 2

files.  Defendant anticipates being able to provide at least preliminary information regarding the direct supervisors of the current putative class members this week or next week.

I.      INTRODUCTION AND RELEVANT FACTS

The discovery requests at issue in Plaintiff's motion to compel were served on Mortgage Corp on July 11.  Defendant served responses and objections on August 13.  On August 21, Plaintiffs filed their motion to compel further responses.  Judge Chesney referred the motion to Magistrate Spero and the matter was scheduled to be heard on September 28, at 9:30 a.m.  On August 29, Magistrate Spero ordered the parties to meet and confer in person in his Juror Conference Room in an effort to resolve the matters at issue in the motion to compel.  The parties were also ordered to submit a Joint Letter to the Court within five business days of meeting and conferring.

Beginning at approximately 10:45 a.m. on September 5, Bryan Schwartz, counsel for Plaintiffs, and Michelle R. Barrett, counsel for Defendants, met in person in Magistrate Spero's Juror Conference Room.  The parties resolved all issues in the motion to compel as described below.  The Civil Minute Order issued by the Court on September 5 noted that the parties resolved all issues and would submit a report to the Court.

II.     REQUEST FOR PRODUCTION NO. 1

   A.      The Disputed Discovery Request:

Plaintiffs requested production of the following document in Request for Production No. 1:

> A list, in Excel format, of all persons employed by Defendant as Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators at any of Defendant's locations within the applicable statutory period, including for each his/her name, address, telephone number, dates of employment as a Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators, location of employment, employee number, and last four digits of their social security number. For this Request, the relevant statutory period begins six years prior to the date of the filing of this complaint for New York employees, four years for California employees, and three years elsewhere, and continues until the present.

   B.      Defendant's Objections to the Disputed Discovery Request:

Defendant Mortgage Corp objected to this request on the grounds that it sought information that was protected by third parties' privacy rights, was overbroad to the extent it sought

The Honorable Joseph C. Spero
September 10, 2007
Page 3

information regarding non-parties, and required Defendant to create a document that was not already in existence. Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss Plaintiffs' class action allegations remained, at the time, pending. At the time of the response, Defendant agreed to provide Plaintiffs with an Excel document containing the requested information for the named Plaintiffs. During informal meet and confer efforts, Defendant agreed to provide Plaintiffs with information about not only named Plaintiffs, but also all opt-in Plaintiffs.

### C. The Resolution Agreed to by the Parties:

The parties resolved their differences by agreeing that Defendant would provide the requested information for a period beginning <u>three years</u> before Plaintiffs filed their Complaint and Amended Complaint,[2] which is the applicable statute of limitations for Plaintiffs' claims under the Fair Labor Standards Act (FLSA). Plaintiffs agreed that Defendant need not provide information regarding New York or California employees for a six or four year period as originally requested.

Therefore, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp as (1) Senior Retail Mortgage Lending Consultants and (2) Retail Mortgage Lending Consultants at any of Defendant's locations between May 7, 2004 to present. Additionally, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp as (1) Senior Field Administrators and (2) Field Administrators at any of Defendant's locations between June 29, 2004 to present. The list will include each employee's name, last known address, last known telephone number, dates of employment with Mortgage Corp, position, location of employment, employee number, and last four digits of social security number. To protect the privacy rights of non-litigants, the information provided by Defendant in response to this request shall be subject to the protective order to which the parties recently stipulated.

---

[2] Plaintiffs filed their initial Complaint on May 7, 2007. This Complaint included allegations related to Senior Retail Mortgage Lending Consultants and Retail Mortgage Lending Consultants. Thus, the applicable statute of limitations period for these job classifications is May 7, 2004. On June 29, 2007, Plaintiffs filed an Amended Complaint. The Amended Complaint added claims related to Senior Field Administrators and Field Administrators. As such, the three year statute of limitations period applicable to these two job classifications extends back to June 29, 2004.

The Honorable Joseph C. Spero
September 10, 2007
Page 4

### III. REQUEST FOR PRODUCTION NO. 3

#### A. The Disputed Discovery Request:

Plaintiffs requested production of the following document in Request for Production No. 3:

> A list, in Excel format, of all persons employed by Defendant at the locations in which Plaintiffs worked, including for each his/her name, address, telephone number, job title, dates of employment, location of employment, and current employment status.

#### B. Defendant's Objections to the Disputed Discovery Request:

Defendant Mortgage Corp objected to this request on the grounds that it sought information that was irrelevant and protected by third parties' privacy rights, was unduly burdensome and oppressive, was overbroad to the extent it sought information regarding non-parties, and required Defendant to create a document that was not already in existence. Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss Plaintiffs' class action allegations remained, at the time, pending.

#### C. The Resolution Agreed to by the Parties:

The parties agreed that Defendant need not respond to this request.

### IV. REQUEST FOR PRODUCTION NO. 4:

#### A. The Disputed Discovery Request:

Plaintiffs requested production of the following documents in Request for Production No. 4:

> A list, in Excel format, of all persons employed by Defendant responsible for directly supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators during the applicable statutory period, including for each his/her name, address, telephone number, job title, dates of employment in that position, location managed, and current employment status.

#### B. Defendant's Objections to the Disputed Discovery Request:

Defendant Mortgage Corp objected to this request on the grounds that it sought information that was irrelevant and protected by third parties' privacy rights, was unduly burdensome and oppressive, was overbroad to the extent it sought information regarding non-parties, and

The Honorable Joseph C. Spero
September 10, 2007
Page 5

required Defendant to create a document that was not already in existence. Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss Plaintiffs' class action allegations remained, at the time, pending. At the time of the response, Defendant agreed to provide Plaintiffs with an Excel document containing the requested information for all persons employed by Mortgage Corp who were responsible for directly supervising the named Plaintiffs. During informal meet and confer efforts, Defendant also agreed to provide Plaintiffs with information about not only named Plaintiffs' direct supervisors, but also all the direct supervisors of all opt-in Plaintiffs.

### C. The Resolution Agreed to by the Parties:

The parties resolved their differences by agreeing that (1) the statutory period shall be limited to three years for purposes of this request and (2) Defendant need not provide addresses for individuals who are currently employed by any Defendant because such individuals must be contacted through Defendant's counsel to comply with California Rule of Professional Conduct 2-100.

Therefore, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp who were responsible for directly supervising (1) Senior Retail Mortgage Lending Consultants and (2) Retail Mortgage Lending Consultants at any time between May 7, 2004 to present. Additionally, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp who were responsible for directly supervising (1) Senior Field Administrators and (2) Field Administrators at any of Defendant's locations between June 29, 2004 to present. The list will include each supervisor's name, job title, dates of employment in that position, location managed and current employment status. The list will also include the last known address and telephone number for all supervisors who are not currently employed by any entity that is a Defendant in this action. To protect the privacy rights of non-litigants, the information provided by Defendant in response to this request shall be subject to the protective order to which the parties recently stipulated.

### V. REQUEST FOR PRODUCTION NO. 5

### A. The Disputed Discovery Request:

Plaintiffs requested production of the following documents in Request for Production No. 5:

> A list, in Excel format, of all persons employed by Defendant responsible for directly supervising, during the statutory period, those deemed responsible for supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators identified in Interrogatory No. 4 above, including for each

The Honorable Joseph C. Spero
September 10, 2007
Page 6

his/her name, address, telephone number, job title, dates of employment in that position, area or region managed, and current employment status.

### B. Defendant's Objections to the Disputed Discovery Request:

Defendant Mortgage Corp objected to this request on the grounds that it sought information that was irrelevant and protected by third parties' privacy rights, was unduly burdensome and oppressive, was overbroad to the extent it sought information regarding non-parties, and required Defendant to create a document that was not already in existence. Defendant further objected that portions of this request were unintelligible. Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss Plaintiffs' class action allegations remained, at the time, pending. At the time of the response, Defendant agreed to provide Plaintiffs with an Excel document containing the requested information for all persons employed by Mortgage Corp who were responsible for directly supervising the named Plaintiffs' direct supervisors. During informal meet and confer efforts, Defendant also agreed to provide Plaintiffs with information about not only the supervisors of the named Plaintiffs' direct supervisors, but also the supervisors of all the opt-in Plaintiffs' direct supervisors.

### C. The Resolution Agreed to by the Parties:

The parties resolved their differences by agreeing that (1) the statutory period shall be limited to three years for purposes of this request and (2) Defendant need not provide addresses for individuals who are currently employed by any Defendant because such individuals must be contacted through Defendant's counsel to comply with California Rule of Professional Conduct 2-100.

Therefore, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp who supervised any direct supervisor of persons employed by Mortgage Corp as (1) Senior Retail Mortgage Lending Consultants and (2) Retail Mortgage Lending Consultants at any time between May 7, 2004 to present. Additionally, Defendant will provide Plaintiffs with a list of all persons employed by Mortgage Corp who supervised any direct supervisor of persons employed by Mortgage Corp as (1) Senior Field Administrators and (2) Field Administrators at any time between June 29, 2004 to present. The list will include each supervisor's name, job title, dates of employment in that position, area or region managed and current employment status. The list will also include the last known address and telephone number for all supervisors who are not currently employed by any entity that is a Defendant in this action. To protect the privacy rights of non-litigants, the information provided by Defendant in response to this request shall be subject to the protective order to which the parties recently stipulated.

The Honorable Joseph C. Spero
September 10, 2007
Page 7

## VI.    INTERROGATORY NO. 4:

### A.    The Disputed Discovery Request:

Plaintiffs requested the following in Interrogatory No. 4:

> Identify all managers responsible for directly supervising Plaintiffs during the applicable statutory period, including for each his/her name, address, telephone number, job title, the Plaintiff(s) supervised by him/her, the location at which he/she supervised each Plaintiff, and the dates he/she supervised each Plaintiff.

### B.    Defendant's Objections to the Disputed Discovery Request:

Defendant objected to this interrogatory on the grounds that it sought irrelevant information, was unduly burdensome and oppressive and called for a narrative response that could be accomplished through less burdensome means of discovery.  Defendant further objected that this interrogatory sought information that was protected by third parties' privacy rights.  Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss Plaintiffs' class action allegations remained, at the time, pending.

### C.    The Resolution Agreed to by the Parties:

The parties agreed that Defendant need not separately provide this information in response to an interrogatory.  Plaintiffs will receive the information requested in this interrogatory through the Excel list that Defendant has agreed to provide in response to Request for Production No. 4, subject to the agreed limitations identified above.

## VII.    INTERROGATORY NO. 6:

### A.    The Disputed Discovery Request:

Plaintiffs requested the following in Interrogatory No. 6:

> Identify each employee employed by Defendant during the statutory period in the position titles listed in Interrogatory 5 [a. Senior Retail Mortgage Lending Consultants; b. Retail Mortgage Lending Consultants; c. Senior Field Administrators; and d. Field Administrators], stating all position titles each employee held and dates of employment of each person in each position.

The Honorable Joseph C. Spero
September 10, 2007
Page 8

### B. Defendant's Objections to the Disputed Discovery Request:

Defendant objected to this interrogatory on the grounds that it sought irrelevant information, was unduly burdensome and oppressive and called for a narrative response that could be accomplished through less burdensome means of discovery. Defendant further objected that this interrogatory sought information that was protected by third parties' privacy rights. Defendant also asserted that the request was premature, unduly burdensome and prejudicial because neither a collective action nor a class action had been certified and Defendants' motion to dismiss the class action remained, at the time, pending.

### C. The Resolution Agreed to by the Parties:

The parties agreed that Defendant need not separately provide this information in response to an interrogatory. Plaintiffs will receive the information requested in this interrogatory through the Excel list that Defendant has agreed to provide in response to Request for Production No. 1, subject to the agreed limitations identified above.

### VIII. CONCLUSION

The parties agree that all issues related to Plaintiffs' motion to compel have been resolved as described above. If the Court requires any further information regarding the parties' meet and confer efforts or the resolution of this motion, please let us know.

Sincerely,

_____/s/_____
Michelle R. Barrett
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) & HSBC BANK USA, N.A.


_____/s/_____
Bryan Schwartz
NICHOLS KASTER & ANDERSON, LLP
Attorneys for Plaintiffs
PHILIP WONG, FREDERIC CHAUSSY & LESLIE MARIE SHEARN