1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  KIMBERLY L. OWENS, Bar No. 233185
   JUSTIN T. CURLEY, Bar No. 233287
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, California  94108
5  Telephone:     (415) 433-1940
   Facsimile:      (415) 399-8490
6  E-mail: gtichy@littler.com, mbarrett@littler.com,
   kowens@littler.com, jcurley@littler.com
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) and
   HSBC BANK USA, N.A.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. C 07 2446 MMC [ECF]<br><br>**HSBC MORTGAGE CORPORATION (USA)'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| v. | |
| HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive, | |
| Defendants. | |

        COMES NOW Defendant HSBC Mortgage Corporation (USA) ("HSBC Mortgage"),

and for its Answer to the First Amended Complaint for Damages, Restitution and Injunctive Relief

("Complaint") filed by Plaintiffs Philip Wong ("Wong"), Frederic Chaussy ("Chaussy") and Leslie

Marie Shearn ("Shearn"), hereinafter collectively referred to as "Plaintiffs," on behalf of themselves,

the general public, and all others similarly situated, admits, denies, and alleges as follows:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                     1.                    Case No.  C 07 2446 MMC [ECF]

**PRELIMINARY STATEMENT**

1.      Answering Paragraph 1 of the Complaint, generally no answer is required to Paragraph 1, which merely defines the nature of the action, on whose behalf Plaintiffs' claims are asserted, and against whom Plaintiffs' claims are asserted.  HSBC Mortgage denies that Plaintiffs and putative class members were or are employed by HSBC Bank USA, N.A., denies the implication that it engaged in any violations alleged in Paragraph 1, and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 1.  Answering Paragraph 1 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, generally no answer is required to Paragraph 2, which merely defines on whose behalf Plaintiffs' claims are asserted and information regarding the statute of limitations.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 2, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 2.  Answering Paragraph 2 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 2.

3.      Answering Paragraph 3 of the Complaint, generally no answer is required to Paragraph 3, which merely defines on whose behalf Plaintiffs' California claims are asserted and information regarding the statute of limitations.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 3, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 3.  Answering Paragraph 3 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 3.

4.      Answering Paragraph 4 of the Complaint, generally no answer is required to Paragraph 4, which merely defines on whose behalf Plaintiffs' New York claims are asserted and information regarding the statute of limitations.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 4, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 4.  Answering Paragraph 4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                2.                    Case No.  C 07 2446 MMC [ECF]

1    of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other

2    allegation in Paragraph 4.

3        5.    Answering Paragraph 5 of the Complaint, generally no answer is required to

4    Paragraph 4, which merely defines on whose behalf Plaintiffs' New Jersey claims are asserted and

5    information regarding the statute of limitations.  HSBC Mortgage denies the implication that it

6    engaged in any violations alleged in Paragraph 5, as well as the implication that Plaintiffs or putative

7    class members were erroneously denied anything referenced in Paragraph 5.  Answering Paragraph 5

8    of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other

9    allegation in Paragraph 5.

10        6.    Answering Paragraph 6 of the Complaint, generally no answer is required to

11    Paragraph 6, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage denies

12    the implication that it engaged in any violations alleged in Paragraph 6, as well as the implication

13    that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 6.  HSBC

14    Mortgage denies, generally and specifically, each and every other allegation in Paragraph 6.

15        7.    Answering Paragraph 7 of the Complaint, generally no answer is required to

16    Paragraph 7, which merely defines on whose behalf Chaussy's claims are asserted and the basis for

17    those claims.  HSBC Mortgage denies the implication that it engaged in any violations alleged in

18    Paragraph 7.  Additionally, HSBC Mortgage denies, generally and specifically, each and every other

19    allegation in Paragraph 7.

20                              **THE PARTIES**

21        8.    Answering Paragraph 8 of the Complaint, HSBC Mortgage admits only that Wong

22    has been employed by HSBC Mortgage from approximately December 2005 to present and started

23    as a Senior Retail Mortgage Lending Consultant and subsequently became a Retail Mortgage

24    Consultant.  HSBC Mortgage lacks sufficient information or belief to respond to the remaining

25    allegations in Paragraph 8, and on that basis, denies, generally and specifically, each and every other

26    allegation in Paragraph 8.

27        9.    Answering Paragraph 9 of the Complaint, HSBC Mortgage admits only that Chaussy

28    was employed by HSBC Mortgage from approximately April 2006 to November 20, 2006 as a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT**                    3.                    **Case No.  C 07 2446 MMC [ECF]**

Senior Retail Mortgage Lending Consultant and from November 20, 2006 until his employment was terminated on approximately April 19, 2007 as a Retail Mortgage Consultant. HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 9, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 9.

10.     Answering Paragraph 10 of the Complaint, HSBC Mortgage admits only that Shearn was employed by HSBC Mortgage from approximately February 11, 2002 until August 18, 2003 as a Loan Production Office Assistant and from approximately August 18, 2003 until January 3, 2005 as a Senior Loan Production Office Assistant and from approximately January 3, 2005 to October 13, 2006 as a Senior Retail Mortgage Lending Consultant. HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 10, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 10.

11.     Answering Paragraph 11 of the Complaint, HSBC Mortgage admits only that it does business in several states and cities throughout the United States and that it maintains places of business in several states throughout the United States. HSBC Mortgage denies generally and specifically, each and every other allegation in Paragraph 11.

12.     Answering Paragraph 12 of the Complaint, HSBC Mortgage denies that HSBC Bank USA, N.A. is a proper defendant in this matter. HSBC Mortgage admits the remaining allegations in Paragraph 12, except with regard to Redwood City, California. HSBC Mortgage denies generally and specifically, each and every other allegation in Paragraph 12.

13.     Answering Paragraph 13, HSBC Mortgage alleges that Doe defendant pleading is not allowed in Federal Court. HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, as it relates to Defendants not yet named, and therefore denies them.

14.     Answering Paragraph 14 of the Complaint, Paragraph 14 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO FIRST AMENDED COMPLAINT**                4.                **Case No.  C 07 2446 MMC [ECF]**

**JURISDICTION AND VENUE**

15.    Answering Paragraph 15 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that each representative Plaintiff signed the necessary consent form to join this lawsuit, and therefore denies this allegation.  HSBC Mortgage denies that there is supplemental or pendent jurisdiction over the Plaintiffs' state law claims as the federal claims are without merit.

16.    Answering Paragraph 16 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the claims occurred in this district, and therefore denies this allegation.  HSBC Mortgage admits that HSBC Bank USA, N.A. operates facilities in San Francisco, Cupertino, Oakland and Fremont, California.  HSBC Mortgage denies, generally and specifically, all other allegations in Paragraph 16.

17.    Answering Paragraph 17 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to this dispute occurred in San Francisco, San Mateo, Santa Clara, and Alameda Counties, California and, on that basis, denies the allegations in Paragraph 17.

**COLLECTIVE ACTION ALLEGATIONS**

18.    Answering Paragraph 18 of the Complaint, generally no answer is required to Paragraph 18, which merely defines the nature of the action, the alleged collective class and on whose behalf Plaintiffs' claims are asserted.  HSBC Mortgage admits that Plaintiffs bring this action under 29 U.S.C. § 216(b) and that Plaintiffs seek to represent the classes of persons described in Paragraph 18.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 18 and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 18.  Answering Paragraph 18 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 18.

19.    Answering Paragraph 19 of the Complaint, HSBC Mortgage denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 19 and, on that basis, denies, generally and specifically, all allegations in Paragraph 19.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

5.

Case No.  C 07 2446 MMC [ECF]

20.     Answering Paragraph 20 of the Complaint, Paragraph 20 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, Paragraph 21 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, Paragraph 22 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Paragraph 23 contains legal argument not requiring an answer.  HSBC Mortgage denies the implications that there are numerous similarly situated current and former employees who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 23.

## CLASS ACTION ALLEGATIONS

24.     Answering Paragraph 24 of the Complaint, generally no answer is required to Paragraph 24, which merely defines the nature of the action, the alleged classes and on whose behalf Plaintiffs' claims are asserted.  HSBC Mortgage admits that Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs seek to represent the classes of persons described in Paragraph 24.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 24 and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 24.  Answering Paragraph 24 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 24.

25.     Answering Paragraph 25 of the Complaint, Paragraph 25 contains legal argument not requiring an answer.  HSBC Mortgage denies the implication that the proposed classes are so

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

6.

Case No.  C 07 2446 MMC [ECF]

1  numerous as to make the case suitable for class treatment.  To the extent an answer is required,

2  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 25.

3        26.    Answering Paragraph 26 of the Complaint, Paragraph 26 contains legal argument not

4  requiring an answer.  HSBC Mortgage denies the implication that Plaintiffs' claims are typical of the

5  proposed class' claims so as to make the case suitable for class treatment.  To the extent an answer is

6  required, HSBC Mortgage denies, generally and specifically, each and every allegation in

7  Paragraph 26.

8        27.    Answering Paragraph 27 of the Complaint, Paragraph 27 contains legal argument not

9  requiring an answer.  HSBC Mortgage denies the implication that a class action is the superior

10  method to resolve Plaintiffs' or the proposed class' claims.  To the extent an answer is required,

11  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 27.

12        28.    Answering Paragraph 28 of the Complaint, Paragraph 28 contains legal argument not

13  requiring an answer.  HSBC Mortgage denies the implication that Plaintiffs are adequate

14  representatives so as to make the case suitable for class treatment.  To the extent an answer is

15  required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph

16  28.

17        29.    Answering Paragraph 29 and subparagraphs A through I of the Complaint,

18  Paragraph 29 and subparagraphs A through I contain legal argument not requiring an answer.  HSBC

19  Mortgage denies the implication that common questions of law and fact exist so as to make the case

20  suitable for class treatment.  To the extent an answer is required, HSBC Mortgage denies, generally

21  and specifically, each and every allegation in Paragraph 29 and subparagraphs A through I.

22        30.    Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal argument not

23  requiring an answer.  HSBC Mortgage denies the implication that prosecutions of actions by or

24  against individuals would result in inconsistent or varying adjudications so as to make the case

25  suitable for class treatment.  To the extent an answer is required, HSBC Mortgage denies, generally

26  and specifically, each and every allegation in Paragraph 30.

27        31.    Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal argument not

28  requiring an answer.  HSBC Mortgage denies the implication that this case is suitable for class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                7.                Case No.  C 07 2446 MMC [ECF]

1  treatment.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically,

2  each and every allegation in Paragraph 31.

3      32.    Answering Paragraph 32 of the Complaint, HSBC Mortgage lacks information

4  sufficient to form a belief as to the truth of the allegation that Plaintiffs intend to send notice to all

5  members of the proposed class to the extent required by Rule 23 or that the names and addresses of

6  the proposed class are available from HSBC Mortgage, as the allegation is related to proposed class

7  members not yet named.  On these bases, HSBC Mortgage denies the allegations in Paragraph 32.

8                **PLAINTIFF FREDERIC CHAUSSY INDIVIDUAL ALLEGATIONS**

9      33.    Answering Paragraph 33 of the Complaint, HSBC Mortgage admits, on information

10 and belief, that Chaussy filed a complaint and claim relating to alleged wage violations with the

11 California Department of Labor Standards Enforcement (DLSE), Case No. 07-60632 DK.

12 Answering Paragraph 33 of the Complaint, HSBC Mortgage denies, generally and specifically, each

13 and every other allegation in Paragraph 33, including the implication that HSBC Mortgage or HSBC

14 Bank committed wage violations.

15     34.    Answering Paragraph 34 of the Complaint, HSBC Mortgage admits only that

16 Chaussy discussed his DLSE complaint and claim with a representative(s) of HSBC Mortgage and

17 that HSBC Mortgage received notice that Chaussy's complaint and claim would be processed.

18 HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 34.

19     35.    Answering Paragraph 35 of the Complaint, HSBC Mortgage denies, generally and

20 specifically, each and every allegation in Paragraph 35.

21     36.    Answering Paragraph 36 of the Complaint, Mortgage admits only that Chaussy

22 discussed his DLSE complaint and claim with a representative(s) of HSBC Mortgage and that

23 Chaussy's deficient productivity was discussed with him.  HSBC Mortgage denies, generally and

24 specifically, each and every other allegation in Paragraph 36.

25     37.    Answering Paragraph 37 of the Complaint, HSBC Mortgage admits only that

26 Chaussy received disciplinary warnings regarding deficient productivity.  HSBC Mortgage denies,

27 generally and specifically, each and every other allegation in Paragraph 37.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT**

**Case No.  C 07 2446 MMC [ECF]**

1    38.    Answering Paragraph 38 of the Complaint, HSBC Mortgage admits only that

2    Chaussy received disciplinary warnings regarding deficient productivity.  HSBC Mortgage denies,

3    generally and specifically, each and every other allegation in Paragraph 38.

4    39.    Answering Paragraph 39 of the Complaint, HSBC Mortgage admits only that

5    Chaussy and a Human Resources representative representing HSBC Mortgage testified at a DLSE

6    hearing.  HSBC Mortgage denies, generally and specifically, each and every other allegation in

7    Paragraph 39.

8    40.    Answering Paragraph 40 of the Complaint, HSBC Mortgage admits only that

9    Chaussy was discharged from employment with HSBC Mortgage for poor production and poor

10   performance.  Paragraph 40 also contains legal argument not requiring an answer.  To the extent an

11   answer is required, HSBC Mortgage denies, generally and specifically, each and every other

12   allegation in Paragraph 40.

13   41.    Plaintiff's Complaint does not contain a Paragraph 41.  As such, no answer is

14   required as to the missing Paragraph 41.

15   42.    Answering Paragraph 42 of the Complaint, Paragraph 42 contains legal argument not

16   requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and

17   specifically, each and every allegation in Paragraph 42.

18   43.    Plaintiff's Complaint does not contain a Paragraph 43.  As such, no answer is

19   required as to the missing Paragraph 43.

20   44.    Answering Paragraph 44 of the Complaint, HSBC Mortgage admits the allegations in

21   Paragraph 44.

22   45.    Answering Paragraph 45 of the Complaint, Paragraph 45 contains legal argument not

23   requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and

24   specifically, each and every allegation in Paragraph 45.

25                           **FIRST CLAIM FOR RELIEF**

26   **(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

27   46.    Answering Paragraph 46 of the Complaint, HSBC Mortgage incorporates by

28   reference its answers to Paragraphs 1 through 45 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                         9.                    Case No.  C 07 2446 MMC [ECF]

47.     Answering Paragraph 47 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs signed the necessary consent forms to join this lawsuit or that Plaintiffs anticipate other consent forms will be signed, and therefore denies these allegations.

48.     Answering Paragraph 48 of the Complaint, HSBC Mortgage admits that 20 U.S.C. § 203 covers certain employers, that HSBC Mortgage employs Wong, that it employed Chaussy, that it employed Shearn, that it employs other individuals who performed or perform job duties similar to or the same as Wong and/or Chaussy and/or Shearn, and that HSBC Mortgage and HSBC Bank had gross operating revenue in excess of $500,000.00.   HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 48.

49.     Answering Paragraph 49 of the Complaint, HSBC Mortgage admits that non-exempt employees are entitled to pay at a rate of one and one-half times their regular rate of pay for work performed in excess of forty hours per work week under the FLSA.   HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 49.

50.     Answering Paragraph 50 of the Complaint, Paragraph 50 contains legal argument not requiring an answer.   To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 50.

51.     Answering Paragraph 51 of the Complaint, Paragraph 51 contains legal argument not requiring an answer.   To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 51.

52.     Answering Paragraph 52 of the Complaint, Paragraph 52 contains legal argument not requiring an answer.   To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 52.

53.     Answering Paragraph 53 of the Complaint, generally no answer is required to Paragraph 53, which merely sets forth the types of relief sought by Plaintiffs.   To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 53.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

10.

Case No.  C 07 2446 MMC [ECF]

1    54.    Answering Paragraph 54 of the Complaint, generally no answer is required to

2    Paragraph 54, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

3    answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in

4    Paragraph 54.

5                             **SECOND CLAIM FOR RELIEF**

6               **(Failure to Pay Overtime Compensation in Violation of California Law)**

7    55.    Answering Paragraph 55 of the Complaint, HSBC Mortgage incorporates by

8    reference its answers to Paragraphs 1 through 54 of the Complaint.

9    56.    Answering Paragraph 56 of the Complaint, HSBC Mortgage admits that California

10   Labor Code § 510 requires employers to pay overtime to certain employees under certain

11   circumstances and that California Labor Code § 1198 makes it unlawful to employ certain persons

12   for hours longer than certain hours set by the Industrial Welfare Commission or under certain

13   conditions prohibited under certain wage orders of the Industrial Welfare Commission.  HSBC

14   Mortgage denies, generally and specifically, each and every other allegation in Paragraph 55.

15   57.    Answering Paragraph 57 of the Complaint, HSBC Mortgage denies, generally and

16   specifically, each and every allegation in Paragraph 57.

17   58.    Answering Paragraph 58 of the Complaint, HSBC Mortgage denies, generally and

18   specifically, each and every allegation in Paragraph 58.

19                              **THIRD CLAIM FOR RELIEF**

20                                **(Waiting Time Penalties)**

21   59.    Answering Paragraph 59 of the Complaint, HSBC Mortgage incorporates by

22   reference its answers to Paragraphs 1 through 58 of the Complaint.

23   60.    Answering Paragraph 60 of the Complaint, HSBC Mortgage admits that certain

24   individuals who performed services for it are no longer employed by HSBC Mortgage.  Except as

25   expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other

26   allegation in Paragraph 60.

27   61.    Answering Paragraph 61 of the Complaint, HSBC Mortgage denies, generally and

28   specifically, each and every allegation in Paragraph 61.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT**                    11.                    **Case No.  C 07 2446 MMC [ECF]**

1

2

**FOURTH CLAIM FOR RELIEF**

**(Failure to Provide Accurate Itemized Wage Statements)**

3       62.     Answering Paragraph 62 of the Complaint, HSBC Mortgage incorporates by

4   reference its answers to Paragraphs 1 through 61 of the Complaint.

5       63.     Answering Paragraph 63 of the Complaint, Paragraph 63 contains legal arguments not

6   requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

7   Labor Code § 226(a) requires that California employers provide itemized wage statements and that

8   California Labor Code § 226(e) provides certain remedies for a violation of California Labor Code

9   § 226(a).  HSBC Mortgage denies, generally and specifically, each and every other allegation in

10  Paragraph 63.

11      64.     Answering Paragraph 64 of the Complaint, HSBC Mortgage denies, generally and

12  specifically, each and every allegation in Paragraph 64.

13

14

**FIFTH CLAIM FOR RELIEF**

**(Failure to Provide Rest Breaks and Meal Periods)**

15      65.     Answering Paragraph 65 of the Complaint, HSBC Mortgage incorporates by

16  reference its answers to Paragraphs 1 through 64 of the Complaint.

17      66.     Answering Paragraph 66 of the Complaint, Paragraph 66 contains legal arguments not

18  requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

19  Labor Code § 512 prohibits an employer from employing certain employees for a work period of

20  more than five hours per day without providing that employee with a meal period of not less than 30

21  minutes, or for a work period of more than 10 hours per day without providing that employee with a

22  second meal period of not less than 30 minutes.  HSBC Mortgage denies, generally and specifically,

23  each and every other allegation in Paragraph 66.

24      67.     Answering Paragraph 67 of the Complaint, Paragraph 67 contains legal arguments not

25  requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that Section 11 of

26  Wage Order No. 4 includes language related to meal period requirements under California law.

27  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 67.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT**

12.

**Case No.  C 07 2446 MMC [ECF]**

68.     Answering Paragraph 68 of the Complaint, Paragraph 68 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that Section 12 of Wage Order No. 4 includes language related to rest period requirements under California law. HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 68.

69.     Answering Paragraph 69 of the Complaint, Paragraph 69 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California Labor Code § 226.7 prohibits certain employees from being denied meal and rest periods as mandated under California law and imposes a penalty in the amount of one hour's wages for violations of the meal and rest period provisions of the California Industrial Welfare Commission wage orders.  Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 66.

70.     Answering Paragraph 70 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 70.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

71.     Answering Paragraph 71 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 70 of the Complaint.

72.     Answering Paragraph 72 of the Complaint, Paragraph 72 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC admits that California Business and Professions Code § 17200 prohibits certain types of competition by prohibiting unlawful or unfair business acts and practices.  HSBC Mortgage denies the implication that it engaged in any unlawful or unfair business practices.  Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 72.

73.     Answering Paragraph 73 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 73.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

13.

Case No.  C 07 2446 MMC [ECF]

**SEVENTH CLAIM FOR RELIEF**

**(Retaliation for Engaging in Activity Protected by the Labor Commissioner)**

74.    Answering Paragraph 74 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 73 of the Complaint.

75.    Answering Paragraph 75 of the Complaint, Paragraph 75 contains a reference to a statute not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California Labor Code § 98.6 includes language set forth in Paragraph 75 related to not discriminating against an employee or applicant who institutes proceedings which are under the jurisdiction of the Labor Commissioner or because the employee has initiated an action pursuant to Labor Code § 2699.  To the extent that the statutory reference is incomplete, HSBC Mortgage denies any remaining adverse allegations of implications.

76.    Answering Paragraph 76 of the Complaint, HSBC Mortgage denies the implication that it engaged in any retaliation or other unlawful employment practice.  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 76.

**EIGHTH CLAIM FOR RELIEF**

**(Retaliation for Engaging in Activity Protected by the Fair Labor Standards Act)**

77.    Answering Paragraph 77 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 76 of the Complaint.

78.    Answering Paragraph 78 of the Complaint, Paragraph 78 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that 29 U.S.C. § 215(a)(3) makes it unlawful to discharge or discriminate against an employee because the employee has engaged in activity protected under this statutory section.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 78.

79.    Answering Paragraph 79 of the Complaint, Paragraph 79 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that the FLSA's anti-retaliation provision encourages certain reporting and protects certain employees.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 79.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

14.

Case No.  C 07 2446 MMC [ECF]

80.    Answering Paragraph 80 of the Complaint, HSBC Mortgage denies the implication that it engaged in any retaliation or other unlawful employment practice.  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 80.

**NINTH CLAIM FOR RELIEF**

**(Violation of New Jersey Wage and Hour Law, N.J.S.A. § 34:11, et seq., and N.J.A.C. § 12:56 et seq. – On Behalf of the New Jersey Named Plaintiff and New Jersey Class)**

81.    Answering Paragraph 81 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 80 of the Complaint.

82.    Answering Paragraph 82 of the Complaint, Paragraph 82 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 82.

83.    Answering Paragraph 83 of the Complaint, Paragraph 83 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 83.

84.    Answering Paragraph 84 of the Complaint, Paragraph 84 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 84.

85.    Answering Paragraph 85 of the Complaint, Paragraph 85 contains legal arguments not requiring an answer.  In addition, the Court has dismissed the Ninth Claim to the extent such cause of action is based on a claim that Defendants failed to keep true and accurate records of hours worked in violation of § 34:11-56a20 of the New Jersey Statutes.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 85.

86.    Answering Paragraph 86 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 86.

87.    Answering Paragraph 87 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 87.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

15.

Case No.  C 07 2446 MMC [ECF]

**TENTH CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of New York Law)**

88.     Answering Paragraph 88 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 87 of the Complaint.

89.     Answering Paragraph 89 of the Complaint, Paragraph 89 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 89.

90.     Answering Paragraph 90 of the Complaint, Paragraph 90 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 90.

91.     Answering Paragraph 91 of the Complaint, Paragraph 91 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits New York law requires payment of overtime compensation to non-exempt employees, and requires that an employer pay non-exempt employees for all hours worked at an agreed upon rate of pay.  Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 91.

92.     Answering Paragraph 92 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 92.

93.     Answering Paragraph 93 of the Complaint, Paragraph 93 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 93.

94.     Answering Paragraph 94 of the Complaint, generally no answer is required to Paragraph 94, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 94, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 94.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 94.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

16.

Case No.  C 07 2446 MMC [ECF]

95.     Answering Paragraph 95 of the Complaint, generally no answer is required to Paragraph 95, which merely sets forth a type of relief sought by Plaintiffs.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 95, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 95.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 95.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that it has no liability for wages, penalties, interest, or other compensation or amounts that may be due Plaintiffs because HSBC Mortgage was not Plaintiffs' or putative plaintiffs' or class members' employer within the definition of, but not limited to, the federal Fair Labor Standards Act, the California Labor Code, the California Industrial Welfare Commission wage orders, New Jersey State Wage and Hour Law or New York Labor Law.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that all or portions of Plaintiffs' claims are barred by the applicable statutes of limitation.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs were not entitled to payment of overtime premiums because they were employees exempted from overtime requirements pursuant to, but not limited to, 29 U.S.C. § 213 *et seq.*, the California Labor Code, the provisions of the California Industrial Welfare Commission's wage orders, New Jersey State Wage and Hour Law and New York Labor Law.

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that any violation of the Fair Labor Standards Act was not willful, and that all or portions of Plaintiffs' claims alleging violation of the Fair Labor Standards Act are barred by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that any violation of the Fair Labor Standards Act was an act or omission made in good faith

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

17.

Case No.  C 07 2446 MMC [ECF]

1  and HSBC Mortgage had reasonable grounds for believing that the act or omission was not a

2  violation of the Fair Labor Standards Act so that, pursuant to 29 U.S.C. § 260, liquidated damages

3  cannot be awarded.

4         AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

5  alleges that the amounts described in section 7(e) of the Fair Labor Standards Act, 29 U.S.C.

6  § 207(e), must be excluded from the regular rate on which any overtime due is calculated under

7  federal, California, New York or New Jersey law.

8         AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

9  alleges that its business actions or practices were not "unfair" within the meaning of California

10  Business and Professions Code § 17200 *et seq.*

11         AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

12  alleges that its business actions or practices were not "unlawful" within the meaning of California

13  Business and Professions Code § 17200 *et seq.*

14         AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

15  alleges that its business actions or practices were not "harmful" within the meaning of California

16  Business and Professions Code § 17200 *et seq.*

17         AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

18  Mortgage alleges that its business actions or practices were not "fraudulent" or "deceptive" within

19  the meaning of California Business and Professions Code § 17200 *et seq.*

20         AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

21  alleges that Plaintiffs' claims under California Labor Code § 226.7 are barred because Plaintiffs lack

22  a private right of action to bring suit under that statute.

23         AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

24  Mortgage alleges that the Complaint fails to properly state a claim for penalties under California

25  Labor Code § 203 because any failure to pay wages found to be due Plaintiffs was not willful.

26         AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

27  Mortgage alleges that the Complaint fails to properly state a claim for penalties under California

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

18.

Case No.  C 07 2446 MMC [ECF]

1  Labor Code § 203 because there is a bona fide, good faith dispute with respect to HSBC Mortgage's

2  obligation to pay any wages.

3                   AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4  Mortgage alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

5                   AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

6  Mortgage alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims

7  presented in the Complaint.

8                   AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

9  Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of laches.

10                   AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

11  Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of unclean

12  hands.

13                   AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

14  Mortgage alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable

15  consequences because reasonable steps were taken to prevent and correct allegedly improper wage

16  payments, Plaintiffs unreasonably failed to use the preventative and corrective opportunities

17  provided to them, and the reasonable use of those procedures would have prevented at least some, if

18  not all, of the harm Plaintiffs allegedly suffered.

19                   AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20  Mortgage alleges that Plaintiffs and putative plaintiffs or class members were treated fairly and in

21  good faith, and that all actions taken with respect to Plaintiffs were taken for lawful business reasons

22  and in good faith.

23                   AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

24  Mortgage alleges that Plaintiffs and putative plaintiffs or class members were not entitled to

25  mandatory meal and rest periods under California law, nor are they entitled to recover penalties

26  under California law for allegedly missed meal or rest periods, because they were exempted from

27  meal and rest period requirements pursuant to the provisions of the California Industrial Welfare

28  Commission wage orders.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

19.

Case No.  C 07 2446 MMC [ECF]

AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs' prosecution of this action by Plaintiffs as a representative of the general public under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of HSBC Mortgage's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

AS A TWENTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that the Complaint fails to properly state a claim for injunctive relief.

AS A TWENTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

AS A TWENTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of waiver and release.

AS A TWENTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs and putative plaintiffs or class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

AS A TWENTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that any unlawful or other wrongful acts of any person(s) employed by Defendants, or any of them, were outside of the scope of his or her authority and such acts, if any, were not authorized, ratified, or condoned, nor did Defendants know or have reason to be aware of such alleged conduct.

AS A TWENTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

AS A TWENTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs' claims for recovery pursuant to California Business and Professions Code § 17200 *et seq.* are barred with respect to penalties of any nature.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                    20.                    Case No.  C 07 2446 MMC [ECF]

1    AS A THIRTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2  Mortgage alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must

3  comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

4    AS A THIRTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5  Mortgage alleges that the Complaint and each cause of action therein, or some of them, is barred

6  because the applicable wage orders of the California Industrial Welfare Commission or the

7  provisions of the California Labor Code are unconstitutionally vague and ambiguous and violate

8  HSBC Mortgage's rights under the United States and California Constitutions to, among other

9  things, due process of law.

10    AS A THIRTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

11  Mortgage alleges that Plaintiffs' prayers for restitution or injunctive relief under California Business

12  and Professions Code § 17200 *et seq.* are barred with respect to any alleged violations that have

13  discontinued, ceased, or are not likely to recur.

14    AS A THIRTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15  Mortgage alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged

16  injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure

17  promulgated and/or tolerated by any Defendant.

18    AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

19  Mortgage alleges that the Complaint fails to properly state a claim for interest, as the damages

20  claimed are not sufficiently certain to support an award of interest.

21    AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

22  Mortgage alleges that the Complaint fails to properly state a claim for recovery of costs and

23  attorneys' fees under California Labor Code §§ 218.5 or 1194, California Code of Civil Procedure

24  § 1021.5, California Business and Professions Code § 17200 *et seq.*, 29 U.S.C. § 216(b), or any

25  other basis.

26    AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

27  Mortgage alleges that the Complaint fails to properly state a claim for recovery of compensatory

28  damages based upon wages due and owing, restitution, or any other basis.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

21.

Case No. C 07 2446 MMC [ECF]

1    AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2    Mortgage alleges that further investigation and discovery will reveal that defendants are entitled to

3    an offset against any relief due Plaintiffs, and/or those persons they seek to represent, based upon

4    their respective wrongful conduct and/or monies owed..

5    AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

6    Mortgage alleges that the Complaint fails to properly state a claim that may be maintained as a class

7    action under Rule 23 of the Federal Rules of Civil Procedure or any corresponding state law

8    requirements regarding class actions.

9    AS A THIRTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

10   Mortgage alleges that Plaintiffs cannot fairly and adequately represent the interests of the purported

11   class.

12   AS A FORTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

13   alleges that Plaintiffs are not proper parties to the action.

14   AS A FORTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15   Mortgage alleges that certification of a class, as applied to the facts and circumstances of this case,

16   would constitute a denial of its rights to trial by jury and to substantive and procedural due process,

17   in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and

18   Equal Protection Clauses of the California Constitution.

19   AS A FORTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20   Mortgage alleges that this suit may not be properly maintained as a class action because: (a)

21   Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for, class

22   treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the

23   claims described in the Complaint; (c) common issues of fact or law do not predominate; to the

24   contrary, individual issues predominate; (d) Plaintiffs' claims are not representative or typical of the

25   claims of the putative class; (e) Plaintiffs are not proper class representatives; (f) the named

26   Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative

27   class; (g) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action

28   treatment is neither appropriate nor constitutional; (h) there is not a well-defined community of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT                22.                Case No. C 07 2446 MMC [ECF]

1    interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative

2    class; (i) the alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the

3    extent the alleged putative class is ascertainable and its members are identifiable, the number of

4    putative class members is too small to meet the numerosity requirement for a class action.

5            AS A FORTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

6    Mortgage alleges that this suit may not be properly maintained as a collective action because:

7    (a) Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for

8    collective action treatment; (b) a collective action is not an appropriate method for the fair and

9    efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do

10   not predominate; to the contrary, individual issues predominate; (d) Plaintiffs' claims are not

11   representative or typical of the claims of the putative class; (e) Plaintiffs are not proper class

12   representatives; (f) the named Plaintiffs and alleged putative class counsel are not adequate

13   representatives for the alleged putative class; (g) Plaintiffs cannot satisfy any of the requirements for

14   collective action treatment, and collective action treatment is neither appropriate nor constitutional;

15   (h) there is not a well-defined community of interest in the questions of law or fact affecting

16   Plaintiffs and the members of the alleged putative class; (i) the alleged putative class is not

17   ascertainable, nor are its members identifiable; and (j) to the extent the alleged putative class is

18   ascertainable and its members are identifiable, the number of putative class members is too small to

19   meet the numerosity requirement for a collective action.

20           AS A FORTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

21   Mortgage alleges that the adjudication of the claims of the putative class through generalized class-

22   wide proof would violate its rights to trial by jury under the United States Constitution and the

23   California Constitution.

24           AS A FORTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

25   Mortgage alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiffs or

26   putative class members to any relief, including, but not limited to, its failure to properly state facts

27   sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, its failure

28   to allege facts showing that Plaintiffs have no adequate remedy at law, and that the proposed relief

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT

23.

Case No.  C 07 2446 MMC [ECF]

1   would impose an undue burden on both HSBC Mortgage and the Court and be so uncertain as to be
2   wholly unenforceable.

3          AS A FORTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC
4   Mortgage opposes class certification and disputes the propriety of class treatment. If the Court
5   certifies a class in this case over HSBC Mortgage's objections, then HSBC Mortgage asserts the
6   affirmative defenses set forth herein against each and every member of the certified class.

7          AS A FORTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC
8   Mortgage alleges that Plaintiffs' claim for relief under New York law may not be proceed as a class
9   action by operation of New York Civil Practice Law and Rules § 901(b).

10                              **PRAYER FOR RELIEF**

11         WHEREFORE, HSBC Mortgage prays for judgment from this Court as follows:

12     1.     Plaintiffs take nothing by this action;

13     2.     That the Complaint be dismissed with prejudice and that judgment be entered
14  against Plaintiffs and in favor of HSBC Mortgage on each of Plaintiffs' causes of action;

15     3.     That Plaintiffs be ordered to pay HSBC Mortgage's costs and attorneys' fees,
16  including, but not limited to, costs and attorneys' fees provided under California Labor Code
17  § 218.5; and

18     4.     Such other and further relief as the Court deems appropriate and proper.

19  Dated: September 10, 2007

20

21                              _____/s/_____
22                              GEORGE J. TICHY, II
                                MICHELLE R. BARRETT
23                              LITTLER MENDELSON
                                A Professional Corporation
24                              Attorneys for Defendants
                                HSBC MORTGAGE CORPORATION (USA)
25                              and HSBC BANK USA, N.A.

        Firmwide:82677996.2 023404.1043
26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
FIRST AMENDED COMPLAINT**                24.                **Case No.  C 07 2446 MMC [ECF]**