1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  KIMBERLY L. OWENS, Bar No. 233185
   JUSTIN T. CURLEY, Bar No. 233287
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, California 94108
5  Telephone:    (415) 433-1940
   Facsimile:    (415) 399-8490
6  E-mail: gtichy@littler.com, mbarrett@littler.com,
   kowens@littler.com, jcurley@littler.com
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) and
   HSBC BANK USA, N.A.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13
   Philip Wong, Frederic Chaussy, and Leslie      Case No. C 07 2446 MMC [ECF]
14 Marie Shearn, individually, on behalf of all
   others similarly situated, and on behalf of     **HSBC BANK USA, N.A.'S ANSWER TO**
15 the general public,                             **PLAINTIFFS' FIRST AMENDED**
                                                   **COMPLAINT**
16              Plaintiffs,

17        v.

18 HSBC Mortgage Corporation (USA);
   HSBC Bank USA, N.A.; and DOES 1
19 through 50, inclusive,

20              Defendants.

21

22

23              COMES NOW Defendant HSBC Bank USA, N.A. ("HSBC Bank"), and for its

24 Answer to the First Amended Complaint for Damages, Restitution and Injunctive Relief

25 ("Complaint") filed by Plaintiffs Philip Wong ("Wong"), Frederic Chaussy ("Chaussy") and Leslie

26 Marie Shearn ("Shearn"), hereinafter collectively referred to as "Plaintiffs," on behalf of themselves,

27 the general public, and all others similarly situated, admits, denies, and alleges as follows:

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST**              1.                **Case No.  C 07 2446 MMC [ECF]**
**AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.      Answering Paragraph 1 of the Complaint, generally no answer is required to Paragraph 1, which merely defines the nature of the action, on whose behalf Plaintiffs' claims are asserted, and against whom Plaintiffs' claims are asserted.  HSBC Bank denies that Plaintiffs and putative class members were or are employed by HSBC Bank USA, N.A., denies the implication that it engaged in any violations alleged in Paragraph 1, and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 1.  Answering Paragraph 1 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, generally no answer is required to Paragraph 2, which merely defines on whose behalf Plaintiffs' claims are asserted and information regarding the statute of limitations.  HSBC Bank denies that Plaintiffs and putative class members were or are employed by HSBC Bank USA, N.A., and denies the implication that it engaged in any violations alleged in Paragraph 2, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 2.  Answering Paragraph 2 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 2.

3.      Answering Paragraph 3 of the Complaint, generally no answer is required to Paragraph 3, which merely defines on whose behalf Plaintiffs' California claims are asserted and information regarding the statute of limitations.  HSBC Bank denies that Plaintiffs and putative class members were or are employed by HSBC Bank USA, N.A., and denies the implication that it engaged in any violations alleged in Paragraph 3, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 3.  Answering Paragraph 3 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 3.

4.      Answering Paragraph 4 of the Complaint, generally no answer is required to Paragraph 4, which merely defines on whose behalf Plaintiffs' New York claims are asserted and information regarding the statute of limitations.  HSBC Bank denies that Plaintiffs and putative class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1    members were or are employed by HSBC Bank USA, N.A., and denies the implication that it

2    engaged in any violations alleged in Paragraph 4, as well as the implication that Plaintiffs or putative

3    class members were erroneously denied anything referenced in Paragraph 4.  Answering Paragraph 4

4    of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in

5    Paragraph 4.

6         5.     Answering Paragraph 5 of the Complaint, generally no answer is required to

7    Paragraph 5, which merely defines on whose behalf Plaintiffs' New Jersey claims are asserted and

8    information regarding the statute of limitations.  HSBC Bank denies that Plaintiffs and putative class

9    members were or are employed by HSBC Bank USA, N.A., and denies the implication that it

10   engaged in any violations alleged in Paragraph 5, as well as the implication that Plaintiffs or putative

11   class members were erroneously denied anything referenced in Paragraph 5.  Answering Paragraph 5

12   of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in

13   Paragraph 5.

14        6.     Answering Paragraph 6 of the Complaint, generally no answer is required to

15   Paragraph 6, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies the

16   implication that it engaged in any violations alleged in Paragraph 6, as well as the implication that

17   Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 6.  HSBC Bank

18   denies, generally and specifically, each and every other allegation in Paragraph 6.

19        7.     Answering Paragraph 7 of the Complaint, generally no answer is required to

20   Paragraph 7, which merely defines on whose behalf Chaussy's claims are asserted and the basis for

21   those claims.  HSBC Bank denies that it owed or had any other obligation to pay Chaussy wages and

22   denies the implication that it engaged in any violations alleged in Paragraph 7.  Additionally, HSBC

23   Bank denies, generally and specifically, each and every other allegation in Paragraph 7.

24                          **THE PARTIES**

25        8.     Answering Paragraph 8 of the Complaint, HSBC Bank admits only that Wong has

26   been employed by HSBC Mortgage from approximately December 2005 to present and started as a

27   Senior Retail Mortgage Lending Consultant and subsequently became a Retail Mortgage

28   Consultant.  HSBC Bank denies that Wong is or ever was employed by HSBC Bank USA, N.A.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT                           3.                    Case No.  C 07 2446 MMC [ECF]

1   HSBC Bank lacks sufficient information or belief to respond to the remaining allegations in

2   Paragraph 8, and on that basis, denies, generally and specifically, each and every other allegation in

3   Paragraph 8.

4           9.      Answering Paragraph 9 of the Complaint, HSBC Bank admits only that Chaussy was

5   employed by HSBC Mortgage from approximately April 2006 to November 20, 2006 as a Senior

6   Retail Mortgage Lending Consultant and from November 20, 2006 until his employment was

7   terminated on approximately April 19, 2007 as a Retail Mortgage Consultant.  HSBC Bank denies

8   that Chaussy is or ever was employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient

9   information or belief to respond to the remaining allegations in Paragraph 9, and on that basis,

10  denies, generally and specifically, each and every other allegation in Paragraph 9.

11          10.     Answering Paragraph 10 of the Complaint, HSBC Bank admits only that Shearn was

12  employed by HSBC Mortgage from approximately February 11, 2002 until August 18, 2003 as a

13  Loan Production Office Assistant and from approximately August 18, 2003 until January 3, 2005 as

14  a Senior Loan Production Office Assistant and from approximately January 3, 2005 to October 13,

15  2006 as a Senior Retail Mortgage Lending Consultant.  HSBC Bank denies that Shearn is or ever

16  was employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient information or belief to

17  respond to the remaining allegations in Paragraph 10, and on that basis, denies, generally and

18  specifically, each and every other allegation in Paragraph 10.

19          11.     Answering Paragraph 11 of the Complaint, HSBC Bank admits only that HSBC

20  Mortgage does business in several states and cities throughout the United States and that it maintains

21  places of business in several states throughout the United States.  HSBC Bank lacks sufficient

22  information or belief to respond to the remaining allegations in Paragraph 11, and on that basis,

23  denies, generally and specifically, each and every other allegation in Paragraph 11.

24          12.     Answering Paragraph 12 of the Complaint, HSBC Bank denies that HSBC Bank

25  USA, N.A. is a proper defendant in this matter.  HSBC Bank admits the remaining allegations in

26  Paragraph 12, except with regard to Redwood City, California.  HSBC Mortgage denies generally

27  and specifically, each and every other allegation in Paragraph 12.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**                    4.                    **Case No.  C 07 2446 MMC [ECF]**

1    13.    Answering Paragraph 13, HSBC Bank alleges that Doe defendant pleading is not

2    allowed in Federal Court.  HSBC Bank lacks information sufficient to form a belief as to the truth of

3    the allegations in paragraph 13 of the Complaint, as it relates to Defendants not yet named, and

4    therefore denies them.

5    14.    Answering Paragraph 14 of the Complaint, Paragraph 14 contains legal argument not

6    requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and

7    specifically, each and every allegation in Paragraph 14.

8                                    **JURISDICTION AND VENUE**

9    15.    Answering Paragraph 15 of the Complaint, HSBC Bank lacks information sufficient

10   to form a belief as to the truth of the allegation that each representative Plaintiff signed the necessary

11   consent form to join this lawsuit, and therefore denies this allegation.  HSBC Bank denies that there

12   is supplemental or pendent jurisdiction over the Plaintiffs' state law claims as the federal claims are

13   without merit.

14   16.    Answering Paragraph 16 of the Complaint, HSBC Bank lacks information sufficient

15   to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the

16   claims occurred in this district, and therefore denies this allegation.  HSBC Bank admits that it

17   operates facilities in San Francisco, Cupertino, Oakland and Fremont, California.  HSBC Bank lacks

18   sufficient information or belief to respond to the remaining allegations in Paragraph 16 with regard

19   to HSBC Mortgage, and on that basis, denies, generally and specifically, each and every other

20   allegation in Paragraph 16.

21   17.    Answering Paragraph 17 of the Complaint, HSBC Bank lacks information sufficient

22   to form a belief as to the truth of the allegation that a substantial part of the events giving rise to this

23   dispute occurred in San Francisco, San Mateo, Santa Clara, and Alameda Counties, California and,

24   on that basis, denies the allegations in Paragraph 17.

25                                **COLLECTIVE ACTION ALLEGATIONS**

26   18.    Answering Paragraph 18 of the Complaint, generally no answer is required to

27   Paragraph 18, which merely defines the nature of the action, the alleged collective class and on

28   whose behalf Plaintiffs' claims are asserted.  HSBC Bank admits that Plaintiffs bring this action

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**                              5.                          **Case No.  C 07 2446 MMC [ECF]**

under 29 U.S.C. § 216(b) and that Plaintiffs seek to represent the classes of persons described in Paragraph 18. HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 18 and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 18. Answering Paragraph 18 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, HSBC Bank denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 19 and, on that basis, denies, generally and specifically, all allegations in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, Paragraph 20 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Paragraph 21 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 21.

22. Answering Paragraph 22 of the Complaint, Paragraph 22 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 22.

23. Answering Paragraph 23 of the Complaint, Paragraph 23 contains legal argument not requiring an answer. HSBC Bank denies the implications that there are numerous similarly situated current and former employees who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 23.

## CLASS ACTION ALLEGATIONS

24. Answering Paragraph 24 of the Complaint, generally no answer is required to Paragraph 24, which merely defines the nature of the action, the alleged classes and on whose behalf Plaintiffs' claims are asserted. HSBC Bank admits that Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs seek to represent the classes of persons

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

6.

Case No.  C 07 2446 MMC [ECF]

1   described in Paragraph 24. HSBC Bank denies the implication that it engaged in any violations

2   alleged in Paragraph 24 and denies the implication that Plaintiffs or putative class members were

3   erroneously denied anything referenced in Paragraph 24. Answering Paragraph 24 of the Complaint,

4   HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 24.

5          25.     Answering Paragraph 25 of the Complaint, Paragraph 25 contains legal argument not

6   requiring an answer. HSBC Bank denies the implication that the proposed classes are so numerous

7   as to make the case suitable for class treatment. To the extent an answer is required, HSBC Bank

8   denies, generally and specifically, each and every allegation in Paragraph 25.

9          26.     Answering Paragraph 26 of the Complaint, Paragraph 26 contains legal argument not

10  requiring an answer. HSBC Bank denies the implication that Plaintiffs' claims are typical of the

11  proposed class' claims so as to make the case suitable for class treatment. To the extent an answer is

12  required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 26.

13         27.     Answering Paragraph 27 of the Complaint, Paragraph 27 contains legal argument not

14  requiring an answer. HSBC Bank denies the implication that a class action is the superior method to

15  resolve Plaintiffs' or the proposed class' claims. To the extent an answer is required, HSBC Bank

16  denies, generally and specifically, each and every allegation in Paragraph 27.

17         28.     Answering Paragraph 28 of the Complaint, Paragraph 28 contains legal argument not

18  requiring an answer. HSBC Bank denies the implication that Plaintiffs are adequate representatives

19  so as to make the case suitable for class treatment. To the extent an answer is required, HSBC Bank

20  denies, generally and specifically, each and every allegation in Paragraph 28.

21         29.     Answering Paragraph 29 and subparagraphs A through I of the Complaint,

22  Paragraph 29 and subparagraphs A through I contain legal argument not requiring an answer. HSBC

23  Bank denies the implication that common questions of law and fact exist so as to make the case

24  suitable for class treatment. To the extent an answer is required, HSBC Bank denies, generally and

25  specifically, each and every allegation in Paragraph 29 and subparagraphs A through I.

26         30.     Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal argument not

27  requiring an answer. HSBC Bank denies the implication that prosecutions of actions by or against

28  individuals would result in inconsistent or varying adjudications so as to make the case suitable for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT                    7.                    Case No.  C 07 2446 MMC [ECF]

1    class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically,

2    each and every allegation in Paragraph 30.

3        31.    Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal argument not

4    requiring an answer.  HSBC Bank denies the implication that this case is suitable for class treatment.

5    To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every

6    allegation in Paragraph 31.

7        32.    Answering Paragraph 32 of the Complaint, HSBC Bank lacks information sufficient

8    to form a belief as to the truth of the allegation that Plaintiffs intend to send notice to all members of

9    the proposed class to the extent required by Rule 23 or that the names and addresses of the proposed

10   class are available from HSBC Bank, as the allegation is related to proposed class members not yet

11   named.  On these bases, HSBC Bank denies the allegations in Paragraph 32.

12                 **PLAINTIFF FREDERIC CHAUSSY INDIVIDUAL ALLEGATIONS**

13       33.    Answering Paragraph 33 of the Complaint, HSBC Bank admits, on information and

14   belief, that Chaussy filed a complaint and claim relating to alleged wage violations with the

15   California Department of Labor Standards Enforcement (DLSE), Case No. 07-60632 DK.

16   Answering Paragraph 33 of the Complaint, HSBC Bank denies, generally and specifically, each and

17   every other allegation in Paragraph 33, including the implication that HSBC Mortgage or HSBC

18   Bank committed wage violations.

19       34.    Answering Paragraph 34 of the Complaint, HSBC Bank admits only that Chaussy

20   discussed his DLSE complaint and claim with a representative(s) of HSBC Mortgage and that HSBC

21   Mortgage received notice that Chaussy's complaint and claim would be processed.  HSBC Bank

22   denies, generally and specifically, each and every allegation in Paragraph 34.

23       35.    Answering Paragraph 35 of the Complaint, HSBC Bank denies, generally and

24   specifically, each and every allegation in Paragraph 35.

25       36.    Answering Paragraph 36 of the Complaint, HSBC Bank admits only that Chaussy

26   discussed his DLSE complaint and claim with a representative(s) of HSBC Mortgage and that

27   Chaussy's deficient productivity was discussed with him.  HSBC Bank denies, generally and

28   specifically, each and every other allegation in Paragraph 36.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT                            8.                    Case No.  C 07 2446 MMC [ECF]

1    37.    Answering Paragraph 37 of the Complaint, HSBC Bank admits only that Chaussy
2    received disciplinary warnings regarding deficient productivity.  HSBC Bank denies, generally and
3    specifically, each and every other allegation in Paragraph 37.

4    38.    Answering Paragraph 38 of the Complaint, HSBC Bank admits only that Chaussy
5    received disciplinary warnings regarding deficient productivity.  HSBC Bank denies, generally and
6    specifically, each and every other allegation in Paragraph 38.

7    39.    Answering Paragraph 39 of the Complaint, HSBC Bank admits only that Chaussy and
8    a Human Resources representative representing HSBC Mortgage testified at a DLSE hearing.
9    HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 39.

10    40.    Answering Paragraph 40 of the Complaint, HSBC Bank admits only that Chaussy
11    was discharged from employment with HSBC Mortgage for poor production and poor performance.
12    Paragraph 40 also contains legal argument not requiring an answer.  To the extent an answer is
13    required, HSBC Bank denies, generally and specifically, each and every other allegation in
14    Paragraph 40.

15    41.    Plaintiff's Complaint does not contain a Paragraph 41.  As such, no answer is
16    required as to the missing Paragraph 41.

17    42.    Answering Paragraph 42 of the Complaint, Paragraph 42 contains legal argument not
18    requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
19    specifically, each and every allegation in Paragraph 42.

20    43.    Plaintiff's Complaint does not contain a Paragraph 43.  As such, no answer is
21    required as to the missing Paragraph 43.

22    44.    Answering Paragraph 44 of the Complaint, HSBC Bank admits the allegations in
23    Paragraph 44.

24    45.    Answering Paragraph 45 of the Complaint, Paragraph 45 contains legal argument not
25    requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
26    specifically, each and every allegation in Paragraph 45.

27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

9.

Case No.  C 07 2446 MMC [ECF]

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

46.     Answering Paragraph 46 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 45 of the Complaint.

47.     Answering Paragraph 47 of the Complaint, HSBC Bank lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs signed the necessary consent forms to join this lawsuit or that Plaintiffs anticipate other consent forms will be signed, and therefore denies these allegations.

48.     Answering Paragraph 48 of the Complaint, HSBC Bank admits that 20 U.S.C. § 203 covers certain employers, that HSBC Mortgage employs Wong, that HSBC Mortgage employed Chaussy, that HSBC Mortgage employed Shearn, that HSBC Mortgage employs other individuals who performed or perform job duties similar to or the same as Wong and/or Chaussy and/or Shearn, and that HSBC Mortgage and HSBC Bank had gross operating revenue in excess of $500,000.00. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 48.

49.     Answering Paragraph 49 of the Complaint, HSBC Bank admits that non-exempt employees are entitled to pay at a rate of one and one-half times their regular rate of pay for work performed in excess of forty hours per work week under the FLSA.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 49.

50.     Answering Paragraph 50 of the Complaint, Paragraph 50 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 50.

51.     Answering Paragraph 51 of the Complaint, Paragraph 51 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 51.

52.     Answering Paragraph 52 of the Complaint, Paragraph 52 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 52.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**

10.

**Case No.  C 07 2446 MMC [ECF]**

1    53.    Answering Paragraph 53 of the Complaint, generally no answer is required to

2    Paragraph 53, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

3    answer is required, HSBC Bank denies, generally and specifically, each and every allegation in

4    Paragraph 53.

5    54.    Answering Paragraph 54 of the Complaint, generally no answer is required to

6    Paragraph 54, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

7    answer is required, HSBC Bank denies, generally and specifically, each and every allegation in

8    Paragraph 54.

9    **SECOND CLAIM FOR RELIEF**

10    **(Failure to Pay Overtime Compensation in Violation of California Law)**

11    55.    Answering Paragraph 55 of the Complaint, HSBC Bank incorporates by reference its

12    answers to Paragraphs 1 through 54 of the Complaint.

13    56.    Answering Paragraph 56 of the Complaint, HSBC Bank admits that California Labor

14    Code § 510 requires employers to pay overtime to certain employees under certain circumstances

15    and that California Labor Code § 1198 makes it unlawful to employ certain persons for hours longer

16    than certain hours set by the Industrial Welfare Commission or under certain conditions prohibited

17    under certain wage orders of the Industrial Welfare Commission.  HSBC Bank denies, generally and

18    specifically, each and every other allegation in Paragraph 55.

19    57.    Answering Paragraph 57 of the Complaint, HSBC Bank denies, generally and

20    specifically, each and every allegation in Paragraph 57.

21    58.    Answering Paragraph 58 of the Complaint, HSBC Bank denies, generally and

22    specifically, each and every allegation in Paragraph 58.

23    **THIRD CLAIM FOR RELIEF**

24    **(Waiting Time Penalties)**

25    59.    Answering Paragraph 59 of the Complaint, HSBC Bank incorporates by reference its

26    answers to Paragraphs 1 through 58 of the Complaint.

27    60.    Answering Paragraph 60 of the Complaint, HSBC Bank admits that certain

28    individuals who performed services for HSBC Mortgage are no longer employed by HSBC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT                    11.            Case No.  C 07 2446 MMC [ECF]

1  Mortgage.  Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each

2  and every other allegation in Paragraph 60.

3        61.    Answering Paragraph 61 of the Complaint, HSBC Bank denies, generally and

4  specifically, each and every allegation in Paragraph 61.

5                              **FOURTH CLAIM FOR RELIEF**

6                  **(Failure to Provide Accurate Itemized Wage Statements)**

7        62.    Answering Paragraph 62 of the Complaint, HSBC Bank incorporates by reference its

8  answers to Paragraphs 1 through 61 of the Complaint.

9        63.    Answering Paragraph 63 of the Complaint, Paragraph 63 contains legal arguments not

10  requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

11  Code § 226(a) requires that California employers provide itemized wage statements and that

12  California Labor Code § 226(e) provides certain remedies for a violation of California Labor Code

13  § 226(a).   HSBC Bank denies, generally and specifically, each and every other allegation in

14  Paragraph 63.

15        64.    Answering Paragraph 64 of the Complaint, HSBC Bank denies, generally and

16  specifically, each and every allegation in Paragraph 64.

17                              **FIFTH CLAIM FOR RELIEF**

18                  **(Failure to Provide Rest Breaks and Meal Periods)**

19        65.    Answering Paragraph 65 of the Complaint, HSBC Bank incorporates by reference its

20  answers to Paragraphs 1 through 64 of the Complaint.

21        66.    Answering Paragraph 66 of the Complaint, Paragraph 66 contains legal arguments not

22  requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

23  Code § 512 prohibits an employer from employing certain employees for a work period of more than

24  five hours per day without providing that employee with a meal period of not less than 30 minutes,

25  or for a work period of more than 10 hours per day without providing that employee with a second

26  meal period of not less than 30 minutes.  HSBC Bank denies, generally and specifically, each and

27  every other allegation in Paragraph 66.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**                12.                 **Case No.  C 07 2446 MMC [ECF]**

67. Answering Paragraph 67 of the Complaint, Paragraph 67 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank admits that Section 11 of Wage Order No. 4 includes language related to meal period requirements under California law. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 67.

68. Answering Paragraph 68 of the Complaint, Paragraph 68 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank admits that Section 12 of Wage Order No. 4 includes language related to rest period requirements under California law. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 68.

69. Answering Paragraph 69 of the Complaint, Paragraph 69 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank admits that California Labor Code § 226.7 prohibits certain employees from being denied meal and rest periods as mandated under California law and imposes a penalty in the amount of one hour's wages for violations of the meal and rest period provisions of the California Industrial Welfare Commission wage orders. Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 66.

70. Answering Paragraph 70 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 70.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

71. Answering Paragraph 71 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 70 of the Complaint.

72. Answering Paragraph 72 of the Complaint, Paragraph 72 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank admits that California Business and Professions Code § 17200 prohibits certain types of competition by prohibiting unlawful or unfair business acts and practices. HSBC Bank denies the implication that it engaged in any unlawful or unfair business practices. Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 72.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

13.

Case No. C 07 2446 MMC [ECF]

73.    Answering Paragraph 73 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 73.

## SEVENTH CLAIM FOR RELIEF

### (Retaliation for Engaging in Activity Protected by the Labor Commissioner)

74.    Answering Paragraph 74 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 73 of the Complaint.

75.    Answering Paragraph 75 of the Complaint, Paragraph 75 contains a reference to statute not requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor Code § 98.6 includes language set forth in Paragraph 75 related to not discriminating against an employee or applicant who institutes proceedings which are under the jurisdiction of the Labor Commissioner or because the employee has initiated an action pursuant to Labor Code § 2699.  To the extent that the statutory reference is incomplete, HSBC Bank denies any remaining adverse allegations of implications.

76.    Answering Paragraph 76 of the Complaint, HSBC Bank denies the implication that it engaged in any retaliation or other unlawful employment practice.  HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 76.

## EIGHTH CLAIM FOR RELIEF

### (Retaliation for Engaging in Activity Protected by the Fair Labor Standards Act)

77.    Answering Paragraph 77 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 76 of the Complaint.

78.    Answering Paragraph 78 of the Complaint, Paragraph 78 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank admits that 29 U.S.C. § 215(a)(3) makes it unlawful to discharge or discriminate against an employee because the employee has engaged in activity protected under this statutory section.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 78.

79.    Answering Paragraph 79 of the Complaint, Paragraph 79 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank admits that the FLSA's anti-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

14.

Case No.  C 07 2446 MMC [ECF]

1  retaliation provision encourages certain reporting and protects certain employees. HSBC Bank

2  denies, generally and specifically, each and every other allegation in Paragraph 79.

3      80.    Answering Paragraph 80 of the Complaint, HSBC Bank denies the implication that it

4  engaged in any retaliation or other unlawful employment practice. HSBC Bank denies, generally

5  and specifically, each and every allegation in Paragraph 80.

6                                    **NINTH CLAIM FOR RELIEF**

7  **(Violation of New Jersey Wage and Hour Law, N.J.S.A. § 34:11, et seq., and N.J.A.C. § 12:56**

8      **et seq. – On Behalf of the New Jersey Named Plaintiff and New Jersey Class)**

9      81.    Answering Paragraph 81 of the Complaint, HSBC Bank incorporates by reference its

10  answers to Paragraphs 1 through 80 of the Complaint.

11      82.    Answering Paragraph 82 of the Complaint, Paragraph 82 contains legal arguments not

12  requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and

13  specifically, each and every allegation in Paragraph 82.

14      83.    Answering Paragraph 83 of the Complaint, Paragraph 83 contains legal arguments not

15  requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and

16  specifically, each and every allegation in Paragraph 83.

17      84.    Answering Paragraph 84 of the Complaint, Paragraph 84 contains legal arguments not

18  requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and

19  specifically, each and every allegation in Paragraph 84.

20      85.    Answering Paragraph 85 of the Complaint, Paragraph 85 contains legal arguments not

21  requiring an answer. In addition, the Court has dismissed the Ninth Claim to the extent such cause

22  of action is based on a claim that Defendants failed to keep true and accurate records of hours

23  worked in violation of § 34:11-56a20 of the New Jersey Statutes. To the extent an answer is

24  required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 85.

25      86.    Answering Paragraph 86 of the Complaint, HSBC Bank denies, generally and

26  specifically, each and every allegation in Paragraph 86.

27      87.    Answering Paragraph 87 of the Complaint, HSBC Bank denies, generally and

28  specifically, each and every allegation in Paragraph 87.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT                    15.                    Case No. C 07 2446 MMC [ECF]

**TENTH CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of New York Law)**

88.     Answering Paragraph 88 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 87 of the Complaint.

89.     Answering Paragraph 89 of the Complaint, Paragraph 89 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 89.

90.     Answering Paragraph 90 of the Complaint, Paragraph 90 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 90.

91.     Answering Paragraph 91 of the Complaint, Paragraph 91 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank admits New York law requires payment of overtime compensation to non-exempt employees, and requires that an employer pay non-exempt employees for all hours worked at an agreed upon rate of pay.  Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 91.

92.     Answering Paragraph 92 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 92.

93.     Answering Paragraph 93 of the Complaint, Paragraph 93 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 93.

94.     Answering Paragraph 94 of the Complaint, generally no answer is required to Paragraph 94, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 94, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 94.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 94.

95.     Answering Paragraph 95 of the Complaint, generally no answer is required to Paragraph 95, which merely sets forth a type of relief sought by Plaintiffs.  HSBC Bank denies the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST AMENDED COMPLAINT**                16.                **Case No.  C 07 2446 MMC [ECF]**

1   implication that it engaged in any violations alleged in Paragraph 95, as well as the implication that

2   Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 95.  HSBC

3   Bank denies, generally and specifically, each and every other allegation in Paragraph 95.

4   **AFFIRMATIVE DEFENSES**

5       AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

6   that the Complaint, and each and every cause of action contained therein, fails to properly state a

7   claim upon which relief can be granted.

8       AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

9   alleges that it has no liability for wages, penalties, interest, or other compensation or amounts that

10  may be due Plaintiffs because HSBC Bank was not Plaintiffs' or putative plaintiffs' or class

11  members' employer within the definition of, but not limited to, the federal Fair Labor Standards Act,

12  the California Labor Code, the California Industrial Welfare Commission wage orders, New Jersey

13  State Wage and Hour Law or New York Labor Law.

14      AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

15  that all or portions of Plaintiffs' claims are barred by the applicable statutes of limitation.

16      AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

17  alleges that Plaintiffs were not entitled to payment of overtime premiums because they were

18  employees exempted from overtime requirements pursuant to, but not limited to, 29 U.S.C.

19  § 213 *et seq.*, the California Labor Code, the provisions of the California Industrial Welfare

20  Commission's wage orders, New Jersey State Wage and Hour Law and New York Labor Law.

21      AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

22  that any violation of the Fair Labor Standards Act was not willful, and that all or portions of

23  Plaintiffs' claims alleging violation of the Fair Labor Standards Act are barred by the applicable

24  statute of limitations, including, but not limited to, 29 U.S.C. § 255.

25      AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

26  that any violation of the Fair Labor Standards Act was an act or omission made in good faith and

27  HSBC Bank had reasonable grounds for believing that the act or omission was not a violation of the

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**

17.

**Case No.  C 07 2446 MMC [ECF]**

1   Fair Labor Standards Act so that, pursuant to 29 U.S.C. § 260, liquidated damages cannot be

2   awarded.

3           AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

4   alleges that the amounts described in section 7(e) of the Fair Labor Standards Act, 29 U.S.C.

5   § 207(e), must be excluded from the regular rate on which any overtime due is calculated under

6   federal, California, New York or New Jersey law.

7           AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

8   alleges that its business actions or practices were not "unfair" within the meaning of California

9   Business and Professions Code § 17200 *et seq.*

10          AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

11  that its business actions or practices were not "unlawful" within the meaning of California Business

12  and Professions Code § 17200 *et seq.*

13          AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

14  that its business actions or practices were not "harmful" within the meaning of California Business

15  and Professions Code § 17200 *et seq.*

16          AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

17  alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning

18  of California Business and Professions Code § 17200 *et seq.*

19          AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

20  alleges that Plaintiffs' claims under California Labor Code § 226.7 are barred because Plaintiffs lack

21  a private right of action to bring suit under that statute.

22          AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

23  alleges that the Complaint fails to properly state a claim for penalties under California Labor Code §

24  203 because any failure to pay wages found to be due Plaintiffs was not willful.

25          AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

26  alleges that the Complaint fails to properly state a claim for penalties under California Labor Code §

27  203 because there is a bona fide, good faith dispute with respect to HSBC Bank's obligation to pay

28  any wages.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

18.

Case No.  C 07 2446 MMC [ECF]

1    AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

2    alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

3    AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

4    alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims presented

5    in the Complaint.

6    AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

7    Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrine of laches.

8    AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

9    Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrine of unclean hands.

10    AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

11    alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences

12    because reasonable steps were taken to prevent and correct allegedly improper wage payments,

13    Plaintiffs unreasonably failed to use the preventative and corrective opportunities provided to them,

14    and the reasonable use of those procedures would have prevented at least some, if not all, of the

15    harm Plaintiffs allegedly suffered.

16    AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

17    alleges that Plaintiffs and putative plaintiffs or class members were treated fairly and in good faith,

18    and that all actions taken with respect to Plaintiffs were taken for lawful business reasons and in

19    good faith.

20    AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

21    Bank alleges that Plaintiffs and putative plaintiffs or class members were not entitled to mandatory

22    meal and rest periods under California law, nor are they entitled to recover penalties under California

23    law for allegedly missed meal or rest periods, because they were exempted from meal and rest

24    period requirements pursuant to the provisions of the California Industrial Welfare Commission

25    wage orders.

26    AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

27    Bank alleges that Plaintiffs' prosecution of this action by Plaintiffs as a representative of the general

28    public under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

19.

Case No.  C 07 2446 MMC [ECF]

1  circumstances of this case, would constitute a denial of HSBC Bank's substantive and procedural

2  due process rights under the Fourteenth Amendment of the United States Constitution and under the

3  California Constitution.

4        AS A TWENTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5  Bank alleges that the Complaint fails to properly state a claim for injunctive relief.

6        AS A TWENTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

7  Bank alleges that Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies

8  at law.

9        AS A TWENTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

10  Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrine of waiver and release.

11        AS A TWENTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

12  Bank alleges that Plaintiffs and putative plaintiffs or class members consented to, encouraged, or

13  voluntarily participated in all actions taken, if any.

14        AS A TWENTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

15  HSBC Bank alleges that any unlawful or other wrongful acts of any person(s) employed by

16  Defendants, or any of them, were outside of the scope of his or her authority and such acts, if any,

17  were not authorized, ratified, or condoned, nor did Defendants know or have reason to be aware of

18  such alleged conduct.

19        AS A TWENTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20  Bank alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of accord and

21  satisfaction.

22        AS A TWENTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

23  Bank alleges that Plaintiffs' claims for recovery pursuant to California Business and Professions

24  Code § 17200 *et seq.* are barred with respect to penalties of any nature.

25        AS A THIRTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

26  alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must comport with

27  the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

20.

Case No.  C 07 2446 MMC [ECF]

1      AS A THIRTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2  Bank alleges that the Complaint and each cause of action therein, or some of them, is barred because

3  the applicable wage orders of the California Industrial Welfare Commission or the provisions of the

4  California Labor Code are unconstitutionally vague and ambiguous and violate HSBC Bank's rights

5  under the United States and California Constitutions to, among other things, due process of law.

6      AS A THIRTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

7  Bank alleges that Plaintiffs' prayers for restitution or injunctive relief under California Business and

8  Professions Code § 17200 *et seq.* are barred with respect to any alleged violations that have

9  discontinued, ceased, or are not likely to recur.

10      AS A THIRTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

11  Bank alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged injuries

12  were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated

13  and/or tolerated by any Defendant.

14      AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15  Bank alleges that the Complaint fails to properly state a claim for interest, as the damages claimed

16  are not sufficiently certain to support an award of interest.

17      AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

18  Bank alleges that the Complaint fails to properly state a claim for recovery of costs and attorneys'

19  fees under California Labor Code §§ 218.5 or 1194, California Code of Civil Procedure § 1021.5,

20  California Business and Professions Code § 17200 *et seq.*, 29 U.S.C. § 216(b), or any other basis.

21      AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

22  Bank alleges that the Complaint fails to properly state a claim for recovery of compensatory

23  damages based upon wages due and owing, restitution, or any other basis.

24      AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

25  Bank alleges that further investigation and discovery will reveal that defendants are entitled to an

26  offset against any relief due Plaintiffs, and/or those persons they seek to represent, based upon their

27  respective wrongful conduct and/or monies owed..

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

21.

Case No.  C 07 2446 MMC [ECF]

1    AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2  Bank alleges that the Complaint fails to properly state a claim that may be maintained as a class

3  action under Rule 23 of the Federal Rules of Civil Procedure or any corresponding state law

4  requirements regarding class actions.

5    AS A THIRTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

6  Bank alleges that Plaintiffs cannot fairly and adequately represent the interests of the purported

7  class.

8    AS A FORTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

9  alleges that Plaintiffs are not proper parties to the action.

10    AS A FORTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

11  alleges that certification of a class, as applied to the facts and circumstances of this case, would

12  constitute a denial of its rights to trial by jury and to substantive and procedural due process, in

13  violation of the Fourteenth Amendment of the United States Constitution and the Due Process and

14  Equal Protection Clauses of the California Constitution.

15    AS A FORTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

16  Bank alleges that this suit may not be properly maintained as a class action because: (a) Plaintiffs

17  have failed to plead and/or cannot establish the necessary procedural elements for, class treatment;

18  (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims

19  described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary,

20  individual issues predominate; (d) Plaintiffs' claims are not representative or typical of the claims of

21  the putative class; (e) Plaintiffs are not proper class representatives; (f) the named Plaintiffs and

22  alleged putative class counsel are not adequate representatives for the alleged putative class; (g)

23  Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment

24  is neither appropriate nor constitutional; (h) there is not a well-defined community of interest in the

25  questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (i) the

26  alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the extent the

27  alleged putative class is ascertainable and its members are identifiable, the number of putative class

28  members is too small to meet the numerosity requirement for a class action.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT

22.

Case No.  C 07 2446 MMC [ECF]

1    AS A FORTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

2    alleges that this suit may not be properly maintained as a collective action because: (a) Plaintiffs

3    have failed to plead and/or cannot establish the necessary procedural elements for collective action

4    treatment; (b) a collective action is not an appropriate method for the fair and efficient adjudication

5    of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to

6    the contrary, individual issues predominate; (d) Plaintiffs' claims are not representative or typical of

7    the claims of the putative class; (e) Plaintiffs are not proper class representatives; (f) the named

8    Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative

9    class; (g) Plaintiffs cannot satisfy any of the requirements for collective action treatment, and

10   collective action treatment is neither appropriate nor constitutional; (h) there is not a well-defined

11   community of interest in the questions of law or fact affecting Plaintiffs and the members of the

12   alleged putative class; (i) the alleged putative class is not ascertainable, nor are its members

13   identifiable; and (j) to the extent the alleged putative class is ascertainable and its members are

14   identifiable, the number of putative class members is too small to meet the numerosity requirement

15   for a collective action.

16   AS A FORTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

17   Bank alleges that the adjudication of the claims of the putative class through generalized class-wide

18   proof would violate its rights to trial by jury under the United States Constitution and the California

19   Constitution.

20   AS A FORTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

21   alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiffs or putative class

22   members to any relief, including, but not limited to, its failure to properly state facts sufficient to

23   identify any actual or threatened harm to Plaintiffs beyond pure speculation, its failure to allege facts

24   showing that Plaintiffs have no adequate remedy at law, and that the proposed relief would impose

25   an undue burden on both HSBC Bank and the Court and be so uncertain as to be wholly

26   unenforceable.

27   AS A FORTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

28   opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**

23.

**Case No.  C 07 2446 MMC [ECF]**

1  in this case over HSBC Bank's objections, then HSBC Bank asserts the affirmative defenses set

2  forth herein against each and every member of the certified class.

3      AS A FORTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4  Bank alleges that Plaintiffs' claim for relief under New York law may not be proceed as a class

5  action by operation of New York Civil Practice Law and Rules § 901(b).

6                        **PRAYER FOR RELIEF**

7      WHEREFORE, HSBC Bank prays for judgment from this Court as follows:

8      1.    Plaintiffs take nothing by this action;

9      2.    That the Complaint be dismissed with prejudice and that judgment be entered

10  against Plaintiffs and in favor of HSBC Bank on each of Plaintiffs' causes of action;

11      3.    That Plaintiffs be ordered to pay HSBC Bank's costs and attorneys' fees,

12  including, but not limited to, costs and attorneys' fees provided under California Labor Code

13  § 218.5; and

14      4.    Such other and further relief as the Court deems appropriate and proper.

15  Dated: September 10, 2007

16

17                    _____
                              /s/
18                    GEORGE J. TICHY, II
                      MICHELLE R. BARRETT
19                    LITTLER MENDELSON
                      A Professional Corporation
20                    Attorneys for Defendants
                      HSBC MORTGAGE CORPORATION (USA)
21                    and HSBC BANK USA, N.A.

Firmwide:83074723.1 023404.1043

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO FIRST
AMENDED COMPLAINT**                    24.                    **Case No.  C 07 2446 MMC [ECF]**