1   DONALD H. NICHOLS, MN State Bar No. 78918
    (admitted **pro hac vice**)
2   PAUL J. LUKAS, MN State Bar No. 22084X
    (admitted **pro hac vice**)
3   TIMOTHY C. SELANDER, MN State Bar No. 0387016
    (admitted **pro hac vice**)
4   NICHOLS KASTER & ANDERSON, PLLP
5   4600 IDS Center
    80 S. 8th Street
6   Minneapolis, MN 55402

7
    Bryan J. Schwartz, CA State Bar No. 209903
8   Matthew C. Helland, CA State Bar No. 250451
    NICHOLS KASTER & ANDERSON, LLP
9   One Embarcadero Center, Ste. 720
    San Francisco, CA 94111
10
11  Attorneys for Individual and Representative Plaintiffs

12  GEORGE J. TICHY, II, CA Bar No. 041146
    MICHELLE R. BARRETT, CA Bar No. 197280
13  LITTLER MENDELSON
    A Professional Corporation
14  650 California Street, 20th Floor
    San Francisco, CA  94108.2693
15  Telephone:    415.433.1940
    Facsimile:    415.399.8490
16  E-mail: gtichy@littler.com; mbarrett@littler.com

17  Attorneys for Defendants
    HSBC MORTGAGE CORPORATION (USA) and HSBC
18  BANK USA, N.A.

19
                    UNITED STATES DISTRICT COURT
20
                   NORTHERN DISTRICT OF CALIFORNIA
21

22  Philip Wong, Frederic Chaussy, and Leslie      Case No.  C 07 2446 MMC (JCS)
    Marie Shearn, individually, on behalf of all
23  others similarly situated, and on behalf of
    the general public.,
24
                     Plaintiffs,
25
            v.                                      **STIPULATED PROTECTIVE ORDER**
26  HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.; and DOES 1
27  through 50, inclusive,

28                   Defendants.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2553
415.433.1940

**STIPULATED PROTECTIVE ORDER**                    Case No.  C 07 2446 MMC (JCS)

1. **PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1  Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  The parties expressly agree that Confidential Information or Items shall include Disclosure or Discovery Material, such as personnel files, that constitutes or contains sensitive employment and personal information about employees, former employees, and/or nonparties to this action which, if disclosed to others, would unreasonably harm the confidentiality interest of these nonparties.

//

//

STIPULATED PROTECTIVE ORDER        1.        Case No.  C 07 2446 MMC (JCS)

2.4    "Highly Confidential—Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER        2.        Case No. C 07 2446 MMC (JCS)

1    The protections conferred by this Stipulation and Order cover not only Protected Material (as

2    defined above), but also any information copied or extracted therefrom, as well as all copies,

3    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

4    parties or counsel to or in court or in other settings that might reveal Protected Material.

5    **4.    DURATION**

6    Even after the termination of this litigation, the confidentiality obligations imposed by this

7    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

8    otherwise directs.

9    **5.    DESIGNATING PROTECTED MATERIAL**

10    **5.1**    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

11    non-party that designates information or items for protection under this Order must take care to limit

12    any such designation to specific material that qualifies under the appropriate standards.    A

13    Designating Party must take care to designate for protection only those parts of material, documents,

14    items, or oral or written communications that qualify—so that other portions of the material,

15    documents, items, or communications for which protection is not warranted are not swept

16    unjustifiably within the ambit of this Order.

17    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

18    to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

19    encumber or retard the case development process, or to impose unnecessary expenses and burdens

20    on other parties), expose the Designating Party to sanctions.

21    If it comes to a Party's or a non-party's attention that information or items that it designated

22    for protection do not qualify for protection at all, or do not qualify for the level of protection initially

23    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

24    mistaken designation.

25    **5.2**    Manner and Timing of Designations. Except as otherwise provided in this Order

26    (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

27    that qualifies for protection under this Order must be clearly so designated before the material is

28    disclosed or produced.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**        3.        Case No.  C 07 2446 MMC (JCS)

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (apart from transcripts of depositions or other

3    pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains

5    protected material. If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins) and must specify, for each portion, the level of protection being asserted

8    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

9    A Party or non-party that makes original documents or materials available for inspection

10    need not designate them for protection until after the inspecting Party has indicated which material it

11    would like copied and produced. During the inspection and before the designation, all of the

12    material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—

13    ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

14    copied and produced, the Producing Party must determine which documents, or portions thereof,

15    qualify for protection under this Order, then, before producing the specified documents, the

16    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17    CONFIDENTIAL—ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

18    Material. If only a portion or portions of the material on a page qualifies for protection, the

19    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

20    markings in the margins) and must specify, for each portion, the level of protection being asserted

21    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

22    (b)    for testimony given in deposition or in other pretrial or trial proceedings, that the

23    Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

24    deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

25    the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When

26    it is impractical to identify separately each portion of testimony that is entitled to protection, and

27    when it appears that substantial portions of the testimony may qualify for protection, the Party or

28    non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER        4.        Case No. C 07 2446 MMC (JCS)

1   deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions

2   of the testimony as to which protection is sought and to specify the level of protection being asserted

3   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").   Only

4   those portions of the testimony that are appropriately designated for protection within the 20 days

5   shall be covered by the provisions of this Stipulated Protective Order.

6        Transcript pages containing Protected Material must be separately bound by the court

7   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering

9   or sponsoring the witness or presenting the testimony.

10        (c)    for information produced in some form other than documentary, and for any other

11   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

12   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

13   CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions of the information or item

14   warrant protection, the Producing Party, to the extent practicable, shall identify the protected

15   portions, specifying whether they qualify as "Confidential" or as "Highly Confidential—Attorneys'

16   Eyes Only."

17        **5.3**   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to

18   designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys'

19   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

20   this Order for such material.   If material is appropriately designated as "Confidential" or "Highly

21   Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

22   on timely notification of the designation, must make reasonable efforts to assure that the material is

23   treated in accordance with the provisions of this Order.

24   **6.**     <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

25        **6.1**   <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating Party's

26   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

27   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER     5.     Case No.  C 07 2446 MMC (JCS)

1  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

2  after the original designation is disclosed.

3       **6.2**   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's

4  confidentiality designation must do so in good faith and must begin the process by conferring

5  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

6  for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief

7  that the confidentiality designation was not proper and must give the Designating Party an

8  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

9  designation is offered, to explain the basis for the chosen designation.  A challenging Party may

10  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

11  process first.

12       **6.3**   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

13  designation after considering the justification offered by the Designating Party may file and serve a

14  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

15  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

16  motion must be accompanied by a competent declaration that affirms that the movant has complied

17  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

18  specificity the justification for the confidentiality designation that was given by the Designating

19  Party in the meet and confer dialogue.

20       The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

22  question the level of protection to which it is entitled under the Producing Party's designation.

23  **7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

24       **7.1**   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or

25  produced by another Party or by a non-party in connection with this case only for prosecuting,

26  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to

27  the categories of persons and under the conditions described in this Order.  When the litigation has

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER       6.       Case No.  C 07 2446 MMC (JCS)

1   been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

2   DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and in a

4   secure manner that ensures that access is limited to the persons authorized under this Order.

5       **7.2**   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

6   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7   information or item designated CONFIDENTIAL only to:

8       (a)   the Receiving Party's Outside Counsel of record in this action, as well as employees

9   of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

10  who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

11  A;

12      (b)   the officers, directors, and employees (including House Counsel) of the Receiving

13  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14  "Agreement to Be Bound by Protective Order" (Exhibit A);

15      (c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

17  Protective Order" (Exhibit A);

18      (d)   the Court and its personnel;

19      (e)   court reporters, their staffs, and professional vendors to whom disclosure is

20  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21  Protective Order" (Exhibit A);

22      (f)   during their depositions, witnesses in the action to whom disclosure is reasonably

23  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

24  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

25  must be separately bound by the court reporter and may not be disclosed to anyone except as

26  permitted under this Stipulated Protective Order.

27      (g)   the author of the document or the original source of the information.

28  //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**    7.    Case No. C 07 2446 MMC (JCS)

1    **7.3**    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

2    Information or Items.    Unless otherwise ordered by the court or permitted in writing by the

3    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

4    CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

5        (a)    (a) the Receiving Party's Outside Counsel of record in this action, as well as

6    employees of said Counsel to whom it is reasonably necessary to disclose the information for this

7    litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

8    hereto as Exhibit A;

9        (b)    House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary

10   for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective Order"

11   (Exhibit A);

12       (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for

13   this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

14   A);

15       (d)    the Court and its personnel;

16       (e)    court reporters, their staffs, and professional vendors to whom disclosure is

17   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

18   Protective Order" (Exhibit A); and

19           (f)    the author of the document or the original source of the information.

20   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

21        **LITIGATION.**

22       If a Receiving Party is served with a subpoena or an order issued in other litigation that

23   would compel disclosure of any information or items designated in this action as

24   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

25   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

26   and in no event more than three court days after receiving the subpoena or order. Such notification

27   must include a copy of the subpoena or court order.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
550 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**        8.        Case No. C 07 2446 MMC (JCS)

1    The Receiving Party also must immediately inform in writing the Party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5    caused the subpoena or order to issue.

6        The purpose of imposing these duties is to alert the interested parties to the existence of this

7    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

8    confidentiality interests in the court from which the subpoena or order issued.  The Designating

9    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

10   material—and nothing in these provisions should be construed as authorizing or encouraging a

11   Receiving Party in this action to disobey a lawful directive from another court.

12   **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

17   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

18   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

19   that is attached hereto as Exhibit A.

20   **10.   FILING PROTECTED MATERIAL**

21       Without written permission from the Designating Party or a court order secured after

22   appropriate notice to all interested persons, a Party may not file in the public record in this action

23   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24   with Civil Local Rule 79-5.

25   **11.   FINAL DISPOSITION**

26       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

27   the final termination of this action, each Receiving Party must return all Protected Material to the

28   Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER                9.                Case No. C 07 2446 MMC (JCS)

1    compilations, summaries or any other form of reproducing or capturing any of the Protected

2    Material. With permission in writing from the Designating Party, the Receiving Party may destroy

3    some or all of the Protected Material instead of returning it.   Whether the Protected Material is

4    returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

5    (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that

6    identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

7    and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

8    summaries or other forms of reproducing or capturing any of the Protected Material.

9    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

10   motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

11   materials contain Protected Material.  Any such archival copies that contain or constitute Protected

12   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13   **12.    MISCELLANEOUS**

14        **12.1    Right to Further Relief.** Nothing in this Order abridges the right of any person to seek

15   its modification by the Court in the future.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**            10.            Case No.  C 07 2446 MMC (JCS)

**12.2** <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 9/6/07

BRYAN J. SCHWARTZ
NICHOLS KASTER & ANDERSON, PLLP
Attorneys for Individual and Representative
Plaintiffs

DATED: 9/7/07

MICHELLE R. BARRETT
LITTLER MENDELSON, P.C.
Attorneys for Defendants HSBC Mortgage
Corporation (USA) and HSBC Bank USA, N.A.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: Setp. 10, 2007

United                      Judge
Judge Joseph C. Spero

Firmwide:82972679.1 023404.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                11.                Case No.  C 07 2446 MMC (JCS)

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, et al. v. HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A., et al.*, Case No. C 07 2446 MMC (JCS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                [signature]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER            12.            Case No.  C 07 2446 MMC (JCS)