# Exhibit 13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Czubara,<br>individually and on behalf of other<br>similarly situated employees,<br><br>       Plaintiff,<br><br>   vs.<br>Hamilton Mortgage Company, an<br>Arizona<br>corporation and James Lyddon,<br>personally and individually,<br><br>      Defendants. | No.: CV'O5 3438 PHX DGC |

## NOTICE OF PENDENCY OF LAWSUIT

**TO:  ALL PRESENT AND FORMER LOAN OFFICERS OF HAMILTON MORTGAGE COMPANY WHO WORKED AS "CONSUMER DIRECT LOAN OFFICERS" FROM  JUNE 1, 2003 TO PRESENT.**

**RE:  FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST HAMILTON MORTGAGE COMPANY AND JAMES LYDDON.**

## INTRODUCTION

The purpose of this notice is to inform you of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this action, and to instruct you on the procedure to make a claim if you choose to do so.

## DESCRIPTION OF THE ACTION

In October 2005, an action was filed against Defendants Hamilton Mortgage Company and James Lyddon, personally and individually, (collectively "Defendants") on behalf of the named Plaintiff and all other individuals who worked as consumer direct loan officers for Hamilton Mortgage Company during the past three years (collectively referred to as the "potentially similarly situated group"). Specifically, the Plaintiffs allege that they are owed minimum wage and overtime compensation under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for weeks they did not receive compensation equal to the federal minimum wage and/or overtime compensation while working in excess of 40 hours per week for Hamilton Mortgage Company.

Hamilton Mortgage and James Lyddon have denied any wrongdoing or liability and contest all claims that have been asserted.

## COMPOSITION OF THE POTENTIALLY SIMILARLY SITUATED GROUP

The named Plaintiff was employed by Hamilton Mortgage Company as a consumer direct loan officer. He seeks to sue on behalf of himself and other employees with whom they are similarly situated. Specifically, he seeks to sue on behalf of any and all individuals:

    (a)    who have been employed by Hamilton Mortgage Company as consumer direct loan officers in any of its consumer direct branch offices,[1] across the country, from June 1, 2003, to the present; and

---

[1] Consumer Direct branch offices include: Phoenix, AZ; Diamond Bar, CA; Dubuque, Des Moines, Cedar Rapids, Cedar Falls and Davenport, IA; Bloomington and East Indianapolis, IN; Grand Rapids, Kalamazoo, Holland and Lansing, MI; Blue Springs,

(b)   who worked weeks where they did not receive compensation equal to the federal minimum wage, and/or overtime compensation for work in excess of 40 hours per week.

## YOUR RIGHT TO PARTICIPATE IN THIS ACTION

If you fit the definition above, you may choose to join this action by mailing the attached "Plaintiff Consent Form" to Plaintiff's counsel in the enclosed postage paid return envelope or by faxing it to Plaintiff's counsel, attention to Sarah Fleegel, at 612-215-6870.

The "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Court on or before **September 5, 2006.**

## EFFECT OF JOINING OR NOT JOINING THIS ACTION

If you join this action, you, Hamilton Mortgage Company and James Lyddon will be bound by any ruling, judgment, award or settlement, whether favorable or unfavorable. If you do not join this action, you will not be bound by any ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable. If you do not to join this action, you are free to take action on your own.

If you file a "Plaintiff Consent Form" your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiff are "similarly situated" in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action.

---

Kansas City and Warsaw, MO; Grand Island, Lincoln and Omaha, NE; Las Vegas, NV (two branches); Houston, TX; and Spokane, WA.

## STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of three years. If you choose to join this action, or choose to bring your own action, you may be able to recover damages if you were improperly denied minimum wage and/or overtime compensation only during weeks worked within three years of the date you file your "Plaintiff Consent Form." If you choose not to join in this action or file your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Hamilton Mortgage Company and James Lyddon are prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiffs' Counsel, unless you designate your own attorney. Plaintiffs' Counsel is being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by the attorneys and you.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by

contacting Plaintiffs' counsel at:

ATTORNEYS FOR PLAINTIFFS/LOAN OFFICERS
Nichols Kaster & Anderson, PLLP
Attn: Paul Lukas or Sarah Fleegel
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402
Telephone: 1-877-448-0492
Facsimile: 612-215-6870
Email: fleegel@nka.com

ATTORNEYS FOR DEFENDANTS/HAMILTON MORTGAGE COMPANY AND
JAMES LYDDON
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Tracy A. Miller
Kerry S. Martin
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: 602-778-3715
Facsimile: 602-778-3750
Email: Kerry.Martin@ogletreedeakins.com

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE
COURT.  THE COURT HAS TAKEN NO POSITION REGARDING THE
MERITS OF THE PLAINTIFFS' CLAIMS OR HAMILTON MORTGAGE
COMPANY'S AND JAMES LYDDON'S DEFENSES.**

Dated: 6/7/2006                    By: _Sarah Fleegel_
                                   Donald H. Nichols, MN Bar No. 78918
                                   Paul J. Lukas, MN Bar No. 22084X
                                   Sarah M. Fleegel, MN Bar No. 34557X
                                   Nichols Kaster Anderson PLLP
                                   4600 IDS Center, 80 South Eighth St.
                                   Minneapolis, MN 55402-2242
                                   Telephone: (612) 256-3200
                                   Fax: (612) 215-6870

                                   **ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Keven Saunders, Tony Moy, Eric Orman,
Michael Barylski, and Grant Moellering,
individually and on behalf of others similarly
situated,

        Plaintiffs,

v.

Ace Mortgage Funding, Incorporated,
and Richard M. Hall,

        Defendants.

Court File No. 05-1437 (DWF/JSM)

**IMPORTANT NOTIFICATION
OF LAWSUIT**

---

**TO:    ALL INDIVIDUALS WHO WORKED AS LOAN OFFICERS FOR ACE
MORTGAGE FUNDING INC. FROM JULY 20, 2002, TO THE PRESENT**

**RE:    OVERTIME AND MINIMUM WAGE LAWSUIT FILED AGAINST ACE
MORTGAGE FUNDING INC.**

### PURPOSE OF NOTIFICATION

The purpose of this notice is to inform you that a lawsuit exists in which you are

potentially eligible to participate because you may be "similarly situated" to the named Plaintiffs.

This notification also is intended to advise you of how your rights may be affected by this lawsuit,

and to instruct you on the procedure for participating in this lawsuit, should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

In July 2005, the above-named Plaintiffs brought this lawsuit in the United States District

Court for the District of Minnesota against Ace Mortgage Funding, Inc. and Richard H. Hall,

(collectively referred to as "Ace") on behalf of themselves and all other individuals who worked

as loan officers between July 20, 2002, and present. The Plaintiffs allege that they are owed an

overtime premium under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for

work in excess of forty (40) hours per work week they performed during the period from July 20, 2002, and present. Plaintiffs also allege that they are owed the minimum wage for weeks in which they received less than the federal minimum wage.

Ace denies that Plantiffs have stated a claim that satisfies the substantive and procedural requirements to bring a lawsuit and recover under the FLSA.

### COMPOSTION OF THE CLASS

Plaintiffs were employed by Ace nationwide as loan officers. They seek to sue on behalf of themselves and also on behalf of other current or former loan officers with whom they are similarly situated. Specifically, Plaintiffs seek to sue on behalf of any and all employees who:

(a)    were employed by Ace as a loan officers in any of its offices across the country, from July 20, 2002, to the present; and

(b)    worked more than forty (40) hours a week during that period without overtime compensation; or

(c)    worked weeks for which they received less than the minimum wage of $5.15 per hour.

### YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may have a right to participate in this lawsuit by mailing or faxing the attached "Plaintiff Consent Form" to Plaintiffs' counsel at the following address:

Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher
Nichols Kaster & Anderson
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Toll Free Telephone: (877) 448-0492
Facsimile: (612) 215-6870

The signed "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Federal Court on or before January 24, 2006.

If you file a "Plaintiff Consent Form," your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Ace will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. If you choose not to join this suit, you will not be affected by any ruling, judgment or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs' claims in this action are limited to a two- or three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime or minimum wage compensation for hours worked within the two or three years prior to the date you file your "Plaintiff Consent Form." If you choose not to join in this action some or all of your potential claims may later be barred by the appliciable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. You will not be discharged or retaliated against if you choose to participate, or not participate, in this action. You may disregard any communication sent by Ace that contradicts this Notice. In particular, you are not required to discuss the facts and circumstances surrounding this lawsuit with Ace or its officers. You may rely upon this Notice as an accurate description of the lawsuit and your rights in relation to the lawsuit.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs' counsel are:

Donald H. Nichols, Paul J. Lukas, and Michele R. Fisher
Nichols Kaster & Anderson
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Toll Free Telephone: (877) 448-0492
Facsimile: (612) 215-6870

and

Sam J. Smith and Marguerite M. Longoria
Burr & Smith, LLP
442 West Kennedy Blvd., Suite 300
Tampa, Florida 33606
Telephone (813) 253-2010
Fax (813)254-8391

The attorneys are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by the attorneys and you. You may request a copy of the contingency fee agreement executed by the Plaintiffs in this matter by contacting Plaintiffs' counsel at the address, telephone number, or fax number that appears above.

## FURTHER INFORMATION

Further information about this lawsuit or this notification can be obtained by contacting Plaintiffs' attorneys at the addresses or phone numbers provided above.

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE DONOVAN W. FRANK, UNITED STATES DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

4

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.      I hereby consent and agree and opt-in to become a plaintiff in a lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., to recover unpaid wages and overtime from my current/former employer, **Ace Mortgage Funding, Inc.**, and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "Ace Mortgage").

2.      I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I hereby designate the law firms of Nichols Kaster & Anderson, PLLP and Burr & Smith, L.L.P. to represent me in this action.

Date: _____        _____
                                    Signature


                                    _____
                                    Print Name

_____

No Information Included Below Will be Filed With the Court

### PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:

Name: _____
            (First)                          (Middle)              (Last)

Any other Name(s) used or known by: _____

Street Address: _____

City, State, Zip: _____

Home: _____  Work: _____  Cell: _____

Email: _____

Social Security Number: _____ (or) Date of Birth _____

Fax or Mail to:  Nichols Kaster & Anderson, PLLP (Attn. Michele Fisher)
                 80 South 8th Street, Suite 4600, Minneapolis, MN 55402
                 Toll Free Telephone: (877) 448-0492
                 Fax: (612) 215-6870

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert G. Wilbur,<br>individually and on behalf of other<br>similarly situated employees, | Court File No.: 04-3172 (DWF/FLN) |
| Plaintiffs, | |
| v. | **NOTICE OF PENDENCY<br>OF OVERTIME LAWSUIT** |
| Chase Manhattan Mortgage<br>Corporation, | |
| Defendant. | |

**TO:** **ALL PRESENT AND FORMER LOAN OFFICERS OF CHASE MANHATTAN MORTGAGE CORPORATION WHO WORKED FROM JULY 2001 TO PRESENT.**

**RE:** **FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST CHASE MANHATTAN MORTGAGE CORPORATION.**

### INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

In July 2004, the above-named Plaintiff brought this lawsuit against Defendant Chase Manhattan Mortgage Corporation ("Defendant") on behalf of himself and all other past and present individuals who worked as loan officers. Specifically, the Plaintiff alleges that he is owed overtime pay at a rate of time and one-half of his regular wage under the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for work in excess of forty (40) hours per

work week he performed for Defendant from July 8, 2001, to present.

Defendant has denied any wrongdoing or liability and contests all claims that have been

asserted. While generally the FLSA requires that employees receive overtime pay for all hours

of work in excess of forty (40) hours per work week, the FLSA also provides that certain

employees are "exempt" from its overtime requirements. Defendant maintains that Plaintiffs

were "exempt" employees under the FLSA which, for example, exempts employees in certain

administrative, outside sales, or commission sales positions.

## COMPOSITION OF THE CLASS

Plaintiffs were or are employed by Defendant nationwide as retail loan officers. They

seek to sue on behalf of themselves and also on behalf of other employees with whom they are

similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who

are or have been:

(a)     employed by Defendant as a retail loan officer in the prime lending division in any of its offices across the country from February 22, 2002 to present;

(b)     worked 20% or more of your hours at Defendant's offices; and

(c)     did not receive overtime compensation for hours worked beyond forty (40) hours a week.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by

mailing the attached "Plaintiff Consent Form" to Plaintiffs' counsel at the following address:

Donald H. Nichols, Paul J. Lukas, Michele R. Fisher and Rachhana T. Srey
Nichols Kaster & Anderson, PLLP
4644 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919 or Toll Free (877) 448-0492
Fax: (612) 215-6870

2

The "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Federal Court on or before **April 21, 2005**.

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal and state laws.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Defendant will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information, sit for depositions and/or testify in Court.

If you choose not to join this suit, you will not be affected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs claims in this action are limited to a three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within three years of the date you filed your consent form. If you choose not to join in this action some or all of your potential claims may later be barred by the applicable statue of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. Therefore, Defendant is prohibited from discharging you or discriminating against you in any other manner because you chose to participate in this action.

3

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for

Plaintiffs. Plaintiffs' counsel are:

> Donald H. Nichols, Paul J. Lukas, Michele R. Fisher and Rachhana T. Srey
> Nichols Kaster & Anderson
> 4644 IDS Center, 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877) 448-0492
> Fax: (612) 215-6870

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting

Plaintiffs' attorneys at the address or phone number provided above.

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE FRANKLIN L. NOEL, MAGISTRATE JUDGE.  THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

By:_____
Donald H. Nichols #78918
Paul J. Lukas, #22084X
Michele R. Fisher, #303069
Rachhana T. Srey, #340133
Nichols Kaster & Anderson, PLLP
4644 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919
Toll Free: (877)448-0492
Fax: (612) 215-6870
**ATTORNEYS FOR PLAINTIFFS**

4

# CHASE MANHATTAN MORTGAGE CORP.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Chase Manhattan Mortgage Corp. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____     _____

Signature                                Date

_____

Print Name

_____

Address (with apartment number if applicable)

_____

City, State, Zip Code

_____

Home Telephone

_____

Work Telephone

_____

Cell Phone

_____

E-Mail Address

_____

Social Security Number

_____

Emergency Contact

**Fax To:**      **Nichols Kaster & Anderson, PLLP**
             **Attn:  Michele Fisher**
             **Facsimile: (612) 215-6870**

**Or Mail To:**  **Nichols Kaster & Anderson, PLLP**
             **Attn:  Michele Fisher**
             **4644 IDS Center, 80 S. 8th Street**
             **Minneapolis, MN 55402**
             **Toll Free Telephone (877) 448-0492**

2/22/2005

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

---

Raquib Abduallah and Phill Graham,
individually and on behalf of other
similarly situated employees,

Civil Action No. 04-2951 JMR/FLN

              Plaintiffs,

v.

**NOTICE OF PENDENCY
OF OVERTIME LAWSUIT**

Bank of America, N.A.,

              Defendant.

---

**TO:  ALL PRESENT AND FORMER RETAIL ACCOUNT EXECUTIVES OF BANK OF AMERICA, N.A., FROM JUNE 1, 2001, TO PRESENT.**

**RE:  FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST BANK OF AMERICA, N.A.**

### INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

In June 2004, the above-named Plaintiffs brought this lawsuit against Defendant Bank of America, N.A. ("Defendant") on behalf of themselves and all other past and present individuals who worked as retail account executives. Specifically, the Plaintiffs allege that they are owed overtime pay at a rate of time and one-half of their regular wage under the Fair Labor Standards

1

Act ("FLSA"), 29 U.S.C. § 201, et seq., for work in excess of forty (40) hours per work week they performed for Defendant from June 1, 2001, to present.

Defendant has denied any wrongdoing or liability and contests all claims that have been asserted. While generally the FLSA requires that employees receive overtime pay for all hours of work in excess of forty (40) hours per work week, the FLSA also provides that certain employees are "exempt" from its overtime requirements. Defendant maintains that Plaintiffs were "exempt" employees under the FLSA which, for example, exempts employees in certain administrative, outside sales or commission sales positions.

## COMPOSITION OF THE CLASS

Plaintiffs were or are employed by Defendant nationwide as retail account executives. They seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who are or have been:

(a)     employed by Defendant as a retail account executive (position number "SM009") in any of its offices across the country, from June 1, 2001 to present;

(b)     worked less than 80% of your hours outside of the office; and

(c)     did not receive overtime compensation for hours worked beyond forty (40) hours a week.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by mailing the attached "Plaintiff Consent Form" to Plaintiffs' counsel at the following address:

Donald H. Nichols, Paul J. Lukas, Michele R. Fisher, and Rachhana T. Srey
Nichols Kaster & Anderson, PLLP
4644 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919 or Toll Free (877) 448-0492
Fax: (612) 215-6870

2

**The "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Federal Court on or before April 15, 2005.**

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal and state laws.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Defendant will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information, sit for depositions and/or testify in Court.

If you choose not to join this suit, you will not be affected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs' claims in this action are limited to a three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within three years of the date you filed your consent form. If you choose not to join in this action, some or all of your potential claims may later be barred by the applicable statue of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. Therefore, Defendant is prohibited from discharging you or discriminating against you in any other manner because you chose to participate in this action.

3

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs' counsel are:

> Donald H. Nichols, Paul J. Lukas, Michele R. Fisher, and Rachhana T. Srey
> Nichols Kaster & Anderson, PLLP
> 4644 IDS Center, 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877) 448-0492
> Fax: (612) 215-6870

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' attorneys at the address or phone number provided above.

**THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE FRANKLIN L. NOEL, MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

4

By:_____
Donald H. Nichols #78918
Paul J. Lukas, #22084X
Michele R. Fisher, #303069
Rachhana T. Srey, #340133
Nichols, Kaster & Anderson, PLLP
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919
Fax: (612) 215-6870

**ATTORNEYS FOR PLAINTIFFS**

5

# BANK OF AMERICA
# PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against **BANK OF AMERICA** as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq..

_____
Signature                              Date

_____
Print Name

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

_____
Home Telephone

_____
Work Telephone

_____
Cell Phone

_____
E-Mail Address

_____
Social Security Number

_____
Emergency Contact

**Fax To:**        Nichols Kaster & Anderson, PLLP
                   Attn:  Michele Fisher
                   Facsimile: (612) 215-6870

**Or Mail To:**    Nichols Kaster & Anderson, PLLP
                   Attn:  Michele Fisher
                   4644 IDS Center, 80 S. 8th Street
                   Minneapolis, MN 55402
                   Toll Free Telephone (877) 448-0492

2/18/2005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Douglas Pontius,<br>individually and on behalf of other<br>similarly situated employees,<br><br>             Plaintiff,<br><br>v.<br><br>Delta Financial Corporation, d/b/a,<br>Fidelity Mortgage, Inc.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-1737<br><br>Judge Gary L. Lancaster<br>Magistrate Judge Lisa Pupo Lenihan |

## NOTICE OF PENDENCY OF LAWSUIT

TO:    **ALL PRESENT AND FORMER LOAN OFFICERS OF FIDELITY MORTGAGE, INC.
WHO WORKED AUGUST 4, 2002 TO PRESENT.**

RE:    **FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST FIDELITY
MORTGAGE, INC.**

### INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which

you potentially are "similarly situated" to the named Plaintiff, to advise you of how your rights may be

affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you

choose to do so.

### DESCRIPTION OF THE LAWSUIT

In November 2004, the above-named Plaintiff brought this lawsuit against Defendant Delta

Financial Corporation d/b/a Fidelity Mortgage, Inc. ("Defendant") on behalf of himself and all other past

and present individuals who worked as loan officers, senior loan officers or mortgage analysts.

Specifically, the Plaintiff alleges that he is owed overtime pay at a rate of time and one-half of his regular

wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for work in excess of forty

(40) hours per work week he performed for Defendant from November 1, 2001, to present.

Defendant has denied any wrongdoing or liability and contests all claims that have been asserted.

While generally the FLSA requires that employees receive overtime pay for all hours of work in excess of

forty (40) hours per work week, the FLSA also provides that certain employees are "exempt" from its overtime requirements. Defendant maintains that Plaintiff was an "exempt" employee under the FLSA which, for example, exempts employees in certain adminstrative, outside sales or commission sales positions.

### COMPOSITION OF THE CLASS

Plaintiff was employed by Defendant nationwide as a loan officer, senior loan officer or mortgage analyst. He seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, Plaintiff seeks to sue on behalf of any and all employees who are or have been:

    (a)    employed by Defendant as a loan officer, senior loan officer or mortgage analyst in any of its offices across the country, from August 4, 2002 to present; and

    (b)    who worked more than forty (40) hours a week at any time; and

    (c)    did not receive overtime compensation for hours worked beyond forty (40) hours a week.

### YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by mailing the attached "Plaintiff Consent Form" to Plaintiff's counsel at the following address:

Donald H. Nichols, Paul J. Lukas, Michele R. Fisher and Rachhana T. Srey
Nichols Kaster & Anderson
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 256-3200 or Toll Free (877) 448-0492

The "Plaintiff Consent Form" must be received in sufficient time for Plaintiff's counsel to file it with the Federal Court on or before October 18, 2005.

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiff are actually "similarly situated" in accordance with federal and state laws.

2

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Defendant will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information, sit for depositions and/or testify in Court.

If you choose not to join this suit, you will not be affected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiff's claims in this action are limited to a two or potentially three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within two or potentially three years of the date you filed your consent form. If you choose not to join in this action some or all of your potential claims may later be barred by the applicable statue of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. Therefore, Defendant is prohibited from discharging you or discriminating against you in any other manner because you chose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiff. Plaintiff's counsel are:

> Donald H. Nichols, Paul J. Lukas, Michele R. Fisher and Rachhana T. Srey
> Nichols Kaster & Anderson
> 4600 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 256-3200 or Toll Free (877) 448-0492

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement

3

obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by you and the attorneys.

### FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiff's attorneys at the address or phone number provided above.

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE LISA PUPO LENIHAN, MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF DEFENDANT'S DEFENSES.**

By:_____

Donald H. Nichols MN Bar #78918
Paul J. Lukas, MN Bar #22084
Michele R. Fisher, MN Bar #303069
Rachhana T. Srey, MN Bar #340133
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2242
(612) 256-3200

**ATTORNEYS FOR PLAINTIFF**

4

# FIDELITY MORTGAGE, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Fidelity Mortgage, Inc. as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____
Signature                              Date

_____
Print Name

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

_____
Home Telephone

_____
Work Telephone

_____
Cell Phone

_____
E-Mail Address

_____
Social Security Number

_____
Emergency Contact

**Fax To:**       Nichols Kaster & Anderson, PLLP
                  Attn: Michele Fisher
                  Facsimile: (612) 215-6870

**Or Mail To:**   Nichols Kaster & Anderson, PLLP
                  Attn: Michele Fisher
                  4600 IDS Center, 80 S. 8th Street
                  Minneapolis, MN 55402
                  Toll Free Telephone (877) 448-0492

## NOTICE OF COLLECTIVE ACTION LAWSUIT

*Kenneth K. Kalish and Jane M. Neal, individually and on behalf of other similarly situated employees v. High-Tech Institute, Inc.*, Civil File No. 04-1440 (JRT/JSM) (U.S. Dist. Ct., D. Minn.)

**TO:** **ALL PRESENT AND FORMER FULL-TIME INSTRUCTORS OF HIGH-TECH INSTITUTE, INC., FROM MAY 11, 2002, TO PRESENT.**

**RE:** **FAIR LABOR STANDARDS ACT OVERTIME LAWSUIT FILED AGAINST HIGH-TECH INSTITUTE, INC.**

### INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which you potentially are "similarly situated" to the plaintiffs, Kenneth M. Kalish and Jane M. Neal (hereinafter, "the Plaintiffs"), to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you choose to do so.

### DESCRIPTION OF THE LAWSUIT

In April 2004, the Plaintiffs brought a lawsuit in federal court in Minnesota against High-Tech Institute, Inc. ("High-Tech Institute"), an Arizona Corporation, on behalf of themselves and all other past and present individuals who worked as full-time instructors. Specifically, the Plaintiffs allege that they are owed overtime pay at a rate of time and one-half of their regular wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for work in excess of forty (40) hours per work week.

High-Tech Institute has denied any wrongdoing or liability and contests all claims that have been asserted. While generally the FLSA requires that employees receive overtime pay for all hours of work in excess of forty (40) hours per work week, the FLSA also provides that certain employees are "exempt" from its overtime requirements. High-Tech Institute maintains

that Plaintiffs were "exempt" employees under the FLSA which, for example, exempts employees in certain executive, professional, or administrative positions.

## COMPOSITION OF THE CLASS

The Plaintiffs were employed by High-Tech Institute as full-time instructors in Minnesota. They seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who are or have been:

(a)    employed by High-Tech Institute as a full-time instructor in any of its schools across the country, from May 11, 2002 to present; and

(b)    did not receive overtime compensation for hours worked beyond forty (40) hours a week.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition described in the "Composition of the Class" above, you may join this suit (that is, you may "opt-in") by mailing or faxing the attached "Plaintiff Consent Form" to the Plaintiffs' counsel at the following address:

Donald H. Nichols, Paul J. Lukas, Michele R. Fisher, and Rachhana T. Srey
Nichols Kaster & Anderson
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919 or Toll Free (877) 448-0492
Facsimile: (612) 215-6870

The "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Federal Court on or before August 1, 2005.

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may depend upon a variety of factors, including (1) a later decision by the District Court as to

2

whether you and the Plaintiffs are actually "similarly situated" in accordance with federal law; and (2) whether your "Plaintiff Consent Form" was filed within the period permitted by the applicable statute of limitations.

### YOUR RIGHT NOT TO PARTICIPATE IN THIS LAWSUIT

You do not have to participate in this lawsuit. If you fit within the Composition of the Class described above and you do not wish to participate, or if you wish to bring your own lawsuit, you do not have to do anything at this time. You are free to retain an attorney other than the attorneys listed in this Notice either to seek independent legal advice or to commence an independent lawsuit in an appropriate court on behalf of yourself.

### EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and High-Tech Institute will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information, sit for depositions and/or testify in Court in Minneapolis, Minnesota.

If you choose not to join this suit, you will not be affected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable.

### NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, High-Tech Institute is prohibited from discharging you or discriminating against you in any other manner because you choose to participate in this action.

### YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs' counsel are:

3

Donald H. Nichols, Paul J. Lukas, Michele R. Fisher, and Rachhana T. Srey
Nichols Kaster & Anderson
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919 or Toll Free (877) 448-0492

If you return the Plaintiff Consent Form, the specific terms and conditions of representation will

be contained in a fee agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting

Plaintiffs' attorneys at the address or phone number provided above.

**THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE HONORABLE JOHN R. TUNHEIM, FEDERAL DISTRICT COURT JUDGE. THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

By: _____

Donald H. Nichols, #78918
Paul J. Lukas, #22084X
Michele R. Fisher, #303069
Rachhana T. Srey, #340133
Nichols Kaster & Anderson, PLLP
4644 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2242
Toll Free (877) 448-0492

**ATTORNEYS FOR PLAINTIFFS**

4

# HIGH-TECH INSTITUTE
# PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against **High-Tech Institute** as a Plaintiff to assert claims

against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____
Signature                          Date

_____
Print Name

_____
Social Security Number

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

_____
Home Telephone

_____
Work Telephone

_____
Cell Phone

_____
E-Mail Address

_____
Emergency Contact

**Fax To:**      **Nichols Kaster & Anderson, PLLP**
                 **Attn:  Michele Fisher**
                 **Facsimile: (612) 215-6870**

**Or Mail To:**  **Nichols Kaster & Anderson, PLLP**
                 **Attn:  Michele Fisher**
                 **4644 IDS Center, 80 S. 8th Street**
                 **Minneapolis, MN 55402**
                 **Toll Free Telephone (877) 448-0492**

5/19/2005

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dawn Smith, et al.,                                    Civil No. 04-1403 (RHK/AJB)

            Plaintiffs,

     vs.                                          **ORDER**

Heartland Automotive Services, Inc.,
d/b/a Jiffy Lube,

           Defendant.

---

Before the Court are Defendant's Objections to the September 3, 2004 Report and Recommendation (R&R) of United States Magistrate Judge Arthur J. Boylan. Judge Boylan has recommended that Plaintiffs' Motion for Judicial Notice be granted. The Court has conducted the required de novo review of the R&R, which has included a review of the entire file in this matter, including the supporting and opposition memoranda before Judge Boylan as well as the briefs filed with the undersigned. The foregoing review satisfies the Court that Judge Boylan's recommended disposition is correct and it will be adopted.

Judge Boylan has applied the appropriate legal standard to the issue before him and his recitation of the factual record is fully supported. It must be kept in mind, however, that the determination to allow the providing of notice to persons who have been employed as store managers by Defendant is based on a less than full and substantiated record. Discovery may well demonstrate that a collective action of store managers is not the appropriate manner in which to conduct this litigation.

Based on the foregoing, and upon all the files and records and proceedings herein, IT

IS ORDERED:

    1. Defendant's Objections (Doc. No. 67) are OVERRULED;

    2. The Report and Recommendation (Doc. No. 65) is ADOPTED;

    3. The Motion for Judicial Notice (Doc. No. 36) is GRANTED;

    4. Defendant shall promptly disclose to Plaintiffs' counsel the names and mailing

addresses of all individuals who worked as store managers for the Defendant between

September 1, 2001, and September 1, 2004; and

    5. Subject to approval as to form and content by Judge Boylan, counsel for

Plaintiffs are authorized to provide notice of the litigation and to seek consent to

participate in this litigation as set forth in the proposed Notice of Pendency of Lawsuit and

attached Consent Form submitted with the Motion for Judicial Notice. The Notice shall

further state that in order to join this lawsuit, the consent form must be received by

Plaintiffs' counsel on or before January 15, 2005.

Dated: October 18, 2004

                    s/Richard H. Kyle
                    RICHARD H. KYLE
                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Dawn Smith, Mark Tarras, Jim Cox,
Justin Durbin, Patrick Parris, Dewayne
Klipple, and Edward Willson, on behalf
of themselves and other past and present
employees similarly situated,

        Plaintiffs,

v.

Heartland Automotive Services, Inc. d/b/a
Jiffy Lube,

        Defendant.

Case No. 04-1403 (RHK/AJB)

NOTICE OF PENDENCY OF LAWSUIT

---

**TO:** PRESENT AND FORMER STORE MANAGERS EMPLOYED BY HEARTLAND AUTOMOTIVE SERVICES, INC. D/B/A JIFFY LUBE FROM SEPTEMBER 1, 2001 TO SEPTEMBER 1, 2004.

**RE:** OVERTIME LAWSUIT FILED AGAINST HEARTLAND AUTOMOTIVE SERVICES, INC. D/B/A JIFFY LUBE.

## INTRODUCTION

The purpose of this notice is to inform you that a lawsuit exists that you may join, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

Plaintiffs Dawn Smith, Mark Tarras, Jim Cox, Justin Durbin, Patrick Parris, Dewayne Klipple, and Edward Willson ("Plaintiffs") brought this lawsuit against Defendant Heartland Automotive Services, Inc. d/b/a Jiffy Lube ("Heartland") on behalf of themselves and all other past and present individuals who worked as store managers between September 1, 2001, and

September 1, 2004. Specifically, Plaintiffs allege that they are owed overtime pay at a rate of time and one-half of their regular wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for work in excess of forty (40) hours per week they performed for Heartland during the period from September 1, 2001, to September 1, 2004.

Heartland denies any wrongdoing or liability and contests all claims that have been asserted. Specifically, Heartland contends that the store manager position properly was classified as "exempt" from overtime requirements of the Fair Labor Standards Act and that Plaintiffs are therefore not entitled to overtime compensation regardless of the number of hours worked in any workweek.

## COMPOSITION OF THE CLASS

Plaintiffs seek to sue on behalf of any and all employees who:

(a)   are or have been employed by Heartland as a store manager in any of its Jiffy Lube locations across the country, from September 1, 2001, to September 1, 2004; and

(b)   did not receive overtime compensation for hours worked beyond forty (40) hours in any given workweek.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by mailing the attached "Plaintiff Consent Form" to Plaintiffs' lawyers at the following address:

NICHOLS KASTER & ANDERSON
4644 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870

If you file a Plaintiff Consent Form, your continued right to participate in this lawsuit may depend upon a later decision by the Court that you are an appropriate participant in accordance with federal and state laws.

2

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Heartland will be bound by any ruling, judgment or settlement.  While this lawsuit is proceeding, you may be required to provide information, appear to give a deposition, or otherwise participate in the action.

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement entered in this case, favorable or unfavorable.  If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs' claims in this action are limited to a two or three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if the plaintiffs can establish that the store manager position was improperly classified as "exempt" and if you were denied overtime compensation for overtime hours worked within the two or three years prior to the date you file your Plaintiff Consent Form.  If you choose not to join in this action, or choose to bring your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act.  You will not be discharged or retaliated against if you choose to participate, or not to participate, in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs' counsel are:

3

NICHOLS KASTER & ANDERSON
Donald H. Nichols
Paul J. Lukas
Michele R. Fisher
4644 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered by you and the attorneys.

<u>FURTHER INFORMATION</u>

Further information about this lawsuit or this Notice can be obtained by contacting Plaintiffs' attorneys at the address or phone number provided above.

THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE RICHARD H. KYLE, JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.

Date: November 9, 2004                    NICHOLS KASTER & ANDERSON, PLLP


_____
Donald H. Nichols, #78918
Paul J. Lukas, #22084X
Michele R. Fisher, #303069
4644 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870
ATTORNEYS FOR PLAINTIFFS

4

## HEARTLAND AUTOMOTIVE SERVICES, INC. D/B/A JIFFY LUBE
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against Heartland Automotive Services, Inc., d/b/a

Jiffy Lube as a Plaintiff to assert claims against it for violations of the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.*

_____      _____
Signature                                                                Date

_____
Print Name

_____
Social Security Number

_____
Address (with apartment number if applicable)

_____
City, State, Zip Code

_____
Home Telephone

_____
Work Telephone

_____
Cell Phone

_____
E-mail Address

Fax or Mail To:        NICHOLS KASTER & ANDERSON
                               ATTN: Michele Fisher
                               4644 IDS Center
                               80 South 8th Street
                               Minneapolis, Minnesota 55402
                               Toll Free Telephone: (877) 448-0492
                               Fax:    (612) 215-6870

5

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Michael Klas, individually                     Case No. 03-3387 JMR/FLN
and on behalf of other
similarly situated employees,

                    Plaintiffs,

v.                                              ORDER

New Century Finanical Corporation,
and New Century Mortgage Corporation,
California corporations,

                    Defendants.

The above-entitled matter came on for hearing upon Plaintiffs' Motion to Compel and
Motion for Approval of Joinder Method. Based upon the memoranda, exhibits and all the files
and proceedings herein, the Court makes the following:

## ORDER

1)   Plaintiff's motion to compel a response to discovery is **GRANTED**. Defendants shall
     respond to Plaintiffs' first set of discovery within five (5) days of this order;

2)   Plaintiff's motion to compel the list of loan originators is **GRANTED**. Defendants shall
     provide a complete response to Plaintiffs' Request for Production No. 1 within five (5) of
     this Order;

3)   Plaintiff's motion requesting approval of their proposed method for joinder is
     **GRANTED**. Each person who files a consent form with the Court will be a
     Plaintiff in this action as of the date of the filing; and

4)   The Clerk of Court is not required to docket the name of each new Plaintiff who joins this
     action by filing a consent form.

Dated: Oct. 7 2003                   BY THE COURT:

                                     Franklin L. Noel
                                     UNITED STATES MAGISTRATE JUDGE

FILED   OCT - 8 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD._____
DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Klas, individually
and on behalf of other
similarly situated employees,

        Plaintiffs,

v.

New Century Finanical Corporation,
and New Century Mortgage Corporation,
California corporations,

        Defendants.

Case No. 03-3387 JMR/FLN

NOTICE OF LAWSUIT

TO: **PRESENT AND FORMER LOAN OFFICERS EMPLOYED BY CT CORPORATION SYSTEM, INC., FROM JUNE 1, 2000, WHO WORKED OVERTIME HOURS WITHOUT OVERTIME COMPENSATION.**

RE: **OVERTIME LAWSUIT FILED AGAINST NEW CENTURY FINANCIAL CORPORATION AND NEW CENTURY MORTGAGE CORPORATION.**

## INTRODUCTION

The purpose of this notice is to: 1) inform you that a lawsuit exist that you may join, 2) advise you of how your rights may be affected by this lawsuit, and 3) instruct you on the procedure for participating in this lawsuit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

In June 2003, Micheal Klas brought this lawsuit against Defendants New Century Financial Corporation and New Century Mortgage Corporation, ("New Century") on behalf of himself and all other past and present individuals who worked as loan officers and were not paid overtime compensation.  Specifically, Plaintiffs allege that they are owed overtime pay at a rate of one and one-half of their regular wage under the Fair Labor Standards Act ("FLSA"), 29

1

U.S.C. § 201, et seq., for work in excess of forty (40) hours per work week they performed for

New Century during June 1, 2003 to present. New Century has denied any wrongdoing or

liability and contests all claims that have been asserted.

## COMPOSTION OF THE CLASS

Plaintiffs seek to sue on behalf of any and all employees who are or have been:

(a)    employed by New Century as a loan officer in any of its offices across the
       country, from June 1, 2000 to present; and

(b)    did not receive overtime compensation for any hours worked beyond forty (40) in
       any work week.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by

mailing the attached "Consent Form" to Plaintiffs' lawyers at the following address:

        Nichols Kaster & Anderson
        ATTN: Michele R. Fisher
        4644 IDS Center
        80 South Eighth Street
        Minneapolis, Minnesota 55402-2242
        Telephone: (612) 338-1919 or Toll Free (877) 448-0492
        Fax: (612) 338-4878

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may

depend upon a later decision by the Court that you are an appropriate participant in accordance

with federal and state laws.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and New Century will be bound by any ruling,

judgment or settlement. While this lawsuit is proceeding, you may be required to provide

information or otherwise participate in the action.

2

If you choose not to join this suit, you will not be effected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs' claims in this action are limited to a three-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within the three years prior to the date you file your consent form. If you choose not to join in this action, or choose to bring your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. Therefore, New Century is specifically prohibited from discharging you or retaliating against you in any other manner because you chose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs' counsel are:

Donald H. Nichols, Paul J. Lukas and Michele R. Fisher
Nichols Kaster & Anderson
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919 or Toll Free (877)-448-0492

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The

3

specific terms and conditions of representation will be contained in a fee agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' attorneys at the address or phone number provided above.

THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE FRANKLIN L. NOEL, MAGISTRATE JUDGE. THE COURT TAKES NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.

By:_____

Donald H. Nichols #78918
Paul J. Lukas, #22084X
Michele R. Fisher, #303069
Nichols Kaster & Anderson
4644 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402-2242
(612) 338-1919

ATTORNEYS FOR PLAINTIFFS

4

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Bednar, et al.,                        Civil No. 02-3646    JMR/FLN

    Plaintiff,

v.                                            ORDER

CT Corporation System, Inc.,

    Defendant.

_____

Paul J. Lukas, and Steven A. Smith, for Plaintiff.
David J. Lauth, for Defendant.

_____

    **THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on February 6, 2003, on Plaintiff's Motion to Compel, for Order for Judicial Notice, to Amend the Scheduling Order, and for Approval of Method of Joinder [#9].

    Based upon the files, records, and proceedings herein, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, for Order for Judicial Notice, to Amend the Scheduling Order, and for Approval of Method of Joinder [#9] is GRANTED as follows:

1.    Insofar as the Motion seeks to compel a list of all customer specialists and senior customer specialist working for Defendant as requested in Plaintiff's Request for Production, Set I, Nos. 1 and 2, it must be produced on or before February 20, 2003;

2.    Insofar as the Motion seeks approval to give Judicial Notice of this action, a copy of appropriate notice is attached with this Order;

3.    Insofar as the Motion seeks to amend the scheduling to extend the deadline for adding parties, all consents must be filed with the Clerk of Court on or before May 1, 2003; and

4.    Each person who files a consent form will become a Plaintiff in this matter. The Clerk of Court will accept signed consent forms in faxed or original form, and will

FILED 2-14-03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D _____
DEPUTY CLK _____

not docket each new Plaintiff individually.

DATED: _____, 2003

_____
FRANKLIN L. NOEL
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Bednar, on behalf of himself
and other past and present employees
similarly situated,

Civil File No. 02-3646 JMR/FLN

Plaintiff,

NOTICE OF LAWSUIT

v.

CT Corporation System Inc.,

Defendant.

TO:   PRESENT AND FORMER CUSTOMER SPECIALISTS AND SENIOR
      CUSTOMER SPECIALISTS EMPLOYED BY CT CORPORATION
      SYSTEM. INC., FROM SEPTEMBER 1, 1999, TO SEPTEMBER 1, 2002.

RE.   OVERTIME LAWSUIT FILED AGAINST CT CORPORATION.

## INTRODUCTION

The purpose of this notice is to inform you that a lawsuit exists that you may join,

to advise you of how your rights may be affected by this lawsuit, and to instruct you on

the procedure for participating in this lawsuit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

In September 2002, Tom Bednar brought this lawsuit against Defendant CT

Corporation System, Inc., ("CT Corp.") on behalf of himself and all other past and

present individuals who worked as customer specialists or senior customer specialists

between September 1, 1999, and September 1, 2002 ("Plaintiffs"). Specifically, Plaintiffs

allege that they are owed overtime pay at a rate of time and one-half of their regular wage

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. et seq., for work in

excess of forty (40) hours per work week they performed for CT Corp. during the period from September 1, 1999, to September 1, 2002. CT Corp. denies any wrongdoing or liability and contests all claims that have been asserted. Specifically, CT Corp. contends that these positions properly were classified as "exempt" from the overtime requirements of the Fair Labor Standards Act and that Plaintiffs therefore are not entitled to overtime compensation regardless of the number of hours worked in any workweek.

## COMPOSITION OF THE CLASS

Plaintiffs seek to sue on behalf of any and all employees who are or have been:

(a)   employed by CT Corp. as a customer specialist or senior customer specialist in any of its offices across the country, from September 1, 1999 to September 1, 2002; and

(b)   did not receive overtime compensation for hours worked beyond forty (40) hours in any given workweek.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by mailing or faxing the attached "Plaintiff Consent Form" to Plaintiffs' lawyers at the following address on or before April 25, 2003:

> Nichols Kaster & Anderson
> ATTN: Michele R. Fisher
> 4644 IDS Center
> 80 South Eighth Street
> Minneapolis, Minnesota 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877) 448-0492
> Fax: (612) 338-4878

If you file a Plaintiff Consent Form, your continued right to participate in this lawsuit may depend upon a later decision by the Court that you are an appropriate participant in accordance with federal and state laws.

2

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and CT Corp. will be bound by any ruling, judgment or settlement. While this lawsuit is proceeding, you may be required to provide information, appear to give a deposition or otherwise participate in the action.

If you choose not to join this suit, you will not be affected by any ruling, judgment or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs' claims in this action are limited to a two- or three-year "statute of limitations" depending upon whether any unlawful conduct which may be established is found to be willful. If you choose to join this action, you may be able to recover damages if the court finds that these positions were improperly classified as "exempt" and if you were denied overtime compensation for overtime hours you worked within the two or three years prior to the date you file your Plaintiff Consent Form. If you choose not to join in this action, or choose to bring your own action, some or all of your potential claims may later be barred by the applicable statute of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. The law prohibits CT Corp. from discharging you or retaliating against you whether or not you choose to participate in this action.

3

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for

Plaintiffs. Plaintiffs' counsel are:

> Donald H. Nichols, Paul J. Lukas, Steven A. Smith and
> Michele R. Fisher
> Nichols Kaster & Anderson
> 4644 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877)-448-0492

The attorneys are being paid on a contingency fee basis, which means that if there is no

recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive

a part of any settlement obtained or money judgment entered in favor of all members of

the class. The specific terms and conditions of representation will be contained in a fee

agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting

Plaintiffs' attorneys at the address or phone number provided above.

THIS NOTICE AND ITS CONTENT HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE FRANKLIN L. NOEL, MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.

4

By _____
    Donald H. Nichols #478918
    Paul J. Lukas. #22084X
    Steven Andrew Smith #260836
    Michele R. Fisher, #303069
Nichols Kaster & Anderson
1644 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402-2242
(612) 338-1919

**ATTORNEYS FOR PLAINTIFFS**

5

## CT CORPORATION SYSTEM INC.
## PLAINTIFF CONSENT FORM

I hereby consent to join the lawsuit against CT Corporation, as a Plaintiff to assert

claims against it for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

_____
Signature                                    Date

_____
Print Name

_____
Social Security Number

_____
Address (with apartment number if
applicable)

_____
City, State, Zip Code

_____
Home Telephone

_____
Work Telephone

_____
Cell Phone

_____
E-Mail Address

Fax or Mail To:     Nichols Kaster & Anderson
                    Attn: Michele Fisher
                    4644 IDS Center
                    80 S. 8th Street
                    Minneapolis, Minnesota 55402
                    Toll Free Telephone: (877)-448-0492
                    Fax: (612) 338-1878

6

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

David C. Casas, Troy D. Clark,                    Case No. 00-1512 JRT/SRN
Patrick Hogan, Linda L. Souder,
William M. Soule, and Sheila A. Sampson
Willis J. Guyot, Matthew A. McDevitt
and James P. Brandt on behalf of themselves and
other past and present employees similarly situated,

                    Plaintiffs,

v.                                                 NOTICE OF PENDENCY
                                                   OF LAWSUIT

Conseco Finance Corp.,
Conseco Finance Servicing Corp.,
and ABC Corporations 1-10,

                    Defendant.

---

TO:  PRESENT AND FORMER LOAN OR RETAIL ORIGINATORS EMPLOYED BY
     CONSECO FINANCE CORP. AND ITS SUBSIDIARIES (FORMERLY KNOWN
     AS "GREENTREE FINANCIAL") FROM JUNE 22, 1998 TO APRIL 1, 2000.

RE:  FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST CONSECO
     FINANCE CORP. AND ITS SUBSIDIARIES.

## INTRODUCTION

The purpose of this notice is to inform you of the existence of a collective action lawsuit

in which you potentially are "similarly situated" to the named Plaintiffs, to advise you of how

your rights may be affected by this lawsuit, and to instruct you on the procedure for participating

in this lawsuit, should you choose to do so.

## DESCRIPTION OF THE LAWSUIT

In June 2000, some of the above-named Plaintiffs brought this lawsuit against Defendant

Conseco Finance Servicing Corp., formerly known as Greentree Financial, ("Defendant") on

1

behalf of themselves and all other past and present individuals who worked as loan or retail originators. Specifically, the Plaintiffs allege that they are owed overtime pay at a rate of time and one-half of their regular wage under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Minnesota Fair Labor Standards Act, Minnesota Statute § 177.21 et seq. for work in excess of forty (40) hours per work week they performed for Defendant during June 22, 1998 to April 1, 2000.

Defendant has denied any wrongdoing or liability and contests all claims that have been asserted. While generally the FLSA requires that employees receive overtime pay for all hours of work in excess of forty (40) hours per work week, the FLSA also provides that certain employees are "exempt" from its overtime requirements. Defendant maintains that Plaintiffs were "exempt" employees under the FLSA which, for example, exempts employees in certain administrative, outside sales or commission sales positions.

## COMPOSTION OF THE CLASS

The original named Plaintiffs were or are employed by Defendant in Minnesota as loan originators in Defendant's Home Improvement Division and/or Retail Mortgage Services Division. They seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of any and all employees who are or have been:

   (a)   employed by Defendant as loan or retail originators in its Home Improvement Division from June 22, 1998, until April 1, 2000, as loan or retail originators in its Manufactured Housing Division from June 22, 1998 until April 1, 2000, or as loan or retail originators in its Retail Mortgage Services Division, from June 22, 1998, until March 1, 2000; and

   (b)   did not receive overtime compensation for any hours worked beyond forty (40) hours a week.

2

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this suit (that is, you may "opt-in") by mailing the attached "Plaintiff Consent Form" to Plaintiffs' counsel at the following address:

> Donald H. Nichols and Paul J. Lukas
> Nichols Kaster & Anderson
> 4644 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877)-448-0492

The "Plaintiff Consent Form" must be received in sufficient time for Plaintiffs' counsel to file it with the Federal Court on or before June 15, 2001.

If you file a "Plaintiff Consent Form", your continued right to participate in this lawsuit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal and state laws.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this lawsuit, you and Conseco will be bound by any ruling, judgment or settlement, whether favorable or unfavorable. While this lawsuit is proceeding, you may be required to provide information, sit for depositions and/or testify in Court.

If you choose not to join this suit, you will not be effected by any ruling, judgment, or settlement, entered in this case, favorable or unfavorable. If you choose not to join this lawsuit, you are free to file your own lawsuit.

## STATUTE OF LIMITATIONS

Plaintiffs claims in this action are limited to a two-year "statute of limitations." If you choose to join this action, you may be able to recover damages if you were improperly denied overtime compensation only for overtime hours worked within two years prior to November 17,

3

1998. If you choose not to join in this action, or choose to bring your own action, the November 17, 1998 statute of limitations will not apply to your case, and some or all of your potential claims may later be barred by the appliciable statue of limitations.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the Fair Labor Standards Act. Therefore, Defendant is prohibited from discharging you or discriminating against you in any other manner because you chose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by counsel for Plaintiffs. Plaintiffs's counsel are:

> Donald H. Nichols and Paul J. Lukas
> Nichols Kaster & Anderson
> 4644 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2242
> Telephone: (612) 338-1919 or Toll Free (877)-448-0492

The attorneys are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. If there is a recovery, the attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. The specific terms and conditions of representation will be contained in a fee agreement entered into by you and the attorneys.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting Plaintiffs' attorneys at the address or phone number provided above.

4

THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE
FEDERAL DISTRICT COURT, THE HONORABLE SUSAN R. NELSON,
MAGISTRATE JUDGE.    THE COURT HAS TAKEN NO POSITION
REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF
DEFENDANT'S DEFENSES.


By:_____
          Donald H. Nichols #78918
          Paul J. Lukas, #22084
Nichols, Kaster & Anderson
4644 IDS Center
80 S. 8th Street
Minneapolis MN 55402-2242
(612) 338-1919

ATTORNEYS FOR PLAINTIFFS

5

## PLAINTIFF CONSENT FORM

I, _____, hereby consent to join the lawsuit entitled <u>Casas, et al v.</u>

<u>Conseco Finance Corp.</u>, Court File No. 00-1512 JRT/SRN, as a Plaintiff to assert claims against

Conseco Finance Corp., for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq</u>.


Date:

_____

Signature

_____

Print Name

_____

Social Security Number

_____

Address (with apartment number if applicable)

_____

City, State, Zip Code

(\_\_\_\_\_)_____

Home Telephone

(\_\_\_\_\_)_____

Work Telephone


Mail or Fax To:        Michele Fisher
                       Nichols Kaster & Anderson
                       4644 IDS Center
                       80 S. 8th Street
                       Minneapolis MN 55402
                       Fax: 612-338-4878


(Statute – 11/17/00)

6

**IMPORTANT NOTICE ABOUT YOUR RIGHT**
**TO JOIN A LAWSUIT SEEKING TO RECOVER**
**UNPAID OVERTIME WAGES FROM WASHINGTON MUTUAL BANK**

TO:         **ALL CURRENT OR FORMER WASHINGTON MUTUAL RETAIL LOAN**
            **CONSULTANTS WHO WORK OR HAVE WORKED AT ANY TIME**
            **SINCE JANUARY 31, 2004.**

RE:         **YOUR RIGHT TO JOIN A LAWSUIT SEEKING TO RECOVER UNPAID**
            **OVERTIME COMPENSATION**

DATE:       **JANUARY 31, 2007**

**1. WHY YOU ARE GETTING THIS NOTICE**

This Notice is to tell you that there is a lawsuit you may be eligible to join because you might be "similarly situated" to the named Plaintiffs. This Notice will also tell you how your overtime rights under the Federal Fair Labor Standards Act may be affected by this lawsuit. This Notice will also tell you how to join the lawsuit if you think you are entitled to back overtime payments and want to participate.

**2. DESCRIPTION OF THE LAWSUIT**

A lawsuit has been brought by Plaintiffs Dewone Westerfield, Charlotte Machado, Patricia Kemesies, Samuel Sanchez, and Stephen Cagnacci against Washington Mutual Bank ("WaMu") in the United States District Court for the Eastern District of New York in Brooklyn (the case number is 06-CV-2817 (CBA/JMA). Mr. Westerfield, Ms. Machado, Ms. Kemesies, Mr. Sanchez, and Mr. Cagnacci worked for Washington Mutual Bank as retail loan consultants in the prime lending division selling or originating mortgage loans, in the states of Illinois, California, New York, Maryland, and New Jersey, respectively. In their lawsuit, Plaintiffs claim that WaMu improperly classified them as exempt employees, and did not pay overtime to them or to other retail loan consultants in the prime lending division.

Plaintiffs' lawyers in this case are:

Adam T. Klein and Jack A. Raisner
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005
Email: jar@outtengolden.com

and

1

Donald H. Nichols and Paul J. Lukas
NICHOLS KASTER & ANDERSON
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870
Website: www.overtimecaseagainstwamu.com

Federal overtime laws require that, when someone works more than 40 hours per week, their employers must pay them one and one-half times his or her regular hourly rate for every hour over 40 in a week, unless that employee is properly classified as "exempt" from the overtime provisions of the Act.

Plaintiffs claim that they should have been classified as non-exempt employees. They further claim that during their employment with WaMu, they often worked more than 40 hours per week, but were not paid overtime at the rate of one and one-half times per hourly rate for the hours they worked in excess of forty. Plaintiffs are suing WaMu under federal law for overtime pay. They are also asking for "liquidated damages" under the federal law (double the amount of allegedly unpaid wages) and attorneys' fees.

WaMu has denied these charges. Specifically, WaMu claims that Plaintiffs were performing the work of overtime-exempt loan salespeople and that Plaintiffs were paid properly under federal law.

## 3. WHO CAN JOIN THE LAWSUIT

Mr. Westerfield, Ms. Machado, Ms. Kemesies, Mr. Sanchez, and Mr. Cagnacci are suing on their own behalf, but also on behalf of other employees that are similar to them. You are eligible to join the lawsuit if you:

(a) worked for WaMu as a retail loan consultant in the prime lending division within the period January 31, 2004 to the present; and

(b) worked hours in excess of forty (40) during any week(s) during that period; and

(c) worked 20% or more of your hours at WaMu's offices.

This Notice is to locate persons who wish to join this case and are eligible to join this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the federal Court that you and the representative Plaintiffs are actually "similarly situated."

## 4. YOUR RIGHT TO JOIN THE LAWSUIT

If you fit the definition above, that is, if you are a current or former retail loan consultant in the prime lending division who worked at WaMu at any time between January 31, 2004 to the present, you may have the right to participate in this lawsuit.

## 5. HOW TO JOIN THIS LAWSUIT

Enclosed is a "Consent Form." If you want to join this lawsuit, and want to share in any money damages that may be awarded, it is extremely important that you read, sign and return the Consent Form. You may fax or mail the Consent Form to Plaintiffs' lawyers at the address listed below. The return envelope is pre-addressed and postage paid for your convenience. Your Consent Form must be received in sufficient time for Plaintiffs' counsel to file it with the Court on or before April 1, 2007.

Should the enclosed Consent Form be lost or misplaced, please contact Plaintiffs' lawyers or go to www.overtimecaseagainstwamu.com and print a Consent Form from the website. If you have any questions about filling out or sending in the Consent Form, you may contact the Plaintiffs' lawyers:

Adam T. Klein and Jack A. Raisner
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005
Email: jar@outtengolden.com

and

Donald H. Nichols and Paul J. Lukas
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870
Website: www.overtimecaseagainstwamu.com

## 6. NO RETALIATION IS ALLOWED

It is a violation of Federal law for WaMu or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

## 7. EFFECT OF JOINING THIS SUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. In other words, if you join this lawsuit it will determine your rights.

## 8. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit. However, the pendency of this suit will not stop the running of the statute of the limitations as to any claims you might have until you have opted in to the lawsuit and your consent form is filed with the court. In other words, you may lose some or all of your rights if you do not act now.

## 9. FURTHER INFORMATION

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' lawyers at:

Adam T. Klein and Jack A. Raisner
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Fax: (212) 977-4005
Email: jar@outtengolden.com

and

Donald H. Nichols and Paul J. Lukas
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Toll Free Telephone: (877) 448-0492
Fax: (612) 215-6870
Website: www.overtimecaseagainstwamu.com

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HON. CAROL B. AMON, DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                OAKLAND DIVISION

11

12   JEREMY STANFIELD, ROMONIA               Case No.  C 06-3892 SBA
     PERSAUD, and SHABNAM SHEILA
13   DEHDASHTIAN, individually, on behalf of
     all others similarly situated, and on behalf of
14   the general public,

15                    Plaintiffs,             **NOTICE OF COLLECTIVE ACTION**

16          v.

17   FIRST NLC FINANCIAL SERVICES, LLC,
     and DOES 1 through 50, inclusive,
18
                      Defendants.
19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO:   ALL PRESENT AND FORMER LOAN OFFICERS, SENIOR LOAN OFFICERS, TEAM LEADERS, LOAN PROCESSORS, BRANCH PROCESSORS, AND ACCOUNT MANAGERS WHO WORKED FOR FIRST NLC FINANCIAL SERVICES, LLC ("FIRST NLC") FROM DECEMBER 11, 2003 TO THE PRESENT.**

**RE:   FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST FIRST NLC.**

## INTRODUCTION

The purpose of this Notice is to inform you of a collective action lawsuit brought against First NLC, to advise you of how your rights may be affected by this action, and to instruct you on the procedure to make a claim if you choose to do so.

## DESCRIPTION OF THE ACTION

On June 22, 2006, an action was filed against Defendant First NLC on behalf of the named Plaintiffs and all other similarly-situated individuals who worked as Loan Officers, Senior Loan Officers, Team Leaders, Loan Processors, Branch Processors, and Account Managers for First NLC during the past three years.  Specifically, the action alleges that these individuals are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, for hours worked in excess of forty (40) per week.  Plaintiffs also seek an additional amount as liquidated damages, as well as attorneys' fees and costs.  This litigation is currently in the early pretrial stage.

Generally, the overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from the overtime provisions of the FLSA.  The Plaintiffs in this lawsuit claim that during one or more weeks of their employment with First NLC, they worked in excess of forty hours, but were not paid overtime at the rate of one and one-half times their hourly rate for the hours they worked in excess of forty.  Plaintiffs claim that First NLC misclassified them as exempt from overtime.

First NLC denies Plaintiffs' allegations in their entirety. Specifically, First NLC asserts that the company properly classified its current and former Loan Officers, Senior Loan Officers,

- 1 -

1
2
3
4
5
6

Team Leaders, Loan Processors, Branch Processors, and Account Managers – including Plaintiffs and the class of employees Plaintiffs seek to represent – as exempt from the receipt of overtime wages because these current and former employees are, and at all times were, primarily performing the work of overtime-exempt employees. First NLC also contends that it properly paid all of its current and former Loan Officers, Senior Loan Officers, Team Leaders, Loan Processors, Branch Processors, and Account Managers.

7

### PERSONS ELIGIBLE TO RECEIVE THIS NOTICE

8
9
10
11
12

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly-situated.  Those individuals that Plaintiffs allege are similarly-situated are current and former Loan Officers, Senior Loan Officers, Team Leaders, Loan Processors, Branch Processors, Loan Processors or Account Managers employed by First NLC anywhere in the United States from December 11, 2003 to the present.

13
14
15
16

This notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose.  Your right to participate in this lawsuit may depend on a later decision by the United States District Court that you and the representative Plaintiffs are actually "similarly-situated."

17

### YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

18
19
20
21
22
23
24
25

If you are or were a Loan Officer, Senior Loan Officer, Team Leader, Loan Processor, Branch Processor or Account Manager at First NLC during the previous three years, you may have a right to participate in this lawsuit.  Enclosed you will find a document entitled "Plaintiff Consent Form and Declaration." If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, assuming the Court determines that you are similarly-situated to the named Plaintiffs, it is extremely important that you read, sign and return the Consent Form and Declaration by fax or mail to Plaintiffs' counsel at the following address:

26
27
28

Nichols Kaster & Anderson, PLLP
Attn. Paul Lukas
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

NOTICE OF COLLECTIVE ACTION
C 06-3892 SBA

1    Toll-Free Telephone: (877) 448-0492
2    Facsimile: (612) 215-6870

3    The "Plaintiff Consent Form and Declaration" must be postmarked by Tuesday, May 22,
4    2007.

5    <u>**EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT**</u>

6    If you choose to join this action, you and First NLC will be bound by any ruling,
7    judgment, or award, whether favorable or unfavorable. You will also be bound by, and will share
8    in, any settlement that may be reached on behalf of the class. In addition, Nichols Kaster &
9    Anderson and Rukin Hyland & Doria will seek to be compensated for their efforts in litigating
10   this case, up to a combined 40% of all recovery, which will proportionately reduce the
11   award that each class member would receive.
12

13   You should also understand that if you join the lawsuit, then you may also be required to
14   provide documents to First NLC's lawyers and/or attend a deposition and answer First NLC's
15   lawyers' questions under oath.

16   If you decide to participate in this action, you will not incur any costs at all during or after
17   the litigation process, since Nichols Kaster & Anderson has agreed to absorb all such costs.
18

19   If you do not join this action, you will not be bound by any ruling, judgment, award, or
20   settlement, entered in this case, favorable or unfavorable. If you do not to join this action, you are
21   free to take action on your own.

22   <u>**STATUTE OF LIMITATIONS**</u>

23   The FLSA has a maximum statute of limitations of three years. If you choose to join this
24   action and the Court finds in favor of the Plaintiffs, you may be able to recover back wages only
25   during weeks you worked within three years of the date you file your "Plaintiff Consent Form."
26   If you choose not to join in this action, then you may file your own action. Be advised that the
27   clock will still be running on your time limit for filing your own action, if you do not join this
28   lawsuit.

NOTICE OF COLLECTIVE ACTION
C 06-3892 SBA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **NO RETALIATION PERMITTED**

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, First NLC is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## **YOUR LEGAL REPRESENTATION IF YOU JOIN**

If you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiffs' Counsel:

**Nichols Kaster & Anderson, PLLP**
Donald H. Nichols, Paul J. Lukas, Rachhana Srey, and Matthew Helland
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

**Nichols Kaster & Anderson, LLP**
Bryan Schwartz
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Toll Free Telephone: (877) 448-0492
Facsimile: (612) 215-6870
www.nka.com

**Rukin, Hyland, Doria & Tindall, LLP**
Peter Rukin and John Hyland
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (877) 887-1800
Facsimile: (415) 421-1700
www.rhddlaw.com

The Plaintiffs' attorneys are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. The specific terms and conditions of representation will be contained in a fee agreement entered into by Plaintiffs' attorneys and you.

## **FURTHER INFORMATION**

Further information about this lawsuit or this notice can be obtained by contacting counsel at these addresses and telephone numbers**:**

NOTICE OF COLLECTIVE ACTION
C 06-3892 SBA

1

2

3 **ATTORNEYS FOR FIRST NLC**          **ATTORNEYS FOR PLAINTIFFS**

4 TIMOTHY J. LONG                      BRYAN SCHWARTZ
  ORRICK, HERRINGTON & SUTCLIFFE       NICHOLS KASTER & ANDERSON, LLP
5 LLP                                  One Embarcadero Center, Suite 720
  400 Capitol Mall, Suite 3000         San Francisco, CA 94111
6 Sacramento, California  95814        Telephone: (877) 448-0492
  Telephone:    916-447-9200           Facsimile: (415) 421-1700
7 Facsimile:    916-329-4900           Email: Schwartz@nka.com
  E-mail:       tjlong@orrick.com      www.nka.com
8 www.orrick.com

9

10 MICHAEL D. WEIL                     JOHN HYLAND
   ORRICK, HERRINGTON & SUTCLIFFE      RUKIN HYLAND DORIA & TINDALL, LLP
11 LLP                                 100 Pine Street, Suite 725
   The Orrick Building                 San Francisco, CA 94111
12 405 Howard Street                   Telephone: (415) 887-1800
   San Francisco, California 94105     Facsimile: (415) 421-1700
13 Telephone:    415-773-5700          Email: JohnHyland@rhddlaw.com
   Facsimile:    415-773-5759          www.rhddlaw.com
14 E-mail:       mweil@orrick.com
   www.orrick.com
15

16 **YOU SHOULD NOT CONTACT THE COURT.**

17                        **CONCLUSION**

18
       **THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE
19 UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
   CALIFORNIA, THE HONORABLE SAUNDRA BROWN ARMSTRONG, UNITED
20 STATES DISTRICT COURT JUDGE.**

21
       **THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS
22 OF PLAINTIFFS' CLAIMS OR OF DEFENDANT'S DEFENSES.**

23

24

25                                    _____

26                                    The Honorable Saundra Brown Armstrong

27                                    United States District Judge

28

                              - 5 -         NOTICE OF COLLECTIVE ACTION
                                            C 06-3892 SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT FORM AND DECLARATION**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Case No.  C06-03892 SBA

I hereby consent to join the lawsuit against First NLC Financial Services, LLC as a Plaintiff to assert claims against it for violations the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

I certify under the penalty of perjury that the following is true and correct: During the past three years, there were occasions where I worked over 40 hours per week for First NLC Financial Services, LLC and did not receive overtime compensation.

I worked for First NLC Financial Services, LLC as (please check all that apply):

Loan Officer

Senior Loan Officer

Team Leader

Branch Processor

Loan Processor

Account Manager

**Fax or Mail To:**
**Nichols Kaster & Anderson, PLLP**
**Attn: Paul Lukas**
**4600 IDS Center**
**80 S. 8th Street**
**Minneapolis, MN 55402**
**Toll Free Telephone (877) 448-0492**
**Facsimile: (612) 215-6870**

_____    _____
Signature                                    Date

_____
Print Name

_____
Address (with apartment number if applicable)

_____
Print Name

_____
City, State, Zip Code

_____
Best Phone Numbers

_____
E-Mail Address

_____
Social Security Number (last four digits)

_____
Emergency Contact

_____
First NLC Branch Location Worked

- 6 -