IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | **Case No.: 3:07-cv-2446 MMC**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' CONDITIONAL CLASS CERTIFICATION AND PARTIAL SUMMARY JUDGMENT MOTIONS, AND REQUIRING DEFENDANT TO PRODUCE AN UPDATED CLASS LIST IN EXCEL FORMAT WITHIN 10 DAYS OF THE DATE THIS MOTION IS GRANTED** |

[PROPOSED] ORDER GRANTING PLAINTIFFS' FLSA
CONDITIONAL CERTIFICATION AND PARTIAL
SUMMARY JUDGMENT MOTIONS
07-2446 MMC

LA:178510.1

WHEREAS, Plaintiffs Philip Wong, et al., filed a motion in to facilitate notice under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and for the production of an updated list of class members to enable such notice to reach the relevant people, and Defendants opposed Plaintiffs' motion;

IT IS HEREBY ORDERED as follows:

1. For good cause shown, the Court hereby ORDERS that Plaintiffs' FLSA claims in this case shall proceed as a conditionally certified collective action, under 29 U.S.C. § 216(b), on behalf of all persons who work or have worked for HSBC Financial Services, LLC ("HSBC") as a Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, Premier Mortgage Sales Officer (collectively, "loan officer"), or other type of "retail" mortgage loan officer, anywhere in the United States at any time from May 7, 2004 to the present.

2. Plaintiffs' proposed FLSA notice and Plaintiff Consent and Declaration Form are approved as fair and accurate.

3. Within ten (10) days of the date of this ORDER, HSBC shall produce to Plaintiffs' counsel in Microsoft Excel format a mailing list containing the names and addresses of all persons described in paragraph 1 of this Order, so that notice may be timely accomplished. HSBC shall further produce to Plaintiffs' counsel within seven (7) days of any request by Plaintiffs' counsel all telephone numbers HSBC might have (if any) for any person described in paragraph 1 of this ORDER whose FLSA Notice is returned by the Post Office as undeliverable. Use and possession of the information provided by HSBC pursuant to this paragraph shall be limited to Plaintiffs' counsel of record in this action, who may use the information solely for the purpose of providing notice of this action to persons entitled to file Plaintiff Consent Forms pursuant to paragraph 1 of this ORDER.

LA:178510.1

4.   Within fourteen (14) days of the date of this ORDER, HSBC shall post the proposed FLSA Notice in all HSBC branch offices where persons described in paragraph 1 of this ORDER are or have worked since May 7, 2004, by displaying it, along with multiple copies of the Plaintiff Consent and Declaration Form, in a place visible and accessible to all loan officers.

5.   To be timely filed, the Plaintiff Consent Form must be received and filed/date stamped by the Court no later than ninety (90) days after the date which the FLSA Notice is mailed by Plaintiffs' counsel.

MOREOVER, WHEREAS, Plaintiffs Philip Wong, et al., filed a motion for partial summary judgment under Fed.R.Civ.P. 56, and Defendants opposed Plaintiffs' motion;

IT IS HEREBY ORDERED, for good cause shown, that PARTIAL SUMMARY JUDGMENT IS GRANTED, as follows:

1.   Summary judgment is appropriate where the evidence shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

2.   Based on the facts and for the reasons outlined in Plaintiffs' Motion, Defendants' Second Affirmative Defense is denied as a matter of law. Defendants HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A., are and were both "employers" of the Plaintiffs, opt-in Plaintiffs, and putative class members as defined in the FLSA, 29 U.S.C. §203(d). In so ruling, the Court is applying the statute's broad definition of the term, and the "integrated enterprise test," which has been used by the 9th Circuit and this Court in the past. **See**, **e.g., Int'l Broth. Of Teamsters…,** 50 F.3d 770 (9th Cir. 1995); **Bowoto v. Chevron Texaco Corp.**, 312 F.Supp.2d 1229 (N.D.Cal. 2004) (Illston, J.).

3.   For the reasons outlined in Plaintiffs' Motion, Defendants' Fourth Affirmative Defense is limited, as a matter of law, to the "outside sales" exemption under the FLSA. Defendants cannot

1 | meet their burden to demonstrate that the "white collar" or "retail sales" exemptions could apply to the Plaintiffs, opt-in Plaintiffs, and putative class, for the reasons and based on the undisputed facts described in Plaintiffs' Motion.

IT IS SO ORDERED.

Dated: _____

HONORABLE MAXINE CHESNEY
UNITED STATES DISTRICT JUDGE