# Exhibit 1

1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  KIMBERLY L. OWENS, Bar No. 233185
   JUSTIN T. CURLEY, Bar No. 233287
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-mail: mbarrett@littler.com

7  Attorneys for Defendants
   HSBC MORTGAGE CORPORATION (USA) and
8  HSBC BANK USA, N.A.

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  PHILIP WONG, FREDERIC CHAUSSY,          Case No.  C 07 2446 MMC (JCS)
    and LESLIE MARIE SHEARN,
14  individually, on behalf of all others    **HSBC MORTGAGE CORPORATION**
    similarly situated, and on behalf of the **(USA)'S RESPONSE TO PLAINTIFFS'**
15  general public,                          **AMENDED REQUESTS FOR ADMISSION,**
                                            **SET I**
16            Plaintiffs,

17       v.

18  HSBC MORTGAGE CORPORATION
    (USA); HSBC BANK USA, N.A.; and
19  DOES 1 through 50, inclusive,

20            Defendants.

21

22  PROPOUNDING PARTY:    Plaintiffs PHILIP WONG, FREDERIC CHAUSSY, and
                          LESLIE MARIE SHEARN (collectively referred to herein as
23                        "Plaintiffs")

24
    RESPONDING PARTY:     Defendant HSBC MORTGAGE CORPORATION (USA)
25
    SET NUMBER:           ONE, AMENDED BY PLAINTIFFS
26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I                          Case No. No.  C 07 2446 MMC [ECF]

1    Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant HSBC MORTGAGE

2    CORPORATION (USA) ("Defendant") makes the following objections and responses to Plaintiffs'

3    Amended Requests for Admission (Set 1). The following objections and responses are based upon

4    information presently available to Defendant. The fact that Defendant has objected or responded to

5    any request or part thereof should not be taken as an admission that Defendant accepts or admits the

6    existence of any fact set forth or assumed by Plaintiffs' amended request(s), or that such objection or

7    response constitutes admissible evidence. The fact that Defendant has answered part or all of any

8    amended request is not intended and shall not be construed to be a waiver by Defendant of all or any

9    part of any objections to any amended request. All of the responses made herein are made subject to

10    the objections stated above and any further objection specifically stated.

## GENERAL OBJECTIONS

12    1.    The following responses are made without in any way waiving or intending to waive:

13        a.    all questions as to competency, relevancy, materiality, privilege, and

14    admissibility as evidence of these answers or their subject matter for any purpose, in any subsequent

15    proceeding in this or any other action;

16        b.    the right to object to the use of any said answers, or their subject matter, in

17    any subsequent proceeding in this or any other action;

18        c.    the right to object on any ground at any time to a demand for further response

19    to these or any other admissions or other discovery procedures involving or relating to the subject

20    matter of these admissions, and

21        d.    the right, at any time, to revise, correct, add to, or clarify any of these

22    responses.

23    2.    Defendant objects to each and every admission to the extent it seeks to discover

24    information protected by the work product doctrine or attorney-client privilege, as defined by statute,

25    rule or common law.

26    3.    Defendant objects to each and every admission to the extent that it seeks information

27    that is neither relevant to the matters at issue in this case nor reasonably calculated to lead to the

28    discovery of admissible evidence.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          2.          Case No. No. C 07 2446 MMC [ECF]

4.    Defendant objects to each and every admission to the extent it seeks to impose obligations beyond the requirements of the Federal Rules of Civil Procedure.

5.    Defendant objects to each and every admission to the extent it mischaracterizes evidence, is phrased in a manner that makes the question impossible to answer, and to the extent it is misleading, argumentative, or otherwise improper as to form.

6.    Defendant reserves the right to rely upon additional information uncovered in its continuing investigation of this matter, and to supplement its discovery responses accordingly.

7.    Defendant denies each and every request for admission, except to the extent otherwise provided for herein.

## AMENDED REQUESTS FOR ADMISSION

### AMENDED REQUEST FOR ADMISSION NO. 1:

Admit that all Senior Retail Mortgage Lending Consultants and Retail Mortgage Lending Consultants at HSBC Mortgage Corporation (USA) have been classified as "exempt" employees from the provisions of the Fair Labor Standards Act at all times during the applicable statutory periods.

### RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 1:

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "all," and "classified" are vague and ambiguous. Defendant also objects to this request on the grounds that it calls for legal argument and/or legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to this request on the ground that it is compound. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that Senior Retail Mortgage Lending Consultants and Retail Mortgage

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I          3.          Case No. No.  C 07 2446 MMC [ECF]

1    Lending Consultants working for it from May 4, 2004 to the present have been classified as

2    "exempt" from the provisions of the Fair Labor Standards Act.

3    **AMENDED REQUEST FOR ADMISSION NO. 2:**

4        Admit that all Field Administrators and Senior Field Administrators at HSBC

5    Mortgage Corporation (USA) have been classified as "non-exempt" employees from the provisions

6    of the Fair Labor Standards Act at all times during the applicable statutory periods.

7    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 2:**

8        Defendant incorporates its General Objections as though set forth fully herein.

9    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

10    information which is neither relevant to the instant action nor reasonably likely to lead to the

11    discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms

12    "all" and "classified" are vague and ambiguous. Defendant also objects to this request on the

13    grounds that it calls for legal argument and/or legal conclusions. Defendant objects to this request

14    on the grounds that it is argumentative and misleading. Defendant objects to this request on the

15    ground that it is compound. Defendant objects to Plaintiffs' attempt to conduct discovery at this

16    stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require

17    Defendant to participate in discovery at this time.

18        Subject to and without waiving the foregoing objections, Defendant responds as

19    follows: Defendant admits that Senior Field Administrators and Field Administrators working for it

20    from June 29, 2004 to present have been classified as "non-exempt" from the provisions of the Fair

21    Labor Standards Act.

22    **AMENDED REQUEST FOR ADMISSION NO. 3:**

23        Admit that Defendant classified all Field Administrators and Senior Field

24    Administrators as "non-exempt" employees from the provisions of the Fair Labor Standards Act at

25    all times during the applicable statutory periods.

26    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 3:**

27        Defendant incorporates its General Objections as though set forth fully herein.

28    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I      4.      Case No. No. C 07 2446 MMC [ECF]

1    information which is neither relevant to the instant action nor reasonably likely to lead to the

2    discovery of admissible evidence.  Defendant objects on the ground that the phrases and/or terms

3    "all" and "classified" are vague and ambiguous.  Defendant also objects to this request on the

4    grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

5    Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

6    objects to this request on the ground that it is compound.  Defendant objects to Plaintiffs' attempt to

7    conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

8    and prejudicial to require Defendant to participate in discovery at this time.

9            Subject to and without waiving the foregoing objections, Defendant responds as

10   follows:  Defendant admits that its Field Administrators and Senior Field Administrators have been

11   classified as "non-exempt" from the provisions of the Fair Labor Standards Act from June 29, 2004

12   to the present.

13   **AMENDED REQUEST FOR ADMISSION NO. 4:**

14           Admit that there were weeks during the applicable statutory periods that one or more

15   Senior Retail Mortgage Lending Consultants at HSBC Mortgage Corporation (USA) worked more

16   than 40 hours.

17   **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 4:**

18           Defendant incorporates its General Objections as though set forth fully herein.

19   Defendant also objects to this request on the ground that it is overbroad and therefore seeks

20   information which is neither relevant to the instant action nor reasonably likely to lead to the

21   discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

22   "applicable statutory period" is vague and ambiguous.  The term "applicable statutory period" is not

23   defined and it is inappropriate to incorporate references to definitions contained in documents

24   separate from Plaintiffs' Request for Admissions.  Defendant also objects to this request on the

25   grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

26   Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

27   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

28   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          5.          Case No. No. C 07 2446 MMC [ECF]

1   this time.

2        Subject to and without waiving the foregoing objections, Defendant responds as

3   follows:  The request is vague, ambiguous and unintelligible as it does not specify period during

4   which "more than 40 hours" might have been worked.  Notwithstanding this vague, ambiguous, and

5   unintelligible request, Defendant admits that it is possible that a Senior Retail Mortgage Lending

6   Consultant may have worked more than forty (40) hours in a workweek during the time period of

7   May 7, 2004 to the present.  However, for the time period of May 7, 2004 to the present, Senior

8   Retail Mortgage Lending Consultants have been classified as exempt from the Fair Labor Standards

9   Act and have not been required to track hours worked during any given workweek.

10  **AMENDED REQUEST FOR ADMISSION NO. 5:**

11       Admit that there were weeks during the applicable statutory periods that one or more

12  Retail Mortgage Lending Consultants at HSBC Mortgage Corporation (USA) worked more than 40

13  hours.

14  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 5:**

15       Defendant incorporates its General Objections as though set forth fully herein.

16  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

17  information which is neither relevant to the instant action nor reasonably likely to lead to the

18  discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

19  "applicable statutory period" is vague and ambiguous.  The term "applicable statutory period" is not

20  defined and it is inappropriate to incorporate references to definitions contained in documents

21  separate from Plaintiffs' Request for Admissions.  Defendant also objects to this request on the

22  grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

23  Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

24  objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

25  inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

26  this time.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28  follows:  The request is vague, ambiguous and unintelligible as it does not specify period during

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I          6.          Case No. No.  C 07 2446 MMC [ECF]

1  which "more than 40 hours" might have been worked.  Notwithstanding this vague, ambiguous, and

2  unintelligible request, Defendant admits that it is possible that a Retail Mortgage Lending Consultant

3  may have worked more than forty (40) hours in a workweek during the time period of May 7, 2004

4  to the present.  However, for the time period of May 7, 2004 to the present, Retail Mortgage Lending

5  Consultants have been classified as exempt from the Fair Labor Standards Act and have not been

6  required to track hours worked during any given workweek.

7  **AMENDED REQUEST FOR ADMISSION NO. 6:**

8        Admit that there were weeks during the applicable statutory periods that one or more

9  Field Administrators at HSBC Mortgage Corporation (USA) worked more than 40 hours.

10 **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 6:**

11        Defendant incorporates its General Objections as though set forth fully herein.

12 Defendant also objects to this request on the ground that it is overbroad and therefore seeks

13 information which is neither relevant to the instant action nor reasonably likely to lead to the

14 discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

15 "applicable statutory period" is vague and ambiguous.  The term "applicable statutory period" is not

16 defined and it is inappropriate to incorporate references to definitions contained in documents

17 separate from Plaintiffs' Request for Admissions.  Defendant also objects to this request on the

18 grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

19 Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

20 objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

21 inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

22 this time.

23        Subject to and without waiving the foregoing objections, Defendant responds as

24 follows:  The request is vague, ambiguous and unintelligible as it does not specify period during

25 which "more than 40 hours" might have been worked.  Notwithstanding this vague, ambiguous, and

26 unintelligible request, Defendant admits that it is possible that a Field Administrator may have

27 worked more than forty (40) hours in a workweek during the time period of June 29, 2004 to the

28 present; a review of time records submitted by Field Administrators to Defendant from

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I        7.        Case No. No.  C 07 2446 MMC [ECF]

1    June 29, 2004 to the present will demonstrate whether or not a Field Administrator worked more

2    than forty (40) hours in a workweek.

3    **AMENDED REQUEST FOR ADMISSION NO. 7:**

4          Admit that there were weeks during the applicable statutory periods that one or more

5    Senior Field Administrators at HSBC Mortgage Corporation (USA) worked more than 40 hours.

6    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 7:**

7          Defendant incorporates its General Objections as though set forth fully herein.

8    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

9    information which is neither relevant to the instant action nor reasonably likely to lead to the

10   discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

11   "applicable statutory period" is vague and ambiguous.  The term "applicable statutory period" is not

12   defined and it is inappropriate to incorporate references to definitions contained in documents

13   separate from Plaintiffs' Request for Admissions.  Defendant also objects to this request on the

14   grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

15   Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

16   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

17   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

18   this time.

19          Subject to and without waiving the foregoing objections, Defendant responds as

20   follows:  The request is vague, ambiguous and unintelligible as it does not specify period during

21   which "more than 40 hours" might have been worked.  Notwithstanding this vague, ambiguous, and

22   unintelligible request, Defendant admits that it is possible that a Senior Field Administrator may

23   have worked more than forty (40) hours in a workweek during the time period of June 29, 2004 to

24   the present; a review of time records submitted by Senior Field Administrators to Defendant from

25   June 29, 2004 to the present will demonstrate whether or not a Senior Field Administrator worked

26   more than forty (40) hours in a workweek.

27   //

28   //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I          8.          Case No. No. C 07 2446 MMC [ECF]

**AMENDED REQUEST FOR ADMISSION NO. 8:**

Admit that Defendant did not maintain a precise record of the number of overtime hours worked by Senior Retail Mortgage Lending Consultants at HSBC Mortgage Corporation (USA) during the applicable statutory periods.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "overtime hours" and "applicable statutory period" are vague and ambiguous. The term "applicable statutory period" is not defined and it is inappropriate to incorporate references to definitions contained in documents separate from Plaintiffs' Request for Admissions. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that Defendant's Senior Retail Mortgage Lending Consultants are or were entitled to "overtime" and thus have worked "overtime" hours during the time period May 7, 2004 to the present. None such facts are in evidence.

**AMENDED REQUEST FOR ADMISSION NO. 9:**

Admit that Defendant did not maintain a precise record of the number of overtime hours worked by Retail Mortgage Lending Consultants at HSBC Mortgage Corporation (USA) during the applicable statutory periods.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates its General Objections as though set forth fully herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "overtime hours" and "applicable statutory period" are vague and ambiguous. The term "applicable statutory period" is not defined and it is inappropriate to incorporate references to definitions contained in documents separate from Plaintiffs' Request for Admissions. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that Defendant's Retail Mortgage Lending Consultants are or were entitled to "overtime" and thus have worked "overtime" hours from May 7, 2004 to the present. None such facts are in evidence.

**AMENDED REQUEST FOR ADMISSION NO. 10:**

Admit that Defendant did not maintain a precise record of the number of overtime hours worked by Field Administrators at HSBC Mortgage Corporation (USA) during the applicable statutory periods.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 10:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrases and/or terms "overtime hours" and "applicable statutory period" is vague and ambiguous. The term "applicable statutory period" is not defined and it is inappropriate to incorporate references to definitions contained in documents separate from Plaintiffs' Request for Admissions. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I          10.          Case No. No. C 07 2446 MMC [ECF]

1   legal conclusions.  Defendant objects to this request on the grounds that it is argumentative and

2   misleading.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action

3   as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

4   participate in discovery at this time.

5            Subject to and without waiving the foregoing objections, Defendant responds as

6   follows:  Defendant cannot admit or deny the request because it assumes that, during the time period

7   June 29, 2004 to the present, Defendant's Field Administrators have worked "overtime," which is a

8   fact not yet in evidence.  During the time period June 29, 2004 to the present, Defendant has

9   maintained and does maintains time records of hours worked by its Field Administrators, which

10  Field Administrators complete and provide to Defendant.

11  **AMENDED REQUEST FOR ADMISSION NO. 11:**

12           Admit that Defendant did not maintain a precise record of the number of overtime

13  hours worked by Senior Field Administrators at HSBC Mortgage Corporation (USA) during the

14  applicable statutory periods.

15  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 11:**

16           Defendant incorporates its General Objections as though set forth fully herein.

17  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

18  information which is neither relevant to the instant action nor reasonably likely to lead to the

19  discovery of admissible evidence.  Defendant objects on the ground that the phrases and/or terms

20  "overtime hours" and "applicable statutory period" are vague and ambiguous.  The term "applicable

21  statutory period" is not defined and it is inappropriate to incorporate references to definitions

22  contained in documents separate from Plaintiffs' Request for Admissions.  Defendant also objects to

23  this request on the grounds that it assumes facts not in evidence and calls for legal argument and

24  legal conclusions.  Defendant objects to this request on the grounds that it is argumentative and

25  misleading.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action

26  as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

27  participate in discovery at this time.

28           Subject to and without waiving the foregoing objections, Defendant responds as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I           11.           Case No. No.  C 07 2446 MMC [ECF]

follows: Defendant cannot admit or deny the request because it assumes that, during the time period June 29, 2004 to the present, Defendant's Senior Field Administrators have worked "overtime," which is a fact not yet in evidence. During the time period June 29, 2004 to the present, Defendant has maintained and does maintains time records of hours worked by its Senior Field Administrators, which Senior Field Administrators complete and provide to Defendant.

**AMENDED REQUEST FOR ADMISSION NO. 12:**

Admit that one or more full-time Senior Retail Mortgage Lending Consultants working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, took a meal period shorter than 30 minutes on a given workday, without being compensated with an additional hour of pay for that workday.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 12:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "meal period" is vague and ambiguous. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that, during the time period of May 7, 2004 to the present, Defendant's Senior Retail Mortgage Lending Consultants working in California are or were entitled to take a "meal period," that they did not take a "meal period" of at least 30 minutes, and are or were thus entitled to receive an additional hour of pay for a missed "meal period." None of these are facts in evidence.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          12.          Case No. No.  C 07 2446 MMC [ECF]

**AMENDED REQUEST FOR ADMISSION NO. 13:**

Admit that one or more full-time Retail Mortgage Lending Consultants working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, took a meal period shorter than 30 minutes on a given workday, without being compensated with an additional hour of pay for that workday.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 13:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "meal period" is vague and ambiguous. Defendant objects to this request on the ground that it is unintelligible. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that, during the time period of May 7, 2004 to the present, Defendant's Retail Mortgage Lending Consultants working in California are or were entitled to take a "meal period," that they did not take a "meal period" of at least 30 minutes, and are or were thus entitled to receive an additional hour of pay for a missed "meal period." None of these are facts in evidence.

**AMENDED REQUEST FOR ADMISSION NO. 14:**

Admit that one or more full-time Senior Field Administrators working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, took a meal period shorter than 30 minutes on a given workday, without being compensated with an additional hour of pay for that workday.

//

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 14:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "meal period" is vague and ambiguous. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that, during the time period June 29, 2004 to the present, Defendant's Senior Field Administrators were entitled to a "meal period" on any given work day, that they did not take a "meal period" of at least 30 minutes, and that they did not receive additional compensation for a missed "meal period," which are facts not yet in evidence. During the time period June 29, 2004 to the present, Defendant has maintained and does maintains time records of hours worked by its Senior Field Administrators, which Senior Field Administrators complete and provide to Defendant and which include the time Senior Field Administrators have taken as "meal periods."

**AMENDED REQUEST FOR ADMISSION NO. 15:**

Admit that one or more full-time Field Administrators working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, took a meal period shorter than 30 minutes on a given workday, without being compensated with an additional hour of pay for that workday.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 15:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I          14.          Case No. No.  C 07 2446 MMC [ECF]

1 "meal period" is vague and ambiguous. Defendant also objects to this request on the grounds that it

2 assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects

3 to this request on the grounds that it is argumentative and misleading. Defendant objects to

4 Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

5 unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

6        Subject to and without waiving the foregoing objections, Defendant responds as

7 follows: Defendant cannot admit or deny the request because it assumes that, during the time period

8 June 29, 2004 to the present, Defendant's Field Administrators were entitled to a "meal period" on

9 any given work day, that they did not take a "meal period" of at least 30 minutes, and that they did

10 not receive additional compensation for a missed "meal period," which are facts not yet in evidence.

11 During the time period June 29, 2004 to the present, Defendant has maintained and does maintains

12 time records of hours worked by its Field Administrators, which Field Administrators complete and

13 provide to Defendant and which include the time Field Administrators have taken as "meal periods."

14 **AMENDED REQUEST FOR ADMISSION NO. 16:**

15        Admit that one or more Senior Retail Mortgage Lending Consultants working at

16 HSBC Mortgage Corporation (USA) in California since May 7, 2003, did not take two, ten-minute

17 rest periods on a given workday, without being compensated with an additional hour of pay for that

18 workday.

19 **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 16:**

20        Defendant incorporates its General Objections as though set forth fully herein.

21 Defendant also objects to this request on the ground that it is overbroad and therefore seeks

22 information which is neither relevant to the instant action nor reasonably likely to lead to the

23 discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "rest

24 periods" is vague and ambiguous. Defendant also objects to this request on the grounds that it

25 assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects

26 to this request on the grounds that it is argumentative and misleading. Defendant objects to

27 Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

28 unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

1    Subject to and without waiving the foregoing objections, Defendant responds as

2   follows: Defendant cannot admit or deny the request because it assumes that, during the time period

3   of May 7, 2004 to the present, Defendant's Senior Retail Mortgage Lending Consultants working in

4   California are or were entitled to take a "two, ten-minute rest periods on a given workday," that they

5   did not take ten-minute rest periods, and are or were thus entitled to receive an additional hour of

6   pay for a missed "rest period." None of these are facts in evidence.

7   **AMENDED REQUEST FOR ADMISSION NO. 17:**

8    Admit that one or more Retail Mortgage Lending Consultants working at HSBC

9   Mortgage Corporation (USA) in California since May 7, 2003, did not take two, ten-minute rest

10   periods on a given workday, without being compensated with an additional hour of pay for that

11   workday.

12   **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 17:**

13    Defendant incorporates its General Objections as though set forth fully herein.

14   Defendant also objects to this request on the ground that it is overbroad and therefore seeks

15   information which is neither relevant to the instant action nor reasonably likely to lead to the

16   discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "rest

17   periods" is vague and ambiguous. Defendant also objects to this request on the grounds that it

18   assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects

19   to this request on the grounds that it is argumentative and misleading. Defendant objects to

20   Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

21   unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

22    Subject to and without waiving the foregoing objections, Defendant responds as

23   follows: Defendant cannot admit or deny the request because it assumes that, during the time period

24   of May 7, 2004 to the present, Defendant's Retail Mortgage Lending Consultants working in

25   California are or were entitled to take a "two, ten-minute rest periods on a given workday," that they

26   did not take ten-minute rest periods, and are or were thus entitled to receive an additional hour of

27   pay for a missed "rest period." None of these are facts in evidence.

28   //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**AMENDED REQUEST FOR ADMISSION NO. 18:**

Admit that one or more Field Administrators working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, did not take two, ten-minute rest periods on a given workday, without being compensated with an additional hour of pay for that workday.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 18:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant also objects to this request on the ground that it is overbroad and therefore seeks information which is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence. Defendant objects on the ground that the phrase and/or term "rest periods" is vague and ambiguous. Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions. Defendant objects to this request on the grounds that it is argumentative and misleading. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant cannot admit or deny the request because it assumes that, during the time period June 29, 2004 to the present, Defendant's Field Administrators were entitled to "two, ten-minute rest periods on a given workday," that they did not take ten-minute rest periods, and that they did not receive additional compensation for a missed "rest period," which are facts not yet in evidence. During the time period June 29, 2004 to the present, Defendant has maintained and does maintains time records of hours worked by its Field Administrators, which Field Administrators complete and provide to Defendant.

**AMENDED REQUEST FOR ADMISSION NO. 19:**

Admit that one or more Senior Field Administrators working at HSBC Mortgage Corporation (USA) in California since May 7, 2003, did not take two, ten-minute rest periods on a given workday, without being compensated with an additional hour of pay for that workday.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 19:**

Defendant incorporates its General Objections as though set forth fully herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

2    information which is neither relevant to the instant action nor reasonably likely to lead to the

3    discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term "rest

4    period" is vague and ambiguous.  Defendant also objects to this request on the grounds that it

5    assumes facts not in evidence and calls for legal argument and legal conclusions.  Defendant objects

6    to this request on the grounds that it is argumentative and misleading.  Defendant objects to

7    Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

8    unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

9             Subject to and without waiving the foregoing objections, Defendant responds as

10    follows:  Defendant cannot admit or deny the request because it assumes that, during the time period

11    June 29, 2004 to the present, Defendant's Senior Field Administrators were entitled to "two, ten-

12    minute rest periods on a given workday," that they did not take ten-minute rest periods, and that they

13    did not receive additional compensation for a missed "rest period," which are facts not yet in

14    evidence.  During the time period June 29, 2004 to the present, Defendant has maintained and does

15    maintains time records of hours worked by its Senior Field Administrators, which Senior Field

16    Administrators complete and provide to Defendant.

17    **AMENDED REQUEST FOR ADMISSION NO. 20:**

18             Admit that Senior Retail Mortgage Lending Consultants and Retail Mortgage

19    Lending Consultants working at HSBC Mortgage Corporation (USA) are also known as "loan

20    officers."

21    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 20:**

22             Defendant incorporates its General Objections as though set forth fully herein.

23    Defendant also objects to this request on the ground that it is overbroad and therefore seeks

24    information which is neither relevant to the instant action nor reasonably likely to lead to the

25    discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

26    "known" is vague and ambiguous.  The request does not define who may know Senior Retail

27    Mortgage Lending Consultants and Retail Mortgage Lending Consultants as "loan officers."

28    Defendant objects to this request on the ground that it is compound.  Defendant objects to Plaintiffs'

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

1  attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly

2  burdensome and prejudicial to require Defendant to participate in discovery at this time.

3          Subject to and without waiving the foregoing objections, Defendant responds as

4  follows:  Defendant admits that Senior Retail Mortgage Lending Consultants and Retail Mortgage

5  Lending Consultants working for it for the time period May 7, 2004 to the present have also been

6  known as or called "loan officers."

7  **AMENDED REQUEST FOR ADMISSION NO. 21:**

8          Admit that Field Administrators and Senior Field Administrators working at HSBC

9  Mortgage Corporation (USA) are also known as "sales assistants."

10  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 21:**

11          Defendant incorporates its General Objections as though set forth fully herein.

12  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

13  information which is neither relevant to the instant action nor reasonably likely to lead to the

14  discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

15  "known" is vague and ambiguous.  The request does not define who may know Field Administrators

16  and Senior Field Administrators as "sales assistants."  Defendant objects to this request on the

17  ground that it is compound.  Defendant objects to Plaintiffs' attempt to conduct discovery at this

18  stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require

19  Defendant to participate in discovery at this time.

20          Subject to and without waiving the foregoing objections, Defendant responds as

21  follows: Defendant admits that Senior Field Administrators and Field Administrators working for it

22  for the time period June 29, 2004 to the present have also been known as or called "sales assistants."

23  **AMENDED REQUEST FOR ADMISSION NO. 22:**

24          Admit that Philip Wong has been employed as a Senior Retail Mortgage Lending

25  Consultant or Retail Mortgage Lending Consultant from December 2005 to the present.

26  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 22:**

27          Defendant incorporates its General Objections as though set forth fully herein.

28  Defendant further objects to this request on the ground that it seeks information which is equally

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I          19.          Case No. No.  C 07 2446 MMC [ECF]

1  available to Plaintiff.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

2  the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

3  to participate in discovery at this time.

4          Subject to and without waiving the foregoing objections, Defendant responds as

5  follows:  Defendant admits that Philip Wong was employed as a Senior Retail Mortgage Lending

6  Consultant from December 5, 2005 to November 19, 2006.  Defendant also admits that Philip Wong

7  has been and is currently employed as a Retail Mortgage Lending Consultant from

8  November 20, 2006 to the present.

9  **AMENDED REQUEST FOR ADMISSION NO. 23:**

10          Admit that Philip Wong has performed services for HSBC Mortgage Corporation

11  USA in San Francisco, San Mateo, and Alameda counties.

12  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 23:**

13          Defendant incorporates its General Objections as though set forth fully herein.

14  Defendant further objects to this request on the ground that it seeks information which is equally

15  available to Plaintiff.  Defendant further objects to this request on the grounds that discovery is not

16  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

17  formulate a complete response at this stage.  Defendant objects on the ground that the phrase and/or

18  term "performed services" is vague and ambiguous.  Defendant objects to this request on the ground

19  that it is compound.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the

20  action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

21  participate in discovery at this time.

22          Subject to and without waiving the foregoing objections, Defendant responds as

23  follows:  Defendant admits that it maintains office space or is permitted to use office space in San

24  Francisco and Alameda Counties.  At this time, Defendant does not have enough information to

25  admit or deny whether Philip Wong "performed services" for it in all three counties of San

26  Francisco, San Mateo, and Alameda.

27  //

28  //

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

1   **AMENDED REQUEST FOR ADMISSION NO. 24:**

2          Admit that Frederic Chaussy was employed as a Senior Retail Mortgage Lending

3   Consultant or Retail Mortgage Lending Consultant from April 2006 until April 2007.

4   **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 24:**

5          Defendant incorporates its General Objections as though set forth fully herein.

6   Defendant further objects to this request on the ground that it seeks information which is equally

7   available to Plaintiff.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

8   the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

9   to participate in discovery at this time.

10         Subject to and without waiving the foregoing objections, Defendant responds as

11  follows:  Defendant admits that Frederic Chaussy was employed as a Senior Retail Mortgage

12  Lending Consultant from April 3, 2006 to November 19, 2006.  Defendant also admits that Frederic

13  Chaussy was employed as a Retail Mortgage Lending Consultant from November 20, 2006 to

14  April 19, 2007.

15  **AMENDED REQUEST FOR ADMISSION NO. 25:**

16         Admit that Frederic Chaussy performed services for HSBC Mortgage Corporation

17  USA in San Francisco, San Mateo, Santa Clara, and Alameda counties.

18  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 25:**

19         Defendant incorporates its General Objections as though set forth fully herein.

20  Defendant further objects to this request on the ground that it seeks information which is equally

21  available to Plaintiff.  Defendant further objects to this request on the grounds that discovery is not

22  complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

23  formulate a complete response at this stage.  Defendant objects on the ground that the phrase and/or

24  term "performed services" is vague and ambiguous.  Defendant objects to this request on the ground

25  that it is compound.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the

26  action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

27  participate in discovery at this time.

28  //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I          21.          Case No. No.  C 07 2446 MMC [ECF]

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it maintains office space or is permitted to use office space in San Francisco and Alameda Counties. At this time, Defendant does not have enough information to admit or deny whether Frederic Chaussy "performed services" for it in all three counties of San Francisco, San Mateo, and Alameda.

**AMENDED REQUEST FOR ADMISSION NO. 26:**

Admit that Lisa Marie Shearn was employed as a Field Administrator, Senior Field Administrator, and Senior Retail Mortgage Lending Consultant from September 2001 until November 2006.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 26:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the ground that it seeks information which is equally available to Plaintiff. Defendant objects to this request on the ground that it is compound. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant denies this request, as it does not have a "Lisa Marie Shearn" listed as an employee in its records. Assuming that Plaintiffs are seeking information related to Leslie Marie Shearn and that the request asks for information about Leslie Marie Shearn, Defendant denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 25: [SIC]**

Admit that Lisa Marie Shearn performed services for HSBC Mortgage Corporation USA in Orange County, New York, and Bergen and Morris Counties, in New Jersey.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 25:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the ground that it seeks information which is equally available to Plaintiff. Defendant further objects to this request on the grounds that discovery is not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I          22.          Case No. No.  C 07 2446 MMC [ECF]

1   complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

2   formulate a complete response at this stage.  Defendant objects on the ground that the phrase and/or

3   term "performed services" is vague and ambiguous.  Defendant objects to this request on the ground

4   that it is compound.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the

5   action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to

6   participate in discovery at this time.

7           Subject to and without waiving the foregoing objections, Defendant responds as

8   follows:  Defendant denies this request, as it does not have a "Lisa Marie Shearn" listed as an

9   employee in its records.  Assuming that Plaintiffs are seeking information related to Leslie Marie

10  Shearn and that the request asks for information about Leslie Marie Shearn, Defendant admits that it

11  maintains office space or is permitted to use office space in Orange County, New York and Morris

12  County, New Jersey.  At this time, Defendant does not have enough information to admit or deny

13  whether Leslie Marie Shearn "performed services" for it in all three counties of Orange, New York,

14  Bergen, New Jersey, and Morris, New Jersey.

15  **AMENDED REQUEST FOR ADMISSION NO. 26:**

16          Admit that at all times during the statutory period, HSBC Mortgage Corporation USA

17  has had gross operating revenues in excess of $500,000.00.

18  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 26:**

19          Defendant incorporates its General Objections as though set forth fully herein.

20  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

21  information which is neither relevant to the instant action nor reasonably likely to lead to the

22  discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

23  "gross operating revenues" is vague and ambiguous.  Defendant objects to Plaintiffs' attempt to

24  conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

25  and prejudicial to require Defendant to participate in discovery at this time.

26          Subject to and without waiving the foregoing objections, Defendant responds as

27  follows:  Defendant admits that from May 7, 2004 to the present it has had gross operating revenues

28  in excess of $500,000.00.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I          23.          Case No. No.  C 07 2446 MMC [ECF]

1  **AMENDED REQUEST FOR ADMISSION NO. 27:**

2        Admit that at all times during the statutory period, HSBC Bank USA has had gross

3  operating revenues in excess of $500,000.00.

4  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 27:**

5        Defendant incorporates its General Objections as though set forth fully herein.

6  Defendant also objects to this request on the ground that it is overbroad and therefore seeks

7  information which is neither relevant to the instant action nor reasonably likely to lead to the

8  discovery of admissible evidence.  Defendant objects on the ground that the phrase and/or term

9  "gross operating revenues" is vague and ambiguous.  Defendant objects to Plaintiffs' attempt to

10 conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

11 and prejudicial to require Defendant to participate in discovery at this time.

12       Subject to and without waiving the foregoing objections, Defendant responds as

13 follows:  Defendant cannot admit or deny the request because it is not authorized to respond to

14 financial inquiries, regarding HSBC Bank USA.  However, on information and belief, Defendant

15 believes that HSBC Bank USA has had gross operating revenues in excess of $500,000.00 from

16 May 7, 2004 to the present.

17 **AMENDED REQUEST FOR ADMISSION NO. 28:**

18       Admit that on February 21, 2007, Frederic Chaussy filed a claim relating to wage

19 violations with the California Department of Labor Standards Enforcement (DLSE).

20 **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 28:**

21       Defendant incorporates its General Objections as though set forth fully herein.

22 Defendant objects on the ground that the phrases and/or terms "filed," "claim," and "wage

23 violations" are vague and ambiguous.  Defendant further objects to this request on the ground that it

24 seeks information which is equally available to Plaintiff.  Defendant objects to Plaintiffs' attempt to

25 conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome

26 and prejudicial to require Defendant to participate in discovery at this time.

27       Subject to and without waiving the foregoing objections, Defendant responds as

28 follows:  Defendant admits, on information and belief, that Frederic Chaussy filed a complaint and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          24.          Case No. No. C 07 2446 MMC [ECF]

1  claim with the California Department of Labor Standards Enforcement (DLSE), Case No. 07-60632

2  DK. Defendant denies the implication that it committed unspecified wage violations.

3  **AMENDED REQUEST FOR ADMISSION NO. 29:**

4        Admit that on February 23, 2007, Frederic Chaussy discussed his DLSE complaint

5  with Amy S. Ku, Vice President and Senior Retail Lending Manager for Northern California.

6  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 29:**

7        Defendant incorporates its General Objections as though set forth fully herein.

8  Defendant further objects to this request on the ground that it seeks information which is equally

9  available to Plaintiff. Defendant further objects to this request on the grounds that discovery is not

10 complete and that trial preparation is ongoing, and Defendant cannot reasonably be expected to

11 formulate a complete response at this stage. Defendant objects to Plaintiffs' attempt to conduct

12 discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

13 prejudicial to require Defendant to participate in discovery at this time.

14       Subject to and without waiving the foregoing objections, Defendant responds as

15 follows: Defendant admits that Frederic Chaussy discussed his DLSE complaint with a

16 representative(s) of HSBC Mortgage. Defendant further admits that Amy S. Ku's title was "Vice

17 President, Senior Retail Lending Manager, Northern California" on or around February 23, 2007.

18 **AMENDED REQUEST FOR ADMISSION NO. 30:**

19       Admit that on February 26, 2007, HSBC Mortgage Corporation USA received notice

20 from the DLSE that Mr. Chaussy's complaint was received and would be heard on April 10, 2007.

21 **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 30:**

22       Defendant incorporates its General Objections as though set forth fully herein.

23 Defendant objects on the ground that the phrases and/or terms "received notice," "was received,"

24 and "heard" are vague and ambiguous. Defendant objects to Plaintiffs' attempt to conduct discovery

25 at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to

26 require Defendant to participate in discovery at this time.

27 //

28 //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I      25.      Case No. No.  C 07 2446 MMC [ECF]

1    Subject to and without waiving the foregoing objections, Defendant responds as

2  follows:  Defendant admits that it received notice from the DLSE regarding Frederic Chaussy's

3  complaint and that the claim would be processed by the DLSE.

4  **AMENDED REQUEST FOR ADMISSION NO. 31:**

5    Admit that from April 3, 2006 until March 5, 2007, Frederic Chaussy received no

6  performance-related corrective action.

7  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 31:**

8    Defendant incorporates its General Objections as though set forth fully herein.

9  Defendant objects on the ground that the phrases and/or terms "received" and "performance-related

10  corrective action" are vague and ambiguous.  Defendant also objects to this request on the grounds

11  that it assumes facts not in evidence and calls for legal argument and legal conclusions.  Defendant

12  objects to this request on the grounds that it is argumentative and misleading.  Defendant objects to

13  Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate,

14  unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

15    Subject to and without waiving the foregoing objections, Defendant responds as

16  follows:  Defendant denies this request.

17  **AMENDED REQUEST FOR ADMISSION NO. 32:**

18    Admit that on March 5, 2007, Frederic Chaussy discussed his DLSE complaint with

19  Jeff P. Needham, Senior Vice President Western Division.

20  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 32:**

21    Defendant incorporates its General Objections as though set forth fully herein.

22  Defendant further objects to this request on the grounds that discovery is not complete and that trial

23  preparation is ongoing, and Defendant cannot reasonably be expected to formulate a complete

24  response at this stage.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

25  the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

26  to participate in discovery at this time.

27    Subject to and without waiving the foregoing objections, Defendant responds as

28  follows:   Defendant admits that Frederic Chaussy discussed his DLSE complaint with a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

RESPONSE TO AMENDED RFA, SET I        26.        Case No.  C 07 2446 MMC [ECF]

1    representative(s) of HSBC Mortgage.  Defendant further admits that Jeff P. Needham's title was

2    "Senior Vice President, Division Manager" on or around March 5, 2007.

3    **AMENDED REQUEST FOR ADMISSION NO. 33:**

4         Admit that on March 5, 2007, Jeff P. Needham admonished Frederic Chaussy for the

5    first time regarding deficient productivity.

6    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 33:**

7         Defendant incorporates its General Objections as though set forth fully herein.

8    Defendant objects on the ground that the phrases and/or terms "admonished" and "deficient

9    productivity" are vague and ambiguous.  Defendant further objects to this request on the grounds

10   that discovery is not complete and that trial preparation is ongoing, and Defendant cannot reasonably

11   be expected to formulate a complete response at this stage.  Defendant also objects to this request on

12   the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.

13   Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant

14   objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature,

15   inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at

16   this time.

17         Subject to and without waiving the foregoing objections, Defendant responds as

18   follows:  Defendant admits only that one or more of Defendant's representatives discussed Frederic

19   Chaussy's deficient performance and productivity with Mr. Chaussy.

20   **AMENDED REQUEST FOR ADMISSION NO. 34:**

21        Admit that prior to March 5, 2007, Frederic Chaussy's productivity was comparable

22   to that of his colleagues who were not admonished.

23   **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 34:**

24        Defendant incorporates its General Objections as though set forth fully herein.

25   Defendant objects on the ground that the phrases and/or terms "productivity," "comparable,"

26   "colleagues," and "admonished" are vague and ambiguous.  Defendant further objects to this request

27   on the grounds that discovery is not complete and that trial preparation is ongoing, and Defendant

28   cannot reasonably be expected to formulate a complete response at this stage.  Defendant objects to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          27.          Case No. No.  C 07 2446 MMC [ECF]

1  this request on the ground that it seeks to invade the privacy of third parties without compelling need

2  therefor.  Defendant also objects to this request on the grounds that it assumes facts not in evidence

3  and calls for legal argument and legal conclusions.  Defendant objects to this request on the grounds

4  that it is argumentative and misleading.  Defendant objects to Plaintiffs' attempt to conduct

5  discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and

6  prejudicial to require Defendant to participate in discovery at this time.

7          Subject to and without waiving the foregoing objections, Defendant responds as

8  follows:  Defendant cannot admit or deny the request because whether Defendant "admonishes" an

9  employee regarding productivity depends on the individual circumstances of the situation.

10  Moreover, Defendant cannot admit or deny the request because the request fails to identify the other

11  "colleagues" with whom Frederic Chaussy's productivity would be compared.

12  **AMENDED REQUEST FOR ADMISSION NO. 35:**

13          Admit that on March 7, 2007, for the first time, Frederic Chaussy received a written

14  warning regarding his performance from HSBC Mortgage Corporation USA.

15  **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 35:**

16          Defendant incorporates its General Objections as though set forth fully herein.

17  Defendant objects on the ground that the phrases and/or terms "written warning" and "performance"

18  are vague and ambiguous.  The term "written warning" is not defined and, although the term

19  "written" may imply a document that has been memorialized through writing, not all policies and

20  employers define a "written warning" as actually being memorialized through writing.  Defendant

21  also objects to this request on the grounds that it assumes facts not in evidence and calls for legal

22  argument and legal conclusions.  Defendant objects to this request on the grounds that it is

23  argumentative and misleading.  Defendant objects to Plaintiffs' attempt to conduct discovery at this

24  stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require

25  Defendant to participate in discovery at this time.

26          Subject to and without waiving the foregoing objections, Defendant responds as

27  follows:  Defendant admits only that Frederic Chaussy received disciplinary warnings regarding

28  deficient performance and productivity.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

RESPONSE TO AMENDED RFA, SET I          28.          Case No. No.  C 07 2446 MMC [ECF]

**AMENDED REQUEST FOR ADMISSION NO. 36:**

Admit that HSBC Mortgage Corporation USA's human resources policies require 30 days' trial period between an initial and a final written warning.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 36:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant objects on the ground that the phrases and/or terms "policies," "trial period" and "initial and final written warning" are vague and ambiguous. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 37:**

Admit that on April 4, 2007, Frederic Chaussy received a "Final Written Warning."

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 37:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant objects on the ground that the phrase and/or term "Final Written Warning" is vague and ambiguous. Defendant further objects to this request on the ground that it seeks information which is equally available to Plaintiff. Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that Frederic Chaussy received disciplinary warnings regarding deficient productivity, including a document entitled, "Final Written Warning-Production/Performance."

**AMENDED REQUEST FOR ADMISSION NO. 38:**

Admit that on April 10, 2007, Frederic Chaussy and HSBC Mortgage Corporation USA's Vice President of Human Resources testified in a DLSE hearing regarding his wage claim.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

RESPONSE TO AMENDED RFA, SET I          29.          Case No. No.  C 07 2446 MMC [ECF]

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 38:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant further objects to this request on the ground that it seeks information which is equally available to Plaintiff.  Defendant objects on the ground that the phrases and/or terms "testified" and "hearing" are vague and ambiguous.  Defendant also objects to this request on the grounds that it calls for legal argument and/or legal conclusions.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits only that Mr. Chaussy and Human Resources representative appearing on behalf of HSBC Mortgage attended a DLSE proceeding.

**AMENDED REQUEST FOR ADMISSION NO. 39:**

Admit that on April 10, 2007, HSBC Mortgage Corporation USA acknowledged one or more wage violations at a DLSE hearing.

**RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 39:**

Defendant incorporates its General Objections as though set forth fully herein. Defendant objects on the ground that the phrases and/or terms "acknowledged," "wage violations," and "hearing" are vague and ambiguous.  Defendant also objects to this request on the grounds that it assumes facts not in evidence and calls for legal argument and legal conclusions.  Defendant objects to this request on the grounds that it is argumentative and misleading.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant to participate in discovery at this time.

Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits only that a Human Resources representative appeared on behalf of HSBC Mortgage at a DLSE proceeding related to Mr. Chaussy's DLSE claim.  Defendant denies the implication that it acknowledged or committed unspecified wage violations.

**AMENDED REQUEST FOR ADMISSION NO. 40:**

Admit that on April 19, 2007, Frederic Chaussy was discharged.

1    **RESPONSE TO AMENDED REQUEST FOR ADMISSION NO. 40:**

2          Defendant incorporates its General Objections as though set forth fully herein.

3    Defendant objects on the ground that the phrase and/or term "discharged" is vague and ambiguous.

4    Defendant further objects to this request on the ground that it seeks information which is equally

5    available to Plaintiff.  Defendant objects to Plaintiffs' attempt to conduct discovery at this stage in

6    the action as it is premature, inappropriate, unduly burdensome and prejudicial to require Defendant

7    to participate in discovery at this time.

8          Subject to and without waiving the foregoing objections, Defendant responds as

9    follows:   Defendant admits only that on April 19, 2007 Frederic Chaussy's employment was

10   terminated for deficient productivity.

11

12   Dated: October  19 , 2007

13

14

15                                              MICHELLE R. BARRETT
                                                LITTLER MENDELSON
16                                              A Professional Corporation
                                                Attorneys for Defendants
17                                              HSBC MORTGAGE CORPORATION (USA) and
                                                HSBC BANK NSA, N.A.

18   Firmwide:83345469.1 023404.1043

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940