# EXHIBIT 4

```
                                                                    1
 1        IN THE UNITED STATES DISTRICT COURT FOR THE
 2             NORTHERN DISTRICT OF CALIFORNIA
 3   PHILIP WONG, FREDERIC CHAUSSY,    )
 4   and Leslie Marie Shearn,          )
 5   individually, on behalf of the    )
 6   general public,                   )
 7         Plaintiffs,                 )
 8         vs.                         ) No. 07-CV-2446
 9   HSBC MORTGAGE CORPORATION (USA);  )
10   HSBC Bank USA, N.A.; and DOES 1,  )
11   through 50, inclusive,            )
12         Defendants.                 )
13         The 30(b)(6) deposition of HSBC
14   MORTGAGE CORPORATION, SUSAN R. MARCZAK, called as
15   a 30(b)(6) witness by the Plaintiffs, for
16   examination, taken pursuant to notice, agreement
17   and by the provisions of the Rules of Civil
18   Procedure for the United States District Courts
19   pertaining to the taking of depositions, taken
20   before Patricia A. Armstrong, a Notary Public
21   within and for the County of DuPage, State of
22   Illinois, and a Certified Shorthand Reporter,
23   No. 084-1766, of said state, at 200 North LaSalle
24   Street, Chicago, Illinois, on the 30th day of
25   August, 2007 at 10:00 a.m.
```

COPY

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

15

BY MR. SCHWARTZ:

Q. And Ms. Marczak, I want to direct your attention to the first paragraph, where Ms. Shearn is offered a position in the mortgage department. And you will note that at the bottom of this document, it's marked HSBC Bank USA.

Is HSBC Mortgage Corporation the mortgage department for HSBC Bank, USA?

A. The mortgage -- there is a legal entity for our mortgage division, and that would be what would be referred to here as the mortgage department.

Q. And what is that legal entity?

A. I don't know the exact legal name, but it would be HSBC Mortgage. There may be a few letters attached to that, HSBC Mortgage USA, N.A. I'm not sure of that, but it's HSBC mortgage is its own legal entity.

Q. Is this HSBC Mortgage that you're referring to different than HSBC Mortgage Corporation USA, N.A.?

A. I would consider them the same thing.

Q. Okay. So the HSBC Mortgage Corporation is the mortgage department for HSBC Bank; is that right?

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 4 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

44

1  any?
2      A.    The HSBC Finance Corporation would have
3  from the HSBC Bank USA, N.A. portion --
4  perspective, provides some services for HSBC Bank
5  USA, N.A.
6      Q.    Like what, for example?
7      A.    Payroll processing.  That's not correct.
8           There is another group, another legal
9  entity called HSBC Pay Services that provides
10 payroll services.
11          HSBC Finance Corporation provides
12 services such as compensation evaluation,
13 preparation of job descriptions, compensation
14 programs.  That's provided by HSBC Finance
15 Corporation to HSBC Bank USA, N.A.
16     Q.    So the HSBC Finance Corporation would
17 make decisions about job descriptions or
18 compensation that would apply to the HSBC Mortgage
19 Corporation?
20     MS. BARRETT:  Objection; goes beyond the scope
21 of the deposition notice.
22 BY THE WITNESS:
23     A.    Yes.  The -- well, let me clarify your
24 word, you said "decisions."
25          They would work with the business to

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 5 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

45

1  develop the job descriptions and to provide the
2  appropriate market information for those jobs as
3  far as compensation, to the business.
4  BY MR. SCHWARTZ:
5      Q.   So, then, compensation and job
6  descriptions, what you were just discussing, that
7  would have some interaction with your human
8  resources department; correct?
9      A.   Human resources would work with the
10 business, but it's really the business, such as
11 HSBC Mortgage Corporation.  They are the business
12 owners.  They would be the ones responsible for
13 saying what the jobs are, what do they do, what
14 are the responsibilities of the job, working with
15 compensation.
16          Human resources is a party to that, but
17 the information and the decision is made between
18 compensation and the business.
19     Q.   When you say "the business," in this
20 case, you are referring to HSBC Mortgage
21 Corporation?
22     A.   Yes.
23     Q.   And who's your contact at HSBC Finance
24 Corporation who works with compensation and job
25 descriptions?

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 6 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

64

```
 1        A.    That's correct.
 2        Q.    And let's go to the HSBC Mortgage
 3   Corporation USA fact sheet from April 2007.  This
 4   is Exhibit 12.
 5               (WHEREUPON, a certain document
 6                was marked Marczak Deposition
 7                Exhibit No. 12 for identification
 8                as of August 30, 2007.)
 9   BY MR. SCHWARTZ:
10        Q.    Is the headquarters here, DePew,
11   New York, that's different than -- I don't know
12   where DePew, New York is.
13               That's different than Buffalo, though?
14        A.    DePew is a suburb of Buffalo.
15        Q.    Okay.  Is this a different office than
16   the HSBC Bank's headquarters?
17        A.    It's a different office than the main
18   office in Buffalo, yes.
19        Q.    Okay.  Is that office occupied only by
20   the HSBC Mortgage Corporation?
21        A.    Yes.
22        Q.    And the -- on the fact sheet here,
23   Exhibit 12, it says that there are a retail sales
24   staff of over 340 loan officers.
25               Do you see where it says that under
```

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

109

1  THE VIDEOGRAPHER: We are back on the record
2  at 1:34 p.m.
3  BY MR. SCHWARTZ:
4      Q.   If you could go to -- back to Exhibit 1
5  and turn to No. 18 -- actually, sorry, go back
6  before that, 16. It asks about training programs
7  and materials.
8           Who would be -- who is responsible for
9  training within the -- at the Bank?
10     A.   At the bank? We have a training
11 department at the bank that is part of human
12 resources.
13     Q.   Okay. And who is the individual
14 responsible for the training program?
15     A.   Brian Wallace.
16     Q.   Is he a group director?
17     A.   Yes.
18     Q.   Okay. And is Mr. Wallace's training
19 operation, do they oversee development and
20 training programs and materials for the mortgage
21 corporation, as well as the other units,
22 marketing, et cetera, et cetera?
23     A.   It's actually a little different. The
24 mortgage corporation has employees that are
25 responsible for training. Those are actual

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 8 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

110

1  mortgage corporation employees. And Mr. Wallace
2  has oversight over those individuals.
3      Q.   Okay. Who are those people?
4      A.   I don't know their names.
5      Q.   So -- and then -- and they report to --
6  the trainers within HSBC Mortgage Corporation
7  report to Mr. Wallace, who reports to
8  Miss Ebersole?
9      A.   Right. But there is a difference
10 because Mr. Wallace is a bank employee. Those
11 people reporting to him are mortgage corporation
12 employees.
13     Q.   Okay.
14     A.   And that is a very recent change. That
15 happened earlier this year.
16     Q.   Which part of that happened earlier?
17     A.   The fact that the mortgage corporation
18 reports up to Jeanne Ebersole. It was up until
19 earlier this year a total separate independent
20 group operating in the mortgage corporation.
21     Q.   What was the total separate independent
22 group?
23     A.   The learning and development group was
24 part of the mortgage corporation, had no reporting
25 lines up into human resources on the bank side.

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 9 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

111

1   Q.    I see.  Okay.
2         Who did they report to before then?
3   A.    Actually, they reported to Brian Wallace
4   when he was a HSBC Mortgage Corporation employee.
5   Q.    And who did he report to at that time?
6   MS. BARRETT:  Objection; beyond the scope of
7   the deposition notice.
8   BY THE WITNESS:
9   A.    I'm not sure.  I would assume he
10  reported at that time to Randy Roup, who was the
11  EVP of mortgage at that time.  But that is a guess
12  on my part.
13  BY MR. SCHWARTZ:
14  Q.    Beyond that, do you have any knowledge
15  about training that's conducted for employees to
16  mortgage corporation?
17  A.    No.
18  Q.    If you look at the next topic, which
19  relates to performance expectations, you have
20  already testified you don't really know about
21  performance expectations of the different
22  employees within the mortgage corporation, but the
23  disciplinary and removal procedures, through --
24  where -- through whom do supervisors in the
25  mortgage unit go when they want to discipline or

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 10 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

112

1  remove an employee?
2      A.    There is actually two.  There is
3  differences between disciplining and removing.
4  But there is a corrective action policy that
5  applies across all of -- all employees across the
6  U.S. that provides guidance on how disciplinary
7  action should be done.
8      Q.    And that's from HSBC Finance Corp?
9      A.    That's correct.
10     Q.    And that is through Miss Kalamaras?
11     A.    Kalamaras, right.
12     Q.    Kalamaras.
13           Now -- and then, you said there's
14  another -- a different policy for --
15     A.    It's not a different policy.
16  Terminations would -- human resources is advised
17  on a potential termination.
18           So the guide -- we would provide
19  guidance, human resources, in this case for the
20  mortgage corporation, it would be Jeanie Jennings
21  would provide guidance to the manager on a
22  potential termination.
23           They don't make the decision.  The
24  decisions are made by the business and the
25  business manager, but they would provide guidance

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 11 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

113

1  over the situation.

2      Q.   Does the overarching policy for all HSBC
3  entities in the U.S., which is set out by a HSBC
4  Finance Corp, does that policy describe some
5  progressive discipline that managers are supposed
6  to follow?

7      A.   It provides guidelines on different
8  steps that can occur, but there is no hard and
9  fast.  We are an at-will company, so there is no
10 hard and fast steps.  Based on the situation at
11 hand, it would determine what corrective action
12 would be taken.

13     Q.   Is that true also of -- that's true of
14 both disciplinary and termination, that the
15 policies come from HSBC finance Corp, the
16 guidance -- the hands-on guidance comes from your
17 HR department, and then it's executed by,
18 obviously, the manager of the particular employee
19 involved?

20     A.   That's correct.

21     Q.   If you will turn to Topic No. -- and
22 then -- well, just to wrap that up, I assume based
23 on your prior testimony, that beyond that, you
24 don't have specific information as to what would
25 lead to a termination for a loan officer or a

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 12 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

141

```
 1   STATE OF ILLINOIS    )
 2                        )    SS.
 3   COUNTY OF DU PAGE    )
 4            I, Patricia A. Armstrong, Certified
 5   Shorthand Reporter No. 084-1766, Registered
 6   Professional Reporter and Notary Public in and for
 7   the County of DuPage, State of Illinois, do hereby
 8   certify that previous to the commencement of the
 9   examination, said witness was duly sworn by me to
10   testify the truth; that the said deposition was
11   taken at the time and place aforesaid; that the
12   testimony given by said witness was reduced to
13   writing by means of shorthand and thereafter
14   transcribed into typewritten form, and that the
15   foregoing is a true, correct, and complete
16   transcript of my shorthand notes so taken as
17   aforesaid.
18            I further certify that there were
19   present at the taking of the said deposition the
20   persons and parties as indicated on the appearance
21   page made a part of this deposition.
22            I further certify that I am not counsel
23   for nor in any way related to any of the parties
24   to this suit, nor am I in any way interested in
25   the outcome thereof.
```

Case 3:07-cv-02446-MMC   Document 79-5   Filed 01/18/2008   Page 13 of 13

Susan R. Marczak 30(B)(6)  8/30/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

142

1    I further certify that this certificate
2    applies to the original signed IN BLUE and
3    certified transcripts only.  I assume no
4    responsibility for the accuracy of any reproduced
5    copies not made under my control or direction.
6        IN TESTIMONY WHEREOF I have hereunto set
7    my hand and affixed my notarial seal this 4th day
8    of September, A.D., 2007.
9
10
11
12
13
14
15                    _____
16                    Patricia A. Armstrong, CSR, RPR.,
17
18   My Commission Expires
19
20   March 23, 2009.
21
22
23
24
25