# Exhibit 23

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STANFIELD, ROMONIA PERSAND, and SHABNAM SHEILA DEHDASHTIAN, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NLC FINANCIAL SERVICES, ET AL.,<br><br>Defendants. | No. C 06-3892 SBA (JL)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT FIRST NLC'S MOTION FOR PROTECTIVE ORDER**<br>**(Docket Number: 32)** |

**INTRODUCTION**

On August 16, 2006, Defendant First NLC Financial Services ("FNLC") filed a Motion for Protective Order seeking to stop Plaintiffs' counsel from communicating with current and former FNLC employees who are putative class members in this lawsuit. Plaintiffs deny any wrongdoing and assert that their communication with putative plaintiffs is constitutionally protected and does not violate any ethical standards. The matter came on for hearing. Appearing for Plaintiffs were John Hyland of Rukin Hyland & Doria LLP, and Paul Lukas (admitted *pro hac vice*) of Nichols Kaster & Anderson, PLLP. Appearing for Defendant were Timothy Long and Michael Weil of Orrick, Herrington & Sutcliffe LLP.

## BACKGROUND

FNLC is a national nonprime residential mortgage lender, headquartered in Deerfield Beach, Florida, employing loan officers, loan processors, and account managers at approximately forty-three branch offices in forty-one states throughout the country.

On June 22, 2006, Jeremy Stanfield, Romonia Persand, and Shabnam Sheila Dehdashtian ( "Plaintiffs") filed a Complaint alleging that FNLC violated the Fair Labor Standards Act ("FLSA") and California law, and seeking class action status under Rule 23 and collective action status under the FLSA, 29 U.S.C. § 216(b).

Currently, approximately 164 current and former employees of FNLC have joined this case as "opt-in" Plaintiffs. They worked as loan officers, loan processors, or account managers in the various branch offices located throughout the United States, in California, Colorado, Florida, Georgia, Minnesota, Nevada, Pennsylvania, Texas, Virginia and Washington. Some of these Plaintiffs joined in response to an "advertisement letter" sent by Plaintiffs' counsel. Others contacted Plaintiffs' counsel directly either by phone or through the Internet.

FNLC filed the instant motion, arguing that Plaintiffs' counsel's advertisement letter is incomplete and should provide additional detailed written notice to potential plaintiffs. After two attempts to have FNLC stipulate to a conditional class certification, Plaintiffs filed a Motion for Conditional Class Certification, set for hearing on October 31, 2006 before Judge Armstrong. The Certification Motion asks the court to conditionally certify this case as a collective action and also seeks court permission to send another notice and consent form to the putative class. FNLC filed its opposition to Plaintiffs' motion for conditional class certification and notice.

## ANALYSIS

If Plaintiffs' Certification Motion is granted, many of FNLC's concerns will be alleviated since a new, judicially supervised class notice will be sent to putative plaintiffs. With regard to modifying the current communication with the putative class, this court recommends that Plaintiffs' counsel amend the current communication to include the following information:

1) Inform putative plaintiffs that if they opt-in to this class action lawsuit, they will be subject to the rules of discovery.

2) Communications should include some reference to the sensitive timing of this lawsuit and that if the statute of limitations runs, putative plaintiffs my be precluded from opting into the certified class and thereby eliminate the possibility of participating in the current class action.

3) Inform putative plaintiffs that they may talk to corporate counsel should they choose to, but are not required to do so.

4) Clearly explain that FNLC denies liability in this case.

5) Plaintiffs' counsel's website should conform with any changes made to the judicially supervised notice that is sent out after class certification.

6) Any other specifics should be worked out in a meet and confer and are subject to court approval. Particularly, if necessary, the determination whether the communications fall in the category of "advertisement" or "notice".

FNLC's request to void the consent forms already received by Plaintiffs' counsel is denied because that would start the statute of limitations running, prejudicing Plaintiffs.

A district court may enter an order restricting access to class members, but only on a showing of harassment or prejudice. The Supreme Court in *Gulf Oil v. Bernard* stated that district courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." 452 U.S. 89, 100 (1981). The Supreme Court went further, noting that due to the potential for abuses in class-action litigation, the district court should weigh both the need for a limitation and its potential interference with the formation of a class. *Id.* at 104.

Although the Supreme Court requires district courts to oversee communications between counsel and putative plaintiffs, the Court has ruled that communications generally warrant First Amendment protection unless they are misleading. Therefore, any limitation

"should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102. Additionally, the judicial system benefits from the efficient resolution of class action lawsuits only if putative plaintiffs receive accurate and timely notice concerning the pendency of the class action. *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989).

Judge Whyte in *In Re McKesson HBOC, Inc.* held that Under Rule 23(d) of the Federal Rules of Civil Procedure a court has broad powers to make "appropriate orders" to ensure efficient and fair proceedings in a class action. *In re McKesson HBOC, Inc. Securities Litigation*, 126 F.Supp.2d 1239, 1242 (N.D.Cal.,2000). An injunction restricting communications must be "the narrowest possible relief which would protect the respective parties." *Id.* (quoting with approval *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir.1977)).

It appears to this court that the class will most likely be certified and thus any defects of Plaintiffs' counsel's communication will be corrected with a judicially supervised notice. The FLSA provides for a collective action where the complaining employees are "similarly situated." *Gerlach v. Gerlach*, U.S. Dist. LEXIS 24823 at *5 (citing *29 U.S.C. § 216(b)*). The court in *Gerlach* explains that although there is no consensus on the meaning of "similarly situated" throughout the Ninth Circuit, the District Courts have utilized a two-tiered approach. *Id.*

The first determination is made at the notice stage and the second at the conclusion of discovery. *Id.* at *6-7. The former follows a lenient standard where the court requires little more than substantial allegations, supported by declarations or discovery, that the potential class members were "victims of a single decision, policy, or plan." *Id.* (citing *Thiessen v. General Electric Capital Corp.*, 267 F. 3d 1095, 1102 (10th Cir. 2001)). The court in *Gerlach* further explains that Congress chose not to apply the Federal Civil Procedure Rule 23 standard to collective actions under the FLSA but rather chose to adopt the "similarly situated" standard. *Id.* at *7-8.

This court hereby denies FNLC's Motion without prejudice pending the outcome of the hearing on Plaintiffs' Motion for Class Certification.

1    FNLC requests the court's permission to permit discovery regarding the specifics as
2 to how Plaintiffs' Counsel was able to obtain FNLC's purportedly confidential employee
3 information and discovery of putative class members who have received Plaintiffs'
4 counsels' letter and notice.

5    FNLC's request for discovery must be denied, because FNLC has not adequately
6 demonstrated that Plaintiffs have engaged in egregious conduct. Although the court in
7 *Hoffman-La Roche* affirmed the district court's decision in that case to permit discovery, the
8 Supreme Court also affirmed that the discretion for such decisions lies with the trial court.
9 493 U.S. at 170. The Supreme Court decision in *Gulf Oil* also supports the notion that the
10 district court has broad discretion in supervising class action communication. *Gulf Oil*, 452
11 U.S. at 100.

12   Plaintiffs' counsel in the case at bar have successfully demonstrated that in order to
13 fulfill their job and serve their clients they must "spread the word" about the potential class
14 action prior to the statute of limitations running. Additionally, Plaintiffs' counsel have shown
15 that putative plaintiffs could have received information through numerous sources including:
16 word of mouth, by offering to provide their contact information, or by voluntarily
17 downloading information from Plaintiffs' counsel's website.

## CONCLUSION

19   For the reasons stated above, FNLC's motion for protective order is DENIED
20 WITHOUT PREJUDICE.
21   IT IS SO ORDERED.

23 DATED: October 27, 2006.

*James Larson*
JAMES LARSON
Chief Magistrate Judge