April 11, 2008

**VIA HAND DELIVERY AND ECF**

The Honorable Maxine M. Chesney
United States District Court for the
Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, California 94102

Re:    *Philip Wong, et al. v. HSBC Mortgage Corporation (USA), et al.*
       Case No. C-07-2446 MMC

Dear Judge Chesney:

As directed by your March 19, 2008 Order, this letter constitutes the parties' joint memorandum setting forth their respective positions with regard to the notice to putative class members. The parties have met and conferred and there remain only two outstanding issues upon which the parties cannot agree. Each party's respective positions on these two issues are set forth in turn below. Additionally, the parties have included a copy of Plaintiffs' proposed class notice and Defendants' proposed class notice.

1.     **The Caption and Pleading Paper**

       a.     **Defendants' Position**

Defendants maintain that the caption and pleading paper should be removed from Plaintiffs' notice. Any notice permitted by the Court in this matter is *not* a pleading and therefore a pleading-style caption and pleading paper are misleading and inappropriate. Further, the pleading-style caption is not necessary for the presentation of any information to the recipients, as all relevant information (such as the parties, civil action number and name of the court) is included very clearly in Defendants' proposed notice.

The federal courts, including here in the Northern District, have cautioned that a notice should not create an apparent judicial sponsorship and that adding a caption to the notice is likely to be misunderstood by the recipient. In **Prentice v. Fund for Pub. Interest Research, Inc.**, 2007 U.S. Dist. LEXIS 71122 (N.D. Cal. Sept. 18, 2007), the Court held:

> The parties also dispute whether the Notice should include the caption of the case. The Court agrees with Defendant that it should not. Including the full caption may give a false impression of judicial endorsement of Plaintiffs' position where none exists. That the Notice will include a statement of judicial neutrality would not, alone, be enough to cure this defect, as the caption would appear at the top of the Notice and give the wrong impression almost immediately.

*Id.* at *14 (internal citations omitted). Moreover, in **Gerlach v. Wells Fargo & Co.**, No. C 05-0585, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006), the court refused to permit a case

The Honorable Maxine M. Chesney
April 11, 2008
Page 2

caption on the notice because such a notice could be perceived as a judicial endorsement of the action.  Similarly, in **Flores v. Lifeway Foods, Inc.**, 289 F. Supp. 2d 1042 (N.D. Ill. 2003), the court disapproved of the use of a caption in the notice:

> The caption of the proposed Notice submitted by Plaintiffs reads like any other pleading, with the name of the court, the title of the action, the file number, and the assigned judge.  As such, the judicial imprimatur is likely to be misunderstood as representation that the suit probably has merit.  Thus…the Court would not approve Plaintiffs' proposed Notice in its current form.

*Id.* at 1046-47 (internal quotations omitted).  For the same reasons, Defendants believe that the use of pleading paper in the notice is inappropriate, as it "may give a false impression of judicial endorsement of Plaintiffs' position where none exists." **Prentice**, 2007 U.S. Dist. LEXIS 71122 at *14.  Given the fact that there can be no prejudice to Plaintiffs by the removal of the pleading style caption and pleading paper from the notice, Defendants respectfully request that the Court order that both the pleading-style caption and pleading paper be removed from the notice.

    **b.**    **Plaintiffs' Position**

By seeking to exclude the caption and pleading paper, and by seeking to change the language at the end of the notice from "This notice and its content has been authorized" to "Attorneys for plaintiffs have been permitted to send this notice," Defendants appear to be insisting that the judicial notice which was granted by the Court, after extensive briefing between the parties, be less than judicial notice.  Defendants would like to turn the Court-approved notice in this matter into essentially another Plaintiffs' solicitation letter, **i.e.**, without judicial imprimatur.  However, the purpose of the conditional certification process, and a long line of cases stretching to **Hoffman-LaRoche**, insist that judicial notice is materially different from solicitation. **Hoffmann-La Roche v. Sperling**, 493 U.S. 165, 172, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) (plaintiffs sent over 600 letters to potential class members prior to seeking judicial notice). As the Supreme Court explained, "Court intervention in the notice process for case management purposes is distinguishable **in form** and function from the solicitation of claims." **Id.** at 174 (emphasis added).

Communications such as a Plaintiffs' counsel's advertisement letters are constitutionally-protected speech – so, Plaintiffs can send an unofficial "notice" to class members (like Defendants wish to have sent here) without the need for any conditional certification or authorization.  **Shapero v. Kentucky Bar Ass'n**, 486 U.S. 466 (1988). Obtaining conditional certification is a way of obtaining an objective notice that putative collective class members will actually read, because of the Court's interest in judicial efficiency, **i.e.**, having all those with claims step forward and be heard together.  **Hoffman-La Roche** at 172 (noting the "legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action").  As one District Court explained, "It is true that the Court must avoid the appearance of judicial endorsement [citing **Hoffman-La Roche**].  However, the notice accomplishes this objective by including a sufficient disclaimer statement. **The use of the**

The Honorable Maxine M. Chesney
April 11, 2008
Page 3

**caption is important so that readers will not confuse this notice with junk mail (which is unfortunately abundant)**." **Carlson v. Leprino Foods Co.,** 2006 WL 2375046 (W.D. Mich.), at *1 (emphasis added).

As in **Carlson**, here, the stipulated portions of the notice contain the following bolded and capitalized statement immediately above the Judge's signature line - more than adequate to convey the Court's neutrality:

> **"THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFFS' CLAIMS OR OF DEFENDANTS HMCU'S OR HBUS' DEFENSES. IN ADDITION, THE COURT IS NOT ENCOURAGING INDIVIDUALS TO JOIN THIS LAWSUIT, NOR IS IT DISCOURAGING INDIVIDUALS FROM DOING SO."**

Notwithstanding the three isolated cases cited by Defendants, Courts certifying FLSA cases generally recognize (like the **Carlson** court, cited **supra**) the fact that potential class members will and should take more seriously notice from the Court than just another letter from class action lawyers. Judge Marilyn Hall Patel of the N.D. Cal. has recently rejected Defendants' argument about the use of the caption ("Defendant also contends that the use of a court-captioned page aggravates the lack of neutrality in the notice."), holding "notices typically contain a court caption and the bolded statement of neutrality below the caption should make the court's position clear to potential plaintiffs." **Adams v. Inter-Con Sec. Systems, Inc.,** 242 F.R.D. 530, 540 (N.D. Cal. 2007). **See Dkt. #72-13,** which contains ten examples of notices sent with a Court caption and a statement regarding the Court's authorization of such, including the notice (at Dkt. #72-13, pp. 63-69) recently sent under the authority of Judge Saundra Brown Armstrong of this Court, in **Stanfield, et al. v. First NLC,** C 06-3892 SBA (sent December 2006). **See also Delgado v. Ortho-McNeil, Inc.,** 2007 WL 2847238 (C.D. Cal. August 7, 2007), at *3 ("Defendants...argue that even providing the case caption at the top of the notice improperly indicates judicial authorization for the notice....The Court finds that the appearance of the caption at the top of the notice does not violate judicial neutrality."); **Carlson,** 2006 WL 2375046, at *1 (rejecting as unpersuasive the **Gerlach** precedent cited by Defendants); **Boyd v. Jupiter Aluminum Corp.,** 2006 WL 1518987 (N.D. Ind.), at *6 ("The use of a case caption in Plaintiff's proposed notice does not suggest any judicial sponsorship of Plaintiffs' claims in the case. Even if it did, the effect of any such suggestion is cured by the disclaimer in boldface at the end of the notice, which states unequivocally that the Court takes no position as to the merits of Plaintiffs' claims (or Jupiter's defenses for that matter)."); **Gambo v. Lucent Technologies, Inc.,** 2005 WL 3542485 (N.D. Ill.), at *7 (rejecting defendant's argument that notice should not include case caption because it may be interpreted as judicial approval of merits of suit), citing other N.D. Ill. cases with similar holdings; **Pontius v. Delta Financial Corp.,** 2005 WL 6103189, (W.D. Pa.), at *5 (caption and judicial notice language "are entirely in keeping with the form of notice sanctioned by the Third Circuit," since notice elsewhere "specifically informs the recipient that the Court "has taken no position regarding the merits").

The Honorable Maxine M. Chesney
April 11, 2008
Page 4

## 2.    The Wording of the First Sentence in the Conclusion Section

### a.    Defendants' Position

Defendants believe that the first sentence in the Conclusion section implies judicial sponsorship of Plaintiffs' lawsuit that is likely to be misunderstood by recipients as either: (1) a representation that the suit is endorsed by the Court and/or (2) that the Court believes the lawsuit may have merit. Moreover, the sentence, as presently worded, implies that the Court is sending the notice. However, the Court is *not* sending the notice, nor is the notice "emanating from" the court; rather, this notice is being sent by Plaintiffs' counsel, with the court's permission. To state or imply anything otherwise in the notice is misleading and inappropriate.

In the bedrock case of **Sperling v. Hoffman-La Roche**, 862 F.2d 439 (3d Cir. 1988), the Third Circuit evaluated a proposed class notice and held: ". . . the better practice would be to exclude any reference in the notice indicating it had been approved or authorized by the court." *Id.* at 447. Further, the U.S. Supreme Court has instructed: "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." **Sperling v. Hoffman-La Roche**, 493 U.S. 165, 174 (1989). As presently worded, Defendants believe that the first sentence in the Conclusion section of the notice gives "the appearance of judicial endorsement of the merits of the action."

In an effort to reach a compromise, Defendants proposed three different alternatives for the first sentence in the Conclusion section, all of which were rejected by Plaintiffs. Any of these alternatives would be acceptable to Defendants:

1.    **ATTORNEYS FOR PLAINTIFFS HAVE BEEN PERMITTED TO SEND THIS NOTICE BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE; or**

2.    **THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE, HAS PERMITTED ATTORNEYS FOR PLAINTIFFS TO SEND THIS NOTICE; or**

3.    **ATTORNEYS FOR PLAINTIFFS HAVE REQUESTED PERMISSION TO SEND THIS NOTICE AND THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE, HAS GRANTED PERMISSION.**

Defendants believe that these three alternatives do not imply judicial sponsorship of Plaintiffs' lawsuit and, moreover, accurately state that the notice is being sent by Plaintiffs' counsel, with the Court's permission, rather than implying that the Court is sending the notice. Given that the Court has not ruled on the merits of Plaintiffs' case, Defendants believe it is crucial to accurately inform putative class members about the lawsuit and from whom the notice comes.

The Honorable Maxine M. Chesney
April 11, 2008
Page 5

      **b.**     **Plaintiffs' Position**

Plaintiffs' position is that **Hoffman-LaRoche** establishes the notion of judicial notice under the FLSA, which is inherently and explicitly a Court-authorized notice. Indeed, the very issue before the Supreme Court in **Hoffman-LaRoche** was a notice from the District of New Jersey, at the end of which "was a statement that the notice had been authorized by the District Court, but that the court had taken no position on the merits of the case." **Hoffman-LaRoche**, 493 U.S. at 169. This was the notice affirmed by the Third Circuit and approved ultimately by the Supreme Court (**id.** at 169-173), and is identical to that proposed here by Plaintiffs. See also, e.g., **Dkt. #72-13** (containing numerous Court-approved notices with statements regarding the Court's authorization of such); **Anglada v. Linens 'N Things, Inc.,** 2007 WL 1552511 (S.D.N.Y.) (including prominent language regarding court's authorization of notice; **Valentine v. Harris County,** 2003 WL 23741412 (S.D. Tex. 2003), at *2 (notice included the language: "This notice has been authorized by the Honorable Melinda Harmon, the Judge to whom the case has been assigned."); **De La Rosa Ortiz v. Rain King, Inc.,** 2003 WL 23741409 (S.D. Tex.), at *2 (same, different judge); **Senglin v. Cypress Creek Emergency Medical Services Ass'n**, 2002 WL 32639766 (S.D. Tex.), *2 (same).

Very truly yours,

/s/

Justin T. Curley
LITTLER MENDELSON, P.C.
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) & HSBC BANK USA, N.A.

/s/

Bryan Schwartz
NICHOLS KASTER & ANDERSON, LLP
Attorneys for Plaintiffs and the Class

Enclosures

cc:    Michelle Barrett, Esq.
       Paul Lukas, Esq.

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,
Plaintiffs,

v.

HSBC Mortgage Corporation (USA);  HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,
Defendants.

**Case No. 3:07-CV-2446 MMC**

**NOTICE OF COLLECTIVE ACTION**

TO:  **ALL PRESENT AND FORMER HSBC MORTGAGE CORP. (USA) RETAIL MORTGAGE LENDING CONSULTANTS, SENIOR RETAIL MORTGAGE LENDING CONSULTANTS, AND PREMIER MORTGAGE SALES OFFICERS ("LOAN OFFICERS") WHO WORKED FOR HSBC MORTGAGE CORP. (USA) ("HMCU") FROM MAY 7, 2004 TO THE PRESENT.**

RE:  **FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST HMCU AND HSBC BANK USA, N.A. ("HBUS").**

## INTRODUCTION

The purpose of this Notice is to inform you of a collective action lawsuit brought against HMCU and HBUS, to advise you of how your rights may be affected by this action, and to instruct you on the procedure to make a claim if you choose to do so.

## DESCRIPTION OF THE ACTION

On May 7, 2007, an action was filed against Defendants HMCU and HBUS on behalf of the named Plaintiffs and all other similarly-situated individuals who worked as Loan Officers or Sales Assistants[1] for HMCU during the past three years.  Plaintiffs claim that HMCU and/or HBUS misclassified them as exempt from overtime.  Specifically, the action alleges that these individuals are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C.  § 207, for hours

---

[1] Sales Assistants are not part of the present notice.

worked in excess of forty (40) per week. Plaintiffs also seek an additional amount as liquidated damages, as well as attorneys' fees and costs. This litigation is currently in the early pretrial stage.

Generally, the overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from the overtime provisions of the FLSA. The Plaintiffs in this lawsuit claim that during one or more weeks of their employment with HMCU, they worked in excess of forty hours, but were not paid overtime at the rate of one and one-half times their hourly rate for the hours they worked in excess of forty.

HMCU and HBUS deny Plaintiffs' allegations in their entirety. Specifically, HMCU and HBUS assert that HMCU's current and former Loan Officers—including Plaintiffs and the class of employees Plaintiffs seek to represent—were properly classified as exempt from the receipt of overtime wages because these current and former employees are, and at all times were, primarily performing the work of overtime-exempt employees. HMCU also contends that it properly paid all of its current and former Loan Officers.

## PERSONS ELIGIBLE TO RECEIVE THIS NOTICE

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly-situated. Those individuals that Plaintiffs allege are similarly-situated are current and former Loan Officers employed by HMCU anywhere in the United States from May 7, 2004 to the present.

This notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this lawsuit may depend on a later decision by the United States District Court that you and the representative Plaintiffs are actually "similarly-situated."

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you are or were a Loan Officer at HMCU during the previous three years, you may have a right to participate in this lawsuit. Enclosed you will find a document entitled "Plaintiff Consent Form

and Declaration." If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, assuming the Court determines that you are similarly-situated to the named Plaintiffs, it is extremely important that you read, sign and return the Consent Form and Declaration by mail to Plaintiffs' counsel at the following address:

> Nichols Kaster & Anderson, PLLP
> Attn. Paul Lukas
> 4600 IDS Center
> 80 S. 8th Street
> Minneapolis, MN 55402
> Toll-Free Telephone: (877) 448-0492
> Facsimile: (612) 215-6870

The "Plaintiff Consent Form and Declaration" must be postmarked by ____ [60 days after new notice is mailed], 2008.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you choose to join this action, you and HMCU and HBUS will be bound by any ruling, judgment, or award, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. In addition, Nichols Kaster & Anderson will seek to be compensated for their efforts in litigating this case, at least 1/3 of all proceeds, and up to a combined 40% of all recovery, which will proportionately reduce the award that each class member would receive.

You should also understand that if you join the lawsuit, then you may, but will not necessarily, be required to provide documents to HMCU's and HBUS' lawyers and/or attend a deposition and answer HMCU's and HBUS' lawyers' questions under oath.

If you decide to participate in this action, you will not incur any costs at all during or after the litigation process. Nichols Kaster & Anderson will pay all costs from any monies it recovers if the lawsuit is successful. Payment of these costs will reduce any monies, if any, ultimately paid to the class members.

If you do not join this action, you will not be bound by any ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable.  If you do not to join this action, you are free to take action on your own.

## STATUTE OF LIMITATIONS

The FLSA has a statute of limitations of two years which can be extended to three years under certain circumstances.  If you choose to join this action and the Court finds in favor of the Plaintiffs, you may be able to recover back wages only during weeks you worked within either two or three years of the date you file your "Plaintiff Consent Form."  If you choose not to join in this action, then you may file your own action.  Be advised that the clock will still be running on your time limit for filing your own action, if you do not join this lawsuit.

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, HMCU and HBUS are prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiffs' Counsel:

> **Nichols Kaster & Anderson, PLLP**
> Donald H. Nichols, Paul J. Lukas, and Tim Selander
> 4600 IDS Center, 80 South 8th Street
> Minneapolis, MN 55402
>
> **Nichols Kaster & Anderson, LLP**
> Bryan Schwartz and Matt Helland
> One Embarcadero Center, Suite 720
> San Francisco, CA 94111
> Toll Free Telephone: (877) 448-0492
> Facsimile: (612) 215-6870
> www.nka.com

The Plaintiffs' attorneys are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees.  The specific terms and conditions of representation will be contained in a fee agreement entered into by Plaintiffs' attorneys and you.

## **FURTHER INFORMATION**

Further information about this lawsuit or this notice can be obtained by contacting attorneys for

Plaintiffs:

> BRYAN SCHWARTZ
> NICHOLS KASTER & ANDERSON, LLP
> One Embarcadero Center, Suite 720
> San Francisco, CA 94111
> Telephone: (877) 448-0492
> Facsimile: (415) 421-1700
> Email: Schwartz@nka.com
> www.nka.com

You may also contact attorneys for Defendants:

> MICHELLE BARRETT
> LITTLER MENDELSON, P.C.
> 650 California Street, 20th Floor
> San Francisco, California 94108
> Telephone: 1 (888) 548-8537
> Facsimile: (415) 399-8490
> Email: MBarrett@littler.com
> www.littler.com

**YOU SHOULD NOT CONTACT THE COURT AT THIS TIME.**

## **CONCLUSION**

**ATTORNEYS FOR PLAINTIFFS HAVE BEEN PERMITTED TO SEND THIS NOTICE BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE.**

**THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS OF PLAINTIFFS' CLAIMS OR OF DEFENDANTS HMCU'S OR HBUS' DEFENSES. IN ADDITION, THE COURT IS NOT ENCOURAGING INDIVIDUALS TO JOIN THIS LAWSUIT, NOR IS IT DISCOURAGING INDIVIDUALS FROM DOING SO.**

_____

The Honorable Maxine Chesney

United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                       Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>                       Defendants. | **Case No.: 3:07-cv-2446 MMC**<br><br>**[PROPOSED] NOTICE OF COLLECTIVE ACTION** |

LA:178510.1

1   **TO:   ALL PRESENT AND FORMER HSBC MORTGAGE CORP. (USA) RETAIL**
2   **MORTGAGE LENDING CONSULTANTS, SENIOR RETAIL MORTGAGE LENDING**
    **CONSULTANTS, AND PREMIER MORTGAGE SALES OFFICERS ("LOAN**
3   **OFFICERS") WHO WORKED FOR HSBC MORTGAGE CORP. (USA), ("HMCU")**
    **FROM MAY 7, 2004 TO THE PRESENT.**
4

5   **RE:   FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST HMCU AND**
6   **HSBC BANK USA, N.A. ("HBUS").**

7                              **INTRODUCTION**

8           The purpose of this Notice is to inform you of a collective action lawsuit brought against

9   HMCU and HBUS, to advise you of how your rights may be affected by this action, and to

10  instruct you on the procedure to make a claim if you choose to do so.

11                        **DESCRIPTION OF THE ACTION**

12          On May 7, 2007, an action was filed against Defendants HMCU and HBUS on behalf of

13  the named Plaintiffs and all other similarly-situated individuals who worked as Loan Officers or

14  Sales Assistants[1] for HMCU during the past three years.  Plaintiffs claim that HMCU and/or

15  HBUS misclassified them as exempt from overtime.  Specifically, the action alleges that these

16  individuals are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29

17  U.S.C.  § 207, for hours worked in excess of forty (40) per week.  Plaintiffs also seek an

18  additional amount as liquidated damages, as well as attorneys' fees and costs.  This litigation is

19  currently in the early pretrial stage.

20          Generally, the overtime provisions of the FLSA require that, for all hours over forty hours

21  per week that an employee works, the employer must compensate the employee at the rate of one

22  and one-half times his or her regular hourly rate, unless that employee is properly classified as

23  "exempt" from the overtime provisions of the FLSA.  The Plaintiffs in this lawsuit claim that

24  during one or more weeks of their employment with HMCU, they worked in excess of forty

25  hours, but were not paid overtime at the rate of one and one-half times their hourly rate for the

26  hours they worked in excess of forty.

27

28  _____
    [1] Sales Assistants are not part of the present notice.

1    HMCU and HBUS deny Plaintiffs' allegations in their entirety. Specifically, HMCU and

2    HBUS assert that HMCU's current and former Loan Officers—including Plaintiffs and the class

3    of employees Plaintiffs seek to represent—were properly classified as exempt from the receipt of

4    overtime wages because these current and former employees are, and at all times were, primarily

5    performing the work of overtime-exempt employees. HMCU also contends that it properly paid

6    all of its current and former Loan Officers.

7                          **PERSONS ELIGIBLE TO RECEIVE THIS NOTICE**

8         The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other

9    employees with whom they are similarly-situated. Those individuals that Plaintiffs allege are

10   similarly-situated are current and former Loan Officers employed by HMCU anywhere in the

11   United States from May 7, 2004 to the present.

12        This notification is only for the purpose of determining the identity of those persons who

13   wish to be involved in this case and has no other purpose. Your right to participate in this lawsuit

14   may depend on a later decision by the United States District Court that you and the representative

15   Plaintiffs are actually "similarly-situated."

16                          **YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT**

17        If you are or were a Loan Officer at HMCU during the previous three years, you may have

18   a right to participate in this lawsuit. Enclosed you will find a document entitled "Plaintiff

19   Consent Form and Declaration." If you choose to join this lawsuit, and thus participate in any

20   recovery that may result from this lawsuit, assuming the Court determines that you are similarly-

21   situated to the named Plaintiffs, it is extremely important that you read, sign and return the

22   Consent Form and Declaration by mail to Plaintiffs' counsel at the following address:

23             Nichols Kaster & Anderson, PLLP
24             Attn. Paul Lukas
               4600 IDS Center
25             80 S. 8th Street
               Minneapolis, MN 55402
26             Toll-Free Telephone: (877) 448-0492
               Facsimile: (612) 215-6870
27

28        3

                                                            NOTICE OF COLLECTIVE ACTION
                                                            07-2446 MMC

LA:178510.1

1    <u>The "Plaintiff Consent Form and Declaration" must be postmarked by      [60 days</u>

2    <u>after new notice is mailed], 2008.</u>

3              **EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT**

4         If you choose to join this action, you and HMCU and HBUS will be bound by any ruling,

5    judgment, or award, whether favorable or unfavorable.  You will also be bound by, and will share

6    in, any settlement that may be reached on behalf of the class.   In addition, Nichols Kaster &

7    Anderson will seek to be compensated for their efforts in litigating this case, at least 1/3 of all

8    proceeds, and up to a combined 40% of all recovery, which will proportionately reduce the award

9    that each class member would receive.

10        You should also understand that if you join the lawsuit, then you may, but will not

11   necessarily, be required to provide documents to HMCU's and HBUS' lawyers and/or attend a

12   deposition and answer HMCU's and HBUS' lawyers' questions under oath.

13        If you decide to participate in this action, you will not incur any costs at all during or after

14   the litigation process. Nichols Kaster & Anderson will pay all costs from any monies it recovers if

15   the lawsuit is successful.  Payment of these costs will reduce any monies, if any, ultimately paid

16   to the class members.

17        If you do not join this action, you will not be bound by any ruling, judgment, award, or

18   settlement, entered in this case, favorable or unfavorable.  If you do not to join this action, you are

19   free to take action on your own.

20                    **STATUTE OF LIMITATIONS**

21        The FLSA has a statute of limitations of two years which can be extended to three years

22   under certain circumstances.  If you choose to join this action and the Court finds in favor of the

23   Plaintiffs, you may be able to recover back wages only during weeks you worked within either

24   two or three years of the date you file your "Plaintiff Consent Form." If you choose not to join in

25   this action, then you may file your own action.  Be advised that the clock will still be running on

26   your time limit for filing your own action, if you do not join this lawsuit.

27

28        4

LA:178510.1

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, HMCU and HBUS are prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action.

## YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiffs' Counsel:

**Nichols Kaster & Anderson, PLLP**
Donald H. Nichols, Paul J. Lukas, and Tim Selander
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

**Nichols Kaster & Anderson, LLP**
Bryan Schwartz and Matt Helland
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Toll Free Telephone: (877) 448-0492
Facsimile: (612) 215-6870
www.nka.com

The Plaintiffs' attorneys are being paid on a contingency fee and/or statutory basis, which means that if there is no recovery, there will be no attorneys' fees. The specific terms and conditions of representation will be contained in a fee agreement entered into by Plaintiffs' attorneys and you.

## FURTHER INFORMATION

Further information about this lawsuit or this notice can be obtained by contacting attorneys for Plaintiffs:

BRYAN SCHWARTZ
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (877) 448-0492
Facsimile: (415) 421-1700
Email: Schwartz@nka.com
www.nka.com

5

NOTICE OF COLLECTIVE ACTION
07-2446 MMC

LA:178510.1

1    You may also contact attorneys for Defendants:
2        MICHELLE BARRETT
         LITTLER MENDELSON, P.C.
3        650 California Street, 20th Floor
         San Francisco, California 94108
4        Telephone: 1 (888) 548-8537
         Facsimile: (415) 399-8490
5        Email: MBarrett@littler.com
         www.littler.com
6

7    **YOU SHOULD NOT CONTACT THE COURT AT THIS TIME.**

8                               **CONCLUSION**

9
         **THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE
10   UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
     CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT
11   COURT JUDGE.**

12       **THE COURT HAS MADE NO DECISION IN THIS CASE ABOUT THE MERITS
     OF PLAINTIFFS' CLAIMS OR OF DEFENDANTS HMCU'S OR HBUS' DEFENSES. IN
13   ADDITION, THE COURT IS NOT ENCOURAGING INDIVIDUALS TO JOIN THIS
     LAWSUIT, NOR IS IT DISCOURAGING INDIVIDUALS FROM DOING SO.**
14

15

16                          _____

17                          The Honorable Maxine Chesney
                            United States District Judge
18

19

20

21

22

23

24

25

26

27

28   6

LA:178510.1