IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WONG, et al., | No. C-07-2446 MMC |
| Plaintiffs, | **ORDER RE: FORM OF NOTICE TO PUTATIVE CLASS MEMBERS; DIRECTIONS TO PLAINTIFFS** |
| v. | |
| HSBC MORTGAGE CORPORATION (USA), et al., | |
| Defendants / | |

By order filed March 19, 2008, the Court granted plaintiffs' motion for conditional certification of a class of loan officers employed by defendants. In said order, the Court directed the parties to meet and confer as to the form of the notice to be provided to the putative class members, and to submit either a jointly-proposed form of notice or, to the extent a dispute as to the form of notice existed, separately proposed forms of notice.

Before the Court is the parties' joint letter, filed April 11, 2008, to which are attached the parties' respective proposed forms of notice. In the joint letter, the parties identify two disputes.

First, the parties disagree as to whether the notice should be printed on pleading paper and bear the caption of the case. The Court finds, for the reasons stated by defendants, the notice should not be printed in such format, but, rather, should be printed in the format submitted by defendants. See Hoffmann-LaRoche Inc. v. Sperling, 493 U.S.

165, 174 (1989) (holding "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action"); <u>Prentice v. Fund for Public Interest Research, Inc.</u>, 2007 WL 2729187 (N.D. Cal. 2007) (holding where "caption would appear at the top of the [n]otice," it would "give the wrong impression almost immediately"); <u>see also</u> <u>Woods v. New York Life Ins. Co.</u>, 686 F. 2d 578, 581 (7th Cir. 1982) (holding it is "improper for the district court to direct that the notice go out on its own letterhead").

Second, the parties disagree as to the proper language to be used in the first paragraph of the "Conclusion" section. Plaintiffs suggest using the phrase, "This notice and its content has been authorized [by the Court],", while defendants suggest using the phrase, "Attorneys for plaintiffs have been permitted to send this notice [by the Court]." Although both statements are factually correct, the Court finds, for the reasons stated by defendant, that the language suggested by defendant is more appropriate. See <u>Sperling v. Hoffman-La Roche Inc.</u>, 862 F. 2d 439, 447 (3rd Cir. 1988) ("Ordinarily, the better practice would be to exclude any reference in the notice indicating it had been approved or authorized by the court."), <u>aff'd</u>, 493 U.S. 165 (1989).

Finally, although each party's proposed notice includes a line for the Court's signature, the Court finds the notice should not be signed by the Court, but, rather, by counsel for plaintiffs. See <u>Woods</u>, 686 F. 2d at 581-82 (holding notice should not be sent "over the judge's or clerk's signature"; vacating order approving notice where notice was to be signed by clerk of court); <u>see also</u> <u>Hoffmann-LaRoche</u>, 493 U.S. at 169-70 (1989) (holding district court has power to "prescrib[e] the terms and conditions of communication <u>from the named plaintiffs</u> to the potential members of the class on whose behalf the collective action has been brought") (emphasis added).[1]

//
//

---

[1] Indeed, of the twelve approved notices submitted to the Court by plaintiffs as examples of approved forms of notice, only one was signed by a district judge; nine were signed by counsel for the plaintiff(s) therein, and two appear to be lacking the signature page. (<u>See</u> Pl.'s Mot. for Conditional Certification, Ex. 13, filed December 21, 2007.)

Accordingly, plaintiffs are hereby DIRECTED to submit for final court approval a form of notice in conformity with the above rulings, as well as the proposed "Plaintiff Consent Form and Declaration" plaintiffs seek to attach thereto; such documents shall be submitted no later than April 30, 2008.

**IT IS SO ORDERED.**

Dated:  April 21, 2008

MAXINE M. CHESNEY
United States District Judge