Donald H. Nichols, MN State Bar No. 78918
(admitted *pro hac vice*)
Paul J. Lukas, MN State Bar No. 22084X
(admitted *pro hac vice*)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Suite 720
San Francisco, California 94111

Attorneys for Individual and Representative Plaintiffs

George J. Tichy, II, CA State Bar No. 041146
Michelle R. Barrett, CA State Bar No. 197280
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108

Attorneys for Defendants
HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A.

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.: 3:07-cv-2446 MMC<br><br>**JOINT FURTHER CASE MANAGEMENT STATEMENT**<br><br>Date: April 25, 2008<br>Case Mgmt Conf: May 2, 2007<br>Time: 10:30 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Floor<br><br>Date Action Filed: May 7, 2007 |

The parties to this action jointly submit this further Case Management Statement.

**A.    Description of Case**

**1.    Jurisdiction and Service**

The parties are unaware of any service of process, personal jurisdiction, subject matter jurisdiction, or venue issues at this time.  However, Defendants contend that HSBC Bank USA, NA is not a proper defendant in this matter and should be dismissed.  Defendants also believe that the addition of any other defendants to this matter is inappropriate and unnecessary.

**2.    Plaintiffs' Claims**

Plaintiffs' Amended Complaint alleges nine causes of action relating to:  (1) wage and hour claims under the Fair Labor Standards Act ("FLSA"), as well as California, New Jersey and New York state law; (2) unfair business practices under California law; and (3) retaliation for protected activity under the FLSA and California law.  *See* Plaintiffs' Amended Complaint.[1]

**3.    Facts Related to the Amended Complaint**

Plaintiffs' wage and hour causes of action under the FLSA (nationwide) and/or state law (California, New Jersey and New York) pertain to "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants" and "Premier Mortgage Lending Consultants" (also generically called "loan officers"), "Field Administrators" and "Senior Field Administrators" (also generically called "sales assistants"), and other non-management mortgage sales employees. Plaintiffs also allege that Defendants retaliated against Frederic Chaussy in retaliation for raising a protected wage complaint.   Plaintiffs have obtained conditional certification of the nationwide collective action that includes the loan officer positions listed above for a violation of the alleged wage and hour claims, and are mailing notice to the collective class on April 28, 2008.  Plaintiffs will also seek to certify California, New York, and New Jersey classes (Rule 23) that include these same positions listed above for their alleged wage and hour claims under California/New York/New Jersey law (respectively) within the period of

---

[1] The Court dismissed Plaintiffs' ninth claim for relief to the extent such cause of action was based on a claim that defendants failed to keep true and accurate records of hours worked in violation of §34:11-56a20 of the New Jersey Statutes.

1  four/six/two years (respectively) prior to the filing date of the Complaint.

2  ### B.  Disputed Factual and Legal Issues

3  According to Plaintiffs, the principal factual and legal issues that the parties dispute are:

4  • To what extent, if any, was HSBC Bank USA, NA an arms' length transactor with respect
5  to HSBC Mortgage Corporation (USA)'s practices and overall management.

  • Whether loan officers and sales assistants at HSBC were misclassified as non-exempt.

6  • The number of hours worked per day or per week by each Plaintiff and/or class member.

7  • Whether HSBC maintained accurate records of the hours worked by Plaintiffs and/or each
  member of the putative class.

8  • Whether HSBC had knowledge of any unpaid overtime worked by Plaintiffs and/or each
  member of the putative class.
9
  • Whether HSBC appropriately compensated any overtime worked by Plaintiffs and/or each
10  member of the putative class.

  • Whether HSBC authorized and provided meal and/or rest periods for each Plaintiff and/or
11  class member in California.

12  • Whether HSBC had knowledge of any improperly compensated meal and/or rest periods
  for each Plaintiff and/or class member.

13  • Whether HSBC provided accurate, itemized wage statements.

14  • Whether HSBC paid each Plaintiff and/or class member properly at their termination of
  employment.

15  • The damage amounts, if any, suffered by Plaintiffs and each member of the putative class.

16  • Whether the California, New Jersey, and New York classes are appropriate for Fed. R.
  Civ. P. 23 class certification.

17  • Assuming liability is found, whether Defendants' failure to pay overtime to each Plaintiff
  and/or class member was willful.
18
  • Assuming liability is found, whether Defendants' failure to appropriately provide and/or
19  compensate meal/rest periods for each California Plaintiff and class member was willful.

  • Whether HSBC acted in good faith and/or had reasonable grounds for believing that it
20  paid all sums considered to be legally due to each Plaintiff.

21  • Whether final collective and/or class action certification is appropriate in this case.

  • Entitlement to and/or the amount of penalties claimed by each Plaintiff and/or class
22  member.

23  • Entitlement to and/or the amount of attorneys' fees claimed by each Plaintiff and/or class
  member.

24  According to Defendants, the parties dispute the following factual and legal issues:

25  • Whether HSBC Bank USA, NA is an improper Defendant in this matter;

26  • Whether Plaintiffs can properly maintain FLSA collective action claims in the same case
  as Rule 23 class action claims, *see, e.g., Leuthold v. Destination America, Inc.*, 224 F.R.D.
27  462 (N.D. Cal. 2004); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986 (C.D. Cal.
  2006);

28

---

**JOINT FURTHER CASE MANAGEMENT
STATEMENT**                                    2.                    **Case No. 3:07-CV-2446 MMC**

- Whether it is appropriate for named Plaintiffs to maintain a claim for premiums or penalties under California Business and Professions Code § 17200, *et seq.*, *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146, 1148 (2003);

- Whether HSBC Mortgage Corporation (USA) was required to pay overtime to named Plaintiffs and putative class members;

- Whether named Plaintiffs and putative class members worked in excess of 8 hours in a day and/or 40 hours per week;

- Whether Plaintiff Chaussy and putative class members were properly paid all wages due and owing upon termination (California only);

- Whether Plaintiffs and putative class members were provided properly itemized wage statements (California only);

- Whether HSBC Mortgage Corporation (USA) was required to provide meal and rest periods to Plaintiffs Wong and Chaussy and putative class members (California only);

- Whether named Plaintiffs Wong and Chaussy and putative class members were afforded the opportunity to take meal and rest periods (California only);

- Whether HSBC Mortgage Corporation (USA) kept accurate records regarding hours worked with respect to Plaintiff Shearn and putative class members (New Jersey only);

- Whether this action can be maintained as a class action;

- Whether the individual issues of proof (actual working hours and meal and rest periods for numerous job classifications at many separate locations) predominate to such an extent that any purported class lacks commonality;

- Whether Plaintiffs are appropriate class representatives, as they have not worked in all positions claimed to be included in Plaintiffs' class definitions:  Retail Mortgage Lending Consultants, Senior Retail Mortgage Lending Consultants, Premier Mortgage Lending Consultants, Field Administrators, Senior Field Administrators and other unspecified "non-management mortgage sales employees";

- Whether Plaintiffs and the putative class members were properly classified as overtime exempt employees under various FLSA, California, New Jersey and/or New York exemptions, including exemptions related to salespersons;

- Whether Plaintiff Chaussy was lawfully terminated from employment with HSBC Mortgage Corporation (USA);

- Whether named Plaintiff Shearn ever performed services for HSBC Mortgage Corporation in both New Jersey and New York;

- Whether named Plaintiffs accurately reported time worked to HSBC Mortgage Corporation (USA);

- Whether HSBC Mortgage Corporation (USA) had knowledge of any of the alleged unlawful acts in Plaintiffs' Amended Complaint;

- Assuming HSBC Mortgage Corporation (USA) had any knowledge of the alleged unlawful acts described in Plaintiffs' Amended Complaint, whether HSBC Mortgage Corporation (USA) acted willfully; and

- Whether Plaintiffs and putative class members are entitled to damages; if yes, the amount.

### C.    **Motions.**

Plaintiffs filed their Motion for Conditional Certification of the "loan officer" positions in

---

JOINT FURTHER CASE MANAGEMENT STATEMENT                    3.                    Case No. 3:07-cv-2446 MMC

1    December 2007. The Court granted conditional certification on March 19, 2008.  Defendants

2    intend to file a decertification motion on the conditional certification decision.  The timing of

3    such motion will likely depend on the progress of discovery in the case. Plaintiffs will file a

4    motion to amend soon to add minimum wage claims and add as a Defendant HSBC Finance

5    Corporation, among other changes. Plaintiffs propose filing their motion(s) for Rule 23 class

6    certification by September 2, 2008.

7         Defendants intend to oppose Plaintiffs' motion to amend and any motion regarding Rule

8    23 certification.  Defendants further anticipate filing a motion(s) to disqualify Plaintiffs as class

9    representative and any other dispositive motions that may be necessary to eliminate portions of

10   Plaintiffs' claims or to dismiss parties as the matter proceeds, including a motion(s) for summary

11   judgment—all of which Plaintiffs intend to oppose.

12        The parties anticipate that discovery motions may also need to be filed by both sides.

13   **D.    Amendment of Pleadings**

14        Plaintiffs amended the Complaint on June 29, 2007.  On March 19, 2008, the Court

15   granted conditional certification of a collective class of "loan officers."  Plaintiffs also intend to

16   seek to certify this case as Rule 23 state class actions.  Currently, more than 20 "opt-in" Plaintiffs

17   have filed consent forms to join this lawsuit.  Plaintiffs have indicated that they intend to amend

18   the Complaint further to add additional claims, add named Plaintiffs, and to add HSBC Finance

19   Corporation as a party, as well as possibly adding additional state law claims.

20        Defendants will oppose any effort by Plaintiffs to further amend their Complaint, as they

21   have already amended their Complaint once as a matter of right.   Additionally, Defendants

22   believe adding yet another state law claim will increase the likelihood that state law claims will

23   predominate and Defendants contend that the Court should decline to exercise supplemental

24   jurisdiction. Defendants also do not believe additional parties will need to be joined.  Defendants

25   maintain that HSBC Bank USA, NA and any other HSBC-affiliated entity is an improper

26   Defendant in this matter and must be dismissed.

27   **E.    Evidence Preservation.**

28        Defendants have made efforts to preserve both electronic and other evidence, including

**JOINT FURTHER CASE MANAGEMENT**                    4.
**STATEMENT**                                                        Case No. 3:07-CV-2446 MMC

1   putting a destruction hold on potentially relevant electronic and other information and documents.

2        **F.**    **Disclosures**

3       The parties waived initial disclosures because Plaintiffs had already commenced

4   discovery. The parties have been conducting discovery throughout this litigation.

5        **G.**    **Discovery to Date**

6       Plaintiffs have taken three depositions under Fed. R. Civ. P. 30(b)(6): Susan Marczak;

7   David Gates; and Jeanette Jennings. The subjects explored at the depositions included policies,

8   compensation issues, classification of employees, and Plaintiff Chaussy's individual claims.

9   Plaintiffs have also subpoenaed and deposed four individuals working for a third party (HSBC

10   Finance Corporation): Dawn Kalamaras; Stacy Brown; Terri Pearce; and Robert Lampka. The

11   subjects explored in those depositions included policies, compensation issues and classification of

12   employees. Plaintiffs have propounded discovery on Defendants, including interrogatories,

13   requests for admission, and multiple sets of requests for production. Plaintiffs anticipate

14   conducting additional discovery as the need arises during the litigation.

15       Defendants have taken a partial day of Plaintiff Wong's deposition, but are not yet

16   finished with his deposition. Plaintiffs' counsel has taken the position that Mr. Wong has

17   complied with his deposition responsibilities and that he will not appear to provide further

18   deposition testimony. Defendants anticipate having to file a motion to compel further attendance

19   by Mr. Wong for this deposition. Defendants have also taken the deposition of Plaintiff Frederic

20   Chaussy. Defendants have asked to take the deposition of Plaintiff Shearn; however the parties

21   have not yet agreed upon dates for this deposition.[2] Defendants also intend to take depositions

22   from a number of the "opt-in" plaintiffs. Defendants have also propounded two sets of document

23   requests on Plaintiff, and one set upon Plaintiffs Chaussy and Shearn. Defendants have also

24   propounded requests for admissions on all three named Plaintiffs. Defendants anticipate

25   conducting additional discovery as the need arises during the litigation.

26

27   [2] Previously, in February 2008, Plaintiffs' counsel informed Defendants that he believed

28   Ms. Shearn might be dropped as a named Plaintiff from the litigation and that different named plaintiffs might be substituted to represent New York and New Jersey claims.

**H.    Scope of Anticipated Discovery and Schedule**

The parties' initial estimates regarding discovery were incorrect. Plaintiffs anticipate conducting depositions and document discovery with all relevant officials and witnesses of Defendants, and anticipate filing a motion to compel concerning outstanding discovery requests which Plaintiffs believe have not been fully and completely answered by Defendants.

Defendants have not completed discovery from two of the named Plaintiffs—no deposition has been taken of Shearn and Defendants do not believe they have finished Wong's deposition. Further, Defendants have not completed discovery with respect to any of the opt-ins. Now that conditional certification has been granted, Defendants will move forward with the expanded scope of discovery regarding opt-ins.

Plaintiffs believe that assuming Defendants cooperate with discovery scheduling, ample discovery should be conducted by September 2, 2008 to permit filing the Rule 23 class certification motion(s) on that date. Whether or not the Rule 23 certification motion(s) is/are granted, Plaintiffs believe that after the motion is decided there will not be extensive discovery still required before trial, other than expert and damages discovery, and Plaintiffs will seek to move toward trial expeditiously.

If a Rule 23 class is not certified, Defendants preliminarily propose the following deadlines for discovery:
- Discovery (excluding experts):  six (6) months after denial;
- Expert Witness Disclosure: five (5) months after denial;
- Rebuttal Expert Witness Disclosure: six (6) months after denial;
- Expert Witness Discovery Deadline:  nine (9) months after denial.

If a Rule 23 class is certified, Defendants preliminarily propose the following deadlines:

- Discovery (excluding experts):  ten (10) months after denial;
- Expert Witness Disclosure:  eight (8) months after denial;
- Rebuttal Expert Witness Disclosure:  nine (9) months after denial;
- Expert Witness Discovery Deadline:  ten (10) months after denial.

If a Rule 23 class is certified, Defendants believe the parties will need adequate time to conduct discovery for Rule 23 class members.  As a result, Defendants would request that the Court allow the issue of discovery deadlines to remain open.

1    I.    **Class Actions**

2    1.    **Plaintiffs' statement regarding class action allegations (Local Rule 16-9(b))**

3    The action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and

4  (b)(3). This action is brought on behalf of the following class: All persons who are or have been

5  employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage

6  Lending Consultants," and "Premier Mortgage Sales Officers" (also known as "loan officers"),

7  "Field Administrators" and "Senior Field Administrators" (also known as "sales assistants"), and

8  other non-management mortgage sales employees, who were misclassified as exempt, and

9  therefore erroneously denied overtime, meal and rest period compensation as required by state

10  wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-

11  the-clock"), within the State of California/New York/New Jersey (respectively) within the period

12  four/six/two years (respectively) prior to the filing date of the Complaint. (See Compl. at ¶¶ 3-5.)

13  The facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and

14  (b) are as follows:

15    (i)  Numerosity:    Plaintiffs believe, and have alleged that proposed class consists of

16    hundreds of people who satisfy the definition.

17    (ii) Typicality:  Plaintiffs Wong, Chaussy, and Shearn are members of the proposed

18    classes, alleging the same claims as the class.  Plaintiffs have no interests that are

19    adverse to those of the other class members.

20    (iii)Commonality:  Common questions of fact and law, for the Rule 23 classes, include but

21    are not limited to the following:  (1) whether members of the Proposed Class were

22    ever classified as exempt employees during the statutory period; (2) whether

23    Defendants unlawfully failed to pay appropriate overtime compensation to members

24    of the Proposed Classes; (3) whether Defendants employed Plaintiffs and the Proposed

25    Class within the meaning of the applicable state laws; (4) the proper measure of

26    damages sustained by the Proposed Class; (5) whether Defendants' actions were

27    "willful;" and, as to the California class, (6) whether Plaintiffs and the Proposed

28    California Class members who are no longer employed with Defendants are entitled to

waiting time penalties; (7) whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with California law; (8) whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to Labor Code section 226; and (9) whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code sections 17200 *et seq.* by violating state and federal law as set forth herein.

(iv) Adequacy:     Plaintiffs' attorneys are well-qualified and very experienced in representing Plaintiffs in wage and hour collective/class actions.  Plaintiffs understand their duties as class representatives and are willing and able to perform them.

(v) Predominance and Superiority:     The issues of fact and law identified above predominate over any individual issues in this lawsuit.  Further, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate Defendants.  Moreover, judicial resources would be wasted if multiple courts were required to hear the same evidence regarding Defendants' business and compensation policies and practices.  A single class action efficiently resolves these claims in one court.

Plaintiffs propose filing their motion for class certification by September 2, 2008.

## 2.     Other Class Action Issues.

Defendant denies that the action is maintainable as a class action or a collective action. Defendants intend to file for decertification of the FLSA collective class.  Defendants will also oppose any Rule 23 motions.  Finally, Defendants intend to file for disqualification of named Plaintiffs.

## J.     Related Cases.

Presently, the parties are unaware of any related cases or proceedings.

## K.     Relief

At present, Defendants have not filed any counterclaims and, thus, are not currently seeking any relief from the Court in this matter. If liability is established in this matter, Defendants contend that any damage calculations must be performed on an individualized basis, as each named Plaintiff and putative class member will have worked different lengths of time, different amounts of time, and individualized facts will affect any damages suffered by them.

### L.    Settlement and ADR

The parties participated in an Early Neutral Evaluation ("ENE") on April 22, 2008, which was not successful in moving the parties toward settlement at this time. At the ENE, both parties expressed a willingness to explore potential settlement discussions in the future.

### M.    Consent to Magistrate Judge For All Purposes

The matter has been assigned to the Honorable U.S. District Court Judge Maxine M. Chesney, as Defendants did not consent to assignment to a Magistrate Judge for all purposes.

### N.    Other References

The parties do not agreed to binding arbitration, nor do they believe this matter is suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

### O.    Other References

It is still too early to determine whether issues can be narrowed for trial to expedite the presentation of evidence. However, the parties continue to work in good faith to determine if any issues may be narrowed, as the case progresses. Should the matter proceed to trial, Defendants may request that any damages phase be bifurcated from the liability phase.

### P.    Expedited Schedule

Though Plaintiffs hope to see this matter processed expeditiously toward a jury trial, the parties agree that this matter cannot be resolved on a "rocket docket," expedited schedule.

### Q.    Trial Schedule

#### 1.    Deadlines

Plaintiffs propose the following deadlines:

- Dispositive Motion Deadline – Served, Filed and Heard by November 30, 2008.
- Final Pretrial Conference Deadline – December 31, 2008.
- Proposed Trial Date – March 2, 2009, or sixty (60) days from the Court's ruling on

1    any dispositive motions.

2      Defendants believe that the following deadlines should be set:

3     &bull; Dispositive Motion Deadline – one hundred twenty (120) days before trial.
 &bull; Final Pretrial Conference Deadline – thirty (30) days prior to trial.

4     &bull; Proposed Trial Date – set after the Court rules on collective and class motions.

5      Defendants do not anticipate the parties being ready for a trial prior to the end of 2008 if

6    the Court should grant any part of Plaintiffs' anticipated class certification motion(s).

7      **2.  Length of Trial**

8      Plaintiffs expect trial to last approximately fourteen to twenty-one (14-21) days.

9    Defendants believe the trial's length will depend on the number of claims that remain in the case

10   if trial should occur. If one or more classes are certified, Defendants believe that a trial would

11   last approximately thirty (30) to forty (40) days given the individual issues pertaining to each

12   putative class member that would need to be addressed. If no classes are certified, Defendants

13   believe that a trial run approximately five (5) to seven (7) days.

14     **3.  Jury or Bench Trial**

15     Plaintiffs have demanded a jury trial.

16     **R.  <u>Disclosure of Non-Party Interested Entities or Persons</u>**

17     The parties have not yet filed this Certification.

18     **S.  <u>No Proposed Case Management Conference Order</u>**

19     Given the parties' differences regarding discovery and relevant deadlines, the parties have

20   not submitted a Proposed Order and respectfully request the opportunity to present the Court a

21   draft Order after the Court has provided an indication as to its direction in this matter.

22   Dated: April 25, 2008     NICHOLS KASTER & ANDERSON, LLP

23             By: s/Bryan Schwartz

24              BRYAN SCHWARTZ
           Attorneys for Plaintiffs and Representative

25              Plaintiffs

26   Dated: April 25, 2008     LITTLER MENDELSON

27             By: s/Michelle R. Barrett
           MICHELLE R. BARRETT

28              Attorneys for Defendants HSBC Mortgage
           Corporation (USA), and HSBC Bank USA, NA.