GEORGE J. TICHY, II, Bar No. 041146
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
JUSTIN T. CURLEY, Bar No. 233287
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone: (415) 433-1940
Facsimile: (415) 399-8490
E-mail: gtichy@littler.com, mbarrett@littler.com,
kowens@littler.com, jcurley@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DECLARATION OF MICHELLE R. BARRETT IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS**<br><br>Date: June 6, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7 (19th Floor)<br>Judge: Hon. Maxine M. Chesney |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MICHELLE R. BARRETT                    Case No. C 07 2446 MMC [ECF]

I, MICHELLE BARRETT, declare and state as follows:

1.      I am an attorney licensed to practice in the State of California and I am a shareholder in the law firm of Littler Mendelson, attorneys for Defendants in the above-captioned matter. I have personal knowledge of the matters set forth below, and if called as a witness I could testify competently to matters contained therein.

2.      On July 13, 2007, Defendant HSBC Mortgage Corporation received Plaintiffs' Requests for Production (Set One). Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Request for Production (Set One).

3.      Subsequently Plaintiffs propounded the same Requests for Production upon Defendant HSBC Bank USA, N.A ("HBUS").

4.      On April 7, 2008, in response to Plaintiffs' discovery requests, Defendants produced e-mail communications between Plaintiff Wong and his attorney, Bryan Schwartz ("Schwartz"), that were discovered on Defendants' e-mail system during its search for responsive documents.

5.      Included with Defendants' April 7, 2008 production of documents I sent a letter to Plaintiffs' counsel, Bryan Schwartz, stating Defendants' position that Plaintiff Wong waived the attorney-client privilege as to e-mail communications exchanged on the company e-mail system. Attached hereto as Exhibit B is a true and correct copy of this letter.

6.      On September 10, 2007, Defendants produced company policies applicable to Plaintiffs Wong and Chaussy.

7.      On September 11, 2007, Schwartz referred to these policies during David Gates' deposition. Attached hereto as Exhibit C is a true and correct copy of an excerpt from David Gates' deposition on September 11, 2007.

8.      On January 31, 2008, Defendant HSBC Mortgage Corporation (USA) propounded requests for production upon Plaintiffs Wong and Chaussy. A true and correct copy of the Requests propounded upon Plaintiff Wong are attached hereto as Exhibit D.

9.      Request for Production Nos. 2 and 11 in Exhibit D are the same requests propounded upon Plaintiff Chaussy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF MICHELLE R. BARRETT      1.      Case No. C 07 2446 MMC [ECF]

1    10.    On February 29, 2008 Plaintiffs' counsel, Nichols Kaster & Anderson,

2    attached a letter to Plaintiffs' Responses to Defendant HSBC Mortgage Corporation (USA)'s

3    Request for Production of Documents.  The letter included an index of documents produced with

4    Plaintiffs' responses.  Defendants did not receive a privilege log with Plaintiffs' responses.  Attached

5    hereto as Exhibit E is a true and correct copy of this letter.

6    11.    Included with Plaintiff Chaussy's responsive documents were two documents

7    which contain confidential financial information about putative class members.

8    12.    Attached hereto as Exhibit F is a true and correct copy of the e-mail and

9    attachment produced by Plaintiff Chaussy entitled "Status Report By LO" (Bates No. NKA002260-

10   002269) which contains confidential information about putative class members.  In order to protect

11   the privacy of putative class members, Defendants are filing a Motion For Administrative Relief to

12   file this document under seal.

13   13.    Attached hereto as Exhibit G is at true and correct copy of a document

14   produced by Plaintiff Chaussy and referred to in the letter attached hereto as Exhibit D as "Weekly

15   Production by Offices" (Bates No. NKA001501). In order to protect the privacy of putative class

16   members, Defendants are filing a Motion For Administrative Relief to file this document under seal.

17   14.    Attached hereto as Exhibit H is a true and correct copy of an excerpt from

18   Philip Wong's deposition on November 29, 2007.

19   I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct.  Executed this 28th day of April 2008 at San Francisco, California.

21

22                                        MICHELLE R. BARRETT

23   Firmwide:85025574.1 023404.1043

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DECLARATION OF MICHELLE R. BARRETT**       2.       Case No. C 07 2446 MMC [ECF]

# EXHIBIT A

Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Matthew C. Helland, MN State Bar No. 346214
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

**RECEIVED**

**JUL 13 2007**

LITTLER MENDELSON

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,

                    Plaintiffs,

        vs.

HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,

                    Defendants.

Case No.: 3:07-cv-2446

**PLAINTIFFS' REQUESTS FOR PRODUCTION, SET I**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby requests that within thirty (30) days after service of this request, Defendant shall produce and permit Plaintiffs to inspect and copy all of the following documents and things at the offices of Nichols Kaster & Anderson, One Embarcadero Center, Suite 720, San Francisco, CA 94111.

The Defendant shall also serve a written response within thirty (30) days after service of the request, which response shall state the manner in which Defendant will cooperate with the

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

inspection, copying and related activities as to each category of documents and things requested.

## **INSTRUCTIONS**

1.    This request seeks all specified documents in the actual or constructive possession, custody, and/or control of Defendant, the Defendant's attorneys and/or agents, or which are believed by Defendant, Defendant's attorney(s) and/or agents to exist or previously to have existed.

2.    This request is expressly made continuing, requiring additional and supplemental responses when additional documents and/or things come into the possession custody or control of Defendant, Defendant's attorney(s) and/or agents until the instant action is finally terminated. Defendant must continue to supplement its responses to these requests even after the discovery period in this case closes and even if persons continue to consent to join this action after the discovery period ends.

3.    Should Defendant deem any documents and things within the scope of this request to be privileged, Defendant is requested to list such documents or things and to identify them by designation of the type of document or thing, the date thereof, the name or names of the originator thereof, the name of the addressee, the number of pages or other units, to state the present custodian and location of the document or thing and to state the specific grounds on which the claim of privilege rests in order that Defendant may have a factual basis to determine whether, and the basis upon which, to present the asserted privilege to the Court.

4.    Should the Defendant object to any request, Defendant is requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of language of the rest to which Defendant objects, and state which part of the request, if any, Defendant is answering.

5.    Objection shall be made at trial to introduction of evidence requested by this

-2-

Demand for Production but not provided.

6.  If the document or thing requested herein has been destroyed or discarded or otherwise disposed of, Defendant shall set forth in the written response a description of each such document or thing, including its contents, author, or addressee, date of disposal, manner of disposal, reason for disposal, and person disposing of the document or thing.

7.  Defendant may attach a copy of a document of the written response, but the original, if it is in Defendant's, Defendant's attorneys and/or agent(s)' possession, custody, or control must be available for inspection.

## DEFINITIONS

1.  "Statutory period" means from May 7, 2001 to present for all Plaintiffs ever employed in New York, from May 7, 2003 to present for all Plaintiffs ever employed in California, and from May 7, 2004 to present for all Plaintiffs employed outside of New York or California.

2.  "Defendant," "You," or "Your" means HSBC Mortgage Corporation (USA), its subsidiaries, affiliates, officers, directors, managers, agents, and employees.

3.  "Document," "documents," and "things" shall mean all documents and tangible things, including, but not limited to, all written, printed, typed, recorded, graphic, or symbolic matter of every type and description, however, and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, but not limited to, all statements, writings, letters, minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work assignments, reports, memoranda, notations, notes of telephone or personal conversations or conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs, data sheets, data compilations, computer data sheets, computer data compilations from which

-3-

1   information can be obtained or can be translated through detection devices into reasonable usable

2   form, and any other document and thing.

3       4.    "Excel format" means documents in "Microsoft Excel" file types, with file

4   extension ".xls," with tab-separated columns reflecting identified and identifiable data fields.

5       5.    "Statement" shall have the same definition as set forth in the second paragraph of

6   Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written

7   

8   statement or signed or otherwise adopted or approved by the person making it, and/or a

9   stenographic, mechanical, electrical and/or other recording or transcription thereof, which is

10  substantially verbatim recital of an oral statement by the person making it.

11      6.    "Relating to" means having any connection with the topic of the request of having

12  

13  some logical or casual connection between the information and the topic of the request whether

14  the document contains a direct reference to the topic of the request or simply describes or

15  identifies the topic.

16      7.    "Plaintiffs" means all persons identified as Plaintiffs in the caption and all persons

17  who have filed consent forms in this matter, including persons who file consent forms to join this

18  matter after the discovery period in this case closes.

19      8.    "Personnel File" means all employee records maintained by Defendant's human

20  

21  resource department or other corporate office, and all documents relating the employee

22  maintained by his/her supervisor, co-employee, or other person.

23  ## REQUESTS FOR PRODUCTION

24      1.    A list, in Excel format, of all persons employed by Defendant as Senior Retail

25  Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

26  Administrators, and/or Field Administrators at any of Defendant's locations within the applicable

27  statutory period, including for each his/her name, address, telephone number, dates of

28

-4-

employment as a Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators, location of employment, employee number, and last four digits of their social security number. For this Request, the relevant statutory period begins six years prior to the date of the filing of this complaint for New York employees, four years for California employees, and three years elsewhere, and continues until the present.

2.    Plaintiffs' personnel files.

3.    A list, in Excel format, of all persons employed by Defendant at the locations in which Plaintiffs worked, including for each his/her name, address, telephone number, job title, dates of employment, location of employment, and current employment status.

4.    A list, in Excel format, of all persons employed by Defendant responsible for directly supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators during the applicable statutory period, including for each his/her name, address, telephone number, job title, dates of employment in that position, location managed, and current employment status.

5.    A list, in Excel format, of all persons employed by Defendant responsible for directly supervising, during the statutory period, those deemed responsible for supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators identified in Interrogatory No. 4 above, including for each his/her name, address, telephone number, job title, dates of employment in that position, area or region managed, and current employment status.

6.    All documents that identify or describe Defendant's hierarchical structure, during the applicable statutory period, including but not limited to its divisions or departments, the job titles within the structure, and the persons holding board, officer, and management positions

-5-

1    within the structure.

2        7.    All compensation plans and other documents relating to Defendant's policies,

3    procedures, or methods of compensating Senior Retail Mortgage Lending Consultants, Retail

4    Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators during the

5    applicable statutory period.

6        8.    All documents relating to any changes in Defendant's policies, procedures or

7    methods of paying Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

8    Consultants, Senior Field Administrators, and Field Administrators in the last six years.

9        9.    All records, in Excel format, of compensation paid to Plaintiffs during the

10   applicable statutory period, per week and per pay period.

11       10.   All documents containing, identifying or describing all communications between

12   Defendant and Plaintiffs relating to their compensation, hours of work, and overtime.

13       11.   All timesheets or other documents identifying or describing the hours worked by

14   Plaintiffs during the statutory period.

15       12.   All schedules or other documents identifying or describing the anticipated

16   schedules to be worked by Plaintiffs during the statutory period.

17       13.   All phone logs, records, bills, or other documents identifying or describing the date

18   and time of Plaintiffs' telephone activity during the statutory period.

19       14.   All computer logs, records, reports or other documents demonstrating the starting

20   and ending times of Plaintiffs' computer activity during each day of the statutory period.

21       15.   All email or other electronic messages sent to or from Plaintiffs through

22   Defendant's email or computer systems regarding or in any way relating to their hours worked,

23   overtime, and meals and rest periods during the applicable statutory period.

24       16.   All emails or other electronic messages sent to or from Plaintiffs' supervisors

-6-

through Defendant's email or computer systems during the statutory period regarding or in any way relating to Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators' hours worked, overtime, and meals and rest periods during the applicable statutory period.

17.    All time-stamped documents, including closing documents, security logs, faxes, or other documents that provide an identifiable time for the beginning and ending of work-related activity by Plaintiffs that have not been identified and produced in connection with Interrogatories Nos. 12-16.

18.    All official, published job descriptions identifying or describing the job duties and responsibilities of any non-management positions (i.e., employees who, on a day-to-day basis, are not expected to spend greater than 50% of their time engaged in the management of other employees) during the applicable statutory period.

19.    All job postings, advertisements, or other vacancy listings identifying and describing the Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, Senior Field Administrator, and/or Field Administrator positions during the applicable statutory period.

20.    All orientation materials provided to Plaintiffs upon their hire.

21.    All training materials provided to Plaintiffs during their employment.

22.    All policy, procedure or employee rules, handbooks, or manuals in effect and applicable to Plaintiffs during the statutory period.

23.    All documents used generally by Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators in the performance of their jobs, including any standard manuals, charts, graphs, matrixes, instructions, directions, rules, policies, or procedures.

-7-

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

1      24.    All documents that rank or otherwise compare or contrast Senior Retail Mortgage

2 Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators',

3 and/or Field Administrators' performance within each location, area, region or nationally.

4

5      25.    All documents relating to Defendant's decision not to pay Senior Retail Mortgage

6 Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or

7 Field Administrators overtime compensation.

8      26.    All documents that identify or describe all efforts taken by Defendant to comply

9 with the Fair Labor Standards Act and other state wage and hour laws relating to overtime

10 compensation.

11      27.    All documents that identify, describe, or relate to any claim that Defendant's

12 method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending

13 Consultants, Senior Field Administrators, and Field Administrators was performed with a good

14 faith reasonable belief that it was complying with the Fair Labor Standards Act and other state

15

16 wage and hour laws relating to overtime compensation.

17      28.    All documents that identify, describe or relate to any claim made by Defendant

18 that it relied on attorney advice for any claim that their method of compensating Senior Retail

19 Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

20 Administrators, and Field Administrators was performed with a good faith reasonable belief that

21 it was complying with the Fair Labor Standards Act and other state wage and hour laws relating

22 to overtime compensation.

23

24      29.    All documents relating to oral or written complaints or inquiries by any Senior

25 Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

26 Administrators, and Field Administrators regarding Defendant's methods of compensation during

27 the last ten years.

28

-8-

30.     All documents relating to oral or written complaints or inquiries, lawsuits or administrative filings made by any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's methods of compensation during the last ten years.

31.     All documents relating to any contact between Defendant and the Department of Labor or any other federal or state government agency regarding Defendant's compensation practices during the last ten years.

32.     All documents containing, identifying or describing all communications between Defendant and any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators relating to this lawsuit.

33.     All documents that may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

34.     All statements of witnesses or potential witnesses or persons interviewed in connection with this case.

35.     All documents relied upon or reviewed by Defendant's expert witnesses in forming his/her opinions in this matter.

36.     All documents obtained as a result of releases and/or subpoenas relating to this case.

37.     All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of meal breaks.

38.     All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

-9-

Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

39.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed or interrupted rest periods.

40.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

41.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed rest periods.

42.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for overtime.

July 11, 2007                          **NICHOLS KASTER & ANDERSON, LLP**

                                        /s/

                                        Bryan J. Schwartz, CA State Bar No. 209903
                                        NICHOLS KASTER & ANDERSON, LLP
                                        One Embarcadero Center
                                        Ste. 720
                                        San Francisco, CA 94111

                                        Attorneys    for    Individual    and    Representative
                                        Plaintiffs

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

# EXHIBIT B

## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

April 7, 2008

Michelle R. Barrett
Direct: 415.677.4089
Direct Fax: 415.743.6618
mbarrett@littler.com

**VIA HAND DELIVERY AND PDF**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111

Re: **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
**USDC Action No. C 07-2446 MMC**
*Defendant HSBC Mortgage Corporation (USA)'s Production of Document MORT003265-4140*

*Defendant HSBC Mortgage Corporation (USA)'s Request for Production of Documents to Plaintiff Wong, Set 2*

Dear Bryan:

Enclosed please find additional documents (MORT003265-4140) being produced by Defendant HSBC Mortgage Corporation (USA)'s (hereinafter "HMCU") in this matter.

Please note that included as part of HMCU's document production are e-mails marked MORT003658-3660, 3710-3713, and 3736-3737. In addition, an Email Policy (MORT001587-1598) was included with the previous set of documents produced to Plaintiffs on April 1. Under the terms of the Email Policy, which applied to the individuals who were employed by HMCU and used HMCU's email systems as of February 16, 2007, company email may be monitored and any personal use of company e-mail will not be considered private. Further, please also note that per the terms of the "Electronic Monitoring Policy", which has been produced previously in this action and of which Plaintiff Wong has acknowledged receipt, reading, and understanding (*see* MORT000117 and 120), employees have no expectation of a right of privacy when using company e-mail.

Given Plaintiff's Wong's knowledge of the policy and acknowledgment of his understanding and agreement to abide by this policy, it is clear that Plaintiff Wong has waived the attorney-client privilege with regard to communications with you via his employer's e-mail system. Further, in reviewing Plaintiff Wong's e-mail messages, it is also clear that Plaintiff Wong has also waived the attorney-client privilege by forwarding a chain of messages between himself and you to other

Bryan J. Schwartz, Esq.
April 7, 2008
Page 2


individuals who were not represented by your firm at the time the chain of messages was sent.  *See* MORT003658-3660, 3710-3713, and 3736-3737.

Please be advised that due to your client's waiver of the privilege, HMCU is seeking all written communications between Plaintiff Wong and your firm through the enclosed Request for Production of Documents.  Further, HMCU will conduct a further search of its e-mail system to determine what other e-mail messages may have been sent by your firm to any other HMCU employees.

Very truly yours,

Michelle R. Barrett


MRB
Enclosures

Firmwide:84784878.1 023404.1043

# EXHIBIT C

1

RECEIVED

OCT 0 1 20??

LITTLER MENDELSON

COPY

1    IN THE UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3  PHILIP WONG, FREDERICK CHAUSSY,    )

4  and LESLIE MARIE SHEARN,    )

5  individually, on behalf of all    ) Case No. 07-2446

6  others similarly situated, and    )

7  on behalf of the general public    )

8          Plaintiffs,    )

9      vs.    )

10  HSBC MORTGAGE CORPORATION    )

11  (USA),    )

12          Defendants.    )

13          The videographic deposition of DAVID

14  GATES, called for examination pursuant to the Rules

15  of Civil Procedure for the United States District

16  Courts pertaining to the taking of depositions,

17  taken before GINA M. LUORDO, a notary public within

18  and for the County of Cook and State of Illinois,

19  at 200 North LaSalle Street, Illinois, on the 11th

20  day of September, 2007, at the hour of 9:02 a.m.

21

22

23

24  Reported by:  Gina M. Luordo, CSR, RPR, CRR

25  License No.:  084-004143

David Gates 30(b)(6)  9/11/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

136

1    A.    Not that I'm aware of.

2    Q.    You've got to let me finish.

3    A.    I'm sorry.

4    Q.    Are there any -- apart from automating the

5    time cards, have there been any changes that have

6    occurred in the time-keeping system that's applied

7    to sales assistants since you've been at HSBC

8    Mortgage Corp.?

9    A.    Not that I'm aware of.

10   Q.    I'm going to show you a document.  I don't

11   have copies of this document because it's a big

12   book, but I'm happy to show it to counsel, which is

13   a binder that says HSBC North America employee

14   handbook.  And my question to you is just going to

15   be is this -- when you referenced the employee

16   handbook, is this essentially what you were

17   referring to, and are you aware of any major

18   changes in this document that occurred?  I'll show

19   it to counsel first.

20       MS. BARRETT:  Is there a date somewhere on

21   here?

22       MR. SCHWARTZ:  There may be, presumably,

23   somewhere.

24       THE WITNESS:  Who's the picture of?  It will

25   tell you how old it is.  Who's the picture?

Paradigm Reporting & Captioning, Inc.
612-339-0545

David Gates 30(b)(6)  9/11/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

137

1    MS. BARRETT:  Bobby Mehta.

2    THE WITNESS:  That might be a finance company

3  document, or it might be -- no, it's North America,

4  so no.  Most of this is online now.  This is --

5  most of this is online, the most current version.

6  It's within our connect EHR process, so yes.  I

7  don't know the date, so -- but a lot of this data,

8  because it talks about connect in here, benefits

9  career opportunities, your business unit, this is

10  all pretty standard.

11  BY MR. SCHWARTZ:

12    Q.  So that document is similar to what the --

13  employee handbook that people receive now except

14  that now a lot of that information is available

15  online?

16    A.  Correct.

17    Q.  And it's still -- the employee handbook is

18  still a document that's generated for all HSBC

19  North America?

20    A.  Yes.  It's online, though, but yes.

21  There's more detail than this because the benefits

22  and stuff like that have all been updated because

23  we change insurers all the time, and policies do

24  change, you know, just days off and stuff like

25  that.

STATE OF ILLINOIS )

                  )   SS:

COUNTY OF C O O K )

        I, GINA M. LUORDO, a notary public within

and for the County of Cook County and State of

Illinois, do hereby certify that heretofore,

to-wit, on September 11, 2007, personally appeared

before me, at 200 North LaSalle Street, Chicago,

Illinois, DAVID GATES, in a cause now pending and

undetermined in the United States District Court of

the Northern District of California, wherein PHILIP

WONG, et al. are the Plaintiffs, and HSBC MORTGAGE

CORPORATION (USA), et al. are the Defendants.

        I further certify that the said DAVID

GATES was first duly sworn to testify the truth,

the whole truth and nothing but the truth in the

cause aforesaid; that the testimony then given by

said witness was reported stenographically by me in

the presence of the said witness, and afterwards

reduced to typewriting by Computer-Aided

Transcription, and the foregoing is a true and

correct transcript of the testimony so given by

said witness as aforesaid.

        I further certify that the signature to

the foregoing deposition was not waived by counsel

1   for the respective parties.

2           I further certify that the taking of this

3   deposition was pursuant to notice and that there

4   were present at the deposition the attorneys

5   hereinbefore mentioned.

6           I further certify that I am not counsel

7   for nor in any way related to the parties to this

8   suit, nor am I in any way interested in the outcome

9   thereof.

10          IN TESTIMONY WHEREOF:   I have hereunto set

11  my hand and affixed my notarial seal this 26th day

12  of September, 2007.

GINA M. LUORDO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 05, 2010

13

14

15

16

17  _____

18  NOTARY PUBLIC, COOK COUNTY, ILLINOIS

19  LIC. NO. 084-004143

20

21

22

23

24

25

149

# EXHIBIT D

1  GEORGE J. TICHY, II, Bar No. 041146
   MICHELLE R. BARRETT, Bar No. 197280
2  KIMBERLY L. OWENS, Bar No. 233185
   JUSTIN T. CURLEY, Bar No. 233287
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-mail: gtichy@littler.com, mbarrett@littler.com,
   kowens@littler.com, jcurley@littler.com
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) AND
   HSBC BANK USA, N.A.
9

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  Philip Wong, Frederic Chaussy, and Leslie        Case No.  C 07 2446 MMC [ECF]
    Marie Shearn, individually, on behalf of all
14  others similarly situated, and on behalf of      **DEFENDANT HSBC MORTGAGE**
    the general public,                              **CORPORATION (USA)'S REQUEST FOR**
15                                                   **PRODUCTION OF DOCUMENTS TO**
                   Plaintiffs,                       **PLAINTIFF PHILIP WONG**
16
17              v.

18  HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.;  and DOES 1
19  through 50, inclusive,

20                 Defendants.

21
22
23
24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION          Case No. C 07 2446 MMC [ECF]
OF DOCUMENTS/WONG

1 | PROPOUNDING PARTY:   Defendant HSBC MORTGAGE CORPORATION (USA)

2 | RESPONDING PARTY:   Plaintiff PHILIP WONG

3 | SET NUMBER:   One (1)

4 | TO:   PLAINTIFF AND HIS ATTORNEYS OF RECORD

5     Defendant HSBC MORTGAGE CORPORATION (USA) ("HMCU") hereby requests,

6 pursuant to Federal Rule of Civil Procedure 34, that you produce and permit inspection and copying

7 of the documents described below.  The inspection shall be at the offices of Littler Mendelson, A

8 Professional Corporation, 650 California St., 20th Floor, San Francisco, California, 94108, within 30

9 days of service of this request and continuing as long as reasonably required.

10 **DEFINITIONS**

11     A.    "HMCU" shall refer to Defendant HSBC Mortgage Corporation (USA).

12     B.    "HBUS" shall refer to Defendant HSBC Bank USA, N.A.

13     C.    "Plaintiff," You" or "Your" refers to Plaintiff Philip Wong and/or his attorneys,

14 agents, and all persons acting under his direction or control or on his behalf.

15     D.    "First Amended Complaint" shall refer to the First Amended Complaint filed in the

16 case, Philip Wong, Frederic Chaussy, and Leslie Marie Shearn v. HSBC Mortgage Corporation

17 (USA) and HSBC Bank USA, N.A., United States District Court for the Northern District of

18 California Case No. C 07 2446 MMC [ECF].

19     E.    "Class Members" shall refer to the class(es) of employees defined by Plaintiff in the

20 First Amended Complaint.

21     F.    "Collective Class" shall refer to the class(es) of employees defined by Plaintiff in the

22 First Amended Complaint.

23     G.    Whenever it is necessary to bring within the scope of this document request

24 (hereinafter the "Request") documents that might otherwise be construed to be outside its scope:

25         1.    The words "and" and "or" shall be construed both disjunctively and

26 conjunctively;

27         2.    The words "any" and "all" shall be construed to mean "any and all";

28         3.    The singular shall include the plural, and vice versa;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG      1.      Case No. C 07 2446 MMC [ECF]

1    4.    The words "include(s)" and "including" shall be construed to mean without

2    limitation"; and

3    5.    Any feminine pronoun shall be deemed to include the masculine or the neuter,

4    and vice versa, as may be appropriate.

5    H.    The terms "documents" and "writings" are synonymous and are defined as follows:

6    1.    Each includes "writings" as defined in Federal Rules of Evidence 1001;

7    2.    Each includes all written or graphic matter, however produced or reproduced,

8    of any nature whatsoever within the possession, custody or control of Plaintiff, including, but not

9    limited to, all written, typed, printed, microfilmed, and photostatic matter, copies of all kinds,

10    regardless of origin, including all correspondence, contracts, agreements, memoranda, reports,

11    financial reports and statements, checks, notes, letters, trade letters, marginal notations, telegrams,

12    messages (including tape recordings, reports from telephone conversations and conferences),

13    calendars, electronic mail, analyses, comparisons, demands, data, schedules, recordings, papers, data

14    sheets, publications, books, magazines, newspapers, booklets, circulars, brochures, bulletins, notices,

15    instructions, drafts, notebooks, diaries, sketches, diagrams, forms, manuals, lists, minutes, and other

16    communications including inter-office and intra-office communications, surveys, photographs,

17    drawings, charts, notes of meetings, conversations, records of conversations, records, work papers,

18    balance sheets, profit and loss statements, statements of earnings, checks, statements of net worth,

19    statements of operation, auditor reports, financial reports and summaries, statements of lists of

20    assets, agreements, contracts, expense records, opinions, legal opinions, expert opinions, accounts

21    payable ledgers, accounts receivable ledgers, appraisals, audit work papers, minutes of meetings,

22    consultations, performance evaluations, warnings, disciplinary actions, recorded or photographic

23    matter or sound reproductions, including video and audio tapes, however produced or reproduced,

24    and any other such materials, whether executed or unexecuted, and any municipal, county, state,

25    federal or other governmental ordinances, laws, or statutes.

26    I.    The term "possession, custody or control" is defined as follows:   A document is

27    deemed to be in Plaintiff's possession, custody or control if it is in his physical custody, or if it is in

28    the physical custody of any other person and he:  (a) owns such document in whole or in part; (b) has

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG                    2.                    Case No. C 07 2446 MMC [ECF]

1  a right by contract, statute or otherwise to use, inspect, examine or copy such document on any

2  terms; (c) has an understanding, express or implied, that he may use, inspect, examine or copy such

3  document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy

4  such document when he has sought to do so.  Such documents shall include without limitation

5  documents that are in the custody of Plaintiff's attorney(s) or other agents.

6  **INSTRUCTIONS**

7      A.    This demand requires that you identify and produce all writings responsive to any of

8  the following numbered requests which are in your possession, custody or control or subject to your

9  control, wherever they may be located.  The writings which you must identify and produce include

10  not only writings which you presently possess, but also writings which are in the possession or

11  control of your attorneys, accountants, bookkeepers, employees, representatives, or anyone else

12  acting on your behalf.

13      B.    You are requested to produce all writings which are responsive to any of the

14  following numbered demands for inspection and photocopying at the law offices of Littler

15  Mendelson, 650 California Street, 20th Floor, San Francisco, California 94108 at 10:00 a.m. on or

16  before the thirtieth day following the date of service of this demand (or the next business day if that

17  day falls on a Saturday, Sunday or court holiday), unless true, legible copies of said documents are

18  mailed for receipt at that law office by the time stated, together with a signed statement indicating

19  that the original of the documents may be inspected by counsel for HMCU upon reasonable request.

20      C.    In addition to producing all writings which are responsive to any of the following

21  numbered demands, you are also requested to identify with specificity each writing which is

22  responsive to any of the following numbered demands and indicate which writings are responsive to

23  each numbered demand.

24      D.    All documents which are responsive in whole or in part to any of the following

25  numbered demands shall be produced in full, without abridgment, abbreviation or expurgation of

26  any sort.  If any such writings cannot be produced in full, produce the writing to the greatest extent

27  possible and indicate in your written response what portion of the document is not produced and why

28  it could not be produced.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

3.

Case No. C 07 2446 MMC [ECF]

E.     You are required to produce not only the original or an exact copy of the original of all writings responsive to any of the following numbered demands, but also all copies of such writings which bear any notes or markings not found on the originals and all preliminary, intermediate, final and revised drafts of said writings.

F.     It is not intended that this demand require production of any writings which are privileged. If you are not producing any writing responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

1.     the type of document;

2.     its date;

3.     the name, business address and present position of its originator(s) or author(s);

4.     the position to its originator(s) or author(s) at the time the document was prepared;

5.     the names, business addresses and present position of each recipient of the document;

6.     the position of each recipient at the time the document was prepared, and the time it was received;

7.     a general description of the subject matter of the document;

8.     the basis of any claim of privilege; and

9.     if work-product immunity is asserted, the proceeding for which the document was prepared.

G.     Unless otherwise specified, these Requests for Production of Documents require you to provide a response and produce documents covering the entire period of your employment by HMCU, including from the date of your hire through the date that you are required to provide responses to these Requests for Production of Documents and continuing so as to require further and supplemental production by Plaintiff.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

| HMCU'S REQUEST FOR PRODUCTION OF DOCUMENTS/WONG | 4. | Case No: C 07 2446 MMC [ECF] |

1                          **REQUESTS FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 1:**

3           All documents which relate to, refer to, show, or reflect communications, oral or written,

4    including, without limitation, policies, procedures, handbooks, memoranda, grievances, applications,

5    postings, complaints, wage information, benefits information and work schedules, between Plaintiff

6    and HMCU, regarding the subject matter of the First Amended Complaint.

7    **REQUEST FOR PRODUCTION NO. 2:**

8           All documents and things acquired or received by Plaintiff by virtue of Plaintiff's

9    employment with HMCU including, without limitation, all books, records, files, or data downloaded

10   by Plaintiff from any desktop, personal, portable, or mainframe computer and any abstracts, copies,

11   or summaries thereof.

12   **REQUEST FOR PRODUCTION NO. 3:**

13          All documents and things created by Plaintiff in connection with Plaintiff's employment with

14   HMCU, including but without limitation any memoranda, charts, reports, summaries, spreadsheets,

15   electronic mail messages, or other documents created by Plaintiff to be used to present information

16   to prospective clients or customers or existing clients or customers.

17   **REQUEST FOR PRODUCTION NO. 4:**

18          All documents and things Plaintiff has removed from HMCU's premises.

19   **REQUEST FOR PRODUCTION NO. 5:**

20          Any and all documents that relate to, refer to, show, or reflect the hours Plaintiff has worked

21   each and every day during his employment with HMCU.

22   **REQUEST FOR PRODUCTION NO. 6:**

23          All documents that relate to, refer to, show, or reflect the days Plaintiff has worked during his

24   employment with HMCU, including, but without limitation, any and all documents that describe the

25   exact hours of work for each such day, any time taken for breakfasts, lunches, dinners, smoking,

26   attending to personal issues or tasks that are not or were not work related, meal periods, break

27   periods or rest periods.

28   //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION          5.          Case No. C 07 2446 MMC [ECF]
OF DOCUMENTS/WONG

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to, refer to, show, or reflect the weeks of the year(s) Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such week, any time taken for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate to, refer to, show, or reflect the months of the year(s) Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such month, any time taken for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents reflecting Plaintiff's work assignments and/or assigned duties during his employment with HMCU.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to, refer to, show, or reflect job duties actually performed by Plaintiff while employed by HMCU.

**REQUEST FOR PRODUCTION NO. 11:**

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 6:00 a.m. to 8:00 p.m., Monday through Friday, at any time during Plaintiff's employment with HMCU.

**REQUEST FOR PRODUCTION NO. 12:**

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 9:00 a.m. to 4:00 p.m. on Saturdays at any time during Plaintiff's employment with HMCU.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that relate to, refer to, show, or reflect Plaintiff's communications with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 .2693
415 433 1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

6.

Case No. C 07 2446 MMC [ECF]

1    international based clients at any time during Plaintiff's employment with HMCU.

2    **REQUEST FOR PRODUCTION NO. 14:**

3    All documents that relate to, refer to, show, or reflect an evaluation of Plaintiff's job

4    performance while employed by HMCU.

5    **REQUEST FOR PRODUCTION NO. 15:**

6    All documents that relate to, refer to, show, or reflect policies and/or procedures related the

7    position(s) Plaintiff holds or held while employed by HMCU.

8    **REQUEST FOR PRODUCTION NO. 16:**

9    All documents that relate to, refer to, show or reflect training for the position(s) Plaintiff

10    holds or held while employed by HMCU.

11    **REQUEST FOR PRODUCTION NO. 17:**

12    All documents, including but not limited to pay records, pay checks, pay stubs, IRS W-2

13    forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the wages, including

14    commissions, promised, earned or paid to Plaintiff while employed by HMCU.

15    **REQUEST FOR PRODUCTION NO. 18:**

16    All documents, including but not limited to pay records, pay checks, pay stubs, IRS W-2

17    forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the benefits

18    promised, earned or paid to Plaintiff while employed by HMCU.

19    **REQUEST FOR PRODUCTION NO. 19:**

20    All documents that relate to, refer to, show, or reflect any bonus programs or other incentive

21    compensation for which Plaintiff is or was eligible while employed by HMCU.

22    **REQUEST FOR PRODUCTION NO. 20:**

23    All documents that relate to, refer to, show, or reflect any absences from work due to sick

24    days, personal days, doctor's appointments, leaves of absence, or for any other reason requested

25    and/or taken by Plaintiff while employed by the HMCU.

26    **REQUEST FOR PRODUCTION NO. 21:**

27    All documents that relate to, refer to, show, or reflect any vacations requested and/or taken

28    by Plaintiff while employed by HMCU- including, without limitation, calendar entries, receipts,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA. 94108-2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION    7.    Case No. C 07 2446 MMC [ECF]
OF DOCUMENTS/WONG

1    credit card bills, airline ticket stubs, itineraries, etc.

2    **REQUEST FOR PRODUCTION NO. 22:**

3    All documents that relate to, refer to, show or reflect any earned income by Plaintiff from

4    HMCU, including, but without limitation, pay records, pay checks, pay stubs, IRS W-2 forms,

5    memos, and letters received at any time during Plaintiff's employment with HMCU.

6    **REQUEST FOR PRODUCTION NO. 23:**

7    All documents that relate to, refer to, show, or reflect all alleged deductions made by HMCU

8    from Plaintiff's wages, commissions or incentives.

9    **REQUEST FOR PRODUCTION NO. 24:**

10    All documents, including, and without limitation, credit card receipts, cash receipts, credit

11    card bills, and cellular telephone bills, that relate to, refer to, show, or reflect all expenses Plaintiff

12    claims to have incurred in performing his duties while employed by HMCU.

13    **REQUEST FOR PRODUCTION NO. 25:**

14    All documents, including, and without limitation, cellular telephone bills, cellular telephone

15    records, personal digital assistant bills, and personal digital assistant records, that relate to, refer to,

16    show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or

17    received, all pages sent or received, and any and all other communications sent or received from or

18    by the cellular telephone number(s) Plaintiff uses or has used to perform work for HMCU.

19    **REQUEST FOR PRODUCTION NO. 26:**

20    All documents, including, and without limitation, telephone bills and telephone records, that

21    relate to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN

22    messages sent or received, all pages sent or received, and any and all other communications sent or

23    received from or by any personal or home telephone number(s) Plaintiff uses or has used to perform

24    work for HMCU.

25    **REQUEST FOR PRODUCTION NO. 27:**

26    All documents, including, and without limitation, cellular telephone bills, cellular telephone

27    records, personal digital assistant bills, and personal digital assistant records, that relate to, refer to,

28    show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

HMCU'S REQUEST FOR PRODUCTION    8.    Case No. C 07 2446 MMC [ECF]
OF DOCUMENTS/WONG

1  received, all pages sent or received, and any and all other communications sent or received from or

2  by any personal digital assistant device Plaintiff uses or has used to perform work for HMCU.

3  **REQUEST FOR PRODUCTION NO. 28:**

4      All documents, including, and without limitation, pager bills and pager records, that relate to,

5  refer to, show, or reflect all pages sent and received and any and all other communications sent or

6  received from or by any pager Plaintiff uses or has used to perform work for HMCU.

7  **REQUEST FOR PRODUCTION NO. 29:**

8      All calendars, calendar entries, diaries, day-timers, day planners, time records, notes,

9  memoranda, training schedules, work schedules or similar documents covering the period of

10  Plaintiff's employment with HMCU to present, which in any manner relate to Plaintiff's hours of

11  work, working assignments, rate of pay, wages, compensation, commissions and/or other working

12  conditions while employed by HMCU.

13  **REQUEST FOR PRODUCTION NO. 30:**

14      All documents reflecting communications or correspondence that Plaintiff and/or his counsel

15  has had with former and/or current employees of HMCU that relate or refer to the claims alleged in

16  the First Amended Complaint.

17  **REQUEST FOR PRODUCTION NO. 31:**

18      All documents reflecting communications or correspondence that Plaintiff and/or his counsel

19  has had with any individual that relate or refer to the claims alleged in the First Amended Complaint.

20  **REQUEST FOR PRODUCTION NO. 32:**

21      All documents that relate to, refer to or show any written or recorded statements obtained or

22  received by Plaintiff and/or his counsel from any of HMCU's former and/or current employees

23  concerning the subject matter of this lawsuit.

24  **REQUEST FOR PRODUCTION NO. 33:**

25      All documents that relate to, refer to or show any written or recorded statements obtained or

26  received by Plaintiff and/or his counsel from any individual concerning the subject matter of this

27  lawsuit.

28

1 **REQUEST FOR PRODUCTION NO. 34:**

2      All documents that refer to, support, or reflect your typical daily tasks for each position you

3 hold or held while employed with HMCU.

4 **REQUEST FOR PRODUCTION NO. 35:**

5      All documents that refer to, support, or reflect your typical weekly tasks for each position

6 you hold or held while employed with HMCU.

7 **REQUEST FOR PRODUCTION NO. 36:**

8      All documents which in any manner relate or refer to each and every instance for which you

9 claim that you did not receive appropriate compensation, including but not limited to overtime,

10 penalties, fines, and premium pay, from HMCU in violation of any state or federal law, including but

11 not limited to the Fair Labor Standards Act.

12 **REQUEST FOR PRODUCTION NO. 37:**

13      All documents which in any manner relate to or refer to itemized wage statements provided

14 to you by HMCU, including but not limited to pay records, pay checks, and pay stubs.

15 **REQUEST FOR PRODUCTION NO. 38:**

16      All documents that in any manner refer to, relate to, tend to prove or disprove your

17 contention that the "loan officers" described in the First Amended Complaint were misclassified as

18 exempt.

19 **REQUEST FOR PRODUCTION NO. 39:**

20      All documents that in any manner refer to, relate to, tend to prove or disprove your

21 contention that the "loan officers" described in the First Amended Complaint were denied or not

22 fully paid overtime compensation.

23 **REQUEST FOR PRODUCTION NO. 40:**

24      All documents that in any manner refer to, relate to, tend to prove or disprove your

25 contention that the "loan officers" described in the First Amended Complaint were denied or

26 prevented from taking meal and rest periods.

27 **REQUEST FOR PRODUCTION NO. 41:**

28      All documents that in any manner refer to, relate to, tend to prove or disprove your

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

10.

Case No. C 07 2446 MMC [ECF]

1  contention that the "loan officers" described in the First Amended Complaint were not provided

2  appropriate waiting time penalties pursuant to the California Labor Code.

3  **REQUEST FOR PRODUCTION NO. 42:**

4  All documents that in any manner refer to, relate to, tend to prove or disprove your

5  contention that the "loan officers" described in the First Amended Complaint were not provided with

6  properly itemized wage statements pursuant to the California Labor Code.

7  **REQUEST FOR PRODUCTION NO. 43:**

8  All documents that in any manner refer to, relate to, tend to prove or disprove your

9  contention that the "sales assistants" described in the First Amended Complaint were not paid fully

10  for overtime hours worked.

11  **REQUEST FOR PRODUCTION NO. 44:**

12  All documents that in any manner refer to, relate to, tend to prove or disprove your

13  contention that the "sales assistants" described in the First Amended Complaint were denied or

14  prevented from taking meal and rest periods.

15  **REQUEST FOR PRODUCTION NO. 45:**

16  All documents that in any manner refer to, relate to, tend to prove or disprove your

17  contention that the "sales assistants" described in the First Amended Complaint were not provided

18  appropriate waiting time penalties pursuant to the California Labor Code.

19  **REQUEST FOR PRODUCTION NO. 46:**

20  All documents that in any manner refer to, relate to, tend to prove or disprove your contention that

21  the "sales assistants" described in the First Amended Complaint were not provided with properly

22  itemized wage statements pursuant to the California Labor Code.

23  **REQUEST FOR PRODUCTION NO. 47:**

24  All documents that in any manner refer to, relate to, tend to prove or disprove your

25  contention that the "other non-management sales employees" described in the First Amended

26  Complaint were misclassified as exempt.

27  **REQUEST FOR PRODUCTION NO. 48:**

28  All documents that in any manner refer to, relate to, tend to prove or disprove your

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

11.

Case No. C 07 2446 MMC [ECF]

1    contention that the "other non-management sales employees" described in the First Amended

2    Complaint were denied or not fully paid overtime compensation.

3    **REQUEST FOR PRODUCTION NO. 49:**

4        All documents that in any manner refer to, relate to, tend to prove or disprove your

5    contention that the "other non-management sales employees" described in the First Amended

6    Complaint were denied or prevented from taking meal and rest periods.

7    **REQUEST FOR PRODUCTION NO. 50:**

8        All documents that in any manner refer to, relate to, tend to prove or disprove your

9    contention that the "other non-management sales employees" described in the First Amended

10   Complaint were not provided appropriate waiting time penalties pursuant to the California Labor

11   Code.

12   **REQUEST FOR PRODUCTION NO. 51:**

13       All documents that in any manner refer to, relate to, tend to prove or disprove your

14   contention that the "other non-management sales employees" described in the First Amended

15   Complaint were not provided with properly itemized wage statements pursuant to the California

16   Labor Code.

17   **REQUEST FOR PRODUCTION NO. 52:**

18       All documents that in any manner refer to, relate to, tend to prove or disprove your

19   contention that HMCU suffered and permitted Plaintiffs, Class Members and/or the Collective Class

20   to work more than forty hours per week without overtime compensation.

21   **REQUEST FOR PRODUCTION NO. 53:**

22       All documents that in any manner refer to, relate to, tend to prove or disprove your

23   contention that HMCU has engaged in conduct that is or was willful and in bad faith, causing

24   significant damages to Plaintiff, Class Members and/or the Collective Class.

25   **REQUEST FOR PRODUCTION NO. 54:**

26       All documents that in any manner refer to, relate to, tend to prove or disprove your

27   contention that HMCU has failed to provide Plaintiff and/or Class Members with meal periods as

28   required by law.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433 1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

12.

Case No. C 07 2446 MMC [ECF]

**REQUEST FOR PRODUCTION NO. 55:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU failed to authorize and permit Plaintiff and/or Class Members to take rest periods as required by law.

Dated: January 31, 2008

Respectfully submitted,

MICHELLE R. BARRETT
GEORGE J. TICHY II
KIMBERLY L. OWENS
JUSTIN T. CURLEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

Firmwide:84197345.1 023404.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

13.

Case No. C 07 2446 MMC [ECF]

# EXHIBIT E

the **Voice** for employees

**Nichols Kaster & Anderson**, LLP.



COPY
LITTLER MENDELSON
FEB 2 9 2008
RECEIVED

February 29, 2008

**VIA HAND-DELIVERY**
George J. Tichy II
Michelle Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

> *Re:* ***Wong et al v. HSBC et al***
> ***Our File # 10609-01***
> ***Court File #07-2446***

Dear Ms. Barrett:

Enclosed herewith and served upon you please find Plaintiff Phillip Wong's and Plaintiff Frederic Chaussy's Responses to Defendant HSBC Mortgage Corporation (USA)'s Request For Production of Documents, Set I. An index of documents included in the enclosed CD are listed below:

Phillip Wong
| | |
|---|---|
| NKA1364-1410: | View Paycheck and Compensation History |
| NKA1441: | The Law of The Ladder PowerPoint (18 slides) |
| NKA1454- 1461: | Clean Desktop and Workspace Security |
| NKA1462-1474 : | 2007 Loan Officer Business Plan |
| NKA1475-1477: | Emails with Managers Amy Ku and Jeff Needham |
| NKA1478-1495: | P. Wong's Paychecks |
| NKA1497-1500: | Summer Mortgage Campaign - Quick Reference Guide |
| NKA1534: | A. Ku Email Re Attendance and Punctuality |
| NKA2105-2121: | The Law of The Encore |
| NKA2122-2131: | The High Trust Sales Academy |
| NKA2366-2373: | Mortgage Sales Contact List |
| NKA2374: | Structure of HSBC Holdings |
| NKA2383: | P. Wong's Commission Calculation |
| NKA2503-2540: | Emails with Managers Amy Ku and Jeff Needham |
| NKA2541-2585: | P. Wong's Paychecks |
| NKA2586-2628: | Wong's Expense Reports, Reimbursement Reports, Cell Phone Bills |
| NKA2629-2641: | Time Off Policy, Absent Policy |
| NKA2642-3156: | Emails with clients and co-workers regarding loans |

<u>Frederic Chaussy</u>

| | |
|---|---|
| NKA1501: | Weekly Production by Offices |
| NKA2104: | F. Chaussy's W-2 for 2006 |
| NKA2258-2259: | Interim Job Discussion |
| NKA2260-2269: | Status Report by Loan Officer |
| NKA2270- 2275: | Retaliation Complaint |
| NKA2276-2277: | Termination Letter |
| NKA2278-2279: | Key Accountabilities |
| NKA2280-2298: | Compensation History2298 |
| NKA2299-2300: | Inside HR – Overtime |
| NKA2301-2305: | Correspondence with HSBC |
| NKA2306-2307: | Employment Offer |
| NKA2308-2322: | Mortgage Sales Incentive Plans for Retail Sales |
| NKA2323-2327: | Final Written Warning-Production/Performance and Emails |
| NKA2328-2329: | Emails Concerning Compensation |
| NKA2330: | Emails with A. Ku |
| NKA2331-2334: | Emails with W. Daniel |
| NKA2334-2341: | Documents Relating to California Labor Commission Claim |
| NKA2342-2356: | Emails with A. Ku and J. Jennings |
| NKA2357-2360: | Branch Schedule Documents |
| NKA2361-2365: | Emails with A. Ku and W. Daniel |
| NKA2379-2382: | Paychecks and 2007 W-2 |
| NKA2386-2446: | F. Chaussy Paychecks |
| NKA2447-2464: | Severance Pay Plan, Emails |
| NKA2465-2502: | Emails, Branch Schedule |

Thank you for your time and attention to this matter.

Sincerely,

Melissa Honkanen
Legal Assistant

Enclosures

# EXHIBIT F

**THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN SUPPORT
OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS**

# EXHIBIT G

**THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN SUPPORT
OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS**

# EXHIBIT H

**CERTIFIED COPY**

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

PHILIP WONG, FREDERIC CHAUSSY,
And LESLIE MARIE SHEARN,
Individually, on behalf of all
Others similarly situated, and
On behalf of the general public,
        Plaintiffs,
      vs.

HSBC MORTGAGE CORPORATION (USA)
HSBC BANK, USA, N.A.; and
DOES 1 through 50, inclusive,
        Defendants.

NO. 3:07-CV-2446 MMC

DEPOSITION OF PHILIP WONG

SAN FRANCISCO, CALIFORNIA

NOVEMBER 29, 2007

Reported by Yvonne Fennelly, CSR No. 5495

Case 3:07-cv-02446-MMC    Document 129    Filed 04/29/2008    Page 46 of 50

183

1    Q.    Are you saying that the time that you are at a

2  location is reflected by when you log onto your e-mail

3  account; is that right?

4    A.    Yes.

5    Q.    Okay.

6          Do you know if any other loan officers or

7  mortgage consultants track their time?

8    A.    That I'm unaware of.

9    Q.    Do you schedule appointments in advance?

10   A.    To the branch?

11   Q.    At any location.

12   A.    I schedule appointments according to the

13 branch.

14   Q.    What do you mean by that?

15   A.    The personal banker would refer to a client,

16 speak to them about the mortgage product before setting

17 up an appointment with me.

18   Q.    So are you saying that you would or you would

19 not schedule an appointment or did the person just

20 basically walk in?

21   A.    At times the person just basically walks in.

22   Q.    Are there occasions when you actually schedule

23 appointments?

24   A.    Yes.

25   Q.    How frequently does that occur?



P A U L S O N

REPORTING & LITIGATION SERVICES
WWW.PAULSONREPORTING.COM

800 300 1214                                    415 591 3333

Philip Wong                                          November 29, 2007

184

1    A.   On a daily basis.

2    Q.   On a daily basis, okay.

3         Why don't you describe your typical workday for

4    us as it exists today.

5    A.   Well, do you want me to explain to you how I

6    start my whole day?

7    Q.   Sure.

8         I'm not interested in your personal activities

9    as they relate to what you may do personally other than

10   with regard to your job, but why don't you describe your

11   workday for us.

12   A.   I would wake up at 5:00 a.m. to talk to a

13   processor in New York, Buffalo, in reference to our loan

14   files.

15        From that point on, we would go by e-mails back

16   and forth until about 8:00 o'clock.

17        8:30 I'd walk into my banking center.

18        From 8:30 on we talk to clients as long as --

19   as well as talk to branch employees, to walk-in traffic

20   as well, alongside with anybody making a payment.

21        We would stay there until, or I would stay

22   there until all the branch employees leave, and that

23   varies from day-to-day from 5:30 on to 7:30 at times.

24        Soon after I would go home, work from my home

25   office from -- it varies from the time of 7:00 o'clock

Philip Wong                                      November 29, 2007

185

1    all the way till 1:30.

2        Q.    So are you saying that on a regular basis

3    you're getting three-and-a-half hours sleep?

4        A.    At times, yes.

5        Q.    Well, I'm asking on a regular basis.

6        A.    I would say not on a regular basis.

7        Q.    And when you were working with the processors

8    in New York, that would be during a period when you

9    actually had an application pending; is that right?

10       A.    Yes.

11       Q.    And what sort of discussions would you have

12   with the processors in New York?

13       A.    Documentation that we require from overseas.

14       Q.    Would you talk with them over the phone or

15   would this be by e-mail?

16       A.    Both.

17       Q.    And so you would discuss with the processor in

18   New York what additional documentation was necessary?

19       A.    Yes.

20       Q.    Okay.

21             Anything else that you would discuss with the

22   processor?

23       A.    Timeframe.

24       Q.    Timeframe.

25             Anything else?

222

REPORTER'S CERTIFICATION

1

2

3          You, Yvonne Fennelly, Certified Shorthand

4    Reporter, in and for the State of California, do hereby

5    certify:

6

7          That the foregoing witness was by me duly

8    sworn; that the deposition was then taken before me at

9    the time and place herein set forth; that the testimony

10    and proceedings were reported stenographically by me and

11    later transcribed into typewriting under my direction;

12    that the foregoing is a true record of the testimony and

13    proceedings taken at that time.

14

15          IN WITNESS WHEREOF, you have subscribed my name

16    this __14th__ day of _December_____, 2007.

17

18

19

20

21    /S/ Yvonne Fennelly_____

22    Yvonne Fennelly, CRP, CSR No. 5495

23

24

25

223

1                    DEPOSITION ERRATA SHEET

2  RE:          Paulson Reporting & Litigation Services

3  File No.  9738

4  Case Caption:  PHILIP WONG, et al.

5  vs.    HSBC MORTGAGE CORPORATION, et al.

6  Deponent:  PHILIP WONG

7  Deposition Date: NOVEMBER 29, 2007

8  To the Reporter:

9  I have read the entire transcript of my Deposition taken

10 in the captioned matter or the same has been read to me.

11 I request that the following changes be entered upon the

12 record for the reasons indicated.  I have signed my name to

13 the Errata Sheet and the appropriate Certificate and

14 authorize you to attach both to the original transcript.

15

16 Page No._____Line No._____Change to:_____

17 _____

18 Reason for change:_____

19 Page No._____Line No._____Change to:_____

20 _____

21 Reason for change:_____

22 Page No._____Line No._____Change to:_____

23 _____

24 Reason for change:_____

25



P A U L S O N
REPORTING & LITIGATION SERVICES
WWW.PAULSONREPORTING.COM
800 300 1214                                    415 591 3333