Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Tim C. Selander, MN Bar No. 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 3:07-cv-2446<br><br>**The Honorable Maxine M. Chesney**<br><br>**MOTION FOR LEAVE TO AMEND**<br><br>Date:         August 22, 2008<br>Time:        9:00 a.m.<br>Courtroom:  7 (19th floor)<br><br>Date originally filed:   May 7, 2007 |

On May 7, 2007, Plaintiffs filed the Complaint, and, on June 29, 2007, Plaintiffs amended the Complaint prior to Defendant's answer, pursuant to Fed.R.Civ.P. 15(a)(1). Since then, Plaintiffs have not amended the Complaint. Plaintiffs have met-and-conferred repeatedly with Defendants' counsel regarding proposed amendments, but Defendants continue to oppose the Plaintiffs' desired amendments. The Court granted until June 30, 2008 to amend the pleadings (Dkt. #134), and this timely Motion follows.

## BACKGROUND

The only substantive changes[1] sought in the Second Amended Complaint concern: 1) the addition of several named plaintiffs;[2] 2) the addition of unlawful deduction claims under New York, New Jersey, and California law; and 3) the elimination of the individual retaliation claims of Frederic Chaussy.

All of those added as new named Plaintiffs are and have been existing opt-in Plaintiffs, so Defendants have long been aware of their participation in the suit and able to conduct discovery regarding these individuals. Indeed, Plaintiffs have not opposed and Defendants have conducted depositions and document discovery with opt-ins (like the proposed new named plaintiffs) already, including, **e.g.,** Ryan Kanazawa, Christine Lim, and Stephany Hor, and Defendants have already indicated that they intend to depose Plaintiff Flanagan.

Plaintiffs seek to add Karen Flanagan as a named plaintiff because, in addition to serving as a Senior Retail Mortgage Lending Consultant, she also served as a Premier Mortgage Sales Officer in New York. Dkt.#69-3, p. 10 of 49. Though the putative class includes and has always included Premier Mortgage Sales Officers, none of the current named Plaintiffs served specifically as Premier Mortgage Sales Officers.

Plaintiffs add Stephanie Chu because she was a sales assistant in California, and, though the putative class includes and has always included sales assistants in California, none of the other named Plaintiffs served specifically as sales assistants in California. California sales

---

[1] This Motion is submitted under oath by the undersigned, and should be considered a declaration based upon personal knowledge, and/or upon information and belief, as to facts contained herein, unless another declaration is cited.

[2] The other changes are to correct typographical errors, eliminate the mention of record-keeping violations in the New Jersey claims (per the Court's prior order on Defendant's Motion to Dismiss), and update the list of covered positions in the suit to include the various names for the positions in question which have been articulated during discovery to date. This updated list does not constitute a substantive change, since the suit already encompassed "other non-management mortgage sales employees, who were misclassified as exempt and therefore erroneously denied overtime, meal and rest period compensation as required by state and federal wage and hour laws, and/or were not paid fully for overtime hours works (required to work "off-the-clock")." The new list simply adds all the known position titles covered in the suit, for greater clarity.

-2-

MOTION FOR LEAVE TO AMEND

Case No: 07-2446

assistants have – in addition to all the issues that impact sales assistants nationwide – the unique California issues of meal/rest period premium compensation. **See Exhibit 1: Declaration of Stephanie Chu.** **See also** Dkt.#69-3, at p. 5 of 49.

Plaintiffs add Chad Barbiere because he was a loan officer in New Jersey, predominantly or exclusively worked for Defendants in the State of New Jersey, and currently resides in New Jersey.

Plaintiffs have learned that Defendants have a policy and practice of subtracting uncollected loan application fees from loan officers' wages when loans are ultimately not funded by Defendants – an unlawful attempt to shift to employees the routine costs of doing business in the mortgage lending industry. **Exhibit 2: Declarations of Cheryl Desouza, Peter Malone, and Philip Wong; Exhibit 3: Excerpts from Jeffrey Needham Deposition.** Plaintiffs from New York, New Jersey, and California testify that they neither decided on the value of the application fee, decided to assess an application fee, nor decided that the loans in question should not fund. **Exh. 2.** Clearly, the loan application fees deducted were not deducted for Plaintiffs' benefit – like health care costs or Social Security payments – but because, as one manager testified, "we've had to get reimbursed for that fee, the company has." **Exh. 3.** Yet, Plaintiffs were forced to pay the prospective clients' loan application fees. **Exh. 2; Exh. 3.**

Plaintiff Chaussy has decided not to pursue his individual retaliation claims.

## **ARGUMENT**

**I.   FED.R.CIV.P. 15 IS APPLIED WITH "EXTREME LIBERALITY," FAVORING AMENDMENT OF THIS COMPLAINT.**

As this Court noted in **Nova Measuring Instruments Ltd. v. Nanometrics Inc.**, 2007 WL 1068194, *1 (N.D.Cal. 2007) (Chesney, J), the policy toward amendment of complaints "is to be applied with extreme liberality." **Id.**, **citing Morongo Band of Mission Indians v. Rose**, 893 F.2d 1074, 1079 (9th Cir.1990). Leave to amend "shall be freely given when justice so

-3-

MOTION FOR LEAVE TO AMEND

requires." **See** Fed.R.Civ.P. 15(a). "In considering whether to allow an amendment to a pleading, a district court considers four factors: 'bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" **Nova Measuring Instruments Ltd.**, 2007 WL 1068194, at *1 (**quoting DCD Programs, Ltd. v. Leighton**, 833 F.2d 183, 186 (9th Cir.1987)).

Defendants can make no showing of bad faith in adding these Plaintiffs. On the contrary, adding named plaintiffs is warranted in an instance such as this, in which Defendants have indicated they plan to challenge the typicality of the Plaintiffs' claims and the adequacy of Plaintiffs Wong, Chaussy, and/or Shearn as representative plaintiffs. Plaintiffs do not concede in any way whatsoever that Plaintiffs Wong, Chaussy, and/or Shearn lack typicality or are inadequate representatives for the entire class – on the contrary, Plaintiffs assert that they are adequate and their claims are typical. Nonetheless, Plaintiffs see no harm in naming additional representative plaintiffs, in the event Defendants succeed in any future challenge concerning any one Plaintiff.

As to the unlawful deduction claims, discovery has corroborated that Defendants do have a policy of forcing loan officers to pay for uncollected loan application fees where loan transactions fail for any reason (**Exh. 2; Exh. 3**) – so the new claims in this regard are in good faith.

Plaintiffs have not unduly delayed in adding these Plaintiffs and the new unlawful deduction claims, and, on the contrary, this Motion to Amend is served explicitly within the timeframe set by this Court for the purpose. There have been no previous unsuccessful attempts at amendment to cure deficiencies in this matter.

The amendments are not futile, because the new representative plaintiffs that Plaintiffs seek to add are class members and current opt-ins. As to the unlawful deduction claims, these also are not futile, because Plaintiffs' claims are consistent with the statutes and regulations of

California, New York, and New Jersey, and consistent with the jurisprudence of these states. In particular, because the deductions are taken from Plaintiffs' wages – regardless of whether any commissions are paid (**Exh. 2; Exh. 3**) – and are clearly not for the employees' benefit, they are **per se** unlawful. N.J. Stat. Ann. § 34:11-4.4; N.Y. Lab. Law § 193 (1)(b);[3] Cal. Lab. Code § 221.[4]

Moreover, even if the loan application fees were, on occasions, deducted from commissions, such did not occur pursuant to a valid agreement with Plaintiffs or the putative classes. **See**, **e.g., Exh. 3** at p. 243 (acknowledging Defendants attempting to enforce commission plan prior to its publication to employees). In any event, such an agreement would be contrary to public policy, because it would shift the routine costs of doing business from the employer to the employees. **See**, **e.g., Quillian v. Lion Oil Co.**, 157 Cal. Rptr. 740 (Cal. Ct. App. 1979); **Hudgins v. Neiman Marcus Group, Inc.**, 41 Cal. Rptr.2d 46, 55 (Cal. Ct. App. 1995); **Male v. Acme Markets, Inc.**, 264 A.2d 245 (N.J. Super. Ct. App. Div. 1970); **Hudacs v. Frito-Lay, Inc.**, 90 N.Y.2d 342, 349 (N.Y. 1997).

Most importantly, Defendants can make no showing that they would suffer prejudice from

---

[3] The recent case of **Pachter v. Bernard Hodes Group., Inc.**, 2008 WL 2338595 (N.Y. Jun. 10, 2008), is distinguishable, because at Defendants, the loan application fees are deducted from base wages, regardless of whether or not commissions are paid. Though Defendants have pretended that loan officers are paid strictly on commissions after the first months of their employment, Defendants also argue that loan officers continue to receive base pay – and have uncollected loan application fees withdrawn – even after they are on a "recoverable draw" at Defendants. **Exh. 3.** That is, according to Defendants, loan officers are not required to repay the company the "recoverable draw" if they fail to make sales, and as such, the "recoverable draw" is in the nature of wages – from which the uncollected application fee may not be withdrawn. Moreover, in addition to public policy considerations, Defendants do not have a legitimate commission agreement pursuant to which they could argue that they have an agreement with their employees to make such deductions. **See**, **e.g., Exh. 3** at p. 243 (acknowledging delay in publication of commission plan, which was purportedly effective months prior to its publication).

[4] **See also**, regarding California, **Hudgins v. Neiman Marcus Group, Inc**., 41 Cal. Rptr.2d 46, 51 (Cal. Ct. App. 1995) ("[T]he Legislature has recognized the employee's dependence on wages for the necessities of life and has, consequently, disapproved of unanticipated or unpredictable deductions….[S]ection 221 has long been held to prohibit deductions from an employee's wages for cash shortages…and other business losses."); California Department of Labor Standards Enforcement (DLSE), Enforcement Policies and Interpretations Manual § 11.2 ("[Section 221] prohibits an employer from receiving from an employee any wage . . . by deduction."), § 11.3 ("[D]eductions are only permitted for items which are for the direct benefit of the employee—not deductions which in any way benefit the employer directly or indirectly."), **available at** http://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf.; Cal. Code Regs. Title 8, §11040 (8) (Industrial Welfare Commission (IWC) Order No. 4, prohibiting deductions for any cash shortage); **Kerr's Catering Service v. Dep't of Indus. Relations**, 369 P.2d 20 (Cal. 1962) (upholding IWC Order No. 4).

-5-

MOTION FOR LEAVE TO AMEND

this addition of plaintiffs or the unlawful deduction claims, since: Defendants were previously aware of the potential new named plaintiffs as opt-in plaintiffs in this suit, and of the unlawful deduction issue, which has been the subject of some discovery; the discovery period is not nearly complete, and Defendants have ample opportunity to take depositions or conduct other discovery with these Plaintiffs and on the unlawful deduction issue; Plaintiffs have not filed for class certification yet and class certification will not be heard until October 10, 2008, per the Court's scheduling order (Dkt. #134); and the trial in this matter is likely a year away. **See**, **e.g., Tusting v. Bay View Federal Sav. and Loan Ass'n,** 762 F.Supp. 1381, 1382-1383 (N.D.Cal. 1991); **Colindres v. QuitFlex Mfg.,** 235 F.R.D. 347, 365 FN8 (S.D.Tex. 2006); **Anderson v. Montgomery Ward & Co., Inc.,** 852 F.2d 1008, 1018 (7th Cir. 1988); **Staren v. American Nat'l Bank**, 529 F.2d 1257, 1263 (7th Cir.1976).

Moreover, generally speaking, amendment is an appropriate method for adding similarly-situated employees in an FLSA suit. **Shivers v. Metropolitan Atlanta Rapid Transit Authority,** 1986 WL 15379, *3 (N.D.Ga.), **citing Hodgson v. Colonnades, Inc**., 472 F.2d 42, 48 (5th Cir.1973). **See also Soler v. G & U, Inc.**, 86 F.R.D. 524 (S.D.N.Y.1980); **Armani v. Crucible Steel Co. of America**, 7 F.R.D. 344, 345 (N.D.N.Y.1947).

Thus, applying the Fed.R.Civ.P. 15 amendment requirements with "extreme liberality," this Court should allow Plaintiffs to add new named plaintiffs in addition to the current three named, representative plaintiffs.

**II.   THE FED.R.CIV.P. 20 PERMISSIVE JOINDER REQUIREMENTS ARE MET BY THE POTENTIAL NEW NAMED PLAINTIFFS.**

The determination of whether Plaintiffs should be permitted to add a party may also be determined by reference to the permissive joinder provisions of the federal rules. "Rule 20(a)

imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted ... against [ ] each ... defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." **Johnson v. Contra Costa County**, 2008 WL 413759, *1 (N.D.Cal. 2008) (Chesney, J), *(***citing Desert Empire Bank v. Insurance Co. of North America***, 623 F.2d 1371, 1375 (9th Cir.1980)).

Here, the potential new named plaintiffs are closely related to the current named plaintiffs and opt-in collective class, because they held the same positions described in the current Complaint at Defendants, were classified the same, operated under the same timekeeping infrastructure, and raise identical claims – denial of overtime pay, meal and rest period compensation (in the case of the California plaintiffs), etc. **See generally Shivers,** 1986 WL 15379 at *3-*7 (granting leave to amend, adding 985 named plaintiffs with similar allegations, noting that the "similarly situated" requirement under 29 U.S.C. §216(b) does not mean "identically situated") (**citing, inter alia**, **Soler v. G & U, Inc.**, 86 F.R.D. 524, 528 (S.D.N.Y.1980) (migrant farm workers seeking to recover wage deductions for housing under FLSA could add additional parties when the new plaintiffs' claims involved "the same or related factual and legal questions"); **Culver v. Bell & Loffland, Inc.**, 146 F.2d 29, 31 (9th Cir.1944) (noting interests of judicial economy and avoidance of multiplicity of suits)). The proposed new named Plaintiffs in the instant case do not seek to add substantially new or different legal claims, or seek to do so on the eve of trial. **Shivers,** 1986 WL 15379 at *6. On the contrary, here the issues raised by the potential new named plaintiffs (who are already opt-ins) are identical, and trial is many months away, not currently even scheduled. As in **Shivers**, the requirements of permissive joinder under Fed.R.Civ.P. 20 are met, because the additional employees' overtime claims all arose during the same time period and involve similar claims for denied overtime, meal

Case No: 07-2446

and rest period compensation, etc. **Id.**[5] The fact that Plaintiffs seek to add additional parties with FLSA claims arising out of similar legal issues is dispositive, notwithstanding the fact that individual employees (as a matter of course) had different hours worked and amounts of overtime claimed. **Id.** at *7. Here, as in **Shivers**, the Court's granting this motion will conserve judicial resources and avoid multiplicity of suits. **Id.**

## CONCLUSION

For the foregoing reasons, the Court should grant leave to amend (as identified in the attached Proposed Order). **See attached Exhibit 4, Second Amended Complaint**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: June 30, 2008

/s/
_____
Bryan Schwartz (SBN 209903)
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
301 Clay Street, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7236
Facsimile: (415) 277-7238

---

[5] Indeed, the instant case is more compelling than the amendment granted in **Shivers**, because here the employees Plaintiffs seek to join had identical jobs at Defendants, and are already part of the putative class. **Shivers,** 1986 WL 15379 at *6.

-8-

MOTION FOR LEAVE TO AMEND