# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Wong, et al.,
individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

HSBC Mortgage Corporation (USA);
HSBC Bank USA, N.A; and DOES 1-50;

    Defendants.

Case No. 07-2446 MMC

### DECLARATION OF STEPHANIE CHU

1. I am a Plaintiff in this action against HSBC Mortgage Corporation and HSBC Bank (hereinafter "HSBC"). I am over the age of 18 and competent to testify about the matters set forth in this declaration.

2. I worked at HSBC from September 12, 2005 to October 5, 2007, as Field Administrator (also called Sales Assistant, or Senior Retail Lending Consultant Assistant). I worked in HSBC facilities in downtown Los Angeles, at 660 S. Figueroa, Los Angeles, 90017, and in Alhambra, CA, at 590 W. Main Street, Alhambra, CA. My supervisors were Godwin Tsui and, more recently, Amy Young.

3. My duties were entirely of a support nature, and HSBC considered me non-exempt and entitled to overtime and meal/rest period premiums under California law. However, I was not paid all of the overtime and meal/rest premiums to which I was entitled during my HSBC employment.

4. I typically worked 1-2 hours of overtime a week. I also averaged a good 4 and sometimes 5 days a week eating at my desk. I was on call during my lunch, available on the Blackberry, and my managers always expected me to be available on the phone or by email. I never had the opportunity to take my rest breaks, either. I communicated often with the Northern California Field Administrator, Leah Guttilla, and know that, at the very least, she also missed lunch breaks.

5. My managers never discussed the company's lunch/rest break policies with me, and I never received any premiums for missed meal/rest periods. As to overtime, I did receive some overtime pay, but not all to which I was entitled. Ms. Young told

1

me she was very disappointed in me when I claimed overtime, and told me not to record any overtime without prior approval. She did not say not to stop working overtime. I felt thereafter that I could not record overtime without reprisal from Ms. Young, but needed to continue working whatever overtime hours were necessary to complete my duties.

6.  I believe Ms. Young was aware of my continued off-the-clock overtime work because we were in communication during overtime hours but she did not approve any overtime pay for those hours. My supervisors were also aware of my missed meal/rest periods, because I was in communication with them regarding work issues during lunch, and throughout the day without breaks.

7.  HSBC did not keep accurate records of my hours worked, or whether I took meal or rest breaks.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

12/18/07
Date

_____
Stephanie Chu

2

NKA001620