# Exhibit 4

1  Donald H. Nichols, MN State Bar No. 78918
   (admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
   (admitted **pro hac vice**)
3  Tim C. Selander, MN Bar No. 0387016
   (admitted **pro hac vice**)
4  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
5  80 S. 8th Street
   Minneapolis, MN 55402
6
   Bryan J. Schwartz, CA State Bar No. 209903
7  Matthew C. Helland, CA State Bar No. 250451
   NICHOLS KASTER & ANDERSON, LLP
8  One Embarcadero Center, Ste. 720
   San Francisco, CA 94111
9
   Attorneys for Individual and Representative Plaintiffs
10
                IN THE UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA

12  Philip Wong, Frederic Chaussy, Leslie          **Case No.: 3:07-cv-2446**
    Marie Shearn, Karen Flanagan, Stephanie
13  Chu, and Chad Barbiere, individually, on       **CLASS ACTION**
    behalf of all others similarly situated, and
14  on behalf of the general public,               **SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**
15                                Plaintiffs,
                                                   **(1)        Violations of Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.**
16          vs.
                                                   **(2)        Overtime Violations (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))**
17  HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.; and DOES 1
18  through 50, inclusive,                         **(3)        Waiting Time Penalties (California Labor Code Sections 201-203)**
19                                Defendants.
                                                   **(4)        Failure to Provide Itemized Wage Statements (California Labor Code Section 226)**
20
21                                                 **(5)        Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 512)**
22
23                                                 **(6)        Violation of California Business and Professions Code Sections 17200 et seq.**
24
25                                                 **(7)        Violation of New York Wage and Hour Law (New York Labor Law Article 19, §§ 650 *et seq.*, and New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142)**
26
27
28                                                 **(8)        Violation of New Jersey Wage**

SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1

2

3

4

5

6

and Hour Law, N.J.S.A. Section 34:11, et seq., N.J.A.C. Section 12:56, et seq.

(9)    **Unlawful Deductions from Wages (California Labor Code Section 221 and 224, IWC Wage Order 4; N.Y. Lab. Law Sec. 193(1); N.Y. Comp. Codes. R. & Regs. Tit. 12, Sec. 142-1.1 et seq.; N.J. Stat. Ann. Sec. 34:11-4.4)**

**DEMAND FOR JURY TRIAL**

7

## PRELIMINARY STATEMENT

8   1.    This is a collective and class action brought by Individual and Representative

9   Plaintiffs Philip Wong, Frederic Chaussy, Leslie Marie Shearn, Karen Flanagan, Stephanie Chu,

10  and Chad Barbiere (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed

11  class identified below.  Plaintiffs and the putative class members were or are employed by

12  Defendants: HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and certain Doe

13  Defendants, or their predecessors-in-interest.  Plaintiffs and the putative class members were or

14  are employed as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending

15  Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers"

16  (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators,"

17  "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail

18  Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant

19  Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"),

20  and other non-management mortgage sales employees, who were misclassified as exempt and

21  therefore erroneously denied overtime, meal and rest period compensation as required by state

22  and federal wage and hour laws, and/or were not paid fully for overtime hours works (required to

23  work "off-the-clock"). These employees are similarly situated under Federal Rule of Civil

24  Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

25  2.    The Collective Class (FLSA) is made of all persons who are or have been

26  employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage

27  Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers"

28  (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators,"

2

"Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.    The California Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), within the State of California within the period four years prior to the filing date of this Complaint ("the California Class Period"). The California Class was also subject to a policy resulting in unlawful deductions from wages.

4.    The New York Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant

3

Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), within the State of New York within the period six years prior to the filing date of this Complaint ("the New York Class Period"). The New York Class was also subject to a policy resulting in unlawful deductions from wages.

5.     The New Jersey Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), within the State of New Jersey within the period two years prior to the filing date of this Complaint ("the New Jersey Class Period"). The New Jersey Class was also subject to a policy resulting in unlawful deductions from wages.

6.     During the Collective Class Period and the Class Period, Defendants failed to pay overtime, meal and rest period compensation to each member of the Class as required by state and federal law. Defendants also made unlawful deductions from wages. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the state laws of California, New York, and New Jersey. Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy the Defendants' failure to pay all wages and premiums due, pay appropriate overtime compensation, to provide and authorize meal and rest periods, to pay

4

waiting time penalties, and maintain accurate time records, in addition to compensation for the unlawful deductions and injunctive relief.

### THE PARTIES

7.    Individual and representative Plaintiff Philip Wong resides in San Mateo County, California. He was employed by Defendants from approximately December 2005 to March 2008 as a loan officer working in San Francisco, San Mateo, and Alameda Counties, California. Plaintiff brings his claims on behalf of himself and the Collective and California Classes.

8.    Individual and representative Plaintiff Frederic Chaussy resides in Contra Costa County, California. He was employed by Defendants from approximately April 2006 to April 2007 as a loan officer working in San Francisco, Santa Clara, San Mateo, and Alameda Counties, California. Plaintiff brings his claims on behalf of himself and the Collective and California Classes.

9.    Individual and representative Plaintiff Leslie Marie Shearn resides in Orange County, New York. She was employed by Defendants from approximately September 2001 to November 2006 as a sales assistant and loan officer, working in Orange County, New York, and Bergen and Morris Counties, New Jersey. Plaintiff brings her claims on behalf of herself and the Collective and New York and New Jersey Classes.

10.    Individual and representative Plaintiff Karen Flanagan resides in Suffolk County, New York. She was employed by Defendants from approximately January 2005 to March 2006 as a loan officer (both as a Premier Mortgage Sales Officer and Senior Retail Mortgage Lending Consultant) working in Nassau, Suffolk, and New York Counties, New York. Plaintiff brings her claims on behalf of herself and the Collective and New York Classes.

11.    Individual and representative Plaintiff Stephanie Chu resides in Los Angeles County, California. She was employed by Defendants from approximately September 2005 to

5

1   October 2007 as a sales assistant working in Los Angeles County, California. Plaintiff brings her

2   claims on behalf of herself and the Collective and California Classes.

3

4       12.    Individual and representative Plaintiff Chad Barbiere resides in Passaic County,

5   New Jersey. He was employed by Defendants from approximately April 2006 to February 2007

6   as a loan officer, working in Hudson, Bergen, and Morris Counties, New Jersey. Plaintiff brings

7   her claims on behalf of herself and the Collective and New Jersey Classes.

8

9       13.    Upon information and belief, Defendant HSBC Mortgage Corporation (USA), is a

10  corporation doing business in and maintaining places of business in several states throughout the

11  United States, including, among other locations, at various times, facilities in San Francisco,

12  Redwood City, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland, and Fremont, California,

13  around New Jersey, and around New York.

14

15      14.    Upon information and belief, Defendant HSBC Bank USA, N.A., is a corporation

16  doing business in and maintaining places of business in several states throughout the United

17  States, including, among other locations, at various times, facilities in San Francisco, Redwood

18  City, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland, and Fremont, California, around New

19  Jersey, and around New York, and including business through its wholly-owned subsidiary

20  HSBC Mortgage Corporation (USA).

21

22      15.    Defendants Does 1-50, inclusive, are sued herein under fictitious names.  Their

23  true names and capacities are unknown to Plaintiffs.  When their true names and capacities are

24  ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

25  herein.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

26  Defendants is responsible in some manner for the occurrences herein alleged, and that the

27  damages of Plaintiffs and the putative class members herein alleged were proximately caused by

28  such Defendants.

15.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was, at all times relevant to this action, an agent, employee, representing partner, integrated enterprise with, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* Each representative Plaintiff has signed a consent form to join this lawsuit, copies of which are attached as Exhibit A. This Court also has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

17.    Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendants operate or have operated facilities in San Francisco, Redwood City, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland, and Fremont, California, and because a substantial part of the events giving rise to the claims occurred in this district.

18.    Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in San Francisco, San Mateo, Santa Clara, and Alameda Counties, California.

### COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class**:    All persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and

7

"Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and/or were not paid fully for overtime hours works (required to work "off-the-clock"), and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action

20.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without overtime compensation.

21.     Defendants' unlawful conduct has been widespread, repeated and consistent.

22.     Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

23.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

24.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

8

1

2

      25.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure 23 on behalf of the following defined classes:

3

4

5

6

7

8

9

10

11

12

**California Class:**    All persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, and meal and rest period compensation, as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), and/or who suffered unlawful deductions from wages, within the State of California within the period four years prior to the filing date of this Complaint.

13

14

15

16

17

18

19

20

21

22

**New York Class:**    All persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, and meal and rest period compensation, as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), and/or who suffered unlawful deductions from wages, within the State of New York within the period six years prior to the filing date of this Complaint.

23

24

25

26

27

28

**New Jersey Class:**    All persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management

9

mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, and meal and rest period compensation, as required by state wage and hour laws, and/or were not paid fully for overtime hours worked (required to work "off-the-clock"), and/or who suffered unlawful deductions from wages, within the State of New Jersey within the period two years prior to the filing date of this Complaint.

26.    Numerosity:    Each Proposed Class is so numerous that joinder of all members is impracticable.    Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed more than 50 people who satisfy the definition of each Proposed Class.

27.    Typicality:    The Plaintiffs' claims are typical of the members of the Proposed Class.    Plaintiffs are informed and believe that, during the Class Period, like other "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), "Field Administrators," "Senior Field Administrators," "Loan Production Office Assistants," "Senior Loan Production Office Assistants," "Retail Mortgage Lending Consultant Assistants," "Senior Retail Mortgage Lending Consultant Assistants," and "Mortgage Sales Support Specialists" (collectively known as "sales assistants"), and other non-management mortgage sales employees who were misclassified as exempt, they routinely worked more than eight hours per day and more than 40 hours per week, and routinely worked through meal and rest periods, and/or were required to work overtime hours without compensation ("off-the-clock"), and/or suffered unlawful deductions from their wages. Plaintiffs had the same duties and responsibilities as other Class members. Plaintiffs were subject to Defendants' policy and practice of improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with state laws, failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals, and/or taking deductions unlawfully from wages to reimburse the Defendants for

10

1    potential customers' loan application fees.

2        28.    Superiority:    A class action is superior to other available methods for the fair and

3    efficient adjudication of the controversy, particularly in the context of wage and hour litigation

4    where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

5    in federal court against large corporate Defendants.  Prosecuting hundreds of identical, individual

6    lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial

7    results.

8        29.    Adequacy:    Plaintiffs will fairly and adequately protect the interests of the

9    Proposed Class, and they have retained counsel experienced in complex, nationwide wage and

10   hour class and collective action litigation.

11       30.    Commonality: Common questions of law and fact exist to all members of the

12   Proposed Class and predominate over any questions solely affecting individual members of the

13   Proposed Class, including but not limited to:

14              A.    Whether Defendants improperly classified the members of the Proposed

15                   Class as exempt;

16              B.    Whether Defendants unlawfully failed to pay appropriate overtime

17                   compensation to members of the Proposed Class in violation of the state

18                   wage laws;

19              C.    Whether Defendants employed Plaintiffs and the Proposed Class within the

20                   meaning of the applicable state laws;

21              D.    Whether Plaintiffs and the Proposed Class' members who are no longer

22                   employed with Defendants are entitled to waiting time penalties pursuant to

23                   the applicable state laws;

24              E.    Whether Defendants' policies and practices provide and/or authorize meal

25                   and rest periods in compliance with applicable state laws;

26              F.    Whether Defendants failed to keep accurate time records for all hours

27                   worked by the Plaintiffs and the Proposed Class in violation of state wage

28
                                      11

laws;

G.    Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to state wage laws;

H.    Whether Defendants made unlawful deductions from employees' wages when employees were forced to reimburse Defendants for loan application fees on failed loans;

I.    The proper measure of damages sustained by the Proposed Class; and

J.    Whether Defendants' actions were "willful."

31.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

32.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay and other compensation to which they are entitled, and resulted in the unlawful deductions. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

33.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendants.

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

34.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

35.    Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs written consent forms are attached hereto as **Exhibit A**.  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

36.    At all relevant times, Defendants has been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs, and the Collective Class.  At all relevant times, upon information and belief, each Defendant corporation has had gross operating revenues in excess of $500,000.00.

37.    The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

38    During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation.  Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

39.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

42.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Compensation in Violation of California Law)

43.    The California Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

44.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required an employer, such as Defendants, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek.  Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

45.    Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040, as amended during the Class Period), and the California Labor Code §§ 510 and 1198.  Pursuant to California Labor Code § 1194, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation.

46.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

14

1

2

## THIRD CLAIM FOR RELIEF

### (Waiting Time Penalties)

3

4

47.    The California Plaintiffs allege and incorporate by reference the allegations in the

preceding paragraphs.

5

6

48.    During the relevant time period, many Class members were employed by and

thereafter terminated by or resigned from their positions with Defendants.  Defendants, however,

7

8

willfully failed to pay such Class Members all wages owed them (including overtime wages)

within the time limits set forth in California Labor Code sections 201 and 202.

9

10

49.    Under Labor Code sections 201, 202, and 203, those Class Members who no

longer work for Defendants are entitled to waiting time penalties for Defendants willful failure to

11

12

timely pay all wages owed upon separation of their employment.

13

## FOURTH CLAIM FOR RELIEF

14

### (Failure to Provide Accurate Itemized Wage Statements)

15

16

50.    The California Plaintiffs allege and incorporate by reference the allegations in the

preceding paragraphs.

17

18

19

20

21

22

23

24

51.    California Labor Code § 226(a) provides that, at the time of each payment of

wages, an employer shall provide each employee with a wage statement itemizing, among other

things, the total hours worked by the employee in the pay period.  California Labor Code § 226(e)

provides that an employee suffering injury as a result of a knowing and intentional failure by an

employer to comply with Labor Code § 226(a) may recover the greater of his or her actual

damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per

employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition

to attorneys fees and costs.

25

26

27

28

52.    Defendants knowingly and intentionally failed to provide timely, accurate,

itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the Class in

accordance with Labor Code § 226(a).  Such failure caused injury to Plaintiffs and the Class

members, by, among other things, impeding them from knowing the total hours worked and the

15

1
2
3
4

amount of wages to which they are and were entitled.  Plaintiffs and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e).  Pursuant to Labor Code section 226(g), Plaintiffs and the Class are also entitled to and seek injunctive relief requiring Defendants to comply with Labor Code 226(a).

5
6

### FIFTH CLAIM FOR RELIEF

### (Failure to Provide Rest Breaks and Meal Periods)

7
8

53.     The California Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

9
10
11
12

54.     California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

13
14
15

55.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

16
17
18
19
20
21
22
23
24
25

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

26
27
28

56.     Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

16

1

2

3

4

5

6

7

8

9

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.  If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

10

11

12

13

14

15

57.    California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

16

17

18

19

58.    Defendants failed to provide Plaintiffs and Class Members with meal periods as required by law, and failed to authorize and permit Plaintiffs and Class Members to take rest periods as required by law.  Plaintiffs and the Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.

20

21

### SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

22

23

59.    The California Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

24

25

26

27

60.    Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.  The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

28

17

61.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the Class Members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants has improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendants to pay minimum wage and overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

### SEVENTH CLAIM OF RELIEF

**Violation of New Jersey Wage and Hour Law, N.J.S.A. § 34:11, et seq., and N.J.A.C. §12:56, et seq.**
**(On Behalf of the New Jersey Named Plaintiff and New Jersey Class)**

62.    The New Jersey Named Plaintiffs, Leslie Marie Shearn and Chad Barbiere, on behalf of themselves and all members of the New Jersey Class, allege and incorporate by reference the allegations in the preceding paragraphs.

63.    Defendants have engaged in a widespread pattern, policy, and practice of violating the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11, et seq., and N.J.A.C. 12:56, et seq., as detailed herein.

64.    Defendants are employers within the meaning of the term "employer" in the New Jersey State Wage and Hour Law, N.J.S. § 34:11-56a1(h).  Defendants have employed or continue to employ "individuals" including Ms. Shearn and Mr. Barbiere, and each member of the prospective New Jersey Class as "employees" within the meaning "employ," "individuals," and "employees," in the New Jersey State Wage and Hour Law, N.J.S. § 34:11-56a1(f)-(h).

65.    Defendants have failed to pay Ms. Shearn, Mr. Barbiere, and the New Jersey Class members overtime compensation at a rate of one and one-half times their regular hourly wages for each hour of working time in excess of forty (40) hours in a workweek as required by the New

18

1    Jersey State Wage and Hour Law, N.J.S. § 34:11-56a4.

2        66.    Defendants' violation of the New Jersey State Wage and Hour Law, as described

3    in this Complaint, has been willful and intentional.

4        67.    As a direct and proximate cause of Defendants' willful and intentional violation of

5    the New Jersey State Wage and Hour Law, Plaintiffs have suffered damages that they are entitled

6    to recover from Defendant.

7

8                        **EIGHTH CLAIM FOR RELIEF**

9

10    **(Failure to Pay Overtime Compensation in Violation of New York Law, on Behalf of
New York Named Plaintiffs and the New York Class)**

11        68.    The New York Named Plaintiffs, Leslie Marie Shearn and Karen Flanagan, on

12    behalf of themselves and all members of the New York Class, allege and incorporate by reference

13    the allegations in the preceding paragraphs.

14
        69.    At all times relevant to this action, the New York Named Plaintiffs and the New
15
    York Rule 23 Class were employed by Defendant within the meaning of New York Labor Law,
16
17    Article 19.

18        70.    By the course of conduct set forth above, Defendants have violated the New York

19    Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor

20    Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

21
        71.    New York Labor Law requires an employer, such as Defendants to pay overtime
22
    compensation to all non-exempt employees.    The New York Labor Law also requires an
23
24    employer to pay employees for all hours worked at the agreed upon rate of pay.

25        72.    Defendants have had a policy and practice of failing and refusing to pay minimum

26    wages and proper overtime pay to the New York Named Plaintiffs and to the New York Rule 23

27    Class for their hours worked.

28
                                    19
        SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

73.　　As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due to the New York Named Plaintiffs and the New York Rule 23 Class, Defendants have violated and continues to violate the New York Labor Law.

74.　　The New York Named Plaintiff, on behalf of themselves and the New York Rule 23 Class, seek the amount of their underpayments based on Defendants' failure to pay wages of at least the minimum wage for all hours worked, and one and one half times the regular rate of pay for work performed in excess of forty per week, as provided by the New York Labor Law, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.  The New York Named Plaintiffs do not seek liquidated damages on behalf of the New York Rule 23 Class.

75.　　The New York Named Plaintiffs, on behalf of themselves and the New York Rule 23 Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by the New York Labor Law.

## NINTH CLAIM FOR RELIEF

**(Unlawful Deductions from Wages in California, under California Labor Code Sections 221 and 224, and IWC Wage Order 4)**

76.　　The California Plaintiffs, on behalf of themselves and all members of the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

77.　　Defendants have a policy and practice of deducting from employees' wages uncollected loan application fees when loans are ultimately not funded by Defendants. The loan application fees that Defendants unlawfully deduct are taken from employees' base wages, regardless of whether or not employees earn any commissions, and are not taken for the benefit of the employees, or authorized by the employees or by any regulation.

78.　　Even if loan application fees were in any instance deducted from commissions,

20

1    Defendants have no legitimate agreement with employees which might permit Defendants to

2    deduct uncollected loan application fees from commissions. Such deductions are, in any event,

3    contrary to the public policy underpinning California's wage and hour laws.

4
        79.    California Labor Code §221 provides that "it shall be unlawful for any employer to
5
     collect or to receive from an employee any part of the wages theretofore paid by said employer to
6
7    said employee." Cal. Lab. Code §221.  Section 221 prohibits deductions from an employee's

8    wages for cash shortages and other business losses. Likewise, California Labor Code § 224

9    proscribes any deduction which is not either authorized by the employee in writing or permitted

10   by law.

11
        80.    As described in the California Department of Labor Standards Enforcement,
12
     Enforcement Policies and Interpretations Manual § 11.3, deductions are only permitted for items
13
14   which are for the direct benefit of the employee—deductions which in any way benefit the

15   employer, directly or indirectly, are prohibited.

16       81.    Industrial Welfare Commission (IWC) Order No. 4 also prohibits wage

17   deductions, inter alia, "for any cash shortage...." Cal. Code Regs. Title 8, § 11040 (8).

18       82.    As a result of Defendants' unlawful deductions from the wages of the California
19
     Plaintiffs and the California Rule 23 Class, Defendants have violated and continues to violate
20
     California law.
21
22       83.    The California Plaintiffs, on behalf of themselves and the California Rule 23

23   Class, seek the amount of unlawful deductions, and such other legal and equitable relief from

24   Defendants' unlawful deductions as California law permits and as the Court deems just and

25   proper.

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

84.    The California Plaintiffs, on behalf of themselves and the California Rule 23 Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by California law.

## TENTH CLAIM FOR RELIEF

### (Unlawful Deductions from Wages in New York, under N.Y. Lab. Law Sec. 193(1) and N.Y. Comp. Codes. R. & Regs. Title 12, Sec. 142-1.1 et seq.)

85.    The New York Named Plaintiffs, on behalf of themselves and all members of the New York Class, allege and incorporate by reference the allegations in the preceding paragraphs.

86.    Defendants have a policy and practice of deducting from employees' wages uncollected loan application fees when loans are ultimately not funded by Defendants. The loan application fees that Defendants unlawfully deduct are taken from employees' base wages, regardless of whether or not employees earn any commissions, and are not taken for the benefit of the employees, or authorized by the employees or by any regulation.

87.    Even if loan application fees were in any instance deducted from commissions, Defendants have no legitimate agreement with employees which might permit Defendants to deduct uncollected loan application fees from commissions. Such deductions are, in any event, contrary to the public policy underpinning New York wage and hour laws.

88.    New York Labor Law Section 193 provides that "No employer shall make any deduction from the wages of an employee. . . ." N.Y. Lab. Law § 193 (1).

89.    The New York Department of Labor's Minimum Wage Order for Miscellaneous Industries and Occupations provides that "[w]ages shall ne subject to no deductions, except for

22

allowances[1] authorized in this Part, and except for deductions authorized by law, such as for social security and income tax." N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.10(a). The Order also expressly prohibits "deductions for cash shortages or losses." N.Y. Comp. Codes R. & Regs. Title 12, § 142-2.10(a)(2).

90.    As a result of Defendants' unlawful deductions from the wages of the New York Named Plaintiffs and the New York Rule 23 Class, Defendants have violated and continues to violate New York law.

91.    The New York Named Plaintiffs, on behalf of themselves and the New York Rule 23 Class, seek the amount of unlawful deductions, and such other legal and equitable relief from Defendants' unlawful deductions as New York law permits and as the Court deems just and proper.

92.    The New York Named Plaintiffs, on behalf of themselves and the New York Rule 23 Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by New York law.

## ELEVENTH CLAIM FOR RELIEF

**(Unlawful Deductions from Wages in New Jersey, under N.J. Stat. Ann. Sec. 34:11-4.4)**

93.    The New Jersey Named Plaintiffs, on behalf of themselves and all members of the New Jersey Class, allege and incorporate by reference the allegations in the preceding paragraphs.

94.    Defendants have a policy and practice of deducting from employees' wages uncollected loan application fees when loans are ultimately not funded by Defendants. The loan application fees that Defendants unlawfully deduct are taken from employees' base wages, regardless of whether or not employees earn any commissions, and are not taken for the benefit of

---

[1] The only authorized allowances are allowances for meals and lodging, or allowances for tips. N. Y. Comp. Codes R. & Regs. Title 12, § 142-2.5. Such do not apply in this case.

1    the employees, or authorized by the employees or by any regulation.

2        95.    Even if loan application fees were in any instance deducted from commissions,

3    Defendants have no legitimate agreement with employees which might permit Defendants to

4    deduct uncollected loan application fees from commissions. Such deductions are, in any event,

5    contrary to the public policy underpinning New Jersey wage and hour laws.

6

7        96.    New Jersey's wage law provides that "[n]o employer may withhold or divert any

8    portion of an employee's wages." N.J. Stat. Ann. § 34:11-4.4.

9        97.    As a result of Defendants' unlawful deductions from the wages of the New Jersey

10   Named Plaintiffs and the New Jersey Rule 23 Class, Defendants have violated and continues to

11   violate New York law.

12

13       98.    The New Jersey Named Plaintiffs, on behalf of themselves and the New Jersey

14   Rule 23 Class, seek the amount of unlawful deductions, and such other legal and equitable relief

15   from Defendants' unlawful deductions as New York law permits and as the Court deems just and

16   proper.

17       99.    The New Jersey Named Plaintiffs, on behalf of themselves and the New Jersey

18   Rule 23 Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by

19   New Jersey law.

20

21                            **PRAYER FOR RELIEF**

22       100.   WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

23   Proposed Class, pray for relief as follows:

24

25          A.    That the Court determine that this action may proceed as a class action
                  under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

26

27          B.    That Defendants are found to have violated the overtime, meal/rest period,
                  itemized wage statement/time records, unlawful deduction, and/or waiting
                  time penalty provisions of the state wage laws cited above as to the
28                California, New Jersey, and New York Classes identified above;

                                       24

C.    That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiffs and the Collective Class;

D.    That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and the Class;

E.    That Defendants' violations as described above are found to be willful;

F.    An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

G.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Classes due to Defendants' unlawful activities, pursuant to state laws cited above;

H.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I.    An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws; and

J.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

101.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: June 30, 2008

**NICHOLS KASTER & ANDERSON**

Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Tim C. Selander, MN Bar No. 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903

25

SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Matthew C. Helland, CA State Bar No. 250451
NICHOLS·KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUCTIVE RELIEF

1

## CONSENT FORM AND DECLARATION

2

I hereby consent to join the lawsuit against HSBC as a Plaintiff to assert claims against it
3 for violations of the wage and hour laws of the United States and/or the states where I worked for
HSBC. During the past three years, there were occasions when I worked over 40 hours per week
4 for HSBC and did not receive overtime compensation.

I worked for HSBC as a (please check all that apply):
5   ☐ Retail Mortgage Lending Consultant
    ☒ Senior Retail Mortgage Lending Consultant
6   ☐ Other Non-Management Mortgage Sales Employee
    (Specify Title: _____)
7

8 Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
correct.

9                                                    May 3, 2007
                    Signature                        Date
10

11          PHILIP   WONG
            Print Name
12

13

14

15

16

17                          REDACTED

18

19

20

21

22

23

24 Fax or Mail To:

25         Paul Lukas
           Nichols Kaster & Anderson, PLLP
26         4600 IDS Center, 80 S. 8th Street
           Minneapolis, MN 55402
27         FAX (612) 215-6870

28

CONSENT AND DECLARATION

**EXHIBIT A**

1

## CONSENT FORM AND DECLARATION

2          I hereby consent to join the lawsuit against HSBC as a Plaintiff to assert claims against it
3   for violations of the wage and hour laws of the United States and/or the states where I worked for
    HSBC. During the past three years, there were occasions when I worked over 40 hours per week
4   for HSBC and did not receive overtime compensation.
          I worked for HSBC as a (please check all that apply):
5        ☐ Retail Mortgage Lending Consultant
         ☒ Senior Retail Mortgage Lending Consultant
6        ☐ Other Non-Management Mortgage Sales Employee
          (Specify Title: _____)
7

8   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
    correct.

9                                                          May 3rd, 2007
                    Signature                              Date

10
11              Frederic Yves CHAUSSY
                Print Name
12
13
14
15
16
17                                   REDACTED
18
19
20
21
22
23
24  Fax or Mail To:
25          Paul Lukas
            Nichols Kaster & Anderson, PLLP
26          4600 IDS Center, 80 S. 8th Street
            Minneapolis, MN 55402
27          FAX (612) 215-6870
28

                        CONSENT AND DECLARATION

**CONSENT FORM AND DECLARATION**

     I hereby consent to join the lawsuit against HSBC as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the states where I worked for HSBC. During the past three years, there were occasions when I worked over 40 hours per week for HSBC and did not receive overtime compensation.

     I worked for HSBC as a (please check all that apply):

     ☐    Retail Mortgage Lending Consultant

     ☐    Senior Retail Mortgage Lending Consultant

     ☐    Other Non-Management Mortgage Sales Employee

     (Specify Title: <u>SR LOAN PRODUCTION</u>)OFFICE ASST/SALES ASST
                   FIELD ADMINISTRATOR

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                               *Stephanie Chu*

REDACTED

                               If above information is incorrect, please change

                               *[signature]*     8/27/07
                               Signature           Date

**Fax or Mail To:**

                      <u>STEPHANIE CHU</u>
                      Print Name

**Paul Lukas**
**Nichols Kaster & Anderson, PLLP**
**4600 IDS Center, 80 S. 8th Street**
**Minneapolis, MN 55402**
**FAX (612) 215-6870**

REDACTED

**CONSENT AND DECLARATION**

1

## CONSENT FORM AND DECLARATION

2    I hereby consent to join the lawsuit against HSBC as a Plaintiff to assert claims against it
3 for violations of the wage and hour laws of the United States and/or the states where I worked for
     HSBC. During the past three years, there were occasions when I worked over 40 hours per week
4 for HSBC and did not receive overtime compensation.
     I worked for HSBC as a (please check all that apply):
5        ☐    Retail Mortgage Lending Consultant
6        ☒    Senior Retail Mortgage Lending Consultant
         ☐    Other Non-Management Mortgage Sales Employee
7        (Specify Title: _____ )
8
9 Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
     correct.
10                                          *Leslie Marie Shearn*
11
                                            ┌─────────────────────────────┐
12                                          │                             │
                                            │          REDACTED           │
13                                          │                             │
                                            └─────────────────────────────┘
14
                                            If above information is incorrect, please change
15
                                            Leslie Shearn            6/28/07
16   **Fax or Mail To:**                    Signature                 Date

17   **Paul Lukas**                         Leslie    Shearn
     **Nichols Kaster & Anderson, PLLP**    Print Name
18   **4600 IDS Center, 80 S. 8th Street**  ┌─────────────────────────────┐
     **Minneapolis, MN 55402**              │ REDACTED                    │
19   **FAX (612) 215-6870**                 │                             │
20                                          │                             │
21                                          │                             │
22                                          │                             │
23                                          │                             │
24                                          │                             │
25                                          │                             │
26                                          │                             │
27                                          │                             │
28                                          └─────────────────────────────┘

## CONSENT AND DECLARATION

REDACTED

## CONSENT FORM AND DECLARATION

1
2         I hereby consent to join the lawsuit against HSBC as a Plaintiff to assert claims against it
3     for violations of the wage and hour laws of the United States and/or the states where I worked for
      HSBC. During the past three years, there were occasions when I worked over 40 hours per week
4     for HSBC and did not receive overtime compensation.
5         I worked for HSBC as a (please check all that apply):
6           Retail Mortgage Lending Consultant
            Senior Retail Mortgage Lending Consultant  ✓
7           Premier Mortgage Sales Officer
8           Field Administrator
            Senior Field Administrator
9           Other Non-Management Mortgage Sales Employee
10        (Specify Title: _____)

11    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
12    correct.

13    *Karen Flanagan*
      *20 Whispering Fields Drive*
14    *Northport, NY 11768*      *Karen Flanagan*   12/10/07
                            Signature       Date
15
      If above information is incorrect, please change    *Karen Flanagan*
16                                        Print Name

17
18    **Fax or Mail To:**

19    Paul Lukas
20    Nichols Kaster & Anderson, PLLP
      4600 IDS Center, 80 S. 8th Street
21    Minneapolis, MN 55402
22    FAX (612) 215-6870

REDACTED

23
24
25
26
27
28

CONSENT AND DECLARATION

Case 3:07-cv-02446-MMC    Document 135    Filed 05/06/2008    Page 4 of 11

**CONSENT FORM AND DECLARATION**
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

Case No.  C 07-2446 MMC

I hereby consent to join the lawsuit against HSBC Mortgage Corporation (USA) ("HMCU") and HSBC Bank USA, NA ("HBUS") as a Plaintiff to assert claims against them for violations the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

I certify under the penalty of perjury that the following is true and correct: During the past three years, there were occasions where I worked over 40 hours per week for HMCU and HBUS and did not receive overtime compensation.

I worked as (please check all that apply):
- ☑ Sr. Retail Mort. Lending Consultant
- ☐ Retail Mort. Lending Consultant
- ☐ Premier Mortgage Sales Officer
- ☐ Other Mortgage Sales Employee

Signature _____  Date 5/3/08

REDACTED

**Fax or Mail to:**
Nichols Kaster & Anderson, PLLP
Attn: Paul Lukas
4600 IDS Center
80 S. 8ᵗʰ Street
Minneapolis, MN 55402
Toll Free Telephone (877) 448-0492
Facsimile: (612) 215-6870

REDACTED

*Chad Barbiere*

REDACTED

*Please correct address on the lines allotted if it differs from italicized address above