GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
JUSTIN T. CURLEY, Bar No. 233287
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone:   (415) 433-1940
Facsimile:   (415) 399-8490
E-mail: gtichy@littler.com,
mmccabe@littler.com, mbarrett@littler.com,
kowens@littler.com, jcurley@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DEFENDANTS HSBC MORTGAGE CORPORATION (USA)'S AND HSBC BANK USA, N.A.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>Date:            August 22, 2008<br>Time:            9:00 a.m.<br>Courtroom:   7 (19th Floor)<br>Judge:           Hon. Maxine M. Chesney<br><br>Complaint filed:   May 7, 2007<br>FAC filed:            June 29, 2007<br>Trial Date:           Not Yet Set |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT        Case No. C 07 2446 MMC [ECF]

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2
    A. Plaintiffs' Complaint ................................................................................................ 2
    B. Plaintiffs' Purported Meet and Confer Efforts .......................................................... 2

III. LEGAL ARGUMENT .......................................................................................................... 4
    A. The Legal Standard .................................................................................................. 4
    B. Defendants Will Be Prejudiced By Allowing Plaintiffs To Add The Unlawful Deduction Claims ..................................................................................................... 5
    C. There Has Been Undue Delay, Which Amounts to Bad Faith, In Adding The Unlawful Deduction Claims ...................................................................................... 6
    D. Plaintiffs' Proposal to Add Karen Flanagan As a Plaintiff Is Futile, as She Does Not Have Standing To Sue In This Case ......................................................... 8
        1. Ms. Flanagan Is An Inadequate Class Representative Because She Is Exempt Under the "Highly Compensated" Exemption ............................ 9
        2. Ms. Flanagan Did Not Have Allegedly Improper Deductions Made from Her Pay ................................................................................................ 11
        3. Ms. Flanagan Is An Inadequate Class Representative Because She Is Not "Similarly Situated" To Other Class Members ......................................... 12
    E. Stephanie Chu Will Be An Inadequate Class Representative ............................... 12

IV. CONCLUSION .................................................................................................................. 13

i

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Acri v. International Ass'n of Machinists,*
  781 F.2d 1393 (9th Cir. 1986) ............................................................. 7

*Ascon Properties, Inc. v. Mobil Oil Co.,*
  866 F.2d 1149 (9th Cir. Cal. 1989) ...................................................... 5

*Brewer-Giorgio v. Producers Video, Inc.,*
  216 F.3d 1281 (11th Cir. 2000) ............................................................ 6

*Cohen v. Beneficial Indus. Loan Corp.,*
  337 U.S. 541 (1949) ............................................................................ 13

*DCD Programs, Ltd. v. Leighton,*
  833 F.2d 183 (9th Cir. 1987) ................................................................ 4

*Fair v. United States E.P.A.,*
  795 F.2d 851 (9th Cir. 1986) ........................................................... 2, 8

*Gladstone Realtors v. Village of Bellwood,*
  441 US 91, 100 (1979) ...................................................................... 11

*Glatt v. Chicago Park Dist.,*
  87 F.3d 190 (7th Cir. 1996) .................................................................. 8

*Gonzalez v. Allstate Ins. Co.,*
  2005 U.S. Dist. LEXIS 45773, *8-9 (C.D. Cal. Aug. 1, 2005) ............. 7

*Gordon v. North Am. Co. for Life & Health,*
  2000 U.S. Dist. LEXIS 15799, *15 (S.D. Cal. Sept. 13, 2000) ............ 8

*Howard v. Bank of America, N.A.,*
  2006 U.S. Dist. LEXIS 54126, *5-6 (D. Ariz. Aug. 3, 2006) ............... 8

*In Re NYSE Specialists Securities Litig.,*
  240 F.R.D. 128 (S.D.N.Y. 2007) ........................................................ 13

*Jewett v. IDT Corp.,*
  2007 U.S. Dist. LEXIS 67284 (D. N.J. Sept. 11, 2007) ....................... 7

*Kline v. Wolf,*
  702 F.2d 400 (2d Cir. 1983) ............................................................... 13

*Kohl v. Woodlands Fire Dept,*
  440 F. Supp. 2d 626 (S.D. Tex. 2006) ............................................... 10

*Las Vegas Ice & Cold Storage Co. v. Far West Bank,*
  893 F.2d 1182 (10th Cir. 1990) ............................................................ 6

*M/V American Queen v. San Diego Marine Constr. Corp.,*
  708 F.2d 1483 (9th Cir. 1983) .............................................................. 6

*Maldonado v. City of Oakland,*
  2002 U.S. Dist. LEXIS 7746, *16 (N.D. Cal. Apr. 29, 2002) .............. 8

*Marcussen v. Leavitt,*
  2005 U.S. Dist. LEXIS 39124 (D.N.M. Dec. 19, 2005) ...................... 6

*Nova Measuring Instruments Ltd. v. Nanometrics, Inc.,*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

2007 WL 1068194, *1 (N.D. Cal. Apr. 10, 2007) .................................................. 4

*Oran v. Stafford,*
226 F.3d 275 (3d Cir. 2000) .................................................................................. 6

*Roe-Midgett v. CC Services, Inc.,*
512 F.3d 865 (7th Cir. 2008) .............................................................................. 11

*Sanders v. Venture Stores,*
56 F.3d 771 (7th Cir. 1995) .................................................................................. 5

*Savage v. UNITE HERE,*
No. 05 Civ. 10812, 2008 U.S. Dist. LEXIS 32219,
at *24 (S.D.N.Y. Apr. 17, 2008) ......................................................................... 10

*Stoermann-Snelson v. St. Luke's Health Sys.,*
2008 U.S. Dist. LEXIS 19867, *10 (D. Kan. Mar. 12, 2008) ............................... 7

*Valley Forge Christian College v. Americans United*
*For Separation of Church and State,*
454 U.S. 464, 472 (1982) ...................................................................................... 8

*Wade v. Knoxville Utilities Board,*
259 F.3d 452 (6th Cir. 2001) ................................................................................ 5

*Wells v. Xpedx,*
2007 U.S. Dist. LEXIS 33288, *7 (M.D. Fla. May 7, 2007) ................................ 8

*Wrenn v. New York City Health & Hospitals Corp.,*
104 F.R.D. 553 (S.D.N.Y. 1985) .......................................................................... 5

## STATUTES

29 C.F.R. § 541.201(a) ........................................................................................ 10

29 C.F.R. § 541.201(c) ........................................................................................ 10

29 C.F.R. § 541.601(a) .......................................................................................... 9

29 C.F.R. § 541.601(b)(3) ..................................................................................... 9

29 U.S.C. § 216(b) .............................................................................................. 12

FED. R. CIV. P. 23(a)(3) ..................................................................................... 12

## OTHER AUTHORITIES

N.Y. COMP. CODES R. & REGS.
tit. 12, § 142-2.2 (2008) ........................................................................................ 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## I. INTRODUCTION

HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A. (referred to herein as "HMCU" and "HBUS", respectively, and collectively as "Defendants") respectfully submit the following Opposition to Plaintiffs' Motion for Leave to Amend their First Amended Complaint ("FAC"). Plaintiffs Wong, Chaussy and Shearn ask this Court to allow them to amend their FAC by: adding Karen Flanagan, Stephanie Chu and Chad Barbiere as named plaintiffs; adding unlawful deduction claims under New York, New Jersey and California law; and eliminating the individual retaliation claims of Plaintiff Frederic Chaussy.[1]

Defendants oppose Plaintiffs' request to add unlawful deduction claims under New York, New Jersey and California law for various reasons. First, Defendants will be prejudiced by inclusion of this amendment. Significant discovery has already been conducted, including the depositions of named Plaintiffs Philip Wong and Frederic Chaussy, and four additional, opt-in plaintiffs. Inclusion of the unlawful deduction claims after these depositions have occurred will deprive Defendants of the opportunity to depose these individuals regarding these claims. Moreover, Plaintiffs' substantial delay in adding these claims should not be tolerated. Plaintiffs filed their original complaint over 14 months ago and their First Amended Complaint over a year ago. However, although the facts underlying the claims have long been known to Plaintiffs, they fail to justify such a lengthy delay in amending their FAC.

Defendants also oppose Plaintiffs' request to add Karen Flanagan as a named plaintiff. The portions of this case involving Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, and Premier Mortgage Sales Officers revolve around an allegation that they were misclassified as exempt employees. However, Ms. Flanagan has already admitted under oath that she has no standing to sue Defendants in this case, as she was a highly-compensated, exempt employee. Moreover, Ms. Flanagan has also admitted that she never had a deduction from her commissions occur for the reasons outlined in Plaintiffs' proposed unlawful deduction claims. Given that she has no standing to sue, she is therefore not similarly situated to the putative class

---

[1] Defendants do not oppose Plaintiffs' request to eliminate Plaintiff Chaussy's individual retaliation claims from their Complaint.

1.

members and would be an inadequate class representative.[2]

Defendants further oppose Plaintiffs' request to add Stephanie Chu as a named plaintiff in this case. Ms. Chu was caught on video surveillance stealing company property, which undermines her honesty, trustworthiness and credibility. Her lack of honesty, trustworthiness and credibility is antagonistic to the interests of the putative class members and compromises her ability to serve as an adequate class representative. Accordingly, Defendants respectfully request that Plaintiffs' Motion for Leave to Amend their First Amended Complaint be denied.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Complaint

On May 7, 2007, Plaintiffs Philip Wong and Frederic Chaussy filed a Complaint for Damages with this Court alleging, among other things, wage and hour claims under the federal Fair Labor Standards Act ("FLSA") and California law. On June 29, 2007, Plaintiffs filed a First Amended Complaint, adding state wage and hour claims under New York and New Jersey law and adding Leslie Marie Shearn as a named plaintiff. Now, over 14 months after Plaintiffs filed their original Complaint, and over a year after they filed their First Amended Complaint, Plaintiffs are seeking to file a Second Amended Complaint, adding three new named plaintiffs—Karen Flanagan, Stephanie Chu and Chad Barbiere—and alleged unlawful deduction claims under New York, New Jersey and California law.

### B. Plaintiffs' Purported Meet and Confer Efforts

Plaintiffs contend in their motion that they have "met-and-conferred" repeatedly with Defendants' counsel regarding proposed amendments...." (Plaintiffs' Motion 1:23-24.) Not true. Plaintiffs' purported meet and confer efforts consist of nothing more than sporadic correspondence from their counsel regarding vague and unspecific proposed amendments that are *not even the same amendments for which they are now requesting leave to amend.*

---

[2] The addition of both Karen Flanagan and Chad Barbiere as named plaintiffs in this case is unnecessary. As outlined in Plaintiffs' FAC, filed June 29, 2007, named Plaintiff Leslie Marie Shearn allegedly represents Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Premier Mortgage Sales Officers, as well as "sales assistants" in both New York and New Jersey.

2.

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT   Case No. C 07 2446 MMC [ECF]

Plaintiffs' counsel Bryan Schwartz initially broached the subject of amending the complaint on January 9, 2008 via an e-mail to defense counsel Michelle R. Barrett. (Declaration of Michelle R. Barrett ["Barrett Decl."] ¶ 2, Exh. A.) Mr. Schwartz only stated that Plaintiffs "plan[ned]" to amend the Complaint by adding two to three additional named plaintiffs, adding minimum wage claims, and adding Pennsylvania state law claims. *Id.* Mr. Schwartz provided no specifics.

Plaintiffs did not follow up about amending the Complaint until one month later, when Plaintiffs' counsel Paul Lukas stated in a February 8, 2008 letter to Ms. Barrett that Plaintiffs intended to add a new defendant HSBC Finance Corporation, add Pennsylvania state law claims, add a Pennsylvania named plaintiff, and add a named plaintiff for New York and New Jersey. (Barrett Decl. ¶ 3, Exh. B.) Mr. Lukas did not provide any additional information, nor did he provide the language of the proposed amendments or identify the new named plaintiffs. Ms. Barrett responded via a February 11, 2008 letter to Mr. Lukas that Defendants would not stipulate to adding Pennsylvania state law claims or adding a Pennsylvania named plaintiff. (Barrett Decl. ¶ 4, Exh. C.) Ms. Barrett also pointed out that she had just learned from Mr. Lukas about Plaintiffs' desire to add HSBC Finance Corporation as a defendant. *Id.*

On March 5, 2008, after Mr. Schwartz returned from a leave, he sent an e-mail to Ms. Barrett stating that Plaintiffs planned to add minimum wage claims to their Complaint. (Barrett Decl. ¶ 5, Exh. D.) He provided no additional information about the proposed amendments. Mr. Schwartz requested that Ms. Barrett provide him with "the final status of Defendant's position on all of the amendments we are seeking." *Id.* On March 11, 2008, Ms. Barrett summarized via letter to Mr. Schwartz and Mr. Lukas Defendants' understanding of Plaintiffs' proposed amendments to the complaint: that Plaintiffs wished to add named plaintiffs to the case, add Pennsylvania state law claims, add HSBC Finance Corporation as a defendant, and to add minimum wage claims to the lawsuit. (Barrett Decl. ¶ 6, Exh. E.) Ms. Barrett noted in her letter that Plaintiffs had already amended their Complaint once nearly one year prior, and that Defendants would not agree to the additional amendments now being proposed by Plaintiffs. *Id.*

3.

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT   Case No. C 07 2446 MMC [ECF]

The vague and unspecific proposed amendments that were the subject of Plaintiffs' purported meet and confer efforts are not even the same amendments for which they are now—*months* after being told by Defendants that Plaintiffs would need to make a motion to request the amendments—requesting leave to amend; specifically, by their motion Plaintiffs are *not* seeking leave to add Pennsylvania state law claims, to add HSBC Finance Corporation as a defendant, or to add minimum wage claims to the lawsuit, but *are* seeking to add unlawful deduction claims, which were *never* raised by Plaintiffs' counsel or discussed. Therefore, in effect, Plaintiffs have not met and conferred with Defendants *at all* concerning the proposed amendments in their motion, and their motion should be denied on that basis alone.

Additionally, during the meet and confer process Plaintiffs' counsel verbally notified Ms. Barrett that Plaintiffs intended to replace named plaintiff Leslie Marie Shearn with another named plaintiff, and until very recently, Plaintiffs have failed to respond to written discovery requests concerning Ms. Shearn. Moreover, Plaintiffs have further failed, until very recently, to offer any dates for Ms. Shearn's deposition, despite the fact that Defendants have been asking to depose Ms. Shearn for seven months. (Barrett Decl. ¶ 7.) However, contrary to Plaintiffs' counsel's earlier statements and conduct indicating that Ms. Shearn would not longer serve as a named plaintiff, Plaintiffs have not replaced Ms. Shearn with another named plaintiff as part of their proposed amendments in their motion. The proposed amendments about which Plaintiffs "met and conferred" with Defendants are at odds with the proposed amendments for which they are now seeking leave to amend, and their motion should be denied on that basis.

### III. LEGAL ARGUMENT

#### A. The Legal Standard

In considering whether to allow leave to amend a complaint, a district court considers four factors: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 2007 WL 1068194, *1 (N.D. Cal. Apr. 10, 2007) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

### B. Defendants Will Be Prejudiced By Allowing Plaintiffs To Add The Unlawful Deduction Claims.

Defendants will be prejudiced by allowing Plaintiffs to add the proposed unlawful deduction claims. Defendants have already deposed named Plaintiffs Philip Wong and Frederic Chaussy, as well as four additional, opt-in plaintiffs. In addition, Defendants have propounded written discovery, based upon the then-allegations in the Complaint and FAC. If Plaintiffs are permitted to add the unlawful deduction claims after this discovery has been conducted, Defendants will be prejudiced in their ability to defend against these new claims. At a minimum, Defendants will be required to re-depose Plaintiffs Wong and Chaussy and the four additional, opt-in plaintiffs, and propound further written discovery, resulting in prejudice to Defendants, as well as additional expense and delay. Accordingly, Plaintiffs' request to add the unlawful deduction claims should be denied. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. Cal. 1989) (affirming denial of leave to amend, holding that putting defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery" would cause undue prejudice); *Sanders v. Venture Stores*, 56 F.3d 771, 775 (7th Cir. 1995) (upholding denial of leave to amend, finding that if the amendment was allowed the defendant would be compelled to incur additional discovery costs, and that there would be undue delay and prejudice); *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458-59 (6th Cir. 2001) (upholding district court's finding of prejudice when plaintiff requested leave to amend that would have required the retaking of depositions and new, additional discovery); *Wrenn v. New York City Health & Hospitals Corp.*, 104 F.R.D. 553, 559 (S.D.N.Y. 1985) (denying leave to amend, finding prejudice because defendants had already deposed plaintiff and "[i]f leave were granted, defendants would be put to the expense and burden of conducting further discovery regarding the new claims.").[3] Given the prejudice that Defendants will suffer, their addition of these new claims should be denied.

---

[3] Moreover, it is unlikely that Plaintiffs will even make Plaintiffs Wong and Chaussy and the four opt-in plaintiffs available again for deposition, as thus far they have steadfastly refused to re-produce Plaintiff Wong, despite the fact that Plaintiff Wong lives locally, to allow Defendants to complete his deposition. (Barrett Decl. ¶ 8.)

5.

### C. There Has Been Undue Delay, Which Amounts to Bad Faith, In Adding The Unlawful Deduction Claims.

The Court should deny Plaintiffs' request to add the alleged unlawful deduction claims because there has been undue delay by Plaintiffs in adding the claims, as Plaintiffs originally filed their complaint over 14 months ago, *and* Plaintiffs have already amended their complaint once before, on June 29, 2007, over one year ago. *See Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (upholding denial of leave to amend in part because plaintiff moved to amend over a year after she filed her original complaint); *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000) (upholding denial of leave to amend in part because the case was already one and a half years old and the plaintiffs had already amended their complaint once previously); *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial of leave to amend, noting that the district court found delay by plaintiffs in moving for leave to amend a year and a half after the case was filed); *Marcussen v. Leavitt*, 2005 U.S. Dist. LEXIS 39124 (D.N.M. Dec. 19, 2005) (denying leave to amend because plaintiff waited nearly a year to seek leave to amend).

Plaintiffs offer no explanation *whatsoever* to explain such a delay. In their motion, Plaintiffs assert that their unlawful deductions claims are based upon an alleged "policy of forcing loan officers to pay for uncollected loan application fees where loan transactions fail for any reason...." (Plaintiffs' Motion 4:16-18.) A copy of the challenged "policy" (incentive plan) concerning uncollected loan application fees is provided by Defendant HMCU to all of individuals participating in the incentive plan, including named Plaintiffs Wong and Chaussy. (Declaration of Jeanette Jennings ["Jennings Decl."] ¶ 3.) As such, Plaintiffs have long had notice of the facts underlying their unlawful deduction claims; yet, they have provided *no reason* why they did not allege unlawful deduction claims in their original complaint or their FAC, which were both filed over a year ago. Accordingly, Plaintiffs' proposed amendment to add the alleged unlawful deduction claims should also be denied on that basis. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (affirming denial of leave to amend, observing that the facts underlying the proposed new claim were known to plaintiff at the time the lawsuit was

filed); *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) (upholding denial of leave to amend, noting that "late amendments to assert new theories are not reviewed favorably when the facts and the theories have been known to the party seeking amendment since the inception of the cause of action"); *Stoermann-Snelson v. St. Luke's Health Sys.*, 2008 U.S. Dist. LEXIS 19867, *10 (D. Kan. Mar. 12, 2008) (denying leave to amend, noting that the facts underlying the proposed amendment were been available to plaintiff from the outset of the litigation); *Jewett v. IDT Corp.*, 2007 U.S. Dist. LEXIS 67284 (D. N.J. Sept. 11, 2007) (denying leave to amend, finding that the document upon which the proposed amendment was based was known to plaintiff at the time he filed his original complaint); *Gonzalez v. Allstate Ins. Co.*, 2005 U.S. Dist. LEXIS 45773, *8-9 (C.D. Cal. Aug. 1, 2005) (denying leave to amend, finding that plaintiff knew the facts on which he based his proposed amendment at the time he filed his original complaint).

Even assuming, *arguendo*, some of the plaintiffs did not have notice of this policy during their employment, Plaintiffs' counsel asked questions about HMCU's policy concerning uncollected loan application fees at the deposition of Jeanette Jennings, Group Director for Human Resources at HBUS, which took place on December 19, 2007, *over six months* prior to Plaintiffs' filing of their motion for leave to amend. (*See, e.g.,* Deposition of Jeanette Jennings ["Jennings Depo."] 113:9-115:7, attached to Barrett Decl. ¶ 9, Exh. F.) Also, HMCU's "policy" concerning uncollected loan application fees was raised by named Plaintiff Philip Wong at his deposition, which took place on November 29, 2007, *nearly seven months* prior to Plaintiffs' filing of their motion for leave to amend.[4] (*See, e.g.,* Deposition of Philip Wong ["Wong Depo."] 29:14-30:10, attached to Barrett Decl. ¶ 10, Exh. G.) Despite having the incentive plan containing this "policy" and having conducted discovery regarding the "policy," Plaintiffs have sat on their hands for months while Defendants continued to conduct discovery, and have not sought to amend their complaint until

---

[4] While Plaintiffs may assert that HMCU's policy regarding uncollected loan application fees was already the subject of questioning at Plaintiff Wong's deposition and that there is no prejudice to Defendants, Defendants had no notice beforehand that the "policy" would be the subject of a possible claim in this lawsuit. Accordingly, Defendants would be prejudiced in their ability to defend against these new, more specific claims, and, at a minimum, would be required to re-depose Plaintiff Wong, as well as Plaintiff Chaussy and the four additional, opt-in plaintiffs.

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT    Case No. C 07 2446 MMC [ECF]

now,[5] which has resulted in undue delay. As a result, Plaintiffs' motion to add the unlawful deduction claims should be denied. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (affirming denial of leave to amend, observing that the plaintiff's proposed amendment was based on a document that the plaintiff had discovered nearly a year earlier); *Wells v. Xpedx*, 2007 U.S. Dist. LEXIS 33288, *7 (M.D. Fla. May 7, 2007) (denying leave to amend, holding that newly discovered facts did not justify the undue delay in moving to amend the complaint); *Howard v. Bank of America, N.A.*, 2006 U.S. Dist. LEXIS 54126, *5-6 (D. Ariz. Aug. 3, 2006) (denying leave to amend, finding that the plaintiff waited 11 months to move to amend after receipt of discovery that supported the amendment); *Maldonado v. City of Oakland*, 2002 U.S. Dist. LEXIS 7746, *16 (N.D. Cal. Apr. 29, 2002) (denying leave to amend, observing that plaintiff moved to amend eight months after learning of the facts underlying the proposed amendment); *Gordon v. North Am. Co. for Life & Health*, 2000 U.S. Dist. LEXIS 15799, *15 (S.D. Cal. Sept. 13, 2000) (denying leave to amend, noting that plaintiffs' new counsel conceded that the proposed amendment was readily apparent when he took the case and reviewed the file).

D.  **Plaintiffs' Proposal to Add Karen Flanagan As a Plaintiff Is Futile, as She Does Not Have Standing To Sue In This Case.**

Plaintiffs' request to add Karen Flanagan as a named plaintiff should be denied, because she lacks standing to sue on the claims at issue in this case. Given that she has no standing, allowing amendment of the FAC to include Ms. Flanagan as a named plaintiff would be futile. At an "irreducible minimum" standing requires that a plaintiff show (1) "that he personally has suffered some actual or threatened injury" as a result of defendant's conduct, (2) that the injury "fairly can be traced to the challenged action" and (3) that the injury "is likely to be redressed by a favorable decision." *Valley Forge Christian College v. Americans United For Separation of Church and State*, 454 U.S. 464, 472 (1982); *Fair v. United States E.P.A.*, 795 F.2d 851, 853 (9th Cir. 1986). Plaintiffs' lawsuit pertaining to the Senior Retail Mortgage Lending Consultants, Retail Mortgage

---

[5] As mentioned above, not only have Plaintiffs sat on their hands for months although they had knowledge of the alleged unlawful "policy," but they also failed to *ever* meet and confer with Defendants on the proposed amendment, resulting in continuing prejudice to Defendants as they conducted ongoing discovery from named Plaintiffs and opt-in Plaintiffs.

8.

Lending Consultants, and Premier Mortgage Sales Officers hinges upon the allegation that they were misclassified a "exempt" employees when they should have really been "non-exempt." Despite this focus, Ms. Flanagan has conceded, under oath, that she was exempt from receiving overtime as a "highly compensated" individual. Additionally, she has also conceded that she *never* had deductions made on any of her loans—the deductions which are the subject of Plaintiffs' request to add new causes of action in this case. Ms. Flanagan's admissions demonstrate that she does not have standing to sue in this matter. As a result, Plaintiffs' motion to amend should be denied.

        **1.    Ms. Flanagan Is An Inadequate Class Representative Because She Is Exempt Under the "Highly Compensated" Exemption.**

However, even if Ms. Flanagan did have standing sue, she would be an inadequate class representative because she is not similarly situated to the putative class members. Ms. Flanagan is exempt under the FLSA's highly-compensated employee exemption.[6] Under this exemption, an employee with a total annual compensation of at least $100,000 is deemed exempt under FLSA section 13(a)(1) if the employee customarily and regularly performs any *one* or more of the exempt duties or responsibilities of an executive, administrative or professional employee. 29 C.F.R. § 541.601(a). At her deposition, Ms. Flanagan admitted to earning over $100,000 in 2005 and 2006. (Deposition of Karen Flanagan ["Flanagan Depo."] 67:24-68:3; 69:3-16, attached to Barrett Decl. ¶ 11, Exh. H.) In addition, Ms. Flanagan qualified for this exemption in 2007, as her *pro rata* earnings for 2007 meet the minimum requirement under the regulation.[7]

---

[6] Ms. Flanagan is also classified as "exempt" under New York law. Specifically, New York law recognizes the exemptions provided under the FLSA and its applicable regulations and does not pay overtime to individuals falling within those exemptions. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2 (2008).

[7] An individual who does not work for the employer for a full year because the employment ends before the end of the year qualifies as a highly-compensated exempt employee if the individual receives a pro rata amount of the minimum $100,000 required by the regulation. 29 C.F.R. § 541.601(b)(3). The regulation calculates an individual's pro rata share based on the number of weeks the employee has been employed during that partial year of employment. *Id.* The weekly rate for an individual earning at least $100,000 per year is $1923.08 ($100,000/52 weeks). Ms. Flanagan's employment with HMCU ended on March 30, 2007. (Jennings Decl. ¶ 4.) As a result, Ms. Flanagan worked 13 weeks for HMCU in 2007. In order to qualify under the exemption, she needed to earn at least $25,000.04 (13 weeks x $1923.08/weekly rate). Ms. Flanagan's gross earnings in 2007 total $48,649.21. (Declaration of Stephanie Giron ["Giron Decl."] ¶ 3, Exh. A.) As such, she clearly meets the pro rata threshold for the "highly compensated" exemption.

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT      Case No. C 07 2446 MMC [ECF]

Moreover, not only did Ms. Flanagan earn the necessary amount of money to qualify for the exemption, Ms. Flanagan also regularly and customarily performed one or more duties falling within the administrative exemption. Under the administrative exemption, an individual must perform office or non-manual work directly related to the management or general business operations of the employer or the employer's customers. 29 C.F.R. § 541.201(a). As a Premier Mortgage Sales Officer and Senior Retail Mortgage Lending Consultant, Ms. Flanagan's duties entailed office or non-manual work that directly related to the management or general business operations of HMCU and/or HMCU's customers. As such, she regularly and customarily performed one or more duties falling within the administrative exemption and, thus, meets the requirements to be classified under the "highly compensated" exemption.

At her deposition, Ms. Flanagan described that throughout her employment with HMCU, she counseled affluent customers on various types of mortgages and worked with customers to determine which mortgage program best fit their needs. (Flanagan Depo. 116:24-117:7.) Acting as an adviser or consultant to an employer's clients or customers is considered to be an exempt duty. *See* 29 C.F.R. § 541.201(c). Ms. Flanagan also admitted to being responsible for developing, expanding, and retaining customer relationships. (Flanagan Depo. 117:15-19.) Again, this duty is viewed as a duty falling within the administrative exemption. *See, e.g., Savage v. UNITE HERE*, No. 05 Civ. 10812, 2008 U.S. Dist. LEXIS 32219, at *24 (S.D.N.Y. Apr. 17, 2008) (finding an employee whose duties included promoting and increasing her employer's membership base qualified under the administrative exemption because her work related to "running" and "servicing" the employer's business). Ms. Flanagan further testified that she educated realtors, attorneys, builders, bank branches, and the public on mortgage programs by conducting seminars. (Flanagan Depo. 117:20-118:12.) *See, e.g., Kohl v. Woodlands Fire Dept*, 440 F. Supp. 2d 626, 641 (S.D. Tex. 2006) (reasoning that activities such as coordinating and scheduling the delivery of classes and appearing at community events fall within the category of administrative work recognized by the regulation).[8] *Cf.* 29 C.F.R. § 541.201(c). She also admitted that her duties included supporting the

---

[8] Although *Kohl* was decided under the pre-2004 changes to the FLSA, the *Kohl* court's focus on these activities as duties "directly related to management policies or general business operations"—making them administrative in nature—is still applicable, because the "directly related" standard has

10.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT        Case No. C 07 2446 MMC [ECF]

mortgage sales she generated by taking applications over the phone, completing documentation and taking care of the "business that [she] had in the pipeline." (Flanagan Depo. 122:10-124:8.) These duties are directly related to "assisting with the running or servicing of" HMCU's business. *See, e.g., Roe-Midgett v. CC Services, Inc.*, 512 F.3d 865, 872 (7th Cir. 2008) (finding employees who process customers' insurance claims paperwork are performing an administrative function for the employer's customers, a duty directly related to the servicing of the employer's business as it is of "substantial importance" to the business or its customers). Given HMCU's business focus of serving as a mortgage provider and customers' desire to obtain mortgages, it is clear Ms. Flanagan's taking of applications, completing necessary documentation, and taking care of "business that [she] had in the pipeline" was of substantial importance to HMCU and its customers. Given Ms. Flanagan's regular performance of these duties and her annual salary in excess of $100,000 per year, she is plainly an exempt, highly-compensated employee under the FLSA and therefore does not have standing to sue. Thus, Plaintiffs' motion to amend should be denied.

### 2. Ms. Flanagan Did Not Have Allegedly Improper Deductions Made from Her Pay.

Ms. Flanagan has also admitted that she has no standing to sue with regard to the alleged unlawful deductions claim proposed by Plaintiffs. In particular, when asked about whether her commission was reduced (subject to a deduction) due to the clause at issue in Plaintiffs' proposed amendment, Ms. Flanagan stated: "…I don't have any—I've never had anything like that happen on my loan nor has anybody that I know that works with HSBC have anything like that happen to them on a loan." (Flanagan Depo. 215:5-218:4.) Because Ms. Flanagan did not suffer an actual loss, damage or injury due to any due to alleged improper deductions (or because of an alleged misclassification as exempt), she has not suffered an actual or threatened injury that can be redressed by the Court. *Gladstone Realtors v. Village of Bellwood*, 441 US 91, 100 (1979) ("A plaintiff must always have suffered a distinct and palpable injury to himself that is likely to be redressed if the requested relief is granted.") (citation omitted). Therefore, just as Ms. Flanagan has no standing to sue because of her exempt status, she also has no standing to sue with regard to the

been and is still used post-2004 changes.

11.

alleged "policy" of making unlawful deductions that Plaintiffs wish to add to this case. As a result, Plaintiffs' motion to amend must be denied.

### 3. Ms. Flanagan Is An Inadequate Class Representative Because She Is Not "Similarly Situated" To Other Class Members.

Even if Ms. Flanagan did have standing to sue, she does not share claims that are similar to or typical of the potential class. In order to serve as an adequate class representative, Ms. Flanagan must be "similarly situated" to other members of the class. 29 U.S.C. § 216(b); *see also* FED. R. CIV. P. 23(a)(3).[9] As a highly-compensated, exempt employee, Ms. Flanagan cannot seek to represent members of the putative class who earned less than $100,000 and who claim to be misclassified under the outside sales exemption. Similarly, as someone who did not have alleged unlawful deductions taken her from her commissions, Ms. Flanagan cannot represent members of the putative class who claim that they did have these deductions made (assuming such a claim were to be added to this case). As such, Ms. Flanagan is not similarly situated to members of the putative class and therefore cannot serve as an adequate class representative.[10] Given that Ms. Flanagan is not eligible to participate in this lawsuit and cannot represent other putative class members' interests, Defendants respectfully request that the Court deny Plaintiffs' request to add Ms. Flanagan as a class representative.

### E. Stephanie Chu Will Be An Inadequate Class Representative.

Defendants also oppose Plaintiffs' request to add Stephanie Chu as a named plaintiff. Ms. Chu was caught on video surveillance stealing company property. (Declaration of Amy Young

---

[9] Ms. Flanagan is also an inadequate class representative under the federal class action standard because her claims and defenses are not *typical* of those of the putative class.

[10] It is unclear why Plaintiffs would need to add Ms. Flanagan as a named plaintiff in this case when: (1) Defendants have already agreed that Premier Mortgage Sales Officers are properly part of the class that was conditionally certified by the Court; (2) the Court's March 19, 2008 order includes Premier Mortgage Sales Officers as part of the conditionally certified class; and (3) Plaintiffs already have Leslie Marie Shearn serving as a representative plaintiff. According to Plaintiffs' FAC filed on June 29, 2007, Ms. Shearn represents the Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, and Premier Mortgage Sales Officer class in New York and New Jersey. Given that Ms. Shearn allegedly represents the putative class in New York and that the parties have already agreed to include Premier Mortgage Sales Officers in the putative class, there is no need to add Ms. Flanagan as a named plaintiff to this case. Moreover, they really have no need to add Chad Barbiere as a named plaintiff to this case either. Thus, the Court should refuse to add either Ms. Flanagan or Mr. Barbiere as named plaintiffs in this case.

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT    Case No. C 07 2446 MMC [ECF]

["Young Decl."] ¶ 3, Exh. A.) Stealing company property is prohibited not just by law, but by company policy. (Young Decl. ¶ 4, Exh. B.) Ms. Chu's act of theft undermines her trustworthiness and credibility as a class representative.[11] If allowed to proceed as a class representative, Ms. Chu would seriously compromise the interests of the putative class members. In judging the adequacy of a class representative, courts consider the honesty, trustworthiness and credibility of a named plaintiff. *See Kline v. Wolf*, 702 F.2d 400, 402-403 (2d Cir. 1983) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549-50 (1949)); *see also In Re NYSE Specialists Securities Litig.*, 240 F.R.D. 128, 144 (S.D.N.Y. 2007) (in determining the adequacy of a class representative, the court considered characteristics such as honesty, trustworthiness, and credibility). Whether a blatant disregard of the law or company rules, Ms. Chu's inappropriate act of stealing or taking company property, which was caught on video surveillance, calls her honesty, trustworthiness and credibility into severe doubt, and renders her an inadequate class representative. Therefore, Defendants respectfully request that the Court deny Plaintiffs' request to add Ms. Chu as a class representative.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' motion for leave to amend be denied as set forth above.[12]

Dated: August 1, 2008

/s/ Michelle R. Barrett
MICHELLE R. BARRETT
GEORGE J. TICHY, II
MICHAEL F. MCCABE
KIMBERLY L. OWENS
JUSTIN T. CURLEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

Firmwide:85833987.2 023404.1043

---

[11] Even if Ms. Chu claims she did not "steal" from HMCU, she cannot dispute that she was not authorized to take or borrow company property. (Young Decl. ¶ 3.) As such, her honesty, trustworthiness, and credibility remain a serious issue that makes her an unfit class representative.

[12] In the even the Court should grant any portion of Plaintiffs' request to amend their FAC, Defendants also respectfully request that the parties be required to meet and confer on the proposed amendments, as Defendants wish to ensure that amendments, which were not expressly allowed by the Court, are not included in the pleading filed with the Court.

13.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPP. TO MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT    Case No. C 07 2446 MMC [ECF]