United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PHILIP WONG, et al.,

          Plaintiffs,

   v.

HSBC MORTGAGE CORPORATION (USA), et al.,

          Defendants

                              /

No. C-07-2446 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND; VACATING HEARING**

Before the Court is plaintiffs' "Motion for Leave to Amend," filed June 30, 2008, by which plaintiffs seek leave to file a Second Amended Complaint ("SAC"). Defendants have filed opposition. Plaintiffs have not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 22, 2008, and rules as follows.

Leave to amend "shall be freely given when justice so requires." See Fed. R. Civ. P. 15(a). In considering whether to allow an amendment to a pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).

//

1

**1. Adding Unlawful Deduction Claims**

2        Plaintiffs seek leave to add "unlawful deduction" claims under state law.  In

3    particular, plaintiffs seek leave to allege that defendants "have a policy and practice of

4    deducting from employees' wages uncollected loan application fees when loans are

5    ultimately not funded by [d]efendants," (see proposed SAC ¶¶ 77, 86, 94),[1] and that such

6    policy and practice violates California, New York and New Jersey state law.  Defendants

7    oppose plaintiffs' request to add such new claims, on the ground that plaintiffs were aware

8    of the facts supporting such claims before they filed the instant lawsuit, (see Jennings Decl.

9    ¶ 3), and, further, that defendants would be prejudiced by the addition thereof, in that

10   defendants have already deposed six plaintiffs.

11       As noted, plaintiffs did not file a reply to defendants' opposition and, consequently,

12   fail to provide any explanation for their delay in seeking to add the unlawful deduction

13   claims to the instant case.  Nevertheless, "delay, by itself, is insufficient to justify denial of

14   leave to amend."  See DCD Programs, 833 F. 2d at 196.  Thus, the Court turns to the issue

15   of prejudice.  In that regard, the Court first notes that a trial date has not been set, and, as

16   a result, any delay in seeking leave to add the unlawful deduction claims will not require an

17   extension of any deadline or date.  The Court further finds defendants will not be prejudiced

18   if such proposed amendment is conditioned on plaintiffs' counsel making available, for a

19   second deposition, those plaintiffs already deposed by defendants, such second deposition

20   to be limited to issues pertaining to the unlawful deduction claims.

21       Accordingly, the Court will allow plaintiffs to add the proposed unlawful deduction

22   claims, on the above-stated condition.

23

**2. Addition of New Class Representatives**

24       Plaintiffs seek leave to add three new class representatives.

25       First, plaintiffs seek to add Chad Barbiere ("Barbiere") as an additional

26   representative of the New Jersey class.  (See proposed SAC ¶ 12.)  Defendants argue that

27

28       [1]The proposed SAC is Exhibit 4 to plaintiffs' motion.

1  adding Barbiere is unnecessary, because Leslie Marie Shearn is already named as a

2  representative of the New Jersey class, (see Amended Compl. ¶ 9), and plaintiffs propose

3  to continue to so name her in the SAC, (see proposed SAC ¶ 10).  Defendants cite no

4  authority limiting a class to one representative, and the Court is aware of none.

5  Accordingly, the Court will allow plaintiffs to add Barbiere as a class representative.

6       Plaintiffs next seek to add Karen Flanagan ("Flanagan") as an additional

7  representative of the New York class, (see proposed SAC ¶ 10), and to add Stephanie Chu

8  ("Chu") as an additional representative of the California class, (see proposed SAC ¶ 11.)

9  Defendants argue that leave to amend to add either Flanagan or Chu as class

10  representatives would be improper.

11       With respect to Flanagan, defendants offer evidence pertaining to such individual's

12  salary and specific duties, (see, e.g., Barrett Decl. Ex. G; Giron Decl. ¶ 3, Ex. A), and, in

13  reliance thereon, argue she is not a member of the putative class because (1) she is an

14  exempt employee under New York state overtime compensation laws, specifically, under

15  the "highly compensated" exemption, an exemption not generally applicable to the other

16  members of the putative class, and (2) defendants have never reduced Flaganan's wages

17  by imposing the deductions plaintiffs seek to challenge herein.  With respect to Chu,

18  defendants offer evidence that her employment was terminated because of dishonesty.

19  (See Young Decl. ¶ 3.)

20       Plaintiffs have not disputed the above-referenced facts on which defendants rely nor

21  have plaintiffs argued that such facts are insufficient to support a finding that Flanagan and

22  Chu are not appropriate class representatives.  The district court has a "duty to protect the

23  interests of absent class members."  See Silber v. Mabon, 957 F. 2d 697, 701 (9th Cir.

24  1992).  Accordingly, the Court declines to allow amendment for purposes of adding

25  Flanagan and Chu as additional class representatives.

26       **3. Dismissal of Retaliation Claims**

27       Plaintiffs seek leave to delete individual retaliation claims alleged on behalf of

28  Frederic Chaussy; defendants state no opposition thereto.

1      Accordingly, the Court will afford plaintiffs leave to delete such claims.

2 **CONCLUSION**

3      For the reasons stated above, plaintiffs' motion for leave to amend is hereby

4 GRANTED in part and DENIED in part, as follows:

5      1. To the extent plaintiffs seek leave to add unlawful deductions claims, the motion

6 is GRANTED, conditioned on plaintiffs' counsel making available, for a second deposition,

7 those plaintiffs already deposed by defendants, such second deposition to be limited to

8 issues pertaining to the unlawful deduction claims.

9      2. To the extent plaintiffs seek leave to add Chad Barbiere as an additional class

10 representative, the motion is GRANTED.

11      3. To the extent plaintiffs seek leave to delete the individual retaliation claims alleged

12 on behalf of Frederic Chaussy, the motion is GRANTED.

13      4. In all other respects, the motion is DENIED.

14      5. Any Third Amended Complaint shall be filed no later than September 5, 2008.

15      **IT IS SO ORDERED.**

16

17 Dated:  August 20, 2008

                                MAXINE M. CHESNEY

18                                 United States District Judge

19

20

21

22

23

24

25

26

27

28

4