1  GEORGE J. TICHY, II, Bar No. 041146
   MICHAEL MCCABE, Bar No. 111151
2  MICHELLE R. BARRETT, Bar No. 197280
   KIMBERLY L. OWENS, Bar No. 233185
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, California  94108
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-mail: gtichy@littler.com, mmccabe@littler.com,
   mbarrett@littler.com, kowens@littler.com,
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) AND
   HSBC BANK USA, N.A.
9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   Philip Wong, Frederic Chaussy, and Leslie      Case No.  C 07 2446 MMC [ECF]
14 Marie Shearn, individually, on behalf of all
   others similarly situated, and on behalf of    **DECLARATION OF JEANETTE**
15 the general public,                            **JENNINGS IN SUPPORT OF**
                                                  **DEFENDANTS' MOTION FOR RULE**
16            Plaintiffs,                         **11(C) SANCTIONS**

17       v.                                       Date:        October 10, 2008
                                                  Time:        9:00 a.m.
18 HSBC Mortgage Corporation (USA);               Courtroom:   7 (19th Floor)
   HSBC Bank USA, N.A.;  and DOES 1               Judge:       Hon. Maxine M. Chesney
19 through 50, inclusive,

20            Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DECLARATION OF JEANETTE JENNINGS**                    **Case No. C 07 2446 MMC [ECF]**

1    I, Jeanette Jennings, hereby declare and state:

2          1.    I have personal knowledge of the facts set forth below.  If called as a witness,

3    I could and would testify to the following:

4          2.    I am employed by HSBC Bank USA, N.A. (hereinafter "HBUS").  My

5    corporate title is "Senior Vice President."  My functional job title is "Group Director for Human

6    Resources."   In my job, I supervise a group of Human Resources professionals.  I, along with the

7    individuals I supervise, provide Human Resources services for HSBC Mortgage Corporation (USA)

8    (hereinafter "HMCU").

9          3.    Attached hereto as Exhibit A is a true and correct copy of HMCU's

10   Workplace Solicitation and Distribution policy, which is available on the corporate intranet.

11         4.    Attached hereto as Exhibit B is a true and correct copy of HMCU's Electronic

12   Monitoring policy, which is available on the corporate intranet, as well as Plaintiff Philip Wong's

13   signed acknowledgement indicating that he read and fully understood the Electronic Monitoring

14   policy.

15         5.    Attached hereto as Exhibit C is a true an correct copy of HMCU's "Business

16   Principles and Code of Ethics" policies, which are available on the corporate intranet and in hard

17   copy form, as well as Plaintiff Philip Wong's signed acknowledgement indicating that he

18   understands and agrees that he is personally responsible for reading and complying with the

19   information and terms contained in the Code of Ethics and Statement of Business Principles.

20   Additionally, the signed acknowledgement indicates that Mr. Wong acknowledges that he has been

21   provided with the HSBC Employee Handbook/Inside HR location on the corporate intranet, that he

22   has been provided with instructions on how to navigate the intranet, and that he understands and

23   agrees that he is personally responsible for reading and complying with the information and terms

24   contained in the Employee Handbook/Inside HR location on the corporate intranet.

25         6.    Attached hereto as Exhibit D is a true an correct copy of HMCU's

26   "Confidentiality Policy," which is available on the corporate intranet.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECLARATION OF JEANETTE JENNINGS          1.          Case No. C 07 2446 MMC [ECF]

APR-25-2008 17:17 FROM:HSBC NA     6155114 US    TO:FSBC B   Case 3:07-cv-02446-MMC    Document 127    Filed 04/29/2008    Page 3 of 25

1    7.    Attached hereto as Exhibit E is a true an correct copy of the "HSBC North

2    America Information Protection Standard (IPS) Information Security Risk Policy," which is

3    available on the corporate intranet and in hard copy form.

4    8.    Attached hereto as Exhibit F is a true and correct copy of HSBC North

5    America - "Employee Privacy Policy," which is available on the corporate intranet.

6    9.    Attached hereto as Exhibit G is a true and correct copy of HSBC North

7    America - "Personal Conduct Policy," which is available on the corporate intranet.

8    10.    Attached hereto as Exhibit H is a true and correct copy of Mr. Wong's signed

9    acknowledgement stating that he understands that he has access to all employment policies and is

10    also aware of the HSBC North America "Positive Workplace Environment" policy.    The

11    acknowledgement also states that Mr. Wong understands and will comply with the Positive

12    Workplace Environment policy and all other HSBC – North America policies.

13    11.    Attached hereto as Exhibit I is a true and correct copy of Mr. Wong's signed

14    acknowledgement regarding the HSBC North America  - "Removal and Return of Company

15    Property" policy.  In the acknowledgement, Mr. Wong states that he understands that company

16    property, including computer disks and printouts, may not be removed without written authorization.

17    Mr. Wong also states that he understands that company property must be returned upon termination.

18    12.    Attached hereto as Exhibit J are true and correct copies of the signed

19    acknowledgements of Plaintiff Frederic Chaussy regarding the HSBC North America - "Statement

20    of Business Principles and Code of Ethics," including a signed Certificate of Compliance, the HSBC

21    North America - "Information Protection Agreement," the HSBC North America - "Electronic

22    Monitoring Policy."

23    I declare under penalty of perjury under the laws of the States of California and New

24    York and the United States of America that the foregoing declaration is true and correct to the best

25    of my personal knowledge.

26    Executed this 25th day of April 2008, in Cheektowaga, New York.

27

28

PATRICIA A. BURZYNSKI
Notary Public, State of New York

JEANETTE JENNINGS

DECLARATION OF JEANETTE JENNINGS                2.                Case No. C 07 2446 MMC [ECF]

# EXHIBIT A

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT B

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT C

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT D

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT E

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT F

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT G

**THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS**

# EXHIBIT H

# Agreement

Please read and sign. This will be collected and placed in your personnel file.

I understand that I have access to all HSBC - North America employment policies and I am aware of HSBC's Positive Workplace Environment Policy.

I understand and will comply with the Positive Workplace Environment Policy and all other HSBC - North America policies.

Signed: _____     Date: __11/16/05__

Name of Immediate Supervisor: _____

# EXHIBIT I

## REMOVAL AND RETURN OF COMPANY PROPERTY

Company property may not be removed from HSBC premises without written authorization from your department manager. (Authorization forms may be obtained from security services.)

Company property may be defined as any item such as equipment, pagers, telephones, tools, furniture, computer reels, floppy disks, and computer printouts. Company property must be returned to HSBC upon termination.

This agreement will apply both during and after my employment. By signing below, I verify that I have read, understand and will comply with the contents of this agreement, and I acknowledge that my failure to follow all aspects of this agreement is a basis for corrective action, up to and including immediate termination of employment and/or legal action.

Employee Signature

Employee Name

PHILIP WONG

Date Signed

11/16/.5

Social Security Number

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

558.55-0118

# EXHIBIT J

## Acknowledgement of the HSBC Bank USA, N.A.
## Human Resources Policies and My Responsibility to
## Read and Act in Accordance With its Terms

I acknowledge that I have been provided with the HSBC Bank USA, N.A. ("HBUS") Human Resources Policies through the HBUS Intranet location.

I understand and agree that I am personally responsible for reading and complying with the information and terms contained therein. I have also been informed to pay particular attention to the HSBC North America Statement of Business Principles and Code of Ethics.

I also understand and agree that, although information contained in the Human Resources Policies is subject to change as situations warrant (and that such changes will be communicated via updates on the Intranet and/or management notification), I am responsible for ensuring that I have read any changes or updates that may occur.

Frederic Y. CHAUSSY
_____
Employee Name (please print)

09/03/08
_____
Date

_____
Employee Signature

MORT000008

# Certificate of Compliance

I certify that I have read the HSBC North America Holdings Inc. Statement of Business Principles and Code of Ethics and any additional explanations of this policy provided by my business unit.

To the best of my knowledge, since the date of and in connection with my employment with HSBC North America Holdings Inc. or any of its subsidiaries or affiliates (the "Corporation"), I have not violated any federal, state, provincial or local laws or regulations including, where applicable, federal, state or provincial banking or securities laws or regulations.

I further certify that, to the best of my knowledge:

1. All transactions with which I have been associated from the date of my employment with the Corporation to the present date, that were between the Corporation and outside parties, were conducted on an arms-length basis and were in full and good faith compliance with the Corporation's Statement of Business Principles and Code of Ethics.

2. I have not disclosed, nor will I disclose, to unauthorized persons either verbally or in writing, including on the Internet, any confidential, proprietary, or other "inside" information to which I have access as an employee of the Corporation. I also have not profited and will not profit from the use of such type of information (such as buying or selling the stock of any company on the basis of such information). In addition, I will continue to comply with the terms of any applicable Confidentiality or Information Protection Agreement to which I am subject. I am not aware of the illegal use of such type of information by others, nor will I permit such use.

3. I have not disclosed, nor will I disclose, the content of any confidential regulatory examination report to unauthorized persons or persons not officially connected with the examined entity as employee, officer, director, auditor or attorney.

4. I have not, in connection with any communication with a government official or employee including, but not limited to, government examination of the Corporation, made any intentionally false statement, nor any statement which was intentionally misleading or intentionally omitted material facts.

5. I have not, in connection with any communication with a third party which has or is seeking a business relationship with the Corporation, made any intentionally false statement.

MORT000009

6. Neither I, nor any member of my immediate family, has had, from the date of my employment by the Corporation to the present date, any direct or indirect ownership or profit participation (other than through investment in publicly traded securities) in any outside business enterprises which were customers of or suppliers to the Corporation, except as they are specifically listed below.

X None _____ Exceptions (List below)

_____
_____
_____
_____

7. I have not made any improper payments in cash or otherwise, directly or through any intermediary, to or for the direct or indirect benefit of myself, a director, officer or employee of any customer of the Corporation to obtain business for the Corporation, nor to any supplier to the Corporation, nor to any governmental official or employee to obtain business concessions or favorable rulings for the Corporation nor for any other improper purpose.

X None _____ Exceptions (List below)

_____
_____
_____

8. I have not been solicited or approached with an improper request to offer or pay to any customer, supplier or governmental or political official any direct or indirect benefit with the purpose of obtaining a benefit in return for the Corporation or for any other improper purpose, except as specifically set forth below.

X None _____ Exceptions (List below)

_____
_____
_____

9. I have not accepted, nor have I been offered, any entertainment, gift or favor of more than $100 in aggregate value (excluding meals) from any customer, supplier or other third party which has or seeks a business relationship with the Corporation during the preceding year, except as specifically set forth below.

X None _____ Exceptions (List below)

_____
_____
_____
_____

Mort000010

10. I am not aware of any transaction which has been improperly recorded in the books and records of the Corporation.

11. I am not aware of any false statements in the books, records or accounts maintained by the Corporation, including, but not limited to, expense accounts, vouchers, bills, payroll and service records.

12. I understand that I am required to report immediately to the General Counsel of my subsidiary (or to such person as the General Counsel shall designate) or to the General Counsel of the Corporation, any conduct or activity engaged in by any employee of the Corporation or one of its agents which I know or suspect involves fraud or criminality or which may expose the Corporation to liability. I have no knowledge of any such conduct or activity, except as specifically set forth below.

   ☒ None ____ Exceptions (List below)

   _____

   _____

   _____

   _____

13. I understand that I am required to report immediately to the General Counsel of my subsidiary (or to such person as the General Counsel shall designate) or to the General Counsel of the Corporation any conduct or activity engaged in by any entity with a creditor-debtor relationship with the Corporation which I know or suspect involves fraud or criminality or which may expose the Corporation to liability. I have no knowledge of any such conduct or activity, except as specifically indicated below.

   ☒ None ____ Exceptions (List below)

   _____

   _____

   _____

   _____

14. I have read and/or been trained in, understand and will adhere to the policies and procedures of any business unit I work for as they relate to compliance with the law and apply to my responsibilities.

15. To the extent that I have employees who report directly to me, I have reviewed the Statement of Business Principles and Code of Ethics with them if a certificate is not otherwise required of them. I understand, as does each of them, that it is our duty to report any violations of the Statement of Business Principles and Code of Ethics, whether past, present or future, to the General Counsel of my subsidiary (or to such person as the General Counsel shall designate) or to the General Counsel of the Corporation as soon as we become aware of them. Each of the employees with whom I have reviewed the Statement of Business Principles and Code of Ethics has specifically told me that he or she is not aware

MORT000011

of any violations of the Statement of Business Principles and Code of Ethics, except as specifically set forth below.

_X_ None ___ Exceptions (List below)

_____
_____
_____
_____
_____

16. I have not and will not trade, directly or indirectly, in a security issued by an entity which is, or has sought to become, to the best of my knowledge, a customer of the Corporation, or supplier to the Corporation, based upon non-public information concerning that customer or supplier.

17. I have not violated, or assisted any person in, nor do I have knowledge of, any violation of the Statement of Business Principles and Code of Ethics, except as specifically set forth below.

_X_ None ___ Exceptions (List below)

_____
_____
_____
_____

18. I have not violated, nor assisted any person in, nor do I have knowledge of, any violation of the policies and procedures of any business unit I work for which may expose the Corporation to liability, except as specifically set forth below.

_X_ None ___ Exceptions (List below)

_____
_____
_____
_____

19. I understand that failure to abide by the provisions of the Statement of Business Principles and Code of Ethics and the policies and procedures of any business unit I work for may result in termination of my employment.

20. I understand that the Corporation has established an Employee Integrity Tip Line at 888-560-1777, and that employees of the Corporation are encouraged to use the Tip Line to report unethical, fraudulent or criminal activity by employees or agents of the Corporation.

_____        _____
Signature                               Name of Immediate Supervisor

Frdurc Y. CHAISS
Name Printed

04 03/ 06
Date

# Handle with Care
## HSBC's Information Protection Agreement

HSBC believes that information generated in the course of developing and executing on our business plans, and entrusted to us by our customers and employees, should be treated with the utmost respect and care. In every instance, the owners of the information have an expectation of privacy that is grounded in legislation, regulation and/or prudent business practice. Information learned while on the job is the exclusive property of the corporation and should be carefully guarded. In some instances, information pertaining to the corporation, or employees and our customers is so sensitive that it should be kept strictly confidential.

## CONFIDENTIAL INFORMATION

* Confidential corporate information includes but is not limited to non-public technical, business and financial information and plans about the corporation, and trade secrets.
* Confidential customer information is any information about a customer, including credit information and account number, which is not otherwise publicly available.
* Confidential employee information includes but is not limited to social security number, compensation, performance management information, medical information, and home address and phone number (if unlisted).

Confidential information must not be disclosed to unauthorized persons, including competitors and reporters, or to other employees whose duties do not require use of such information.
Confidential information may not under any circumstance be sold or conveyed for profit to unauthorized persons.

## HSBC'S INFORMATION ASSETS

HSBC's Information Assets include:

* All records, including the names, addresses and telephone numbers of customers and customer leads provided by HSBC to its employees.
* All data, text, voice and image information pertaining to the business of HSBC, which is not generally known to the public.
* Hardware owned by HSBC, including mainframe, midrange, microcomputers and peripherals.
* Documentation pertaining to the business of HSBC, including policies, standards and procedures. This includes, but is not limited to, any book of business as well as proprietary training manuals.
* HSBC trade secrets and security systems, and any other products or function used in HSBC systems, including userids and password.
* Any other information used in HSBC business, which is not generally known to the public.

To preserve the confidentiality, privacy and security of our vital information assets, and protect our employees and company, I agree that all HSBC information assets are the property of HSBC, and I agree that:

* I will only use HSBC information assets in ways that benefit HSBC. I will never use HSBC information assets for personal benefit or the benefit of a third party.
* I will not use or share HSBC information assets without the express permission of HSBC Management.
* I will not disclose or distribute HSBC information assets to any third party without the express permission of a HSBC Key Manager (department head).
* I will read and comply with HSBC's information protection policy and operating guide, and will read

MORT000022

and comply with all future policies that are published by the corporation to the extent that they apply to my responsibilities.

- I will never disclose or share my voicemail or computer system access password with anyone. I understand that all activities involving my userid and password are my responsibility. If there is any possibility that my password has been learned by anyone, I will change the password immediately.
- I will lock or logoff the computer system(s), whenever I take breaks, must leave my desk unattended or leave work for the day.
- Upon termination of employment with HSBC and its subsidiaries, all HSBC information assets, including those developed by me, will remain the property of HSBC.
- I will return all equipment (e.g., PCs and modems) as well as all HSBC-owned equipment, data and files.
- I will not remove HSBC information assets from the premises, disclose HSBC information assets to or allow HSBC information assets to be used by any non-HSBC employee, or any unauthorized HSBC employee, without the express written permission of the person(s) responsible for ownership of HSBC's information assets.
- If there is any company-owned information saved on my personal computer system at home, I will return the files to my manager and delete the information from my home system.

## EMPLOYEE OR VENDOR ACCOUNTS

To ensure confidentiality and privacy of account information, employees are prohibited from handling, adjusting or viewing HSBC employee or vendor accounts, including: the employee's or vendor's own account, the employee's or vendor's family member's account; or a friend's account. All employees or vendor account transactions must be pre-approved by a supervisor or manager. Employees are prohibited from viewing their own account, relative's and friend's accounts. Employees are also prohibited from viewing customer accounts unless satisfying a customer inquiry or as approved by a manager.

## ACCESS BADGE

All employees and vendors receive a personal access badge for security purposes of identification, as well, as for allowing access to company premises during times authorized by their managers. Employees and vendors are:

- Required to carry and display their access badge at all times.
- Not permitted to gain access to areas of the facility they are not authorized to enter.
- Solely responsible for their access badge and should not loan their badge to anyone or use another employee's or vendor's access badge.

If an employee or vendor loses their badge, they should notify security and safety services management immediately.

## PERSONAL COMPUTER PROPERTY

An employee's personal computer property is prohibited from being used on company premises without prior consent of management. Personal computer property may be defined as any item such as magnetic disks, diskettes, zip drives, CD ROM's, modems, and/or any equipment that is not considered HSBC property. Bringing personal computer property into HSBC premises without prior consent of management is prohibited.

MORT000023

## REMOVAL AND RETURN OF COMPANY PROPERTY

Company property may not be removed from HSBC premises without written authorization from your department manager. (Authorization forms may be obtained from security services.)
Company property may be defined as any item such as equipment, pagers, telephones, tools, furniture, computer reels, floppy disks, and computer printouts. Company property must be returned to HSBC upon termination.

This agreement will apply both during and after my employment. By signing below, I verify that  I have read, understand and will comply with the contents of this agreement, and I acknowledge that my failsure to follow all aspects of this agreement is a basis for corrective action, up to and including immediate termination of employment and/or legal action.

Employee Signature

Employee Name

Feehan Yong Cheawin

Date Signed

08/23/06

Social Security Number

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

# Electronic Monitoring Policy

In order to provide training and feedback, as well as ensure compliance and quality service to our customers, HSBC periodically monitors and/or records certain employee telephone conversations. Employees and customers must be notified of telephone monitoring and monitoring must only be used for business purposes.

**APPLIES TO:**
This policy applies to all employees.

**POLICY GUIDELINES:**
The following is a list of policy guidelines:

* Employee conversations will be monitored for legitimate business purposes
* Personal calls may be recorded, but should never be monitored; if you identify a personal call in the course of monitoring an employee, the monitoring should be discontinued immediately
* Telephone conversations may be recorded for use in monitoring at a later time; recorded calls are destroyed on a regular basis
* When permitted by state laws, violations of company policies or applicable laws detected during monitoring may be grounds for disciplinary action, up to and including terminations
* Monitoring is done through the use of extension telephone or other means supplied by a common carrier
* All new employees must sign the Electronic Monitoring Agreement, even if their positions are not currently subject to telephone monitoring

The following list are persons that may perform telephone monitoring:

* Department managers
* Supervisors
* Senior level employees
* Associates (for training purposes)
* HSBC business partners

**EMPLOYEES NOTIFICATION:**
Employees should know that:

* Telephone calls may be recorded at management's discretion, provided that both the employee and customer have consented to being taped
* Employees may not electronically monitor or record conversations in the workplace without first disclosing their intent to monitor and receiving management consent
* In locations where telephone monitoring is performed, a sign notifying the employees of the monitoring should be posted

The sign should read as follows:

Employee Electronic Telephone Monitoring Policy: Your business telephone calls may be monitored for training purposes to ensure compliance and quality service to our customers. In order to monitor business calls at a later time, all telephone conversations may be recorded.

MORT000020

## CONTACT

For more information contact:

Human Resources

I, _Frank Yuri CHAUSSY_, have read this document and fully understand the HSBC – North America Electronic Monitoring Policy, and I agree that my business telephone conversations may be monitored and recorded in accordance with this policy.

Employee Signature

Date Signed

08/ 23/ 06

Witness Signature

Date Signed

8/23/06

Policies and Programs - 47

MORT000021