1  GEORGE J. TICHY, II, Bar No. 041146
   MICHAEL McCABE, Bar No. 111151
2  MICHELLE R. BARRETT, Bar No. 197280
   KIMBERLY L. OWENS, Bar No. 233185
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, California  94108
5  Telephone:  (415) 433-1940
   Facsimile:  (415) 399-8490
6  E-mail: gtichy@littler.com, mbarrett@littler.com,
   kowens@littler.com, mmccabe@littler.com
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) AND
   HSBC BANK USA, N.A.
9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13
   Philip Wong, Frederic Chaussy, and Leslie        Case No.  C 07 2446 MMC [ECF]
14 Marie Shearn, individually, on behalf of all
   others similarly situated, and on behalf of      **DECLARATION OF GEORGE J.**
15 the general public,                              **TICHY, II, IN SUPPORT OF**
                                                    **DEFENDANTS' MOTION FOR RULE**
16              Plaintiffs,                          **11(C) SANCTIONS**

17        v.                                        Date:        October 10, 2008
                                                    Time:        9:00 a.m.
18 HSBC Mortgage Corporation (USA);                 Courtroom:   7 (19th Floor)
   HSBC Bank USA, N.A.;  and DOES 1                 Judge:       Hon. Maxine M. Chesney
19 through 50, inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECLARATION OF GEORGE J. TICHY, II                            Case No. C 07 2446 MMC [ECF]

1       I, GEORGE J. TICHY, II, declare and state as follows:

2          1.    I am an attorney licensed to practice in the State of California and a

3 shareholder in the law firm of Littler Mendelson, attorneys for Defendants in the above-captioned

4 matter. I have personal knowledge of the matters set forth below, and if called as a witness I could

5 testify competently to matters contained therein.

6          2.    On May 29, 2007, I received a letter from Plaintiffs' counsel, Bryan Schwartz

7 ("Schwartz"), regarding the importance of preserving electronically stored information in this case.

8 Attached hereto as Exhibit A is a true and correct copy of this letter.

9          3.    On May 30, 2007, I sent Schwartz a letter regarding the retention and

10 preservation of evidence. Attached hereto as Exhibit B is a true and correct copy of this letter.

11          4.    On June 28, 2007, I sent Schwartz a letter regarding the solicitation of

12 Defendants' employees during working hours. Attached hereto as Exhibit C is a true and correct

13 copy of this letter.

14          5.    In response to the letter attached herein as Exhibit C, Schwartz told me that he

15 did not believe that anyone from his firm had contacted Defendants' employees during working

16 hours, but if they had, they would not do so anymore.

17          6.    Subsequent to this conversation, I learned that Defendants' employees were

18 being solicited by Plaintiff Wong. In response, I sent a letter to Schwartz dated July 16, 2007

19 reminding them of the limitations placed on solicitation of employees. Attached hereto as Exhibit D

20 is a true and correct copy of this letter.

21          7.    Some time thereafter, I learned that Defendants' employees were receiving

22 calls from Plaintiffs' counsel on their cellular phones during working time. In response, I sent a

23 letter to Schwartz dated July 20, 2007 requesting the cessation of such activities. Attached hereto as

24 Exhibit E is a true and correct copy of this letter.

25          8.    That same day, I received an e-mail response from Schwartz. Attached hereto

26 as Exhibit F is true and correct copy of this e-mail.

27          9.    Thereafter, on July 25, 2007, I sent Schwartz a letter expressing continuing

28 concern about contact with employees on their mobile telephones and about Nichols Kaster using

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DECLARATION OF GEORGE J. TICHY, II**     1.     **Case No. C 07 2446 MMC [ECF]**

1    Anderson using information from Defendants' employee directory.  Attached hereto as Exhibit G is

2    a true and correct copy of this letter.

3          I declare under penalty of perjury under the laws of the State of California that the

4    foregoing is true and correct.  Executed this 5th day of September, 2008 at San Francisco, California.

GEORGE J. TICHY, II

Firmwide:86521153.1 023404.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DECLARATION OF GEORGE J. TICHY, II          2.          Case No. C 07 2446 MMC [ECF]

# EXHIBIT A

the **Voice** for employees

**...chols Kaster & Anderson, LLP**

May 29, 2007

**VIA EMAIL**
Littler Mendelson
George J. Tichy, II
650 California Street
20th Floor
San Francisco, California 94108-2693
Telephone: (415) 433-1940
Fax: (415) 399-8490
Email: gtichy@littler.com

> Re:    *Wong, et al., v. HSBC Home Mortgage (USA), et al.*
>        *Court File No.: C07-2446EDL*

Dear Counsel:

Please be advised that we believe electronically stored information to be an important and irreplaceable source of evidence in this case. The discovery requests that will be served by Plaintiffs in this matter will seek information from Defendant's computer systems, removable electronic media and other locations. This includes, but is not limited to, e-mail, word processing documents, spreadsheets, calendars and network access information. We will be requesting all such information relevant to plaintiffs' work hours, compensation, job duties, complaints regarding hours and pay, and Defendant's efforts to comply with the wage and hour laws. It has been our experience that the servers and hard drives the employees and managers have access to contain much of this relevant material.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. As you know, due to its format, electronic information is easily deleted, modified, or corrupted. Accordingly, we ask that Defendants take every reasonable step to preserve this information until the final resolution of this matter. This includes, but is not limited to, an obligation to discontinue all data destruction and backup tape recycling policies. We would request that you review the current version of the ABA rules on electronic evidence with your client.

We look forward to working with you on this case.

Sincerely,

Bryan J. Schwartz

# EXHIBIT B

# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

May 30, 2007

George J. Tichy, II
Direct Fax: 415.743.6608

**VIA EMAIL**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111

Re:   **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
       **USDC Action No. C 07-2446 EDL**

Dear Bryan:

I am in receipt of your May 29, 2007 letter regarding retention of evidence.  Our firm is aware of the requirements regarding preservation of evidence, including electronic evidence, and will consult with our client accordingly.

Your letter raises a concern which we have in defending this matter.  As you are aware, your clients have a similar obligation to preserve all evidence, including any electronic evidence.  That means, among other things, home computers, laptops, PDAs and other sources of electronic information should not be deleted, modified or corrupted , and of course, any writings need to be preserved.

We look forward to working with you in this matter and anticipate your cooperation regarding the issues discussed above.

Very truly yours,

GEORGE J. TICHY, II

GJT/lc

cc:   Client

Firmwide:82541747.1 023404.1000

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, CA  94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, (url)

# EXHIBIT C

**FILE**

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

June 28, 2007

George J. Tichy, II
Direct Fax: 415.743.6608

**VIA FAX & U.S. MAIL**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111

Re:    **Philip Wong, et al. v. HSBC Mortgage Corp., et al.
       USDC Action No. C 07-2446 EDL**

Dear Bryan:

It is unfortunate that you will not dismiss HSBC Bank at this stage.  As I mentioned to you earlier, we are agreeable to a dismissal without prejudice.  However, if you believe that a 30(b)(6) deposition is required, we will cooperate as long as the deposition is limited to issues limited to whether the Bank employs any of the individuals mentioned.  Obviously, HSBC Mortgage is not only solvent but has the ability to respond to any judgment which may be rendered in your clients' favor.

It has come to our attention that someone from your office has been contacting employees at HSBC Mortgage during working hours.  Although we don't know the extent of these solicitations, we have received various complaints.  As you may not be aware, HSBC Mortgage has a "no solicitation" rule which applies across the board to any person attempting to solicit at the Company.  Moreover, the employees have a right to privacy and are expected to work during work time.  I must insist that you or any representative of your office not contact employees at HSBC Mortgage during work time.   Of course, you may contact after work anyone who is not a supervisor or part of management, assuming that the person has any interest in speaking to anyone from your office.

Very truly yours,

GEORGE J. TICHY, II

GJT/lc

cc:    Client

Firmwide:82687861.1 023404.1043

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
650 California Street, 20th Floor, San Francisco, CA  94108.2693  Tel: 415.433.1940  Fax: 415.399.8490, (url)

# EXHIBIT D



# FILE

**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

July 16, 2007

George J. Tichy, II
Direct Fax: 415.743.6608

**VIA EMAIL & U.S. MAIL**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111

Re:  **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
**USDC Action No. C 07-2446 EDL**

Dear Bryan:

It has come to our attention that Philip Wong has been contacting other employees during work time to solicit and involve employees in the above lawsuit. This conduct by Mr. Wong not only violates the Company's no-solicitation rule but could be a basis for immediate discipline and potential discharge from employment. In order to avoid such a consequence, I am again writing to remind you of the limitations placed on plaintiffs and plaintiffs' counsel regarding the potential solicitation of the putative class members. It is my specific request that you immediately contact Mr. Wong and advise him that any further solicitation of potential class members during work time may result in discipline or discharge.

Both of our firms have cooperated to assure that appropriate standards are met during the handling of this lawsuit. Your continued cooperation will be appreciated.

Very truly yours,

GEORGE J. TICHY, II

GJT/lc

cc:    Client

Firmwide:82787218.1 023404.1043

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

# EXHIBIT E



FILE

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

July 20, 2007

George J. Tichy, II
Direct Fax: 415.743.6608

COLORADO

CONNECTICUT

**VIA EMAIL & U.S. MAIL**

DISTRICT OF
COLUMBIA

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111

FLORIDA

GEORGIA

Re:  **Philip Wong, et al. v. HSBC Mortgage Corp., et al.
USDC Action No. C 07-2446 MMC**

ILLINOIS

INDIANA

Dear Bryan:

Your law firm's method of handling this case appears to be encroaching upon legal
and ethical lines. We have received calls that your firm has contacted members of
my clients' management as well as other employees, including calls to their cellular
phones and during working time. To give you a sense of the magnitude of this
issue, we have been advised that contacts have been made in Charlotte, Portland,
Houston, Minnesota, and New Jersey.

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

You should be aware that members of management are company representatives
and cannot be contacted without company authorization. Given the number of
reports which we have received, it appears that your law firm is not receiving the
response you anticipated. However, that does not justify any activities which cross
the line.

NEW JERSEY

NEW YORK

NORTH
CAROLINA

Should these improper activities not cease immediately, you will provide us with no
other alternative but to take this matter up with Judge Chesney.

OHIO

PENNSYLVANIA

Very truly yours,

RHODE ISLAND

SOUTH
CAROLINA

GEORGE J. TICHY, II

GJT/lc

TEXAS

cc:    Client

VIRGINIA

Firmwide:82809745.1 023404.1043

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, CA 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490, (url)

WASHINGTON

# EXHIBIT F

**Chow, Lonell F.**

| | |
|---|---|
| From: | Schwartz, Bryan [schwartz@nka.com] |
| | Friday, July 20, 2007 1:38 PM |
| To: | Tichy, George J.; Barrett, Michelle R. |
| Cc: | Honkanen, Melissa; Chow, Lonell F. |
| Subject: | Wong, et al. v. HSBC; HSBC Intimidation |

Mr. Tichy and Ms. Barrett:

You have been courteous enough to let me know about what you and your client consider to be potentially improper solicitation activities by either my firm's representatives or my client, Mr. Wong. We have acted quickly to ensure that no improper solicitation is occurring. I believe your July 20, 2007 letter alleging solicitation of managers is misguided. We have not intentionally attempted to contact any HSBC managers regarding this case and have not spoken to any current HSBC manager about HSBC's overtime practices.

Now I must let you know about an improper practice by HSBC, about which we have received reports. Apparently, one or more HSBC branches has informed its non-management employees - across-the-board - that they may not speak with anyone who contacts them outside of work to discuss the practices of the company.

I was quick to agree that neither we nor our clients should, as a general rule, be contacting potential witnesses or clients about this case during working hours at HSBC facilities. I hope you will agree, equally quickly, that HSBC intimidating non-management employees from cooperating in informal discovery outside of their working hours is inappropriate, as is intimidating employees from joining the suit.

If we see this pattern continuing, we would have no choice but to seek the Court's intervention to prevent it. However, we have typically been able to work with Defendants correct such conduct, and to remedy the effects of such conduct after it has occurred, and I hope we can do so in this case. If we continue to hear reports of such intimidation, then we will need to discuss with you not only how to stop the intimidation immediately, but ways in which to remedy the effects of intimidation.

Please respond by July 27, 2007, with your assurances that HSBC has been instructed not to intimidate its employees from voluntary cooperation or participation in this case. Thank you in advance for your prompt cooperation.

Sincerely,

Bryan Schwartz

1

# EXHIBIT G



ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH
CAROLINA

OHIO

PENNSYLVANIA

RHODE ISLAND

SOUTH
CAROLINA

TEXAS

VIRGINIA

WASHINGTON

July 25, 2007

George J. Tichy, II
Direct Fax: 415.743.6608

**VIA EMAIL & U.S. MAIL**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111

Re:   **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
       **USDC Action No. C 07-2446 MMC**

Dear Bryan:

I appreciated your response to my letter, dated July 20, 2007.  I want you to know that several of the people who were contacted at the Company said that they were contacted on their cell phones.  They expressed concern because the individual's cell number was not generally known.  In following up, I have learned that the Company maintains cell phone information in its directory, which is to be used only for business purposes.  If your firm is using the Company's directory to obtain phone numbers, please discontinue using the Company's directory immediately.

I have inquired about any practice which the Mortgage Company or the Bank would have regarding limitations on discussion about Company practices outside of work. I note that your email referenced "HSBC branches".  It would be helpful if you could identify which branch or location would have a practice of the type you mentioned. Our initial review indicates that each company each has limitations regarding proprietary information, confidential information, trade secrets, and other protected business practices which are not generally known to the general public.  If there are other limitations at specific locations which are of concern to you, I would appreciate your providing me with the specific information and I will look into the matter.

We look forward to continuing cooperation as we represent our respective clients in this matter.

Very truly yours,

GEORGE J. TICHY, II

GJT/lc

cc:   Client