GEORGE J. TICHY, II, Bar No. 041146
MICHAEL MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California  94108
Telephone:  (415) 433-1940
Facsimile:  (415) 399-8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com,

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.;  and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 07 2446 MMC [ECF]<br><br>**DECLARATION OF MICHELLE R. BARRETT IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS**<br><br>Date:          October 10, 2008<br>Time:          9:00 a.m.<br>Courtroom:  7 (19th Floor)<br>Judge:        Hon. Maxine M. Chesney |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECLARATION OF MICHELLE R. BARRETT          Case No. C 07 2446 MMC [ECF]

1             I, MICHELLE BARRETT, declare and state as follows:

2                1.     I am an attorney licensed to practice in the State of California and I am a

3 shareholder in the law firm of Littler Mendelson, attorneys for Defendants in the above-captioned

4 matter. I have personal knowledge of the matters set forth below, and if called as a witness I could

5 testify competently to matters contained therein.

6                2.     On July 13, 2007, Defendant HSBC Mortgage Corporation received

7 Plaintiffs' Requests for Production (Set One). Attached hereto as Exhibit A is a true and correct

8 copy of Plaintiffs' Request for Production (Set One).

9                3.     Subsequently Plaintiffs propounded the same Requests for Production upon

10 Defendant HSBC Bank USA, N.A ("HBUS").

11                4.     On April 7, 2008, in response to Plaintiffs' discovery requests, Defendants

12 produced e-mail communications between Plaintiff Wong and his attorney, Bryan Schwartz

13 ("Schwartz"), that were discovered on Defendants' e-mail system during its search for responsive

14 documents.

15                5.     Included with Defendants' April 7, 2008 production of documents I sent a

16 letter to Plaintiffs' counsel, Bryan Schwartz, stating Defendants' position that Plaintiff Wong waived

17 the attorney-client privilege as to e-mail communications exchanged on the company e-mail system.

18 Attached hereto as Exhibit B is a true and correct copy of this letter.

19                6.     On September 10, 2007, Defendants produced company policies applicable to

20 Plaintiffs Wong and Chaussy.

21                7.     On September 11, 2007, Schwartz referred to these policies during David

22 Gates' deposition. Attached hereto as Exhibit C is a true and correct copy of an excerpt from David

23 Gates' deposition on September 11, 2007.

24                8.     On January 31, 2008, Defendant HSBC Mortgage Corporation (USA)

25 propounded requests for production upon Plaintiffs Wong and Chaussy. A true and correct copy of

26 the Requests propounded upon Plaintiff Wong are attached hereto as Exhibit D.

27                9.     Request for Production Nos. 2, 4 and 30 in Exhibit D are the same requests

28 propounded upon Plaintiff Chaussy.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DECLARATION OF MICHELLE R. BARRETT**     1.               **Case No. C 07 2446 MMC [ECF]**

1        10.    On February 29, 2008 Plaintiffs' provided Responses to Defendant HSBC

2    Mortgage Corporation's Request For Production of Documents.  Attached hereto as Exhibit I is a

3    true and correct copy of Plaintiff Wong's Responses.    Attached hereto as Exhibit J is a true and

4    correct copy of Plaintiff Chaussy's Responses.  Plaintiffs' counsel, Nichols Kaster, attached a letter

5    to Plaintiffs' Responses to Defendant HSBC Mortgage Corporation (USA)'s Request for Production

6    of Documents.   The letter included an index of documents produced with Plaintiffs' responses.

7    Attached hereto as Exhibit E is a true and correct copy of the letter.

8        11.    Included with Plaintiff Chaussy's responsive documents were two documents

9    which contain confidential financial information about putative class members.

10        12.    Attached hereto as Exhibit F is a true and correct copy of the e-mail and

11    attachment produced by Plaintiff Chaussy entitled "Status Report By LO" (Bates No. NKA002260-

12    002269) which contains confidential information about third party customers and putative class

13    members.  In order to protect the privacy of putative class members, Defendants are filing a Motion

14    For Administrative Relief to file this document under seal.

15        13.    Attached hereto as Exhibit G is at true and correct copy of a document

16    produced by Plaintiff Chaussy and referred to in the letter attached hereto as Exhibit D as "Weekly

17    Production by Offices" (Bates No. NKA001501).  In order to protect confidential, proprietary

18    information, Defendants are filing a Motion For Administrative Relief to file this document under

19    seal.

20        14.    Attached hereto as Exhibit H is a true and correct copy of an excerpt from

21    Philip Wong's deposition on November 29, 2007.

22        15.    On May 13, 2008, only after the previous filing of Defendants' Rule 11

23    Motion for Sanctions, Plaintiffs produced a privilege log on behalf of Plaintiff Wong.  Attached

24    hereto as Exhibit K is a true and correct copy of Plaintiff Wong's Privilege Log.  This privilege log

25    does not identify year-to-date production information about Wong's own production and his co-

26    workers' production that Wong admits, in a December 28, 2007 e-mail, to faxing to Schwartz. To

27    date, Defendants have not received a privilege log on behalf of Plaintiff Chaussy.

28        16.    Plaintiff Wong submitted a sworn declaration in support of Plaintiffs'

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**DECLARATION OF MICHELLE R. BARRETT**    2.    **Case No. C 07 2446 MMC [ECF]**

1   Conditional Certification Motion.  Attached hereto as Exhibit L is a true and correct copy of Wong's

2   Declaration.

3           I declare under penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct.  Executed this 5th day of September 2008 at San Francisco, California.

5

6

7                                                    MICHELLE R. BARRETT

Firmwide:86520490.1 023404.1043

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DECLARATION OF MICHELLE R. BARRETT**        3.        **Case No. C 07 2446 MMC [ECF]**

# EXHIBIT A

1  Donald H. Nichols, MN State Bar No. 78918
   (admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
   (admitted **pro hac vice**)
3  Matthew C. Helland, MN State Bar No. 346214
   (admitted **pro hac vice**)
4  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
5  80 S. 8th Street
   Minneapolis, MN 55402
6
   Bryan J. Schwartz, CA State Bar No. 209903
7  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
8  San Francisco, CA 94111

9  Attorneys for Individual and Representative Plaintiffs

10         IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
11

12  Philip Wong, Frederic Chaussy, and Leslie
    Marie Shearn, individually, on behalf of all       Case No.: 3:07-cv-2446
13  others similarly situated, and on behalf of
    the general public,
14
                          Plaintiffs,
15
       vs.                                         **PLAINTIFFS' REQUESTS FOR
16                                                     PRODUCTION, SET I**
    HSBC Mortgage Corporation (USA);
17  HSBC Bank USA, N.A.; and DOES 1
    through 50, inclusive,
18
                          Defendants.
19

20

21         PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

22  Procedure, Plaintiffs hereby requests that within thirty (30) days after service of this request,

23  Defendant shall produce and permit Plaintiffs to inspect and copy all of the following documents

24  and things at the offices of Nichols Kaster & Anderson, One Embarcadero Center, Suite 720, San

25  Francisco, CA 94111.

26         The Defendant shall also serve a written response within thirty (30) days after service of

27  the request, which response shall state the manner in which Defendant will cooperate with the

28

RECEIVED

JUL 13 2007

LITTLER MENDELSON

---

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

inspection, copying and related activities as to each category of documents and things requested.

## INSTRUCTIONS

1.    This request seeks all specified documents in the actual or constructive possession, custody, and/or control of Defendant, the Defendant's attorneys and/or agents, or which are believed by Defendant, Defendant's attorney(s) and/or agents to exist or previously to have existed.

2.    This request is expressly made continuing, requiring additional and supplemental responses when additional documents and/or things come into the possession custody or control of Defendant, Defendant's attorney(s) and/or agents until the instant action is finally terminated. Defendant must continue to supplement its responses to these requests even after the discovery period in this case closes and even if persons continue to consent to join this action after the discovery period ends.

3.    Should Defendant deem any documents and things within the scope of this request to be privileged, Defendant is requested to list such documents or things and to identify them by designation of the type of document or thing, the date thereof, the name or names of the originator thereof, the name of the addressee, the number of pages or other units, to state the present custodian and location of the document or thing and to state the specific grounds on which the claim of privilege rests in order that Defendant may have a factual basis to determine whether, and the basis upon which, to present the asserted privilege to the Court.

4.    Should the Defendant object to any request, Defendant is requested to specifically and in detail state the grounds and reasons for the objection, and to state in detail the part of language of the rest to which Defendant objects, and state which part of the request, if any, Defendant is answering.

5.    Objection shall be made at trial to introduction of evidence requested by this

-2-

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

Demand for Production but not provided.

6.    If the document or thing requested herein has been destroyed or discarded or otherwise disposed of, Defendant shall set forth in the written response a description of each such document or thing, including its contents, author, or addressee, date of disposal, manner of disposal, reason for disposal, and person disposing of the document or thing.

7.    Defendant may attach a copy of a document of the written response, but the original, if it is in Defendant's, Defendant's attorneys and/or agent(s)' possession, custody, or control must be available for inspection.

## DEFINITIONS

1.    "Statutory period" means from May 7, 2001 to present for all Plaintiffs ever employed in New York, from May 7, 2003 to present for all Plaintiffs ever employed in California, and from May 7, 2004 to present for all Plaintiffs employed outside of New York or California.

2.    "Defendant," "You," or "Your" means HSBC Mortgage Corporation (USA), its subsidiaries, affiliates, officers, directors, managers, agents, and employees.

3.    "Document," "documents," and "things" shall mean all documents and tangible things, including, but not limited to, all written, printed, typed, recorded, graphic, or symbolic matter of every type and description, however, and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, but not limited to, all statements, writings, letters, minutes, correspondence, e-mails, telegrams, bulletins, instructions, charts, literature, work assignments, reports, memoranda, notations, notes of telephone or personal conversations or conferences, contracts, agreements, interoffice communications, notes, notebooks, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, graphs, photographs, data sheets, data compilations, computer data sheets, computer data compilations from which

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

1    information can be obtained or can be translated through detection devices into reasonable usable

2    form, and any other document and thing.

3        4.    "Excel format" means documents in "Microsoft Excel" file types, with file

4    extension ".xls," with tab-separated columns reflecting identified and identifiable data fields.

5

6        5.    "Statement" shall have the same definition as set forth in the second paragraph of

7    Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written

8    statement or signed or otherwise adopted or approved by the person making it, and/or a

9    stenographic, mechanical, electrical and/or other recording or transcription thereof, which is

10   substantially verbatim recital of an oral statement by the person making it.

11       6.    "Relating to" means having any connection with the topic of the request of having

12   some logical or casual connection between the information and the topic of the request whether

13   the document contains a direct reference to the topic of the request or simply describes or

14

15   identifies the topic.

16       7.    "Plaintiffs" means all persons identified as Plaintiffs in the caption and all persons

17   who have filed consent forms in this matter, including persons who file consent forms to join this

18   matter after the discovery period in this case closes.

19       8.    "Personnel File" means all employee records maintained by Defendant's human

20   resource department or other corporate office, and all documents relating the employee

21   maintained by his/her supervisor, co-employee, or other person.

22

23   **REQUESTS FOR PRODUCTION**

24       1.    A list, in Excel format, of all persons employed by Defendant as Senior Retail

25   Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field

26   Administrators, and/or Field Administrators at any of Defendant's locations within the applicable

27   statutory period, including for each his/her name, address, telephone number, dates of

28

-4-

1  employment as a Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending
2  Consultants, Senior Field Administrators, and/or Field Administrators, location of employment,
3  employee number, and last four digits of their social security number. For this Request, the
4  relevant statutory period begins six years prior to the date of the filing of this complaint for New
5  York employees, four years for California employees, and three years elsewhere, and continues
6  until the present.
7
8          2.      Plaintiffs' personnel files.
9          3.      A list, in Excel format, of all persons employed by Defendant at the locations in
10  which Plaintiffs worked, including for each his/her name, address, telephone number, job title,
11  dates of employment, location of employment, and current employment status.
12
13          4.      A list, in Excel format, of all persons employed by Defendant responsible for
14  directly supervising Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending
15  Consultants, Senior Field Administrators, and/or Field Administrators during the applicable
16  statutory period, including for each his/her name, address, telephone number, job title, dates of
17  employment in that position, location managed, and current employment status.
18          5.      A list, in Excel format, of all persons employed by Defendant responsible for
19  directly supervising, during the statutory period, those deemed responsible for supervising Senior
20  Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field
21  Administrators, and/or Field Administrators identified in Interrogatory No. 4 above, including for
22  each his/her name, address, telephone number, job title, dates of employment in that position, area
23  or region managed, and current employment status.
24
25          6.      All documents that identify or describe Defendant's hierarchical structure, during
26  the applicable statutory period, including but not limited to its divisions or departments, the job
27  titles within the structure, and the persons holding board, officer, and management positions
28

-5-

within the structure.

7.    All compensation plans and other documents relating to Defendant's policies, procedures, or methods of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators during the applicable statutory period.

8.    All documents relating to any changes in Defendant's policies, procedures or methods of paying Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators in the last six years.

9.    All records, in Excel format, of compensation paid to Plaintiffs during the applicable statutory period, per week and per pay period.

10.    All documents containing, identifying or describing all communications between Defendant and Plaintiffs relating to their compensation, hours of work, and overtime.

11.    All timesheets or other documents identifying or describing the hours worked by Plaintiffs during the statutory period.

12.    All schedules or other documents identifying or describing the anticipated schedules to be worked by Plaintiffs during the statutory period.

13.    All phone logs, records, bills, or other documents identifying or describing the date and time of Plaintiffs' telephone activity during the statutory period.

14.    All computer logs, records, reports or other documents demonstrating the starting and ending times of Plaintiffs' computer activity during each day of the statutory period.

15.    All email or other electronic messages sent to or from Plaintiffs through Defendant's email or computer systems regarding or in any way relating to their hours worked, overtime, and meals and rest periods during the applicable statutory period.

16.    All emails or other electronic messages sent to or from Plaintiffs' supervisors

-6-

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

through Defendant's email or computer systems during the statutory period regarding or in any way relating to Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators' hours worked, overtime, and meals and rest periods during the applicable statutory period.

17.    All time-stamped documents, including closing documents, security logs, faxes, or other documents that provide an identifiable time for the beginning and ending of work-related activity by Plaintiffs that have not been identified and produced in connection with Interrogatories Nos. 12-16.

18.    All official, published job descriptions identifying or describing the job duties and responsibilities of any non-management positions (i.e., employees who, on a day-to-day basis, are not expected to spend greater than 50% of their time engaged in the management of other employees) during the applicable statutory period.

19.    All job postings, advertisements, or other vacancy listings identifying and describing the Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, Senior Field Administrator, and/or Field Administrator positions during the applicable statutory period.

20.    All orientation materials provided to Plaintiffs upon their hire.

21.    All training materials provided to Plaintiffs during their employment.

22.    All policy, procedure or employee rules, handbooks, or manuals in effect and applicable to Plaintiffs during the statutory period.

23.    All documents used generally by Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators in the performance of their jobs, including any standard manuals, charts, graphs, matrixes, instructions, directions, rules, policies, or procedures.

-7-

24.    All documents that rank or otherwise compare or contrast Senior Retail Mortgage Lending Consultants', Retail Mortgage Lending Consultants', Senior Field Administrators', and/or Field Administrators' performance within each location, area, region or nationally.

25.    All documents relating to Defendant's decision not to pay Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators overtime compensation.

26.    All documents that identify or describe all efforts taken by Defendant to comply with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

27.    All documents that identify, describe, or relate to any claim that Defendant's method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators was performed with a good faith reasonable belief that it was complying with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

28.    All documents that identify, describe or relate to any claim made by Defendant that it relied on attorney advice for any claim that their method of compensating Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators was performed with a good faith reasonable belief that it was complying with the Fair Labor Standards Act and other state wage and hour laws relating to overtime compensation.

29.    All documents relating to oral or written complaints or inquiries by any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's methods of compensation during the last ten years.

-8-

30.    All documents relating to oral or written complaints or inquiries, lawsuits or administrative filings made by any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and Field Administrators regarding Defendant's methods of compensation during the last ten years.

31.    All documents relating to any contact between Defendant and the Department of Labor or any other federal or state government agency regarding Defendant's compensation practices during the last ten years.

32.    All documents containing, identifying or describing all communications between Defendant and any Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators relating to this lawsuit.

33.    All documents that may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

34.    All statements of witnesses or potential witnesses or persons interviewed in connection with this case.

35.    All documents relied upon or reviewed by Defendant's expert witnesses in forming his/her opinions in this matter.

36.    All documents obtained as a result of releases and/or subpoenas relating to this case.

37.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of meal breaks.

38.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail

-9-

Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

39.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed or interrupted rest periods.

40.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding the taking of rest periods.

41.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for missed rest periods.

42.    All documents not produced in response to prior Requests containing guidance provided during the statutory period to Senior Retail Mortgage Lending Consultants, Retail Mortgage Lending Consultants, Senior Field Administrators, and/or Field Administrators regarding compensation for overtime.

July 11, 2007

NICHOLS KASTER & ANDERSON, LLP

/s/

Bryan J. Schwartz, CA State Bar No. 209903
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

Attorneys    for    Individual    and    Representative
Plaintiffs

-10-

PLAINTIFFS' REQUEST FOR PRODUCTION, SET I

# EXHIBIT B



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
N

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

April 7, 2008

Michelle R. Barrett
Direct: 415.677.4089
Direct Fax: 415.743.6618
mbarrett@littler.com

**VIA HAND DELIVERY AND PDF**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111

Re:  **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
**USDC Action No. C 07-2446 MMC**
*Defendant HSBC Mortgage Corporation (USA)'s Production of Document*
*MORT003265-4140*

*Defendant HSBC Mortgage Corporation (USA)'s Request for Production of*
*Documents to Plaintiff Wong, Set 2*

Dear Bryan:

Enclosed please find additional documents (MORT003265-4140) being produced by Defendant HSBC Mortgage Corporation (USA)'s (hereinafter "HMCU") in this matter.

Please note that included as part of HMCU's document production are e-mails marked MORT003658-3660, 3710-3713, and 3736-3737.  In addition, an Email Policy (MORT001587-1598) was included with the previous set of documents produced to Plaintiffs on April 1.  Under the terms of the Email Policy, which applied to the individuals who were employed by HMCU and used HMCU's email systems as of February 16, 2007, company email may be monitored and any personal use of company e-mail will not be considered private.  Further, please also note that per the terms of the "Electronic Monitoring Policy", which has been produced previously in this action and of which Plaintiff Wong has acknowledged receipt, reading, and understanding (*see* MORT000117 and 120), employees have no expectation of a right of privacy when using company e-mail.

Given Plaintiff's Wong's knowledge of the policy and acknowledgment of his understanding and agreement to abide by this policy, it is clear that Plaintiff Wong has waived the attorney-client privilege with regard to communications with you via his employer's e-mail system.    Further, in reviewing Plaintiff Wong's e-mail messages, it is also clear that Plaintiff Wong has also waived the attorney-client privilege by forwarding a chain of messages between himself and you to other

Bryan J. Schwartz, Esq.
April 7, 2008
Page 2

individuals who were not represented by your firm at the time the chain of messages was sent.  *See* MORT003658-3660, 3710-3713, and 3736-3737.

Please be advised that due to your client's waiver of the privilege, HMCU is seeking all written communications between Plaintiff Wong and your firm through the enclosed Request for Production of Documents.  Further, HMCU will conduct a further search of its e-mail system to determine what other e-mail messages may have been sent by your firm to any other HMCU employees.

Very truly yours,

Michelle R. Barrett

MRB
Enclosures

Firmwide:84784878.1 023404.1043

# EXHIBIT C

1

RECEIVED

OCT 07 2007

LITTLER MENDELSON

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP WONG, FREDERICK CHAUSSY,            )

and LESLIE MARIE SHEARN,                   )

individually, on behalf of all            ) Case No. 07-2446

others similarly situated, and            )

on behalf of the general public           )

       Plaintiffs,                        )

  vs.                                    )

HSBC MORTGAGE CORPORATION                  )

(USA),                                     )

       Defendants.                        )

COPY

       The videographic deposition of DAVID

GATES, called for examination pursuant to the Rules

of Civil Procedure for the United States District

Courts pertaining to the taking of depositions,

taken before GINA M. LUORDO, a notary public within

and for the County of Cook and State of Illinois,

at 200 North LaSalle Street, Illinois, on the 11th

day of September, 2007, at the hour of 9:02 a.m.

Reported by:  Gina M. Luordo, CSR, RPR, CRR

License No.:  084-004143



David Gates 30(b)(6) 9/11/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

136

1    A.    Not that I'm aware of.

2    Q.    You've got to let me finish.

3    A.    I'm sorry.

4    Q.    Are there any -- apart from automating the

5    time cards, have there been any changes that have

6    occurred in the time-keeping system that's applied

7    to sales assistants since you've been at HSBC

8    Mortgage Corp.?

9    A.    Not that I'm aware of.

10    Q.    I'm going to show you a document.  I don't

11    have copies of this document because it's a big

12    book, but I'm happy to show it to counsel, which is

13    a binder that says HSBC North America employee

14    handbook.  And my question to you is just going to

15    be is this -- when you referenced the employee

16    handbook, is this essentially what you were

17    referring to, and are you aware of any major

18    changes in this document that occurred?  I'll show

19    it to counsel first.

20    MS. BARRETT:  Is there a date somewhere on

21    here?

22    MR. SCHWARTZ:  There may be, presumably,

23    somewhere.

24    THE WITNESS:  Who's the picture of?  It will

25    tell you how old it is.  Who's the picture?

David Gates 30(b)(6) 9/11/2007
Phillip Wong, et al. v. HSBC Mortgage Corporation, et al.

137

1       MS. BARRETT: Bobby Mehta.

2       THE WITNESS: That might be a finance company

3    document, or it might be -- no, it's North America,

4    so no.  Most of this is online now.  This is --

5    most of this is online, the most current version.

6    It's within our connect EHR process, so yes.  I

7    don't know the date, so -- but a lot of this data,

8    because it talks about connect in here, benefits

9    career opportunities, your business unit, this is

10   all pretty standard.

11   BY MR. SCHWARTZ:

12      Q.  So that document is similar to what the --

13   employee handbook that people receive now except

14   that now a lot of that information is available

15   online?

16      A.  Correct.

17      Q.  And it's still -- the employee handbook is

18   still a document that's generated for all HSBC

19   North America?

20      A.  Yes.  It's online, though, but yes.

21   There's more detail than this because the benefits

22   and stuff like that have all been updated because

23   we change insurers all the time, and policies do

24   change, you know, just days off and stuff like

25   that.

1  STATE OF ILLINOIS  )

2                     )    SS:

3  COUNTY OF C O O K  )

4         I, GINA M. LUORDO, a notary public within

5  and for the County of Cook County and State of

6  Illinois, do hereby certify that heretofore,

7  to-wit, on September 11, 2007, personally appeared

8  before me, at 200 North LaSalle Street, Chicago,

9  Illinois, DAVID GATES, in a cause now pending and

10  undetermined in the United States District Court of

11  the Northern District of California, wherein PHILIP

12  WONG, et al. are the Plaintiffs, and HSBC MORTGAGE

13  CORPORATION (USA), et al. are the Defendants.

14         I further certify that the said DAVID

15  GATES was first duly sworn to testify the truth,

16  the whole truth and nothing but the truth in the

17  cause aforesaid; that the testimony then given by

18  said witness was reported stenographically by me in

19  the presence of the said witness, and afterwards

20  reduced to typewriting by Computer-Aided

21  Transcription, and the foregoing is a true and

22  correct transcript of the testimony so given by

23  said witness as aforesaid.

24         I further certify that the signature to

25  the foregoing deposition was not waived by counsel

148

1    for the respective parties.

2            I further certify that the taking of this

3    deposition was pursuant to notice and that there

4    were present at the deposition the attorneys

5    hereinbefore mentioned.

6            I further certify that I am not counsel

7    for nor in any way related to the parties to this

8    suit, nor am I in any way interested in the outcome

9    thereof.

10           IN TESTIMONY WHEREOF:  I have hereunto set

11   my hand and affixed my notarial seal this 26th day

12   of September, 2007.

13

14

15

16

17   _____

18   NOTARY PUBLIC, COOK COUNTY, ILLINOIS

19   LIC. NO. 084-004143

20

21

22

23

24

25

GINA M. LUORDO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 05, 2010

149

# EXHIBIT D

GEORGE J. TICHY, II, Bar No. 041146
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
JUSTIN T. CURLEY, Bar No. 233287
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Facsimile:    415.399.8490
E-mail: gtichy@littler.com, mbarrett@littler.com,
kowens@littler.com, jcurley@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 07 2446 MMC [ECF]<br><br>**DEFENDANT HSBC MORTGAGE CORPORATION (USA)'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF PHILIP WONG** |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION OF DOCUMENTS/WONG

Case No. C 07 2446 MMC [ECF]

1    PROPOUNDING PARTY:    Defendant HSBC MORTGAGE CORPORATION (USA)

2    RESPONDING PARTY:    Plaintiff PHILIP WONG

3    SET NUMBER:    One (1)

4    TO:    PLAINTIFF AND HIS ATTORNEYS OF RECORD

5    Defendant HSBC MORTGAGE CORPORATION (USA) ("HMCU") hereby requests,

6    pursuant to Federal Rule of Civil Procedure 34, that you produce and permit inspection and copying

7    of the documents described below.  The inspection shall be at the offices of Littler Mendelson, A

8    Professional Corporation, 650 California St., 20th Floor, San Francisco, California, 94108, within 30

9    days of service of this request and continuing as long as reasonably required.

10    **<u>DEFINITIONS</u>**

11    A.    "HMCU" shall refer to Defendant HSBC Mortgage Corporation (USA).

12    B.    "HBUS" shall refer to Defendant HSBC Bank USA, N.A.

13    C.    "Plaintiff," You" or "Your" refers to Plaintiff Philip Wong and/or his attorneys,

14    agents, and all persons acting under his direction or control or on his behalf.

15    D.    "First Amended Complaint" shall refer to the First Amended Complaint filed in the

16    case, <u>Philip Wong, Frederic Chaussy, and Leslie Marie Shearn v. HSBC Mortgage Corporation</u>

17    <u>(USA) and HSBC Bank USA, N.A.</u>, United States District Court for the Northern District of

18    California Case No. C 07 2446 MMC [ECF].

19    E.    "Class Members" shall refer to the class(es) of employees defined by Plaintiff in the

20    First Amended Complaint.

21    F.    "Collective Class" shall refer to the class(es) of employees defined by Plaintiff in the

22    First Amended Complaint.

23    G.    Whenever it is necessary to bring within the scope of this document request

24    (hereinafter the "Request") documents that might otherwise be construed to be outside its scope:

25        1.    The words "and" and "or" shall be construed both disjunctively and

26    conjunctively;

27        2.    The words "any" and "all" shall be construed to mean "any and all";

28        3.    The singular shall include the plural, and vice versa;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

| HMCU'S REQUEST FOR PRODUCTION OF DOCUMENTS/WONG | 1. | Case No. C 07 2446 MMC [ECF] |
|---|---|---|

4.    The words "include(s)" and "including" shall be construed to mean without limitation"; and

5.    Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

H.    The terms "documents" and "writings" are synonymous and are defined as follows:

1.    Each includes "writings" as defined in Federal Rules of Evidence 1001;

2.    Each includes all written or graphic matter, however produced or reproduced, of any nature whatsoever within the possession, custody or control of Plaintiff, including, but not limited to, all written, typed, printed, microfilmed, and photostatic matter, copies of all kinds, regardless of origin, including all correspondence, contracts, agreements, memoranda, reports, financial reports and statements, checks, notes, letters, trade letters, marginal notations, telegrams, messages (including tape recordings, reports from telephone conversations and conferences), calendars, electronic mail, analyses, comparisons, demands, data, schedules, recordings, papers, data sheets, publications, books, magazines, newspapers, booklets, circulars, brochures, bulletins, notices, instructions, drafts, notebooks, diaries, sketches, diagrams, forms, manuals, lists, minutes, and other communications including inter-office and intra-office communications, surveys, photographs, drawings, charts, notes of meetings, conversations, records of conversations, records, work papers, balance sheets, profit and loss statements, statements of earnings, checks, statements of net worth, statements of operation, auditor reports, financial reports and summaries, statements of lists of assets, agreements, contracts, expense records, opinions, legal opinions, expert opinions, accounts payable ledgers, accounts receivable ledgers, appraisals, audit work papers, minutes of meetings, consultations, performance evaluations, warnings, disciplinary actions, recorded or photographic matter or sound reproductions, including video and audio tapes, however produced or reproduced, and any other such materials, whether executed or unexecuted, and any municipal, county, state, federal or other governmental ordinances, laws, or statutes.

I.    The term "possession, custody or control" is defined as follows:  A document is deemed to be in Plaintiff's possession, custody or control if it is in his physical custody, or if it is in the physical custody of any other person and he:  (a) owns such document in whole or in part; (b) has

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    a right by contract, statute or otherwise to use, inspect, examine or copy such document on any

2    terms; (c) has an understanding, express or implied, that he may use, inspect, examine or copy such

3    document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy

4    such document when he has sought to do so.  Such documents shall include without limitation

5    documents that are in the custody of Plaintiff's attorney(s) or other agents.

6                                    **INSTRUCTIONS**

7         A.    This demand requires that you identify and produce all writings responsive to any of

8    the following numbered requests which are in your possession, custody or control or subject to your

9    control, wherever they may be located.  The writings which you must identify and produce include

10   not only writings which you presently possess, but also writings which are in the possession or

11   control of your attorneys, accountants, bookkeepers, employees, representatives, or anyone else

12   acting on your behalf.

13        B.    You are requested to produce all writings which are responsive to any of the

14   following numbered demands for inspection and photocopying at the law offices of Littler

15   Mendelson, 650 California Street, 20th Floor, San Francisco, California 94108 at 10:00 a.m. on or

16   before the thirtieth day following the date of service of this demand (or the next business day if that

17   day falls on a Saturday, Sunday or court holiday), unless true, legible copies of said documents are

18   mailed for receipt at that law office by the time stated, together with a signed statement indicating

19   that the original of the documents may be inspected by counsel for HMCU upon reasonable request.

20        C.    In addition to producing all writings which are responsive to any of the following

21   numbered demands, you are also requested to identify with specificity each writing which is

22   responsive to any of the following numbered demands and indicate which writings are responsive to

23   each numbered demand.

24        D.    All documents which are responsive in whole or in part to any of the following

25   numbered demands shall be produced in full, without abridgment, abbreviation or expurgation of

26   any sort.  If any such writings cannot be produced in full, produce the writing to the greatest extent

27   possible and indicate in your written response what portion of the document is not produced and why

28   it could not be produced.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433 1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG                    3.          Case No. C 07 2446 MMC [ECF]

1    E.    You are required to produce not only the original or an exact copy of the original of

2    all writings responsive to any of the following numbered demands, but also all copies of such

3    writings which bear any notes or markings not found on the originals and all preliminary,

4    intermediate, final and revised drafts of said writings.

5    F.    It is not intended that this demand require production of any writings which are

6    privileged.  If you are not producing any writing responsive to any of the numbered demands below

7    on the basis of a claimed privilege, or for any other reason, state the following information:

8              1.    the type of document;

9              2.    its date;

10             3.    the name, business address and present position of its originator(s) or

11   author(s);

12             4.    the position to its originator(s) or author(s) at the time the document was

13   prepared;

14             5.    the names, business addresses and present position of each recipient of the

15   document;

16             6.    the position of each recipient at the time the document was prepared, and the

17   time it was received;

18             7.    a general description of the subject matter of the document;

19             8.    the basis of any claim of privilege; and

20             9.    if work-product immunity is asserted, the proceeding for which the document

21   was prepared.

22   G.    Unless otherwise specified, these Requests for Production of Documents require you

23   to provide a response and produce documents covering the entire period of your employment by

24   HMCU, including from the date of your hire through the date that you are required to provide

25   responses to these Requests for Production of Documents and continuing so as to require further and

26   supplemental production by Plaintiff.

27   //

28   //

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG

4.

Case No. C 07 2446 MMC [ECF]

1

## REQUESTS FOR PRODUCTION

2  **REQUEST FOR PRODUCTION NO. 1:**

3      All documents which relate to, refer to, show, or reflect communications, oral or written,

4  including, without limitation, policies, procedures, handbooks, memoranda, grievances, applications,

5  postings, complaints, wage information, benefits information and work schedules, between Plaintiff

6  and HMCU, regarding the subject matter of the First Amended Complaint.

7  **REQUEST FOR PRODUCTION NO. 2:**

8      All documents and things acquired or received by Plaintiff by virtue of Plaintiff's

9  employment with HMCU including, without limitation, all books, records, files, or data downloaded

10  by Plaintiff from any desktop, personal, portable, or mainframe computer and any abstracts, copies,

11  or summaries thereof.

12  **REQUEST FOR PRODUCTION NO. 3:**

13      All documents and things created by Plaintiff in connection with Plaintiff's employment with

14  HMCU, including but without limitation any memoranda, charts, reports, summaries, spreadsheets,

15  electronic mail messages, or other documents created by Plaintiff to be used to present information

16  to prospective clients or customers or existing clients or customers.

17  **REQUEST FOR PRODUCTION NO. 4:**

18      All documents and things Plaintiff has removed from HMCU's premises.

19  **REQUEST FOR PRODUCTION NO. 5:**

20      Any and all documents that relate to, refer to, show, or reflect the hours Plaintiff has worked

21  each and every day during his employment with HMCU.

22  **REQUEST FOR PRODUCTION NO. 6:**

23      All documents that relate to, refer to, show, or reflect the days Plaintiff has worked during his

24  employment with HMCU, including, but without limitation, any and all documents that describe the

25  exact hours of work for each such day, any time taken for breakfasts, lunches, dinners, smoking,

26  attending to personal issues or tasks that are not or were not work related, meal periods, break

27  periods or rest periods.

28  //

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG          5.          Case No. C 07 2446 MMC [ECF]

**REQUEST FOR PRODUCTION NO. 7:**

All documents that relate to, refer to, show, or reflect the weeks of the year(s) Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such week, any time taken for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that relate to, refer to, show, or reflect the months of the year(s) Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such month, any time taken for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents reflecting Plaintiff's work assignments and/or assigned duties during his employment with HMCU.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to, refer to, show, or reflect job duties actually performed by Plaintiff while employed by HMCU.

**REQUEST FOR PRODUCTION NO. 11:**

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 6:00 a.m. to 8:00 p.m., Monday through Friday, at any time during Plaintiff's employment with HMCU.

**REQUEST FOR PRODUCTION NO. 12:**

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 9:00 a.m. to 4:00 p.m. on Saturdays at any time during Plaintiff's employment with HMCU.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that relate to, refer to, show, or reflect Plaintiff's communications with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

HMCU'S REQUEST FOR PRODUCTION OF DOCUMENTS/WONG          6.          Case No. C 07 2446 MMC [ECF]

1    international based clients at any time during Plaintiff's employment with HMCU.

2    **REQUEST FOR PRODUCTION NO. 14:**

3        All documents that relate to, refer to, show, or reflect an evaluation of Plaintiff's job

4    performance while employed by HMCU.

5    **REQUEST FOR PRODUCTION NO. 15:**

6        All documents that relate to, refer to, show, or reflect policies and/or procedures related the

7    position(s) Plaintiff holds or held while employed by HMCU.

8    **REQUEST FOR PRODUCTION NO. 16:**

9        All documents that relate to, refer to, show or reflect training for the position(s) Plaintiff

10    holds or held while employed by HMCU.

11    **REQUEST FOR PRODUCTION NO. 17:**

12        All documents, including but not limited to pay records, pay checks, pay stubs, IRS W-2

13    forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the wages, including

14    commissions, promised, earned or paid to Plaintiff while employed by HMCU.

15    **REQUEST FOR PRODUCTION NO. 18:**

16        All documents, including but not limited to pay records, pay checks, pay stubs, IRS W-2

17    forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the benefits

18    promised, earned or paid to Plaintiff while employed by HMCU.

19    **REQUEST FOR PRODUCTION NO. 19:**

20        All documents that relate to, refer to, show, or reflect any bonus programs or other incentive

21    compensation for which Plaintiff is or was eligible while employed by HMCU.

22    **REQUEST FOR PRODUCTION NO. 20:**

23        All documents that relate to, refer to, show, or reflect any absences from work due to sick

24    days, personal days, doctor's appointments, leaves of absence, or for any other reason requested

25    and/or taken by Plaintiff while employed by the HMCU.

26    **REQUEST FOR PRODUCTION NO. 21:**

27        All documents that relate to, refer to, show, or reflect any vacations requested and/or taken

28    by Plaintiff while employed by HMCU including, without limitation, calendar entries, receipts,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG         7.         Case No. C 07 2446 MMC [ECF]

1  credit card bills, airline ticket stubs, itineraries, etc.

2  **REQUEST FOR PRODUCTION NO. 22:**

3  　　All documents that relate to, refer to, show or reflect any earned income by Plaintiff from

4  HMCU, including, but without limitation, pay records, pay checks, pay stubs, IRS W-2 forms,

5  memos, and letters received at any time during Plaintiff's employment with HMCU.

6  **REQUEST FOR PRODUCTION NO. 23:**

7  　　All documents that relate to, refer to, show, or reflect all alleged deductions made by HMCU

8  from Plaintiff's wages, commissions or incentives.

9  **REQUEST FOR PRODUCTION NO. 24:**

10  　　All documents, including, and without limitation, credit card receipts, cash receipts, credit

11  card bills, and cellular telephone bills, that relate to, refer to, show, or reflect all expenses Plaintiff

12  claims to have incurred in performing his duties while employed by HMCU.

13  **REQUEST FOR PRODUCTION NO. 25:**

14  　　All documents, including, and without limitation, cellular telephone bills, cellular telephone

15  records, personal digital assistant bills, and personal digital assistant records, that relate to, refer to,

16  show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or

17  received, all pages sent or received, and any and all other communications sent or received from or

18  by the cellular telephone number(s) Plaintiff uses or has used to perform work for HMCU.

19  **REQUEST FOR PRODUCTION NO. 26:**

20  　　All documents, including, and without limitation, telephone bills and telephone records, that

21  relate to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN

22  messages sent or received, all pages sent or received, and any and all other communications sent or

23  received from or by any personal or home telephone number(s) Plaintiff uses or has used to perform

24  work for HMCU.

25  **REQUEST FOR PRODUCTION NO. 27:**

26  　　All documents, including, and without limitation, cellular telephone bills, cellular telephone

27  records, personal digital assistant bills, and personal digital assistant records, that relate to, refer to,

28  show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG    8.    Case No. C 07 2446 MMC [ECF]

1  received, all pages sent or received, and any and all other communications sent or received from or

2  by any personal digital assistant device Plaintiff uses or has used to perform work for HMCU.

3  **REQUEST FOR PRODUCTION NO. 28:**

4       All documents, including, and without limitation, pager bills and pager records, that relate to,

5  refer to, show, or reflect all pages sent and received and any and all other communications sent or

6  received from or by any pager Plaintiff uses or has used to perform work for HMCU.

7  **REQUEST FOR PRODUCTION NO. 29:**

8       All calendars, calendar entries, diaries, day-timers, day planners, time records, notes,

9  memoranda, training schedules, work schedules or similar documents covering the period of

10 Plaintiff's employment with HMCU to present, which in any manner relate to Plaintiff's hours of

11 work, working assignments, rate of pay, wages, compensation, commissions and/or other working

12 conditions while employed by HMCU.

13 **REQUEST FOR PRODUCTION NO. 30:**

14      All documents reflecting communications or correspondence that Plaintiff and/or his counsel

15 has had with former and/or current employees of HMCU that relate or refer to the claims alleged in

16 the First Amended Complaint.

17 **REQUEST FOR PRODUCTION NO. 31:**

18      All documents reflecting communications or correspondence that Plaintiff and/or his counsel

19 has had with any individual that relate or refer to the claims alleged in the First Amended Complaint.

20 **REQUEST FOR PRODUCTION NO. 32:**

21      All documents that relate to, refer to or show any written or recorded statements obtained or

22 received by Plaintiff and/or his counsel from any of HMCU's former and/or current employees

23 concerning the subject matter of this lawsuit.

24 **REQUEST FOR PRODUCTION NO. 33:**

25      All documents that relate to, refer to or show any written or recorded statements obtained or

26 received by Plaintiff and/or his counsel from any individual concerning the subject matter of this

27 lawsuit.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG          9.          Case No. C 07 2446 MMC [ECF]

1  **REQUEST FOR PRODUCTION NO. 34:**

2      All documents that refer to, support, or reflect your typical daily tasks for each position you

3  hold or held while employed with HMCU.

4  **REQUEST FOR PRODUCTION NO. 35:**

5      All documents that refer to, support, or reflect your typical weekly tasks for each position

6  you hold or held while employed with HMCU.

7  **REQUEST FOR PRODUCTION NO. 36:**

8      All documents which in any manner relate or refer to each and every instance for which you

9  claim that you did not receive appropriate compensation, including but not limited to overtime,

10  penalties, fines, and premium pay, from HMCU in violation of any state or federal law, including but

11  not limited to the Fair Labor Standards Act.

12  **REQUEST FOR PRODUCTION NO. 37:**

13      All documents which in any manner relate to or refer to itemized wage statements provided

14  to you by HMCU, including but not limited to pay records, pay checks, and pay stubs.

15  **REQUEST FOR PRODUCTION NO. 38:**

16      All documents that in any manner refer to, relate to, tend to prove or disprove your

17  contention that the "loan officers" described in the First Amended Complaint were misclassified as

18  exempt.

19  **REQUEST FOR PRODUCTION NO. 39:**

20      All documents that in any manner refer to, relate to, tend to prove or disprove your

21  contention that the "loan officers" described in the First Amended Complaint were denied or not

22  fully paid overtime compensation.

23  **REQUEST FOR PRODUCTION NO. 40:**

24      All documents that in any manner refer to, relate to, tend to prove or disprove your

25  contention that the "loan officers" described in the First Amended Complaint were denied or

26  prevented from taking meal and rest periods.

27  **REQUEST FOR PRODUCTION NO. 41:**

28      All documents that in any manner refer to, relate to, tend to prove or disprove your

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

1   contention that the "loan officers" described in the First Amended Complaint were not provided

2   appropriate waiting time penalties pursuant to the California Labor Code.

3   **REQUEST FOR PRODUCTION NO. 42:**

4          All documents that in any manner refer to, relate to, tend to prove or disprove your

5   contention that the "loan officers" described in the First Amended Complaint were not provided with

6   properly itemized wage statements pursuant to the California Labor Code.

7   **REQUEST FOR PRODUCTION NO. 43:**

8          All documents that in any manner refer to, relate to, tend to prove or disprove your

9   contention that the "sales assistants" described in the First Amended Complaint were not paid fully

10  for overtime hours worked.

11  **REQUEST FOR PRODUCTION NO. 44:**

12         All documents that in any manner refer to, relate to, tend to prove or disprove your

13  contention that the "sales assistants" described in the First Amended Complaint were denied or

14  prevented from taking meal and rest periods.

15  **REQUEST FOR PRODUCTION NO. 45:**

16         All documents that in any manner refer to, relate to, tend to prove or disprove your

17  contention that the "sales assistants" described in the First Amended Complaint were not provided

18  appropriate waiting time penalties pursuant to the California Labor Code.

19  **REQUEST FOR PRODUCTION NO. 46:**

20  All documents that in any manner refer to, relate to, tend to prove or disprove your contention that

21  the "sales assistants" described in the First Amended Complaint were not provided with properly

22  itemized wage statements pursuant to the California Labor Code.

23  **REQUEST FOR PRODUCTION NO. 47:**

24         All documents that in any manner refer to, relate to, tend to prove or disprove your

25  contention that the "other non-management sales employees" described in the First Amended

26  Complaint were misclassified as exempt.

27  **REQUEST FOR PRODUCTION NO. 48:**

28         All documents that in any manner refer to, relate to, tend to prove or disprove your

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION          11.          Case No. C 07 2446 MMC [ECF]
OF DOCUMENTS/WONG

1  contention that the "other non-management sales employees" described in the First Amended

2  Complaint were denied or not fully paid overtime compensation.

3  **REQUEST FOR PRODUCTION NO. 49:**

4      All documents that in any manner refer to, relate to, tend to prove or disprove your

5  contention that the "other non-management sales employees" described in the First Amended

6  Complaint were denied or prevented from taking meal and rest periods.

7  **REQUEST FOR PRODUCTION NO. 50:**

8      All documents that in any manner refer to, relate to, tend to prove or disprove your

9  contention that the "other non-management sales employees" described in the First Amended

10  Complaint were not provided appropriate waiting time penalties pursuant to the California Labor

11  Code.

12  **REQUEST FOR PRODUCTION NO. 51:**

13      All documents that in any manner refer to, relate to, tend to prove or disprove your

14  contention that the "other non-management sales employees" described in the First Amended

15  Complaint were not provided with properly itemized wage statements pursuant to the California

16  Labor Code.

17  **REQUEST FOR PRODUCTION NO. 52:**

18      All documents that in any manner refer to, relate to, tend to prove or disprove your

19  contention that HMCU suffered and permitted Plaintiffs, Class Members and/or the Collective Class

20  to work more than forty hours per week without overtime compensation.

21  **REQUEST FOR PRODUCTION NO. 53:**

22      All documents that in any manner refer to, relate to, tend to prove or disprove your

23  contention that HMCU has engaged in conduct that is or was willful and in bad faith, causing

24  significant damages to Plaintiff, Class Members and/or the Collective Class.

25  **REQUEST FOR PRODUCTION NO. 54:**

26      All documents that in any manner refer to, relate to, tend to prove or disprove your

27  contention that HMCU has failed to provide Plaintiff and/or Class Members with meal periods as

28  required by law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433 1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG          12.          Case No. C 07 2446 MMC [ECF]

1   **REQUEST FOR PRODUCTION NO. 55:**

2       All documents that in any manner refer to, relate to, tend to prove or disprove your

3   contention that HMCU failed to authorize and permit Plaintiff and/or Class Members to take rest

4   periods as required by law.

5   Dated: January 31, 2008               Respectfully submitted,

6

7

8                             MICHELLE R. BARRETT

                                GEORGE J. TICHY II

9                             KIMBERLY L. OWENS

                            JUSTIN T. CURLEY

10                           LITTLER MENDELSON

                          A Professional Corporation

11                         Attorneys for Defendants

                        HSBC MORTGAGE CORPORATION (USA)

12                         and HSBC BANK USA, N.A.

  Firmwide:84197345.1 023404.1043

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

HMCU'S REQUEST FOR PRODUCTION
OF DOCUMENTS/WONG       13.       Case No. C 07 2446 MMC [ECF]

# EXHIBIT E

the **Voice** for employees

**N.** **hols Kaster & Anderson**, LLP


COPY
LITTLER MENDELSON
FEB 2 9 2008
RECEIVED

February 29, 2008

**VIA HAND-DELIVERY**
George J. Tichy II
Michelle Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

  **Re: *Wong et al v. HSBC et al***
    ***Our File # 10609-01***
    ***Court File #07-2446***

Dear Ms. Barrett:

Enclosed herewith and served upon you please find Plaintiff Phillip Wong's and Plaintiff Frederic Chaussy's Responses to Defendant HSBC Mortgage Corporation (USA)'s Request For Production of Documents, Set I. An index of documents included in the enclosed CD are listed below:

Phillip Wong

| | |
|---|---|
| NKA1364-1410: | View Paycheck and Compensation History |
| NKA1441: | The Law of The Ladder PowerPoint (18 slides) |
| NKA1454- 1461: | Clean Desktop and Workspace Security |
| NKA1462-1474 : | 2007 Loan Officer Business Plan |
| NKA1475-1477: | Emails with Managers Amy Ku and Jeff Needham |
| NKA1478-1495: | P. Wong's Paychecks |
| NKA1497-1500: | Summer Mortgage Campaign - Quick Reference Guide |
| NKA1534: | A. Ku Email Re Attendance and Punctuality |
| NKA2105-2121: | The Law of The Encore |
| NKA2122-2131: | The High Trust Sales Academy |
| NKA2366-2373: | Mortgage Sales Contact List |
| NKA2374: | Structure of HSBC Holdings |
| NKA2383: . | P. Wong's Commission Calculation |
| NKA2503-2540: | Emails with Managers Amy Ku and Jeff Needham |
| NKA2541-2585: | P. Wong's Paychecks |
| NKA2586-2628: | Wong's Expense Reports, Reimbursement Reports, Cell Phone Bills |
| NKA2629-2641: | Time Off Policy, Absent Policy |
| NKA2642-3156: | Emails with clients and co-workers regarding loans |

<u>Frederic Chaussy</u>

| | |
|---|---|
| NKA1501: | Weekly Production by Offices |
| NKA2104: | F. Chaussy's W-2 for 2006 |
| NKA2258-2259: | Interim Job Discussion |
| NKA2260-2269: | Status Report by Loan Officer |
| NKA2270- 2275: | Retaliation Complaint |
| NKA2276-2277: | Termination Letter |
| NKA2278-2279: | Key Accountabilities |
| NKA2280-2298: | Compensation History2298 |
| NKA2299-2300: | Inside HR – Overtime |
| NKA2301-2305: | Correspondence with HSBC |
| NKA2306-2307: | Employment Offer |
| NKA2308-2322: | Mortgage Sales Incentive Plans for Retail Sales |
| NKA2323-2327: | Final Written Warning-Production/Performance and Emails |
| NKA2328-2329: | Emails Concerning Compensation |
| NKA2330: | Emails with A. Ku |
| NKA2331-2334: | Emails with W. Daniel |
| NKA2334-2341: | Documents Relating to California Labor Commission Claim |
| NKA2342-2356: | Emails with A. Ku and J. Jennings |
| NKA2357-2360: | Branch Schedule Documents |
| NKA2361-2365: | Emails with A. Ku and W. Daniel |
| NKA2379-2382: | Paychecks and 2007 W-2 |
| NKA2386-2446: | F. Chaussy Paychecks |
| NKA2447-2464: | Severance Pay Plan, Emails |
| NKA2465-2502: | Emails, Branch Schedule |

Thank you for your time and attention to this matter.

Sincerely,

Melissa Honkanen
Legal Assistant

Enclosures

# EXHIBIT F

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT G

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT H

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PHILIP WONG, FREDERIC CHAUSSY,
And LESLIE MARIE SHEARN,
Individually, on behalf of all
Others similarly situated, and
On behalf of the general public,
            Plaintiffs,                         NO. 3:07-CV-2446 MMC
      vs.
HSBC MORTGAGE CORPORATION (USA)
HSBC BANK, USA, N.A.; and
DOES 1 through 50, inclusive,
            Defendants.

DEPOSITION OF PHILIP WONG

SAN FRANCISCO, CALIFORNIA

NOVEMBER 29, 2007

Reported by Yvonne Fennelly, CSR No. 5495

PAULSON

183

1    Q.    Are you saying that the time that you are at a

2  location is reflected by when you log onto your e-mail

3  account; is that right?

4    A.    Yes.

5    Q.    Okay.

6          Do you know if any other loan officers or

7  mortgage consultants track their time?

8    A.    That I'm unaware of.

9    Q.    Do you schedule appointments in advance?

10   A.    To the branch?

11   Q.    At any location.

12   A.    I schedule appointments according to the

13  branch.

14   Q.    What do you mean by that?

15   A.    The personal banker would refer to a client,

16  speak to them about the mortgage product before setting

17  up an appointment with me.

18   Q.    So are you saying that you would or you would

19  not schedule an appointment or did the person just

20  basically walk in?

21   A.    At times the person just basically walks in.

22   Q.    Are there occasions when you actually schedule

23  appointments?

24   A.    Yes.

25   Q.    How frequently does that occur?

184

1    A.    On a daily basis.

2    Q.    On a daily basis, okay.

3          Why don't you describe your typical workday for

4    us as it exists today.

5    A.    Well, do you want me to explain to you how I

6    start my whole day?

7    Q.    Sure.

8          I'm not interested in your personal activities

9    as they relate to what you may do personally other than

10   with regard to your job, but why don't you describe your

11   workday for us.

12   A.    I would wake up at 5:00 a.m. to talk to a

13   processor in New York, Buffalo, in reference to our loan

14   files.

15         From that point on, we would go by e-mails back

16   and forth until about 8:00 o'clock.

17         8:30 I'd walk into my banking center.

18         From 8:30 on we talk to clients as long as --

19   as well as talk to branch employees, to walk-in traffic

20   as well, alongside with anybody making a payment.

21         We would stay there until, or I would stay

22   there until all the branch employees leave, and that

23   varies from day-to-day from 5:30 on to 7:30 at times.

24         Soon after I would go home, work from my home

25   office from -- it varies from the time of 7:00 o'clock

185

1    all the way till 1:30.

2        Q.    So are you saying that on a regular basis

3    you're getting three-and-a-half hours sleep?

4        A.    At times, yes.

5        Q.    Well, I'm askimg on a regular basis.

6        A.    I would say not on a regular basis.

7        Q.    And when you were working with the processors

8    in New York, that would be during a period when you

9    actually had an application pending; is that right?

10       A.    Yes.

11       Q.    And what sort of discussions would you have

12   with the processors in New York?

13       A.    Documentation that we require from overseas.

14       Q.    Would you talk with them over the phone or

15   would this be by e-mail?

16       A.    Both.

17       Q.    And so you would discuss with the processor in

18   New York what additional documentation was necessary?

19       A.    Yes.

20       Q.    Okay.

21            Anything else that you would discuss with the

22   processor?

23       A.    Timeframe.

24       Q.    Timeframe.

25            Anything else?

222

REPORTER'S CERTIFICATION

You, Yvonne Fennelly, Certified Shorthand
Reporter, in and for the State of California, do hereby
certify:

That the foregoing witness was by me duly
sworn; that the deposition was then taken before me at
the time and place herein set forth; that the testimony
and proceedings were reported stenographically by me and
later transcribed into typewriting under my direction;
that the foregoing is a true record of the testimony and
proceedings taken at that time.

IN WITNESS WHEREOF, you have subscribed my name
this __14th__ day of _December_____, 2007.


                    /S/ Yvonne Fennelly_____
                    Yvonne Fennelly, CRP, CSR No. 5495

Philip Wong                                                    November 29, 2007

223

DEPOSITION ERRATA SHEET

RE:            Paulson Reporting & Litigation Services

File No.  9738

Case Caption:  PHILIP WONG, et al.

vs.    HSBC MORTGAGE CORPORATION, et al.

Deponent:  PHILIP WONG

Deposition Date: NOVEMBER 29, 2007

To the Reporter:

I have read the entire transcript of my Deposition taken

in the captioned matter or the same has been read to me.

I request that the following changes be entered upon the

record for the reasons indicated.  I have signed my name to

the Errata Sheet and the appropriate Certificate and

authorize you to attach both to the original transcript.


Page No._____Line No._____Change to:_____

_____

Reason for change:_____

Page No._____Line No._____Change to:_____

_____

Reason for change:_____

Page No._____Line No._____Change to:_____

_____

Reason for change:_____

# EXHIBIT I

Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Timothy C. Selander, MN State Bar No. 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>              Plaintiffs,<br><br>     vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: 3:07-cv-2446 MMC<br><br><br>**PLAINTIFF PHILIP WONG'S RESPONSES TO DEFENDANT HSBC MORTGAGE CORPORATION (USA)'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET I** |

PROPOUNDING PARTY: Defendant HSBC MORTGAGE CORPORATION (USA)

RESPONDING PARTY:    Plaintiff PHILIP WONG

SET NUMBER:        One (1)

TO:                PLAINTIFF AND HIS ATTORNEYS OF RECORD

**REQUEST FOR PRODUCTION NO. 1:**

All documents which relate to, refer to, show, or reflect communications, oral or written, including, without limitation, policies, procedures, handbooks, memoranda, grievances, applications, postings, complaints, wage information, benefits information and work schedules, between Plaintiff and HMCU, regarding the subject matter of the First Amended Complaint.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague,  unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, the information sought is in Defendant's possession, and therefore can be obtained from some other source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 1:**

Without waiving these objections, Plaintiff states that in response to this overly broad request, he will produce all documents in his possession relating to his employment with Defendant.


**REQUEST FOR PRODUCTION NO. 2:**

All documents and things acquired or received by Plaintiff by virtue of Plaintiff's employment with HMCU including, without limitation, all books, records, files, or data

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S          07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

downloaded by Plaintiff from any desktop, personal, portable, or mainframe computer and any abstracts, copies or summaries thereof.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, cumulative, and seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST NO. 2:**

Without waiving these objections, Plaintiff states that in response to this overly broad request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and things created by Plaintiff in connection with Plaintiff's employment with HMCU, including but without limitation any memoranda, charts, reports, summaries, spreadsheets, electronic mail messages, or other documents created by Plaintiff to be used to present information to prospective clients or customers or existing clients or customers.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's entire email file - they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 3:**

1

2      Without waiving these objections, Plaintiff states that in response to this overly

3  broad request, he will produce all documents in his possession relating to his employment with

4  Defendant.

5

6  **REQUEST FOR PRODUCTION NO. 4:**

7      All documents and things Plaintiff has removed from HMCU's premises.

8  **OBJECTION:**

9      Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

10

11  burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

12  calculated to lead to the discovery of admissible evidence.  Further, because all documents

13  relating to Plaintiff's employment are in Defendant's possession they can be obtained from a

14  source that is more convenient, less burdensome, or less expensive.

15  **RESPONSE TO REQUEST NO. 4:**

16      Without waiving these objections, Plaintiff states that in response to this overly

17

18  broad and cumulative request, he will produce all documents in his possession relating to his

19  employment with Defendant.

20

21  **REQUEST FOR PRODUCTION NO. 5:**

22      Any and all documents that relate to, refer to, show, or reflect the hours Plaintiff

23  has worked each and every day during his employment with HMCU.

24  **OBJECTION**:

25      Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

26

27  burdensome, and cumulative.  Further, because the information sought is be in Defendant's

28  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

-4-

branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed – it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 5:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to, refer to, show or reflect the days Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such day, any time for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 6:**

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

1

2        Without waiving these objections, Plaintiff states that in response to this overly

3  broad and cumulative request, he will produce all documents in his possession relating to his

4  employment with Defendant.

5

6  **REQUEST FOR PRODUCTION NO. 7:**

7        All documents that relate to, refer to, show, or reflect the weeks of the year(s)

8  Plaintiff has worked during his employment with HMCU, including, but without limitation, any

9  and all documents that describe the exact hours of work for each such week, any time taken for

10 breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were

11 not work related, meal periods, break periods or rest periods.

12

13 **OBJECTION:**

14       Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

15 burdensome, and cumulative.  Further, because the information sought is be in Defendant's

16 possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

17 branch schedules, payroll, benefits, and leave records, and other documents identifying time and

18 date of work performed - it can be obtained from a source that is more convenient, less

19 burdensome, or less expensive.

20

21 **RESPONSE TO REQUEST NO. 7:**

22       Without waiving these objections, Plaintiff states that in response to this overly

23 broad and cumulative request, he will produce all documents in his possession relating to his

24 employment with Defendant.

25

26

27 **REQUEST FOR PRODUCTION NO. 8:**

28

-6-

1   All documents that relate to, refer to, show, or reflect the months of the year(s)

2   Plaintiff has worked during his employment with HMCU, including, but without limitation, any

3

4   and all documents that describe the exact hours of work for each such month, any time taken for

5   breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were

6   not work related, meal periods, break periods or rest periods.

7   **OBJECTION:**

8   Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

9   burdensome, and cumulative.  Further, because the information sought is be in Defendant's

10  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

11  branch schedules, payroll, benefits, and leave records, and other documents identifying time and

12

13  date of work performed - it can be obtained from a source that is more convenient, less

14  burdensome, or less expensive.

15  **RESPONSE TO REQUEST NO. 8:**

16  Without waiving these objections, Plaintiff states that in response to this overly

17  broad and cumulative request, he will produce all documents in his possession relating to his

18  employment with Defendant.

19

20

21  **REQUEST FOR PRODUCTION NO. 9:**

22  Any and all documents reflection Plaintiff's work assignments and/or assigned

23  duties during his employment with HMCU.

24  **OBJECTION:**

25  Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

26  burdensome, and cumulative.  Further, because the information sought is be in Defendant's

27  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

28

-7-

1  branch schedules, and other documents identifying Plaintiff's job assignments - it can be obtained

2  from a source that is more convenient, less burdensome, or less expensive.

3
   **RESPONSE TO REQUEST NO. 9:**

4
5           Without waiving these objections, Plaintiff states that in response to this overly

6  broad request, he will produce all documents in his possession relating to his employment with

7  Defendant.

8

9  **REQUEST FOR PRODUCTION NO. 10:**

10
11          All documents that relate to, refer to, show, or reflect job duties actually performed

12 by Plaintiff while employed at HMCU.

13 **OBJECTION:**

14          Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

15 burdensome, and cumulative.   Further, because the information sought is be in Defendant's

16 possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

17 branch schedules, and other documents identifying Plaintiff's job duties - it can be obtained from

18 a source that is more convenient, less burdensome, or less expensive.

19
20 **RESPONSE TO REQUEST NO. 10:**

21          Without waiving these objections, Plaintiff states that in response to this overly

22 broad request, he will produce all documents in his possession relating to his employment with

23 Defendant.

24
25
26 **REQUEST FOR PRODUCTION NO. 11:**

27
28

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

1
2
3
4

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 6:00 a.m. to 8:00 p.m., Monday through Friday, at any time during Plaintiff's employment with HMCU.

5

**OBJECTION:**

6
7
8

Plaintiff objects to this request on the grounds that Defendant is in possession, and has yet to produce, the server containing Plaintiff's entire email files.  As such, the information sought can be obtained from a source that is more convenient, less burdensome, or less expensive.

9

**RESPONSE TO REQUEST NO. 11:**

10
11
12

Without waiving these objections, Plaintiff states that in response to this request, he will produce all emails in his possession relating to his employment with Defendant.

13
14

**REQUEST FOR PRODUCTION NO. 12:**

15
16
17
18

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 9:00 a.m. to 4:00 p.m. on Saturdays at any time during Plaintiff's employment with HMCU.

19

**OBJECTION:**

20
21
22

Plaintiff objects to this request on the grounds that Defendant is in possession, and has yet to produce, the server containing Plaintiff's entire email files.  As such, the information sought can be obtained from a source that is more convenient, less burdensome, or less expensive.

23
24
25
26

**RESPONSE TO REQUEST NO. 12:**  Without waiving these objections, Plaintiff states that in response to this request, he will produce all emails in his possession relating to his employment with Defendant.

27
28

**REQUEST FOR PRODUCTION NO. 13:**

-9-

1

2
All documents that relate to, refer to, show, or reflect Plaintiff's communications

3
with international based clients at any time during Plaintiff's employment with HMCU.

4
**OBJECTION:**

5
Plaintiff objects to this request on the grounds that Defendant is in possession, and

6
has yet to produce, the server containing Plaintiff's and his supervisors' entire email files and

7
Plaintiff's phone records. As such, the information sought can be obtained from a source that is

8
more convenient, less burdensome, or less expensive.

9
**RESPONSE TO REQUEST NO. 13:**

10

11
Without waiving these objections, Plaintiff states that in response to this request,

12
he will produce all emails and phone records in his possession reflecting communications with

13
HMCU employees, clients and prospective clients.

14

15
**REQUEST FOR PRODUCTION NO. 14:**

16
All documents that relate to, refer to, show, or reflect an evaluation of Plaintiff's

17
job performance while employed by HMCU.

18
**OBJECTION:**

19

20
Plaintiff objects to this request on the grounds that it is cumulative. Further,

21
because the information sought is be in Defendant's possession, it can be obtained from a source

22
that is more convenient, less burdensome, or less expensive.

23
**RESPONSE TO REQUEST NO. 14:**

24
Without waiving these objections, Plaintiff states that in response to this request,

25
he will produce all documents in his possession relating to his employment with Defendant,

26
including performance related documents.

27

28

-10-

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

**REQUEST FOR PRODUCTION NO. 15:**

All documents that relate to, refer to, show, or reflect policies and/or procedures related the position(s) Plaintiff holds or held while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, because all documents relating to Plaintiff's employment – including all policies and procedures that related to his job - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 15:**

Without waiving these objections, Plaintiff states that in response to this cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that relate to, refer to, show or reflect training for the position(s) Plaintiff holds or held while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is cumulative.  Further, because all documents relating to Plaintiff's employment – including all training materials - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

-11-

**RESPONSE TO REQUEST NO. 16**:

Without waiving these objections, Plaintiff states that in response to this cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, including, but not limited to pay records, pay checks, pay stubs, IRS W-2 forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the wages, including commissions, promised, earned or paid to Plaintiff while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's employment – including all compensation information - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 17:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating to income earned from Defendant.

**REQUEST FOR PRODUCTION NO. 18:**

-12-

All documents, including but not limited to pay records, pay checks, pay stubs, IRS W-2 forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the benefits promised, earned or paid to Plaintiff while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's employment – including all benefits information - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 18:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating all benefits paid or promised by Defendant.

**REQUEST FOR PRODUCTION NO. 19:**

All documents that relate to, refer to, show, or reflect any bonus programs or other incentive compensation for which Plaintiff was eligible while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's employment – including all compensation information - are in Defendant's

-13-

possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 19:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 20:**

All documents that relate to, refer to, show, or reflect any absences from work due to sick days, personal days, doctor's appointments, leaves of absences, or for any other reason requested and/or taken by Plaintiff while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative. Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 20:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 21:**

-14-

1

2      All documents that relate to, refer to, show, or reflect any vacations requested

3  and/or taken by Plaintiff while employed by HMCU including, without limitation, calendar

4  entries, receipts, credit card bills, airline ticket stubs, itineraries, etc.

5  **OBJECTION:**

6      Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

7  burdensome, and cumulative.  Further, because the information sought is be in Defendant's

8  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

9  branch schedules, payroll, benefits, and leave records, and other documents identifying time and

10  date of work performed - it can be obtained from a source that is more convenient, less

11  burdensome, or less expensive.

12

13  **RESPONSE TO REQUEST NO. 21:**

14      Without waiving these objections, Plaintiff states that in response to this overly

15  broad and cumulative request, he will produce all documents in his possession relating to his

16  employment with Defendant.

17

18

19  **REQUEST FOR PRODUCTION NO. 22:**

20      All documents that relate to, refer to, show or reflect any earned income by

21  Plaintiff from HMCU, including, but without limitation, pay records, pay checks, pay stubs, IRS

22  W-2 forms, memos, and letters received at any time during Plaintiff's employment with HMCU.

23  **OBJECTION:**

24      Plaintiff objects to this request on the grounds that it is over broad, unduly

25  burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

26  – including all compensation information - are in Defendant's possession they can be obtained

27  from a source that is more convenient, less burdensome, or less expensive.

28

-15-

**RESPONSE TO REQUEST NO. 22:**

Without waiving these objections, Plaintiff states that in response to this cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that relate to, refer to, show, or reflect all alleged deductions made by HMCU from Plaintiff's wages, commission or incentives.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's employment – including all compensation information - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 23:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, including, and without limitation, credit card receipts, cash receipts, credit card bills, and cellular telephone bills, that relate to, refer to, show, or reflect all expenses Plaintiff claims to have incurred in performing his duties while employed by HMCU.

-16-

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

07-cv-2446 MMC

1

**OBJECTION:**

2

3           Plaintiff objects to this request on the grounds that it is over broad, unduly

4   burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

5   – including all compensation information - are in Defendant's possession they can be obtained

6   from a source that is more convenient, less burdensome, or less expensive.

7   **RESPONSE TO REQUEST NO. 24:**

8           Without waiving these objections, Plaintiff states that in response to this unduly

9
    burdensome, overly broad and cumulative request, he will produce all pay records and paystubs
10
    in his possession relating to compensation paid and deductions made by Defendant.
11

12

13  **REQUEST FOR PRODUCTION NO. 25:**

14          All documents, including, and without limitation, cellular telephone bills, cellular

15  telephone records, personal digital assistant bills, and personal digital assistant records, that relate

16  to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages

17  sent or received, all pages sent or received, and any and all other communications sent or received

18
    from or by the cellular telephone number(s) Plaintiff uses or has used to perform work for
19
    HMCU.
20

21  **OBJECTION:**

22          Plaintiff objects to this request on the grounds that it is over broad, unduly

23  burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated

24  to lead to the discovery of admissible evidence.  Further, because the documents relating to

25  Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his

26
    supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's
27

28

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, including, and without limitation, telephone bills and telephone records, that relate to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or received, all pages sent or received, and any and all other communications sent or received from or by any personal or home telephone number(s) Plaintiff uses or has used to perform work for HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 27:**

-18-

All documents, including, and without limitation, cellular telephone bills, cellular telephone records, personal digital assistant bills, and personal digital assistant records, that relate to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or received, and any and all other communications sent or received from or by any personal digital assistant device Plaintiff uses or has used to perform work for HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, because the documents relating to Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, including, and without limitation, pager bills and pager records, that relate to, refer to, show, or reflect all pages sent and received and any and all other communications sent or received from or by any pager Plaintiff uses or has used to perform work for HMCU.

**OBJECTION:** Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, because the documents relating to

-19-

Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 29:**

All calendars, calendar entries, diaries, day-timers, day planners, time records, notes, memoranda, training schedules, work schedules or similar documents covering the period of Plaintiff's employment with HMCU to present, which in any manner relate to Plaintiff's hours of work, working assignments, rate of pay, wages, compensation, commissions and/or other working conditions while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome. Further, because the documents relating to Plaintiff's job duties, hours worked and compensation are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 29:**

Without waiving these objections, Plaintiff states that in response to this overly broad request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 30:**

-20-

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

All documents reflecting communications or correspondence that Plaintiff and/or his counsel has had with former and/or current employees of HMCU that relate or refer to the claims alleged in the First Amended Complaint.

**OBJECTION:**

Plaintiff objects to this requests on the grounds that it is vague, overly burdensome, seeks information protected by the attorney work-product doctrine, and seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 30:**

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court, he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting communication or correspondence that Plaintiff and/or his counsel has had with any individual that relate or refer to the claims alleged in the First Amended Complaint.

**OBJECTION:**

Plaintiff objects to this requests on the grounds that it is vague, overly burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 31:**

-21-

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court,  he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that relate to, refer to or show any written or recorded statements obtained or received by Plaintiff and/or his counsel from any of HMCU's former and/or current employees concerning the subject matter of this lawsuit.

**OBJECTION:**

Plaintiff objects to this requests on the grounds that it is vague, overly burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 32:**

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court,  he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that relate to, refer to or show any written or recorded statements obtained or received by Plaintiff and/or his counsel from any individual concerning the subject matter of this lawsuit.

**OBJECTION:**

-22-

Plaintiff objects to this requests on the grounds that it is vague, overly burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 33:**

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court,  he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that refer to, support, or reflect your typical daily tasks for each position you hold or held while employed with HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's typical daily tasks – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 34:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 35:**

-23-

All documents that refer to, support, or reflect your typical weekly tasks for each position you hold or held while employed with HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's typical weekly tasks – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 35:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.


**REQUEST FOR PRODUCTION NO. 36:**

All documents which in any manner relate or refer to each and every instance for which you claim that you did not receive appropriate compensation, including but not limited to overtime, penalties, fines, and premium pay, from HMCU in violation of ay state or federal law, including but not limited to the Fair Labor Standards Act.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's compensation – including payroll and compensation records - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

-24-

**RESPONSE TO REQUEST NO. 36:**

        Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 37:**

        All documents which in any manner relate to or refer to itemized wage statements provided to you by HMCU, including but not limited to pay records, pay checks, and pay stubs.

**OBJECTION:**

        Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.   Further, because the documents relating to Plaintiff's compensation – including pay records, pay checks, and pay stubs - the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 37:**

        Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 38:**

        All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "loan officers" described in the First Amended Complaint were misclassified as exempt.

**OBJECTION:**

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

07-cv-2446 MMC

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 38:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that that "loan officers" described in the First Amended Complaint were denied or not fully paid overtime compensation.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 39:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 40:**

-26-

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "loan officers" described in the First Amended Complaint were denied or prevented from taking meal and rest periods.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 40:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 41:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "loan officers" described in the First Amended Complaint were not provided appropriate waiting time penalties pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

-27-

**RESPONSE TO REQUEST NO. 41:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 42:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "loan officers" described in the First Amended Complaint were not provided with properly itemized wage statements pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 42:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 43:**

-28-

1

2

All documents that in any manner refer to, tend to prove or disprove your contention that the "sales assistants" described in the First Amended Complaint were not paid fully for overtime hours worked.

3

4

5

6

**OBJECTION:**

7

8

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

9

10

11

12

**RESPONSE TO REQUEST NO. 43:**

13

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

14

15

16

17

**REQUEST FOR PRODUCTION NO. 44:**

18

19

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "sales assistants" described in the First Amended Complaint were denied or prevented from taking meal and rest periods.

20

21

22

**OBJECTION:**

23

24

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

25

26

27

**RESPONSE TO REQUEST NO. 44:**

28

-29-

1

2      Without waiving these objections, Plaintiff states that in response to this overly

3  broad and cumulative request, he will produce all documents in his possession relating to his

4  employment with Defendant.

5

6  **REQUEST FOR PRODUCTION NO. 45:**

7      All documents that in any manner refer to, relate to, tend to prove or disprove your

8  contention that the "sales assistants" described in the First Amended Complaint were not

9
   provided appropriate waiting time penalties pursuant to the California Labor Code.
10
   **OBJECTION:**
11
12      Plaintiff objects to this request on the grounds that it is over broad, unduly

13  burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

14  and Defendant's pay policies and practices are in Defendant's possession, the information can be

15  obtained from a source that is more convenient, less burdensome, or less expensive.

16  **RESPONSE TO REQUEST NO. 45:**

17      Without waiving these objections, Plaintiff states that in response to this overly

18
19  broad and cumulative request, he will produce all documents in his possession relating to his

20  employment with Defendant.

21

22  **REQUEST FOR PRODUCTION NO. 46:**

23      All documents that in any manner refer to, relate to, tend to prove or disprove your

24
   contention that the "sales assistants" described in the First Amended Complaint were not
25
   provided with properly itemized wage statements pursuant to the California Labor Code.
26
27  **OBJECTION:**

28

-30-

1
2
3
4
5

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

6

**RESPONSE TO REQUEST NO. 46:**

7
8
9
10

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

11
12
13

**REQUEST FOR PRODUCTION NO. 47:**

14
15
16

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were misclassified as exempt.

17
18

**OBJECTION:**

19
20
21
22

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

23

**RESPONSE TO REQUEST NO. 47:**

24
25
26
27

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

28

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

**REQUEST FOR PRODUCTION NO. 48:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were denied or not fully paid overtime compensation.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 48:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 49:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were denied or prevented from taking meal and rest period.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 49:**

-32-

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 50:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were not provided appropriate waiting time penalties pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 50:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 51:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were not provided with properly itemized wage statements pursuant to the California Labor Code.

-33-

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 51:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 52:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU suffered and permitted Plaintiffs, Class Members and/or the Collective Class to work more than forty hours per week without overtime compensation.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 52:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

-34-

**REQUEST FOR PRODUCTION NO. 53:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU has engaged in conduct that is or was willful and in bad faith, causing significant damages to Plaintiff, Class Members and/or the Collective Class.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 53:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 54:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU has failed to provide Plaintiff and/or Class Members with meal periods as required by law.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 54:**

-35-

1
2
3
4

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

5
6

**REQUEST FOR PRODUCTION NO. 55:**

7
8
9
10

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU failed to authorize and permit Plaintiff and/or Class Members to take rest periods as required by law.

11

**OBJECTION:**

12
13
14
15

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

16

**RESPONSE TO REQUEST NO. 55:**

17
18
19
20

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

21
22
23
24
25
26
27
28

-36-

1

February 29, 2008                      **NICHOLS KASTER & ANDERSON, LLP**

2

3                                      /s/

4                                      _____

5                                      Paul J. Lukas
                                       4600 IDS Center
                                       80 South 8th Street
6                                      Minnneapolis, MN  55402
                                       T: 612-256-3200
7                                      F: 612-215-3870

8                                      **ATTORNEYS FOR PLAINTIFFS**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

1

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al
**Case No. 07-2446 MMC/JSC**

I hereby certify that on February 29, 2008, I caused the following document(s):

**Plaintiff Wong's Responses to Defendant's Requests for Production of Documents, Set I and CD containing the following documents:**

| | |
|---|---|
| NKA1364-1410: | View Paycheck and Compensation History; |
| NKA1441: | The Law of The Ladder PowerPoint (18 slides); |
| NKA1454-1461: | Clean Desktop and Workspace Security; |
| NKA1462-1474 : | 2007 Loan Officer Business Plan; |
| NKA1475-1477: | Emails with Managers Amy Ku and Jeff Needham; |
| NKA1478-1495: | P. Wong's Paychecks; |
| NKA1497-1500: | Summer Mortgage Campaign - Quick Reference Guide; |
| NKA1534: | A. Ku Email Re Attendance and Punctuality; |
| NKA2105-2121: | The Law of The Encore; |
| NKA2122-2131: | The High Trust Sales Academy; |
| NKA2366-2373: | Mortgage Sales Contact List; |
| NKA2374: | Structure of HSBC Holdings; |
| NKA2383: | P. Wong's Commission Calculation; |
| NKA2503-2540: | Emails with Managers Amy Ku and Jeff Needham; |
| NKA2541-2585: | P. Wong's Paychecks; |
| NKA2586-2628: | Wong's Expense Reports, Reimbursement Reports, Cell Phone Bills; |
| NKA2629-2641: | Time Off Policy, Absent Policy; and |
| NKA2642-3156: | Emails with clients and co-workers regarding loans. |

to be served via hand-delivery to the following:

George J. Tichy, Jr.
Michelle Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693

-38-

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S          07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

1

2  Dated:  February 29, 2008          NICHOLS KASTER & ANDERSON, LLP

3

4                          _____s/ Brad Heitzinger_____
                           Brad Heitzinger
5                          Class Action Clerk
6                          **NICHOLS KASTER & ANDERSON, LLP**
                           One Embarcadero Center
7                          Suite 720
                           San Francisco, CA  94111
8                          Telephone (415) 277-7235
                           Facsimile (415) 277-7238
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-39-

PLAINTIFF WONG'S RESPONSES TO DEFENDANT'S          07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I