# EXHIBIT J

Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
Timothy C. Selander, MN State Bar No. 0387016
(admitted **pro hac vice**)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402

Bryan J. Schwartz, CA State Bar No. 209903
Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111

Attorneys for Individual and Representative Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public, | **Case No.: 3:07-cv-2446 MMC** |
| Plaintiffs, | |
| vs. | **PLAINTIFF FREDERIC CHAUSSY'S RESPONSES TO DEFENDANT HSBC MORTGAGE CORPORATION (USA)'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET I** |
| HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive, | |
| Defendants. | |

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET I

07-cv-2446 MMC

1  PROPOUNDING PARTY: Defendant HSBC MORTGAGE CORPORATION (USA)

2  RESPONDING PARTY:   Plaintiff FREDERIC CHAUSSY

3  SET NUMBER:         One (1)

4
   TO:                 PLAINTIFF AND HIS ATTORNEYS OF RECORD
5

6  **REQUEST FOR PRODUCTION NO. 1:**

7         All documents which relate to, refer to, show, or reflect communications, oral or

8  written, including, without limitation, policies, procedures, handbooks, memoranda, grievances,

9  applications, postings, complaints, wage information, benefits information and work schedules,

10  between Plaintiff and HMCU, regarding the subject matter of the First Amended Complaint.

11  **OBJECTION:**

12         Plaintiff objects to this request on the grounds that it is over broad, vague,  unduly

13
    burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated
14
    to lead to the discovery of admissible evidence.  Further, the information sought is in Defendant's
15

16  possession, and therefore can be obtained from some other source that is more convenient, less

17  burdensome, or less expensive.

18  **RESPONSE TO REQUEST NO. 1:**

19         Without waiving these objections, Plaintiff states that in response to this overly
20
    broad request, he will produce all documents in his possession relating to his employment with
21

22  Defendant.

23

24  **REQUEST FOR PRODUCTION NO. 2:**

25         All documents and things acquired or received by Plaintiff by virtue of Plaintiff's

26  employment with HMCU including, without limitation, all books, records, files, or data

27

28                                    -2-

1  downloaded by Plaintiff from any desktop, personal, portable, or mainframe computer and any

2  abstracts, copies or summaries thereof.

3  **OBJECTION:**

4

5      Plaintiff objects to this request on the grounds that it is over broad, vague,  unduly

6  burdensome, cumulative, and seeks information that it not relevant to a claim or defense or

7  reasonably calculated to lead to the discovery of admissible evidence.

8  **RESPONSE TO REQUEST NO. 2:**

9      Without waiving these objections, Plaintiff states that in response to this overly

10  broad request, he will produce all documents in his possession relating to his employment with

11  Defendant.

12

13

14  **REQUEST FOR PRODUCTION NO. 3:**

15      All documents and things created by Plaintiff in connection with Plaintiff's

16  employment with HMCU, including but without limitation any memoranda, charts, reports,

17  summaries, spreadsheets, electronic mail messages, or other documents created by Plaintiff to be

18  used to present information to prospective clients or customers or existing clients or customers.

19  **OBJECTION:**

20

21      Plaintiff objects to this request on the grounds that it is over broad, vague,  unduly

22  burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated

23  to lead to the discovery of admissible evidence.  Further, because the information sought is be in

24  Defendant's possession – particularly the server containing Plaintiff's entire email file - they can

25  be obtained from a source that is more convenient, less burdensome, or less expensive.

26

27  **RESPONSE TO REQUEST NO. 3:**

28

-3-

1    Without waiving these objections, Plaintiff states that in response to this overly

2  broad request, he will produce all documents in his possession relating to his employment with

3  Defendant.

4

5

6  **REQUEST FOR PRODUCTION NO. 4:**

7    All documents and things Plaintiff has removed from HMCU's premises.

8  **OBJECTION:**

9    Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

10  burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

11  calculated to lead to the discovery of admissible evidence.    Further, because all documents

12  relating to Plaintiff's employment are in Defendant's possession they can be obtained from a

13  source that is more convenient, less burdensome, or less expensive.

14

15  **RESPONSE TO REQUEST NO. 4:**

16    Without waiving these objections, Plaintiff states that in response to this overly

17  broad and cumulative request, he will produce all documents in his possession relating to his

18  employment with Defendant.

19

20

21  **REQUEST FOR PRODUCTION NO. 5:**

22    Any and all documents that relate to, refer to, show, or reflect the hours Plaintiff

23  has worked each and every day during his employment with HMCU.

24  **OBJECTION:**

25    Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

26  burdensome, and cumulative.    Further, because the information sought is be in Defendant's

27  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

28

-4-

branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed – it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 5:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that relate to, refer to, show or reflect the days Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such day, any time for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 6:**

-5-

1    Without waiving these objections, Plaintiff states that in response to this overly

2  broad and cumulative request, he will produce all documents in his possession relating to his

3  employment with Defendant.

4

5

6  **REQUEST FOR PRODUCTION NO. 7:**

7    All documents that relate to, refer to, show, or reflect the weeks of the year(s)

8  Plaintiff has worked during his employment with HMCU, including, but without limitation, any

9  and all documents that describe the exact hours of work for each such week, any time taken for

10  breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were

11  not work related, meal periods, break periods or rest periods.

12  **OBJECTION:**

13

14    Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

15  burdensome, and cumulative.   Further, because the information sought is be in Defendant's

16  possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

17  branch schedules, payroll, benefits, and leave records, and other documents identifying time and

18  date of work performed - it can be obtained from a source that is more convenient, less

19  burdensome, or less expensive.

20

21  **RESPONSE TO REQUEST NO. 7:**

22    Without waiving these objections, Plaintiff states that in response to this overly

23  broad and cumulative request, he will produce all documents in his possession relating to his

24  employment with Defendant.

25

26  **REQUEST FOR PRODUCTION NO. 8:**

27

28
-6-

All documents that relate to, refer to, show, or reflect the months of the year(s) Plaintiff has worked during his employment with HMCU, including, but without limitation, any and all documents that describe the exact hours of work for each such month, any time taken for breakfasts, lunches, dinners, smoking, attending to personal issues or tasks that are not or were not work related, meal periods, break periods or rest periods.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 8:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents reflection Plaintiff's work assignments and/or assigned duties during his employment with HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

-7-

branch schedules, and other documents identifying Plaintiff's job assignments - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 9:**

Without waiving these objections, Plaintiff states that in response to this overly broad request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that relate to, refer to, show, or reflect job duties actually performed by Plaintiff while employed at HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative.  Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, and other documents identifying Plaintiff's job duties - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 10:**

Without waiving these objections, Plaintiff states that in response to this overly broad request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 11:**

All electronic mail sent by Plaintiff, including, but without limitation, electronic mail sent from any personal electronic mail accounts, between the hours of 6:00 a.m. to 7:30 a.m.

-8-

1    and 9:00 a.m. to 5:00 p.m., Monday through Friday, at any time during Plaintiff's employment

2    with HMCU.

3    **OBJECTION:**

4
        Plaintiff objects to this request on the grounds that Defendant is in possession, and
5
6    has yet to produce, the server containing Plaintiff's entire email files.  As such, the information

7    sought can be obtained from a source that is more convenient, less burdensome, or less expensive.

8    **RESPONSE TO REQUEST NO. 11:**

9        Without waiving these objections, Plaintiff states that in response to this request,

10
    he will produce all emails in his possession relating to his employment with Defendant.
11

12
    **REQUEST FOR PRODUCTION NO. 12:**
13
14        All electronic mail sent by Plaintiff, including, but without limitation, electronic

15    mail sent from any personal electronic mail accounts, between the hours of 10:00 a.m. to 3:00

16    p.m. on Saturdays at any time during Plaintiff's employment with HMCU.

17    **OBJECTION:**

18
        Plaintiff objects to this request on the grounds that Defendant is in possession, and
19
20    has yet to produce, the server containing Plaintiff's entire email files.  As such, the information

21    sought can be obtained from a source that is more convenient, less burdensome, or less expensive.

22    **RESPONSE TO REQUEST NO. 12:**  Without waiving these objections, Plaintiff states that in

23    response to this request, he will produce all emails in his possession relating to his employment

24    with Defendant.

25

26
    **REQUEST FOR PRODUCTION NO. 13:**
27

28
                                    -9-

1    All documents that relate to, refer to, show, or reflect Plaintiff's communications

2    with HMCU employees, clients or prospective clients after 5:00 p.m., Monday through Friday at

3    any time during Plaintiff's employment with HMCU.

4    **OBJECTION:**

5

6    Plaintiff objects to this request on the grounds that Defendant is in possession, and

7    has yet to produce, the server containing Plaintiff's and his supervisors' entire email files and

8    Plaintiff's phone records.  As such, the information sought can be obtained from a source that is

9    more convenient, less burdensome, or less expensive.

10   **RESPONSE TO REQUEST NO. 13:**

11

12   Without waiving these objections, Plaintiff states that in response to this request,

     he will produce all emails and phone records in his possession reflecting communications with
13

14   HMCU employees, clients and prospective clients.

15

16   **REQUEST FOR PRODUCTION NO. 14:**

17   All documents that relate to, refer to, show, or reflect an evaluation of Plaintiff's

18   job performance while employed by HMCU.

19   **OBJECTION:**

20

21   Plaintiff objects to this request on the grounds that it is cumulative.   Further,

22   because the information sought is be in Defendant's possession, it can be obtained from a source

23   that is more convenient, less burdensome, or less expensive.

24   **RESPONSE TO REQUEST NO. 14:**

25   Without waiving these objections, Plaintiff states that in response to this request,

26   he will produce all documents in his possession relating to his employment with Defendant,

27   including performance related documents.

28
-10-

1

2

**REQUEST FOR PRODUCTION NO. 15:**

3

4          All documents that relate to, refer to, show, or reflect policies and/or procedures

related the position(s) Plaintiff holds or held while employed by HMCU.

5

**OBJECTION:**

6

7          Plaintiff objects to this request on the grounds that it is cumulative, seeks

8    information that it not relevant to a claim or defense or reasonably calculated to lead to the

9    discovery of admissible evidence.  Further, because all documents relating to Plaintiff's

10   employment – including all policies and procedures that related to his job - are in Defendant's

11

12   possession they can be obtained from a source that is more convenient, less burdensome, or less

expensive.

13

14   **RESPONSE TO REQUEST NO. 15:**

15          Without waiving these objections, Plaintiff states that in response to this

16   cumulative request, he will produce all documents in his possession relating to his employment

17   with Defendant.

18

19

20

21   **REQUEST FOR PRODUCTION NO. 16:**

22          All documents that relate to, refer to, show or reflect training for the position(s)

23   Plaintiff holds or held while employed by HMCU.

24   **OBJECTION:**

25          Plaintiff objects to this request on the grounds that it is cumulative.  Further,

26   because all documents relating to Plaintiff's employment – including all training materials - are in

27

28                                        -11-

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S          07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

1   Defendant's possession they can be obtained from a source that is more convenient, less

2   burdensome, or less expensive.

3   **RESPONSE TO REQUEST NO. 16**:

4   

5       Without waiving these objections, Plaintiff states that in response to this cumulative

6   request, he will produce all documents in his possession relating to his employment with

7   Defendant.

8   

9   **REQUEST FOR PRODUCTION NO. 17:**

10      All documents, including, but not limited to pay records, pay checks, pay stubs,

11  IRS W-2 forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the

12  wages, including commissions, promised, earned or paid to Plaintiff while employed by HMCU.

13  **OBJECTION:**

14  

15      Plaintiff objects to this request on the grounds that it is over broad, unduly

16  burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

17  calculated to lead to the discovery of admissible evidence.   Further, because the documents

18  relating to Plaintiff's employment – including all compensation information - are in Defendant's

19  possession they can be obtained from a source that is more convenient, less burdensome, or less

20  expensive.

21  **RESPONSE TO REQUEST NO. 17:**

22      Without waiving these objections, Plaintiff states that in response to this unduly

23  burdensome, overly broad and cumulative request, he will produce all pay records and paystubs

24  in his possession relating to income earned from Defendant.

25  

26  

27  **REQUEST FOR PRODUCTION NO. 18:**

28                                      -12-

1          All documents, including but not limited to pay records, pay checks, pay stubs,

2   IRS W-2 forms, memos, letters, and/or tax returns, that relate to, refer to, show, or reflect the

3   benefits promised, earned or paid to Plaintiff while employed by HMCU.

4   **OBJECTION:**

5

6          Plaintiff objects to this request on the grounds that it is over broad, unduly

7   burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

8   calculated to lead to the discovery of admissible evidence.  Further, because the documents

9   relating to Plaintiff's employment – including all benefits information - are in Defendant's

10   possession they can be obtained from a source that is more convenient, less burdensome, or less

11   expensive.

12   **RESPONSE TO REQUEST NO. 18:**

13

14          Without waiving these objections, Plaintiff states that in response to this unduly

15   burdensome, overly broad and cumulative request, he will produce all pay records and paystubs

16   in his possession relating all benefits paid or promised by Defendant.

17

18

19

20   **REQUEST FOR PRODUCTION NO. 19:**

21          All documents that relate to, refer to, show, or reflect any bonus programs or other

22   incentive compensation for which Plaintiff was eligible while employed by HMCU.

23   **OBJECTION:**

24          Plaintiff objects to this request on the grounds that it is over broad, unduly

25   burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

26   calculated to lead to the discovery of admissible evidence.  Further, because the documents

27   relating to Plaintiff's employment – including all compensation information - are in Defendant's

28

-13-

possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 19:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 20:**

All documents that relate to, refer to, show, or reflect any absences from work due to sick days, personal days, doctor's appointments, leaves of absences, or for any other reason requested and/or taken by Plaintiff while employed by HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, vague, unduly burdensome, and cumulative. Further, because the information sought is be in Defendant's possession – particularly the server containing Plaintiff's and his supervisors' entire email files, branch schedules, payroll, benefits, and leave records, and other documents identifying time and date of work performed - it can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 20:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 21:**

-14-

1

2    All documents that relate to, refer to, show, or reflect any vacations requested

3    and/or taken by Plaintiff while employed by HMCU including, without limitation, calendar

4    entries, receipts, credit card bills, airline ticket stubs, itineraries, etc.

**OBJECTION:**

5

6    Plaintiff objects to this request on the grounds that it is over broad, vague, unduly

7    burdensome, and cumulative.  Further, because the information sought is be in Defendant's

8    possession – particularly the server containing Plaintiff's and his supervisors' entire email files,

9    branch schedules, payroll, benefits, and leave records, and other documents identifying time and

10   date of work performed - it can be obtained from a source that is more convenient, less

11   burdensome, or less expensive.

12

**RESPONSE TO REQUEST NO. 21:**

13

14   Without waiving these objections, Plaintiff states that in response to this overly

15   broad and cumulative request, he will produce all documents in his possession relating to his

16   employment with Defendant.

17

18   **REQUEST FOR PRODUCTION NO. 22:**

19

20   All documents that relate to, refer to, show or reflect any earned income by

21   Plaintiff from HMCU, including, but without limitation, pay records, pay checks, pay stubs, IRS

22   W-2 forms, memos, and letters received at any time during Plaintiff's employment with HMCU.

23   **OBJECTION:**

24   Plaintiff objects to this request on the grounds that it is over broad, unduly

25   burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

26   – including all compensation information - are in Defendant's possession they can be obtained

27   from a source that is more convenient, less burdensome, or less expensive.

28

-15-

**RESPONSE TO REQUEST NO. 22:**

Without waiving these objections, Plaintiff states that in response to this cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that relate to, refer to, show, or reflect all alleged deductions made by HMCU from Plaintiff's wages, commission or incentives.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  Further, because the documents relating to Plaintiff's employment – including all compensation information - are in Defendant's possession they can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 23:**

Without waiving these objections, Plaintiff states that in response to this unduly burdensome, overly broad and cumulative request, he will produce all pay records and paystubs in his possession relating to compensation paid by Defendant.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, including, and without limitation, credit card receipts, cash receipts, credit card bills, and cellular telephone bills, that relate to, refer to, show, or reflect all expenses Plaintiff claims to have incurred in performing his duties while employed by HMCU.

-16-

1

**OBJECTION:**

2

        Plaintiff objects to this request on the grounds that it is over broad, unduly

3

burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

4

– including all compensation information - are in Defendant's possession they can be obtained

5

from a source that is more convenient, less burdensome, or less expensive.

6

7

**RESPONSE TO REQUEST NO. 24:**

8

        Without waiving these objections, Plaintiff states that in response to this unduly

9

burdensome, overly broad and cumulative request, he will produce all pay records and paystubs

10

in his possession relating to compensation paid and deductions made by Defendant.

11

12

13

**REQUEST FOR PRODUCTION NO. 25:**

14

        All documents, including, and without limitation, cellular telephone bills, cellular

15

telephone records, personal digital assistant bills, and personal digital assistant records, that relate

16

to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages

17

sent or received, all pages sent or received, and any and all other communications sent or received

18

from or by the cellular telephone number(s) Plaintiff uses or has used to perform work for

19

HMCU.

20

**OBJECTION:**

21

22

        Plaintiff objects to this request on the grounds that it is over broad, unduly

23

burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated

24

to lead to the discovery of admissible evidence.  Further, because the documents relating to

25

Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his

26

supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's

27

28

-17-

possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 25:**

   Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 26:**

   All documents, including, and without limitation, telephone bills and telephone records, that relate to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages sent or received, all pages sent or received, and any and all other communications sent or received from or by any personal or home telephone number(s) Plaintiff uses or has used to perform work for HMCU.

**OBJECTION:**

   Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 26:**

   Plaintiff will not provide the documents requested in this request.

**REQUEST FOR PRODUCTION NO. 27:**

-18-

1    All documents, including, and without limitation, cellular telephone bills, cellular

2    telephone records, personal digital assistant bills, and personal digital assistant records, that relate

3    to, refer to, show, or reflect all telephone calls made and received, all text, SMS, or PIN messages

4    sent or received, and any and all other communications sent or received from or by any personal

5    digital assistant device Plaintiff uses or has used to perform work for HMCU.

6

7    **OBJECTION:**

8    Plaintiff objects to this request on the grounds that it is over broad, unduly

9    burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated

10   to lead to the discovery of admissible evidence.  Further, because the documents relating to

11   Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his

12   supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's

13   possession, the information can be obtained from a source that is more convenient, less

14   burdensome, or less expensive.

15

16   **RESPONSE TO REQUEST NO. 27:**

17   Plaintiff will not provide the documents requested in this request.

18

19

20   **REQUEST FOR PRODUCTION NO. 28:**

21   All documents, including, and without limitation, pager bills and pager records,

22   that relate to, refer to, show, or reflect all pages sent and received and any and all other

23   communications sent or received from or by any pager Plaintiff uses or has used to perform work

24   for HMCU.

25   **OBJECTION:** Plaintiff objects to this request on the grounds that it is over broad, unduly

26   burdensome, seeks information that it not relevant to a claim or defense or reasonably calculated

27   to lead to the discovery of admissible evidence.  Further, because the documents relating to

28

-19-

1   Plaintiff's job duties and hours worked – including the servers containing Plaintiff's and his

2   supervisors' email files, phone records, and expense reimbursement materials - are in Defendant's

3   possession, the information can be obtained from a source that is more convenient, less

4   burdensome, or less expensive.

5

6   **RESPONSE TO REQUEST NO. 28:**

7           Plaintiff will not provide the documents requested in this request.

8

9   **REQUEST FOR PRODUCTION NO. 29:**

10          All calendars, calendar entries, diaries, day-timers, day planners, time records,

11  notes, memoranda, training schedules, work schedules or similar documents covering the period

12  of Plaintiff's employment with HMCU to present, which in any manner relate to Plaintiff's hours

13

14  of work, working assignments, rate of pay, wages, compensation, commissions and/or other

15  working conditions while employed by HMCU.

16  **OBJECTION:**

17          Plaintiff objects to this request on the grounds that it is over broad, unduly

18  burdensome. Further, because the documents relating to Plaintiff's job duties, hours worked and

19

20  compensation are in Defendant's possession, the information can be obtained from a source that

21  is more convenient, less burdensome, or less expensive.

22  **RESPONSE TO REQUEST NO. 29:**

23       Without waiving these objections, Plaintiff states that in response to this overly broad

24  request, he will produce all documents in his possession relating to his employment with

25  Defendant.

26

27

28  **REQUEST FOR PRODUCTION NO. 30:**

-20-

1        All documents reflecting communications or correspondence that Plaintiff and/or

2    his counsel has had with former and/or current employees of HMCU that relate or refer to the

3    claims alleged in the First Amended Complaint.

4

**OBJECTION:**

5

6        Plaintiff objects to this requests on the grounds that it is vague, overly

7    burdensome, seeks information protected by the attorney work-product doctrine, and seeks

8    "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil

9    Procedure.

10

**RESPONSE TO REQUEST NO. 30:**

11

12        Without waiving these objections, Plaintiff states that as part of his motions filed

with the Court,  he has produced to Defendant all "statements" as defined by Rule 26 of the

13

14    Federal Rules of Civil Procedure.

15

16    **REQUEST FOR PRODUCTION NO. 31:**

17        All documents reflecting communication or correspondence that Plaintiff and/or

18    his counsel has had with any individual that relate or refer to the claims alleged in the First

19    Amended Complaint.

20

**OBJECTION:**

21

22        Plaintiff objects to this requests on the grounds that it is vague, overly

23    burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and

24    seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil

25    Procedure.

26

27

28    **RESPONSE TO REQUEST NO. 31:**

-21-

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court, he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that relate to, refer to or show any written or recorded statements obtained or received by Plaintiff and/or his counsel from any of HMCU's former and/or current employees concerning the subject matter of this lawsuit.

**OBJECTION:**

Plaintiff objects to this requests on the grounds that it is vague, overly burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 32:**

Without waiving these objections, Plaintiff states that as part of his motions filed with the Court,  he has produced to Defendant all "statements" as defined by Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that relate to, refer to or show any written or recorded statements obtained or received by Plaintiff and/or his counsel from any individual concerning the subject matter of this lawsuit.

**OBJECTION:**

-22-

1    Plaintiff objects to this requests on the grounds that it is vague, overly

2  burdensome, cumulative, seeks information protected by the attorney work-product doctrine, and

3  seeks "statements" beyond that which is contemplated by Rule 26 of the Federal Rules of Civil

4  Procedure.

5  **RESPONSE TO REQUEST NO. 33:**

6

7    Without waiving these objections, Plaintiff states that as part of his motions filed

8  with the Court, he has produced to Defendant all "statements" as defined by Rule 26 of the

9  Federal Rules of Civil Procedure.

10

11  **REQUEST FOR PRODUCTION NO. 34:**

12

13    All documents that refer to, support, or reflect your typical daily tasks for each

14  position you hold or held while employed with HMCU.

15  **OBJECTION:**

16    Plaintiff objects to this request on the grounds that it is over broad, unduly

17  burdensome, and cumulative. Further, because the documents relating to Plaintiff's typical daily

18  tasks – including the servers containing Plaintiff's and his supervisors' email files, phone records,

19  and expense reimbursement materials - are in Defendant's possession, the information can be

20  obtained from a source that is more convenient, less burdensome, or less expensive.

21

22  **RESPONSE TO REQUEST NO. 34:**

23    Without waiving these objections, Plaintiff states that in response to this overly

24  broad and cumulative request, he will produce all documents in his possession relating to his

25  employment with Defendant.

26

27  **REQUEST FOR PRODUCTION NO. 35:**

28

-23-

1   All documents that refer to, support, or reflect your typical weekly tasks for each

2   position you hold or held while employed with HMCU.

3   **OBJECTION:**

4

5   Plaintiff objects to this request on the grounds that it is over broad, unduly

6   burdensome, and cumulative.   Further, because the documents relating to Plaintiff's typical

7   weekly tasks – including the servers containing Plaintiff's and his supervisors' email files, phone

8   records, and expense reimbursement materials - are in Defendant's possession, the information

9   can be obtained from a source that is more convenient, less burdensome, or less expensive.

10  **RESPONSE TO REQUEST NO. 35:**

11

12  Without waiving these objections, Plaintiff states that in response to this overly

13  broad and cumulative request, he will produce all documents in his possession relating to his

14  employment with Defendant.

15

16  **REQUEST FOR PRODUCTION NO. 36:**

17  All documents which in any manner relate or refer to each and every instance for

18  which you claim that you did not receive appropriate compensation, including but not limited to

19  overtime, penalties, fines, and premium pay, from HMCU in violation of ay state or federal law,

20  including but not limited to the Fair Labor Standards Act.

21

22  **OBJECTION:**

23  Plaintiff objects to this request on the grounds that it is over broad, unduly

24  burdensome, and cumulative.   Further, because the documents relating to Plaintiff's

25  compensation – including payroll and compensation records - are in Defendant's possession, the

26  information can be obtained from a source that is more convenient, less burdensome, or less

27  expensive.

28

-24-

**RESPONSE TO REQUEST NO. 36:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 37:**

All documents which in any manner relate to or refer to itemized wage statements provided to you by HMCU, including but not limited to pay records, pay checks, and pay stubs.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.  Further, because the documents relating to Plaintiff's compensation – including pay records, pay checks, and pay stubs - the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 37:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "loan officers" described in the First Amended Complaint were misclassified as exempt.

**OBJECTION:**

-25-

1   Plaintiff objects to this request on the grounds that it is over broad, unduly

2   burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

3   and Defendant's pay policies and practices are in Defendant's possession, the information can be

4   obtained from a source that is more convenient, less burdensome, or less expensive.

5   **RESPONSE TO REQUEST NO. 38:**

6

7   Without waiving these objections, Plaintiff states that in response to this overly

8   broad and cumulative request, he will produce all documents in his possession relating to his

9   employment with Defendant.

10

11   **REQUEST FOR PRODUCTION NO. 39:**

12

13   All documents that in any manner refer to, relate to, tend to prove or disprove your

14   contention that  that "loan officers" described in the First Amended Complaint were denied or not

15   fully paid overtime compensation.

16   **OBJECTION:**

17   Plaintiff objects to this request on the grounds that it is over broad, unduly

18   burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

19   and Defendant's pay policies and practices are in Defendant's possession, the information can be

20   obtained from a source that is more convenient, less burdensome, or less expensive.

21   **RESPONSE TO REQUEST NO. 39:**

22

23   Without waiving these objections, Plaintiff states that in response to this overly

24   broad and cumulative request, he will produce all documents in his possession relating to his

25   employment with Defendant.

26

27   **REQUEST FOR PRODUCTION NO. 40:**

28

-26-

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

1    All documents that in any manner refer to, relate to, tend to prove or disprove your

2    contention that the "loan officers" described in the First Amended Complaint were denied or

3    prevented from taking meal and rest periods.

4    **OBJECTION:**

5

6    Plaintiff objects to this request on the grounds that it is over broad, unduly

7    burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

8    and Defendant's pay policies and practices are in Defendant's possession, the information can be

9    obtained from a source that is more convenient, less burdensome, or less expensive.

10   **RESPONSE TO REQUEST NO. 40:**

11

12   Without waiving these objections, Plaintiff states that in response to this overly

13   broad and cumulative request, he will produce all documents in his possession relating to his

14   employment with Defendant.

15

16   **REQUEST FOR PRODUCTION NO. 41:**

17   All documents that in any manner refer to, relate to, tend to prove or disprove your

18   contention that the "loan officers" described in the First Amended Complaint were not provided

19   appropriate waiting time penalties pursuant to the California Labor Code.

20   **OBJECTION:**

21

22   Plaintiff objects to this request on the grounds that it is over broad, unduly

23   burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

24   and Defendant's pay policies and practices are in Defendant's possession, the information can be

25   obtained from a source that is more convenient, less burdensome, or less expensive.

26

27   **RESPONSE TO REQUEST NO. 41:**

28

-27-

1    Without waiving these objections, Plaintiff states that in response to this overly

2    broad and cumulative request, he will produce all documents in his possession relating to his

3    employment with Defendant.

4

5

6

7    **REQUEST FOR PRODUCTION NO. 42:**

8    All documents that in any manner refer to, relate to, tend to prove or disprove your

9    contention that the "loan officers" described in the First Amended Complaint were not provided

10    with properly itemized wage statements pursuant to the California Labor Code.

11    **OBJECTION:**

12    Plaintiff objects to this request on the grounds that it is over broad, unduly

13    burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

14    and Defendant's pay policies and practices are in Defendant's possession, the information can be

15    obtained from a source that is more convenient, less burdensome, or less expensive.

16

17    **RESPONSE TO REQUEST NO. 42:**

18    Without waiving these objections, Plaintiff states that in response to this overly

19    broad and cumulative request, he will produce all documents in his possession relating to his

20    employment with Defendant.

21

22

23    **REQUEST FOR PRODUCTION NO. 43:**

24    All documents that in any manner refer to, tend to prove or disprove your

25    contention that the "sales assistants" described in the First Amended Complaint were not paid

26    fully for overtime hours worked.

27

28

-28-

1

**OBJECTION:**

2

Plaintiff objects to this request on the grounds that it is over broad, unduly

3

burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

4

and Defendant's pay policies and practices are in Defendant's possession, the information can be

5

obtained from a source that is more convenient, less burdensome, or less expensive.

6

7

**RESPONSE TO REQUEST NO. 43:**

8

Without waiving these objections, Plaintiff states that in response to this overly

9

broad and cumulative request, he will produce all documents in his possession relating to his

10

employment with Defendant.

11

12

13

**REQUEST FOR PRODUCTION NO. 44:**

14

All documents that in any manner refer to, relate to, tend to prove or disprove your

15

contention that the "sales assistants" described in the First Amended Complaint were denied or

16

prevented from taking meal and rest periods.

17

**OBJECTION:**

18

Plaintiff objects to this request on the grounds that it is over broad, unduly

19

burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

20

and Defendant's pay policies and practices are in Defendant's possession, the information can be

21

22

obtained from a source that is more convenient, less burdensome, or less expensive.

23

**RESPONSE TO REQUEST NO. 44:**

24

Without waiving these objections, Plaintiff states that in response to this overly

25

broad and cumulative request, he will produce all documents in his possession relating to his

26

employment with Defendant.

27

28

-29-

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S                07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

**REQUEST FOR PRODUCTION NO. 45:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "sales assistants" described in the First Amended Complaint were not provided appropriate waiting time penalties pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 45:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 46:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "sales assistants" described in the First Amended Complaint were not provided with properly itemized wage statements pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 46:**

-30-

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 47:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were misclassified as exempt.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 47:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 48:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were denied or not fully paid overtime compensation.

**OBJECTION:**

-31-

1    Plaintiff objects to this request on the grounds that it is over broad, unduly

2 burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

3 and Defendant's pay policies and practices are in Defendant's possession, the information can be

4 obtained from a source that is more convenient, less burdensome, or less expensive.

5

6 **RESPONSE TO REQUEST NO. 48:**

7    Without waiving these objections, Plaintiff states that in response to this overly

8 broad and cumulative request, he will produce all documents in his possession relating to his

9 employment with Defendant.

10

11 **REQUEST FOR PRODUCTION NO. 49:**

12

13    All documents that in any manner refer to, relate to, tend to prove or disprove your

14 contention that the "other non-management sales employees" described in the First Amended

15 Complaint were denied or prevented from taking meal and rest period.

16 **OBJECTION:**

17    Plaintiff objects to this request on the grounds that it is over broad, unduly

18 burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

19 and Defendant's pay policies and practices are in Defendant's possession, the information can be

20 obtained from a source that is more convenient, less burdensome, or less expensive.

21

22 **RESPONSE TO REQUEST NO. 49:**

23    Without waiving these objections, Plaintiff states that in response to this overly

24 broad and cumulative request, he will produce all documents in his possession relating to his

25 employment with Defendant.

26

27

28 **REQUEST FOR PRODUCTION NO. 50:**

-32-

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were not provided appropriate waiting time penalties pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 50:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 51:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that the "other non-management sales employees" described in the First Amended Complaint were not provided with properly itemized wage statements pursuant to the California Labor Code.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

-33-

**RESPONSE TO REQUEST NO. 51:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 52:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU suffered and permitted Plaintiffs, Class Members and/or the Collective Class to work more than forty hours per week without overtime compensation.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment and Defendant's pay policies and practices are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 52:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 53:**

All documents that in any manner refer to, relate to, tend to prove or disprove your contention that HMCU has engaged in conduct that is or was willful and in bad faith, causing significant damages to Plaintiff, Class Members and/or the Collective Class.

**OBJECTION:**

-34-

1   Plaintiff objects to this request on the grounds that it is over broad, unduly

2   burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

3   and Defendant's pay policies and practices are in Defendant's possession, the information can be

4   obtained from a source that is more convenient, less burdensome, or less expensive.

5

6   **RESPONSE TO REQUEST NO. 53:**

7   Without waiving these objections, Plaintiff states that in response to this overly

8   broad and cumulative request, he will produce all documents in his possession relating to his

9   employment with Defendant.

10

11   **REQUEST FOR PRODUCTION NO. 54:**

12

13   All documents that in any manner refer to, relate to, tend to prove or disprove your

14   contention that HMCU has failed to provide Plaintiff and/or Class Members with meal periods as

15   required by law.

16   **OBJECTION:**

17   Plaintiff objects to this request on the grounds that it is over broad, unduly

18   burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

19   and Defendant's pay policies and practices are in Defendant's possession, the information can be

20   obtained from a source that is more convenient, less burdensome, or less expensive.

21

22   **RESPONSE TO REQUEST NO. 54:**

23   Without waiving these objections, Plaintiff states that in response to this overly

24   broad and cumulative request, he will produce all documents in his possession relating to his

25   employment with Defendant.

26

27   **REQUEST FOR PRODUCTION NO. 55:**

28

-35-

1   All documents that in any manner refer to, relate to, tend to prove or disprove your

2  contention that HMCU failed to authorize and permit Plaintiff and/or Class Members to take rest

3  periods as required by law.

4  **OBJECTION:**

5

6   Plaintiff objects to this request on the grounds that it is over broad, unduly

7  burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

8  and Defendant's pay policies and practices are in Defendant's possession, the information can be

9  obtained from a source that is more convenient, less burdensome, or less expensive.

10  **RESPONSE TO REQUEST NO. 55:**

11

12   Without waiving these objections, Plaintiff states that in response to this overly

13  broad and cumulative request, he will produce all documents in his possession relating to his

14  employment with Defendant.

15

16  **REQUEST FOR PRODUCTION NO. 56:**

17   All documents reflecting communications or correspondence to or from any

18  government entity that relate or refer to the claims alleged in the First Amended Complaint.

19  **OBJECTION:**

20

21   Plaintiff objects to this request on the grounds that it is over broad, unduly

22  burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably

23  calculated to lead to the discovery of admissible evidence.  Further, because the documents

24  relating to Plaintiff's employment – including communications with government entities - are in

25  Defendant's possession, the information can be obtained from a source that is more convenient,

26  less burdensome, or less expensive.

27  **RESPONSE TO REQUEST NO. 56:**

28

-36-

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 57:**

All documents that relate to, refer to, show or reflect any and all claims submitted to, or communications with, federal, state or local government agencies or entities and Plaintiff regarding HMCU.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, cumulative, seeks information that it not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence. Further, because the documents relating to Plaintiff's employment – including communications with government entities - are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 57:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 58:**

All documents, including, but without limitation, written warnings, electronic mail messages, memoranda, and Interim Job Discussions, that relate to, refer to, show or reflect any

-37-

1  performance related corrective action, counseling, or discipline that Plaintiff received during his

2  employment with HMCU.

3  **OBJECTION:**

4
5          Plaintiff objects to this request on the grounds that it is over broad, unduly

6  burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

7  are in Defendant's possession, the information can be obtained from a source that is more

8  convenient, less burdensome, or less expensive.

9  **RESPONSE TO REQUEST NO. 58:**

10         Without waiving these objections, Plaintiff states that in response to this overly

11  broad and cumulative request, he will produce all documents in his possession relating to his

12  employment with Defendant.

13
14
15  **REQUEST FOR PRODUCTION NO. 59:**

16         All documents that in any manner refer to, relate to, tend to prove or disprove

17  Plaintiff's contention in the First Amended Complaint that Plaintiff's work productivity was

18  comparable to that of his colleagues.

19
20
21  **OBJECTION:**

22         Plaintiff objects to this request on the grounds that it is over broad, unduly

23  burdensome, and cumulative. Further, because the documents relating to Plaintiff's employment

24  as compared to his colleagues are in Defendant's possession, the information can be obtained

25  from a source that is more convenient, less burdensome, or less expensive.

26  **RESPONSE TO REQUEST NO. 59:**

27
28
-38-

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 60:**

All documents that in any manner refer to, relate to, tend to prove or disprove Plaintiff's contention in the First Amended Complaint that HMCU acknowledged any wage violation in any proceeding that occurred under the California Labor Commissioner's jurisdiction.

**OBJECTION:**

Plaintiff objects to this request on the grounds that it is over broad, unduly burdensome, and cumulative.    Further, because the documents relating to Defendant's communications with the California Labor Commissioner are in Defendant's possession, the information can be obtained from a source that is more convenient, less burdensome, or less expensive.

**RESPONSE TO REQUEST NO. 60:**

Without waiving these objections, Plaintiff states that in response to this overly broad and cumulative request, he will produce all documents in his possession relating to his employment with Defendant.

**REQUEST FOR PRODUCTION NO. 61:**

All documents that in any manner refer to, relate to, tend to prove or disprove Plaintiff's contention in the First Amended Complaint that Plaintiff was discharged from employment by HMCU in retaliation for Plaintiff's protected activities under the Fair Labor Standards Act and through the California Department of Labors Standards Enforcement.

-39-

1  **OBJECTION:**

2         Plaintiff objects to this request on the grounds that it is over broad, unduly

3  burdensome, and cumulative.  Further, because the documents relating to Plaintiff's employment

4  are in Defendant's possession, the information can be obtained from a source that is more

5  convenient, less burdensome, or less expensive.

6

7  **RESPONSE TO REQUEST NO. 61:**

8         Without waiving these objections, Plaintiff states that in response to this overly

9  broad and cumulative request, he will produce all documents in his possession relating to his

10 employment with Defendant.

11

12

13

14 February 29, 2008                    **NICHOLS KASTER & ANDERSON, LLP**

15                                      /s/

16

17                                      Paul J. Lukas
                                        4600 IDS Center,
18                                      80 South 8th Street
                                        Minneapolis, MN 55402
19                                      T:  612-256-3200
                                        F: 612-215-6870
20

21                                      **ATTORNEYS FOR PLAINTIFFS**

22

23

24

25

26

27

28
                                        -40-

1

**CERTIFICATE OF SERVICE**
Wong et al v. HSBC Mortgage Corporation et al

2
**Case No. 07-2446 MMC/JSC**

3
I hereby certify that on February 29, 2008, I caused the following document(s):

4

**Plaintiff Chaussy's Responses to Defendant's Requests for Production of Documents, Set I**
5
**and CD containing the following:**

6
| | |
|---|---|
| NKA1501: | Weekly Production by Offices; |
7
| NKA2104: | F. Chaussy's W-2 for 2006; |
| NKA2258-2259: | Interim Job Discussion; |
8
| NKA2260-2269: | Status Report by Loan Officer; |
| NKA2270-2275: | Retaliation Complaint; |
9
| NKA2276-2277: | Termination Letter; |
| NKA2278-2279: | Key Accountabilities; |
10
| NKA2280-2298: | Compensation History2298; |
| NKA2299-2300: | Inside HR – Overtime; |
11
| NKA2301-2305: | Correspondence with HSBC; |
| NKA2306-2307: | Employment Offer; |
12
| NKA2308-2322: | Mortgage Sales Incentive Plans for Retail Sales; |
| NKA2323-2327: | Final Written Warning-Production/Performance and Emails; |
13
| NKA2328-2329: | Emails Concerning Compensation; |
| NKA2330: | Emails with A. Ku; |
14
| NKA2331-2334: | Emails with W. Daniel; |
15
| NKA2334-2341: | Documents Relating to California Labor Commission Claim; |
| NKA2342-2356: | Emails with A. Ku and J. Jennings; |
16
| NKA2357-2360: | Branch Schedule Documents; |
| NKA2361-2365: | Emails with A. Ku and W. Daniel; |
17
| NKA2379-2382: | Paychecks and 2007 W-2; |
| NKA2386-2446: | F. Chaussy Paychecks; |
18
| NKA2447-2464: | Severance Pay Plan, Emails; and |
19
| NKA2465-2502: | Emails, Branch Schedule |

20

21
to be served via hand-delivery to the following:

22

23
George J. Tichy, II
24
Michelle Barrett
Littler Mendelson, P.C.
25
650 California Street
20th Floor
26
San Francisco, CA 94108-2693

27

28

-41-

PLAINTIFF CHAUSSY'S RESPONSES TO DEFENDANT'S                    07-cv-2446 MMC
REQUEST FOR PRODUCTION OF DOCUMENTS (SET I)

1

2  Dated: February 29, 2008          NICHOLS KASTER & ANDERSON, LLP

3

4                              _____ s/ Brad Heitzinger _____
                                Brad Heitzinger
5                               Class Action Clerk
                                **NICHOLS KASTER & ANDERSON, LLP**
6                               One Embarcadero Center
                                Suite 720
7                               San Francisco, CA  94111
                                Telephone (415) 277-7235
8                               Facsimile (415) 277-7238

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-42-

# EXHIBIT K

1   Donald H. Nichols, MN State Bar No. 78918
    (admitted **pro hac vice**)
2   Paul J. Lukas, MN State Bar No. 22084X
    (admitted **pro hac vice**)
3   NICHOLS KASTER & ANDERSON, PLLP
    4600 IDS Center
4   80 S. 8th Street
    Minneapolis, MN 55402
5
    Bryan J. Schwartz, CA State Bar No. 209903
6   Matthew C. Helland, CA State Bar No. 250451
    NICHOLS KASTER & ANDERSON, LLP
7   One Embarcadero Center, Ste. 720
    San Francisco, CA 94111
8
    Attorneys for Individual and Representative Plaintiffs
9
                    **IN THE UNITED STATES DISTRICT COURT**
10                      **NORTHERN DISTRICT OF CALIFORNIA**

11
    Philip Wong, Frederic Chaussy, and Leslie          Case No: 07-cv-2446 MMC
12  Marie Shearn, individually, on behalf of all
    others similarly situated, and on behalf of
13  the general public,
                                    Plaintiff,
14
    v.
15
                                                       **PLAINTIFF PHILIP WONG'S**
16  HSBC Mortgage Corporation (USA);                   **PRIVILEGE LOG**
    HSBC Bank USA, N.A.; and DOES 1
    through 50, inclusive,
17
                                    Defendant.
18

19

20

21  TO:  HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A., and their attorneys of record:

22

23          PLEASE TAKE NOTICE THAT Plaintiff Wong has withheld the documents listed on the

24  attached table (**ATTACHMENT 1**) on the grounds that production of these documents would

25  reveal the contents of communications protected by the attorney-client privilege and the attorney

26  work-product doctrine. Listed documents may include numerous communications embedded

27  within them (as in an "email chain"), may contain duplicative copies of the same communication,

28  and may be redacted where documents contained both communications including Mr. Wong and

1    communications which did not include Mr. Wong. Plaintiffs reserve the right to supplement this

2    privilege log at any time.  Discovery is continuing.

3

4
     Dated:  May 13, 2008                         NICHOLS KASTER & ANDERSON, LLP
5

6                                                 _____s/Bryan J. Schwartz_____
                                                  Bryan J. Schwartz, CA Bar No. 209903
7                                                 One Embarcadero Center
                                                  Suite 720
8                                                 San Francisco, CA 94111
9
                                                  ATTORNEYS FOR PLAINTIFFS
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Attachment 1

## Attorney-client Privilege e-mail log

| Bates Number (s) | Subject line | Author | Recipient | Date |
|---|---|---|---|---|
| NK4006005-6006 | fw: Dress Code at Montgomery Branch | Phil Wong | B. Schwartz, P. Lukas | 1/23/2008 |
| NK4006007-6008 | Fw: Discussion Today | Phil Wong | P. Lukas | 2/1/2008 |
| NK4006009 | Fw: Invitation: Action plan discussed | Phil Wong | B. Schwartz, P. Lukas | 1/22/2008 |
| NK4006010-6014 | Fw: Winter Credit Campaign | Phil Wong | B. Schwartz, P. Lukas | 1/23/2008 |
| NK4006015-6017 | fw: contacts from HSBC | Phil Wong | B. Schwartz, F. Chaussy | 4/20/2007 |
| NK4006018-6023 | fw: HSBC list | Frederic Chaussy | L. Lee, P. Wong, L. Kaster | 5/23/2007 |
| NK4006024 | inventory HSBC | Phil Wong | P. Lukas | 2/29/2008 |
| NK4006025 | Resignation Letter | Phil Wong | P. Lukas, B. Schwartz | 3/1/2008 |
| NK4006026 | no subject | Lucas Kaster | P. Wong | 10/24/2007 |
| NK4006027 | re: cases | Bryan Schwartz | P. Wong | 4/15/2007 |
| NK4006028-6030 | re contacts from HSBC | Phil Wong | B. Schwartz | 4/30/2007 |
| NK4006031-6033 | re: depositions | Bryan Schwartz | P. Wong | 11/21/2007 |
| NK4006034 | re: Document (2).pdf | Phil Wong | P. Wong | 7/17/2007 |
| NK4006035-6036 | re: Dress Code at Montgomery Branch | Bryan Schwartz | B. Schwartz | 1/23/2008 |
| NK4006039-6042 | re: Fw: Invitation action plan | Phil Wong | P. Lukas | 1/22/2008 |
| NK4006046-6048 | re: Fw: Loan Officer Branch Schedule- March 07 | Bryan Schwartz | P. Wong, P. Lukas | 5/30/2007 |
| NK4006049 | re: HSBC | Lawrence Lee | B. Schwartz | 5/16/2007 |
| NK4006050-6054 | re: HSBC | Phil Wong | F. Chaussy, L. Kaster, P. Wong | 6/20/2007 |
| NK4006055-6058 | re: IID Response required | Bryan Schwartz | P. Wong | 12/28/2007 |
| NK4006059-6060 | re: Job Positions | Phil Wong | L. Kaster | 5/29/2007 |
| NK4006061-6066 | re: meeting next week | Frederic Chaussy | B. Schwartz , P. Wong | 4/25/2007 |
| NK4006067-6069 | re: Phil, please take a close look | Phil Wong | B. Schwartz , P. Wong | 12/17/2007 |
| NK4006070-6071 | re: resignation letter | Bryan Schwartz | P. Wong | 3/3/2008 |
| NK4006072-6073 | re: retaliation | Bryan Schwartz | P. Wong | 1/2/2008 |
| NK4006074-6076 | re: Tomorrow- Tuesday | Frederic Chaussy | B. Schwartz , P. Wong | 4/23/2008 |
| NK4006077-6080 | wong resignation letter | Phil Wong | B. Schwartz | 3/4/2008 |
| NK4006081-6083 | re: Yesterday's Meeting] | Bryan Schwartz | F. Chaussy, P. Wong, J. Henry | 5/8/2007 |
| NK4006084-6087 | re: (no subject) | Phil Wong | L. Kaster | 10/30/2007 |
| NK4006088 | HSBC | Bryan Schwartz | P. Wong | 5/13/2008 |
| NK4006089-6091 | re: HSBC | Bryan Schwartz | P. Wong | 3/14/2008 |
| NK4006092-6093 | re: HSBC | Bryan Schwartz | P. Wong | 5/13/2008 |
| NK4006094 | RE: HSBC | Bryan Schwartz | P. Wong | 5/13/2008 |
| NK4006095 | RE: HSBC | Bryan Schwartz | P. Wong | 5/13/2008 |
| NK4006096-6097 | RE: HSBC | Bryan Schwartz | L. Kaster, P. Wong | 6/20/2007 |
| NK4006098-6101 | re: HSBC | Bryan Schwartz | P. Wong | 5/13/2008 |
| NK4006102-6104 | Re: HSBC | Phil Wong | P. Wong | 5/13/2008 |
| NK4006105-6106 | Re: HSBC | Phil Wong | P. Lukas | 1/25/2008 |
| NK4006107-6109 | Re: HSBC list | Paul Lukas | P. Wong | 1/25/2008 |
| NK4006110-6112 | Re: contacts from HSBC | Bryan Schwartz | P. Wong, F. Chaussy | 5/14/2007 |
| NK4006113-6116 | re: depositions | Phil Wong | B. Schwartz | 4/24/2007 |
| NK4006117-6118 | re: depositions | Lucas Kaster | P. Wong, F. Chaussy | 11/1/2007 |
| NK4006119-6122 | Re: Fw: invitation action plan discussion | Bryan Schwartz | P. Wong, P. Lukas | 1/22/2008 |
| | re: HSBC list | Lawrence Lee | F. Chaussy, P. Wong, L. Kaster | 5/23/2007 |

## Attorney-client Privilege e-mail log

| Bates Number (s) | Subject line | Author | Recipient | Date |
|---|---|---|---|---|
| NKA006123-6125 | re: HSBC | Phil Wong | B. Schwartz | 5/13/2008 |
| NKA006126-6129 | re: UD, Response required | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006130-6132 | re: job positions | Phil Wong | L.Kaster, F. Chaussy | 5/16/2007 |
| NKA006133 | re: meeting next week | Bryan Schwartz | P. Wong, F. Chaussy | 4/24/2007 |
| NKA006134-6136 | re: Phil, please take a close look | Bryan Schwartz | P. Wong | 12/17/2007 |
| NKA006137-6140 | re: resignation letter | Phil Wong | B. Schwartz | 3/3/2008 |
| NKA006141 | re: wong resignation letter | Bryan Schwartz | P. Wong | 3/4/2008 |
| NKA006142-6144 | re: HSBC | Phil Wong | P. Lukas | 1/25/2008 |
| NKA006145-6146 | re: HSBC | Paul Lukas | P. Wong | 1/25/2008 |
| NKA006147-6149 | fw: HSBC list | Bryan Schwartz | P. Wong, F. Chaussy | 5/14/2007 |
| NKA006150-6153 | re: contacts from HSBC | Phil Wong | B. Schwartz | 5/3/2007 |
| NKA006154-6155 | re: fw: Invitation: Action Plan discussion | Bryan Schwartz | P. Wong, P. Lukas | 1/22/2008 |
| NKA006156-6159 | re: HSBC list | Phil Wong | L.Lee, P. Wong, L. Kaster | 5/21/2007 |
| NKA006160-6162 | re: HSBC | Phil Wong | L. Kaster, F. Chaussy | 2/29/2008 |
| NKA006163-6169 | UD, response required | Phil Wong | B. Schwartz | 12/28/2007 |
| NKA006170-6173 | re: job positions | Phil Wong | B. Schwartz | 5/16/2007 |
| NKA006174-6175 | re: resignation letter | Phil Wong | F. Chaussy | 3/3/2008 |
| NKA006176-6180 | re: HSBC list | Lucas Kaster | B. Schwartz | 5/23/2007 |
| NKA006181 | re: HSBC | Bryan Schwartz | F. Chaussy, B. Schwartz, P. Wong | 6/20/2007 |
| NKA006182-6184 | re: UD, Response required | Bryan Schwartz | P. Wong, L. Kaster | 12/28/2007 |
| NKA006185-6188 | re: resignation letter | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006189-6190 | re: HSBC | Phil Wong | B. Schwartz | 3/4/2008 |
| NKA006191-6194 | re: UD, Response required | Phil Wong | B. Schwartz | 5/13/2008 |
| NKA006191-6194 | re: resignation letter | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006195-6196 | re: resignation letter | Phil Wong | P. Lukas | 3/2/2008 |
| NKA006197-6198 | re: HSBC | Phil Wong | B. Schwartz | 3/3/2008 |
| NKA006199-6203 | re: UD, response required | Bryan Schwartz | P. Wong | 3/14/2008 |
| NKA006204-6207 | re: resignation letter | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006208-6209 | re: HSBC | Phil Wong | B. Schwartz | 3/4/2008 |
| NKA006210-6214 | re: UD, Response required | Phil Wong | P. Wong | 7/19/2007 |
| NKA006215 | re: resignation letter | Bryan Schwartz | B. Schwartz | 12/28/2007 |
| NKA006216-6218 | re: HSBC | Phil Wong | P. Lukas, P. Wong | 3/2/2008 |
| NKA006219-6223 | re: resignation letter | Phil Wong | B. Schwartz | 3/3/2008 |
| NKA006224-6226 | re: resignation required | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006227-6228 | re: HSBC | Bryan Schwartz | P. Wong | 3/3/2008 |
| NKA006225-6234 | re: UD, Response required | Phil Wong | L. Kaster | 6/20/2007 |
| NKA006235 | re: resignation required | Bryan Schwartz | P. Wong | 12/28/2007 |
| NKA006238-6240 | depositions | Paul Lukas | P. Wong, B. Schwartz | 3/7/2008 |
| NKA006241-6242 | Pwd: Dress Code at Montgomery Branch | Lucas Kaster | P. Wong, F. Chaussy | 10/31/2007 |
| NKA006243-6244 | Pwd: Fw: Confirmed: Retail Business plan, WebEx Training | Phil Wong | B. Schwartz, P. Lukas | 1/23/2008 |
| NKA006624-6248 | Pwd: Fw: Discussion Today | Phil Wong | B. Schwartz | 11/26/2007 |
| NKA006247-6248 | Fw: E-mail taglines promoting the premier delux and HE promo | Phil Wong | P. Lukas | 2/1/2008 |
| NKA006249 | fw: Invitation: Action Plan Discussion/Jan 23 2:00 PM PS in Montgomery Branch 10th floor | Phil Wong | B.Schwartz | 1/2/2008 |
| NKA006250-6251 | FW: Loan Officer Branch Schedule-March 07 | Phil Wong | P.Lukas, B.Schwartz | 1/22/2008 |
| | | | B.Schwartz | 5/30/2007 |

## Attorney-client Privilege e-mail log

| Bates Number (s) | Subject line | Author | Recipient | Date |
|---|---|---|---|---|
| NKA006252-6253 | Fw: Rescheduled: Monthly Meeting- Conference Call (Nov 28 2:00 PM PST) | Phil Wong | B.Schwartz | 11/26/2007 |
| NKA006257-6258 | Fw: Winter Credit Campaign | Phil Wong | P.Lukas, B.Schwartz | 1/23/2008 |
| NKA006259-6262 | Fw: refinancing | Phil Wong | B.Schwartz | 5/30/2007 |
| NKA006263 | Fw: big win for us | Bryan Schwartz | P. Wong, F. Chaussy, J. Henry | 3/24/2008 |
| NKA006264-6266 | Fw: contacts from HSBC | Phil Wong | B. Schwartz, F. Chaussy | 4/20/2008 |
| NKA006267-6269 | FW: Loan Officer Branch Schedule-March 07 | Phil Wong | B. Schwartz | 5/30/2007 |
| NKA006272-6276 | fw: HSBC list | Frederic Chaussy | L.Kaster, B.Schwartz, L.Lee, P.Wong | 5/23/2007 |
| NKA006277-6278 | fw: HSBC list | P. Lukas | 2/29/2008 |
| NKA006279 | Fw: inventory HSBC | P. Lukas | 2/29/2008 |
| NKA006280-6283 | Fw: job positions | Phil Wong | P. Lukas | 5/16/2007 |
| NKA006284-6285 | Fw: resignation letter | Phil Wong | L. Kaster | 3/3/2008 |
| NKA006286-6287 | Re: hi phil | Bryan Schwartz | P. Wong | 12/10/2007 |
| NKA006294 | No subject | Phil Wong | B.Schwartz | 3/4/2008 |
| NKA006296 | RE: Phil, are you avail next Mon p.m. for preparation and Tues all day for deposition | Bryan Schwartz | P.Wong | 10/25/2007 |
| NKA006297 | RE: resignation letter | Phil Wong | P.Lukas, B.Schwartz | 3/1/2008 |
| NKA006298-6299 | No subject | Phil Wong | P.Wong | 10/30/2007 |
| NKA006301 | RE: amended complaint | Lucas Kaster | B.Schwartz, F. Chaussy, L.Kaster | 6/30/2007 |
| NKA006302 | RE: big win for us | Bryan Schwartz | P. Wong, F. Chaussy, J. Henry | 3/24/2008 |
| NKA006303 | RE: cases | Phil Wong | B.Schwartz | 4/15/2008 |
| NKA006304-6307 | RE: contacts from hsbc | Bryan Schwartz | P. Wong | 4/23/2007 |
| NKA006308-6309 | RE: deposition preparation | Frederic Chaussy | B.Schwartz, P.Wong, J.Henry | 11/16/2007 |
| NKA006310-6316 | RE: depositions | Phil Wong | L.Kaster, F.Chaussy | 11/1/2007 |
| NKA006317-6318 | RE: Document (2) pdf | Bryan Schwartz | P.Lukas | 7/17/2007 |
| NKA006319 | RE: documents you were going to give me | Phil Wong | B.Schwartz | 5/10/2007 |
| NKA006320-6321 | RE: Dress Code at Montgomery Branch | Phil Wong | P.Lukas | 1/23/2008 |
| NKA006322 | RE: found an employee handbook for you | Phil Wong | B.Schwartz | 7/31/2007 |
| NKA006323-6324 | fw: Dress Code at Montgomery Branch | Bryan Schwartz | P.Wong, P.Lukas | 1/23/2008 |
| NKA006325-6328 | fw: and the winners are...(Retail Mortgage Masters Club) | Bryan Schwartz | B.Schwartz | 1/23/2008 |
| NKA006329-6334 | re: fw: HSBC list | Lawrence Lee | F.Chaussy, L.Kaster, P.Wong | 5/24/2007 |
| NKA006335-6336 | fw: Invitation: Action Plan Discussion(Jan 23 2:00 PM PS In Montgomery Branch 10th floor | Bryan Schwartz | P. Wong, P.Lukas | 1/22/2008 |
| NKA006337-6339 | FW: Loan Officer Branch Schedule-March 07 | Phil Wong | B.Schwartz | 5/30/2007 |
| NKA006340-6346 | FW: Oakland Chinatown Chamber of Commerce/HSBC Bank-Community Small Business Seminar in Cantonese and Mandarin | Bryan Schwartz | Bryan Schwartz | 1/17/2008 |
| NKA006347-6349 | FW: Phillip Wong (leave of Absence Request | Phil Wong | P.Wong | 6/19/2007 |
| NKA006354-6355 | RE: HSBC Declaration- Wong (12-21) | Bryan Schwartz | B.Schwartz | 12/20/2007 |
| NKA006356-6357 | RE: HSBC investigation | Phil Wong | P.Wong | 6/24/2007 |
| NKA006358-6360 | RE: HSBC List | Phil Wong | L.Kaster | 6/14/2007 |
| NKA006561 | RE: HSBC List | Frederic Chaussy | L.Lee, L.Kaster, P.Wong | 5/16/2007 |
| NKA006562 | RE: HSBC NOD P.Wong | Bryan Schwartz | M. Honkanen, P.Wong | 11/28/2007 |
| NKA006363 | RE: HSBC | Phil Wong | P.Wong | 5/13/2008 |
| NKA006864 | RE: IDJ on Friday 2-51 | Phil Wong | P.Wong | 1/7/2008 |
| NKA006865-6370 | RE:IDJ HSBC | Bryan Schwartz | B.Schwartz | 12/28/2007 |
| NKA006871-6373 | RE: IJD, response required | Phil Wong | B.Schwartz | 12/28/2007 |
| NKA006374-6377 | RE: job positions | Frederic Chaussy | P.Wong, L.Kaster | 5/16/2007 |
| | RE: list | Phil Wong | L.Kaster | 5/21/2007 |

# Attorney-client Privilege e-mail log

| Bates Number (s) | Subject line | Author | Recipient | Date |
|---|---|---|---|---|
| NKA006378-6380 | RE: meeting next week | Bryan Schwartz | P. Wong, F. Chaussy | 5/2/2007 |
| NKA006381 | RE: new contact info | B.Schwartz | B.Schwartz | 3/18/2008 |
| NKA006384-6385 | RE: Phil, are you avail next Mon p.m. for preparation and Tues all day for deposition | Bryan Schwartz | P.Wong | 10/25/2007 |
| NKA006386-6389 | RE: Phil, please take a close look | P. Wong | B. Schwartz | 12/17/2007 |
| NKA006392-6394 | RE: resignation letter | Bryan Schwartz | P. Lukas | 3/5/2008 |
| NKA006395-6397 | RE: retaliation | B.Schwartz | B.Schwartz | 1/2/2008 |
| NKA006398 | RE: today | Phil Wong | B.Schwartz | 3/12/2008 |
| NKA006399-6400 | RE: tomorrow-Tuesday | Phil Wong | B.Schwartz | 4/21/2008 |
| NKA006401 | RE: Wong resignation letter | Frederic Chaussy | B.Schwartz, P.Wong | 3/4/2008 |
| NKA006402-6404 | Re: yesterdays meeting | Frederic Chaussy | B.Schwartz | 5/4/2007 |
| NKA006405 | RE: your case was top story in employment law 360 | Bryan Schwartz | B.Schwartz, P.Wong, J.Henry | 5/10/2007 |
| NKA006406-6407 | RE: your discrimination complaint | Phil Wong | P. Wong, F. Chaussy | 7/11/2007 |
| NKA006406-6407 | RE: your discrimination complaint | Phil Wong | B.Schwartz | 7/11/2007 |
| NKA006408 | No subject | Phil Wong | B.Schwartz | 10/24/2007 |
| NKA006408 | No subject | Phil Wong | L.Koster | 10/24/2007 |
| NKA006408 | No subject | Phil Wong | L.Koster | 10/24/2007 |
| NKA006447-6451 | RE: re Bofa account executive | Phil Wong | B.Schwartz | 4/16/2007 |
| NKA006447-6451 | RE: re Bofa account executive | Phil Wong | B.Schwartz | 4/16/2007 |
| NKA006452-6481 | re: Phil Wong, EPM | Phil Wong | P.Wong, B.Schwartz | 9/17/2007 |
| NKA006452-6481 | re: Phil Wong, EPM | Phil Wong | P.Wong, B.Schwartz | 9/17/2007 |
| NKA006482-6483 | RE: HSBC | Phil Wong | P.Lukas | 2/29/2008 |
| NKA006484-6486 | RE: Discovery answers | Paul Lukas | P.Wong, M.Honkanen | 2/23/2008 |
| NKA006487-6488 | Re: Discovery answers | Phil Wong | P. Lukas, M. Honkanen, B. Heitzinger, | 2/22/2008 |
| NKA006489 | RE: HSBC | Paul Lukas | M.Honkanen, P. Wong | 2/13/2008 |
| NKA006490 | FW: Evidence Preservation | Bryan Schwartz | F. Chaussy, P. Wong, M. Honkanen | 5/30/2007 |
| NKA006491-96 | Judicial Notice | | P.Wong | 4/28/2008 |
| NKA006497 | Case Update letter | Brad Heitzinger | P.Wong, F. Chaussy, B. Heitzinger,. M. | 3/26/2008 |
| NKA006498 | Discovery Answers | Paul Lukas | Honkanen | 2/22/2008 |
| NKA006499-6503 | RE: HSBC | Bryan Schwartz | P. Wong, B. Schwartz | 5/15/2008 |
| NKA006504-6510 | RE: HSBC | Phil Wong | B. Schwartz | 5/15/2008 |
| NKA006511-6516 | RE: HSBC | Phil Wong | B. Schwartz | 5/15/2008 |
| NKA006517-6522 | Re: HSBC | Phil Wong | B. Schwartz | 5/15/2008 |
| NKA006569-6574 | Re: HSBC | Phil Wong | B. Schwartz | 5/14/2008 |
| NKA006575-6580 | Re: HSBC | Phil Wong | B. Schwartz | 5/14/2008 |
| NKA006581-6582 | Fw: State of California | Phil Wong | B. Schwartz | 5/15/2008 |
| NKA006583-6584 | Fw: Attachment of Employment 360 Article | Phil Wong | B. Schwartz | 5/15/2008 |
| NKA006585-6591 | Re: HSBC | Phil Wong | B. Schwartz | 5/15/2008 |

## PROOF OF SERVICE

| STATE OF CALIFORNIA | ) | |
|---|---|---|
| | ) | ss. |
| COUNTY OF SAN FRANCISCO | ) | |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Nichols Kaster & Anderson, LLP, One Embarcadero Center, Suite 720, San Francisco, CA 94111.

On May 15, 2008, I served the within document(s):

### Plaintiff Philip Wong's Privilege Log

on the person(s) at the address(es) listed below:

### SEE ATTACHED SERVICE LIST

| | |
|---|---|
| | ***VIA U.S. MAIL:*** By placing the document(s) listed in a sealed envelope(s) with postage thereon fully prepaid in the United States mail at San Francisco, California, addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit. |
| | ***VIA FACSIMILE.*** I sent such document(s) by facsimile transmission on ____. I certify that said transmission(s) was/were completed, that all pages were received, and that a confirmation report was generated by facsimile machine phone number (415) 277-7238 |
| | ***VIA PERSONAL DELIVERY.*** By causing delivery of the document(s) by hand-delivery |
| X | ***VIA E-MAIL.*** I e-mailed the document(s) to all interested parties in this matter in the ordinary course of business on the date indicated herein. |
| | ***VIA FEDERAL EXPRESS.*** I am readily familiar with the practice of this office for collection and processing of correspondence fro next business day delivery by FedEx, and said correspondent is deposited with FedEx on this date in the ordinary course of the business. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 15th day of May, 2008, at San Francisco, California.

s/Melissa A. Honkanen
_____
Melissa A. Honkanen

## SERVICE LIST

George J. Tichy, II
Michele R. Barrett
Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
gtichy@littler.com
mbarrett@littler.com

# EXHIBIT L

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Wong, et al.,
individually and on behalf of others
similarly situated,

Case No. 07-2446 MMC

      Plaintiffs,

v.

HSBC Mortgage Corporation (USA);
HSBC Bank USA, N.A; and DOES 1-50,

      Defendants.

## DECLARATION OF PHILIP WONG

1.    I am a Plaintiff in this action against Defendants (hereinafter "HSBC"). I am over the age of 18 and competent to testify about the matters set forth in this declaration.

2.    Since December 4, 2005, I have been employed as a Senior Retail Mortgage Lending Consultant ("loan officer") by HSBC at HSBC Bank's Irving Street (San Francisco), Montgomery Street (San Francisco), Oakland, and Millbrae branch offices (all in California). As a loan officer, my job duties have been consistent throughout my employment, and are entirely focused on my selling as many loans as possible. My job is to sell HSBC's mortgage and loan products and generate loans for customers according to HSBC's guidelines and procedures. I am informed and believe that the duties of other persons holding my position in my region, the San Francisco area, are and have been substantially similar to mine. These duties include, but are not limited to, the following:

    a.    Calling potential customers (leads), most of which were provided to me by HSBC, in attempting to sell loans;

    b.    Speaking to potential customers (leads) in HSBC branches, in attempting to sell loans;

    c.    Taking information from the potential customers and completing loan applications; and

1

    d.  Collecting client documents and answering client questions about HSBC's mortgage and loan products and/or answering questions from HSBC's underwriting department

I have not had any supervisory responsibilities.

3.    I spend the majority of my time and perform the vast majority of my responsibilities working from the HSBC Mortgage Corporation office in the San Francisco area, from the HSBC branch offices assigned to me, or from my home office. My manager, Amy Ku, publishes a schedule with regular times that I am required to work from the HSBC Mortgage Corporation office and from the HSBC branch offices, which has consistently occupied more than 40 hours of my workweek and is my primary responsibility and primary source of sales leads. Ms. Ku has emphasized that branch attendance is mandatory and that, as one email stated, we are expected to be "physically at the branch as scheduled." **See ATTACHMENT 1, Ku 1/02/07 Email.**

4.    My second-line supervisor at HSBC, Jeff Needham, told certain loan officers on a conference call that the company considers us as "outside salespersons." Yet, Mr. Needham said in the same call that the loan officers' first priority was working from the branch offices and that we were required to be in the branch offices on the days mandated by the schedules received from our managers.

5.    I often work long hours in order to meet the sales demands and production quotas mandated by my managers. Prior to my brief paternity leave, I worked, on average, more than 65 hours per week. I typically worked from 6:00 or 7:00 a.m. to 7:00 or 8:00 PM Monday through Friday, from my home office and the HSBC branches. Sometimes I worked as late as 11 p.m., working with international clients. Since returning from paternity leave, I have still averaged working more than 55 hours per week. Since I am classified as exempt, I have never been paid for my overtime hours worked.

6.    On Saturdays, I generally attend workshops at least twice a month lasting 3-5 hours. We also have to attend Saturday events with the branches once every three months, where we are required to work from 9:00 AM to 4:00 PM.

7.    I am required to work outside the office and away from my home office at night and during the weekends several times each month to sell HSBC's mortgage and loan products in the community. These activities include, but are not limited to, attending trade shows, attending open houses to meet with realtors, and attending home buying seminars and other seminars in the community. These outside sales efforts are not my primary responsibility.

8.    I have never been told by my managers about any meal and rest break policy that applies to me as a loan officer. Especially if my managers are in the office, I am discouraged from taking meal or rest breaks. When I do eat lunch during the

2

workday, I have to eat it at my desk while I work. I rarely take 10-minute rest breaks during the day. I have never received any premium pay for the meal and rest breaks that I have missed.

9.      I was not required to have any specialized academic training to become a loan officer at HSBC. I do not possess any graduate degree and none was required of me before becoming a loan officer. I have taken some classes in economics and accounting over the years, but none of these were prerequisites to my employment at HSBC. I am informed and believe that my fellow loan officers come from a wide variety of backgrounds and do not possess and are not required to possess any specialized academic training to be able to sell loans.

10.     Initially, HSBC paid me a base salary ("non-recoverable draw"), and I was supposed to receive a commission based on the volume of my mortgage sales and my number of sales. For my first 6 months at HSBC, my base salary wound up being 100% of my total compensation. For the first year, I earned a $36,000 base salary plus approximately $20,000 commissions. After the first 12 months, I began to receive a "recoverable draw" of $23,000/year. HSBC currently requires us to pay back out of our commissions the administrative costs to cover any loans we originate that are declined. We eventually end up paying the application fees out of our own pockets. Since I worked an average of nearly 280 hours a month, my hourly rate has averaged less than minimum wage, and I am not consistently earning more than $455/week.

11.     HSBC did not keep any official record of my hours worked, or whether I took meal or rest breaks. HSBC never provided time sheets during my employment. I am informed and believe that none of the other loan officers I have known who have been employed by HSBC ever engaged in any formal timekeeping while employed at HSBC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

12/12/02
Date

Phillip Wong

3

Amy S Ku/HBUS/HSBC
01/02/2007 03:53 PM

To   Philip G Wong/HBUS/HSBC@HSBC, Frederic Y
     Chaussy/HBUS/HSBC@HSBC, Abby
     Ho/HBUS/HSBC@HSBC
cc   leah.b.guttilla@us.hsbc.com@HSBC
bcc
Subject   Attendance and Punctuality.

Hi Team,

During the last team meeting on 12-18-06, I have addressed the importance of punctual branch
attendance and report submission.
We are mortgage professionals and we are obligated to be punctual and committed to our own schedule.
When there is a form, training or report due, we are expected to comply. In occasion that you cannot meet
the above expectations, I should be notified in advance so that we can work on an alternative solution.

Effective Jan 3rd 2007, each staff is given 2 Free Passes for the year 2007 ( 2 "get out of trouble" tokens )
that can be applied for minor tardiness in attendance, reports, etc.
The 3rd strike will result in an official write up.

As mentioned in team meeting and conference calls, when you need to change your branch schedule, you
simply need to email your branch staff and cc me with an explanation. This is the minimal expectation of
a professional.
In case you are overwhelmed with production and thus foresee being late in report, training, etc, you are
obligated to notify me in advance.

The 2007 branch compensation model expects all bank staff to refer mortgage to us. Therefore, bank staff
expects us to be physically at the branch as scheduled. Every month each LO is given the chance to
submit a wish list in regards to the branch schedule and I will try my best to satisfy your wish.

I hope that no LO will be using the Free Pass in 2007 because after all, like you have heard before, if your
are committed to HSBC and thrive to succeed in this business, you should treat your clients, bank staff,
operation staff, Leah and me the same way as how you want to be treated.

Thank you for your cooperation!

Amy S. Ku
Retail Sales Manager, Northern California Region
HSBC Mortgage Corporation (USA)
amy.s.ku@us.hsbc.com
Fax: (917) 229-5167
Cellular: (650) 222-5645

HSBC values your patronage.
We are committed to providing overall exceptional service to our customers.



# Branch Schedule – January 2007

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | 1<br>Holiday | 2<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 3<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Amy<br>Warm Springs: Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | 4<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | 5<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 6 |
| 7 | 8<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Abby<br>Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Frederic | 9<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 10<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Amy<br>Warm Springs: Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | 11<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | 12<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 13 |
| 14 | 15<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Abby<br>Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Frederic | 16<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 17<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Amy<br>Warm Springs: Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | 18<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | 19<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 20 |
| 21 | 22<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Abby<br>Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Frederic | 23<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 24<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Amy<br>Warm Springs: Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | 25<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | 26<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 27 |
| 28 | 29<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Abby<br>Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Frederic | 30<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 31<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Amy<br>Warm Springs: Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | | | |

# Branch Schedule – February 2007

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | **1**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **2**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Amy | **3**<br>Fremont: Fred – by appointment |
| **4** | **5**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **6**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Amy | **7**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **8**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Warm Springs: Fred<br>Fremont: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **9**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Amy | **10**<br>Fremont: Fred – by appointment |
| **11** | **12**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Fred | **13**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **14** *Valentine's Day*<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **15**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Warm Springs: Fred<br>Fremont: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Amy | **16**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **17**<br>Fremont: Fred – by appointment |
| **18** | **19**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Fred | **20**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **21**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **22**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Warm Springs: Fred<br>Fremont: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Amy | **23**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **24**<br>Fremont: Fred – by appointment |
| **25** | **26**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Abby<br>Palo Alto: contact Amy<br>Cupertino: Fred | **27**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **28**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | | | |

## Branch Schedule – March 2007

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| | | | | **1**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **2**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **3**<br>Fremont: Fred – by appointment |
| **4** | **5**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **6**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **7**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **8**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **9**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **10**<br>Fremont: Fred – by appointment |
| **11** | **12** *Regional Meeting*<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **13** *Regional Meeting*<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **14**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **15**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **16**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **17**<br>Fremont: Fred – by appointment |
| **18** | **19**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **20**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **21**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **22**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **23**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **24**<br>Fremont: Fred – by appointment |
| **25** | **26**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **27**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **28**<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Contact Amy<br>Palo Alto: contact Amy<br>Cupertino: Fred | **29**<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: Amy<br>Cupertino: contact Amy | **30**<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont: Fred<br>Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | **31**<br>Fremont: Fred – by appointment |

# Loan Officer Branch Schedule – April 2007

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|
| 1 | 2<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 3 Staff Meeting<br><br>Please contact your LO | 4<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 5<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Abby | 6<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 7 |
| 8 | 9<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 10<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 11<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 12<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Abby | 13<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 14 |
| 15 | 16<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 17<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 18<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 19<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Abby | 20<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 21 |
| 22 | 23<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 24<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 25<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 26<br>Montgomery: Leah/Abby<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: contact Abby | 27<br>Montgomery: Leah<br>Irving: contact Amy<br>Oakland: Philip<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | 28 |
| 29 | 30<br>Montgomery: Leah<br>Irving: Philip<br>Oakland: contact Amy<br>Fremont/Warm Springs: Fred<br>Palo Alto: contact Amy<br>Cupertino: Abby | | | | | |