GEORGE J. TICHY, II, Bar No. 041146
MICHAEL MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone: (415) 433-1940
Facsimile: (415) 399-8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com,

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>      Plaintiffs,<br><br>   v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.  C 07 2446 MMC [ECF]<br><br>**DECLARATION OF MICHELLE R. BARRETT IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL**<br><br>Date:      October 10, 2008<br>Time:     9:00 a.m.<br>Courtroom:  7 (19th Floor)<br>Judge:    Hon. Maxine M. Chesney |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF MICHELLE R. BARRETT
ISO FILING DOCS UNDER SEAL

Case No. C 07 2446 MMC [ECF]

I, MICHELLE BARRETT, declare and state as follows:

1.  I am an attorney licensed to practice in the State of California and I am a shareholder in the law firm of Littler Mendelson, attorneys for Defendants in the above-captioned matter. I make this declaration in support of Defendant's Motion for Administrative Relief to File Under Seal. I have personal knowledge of the matters set forth below, and if called as a witness, I could testify competently to matters contained therein.

2.  Attached hereto as Exhibit 1 is a true and correct copy of the Stipulated Protective Order entered into by the parties. Exhibits A through G of Jeanette Jennings' Declaration in support of Defendants' Motion For Rule 11(c) Sanctions are covered under the Stipulated Protective Order because they are marked "Confidential" by Defendants in accordance with the Stipulated Protective Order. Attached hereto as Exhibit 2 is a true and correct copy of Exhibits A through G to Jeanette Jennings Declaration in support of Defendants' Motion For Rule 11(c) Sanctions.

3.  Exhibit A of Henry Yip's Declaration in support of Defendants' Motion For Rule 11(c) Sanctions are covered under the Stipulated Protective Order because they are marked "Confidential" by Defendants in accordance with the Stipulated Protective Order. Attached hereto as Exhibit 3 is a true and correct copy of Exhibit A to Yip's Declaration in support of Defendants' motion For Rule 11(c) Sanctions.

4.  Exhibit A to Ron Lord's Declaration in support of Defendants' Motion For Rule 11(c) Sanctions contains e-mail communications. Attached hereto as Exhibit 4 is a true and correct copy of Exhibit A to Ron Lord's Declaration in support of Defendants' Motion for Rule 11(c) Sanctions.

5.  The parties have a dispute as to whether the e-mail communications contained in Exhibit A of Lord's Declaration are subject to the attorney-client privilege. Attached hereto as Exhibit 5 is a true and correct copy of a letter I sent to Plaintiffs' counsel, Bryan Schwartz ("Schwartz") on April 7, 2008 stating Defendants' position that Plaintiff Wong waived the attorney-client privilege to e-mail communications exchanged on the company's email system.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2603
415.433.1940

**DECLARATION OF MICHELLE R. BARRETT**
**ISO FILING DOCS UNDER SEAL**                    1.                    Case No. C 07 2446 MMC [ECF]

1    6.    On April 9, 2008, Schwartz responded to my April 7 letter via e-mail.

2  Attached hereto as Exhibit 6 is a true and correct copy of Schwartz's e-mail.

3    7.    Exhibits F and G to my declaration in support of Defendants' Motion For

4  Rule 11(c) Sanctions, contain confidential and private financial information about HSBC Mortgage

5  Corporation (USA) ("HMCU") and putative class members, as well as customers of HMCU.

6  Attached hereto as Exhibit 7 is a true and correct copy of Exhibit F to my declaration in support of

7  Defendants' Motion for Rule 11(c) Sanctions.    Attached hereto as Exhibit 8 is a true and correct

8  copy of Exhibit G to my declaration in support of Defendants' Motion for Rule 11(c) Sanctions.

9    8.    The public disclosure of the confidential information contained in Exhibits F

10  and G to my Declaration in support of Defendants' Motion for Rule 11(c) Sanctions would cause

11  Constitutionally protected private information to be disclosed in public documents.    Moreover,

12  public disclosure of this information is in violation of several of Defendants' policies regarding the

13  protection of confidential, proprietary, financial and/or sales data.    As financial institutions,

14  Defendants have a very strong and legitimate interest in keeping this information confidential and

15  from public disclosure.

16    I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct.  Executed this 5th day of September 2008 at San Francisco, California.

18

19

20            MICHELLE R. BARRETT

Firmwide:86531554.1 023404.1043

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DECLARATION OF MICHELLE R. BARRETT
ISO FILING DOCS UNDER SEAL                    2.                    Case No. C 07 2446 MMC [ECF]

# EXHIBIT 1

1  DONALD H. NICHOLS, MN State Bar No. 78918
2  (admitted **pro hac vice**)
   PAUL J. LUKAS, MN State Bar No. 22084X
3  (admitted **pro hac vice**)
   TIMOTHY C. SELANDER, MN State Bar No. 0387016
4  (admitted **pro hac vice**)
   NICHOLS KASTER & ANDERSON, PLLP
5  4600 IDS Center
   80 S. 8th Street
6  Minneapolis, MN 55402

7  Bryan J. Schwartz, CA State Bar No. 209903
8  Matthew C. Helland, CA State Bar No. 250451
   NICHOLS KASTER & ANDERSON, LLP
9  One Embarcadero Center, Ste. 720
   San Francisco, CA 94111
10

11 Attorneys for Individual and Representative Plaintiffs

12 GEORGE J. TICHY, II, CA Bar No. 041146
   MICHELLE R. BARRETT, CA Bar No. 197280
13 LITTLER MENDELSON
   A Professional Corporation
14 650 California Street, 20th Floor
   San Francisco, CA  94108.2693
15 Telephone:    415.433.1940
   Facsimile:    415.399.8490
16 E-mail: gtichy@littler.com; mbarrett@littler.com

17 Attorneys for Defendants
   HSBC MORTGAGE CORPORATION (USA) and HSBC
18 BANK USA, N.A.

19                  UNITED STATES DISTRICT COURT

20                 NORTHERN DISTRICT OF CALIFORNIA

21

22 Philip Wong, Frederic Chaussy, and Leslie        Case No.  C 07 2446 MMC (JCS)
   Marie Shearn, individually, on behalf of all
23 others similarly situated, and on behalf of
   the general public.,
24
                    Plaintiffs,
25
              v.                                    **STIPULATED PROTECTIVE ORDER**
26 HSBC Mortgage Corporation (USA);
   HSBC Bank USA, N.A.; and DOES 1
27 through 50, inclusive,

28                  Defendants.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1. **PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1    Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" Information or Items:   information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  The parties expressly agree that Confidential Information or Items shall include Disclosure or Discovery Material, such as personnel files, that constitutes or contains sensitive employment and personal information about employees, former employees, and/or nonparties to this action which, if disclosed to others, would unreasonably harm the confidentiality interest of these nonparties.

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          1.          Case No.  C 07 2446 MMC (JCS)

Case 3:07-cv-02446-MMC    Document 59    Filed 09/07/2007    Page 3 of 13

1    **2.4**   "Highly Confidential—Attorneys' Eyes Only" Information or Items:   extremely

2    sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would

3    create a substantial risk of serious injury that could not be avoided by less restrictive means.

4    **2.5**   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

5    Producing Party.

6    **2.6**   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material

7    in this action.

8    **2.7**   Designating Party:  a Party or non-party that designates information or items that it

9    produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—

10   Attorneys' Eyes Only."

11   **2.8**   Protected Material:   any Disclosure or Discovery Material that is designated as

12   "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

13   **2.9**   Outside Counsel:  attorneys who are not employees of a Party but who are retained to

14   represent or advise a Party in this action.

15   **2.10**   House Counsel:  attorneys who are employees of a Party.

16   **2.11**   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

17   support staffs).

18   **2.12**   Expert:  a person with specialized knowledge or experience in a matter pertinent to

19   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

20   consultant in this action and who is not a past or a current employee of a Party or of a competitor of

21   a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a

22   competitor of a Party's. This definition includes a professional jury or trial consultant retained in

23   connection with this litigation.

24   **2.13**   Professional Vendors:  persons or entities that provide litigation support services

25   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

26   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

27   **3.   SCOPE**

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER          2.          Case No.  C 07 2446 MMC (JCS)

1    The protections conferred by this Stipulation and Order cover not only Protected Material (as

2    defined above), but also any information copied or extracted therefrom, as well as all copies,

3    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

4    parties or counsel to or in court or in other settings that might reveal Protected Material.

5    **4.    DURATION**

6    Even after the termination of this litigation, the confidentiality obligations imposed by this

7    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

8    otherwise directs.

9    **5.    DESIGNATING PROTECTED MATERIAL**

10    **5.1    Exercise of Restraint and Care in Designating Material for Protection.** Each Party or

11    non-party that designates information or items for protection under this Order must take care to limit

12    any such designation to specific material that qualifies under the appropriate standards.    A

13    Designating Party must take care to designate for protection only those parts of material, documents,

14    items, or oral or written communications that qualify—so that other portions of the material,

15    documents, items, or communications for which protection is not warranted are not swept

16    unjustifiably within the ambit of this Order.

17    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown

18    to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

19    encumber or retard the case development process, or to impose unnecessary expenses and burdens

20    on other parties), expose the Designating Party to sanctions.

21    If it comes to a Party's or a non-party's attention that information or items that it designated

22    for protection do not qualify for protection at all, or do not qualify for the level of protection initially

23    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

24    mistaken designation.

25    **5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order

26    (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

27    that qualifies for protection under this Order must be clearly so designated before the material is

28    disclosed or produced.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**         3.         Case No.  C 07 2446 MMC (JCS)

1    Designation in conformity with this Order requires:

2         (a)     for information in documentary form (apart from transcripts of depositions or other

3    pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains

5    protected material. If only a portion or portions of the material on a page qualifies for protection, the

6    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

7    markings in the margins) and must specify, for each portion, the level of protection being asserted

8    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

9         A Party or non-party that makes original documents or materials available for inspection

10   need not designate them for protection until after the inspecting Party has indicated which material it

11   would like copied and produced.  During the inspection and before the designation, all of the

12   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—

13   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

14   copied and produced, the Producing Party must determine which documents, or portions thereof,

15   qualify for protection under this Order, then, before producing the specified documents, the

16   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL—ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

18   Material.  If only a portion or portions of the material on a page qualifies for protection, the

19   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

20   markings in the margins) and must specify, for each portion, the level of protection being asserted

21   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

22        (b)     for testimony given in deposition or in other pretrial or trial proceedings, that the

23   Party or non-party offering or sponsoring the testimony identify on the record, before the close of the

24   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

25   the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When

26   it is impractical to identify separately each portion of testimony that is entitled to protection, and

27   when it appears that substantial portions of the testimony may qualify for protection, the Party or

28   non-party that sponsors, offers, or gives the testimony may invoke on the record (before the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER          4.          Case No. C 07 2446 MMC (JCS)

1   deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions
2   of the testimony as to which protection is sought and to specify the level of protection being asserted
3   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").    Only
4   those portions of the testimony that are appropriately designated for protection within the 20 days
5   shall be covered by the provisions of this Stipulated Protective Order.

6          Transcript pages containing Protected Material must be separately bound by the court
7   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY
8   CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering
9   or sponsoring the witness or presenting the testimony.

10         (c)    for information produced in some form other than documentary, and for any other
11  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or
12  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
13  CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions of the information or item
14  warrant protection, the Producing Party, to the extent practicable, shall identify the protected
15  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential—Attorneys'
16  Eyes Only."

17         5.3    Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to
18  designate qualified information or items as "Confidential" or "Highly Confidential—Attorneys'
19  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under
20  this Order for such material.   If material is appropriately designated as "Confidential" or "Highly
21  Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,
22  on timely notification of the designation, must make reasonable efforts to assure that the material is
23  treated in accordance with the provisions of this Order.

24  6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25         6.1    Timing of Challenges.    Unless a prompt challenge to a Designating Party's
26  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
27  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**          5.          Case No. C 07 2446 MMC (JCS)

1  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

2  after the original designation is disclosed.

3      **6.2    Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's

4  confidentiality designation must do so in good faith and must begin the process by conferring

5  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

6  for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

7  that the confidentiality designation was not proper and must give the Designating Party an

8  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

9  designation is offered, to explain the basis for the chosen designation. A challenging Party may

10  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

11  process first.

12      **6.3    Judicial Intervention.** A Party that elects to press a challenge to a confidentiality

13  designation after considering the justification offered by the Designating Party may file and serve a

14  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

15  identifies the challenged material and sets forth in detail the basis for the challenge. Each such

16  motion must be accompanied by a competent declaration that affirms that the movant has complied

17  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

18  specificity the justification for the confidentiality designation that was given by the Designating

19  Party in the meet and confer dialogue.

20      The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

22  question the level of protection to which it is entitled under the Producing Party's designation.

23  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

24      **7.1    Basic Principles.** A Receiving Party may use Protected Material that is disclosed or

25  produced by another Party or by a non-party in connection with this case only for prosecuting,

26  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

27  the categories of persons and under the conditions described in this Order. When the litigation has

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER          6.          Case No. C 07 2446 MMC (JCS)

1   been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

2   DISPOSITION).

3       Protected Material must be stored and maintained by a Receiving Party at a location and in a

4   secure manner that ensures that access is limited to the persons authorized under this Order.

5       **7.2**   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered

6   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7   information or item designated CONFIDENTIAL only to:

8       (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees

9   of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and

10  who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

11  A;

12      (b)    the officers, directors, and employees (including House Counsel) of the Receiving

13  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14  "Agreement to Be Bound by Protective Order" (Exhibit A);

15      (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

17  Protective Order" (Exhibit A);

18      (d)    the Court and its personnel;

19      (e)    court reporters, their staffs, and professional vendors to whom disclosure is

20  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21  Protective Order" (Exhibit A);

22      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

23  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

24  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

25  must be separately bound by the court reporter and may not be disclosed to anyone except as

26  permitted under this Stipulated Protective Order.

27      (g)    the author of the document or the original source of the information.

28  //

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**          7.          Case No. C 07 2446 MMC (JCS)

**7.3** Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a)    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)    the author of the document or the original source of the information.

8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER        8.        Case No. C 07 2446 MMC (JCS)

1    The Receiving Party also must immediately inform in writing the Party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5    caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the existence of this

7    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

8    confidentiality interests in the court from which the subpoena or order issued.  The Designating

9    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

10   material—and nothing in these provisions should be construed as authorizing or encouraging a

11   Receiving Party in this action to disobey a lawful directive from another court.

12   **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

17   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

18   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

19   that is attached hereto as Exhibit A.

20   **10.   FILING PROTECTED MATERIAL**

21   Without written permission from the Designating Party or a court order secured after

22   appropriate notice to all interested persons, a Party may not file in the public record in this action

23   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24   with Civil Local Rule 79-5.

25   **11.   FINAL DISPOSITION**

26   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

27   the final termination of this action, each Receiving Party must return all Protected Material to the

28   Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER          9.          Case No.  C 07 2446 MMC (JCS)

1   compilations, summaries or any other form of reproducing or capturing any of the Protected

2   Material. With permission in writing from the Designating Party, the Receiving Party may destroy

3   some or all of the Protected Material instead of returning it.  Whether the Protected Material is

4   returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

5   (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that

6   identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

7   and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

8   summaries or other forms of reproducing or capturing any of the Protected Material.

9   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

10  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

11  materials contain Protected Material. Any such archival copies that contain or constitute Protected

12  Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13  **12.    MISCELLANEOUS**

14       **12.1**   Right to Further Relief. Nothing in this Order abridges the right of any person to seek

15  its modification by the Court in the future.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER              10.              Case No.  C 07 2446 MMC (JCS)

1

**12.2** <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

2  no Party waives any right it otherwise would have to object to disclosing or producing any

3  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

4  Party waives any right to object on any ground to use in evidence of any of the material covered by

5  this Protective Order.

6  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8  DATED: _____9 / 6 / 0 7_____

9                                    BRYAN J. SCHWARTZ
                                     NICHOLS KASTER & ANDERSON, PLLP
10                                   Attorneys for Individual and Representative
                                     Plaintiffs
11

12  DATED: _____9 / 7 / 0 7_____

13                                   MICHELLE R. BARRETT
                                     LITTLER MENDELSON, P.C.
14                                   Attorneys for Defendants HSBC Mortgage
                                     Corporation (USA) and HSBC Bank USA, N.A.

15

16  PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18  DATED: ___Setp. 10, 2007_____

19
     Firmwide:82972679.1 023404.1043        United States Magistrate Judge
20                                          Judge Joseph C. Spero

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          11.          Case No. C 07 2446 MMC (JCS)

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, et al. v. HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A., et al.*, Case No. C 07 2446 MMC (JCS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                    [printed name]

Signature:_____
                [signature]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER                12.                Case No. C 07 2446 MMC (JCS)

# EXHIBIT 2

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT 3

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT 4

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

EXHIBIT 5

# LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

April 7, 2008

Michelle R. Barrett
Direct: 415.677.4089
Direct Fax: 415.743.6618
mbarrett@littler.com

**VIA HAND DELIVERY AND PDF**

Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111

Re:    **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
**USDC Action No. C 07-2446 MMC**
*Defendant HSBC Mortgage Corporation (USA)'s Production of Document*
*MORT003265-4140*

*Defendant HSBC Mortgage Corporation (USA)'s Request for Production of*
*Documents to Plaintiff Wong, Set 2*

Dear Bryan:

Enclosed please find additional documents (MORT003265-4140) being produced by
Defendant HSBC Mortgage Corporation (USA)'s (hereinafter "HMCU") in this matter.

Please note that included as part of HMCU's document production are e-mails
marked MORT003658-3660, 3710-3713, and 3736-3737. In addition, an Email
Policy (MORT001587-1598) was included with the previous set of documents
produced to Plaintiffs on April 1. Under the terms of the Email Policy, which applied
to the individuals who were employed by HMCU and used HMCU's email systems
as of February 16, 2007, company email may be monitored and any personal use of
company email will not be considered private. Further, please also note that per
the terms of the "Electronic Monitoring Policy", which has been produced previously
in this action and of which Plaintiff Wong has acknowledged receipt, reading, and
understanding (see MORT000117 and 120), employees have no expectation of a
right of privacy when using company e-mail.

Given Plaintiff's Wong's knowledge of the policy and acknowledgment of his
understanding and agreement to abide by this policy, it is clear that Plaintiff Wong
has waived the attorney-client privilege with regard to communications with you via
his employer's e-mail system. Further, in reviewing Plaintiff Wong's e-mail
messages, it is also clear that Plaintiff Wong has also waived the attorney-client
privilege by forwarding a chain of messages between himself and you to other

ALABAMA
N
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

Bryan J. Schwartz, Esq.
April 7, 2008
Page 2

individuals who were not represented by your firm at the time the chain of messages
was sent.  *See* MORT003658-3660, 3710-3713, and 3736-3737.

Please be advised that due to your client's waiver of the privilege, HMCU is seeking
all written communications between Plaintiff Wong and your firm through the
enclosed Request for Production of Documents.   Further, HMCU will conduct a
further search of its e-mail system to determine what other e-mail messages may
have been sent by your firm to any other HMCU employees.

Very truly yours,

Michelle R. Barrett

MRB
Enclosures

Firmwide:84784878.1 023404.1043

# EXHIBIT 6

**Barrett, Michelle R.**

**From:** Schwartz, Bryan [schwartz@nka.com]
**Sent:** Wednesday, April 09, 2008 11:54 AM
**To:** Barrett, Michelle R.; Tichy, George J.; Curley, Justin T.
**Subject:** Wong v. HSBC; Return of Privileged Information Inadvertently Disclosed

**Michele, Justin, and George,**

**Plaintiffs have just become aware of the inadvertent disclosure of privileged information (including but not limited to the documents entitled MORT 3215-3218, 3241-3246). Plaintiffs do not waive any attorney-client, work product, or other privileges that apply to these documents, and seek prompt return all documents which reflect or contain communications between myself and/or any other employee of my firm with Philip Wong, Frederic Chaussy, and/or any other HSBC employee or former employee who is a Plaintiff, opt-in Plaintiff, or putative class member in the Wong, et. al., v. HSBC Mortgage Corporation (USA) case.**

**Under Fed.R.Civ.P. 26(b)(5)(B), after being notified of an inadvertent disclosure of privileged information, "a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." "Once a party claims the attorney-client privilege, the communication sought to be suppressed is presumed confidential." La Jolla Cove Motel and Hotel Apartments, Inc., v. Superior Court, 121 Cal.App.4th 773, 791 (2004), citing Cal.Evid.Code, § 917.**

**Both the attorney-client privilege and the attorney work product doctrine are interpreted broadly in this Circuit and in this State (In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir.2004); Roberts v. City of Palmdale, 5 Cal.4th 363, 371, 20 Cal.Rptr.2d 330, 853 P.2d 496 (1993)), so we urge you to tread cautiously in this area, so as not to violate the ethical obligations we all share. In particular, the rules of professional responsibility which apply to all of us preclude your searching intentionally to discover information in our clients' email accounts, when you know the information is subject to an asserted or very likely attorney-client or work-product privilege. Such would include all communications between this firm's clients and myself. I note that the ABA's Standing Committee on Ethics and Professional Responsibility, "Formal Opinion 92-368: Inadvertent Disclosure of Confidential Materials (1992)," makes clear that counsel should not seek to review information it has reason to believe was inadvertently disclosed.**

**Please return the inadvertently disclosed information promptly to my office listed below. Thank you for your prompt attention to this matter.**

**Bryan Schwartz**

the **Voice for employees**®

**Nichols Kaster & Anderson**, LLP

Bryan Schwartz          One Embarcadero Center
Attorney                Suite 720

415.277.7236 direct
415.277.7238 fax
877.777.0622 main

San Francisco, CA 94111
schwartz@nka.com | bio
nka.com
overtimecases.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 7

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS

# EXHIBIT 8

THIS EXHIBIT IS FILED WITH DEFENDANTS' MOTION FOR
ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN
SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS