1  Donald H. Nichols, MN State Bar No. 78918
(admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
(admitted **pro hac vice**)
3  Tim C. Selander, MN Bar No. 0387016
(admitted **pro hac vice**)
4  NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
5  80 S. 8th Street
Minneapolis, MN 55402
6
Bryan J. Schwartz, CA State Bar No. 209903
7  Matthew C. Helland, CA State Bar No. 250451
NICHOLS KASTER & ANDERSON, LLP
8  One Embarcadero Center, Ste. 720
San Francisco, CA 94111
9
Attorneys for Individual and Representative Plaintiffs

10                IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  Philip Wong, Frederic Chaussy, Leslie      **Case No.: 3:07-cv-2446 MMC**
    Marie Shearn, and Chad Barbiere,
13  individually, on behalf of all others       **DECLARATION OF BRYAN J.**
    similarly situated, and on behalf of the    **SCHWARTZ, ESQ., IN SUPPORT OF**
14  general public,                             **PLAINTIFFS' MOTION FOR CLASS**
                                                **CERTIFICATION**
15                               Plaintiffs,

16            vs.

17  HSBC Mortgage Corporation (USA);
    HSBC Bank USA, N.A.; and DOES 1
18  through 50, inclusive,

19                               Defendants.

20

21

22  1.    I am counsel for the Plaintiffs in this matter, over 18 years old, and competent to testify.

23  2.    I certify that **Exhibit 1** represents a true and correct copy of Robert Lampka deposition

24  excerpts.

25

26  3.    I certify that **Exhibit 2** represents a true and correct copy of the declaration of Godwin

27  Tsui.

28

4.      I certify that **Exhibit 3** represents a true and correct copy of David Peters deposition excerpts.

5.      I certify that **Exhibit 4** represents a true and correct copy of Eric Liboy deposition excerpts.

6.      I certify that **Exhibit 5** represents a true and correct copy of Amy Ku deposition excerpts.

7.      I certify that **Exhibit 6** represents a true and correct copy of Jeffrey Needham deposition excerpts.

8.      I certify that **Exhibit 7** represents a true and correct copy of Amy Young deposition excerpts.

9.      I certify that **Exhibit 8** represents a true and correct copy of Stephany Hor deposition excerpts.

10.     I certify that **Exhibit 9** represents a true and correct copy of the declaration of Leslie Shearn.

11.     I certify that **Exhibit 10** represents a true and correct copy of the declaration of Chad Barbiere.

12.     I certify that **Exhibit 11** represents a true and correct copy of Frederic Chaussy deposition excerpts.

13.     I certify that **Exhibit 12** represents a true and correct copy of David Gates deposition excerpts.

14.     I certify that **Exhibit 13** represents a true and correct copy of Jeannette Jennings deposition excerpts.

15.     I certify that **Exhibit 14** represents a true and correct copy of Philip Wong deposition excerpts.

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC

16.    I certify that **Exhibit 15** represents a true and correct copy of a redacted declaration regarding a putative class member's fear of reprisal which prevented him/her from joining the FLSA opt-in class.

17.    I certify that **Exhibit 16** represents a true and correct copy of **Stanfield, et al. v. First NLC Financial Services, LLC**, C 06-3892 SBA, Dkt. #324 (N.D. Cal. December 21, 2007) (Armstrong, J).

18.    I certify that **Exhibit 17** represents a true and correct copy of sample emails regarding Defendants' minimum loan production requirements.

19.    I certify that **Exhibit 18** represents a true and correct copy of sample emails regarding Defendants' deduction policy at issue in this case.

20.    I certify that **Exhibit 19** represents a true and correct copy of Susan Marczak deposition excerpts.

21.    I certify that **Exhibit 20** represents true and correct copies of examples of recent mortgage industry news, discussing how hundreds of lenders have shut their doors, and thousands of loan officers nationwide have lost their jobs.

22.    I certify that **Exhibit 21** represents a true and correct copy of an excerpt from HSBC's website from 2008 ("HSBC has jumped two places to top the latest Forbes 2000 list of the world's largest companies...") - available on-line at: http://www.hsbc.com/1/2/newsroom/news/news-archive-2008/hsbc-tops-forbes-2000-list-of-world-s-largest-companies.

23.    I certify that **Exhibit 22** represents a true and correct copy of an HSBC Group Fact Sheet from March 2008.

1

24.    I certify that **Exhibit 23** represents a true and correct copy of an excerpt from HSBC's

2

website,    "About    HSBC    Bank    USA,    NA,"    available    on-line    at

3

http://www.us.hsbc.com/1/2/3/personal/inside/about.

4

25.    I certify that **Exhibit 24** represents a true and correct copy of Duties of Class

5

Representatives agreements signed by Plaintiffs.

6

7

26.    Plaintiffs will submit their proposed Notice of Class Action as **Exhibit 25.**

8

27.    I am informed and believe that, of more than 110 people who joined the FLSA class in

9

this case, and more than 200 current employees of Defendants who were members of the putative

10

FLSA class, only approximately six (6) opt-ins are current employees of Defendants.

11

28.    A host of current HSBC employees have conveyed to the undersigned and, I am informed

12

and believe, to other employees of Nichols Kaster, that they would like to claim the overtime to

13

which they are entitled, but fear joining the suit because they fear retaliation from HSBC and

14

cannot afford to risk their careers, in such a precarious job market for mortgage loan officers.

15

16

Individuals have conveyed to the undersigned and, I am informed and believe, to other employees

17

of Nichols Kaster, that they feel that their jobs are always in jeopardy. These employees have

18

likewise conveyed that their general impression is that they may recover relatively little from this

19

action, such that they certainly cannot justify risking their careers. My firm has encouraged

20

employees interested in vindicating their rights to opt-in, and advised them not to fear unlawful

21

22

retaliation, but we only rarely succeed in persuading putative class members who fear retaliation

23

that joining publicly is worth the perceived "risk."

24

29.    Both current and former employees have expressed to the undersigned, and, I am

25

informed and believe, to other employees of Nichols Kaster, that they fear that they could not

26

only lose their jobs with Defendants, but be "blackballed" (foreclosed from working) in the

27

mortgage loan industry as a whole.

28

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC

30.     One intimidated current employee had the courage to provide a declaration regarding such intimidation, with the promise that the declaration would be submitted only in redacted form, made available for the Court to review unredacted **in camera**. **See Exhibit 15.** Plaintiffs' counsel's experience is that this witness' willingness to sign a declaration is unusual – but his/her reasons for not submitting a consent form in the FLSA opt-in matter are common.

31.     I am informed and believe that the putative classes in California and New Jersey each have approximately 60 or more members, and the New York putative class has more than 350 members. These minimum estimates are based upon lists of class members provided to Plaintiffs after the FLSA action was conditionally certified, based upon the locations where the putative class members reside. These numbers do not include putative class members who were exclusively employed by Defendants more than three years ago (**i.e.,** outside the FLSA statute) in California and New York, or who were exclusively employed by Defendants since Defendants last provided a list of FLSA class members.

32.     I am informed and believe that no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole. Neither the Plaintiffs nor any of the other putative class members have an interest in individually controlling the prosecution of separate actions.

33.     Plaintiffs' counsel has been actively and diligently pursuing this matter, with the cooperation of the Class Representatives. Counsel is qualified and experienced, and generally able to conduct the proposed litigation. In particular, Nichols Kaster is a 20+ lawyer firm based in San Francisco, CA, and Minneapolis, MN, which concentrates its practice on representing employees with a wide variety of employment claims, with a special focus on wage and hour class and collective action litigation. Donald Nichols and Paul Lukas are partners of the firm, and Bryan Schwartz, Matthew Helland, and Timothy Selander are associates, all with extensive

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC

experience in actions such as this, having represented tens of thousands of employees nationwide in wage/hour actions. The firm, and these attorneys in particular, have served as Class Counsel and succeeded in obtaining results on behalf of classes of employees with wage/hour claims, approved by Courts nationwide, recently by the Northern District of California in **Stanfield, et al. v. First NLC Financial Services, LLC**, C 06-3892 SBA, Dkt. #324 (N.D. Cal. December 21, 2007) (Armstrong, J).

34.     I am informed and believe that no conflicting litigation concerning the controversy as to loan officers has been commenced. Because Defendants refused to stipulate to allowing late opt-ins to join this suit, and because Defendants refused to stipulate to expanding the class list to include other mortgage sales employees not called "loan officers," the undersigned initiated another suit, which supports the instant case's allegations, in the Eastern District of New York. That suit is entitled, Graf, et al. v. HSBC Mortgage Corporation (USA), et al., 2:08-cv-03022 (SJF-AKT), and was filed July 22, 2008.

35.     Concentrating the wage/hour litigation in a class action will avoid multiple suits, since, if this motion is denied, the undersigned will be required to, and plans to immediately, join or file new individual state claims on behalf of every opt-in class member who worked in New York, New Jersey, and California (more than 80 people, I am informed and believe). The undersigned would seek further to file additional suits on behalf of the estimated 500+ putative class members (I am informed and believe) who are not opt-in plaintiffs (including those who were never notified of the FLSA action, **see infra**), if possible. I am informed and believe that at least 40+ Californians, 50+ New Jersey residents, and 300+ New Yorkers are putative Rule 23 class members who did not opt-into the FLSA collective action.

36.    Many New York and California putative class members outside the FLSA statute of limitations were never notified of the suit at all, and many who did receive notice were deterred by fear and impracticability, as discussed **supra.**

37.    The potential liability of Defendants can be calculated (and has been estimated for current opt-ins) based on Plaintiffs' and putative class members' rate of pay, time worked, good-faith overtime estimates, and pay records regarding $325 deductions. Average wage loss claims in California, New York, and New Jersey are approximately $40,000, with the smallest claim a mere $750 and some claims worth only several thousand dollars.

38.    Based my experience and the collective experience of my firm, Nichols Kaster, across dozens of trials, we have found that attorneys' fees to litigate an individual matter through trial rarely if ever sink below $100,000.

39.    I am informed and believe, based on my discussions and those of my colleagues with would-be class members, that Defendants' loan officers generally were misled to believe, and commonly believed, that salespersons who are eligible for commissions cannot earn overtime – regardless of their job duties.

40.    I am informed and believe, based on my discussions and those of my colleagues with would-be class members in this and other cases, that individual employees and former employees, unlike consumers and borrowers who raise class claims (for example), often have emotional barriers to accusing supervisors of denying them overtime – not wanting to "get anyone in trouble." This is because frequently employees remain friendly or on positive terms with former supervisors, even those who denied them overtime pay, and fear they might harm these managers with their case.

41.    I am informed and believe, based on my experience in this and similar cases, that the mortgage lending industry generally has extremely high turnover and the average length of

1   employment is short-term. Based on data from current opt-in Plaintiffs and limited discovery

2   provided by Defendants, I am informed and believe that the average length of employment for

3   Defendants' California loan officers was approximately one year, while the average length of

4   employment for Defendants' New York and New Jersey loan officers was approximately two

5   years.

6

7   42.    I am informed and believe that the Plaintiffs have no conflict of interest with other Class

8   Members, and that they have and will fairly and adequately represent the interests of the Class.

9   **See Exhibit 24.**

10  43.    Based on my experience in actions such as this, and that of my firm, Nichols Kaster, I am

11  informed and believe that service of the proposed Notice of Class Action, by first-class Mail,

12  postage prepaid, to each member of the Class at the member's last-known address as shown on

13  the Defendants' records, is the best notice practicable under all the circumstances.

14

15  44.    I attended the deposition of Plaintiff Leslie Shearn in New York City, New York, on

16  September 3, 2008, and, to the best of my recollection, she testified that she has suffered pay

17  deductions when she waived customers' $325 loan application fees in order to obtain loan sales at

18  Defendants. The parties are currently awaiting a transcript of this recent testimony. Plaintiffs can

19  provide relevant transcript excerpts upon the Court's request when the final transcript becomes

20  available.

21

22  Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury under the laws of the United
    States that the foregoing is true and correct to the best of my knowledge, information, and belief.

23

24

25  DATED: 9/5/08

26           Bryan Schwartz

27

28

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC