# Exhibit 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wong, et al., individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A, et al., <br><br> Defendants. | Case No. 07-2446 MMC |

### DECLARATION OF LESLIE MARIE SHEARN

1. I am a Plaintiff in this action Defendants (hereinafter "HSBC"). I am over the age of 18 and competent to testify about the matters set forth in this declaration.

2. From approximately December 2001 to February 2005, I was employed as a sales assistant (also called Loan Production Office Assistant, Field Administrator, and Senior Field Administrator) at an HSBC loan production office in Franklin Lakes, New Jersey. As a sales assistant, my responsibilities were largely of clerical nature.

3. From February 2005 to November 2006, I was employed by HSBC as a loan officer (formally called Retail Mortgage Lending Consultant and Senior Retail Mortgage Lending Consultant) in Franklin Lakes and Parsippany, New Jersey, and from my home offices in Sparrow Bush and Cuddebackville, New York. As a loan officer, my duties stayed consistent throughout my employment, and were entirely focused on my selling as many loans as possible. I am informed and believe that the duties of other persons holding my position in my region, the New Jersey and New York areas, were substantially similar to mine. These duties included, but are not limited to the following:

   a. Calling potential customers (leads), in attempting to sell loans;

   b. Taking information from the potential customers and completing loan applications; and

1

REDACTED

    c. Collecting client documents and answering client questions about HSBC's mortgage and loan products and/or answering questions from HSBC's underwriting department.

I did not have any supervisory responsibilities.

4. As a sales assistant, I was expected to spend all of my time and perform the vast majority of all my responsibilities covering the HSBC Franklin Lakes office in New Jersey. My managers were Gil Syre and Richard Killfoil. In this position, I would typically work from 8:30 a.m. to 7:00 or 8:00 p.m., without getting paid overtime, though my position was classified as non-exempt and entitled to overtime, and though I reported my overtime work to managers.

5. As a sales assistant, we were supposed to have a one-hour lunch period, however, I never received one in practice. I would generally have to eat at my desk with many interruptions in order to get the work done.

6. As a loan officer, from February 2006 until April 2006, I would typically work from my home office in Sparrow Bush, New York four days a week and from my HSBC loan production office in Franklin Lakes, NJ once a week. From April 2006 until my end of employment in November 2006, I would typically work from my home offices in Sparrow Bush and, later, in Cuddebackville, NY, three days a week. During the latter period, I would work from my HSBC Mortgage loan production office in Parsippany, NJ twice a week. While working from home, I would generally start at 8:00 a.m. and work until about 8:00 p.m., without stopping for lunch (i.e., eating only while I was working). While working in the HSBC office, I would typically work from 9:00 a.m. until 6:00 p.m., though I would sometimes continue to meet with customers later than 6:00 p.m.

7. As a loan officer, I engaged in some outside sales activities, attending workshops, trade shows, dinners with clients, and other activities. This all added up to approximately 20 hours per month in outside sales activities. Outside sales were by no means my primary responsibility and did not amount to a majority of my work time.

8. I worked with other loan officers and observed their responsibilities and the ratio of their inside versus outside sales work to be similar to mine. Since we were misclassified as exempt by HSBC, we never tracked our hours and were never paid for our overtime hours worked.

2

REDACTED

9. As a sales assistant, HSBC had a timekeeping system in place, but I was denied compensation for the overtime that I worked.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

7/18/08
Date

Leslie Marie Shearn

3

REDACTED