# Exhibit 25

Case 3:07-cv-02446-MMC    Document 192    Filed 09/09/2008    Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, Leslie Marie Shearn, and Chad Barbiere, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | **Case No.: 3:07-cv-2446 MMC**<br><br>**[PROPOSED] NOTICE OF CLASS ACTION** |

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU MAY BE ENTITLED TO RECEIVE A PAYMENT RELATED TO THE MATTER DESCRIBED HEREIN.**

The purpose of this notice is to inform you of a pending class action lawsuit brought against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA ("HSBC" or "Defendants"). **You are receiving this Notice because you have been identified as a member of the class certified by the Court** that consists of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, and meal and rest period compensation, as required by state wage and hour laws, and/or who suffered unlawful deductions from wages, within the State of California within the period four years prior to the filing date of this Complaint.

This notice summarizes your rights and obligations as a class member in the certified class. Please read carefully, as your rights may be affected by the disposition of the lawsuit.

**I. Description of the Lawsuit**

This action includes the named plaintiffs and all other individuals who meet the class definition above. The Plaintiffs allege that the Defendants violated state law in California by misclassifying you as an employee "exempt" from the State's wage and hour laws, and therefore that HSBC may owe you overtime pay, meal and rest period premiums, and other penalties stemming from this denied compensation. Plaintiffs also allege that HSBC unlawfully deducted $325 from loan officers' paychecks for potential customers' loan application fees whenever loan officers decided to waive these application fees.

In particular, during the relevant period, California law has required that HSBC pay overtime pay (1.5 times your regular rate of pay for each hour) to any employee who worked more than 40 hours in a week or more than 8 hours in a day, who was not appropriately classified as exempt. In this case, HSBC has claimed that you were exempt from overtime because you were an outside salesperson, which means that HSBC says that you performed the majority of your work away from the an HSBC facility or your home office, engaged in outside sales activities. Plaintiffs state that you were not an outside salesperson under California law, because you spent more than 50% of your actual working hours conducting sales-related activities either at an HSBC facility or at your home office.

As to meal and rest periods, if you were not properly classified as exempt, you will be entitled to premium pay for any day that you did not have a 30-minute uninterrupted meal period, as long as you worked more than five (5) hours on that day. California law also requires HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA, to provide a second, 30-minute uninterrupted meal period whenever you worked more than ten (10) hours in a day, and requires the company to pay another hour of compensation at the regular rate of pay if the second meal period was not provided.

Likewise, California law has required at all times relevant to this case that HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA, authorize and permit you to take rest periods (and inform you of your right to do so), whenever you worked 3 ½ or more hours in a day, at the rate of ten (10) minutes net rest time per four (4) hours worked (or major fraction thereof). That is, the rest period law generally requires two 10-minute rest periods in a regular eight-hour workday (not including bathroom breaks). Defendants were required to pay you an additional hour of compensation at your regular rate of pay for any day in which you were not authorized and permitted to take these rest breaks, if you were not properly classified as exempt.

Because of the denied overtime and meal/rest period premiums, Plaintiffs allege that HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA, also owe you penalties under California's laws requiring itemized wage statements, waiting time penalties, and relief under California's unfair competition law. Defendants deny Plaintiffs' claims in this matter in every respect, stating that all class members were paid properly.

As to the deduction claim, Defendants claim that they were entitled to take $325 from your pay if you waived application fees, and Plaintiffs allege that such deductions unlawfully shifted the routine cost of business to you, and that you should be entitled to be reimbursed for any such deductions.

## II. Persons Eligible to Receive this Notice

To be eligible to receive this Notice, you must have been employed by Defendants as a loan officer or other non-management, mortgage sales employee within the State of California at any time from May 7, 2003, to present, and must have at some time worked more than 40 hours in a week, 8 hours in a day, or missed a meal/rest period to which you were entitled, and/or had a $325 deduction from your pay for a waived loan application fee.

## . III. Your Right to Participate in This Lawsuit or Opt-Out

**If you take no action by [date 30 days after notice is mailed to last-known address], then you will be included in this lawsuit.**

**You can choose not to join this lawsuit only by sending notice clearly stating your intention to opt-out of this suit, postmarked or date-stamped on or before [date 30 days after notice is mailed to last-known address], to Plaintiffs' Counsel at the following address**:

Nichols Kaster, LLP
Attn: Bryan Schwartz
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Toll-Free Telephone: (877) 448-0492

Facsimile: (415) 277-7238

If you opt-out, you have the right to pursue any claims against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA independently, or with such private counsel as you may wish to retain.

### IV. Effect of Being a Part of This Lawsuit

If you do not timely opt-out of this lawsuit, you will be bound by any future ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable. If you opt-out of this action, you will not receive any relief from this case, and you are free to take action on your own.

### V. Changes of Address

If this notice was sent to a wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Plaintiffs' Counsel at the above address.

### VI. Examination of Papers

All of the above descriptions of allegations, Court findings, and other matters in this lawsuit are only summaries and do not fully describe all aspects of the case or settlement. The pleadings and other papers filed in this action are public records and are available for inspection during regular business hours at the Clerk's Office, 16th Floor, United States District Court for the District of Northern California, 450 Golden Gate Ave., San Francisco, CA 94102.

### VII. Questions

If you have any further questions with respect to this action or about this Notice, you may direct such questions to Class Counsel:

Nichols Kaster, LLP: One Embarcadero Center, Suite 720, San Francisco, CA 94111; telephone:

5

[PROPOSED] NOTICE OF CLASS ACTION

(415) 277-7235; fax: (415) 277-7238; or e-mail bheitzinger@nka.com.

**YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.**

### VIII. Conclusion

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Maxine Chesney
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, Leslie Marie Shearn, and Chad Barbiere, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.: 3:07-cv-2446 MMC**<br><br>**[PROPOSED] NOTICE OF CLASS ACTION** |

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU MAY BE ENTITLED TO RECEIVE A PAYMENT RELATED TO THE MATTER DESCRIBED HEREIN.**

The purpose of this notice is to inform you of a pending class action lawsuit brought against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA ("HSBC" or "Defendants"). **You are receiving this Notice because you have been identified as a member of the class certified by the Court** that consists of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, as required by state wage and hour laws, and/or who suffered unlawful deductions from wages, within the State of New York within the period six years prior to the filing date of this Complaint.

This notice summarizes your rights and obligations as a class member in the certified class. Please read carefully, as your rights may be affected by the disposition of the lawsuit.

### I. Description of the Lawsuit

This action includes the named plaintiffs and all other individuals who meet the class definition above. The Plaintiffs allege that the Defendants violated state law in New York by misclassifying you as an employee "exempt" from the State's wage and hour laws, and therefore that HSBC may owe you overtime pay and other penalties stemming from this denied compensation. Plaintiffs also allege that HSBC unlawfully deducted $325 from loan officers' paychecks for potential customers' loan application fees whenever loan officers decided to waive these application fees.

    In particular, during the relevant period, New York law has required that HSBC pay overtime pay (1.5 times your regular rate of pay for each hour) to any employee who worked more than 40 hours in a week, who was not appropriately classified as exempt. In this case, HSBC has claimed that you were exempt from overtime, saying you were an outside salesperson. In other words, HSBC says that you were customarily and regularly engaged to sell HSBC loans away from HSBC's places of business and your home office. Plaintiffs state that you were not an outside salesperson under New York law, because you generally worked conducting sales-related activities either at an HSBC facility or at your home office. In short, there is significant disagreement between the parties concerning HSBC's expectations with respect to whether sales were to be performed inside or outside of an HSBC facility or your home office, as well as the frequency, duration and importance of the particular duties, if any, that you performed outside of the office.

    As to the deduction claim, Defendants claim that they were entitled to take $325 from your pay if you waived application fees, and Plaintiffs allege that such deductions unlawfully shifted the routine cost of business to you, and that you should be entitled to be reimbursed for any such deductions.

### II. Persons Eligible to Receive this Notice

    To be eligible to receive this Notice, you must have been employed by Defendants as a loan officer or other non-management, mortgage sales employee within the State of New York at any time from May 7, 2001, to present, and must have at some time worked more than 40 hours in a week, and/or had a $325 deduction from your pay for a waived loan application fee.

### . III. Your Right to Participate in This Lawsuit or Opt-Out

**If you take no action by [date 30 days after notice is mailed to last-known address], then you will be included in this lawsuit.**

3

[PROPOSED] NOTICE OF CLASS ACTION

**You can choose not to join this lawsuit only by sending notice clearly stating your intention to opt-out of this suit, postmarked or date-stamped on or before [date 30 days after notice is mailed to last-known address], to Plaintiffs' Counsel at the following address**:

Nichols Kaster, LLP
Attn: Bryan Schwartz
One Embarcadero Center
Suite 720
San Francisco, CA 94111
Toll-Free Telephone: (877) 448-0492
Facsimile: (415) 277-7238

If you opt-out, you have the right to pursue any claims against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA independently, or with such private counsel as you may wish to retain.

### IV. Effect of Being a Part of This Lawsuit

If you do not timely opt-out of this lawsuit, you will be bound by any future ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable. If you opt-out of this action, you will not receive any relief from this case, and you are free to take action on your own.

### V. Changes of Address

If this notice was sent to a wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Plaintiffs' Counsel at the above address.

### VI. Examination of Papers

All of the above descriptions of allegations, Court findings, and other matters in this lawsuit are only summaries and do not fully describe all aspects of the case or settlement. The pleadings and other papers filed in this action are public records and are available for inspection during regular business hours at the Clerk's Office, 16th Floor, United States District Court for the

District of Northern California, 450 Golden Gate Ave., San Francisco, CA 94102.

## VII. Questions

If you have any further questions with respect to this action or about this Notice, you may direct such questions to Class Counsel:

Nichols Kaster, LLP: One Embarcadero Center, Suite 720, San Francisco, CA 94111; telephone: (415) 277-7235; fax: (415) 277-7238; or e-mail bheitzinger@nka.com.

**YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.**

## VIII. Conclusion

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Maxine Chesney
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Wong, Frederic Chaussy, Leslie Marie Shearn, and Chad Barbiere, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                   Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>                   Defendants. | **Case No.: 3:07-cv-2446 MMC**<br><br>**[PROPOSED] NOTICE OF CLASS ACTION** |

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU MAY BE ENTITLED TO RECEIVE A PAYMENT RELATED TO THE MATTER DESCRIBED HEREIN.**

The purpose of this notice is to inform you of a pending class action lawsuit brought against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA ("HSBC" or "Defendants"). **You are receiving this Notice because you have been identified as a member of the class certified by the Court** that consists of all persons who are or have been employed by Defendants as "Retail Mortgage Lending Consultants," "Senior Retail Mortgage Lending Consultants," "Retail Mortgage Consultants," and "Premier Mortgage Sales Officers" (collectively known as "loan officers"), and other non-management mortgage sales employees, who were misclassified as exempt, and therefore erroneously denied overtime, as required by state wage and hour laws, and/or who suffered unlawful deductions from wages, within the State of New Jersey within the period two years prior to the filing date of this Complaint.

This notice summarizes your rights and obligations as a class member in the certified class. Please read carefully, as your rights may be affected by the disposition of the lawsuit.

### I. Description of the Lawsuit

This action includes the named plaintiffs and all other individuals who meet the class definition above. The Plaintiffs allege that the Defendants violated state law in New Jersey by misclassifying you as an employee "exempt" from the State's wage and hour laws, and therefore that HSBC may owe you overtime pay and other penalties stemming from this denied compensation. Plaintiffs also allege that HSBC unlawfully deducted $325 from loan officers' paychecks for potential customers' loan application fees whenever loan officers decided to waive these application fees.

In particular, during the relevant period, New Jersey law has required that HSBC pay overtime pay (1.5 times your regular rate of pay for each hour) to any employee who worked more than 40 hours in a week, who was not appropriately classified as exempt. In this case, HSBC has claimed that you were exempt from overtime, saying you were an outside salesperson. In other words, HSBC says that you were customarily and regularly engaged to sell HSBC loans away from HSBC's places of business and your home office. Plaintiffs state that you were not an outside salesperson under New Jersey law, because you did not work 80% or more of the time conducting sales-related activities away from an HSBC facility or at your home office. In short, there is significant disagreement between the parties concerning HSBC's expectations with respect to whether sales were to be performed inside or outside of an HSBC facility or your home office, as well as the frequency, duration and importance of the particular duties, if any, that you performed outside of the office.

As to the deduction claim, Defendants claim that they were entitled to take $325 from your pay if you waived application fees, and Plaintiffs allege that such deductions unlawfully shifted the routine cost of business to you, and that you should be entitled to be reimbursed for any such deductions.

## II. Persons Eligible to Receive this Notice

To be eligible to receive this Notice, you must have been employed by Defendants as a loan officer or other non-management, mortgage sales employee within the State of New Jersey at any time from May 7, 2005, to present, and must have at some time worked more than 40 hours in a week, and/or had a $325 deduction from your pay for a waived loan application fee.

. **III. Your Right to Participate in This Lawsuit or Opt-Out**

**If you take no action by [date 30 days after notice is mailed to last-known address], then you will be included in this lawsuit.**

**You can choose not to join this lawsuit only by sending notice clearly stating your intention to opt-out of this suit, postmarked or date-stamped on or before [date 30 days after notice is mailed to last-known address], to Plaintiffs' Counsel at the following address**:

Nichols Kaster, LLP
Attn: Bryan Schwartz
One Embarcadero Center
Suite 720
San Francisco, CA  94111
Toll-Free Telephone:  (877) 448-0492
Facsimile:  (415) 277-7238

If you opt-out, you have the right to pursue any claims against HSBC Mortgage Corporation (USA) and HSBC Bank USA, NA independently, or with such private counsel as you may wish to retain.

### IV. Effect of Being a Part of This Lawsuit

If you do not timely opt-out of this lawsuit, you will be bound by any future ruling, judgment, award, or settlement, entered in this case, favorable or unfavorable.  If you opt-out of this action, you will not receive any relief from this case, and you are free to take action on your own.

### V. Changes of Address

If this notice was sent to a wrong address, or if your address changes in the future, please send prompt written notification of your correct address to Plaintiffs' Counsel at the above address.

### VI. Examination of Papers

All of the above descriptions of allegations, Court findings, and other matters in this lawsuit are only summaries and do not fully describe all aspects of the case or settlement.  The pleadings and other papers filed in this action are public records and are available for inspection during regular business hours at the Clerk's Office, 16th Floor, United States District Court for the

District of Northern California, 450 Golden Gate Ave., San Francisco, CA 94102.

## VII. Questions

If you have any further questions with respect to this action or about this Notice, you may direct such questions to Class Counsel:

Nichols Kaster, LLP: One Embarcadero Center, Suite 720, San Francisco, CA 94111; telephone: (415) 277-7235; fax: (415) 277-7238; or e-mail bheitzinger@nka.com.

**YOU SHOULD NOT CONTACT THE COURT WITH QUESTIONS.**

## VIII. Conclusion

**THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE HONORABLE MAXINE CHESNEY, UNITED STATES DISTRICT COURT JUDGE.**

_____
The Honorable Maxine Chesney
United States District Judge