GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone:     (415) 433-1940
Facsimile:      (415) 399-8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) and
HSBC BANK USA, N.A.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT                    1.                    Case No.  C 07 2446 MMC [ECF]

1    COMES NOW Defendant HSBC Bank USA, N.A. ("HSBC Bank"), and for its

2    Answer to the Second Amended Complaint for Damages, Restitution and Injunctive Relief

3    ("Complaint") filed by Plaintiffs Philip Wong, Frederic Chaussy, Leslie Marie Shearn and Chad

4    Barbiere, hereinafter collectively referred to as "Plaintiffs," on behalf of themselves, the general

5    public, and all others similarly situated, admits, denies, and alleges as follows:

6                                **PRELIMINARY STATEMENT**

7    1.    Answering Paragraph 1 of the Complaint, generally no answer is required to

8    Paragraph 1, which merely defines the nature of the action, on whose behalf Plaintiffs' claims are

9    asserted, and against whom Plaintiffs' claims are asserted.  HSBC Bank denies that Plaintiffs and

10   putative class members were or are employed by HSBC Bank USA, N.A., denies the implication

11   that it engaged in any violations alleged in Paragraph 1, and denies the implication that Plaintiffs or

12   putative class members were erroneously denied anything referenced in Paragraph 1.  Answering

13   Paragraph 1 of the Complaint, HSBC Bank denies, generally and specifically, each and every other

14   allegation in Paragraph 1.

15   2.    Answering Paragraph 2 of the Complaint, generally no answer is required to

16   Paragraph 2, which merely defines on whose behalf Plaintiffs seek to assert claims and information

17   regarding the alleged statutes of limitation.  HSBC Bank denies that Plaintiffs and putative class

18   members were or are employed by HSBC Bank USA, N.A., and denies the implication that it

19   engaged in any violations alleged in Paragraph 2, as well as the implication that Plaintiffs or putative

20   class members were erroneously denied anything referenced in Paragraph 2.  Answering Paragraph 2

21   of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in

22   Paragraph 2.

23   3.    Answering Paragraph 3 of the Complaint, generally no answer is required to

24   Paragraph 3, which merely defines on whose behalf Plaintiffs seek to assert the California claims

25   and information regarding the alleged statutes of limitation.  HSBC Bank denies that Plaintiffs and

26   putative class members were or are employed by HSBC Bank USA, N.A., and denies the implication

27   that it engaged in any violations alleged in Paragraph 3, as well as the implication that Plaintiffs or

28   putative class members were erroneously denied anything referenced in Paragraph 3.  Answering

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT**                    2.                    **Case No.  C 07 2446 MMC [ECF]**

Paragraph 3 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 3.

4.    Answering Paragraph 4 of the Complaint, generally no answer is required to Paragraph 4, which merely defines on whose behalf Plaintiffs seek to assert the New York claims and information regarding the alleged statutes of limitation. HSBC Bank denies that Plaintiffs and putative class members are or were employed by HSBC Bank USA, N.A., and denies the implication that it engaged in any violations alleged in Paragraph 4, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 4. Answering Paragraph 4 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 4.

5.    Answering Paragraph 5 of the Complaint, generally no answer is required to Paragraph 5, which merely defines on whose behalf Plaintiffs' New Jersey claims are asserted and information regarding the statutes of limitation. HSBC Bank denies that Plaintiffs and putative class members are or were employed by HSBC Bank USA, N.A., and denies the implication that it engaged in any violations alleged in Paragraph 5, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 5. Answering Paragraph 5 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 5.

6.    Answering Paragraph 6 of the Complaint, generally no answer is required to Paragraph 6, which merely sets forth the types of relief sought by Plaintiffs. HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 6, as well as the implication that Plaintiffs or putative class members are entitled to any relief referenced in Paragraph 6. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 6.

## THE PARTIES

7.    Answering Paragraph 7 of the Complaint, HSBC Bank admits only that Wong was employed by HSBC Mortgage Corporation (USA) ("HSBC Mortgage") from December 5, 2005 to November 20, 2006 as a Senior Retail Mortgage Lending Consultant and from November 20, 2006 to approximately March 13, 2008 as a Retail Mortgage Lending Consultant. HSBC Bank denies that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

3.

Case No. C 07 2446 MMC [ECF]

Wong has ever been employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient information or belief to respond to the remaining allegations in Paragraph 7, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 7.

8.    Answering Paragraph 8 of the Complaint, HSBC Bank admits only that Chaussy was employed by HSBC Mortgage from approximately April 2006 to November 20, 2006 as a Senior Retail Mortgage Lending Consultant and from November 20, 2006 until his employment was terminated on approximately April 19, 2007 as a Retail Mortgage Lending Consultant.  HSBC Bank denies that Chaussy is or ever was employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient information or belief to respond to the remaining allegations in Paragraph 8, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 8.

9.    Answering Paragraph 9 of the Complaint, HSBC Bank admits only that Shearn was employed by HSBC Mortgage from approximately February 11, 2002 until August 18, 2003 as a Loan Production Office Assistant and from approximately August 18, 2003 until January 3, 2005 as a Senior Loan Production Office Assistant and from approximately January 3, 2005 to October 13, 2006 as a Senior Retail Mortgage Lending Consultant.  HSBC Bank denies that Shearn is or ever was employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient information or belief to respond to the remaining allegations in Paragraph 9, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, HSBC Bank admits only that Barbiere was employed by HSBC Mortgage from April 3, 2006 to November 20, 2006 as a Senior Retail Mortgage Lending Consultant and from November 20, 2006 to February 22, 2007 as a Retail Mortgage Lending Consultant.   HSBC Bank denies that Barbiere is or ever was employed by HSBC Bank USA, N.A.  HSBC Bank lacks sufficient information or belief to respond to the remaining allegations in Paragraph 10, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 10.

11.    Answering Paragraph 11 of the Complaint, HSBC Bank admits only that HSBC Mortgage does business in several states and cities throughout the United States and that it maintains places of business in several states throughout the United States.  HSBC Bank lacks sufficient

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1  information or belief to respond to the remaining allegations in Paragraph 11, and on that basis,
2  denies, generally and specifically, each and every other allegation in Paragraph 11.

3       12.    Answering Paragraph 12 of the Complaint, HSBC Bank denies that HSBC Bank
4  USA, N.A. is a proper defendant in this matter.  HSBC Bank admits the remaining allegations in
5  Paragraph 12, except with regard to Redwood City, California.  HSBC Bank denies generally and
6  specifically, each and every other allegation in Paragraph 12.

7       13.    Answering Paragraph 13, HSBC Bank alleges that Doe defendant pleading is not
8  allowed in Federal Court.  HSBC Bank lacks information sufficient to form a belief as to the truth of
9  the allegations in paragraph 13 of the Complaint, as they relate to Defendants not yet named, and
10  therefore denies, generally and specifically, each and every allegation.

11       14.    Answering Paragraph 14 of the Complaint, Paragraph 14 contains legal argument not
12  requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
13  specifically, each and every allegation in Paragraph 14.

14                              **JURISDICTION AND VENUE**

15       15.    Answering Paragraph 15 of the Complaint, HSBC Bank lacks information sufficient
16  to form a belief as to the truth of the allegation that each representative Plaintiff signed the necessary
17  consent form to join this lawsuit, and therefore denies this allegation.  HSBC Bank denies that there
18  is supplemental or pendent jurisdiction over the Plaintiffs' state law claims as the federal claims are
19  without merit.

20       16.    Answering Paragraph 16 of the Complaint, HSBC Bank lacks information sufficient
21  to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the
22  claims occurred in this district, and therefore denies this allegation.  HSBC Bank admits that it
23  operates facilities in San Francisco, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland and
24  Fremont, California.  HSBC Bank lacks sufficient information or belief to respond to the remaining
25  allegations in Paragraph 16 with regard to HSBC Mortgage, and on that basis, denies, generally and
26  specifically, each and every other allegation in Paragraph 16.

27       17.    Answering Paragraph 17 of the Complaint, HSBC Bank lacks information sufficient
28  to form a belief as to the truth of the allegation that a substantial part of the events giving rise to this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

5.

Case No.  C 07 2446 MMC [ECF]

1  dispute occurred in San Francisco, San Mateo, Santa Clara, and Alameda Counties, California and,
2  on that basis, denies the allegations in Paragraph 17.

3                                 **COLLECTIVE ACTION ALLEGATIONS**

4           18.    Answering Paragraph 18 of the Complaint, generally no answer is required to
5  Paragraph 18, which merely defines the nature of the action, the alleged collective class and on
6  whose behalf Plaintiffs' claims are asserted.  HSBC Bank admits that Plaintiffs have alleged that
7  they bring this action under 29 U.S.C. § 216(b) and that Plaintiffs have alleged they seek to represent
8  the classes of persons described in Paragraph 18, and that the job titles listed in Paragraph 18 are job
9  titles used by HSBC Mortgage, but states that those allegations are ultimate conclusions of law
10 reserved exclusively for the trier of fact.  Moreover, HSBC Bank denies that such positions are
11 appropriately included in any proposed class(es).  HSBC Bank denies the implication that it engaged
12 in any violations alleged in Paragraph 18 and denies the implication that Plaintiffs or putative class
13 members were erroneously denied anything referenced in Paragraph 18.  Answering Paragraph 18 of
14 the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in
15 Paragraph 18.

16          19.    Answering Paragraph 19 of the Complaint, HSBC Bank denies the implication that
17 Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 19
18 and, on that basis, denies, generally and specifically, all allegations in Paragraph 19.

19          20.    Answering Paragraph 20 of the Complaint, Paragraph 20 contains legal argument not
20 requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
21 specifically, each and every allegation in Paragraph 20.

22          21.    Answering Paragraph 21 of the Complaint, Paragraph 21 contains legal argument not
23 requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
24 specifically, each and every allegation in Paragraph 21.

25          22.    Answering Paragraph 22 of the Complaint, Paragraph 22 contains legal argument not
26 requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and
27 specifically, each and every allegation in Paragraph 22.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT                                6.                    Case No.  C 07 2446 MMC [ECF]

23.    Answering Paragraph 23 of the Complaint, Paragraph 23 contains legal argument not requiring an answer.  HSBC Bank denies the implications that there are numerous similarly situated current and former employees who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 23.

**CLASS ACTION ALLEGATIONS**

24.    Answering Paragraph 24 of the Complaint, generally no answer is required to Paragraph 24, which merely defines the nature of the action, the alleged classes and on whose behalf Plaintiffs seek to assert claims.  HSBC Bank admits that Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs seek to represent the classes of persons described in Paragraph 24.  HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 24 and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 24.  Answering Paragraph 24 of the Complaint, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 24.

25.    Answering Paragraph 25 of the Complaint, Paragraph 25 contains legal argument not requiring an answer.  HSBC Bank denies the implication that the proposed classes are so numerous as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 25.

26.    Answering Paragraph 26 of the Complaint, Paragraph 26 contains legal argument not requiring an answer.  HSBC Bank denies the implication that Plaintiffs' claims are typical of the proposed class' claims so as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 26.

27.    Answering Paragraph 27 of the Complaint, Paragraph 27 contains legal argument not requiring an answer.  HSBC Bank denies the implication that a class action is the superior method to resolve Plaintiffs' or the proposed class' claims.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 27.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

7.

Case No.  C 07 2446 MMC [ECF]

28.     Answering Paragraph 28 of the Complaint, Paragraph 28 contains legal argument not requiring an answer.  HSBC Bank denies the implication that Plaintiffs are adequate representatives so as to make the case suitable for class treatment.  Moreover, HSBC Bank denies that the legal counsel retained by Plaintiffs in this matter will adequately represent the proposed class(es).  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 28.

29.     Answering Paragraph 29 and subparagraphs A through J of the Complaint, Paragraph 29 and subparagraphs A through J contain legal argument not requiring an answer.  HSBC Bank denies the implication that common questions of law and fact exist so as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 29 and subparagraphs A through J.

30.     Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal argument not requiring an answer.  HSBC Bank denies the implication that prosecutions of actions by or against individuals would result in inconsistent or varying adjudications so as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 30.

31.     Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal argument not requiring an answer.  HSBC Bank denies the implication that this case is suitable for class treatment.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 31.

32.     Answering Paragraph 32 of the Complaint, HSBC Bank lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs intend to send notice to all members of the proposed class to the extent required by Rule 23 or that the names and addresses of the proposed class are available from HSBC Bank, as the allegation is related to proposed class members not yet named.  On these bases, HSBC Bank denies the allegations in Paragraph 32.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

8.

Case No.  C 07 2446 MMC [ECF]

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

33.    Answering Paragraph 33 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint.

34.    Answering Paragraph 34 of the Complaint, HSBC Bank lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs signed the necessary consent forms to join this lawsuit or that Plaintiffs anticipate other consent forms will be signed, and therefore denies these allegations.

35.    Answering Paragraph 35 of the Complaint, HSBC Bank admits that 20 U.S.C. § 203 covers certain employers, that HSBC Mortgage formerly employed Wong, Chaussy, Shearn and Barbiere, that HSBC Mortgage employs other individuals who performed or perform job duties similar to or the same as Wong and/or Chaussy and/or Shearn and/or Barbiere, and that HSBC Mortgage and HSBC Bank had gross operating revenue in excess of $500,000.00.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 35.

36.    Answering Paragraph 36 of the Complaint, HSBC Bank admits that non-exempt employees are entitled to pay at a rate of one and one-half times their regular rate of pay for work performed in excess of forty hours per work week under the FLSA.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 36.

37.    Answering Paragraph 37 of the Complaint, Paragraph 37 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 37.

38.    Answering Paragraph 38 of the Complaint, Paragraph 38 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 38.

39.    Answering Paragraph 39 of the Complaint, Paragraph 39 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 39.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

9.

Case No.  C 07 2446 MMC [ECF]

1    40.    Answering Paragraph 40 of the Complaint, generally no answer is required to

2  Paragraph 40, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

3  answer is required, HSBC Bank denies, generally and specifically, each and every allegation in

4  Paragraph 40.

5    41.    Answering Paragraph 41 of the Complaint, generally no answer is required to

6  Paragraph 41, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

7  answer is required, HSBC Bank denies, generally and specifically, each and every allegation in

8  Paragraph 41.

9    **SECOND CLAIM FOR RELIEF**

10    **(Failure to Pay Overtime Compensation in Violation of California Law)**

11    42.    Answering Paragraph 42 of the Complaint, HSBC Bank incorporates by reference its

12  answers to Paragraphs 1 through 41 of the Complaint.

13    43.    Answering Paragraph 43 of the Complaint, Paragraph 43 contains legal argument not

14  requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

15  Code § 510 requires employers to pay overtime to certain employees under certain circumstances

16  and that California Labor Code § 1198 makes it unlawful to employ certain persons for hours longer

17  than certain hours set by the Industrial Welfare Commission or under certain conditions prohibited

18  under certain wage orders of the Industrial Welfare Commission.  HSBC Bank denies any

19  implication that HSBC Bank was an employer of Plaintiffs or putative class members at any time.

20  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 43.

21    44.    Answering Paragraph 44 of the Complaint, HSBC Bank denies, generally and

22  specifically, each and every allegation in Paragraph 44.

23    45.    Answering Paragraph 45 of the Complaint, HSBC Bank denies, generally and

24  specifically, each and every allegation in Paragraph 45.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

10.

Case No.  C 07 2446 MMC [ECF]

1

**THIRD CLAIM FOR RELIEF**

2

**(Waiting Time Penalties)**

3        46.      Answering Paragraph 46 of the Complaint, HSBC Bank incorporates by reference its

4    answers to Paragraphs 1 through 45 of the Complaint.

5        47.      Answering Paragraph 47 of the Complaint, HSBC Bank admits that certain

6    individuals who performed services for HSBC Mortgage, including all named Plaintiffs, are no

7    longer employed by HSBC Mortgage.  Except as expressly admitted herein, HSBC Bank denies,

8    generally and specifically, each and every other allegation in Paragraph 47.

9        48.      Answering Paragraph 48 of the Complaint, HSBC Bank denies, generally and

10   specifically, each and every allegation in Paragraph 48.

11

**FOURTH CLAIM FOR RELIEF**

12

**(Failure to Provide Accurate Itemized Wage Statements)**

13       49.      Answering Paragraph 49 of the Complaint, HSBC Bank incorporates by reference its

14   answers to Paragraphs 1 through 48 of the Complaint.

15       50.      Answering Paragraph 50 of the Complaint, Paragraph 50 contains legal arguments not

16   requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

17   Code § 226(a) requires that California employers provide itemized wage statements and that

18   California Labor Code § 226(e) provides certain remedies for some violations of California Labor

19   Code § 226(a).  HSBC Bank denies, generally and specifically, each and every other allegation in

20   Paragraph 50.

21       51.      Answering Paragraph 51 of the Complaint, HSBC Bank denies, generally and

22   specifically, each and every allegation in Paragraph 51.

23

**FIFTH CLAIM FOR RELIEF**

24

**(Failure to Provide Rest Breaks and Meal Periods)**

25       52.      Answering Paragraph 52 of the Complaint, HSBC Bank incorporates by reference its

26   answers to Paragraphs 1 through 51 of the Complaint.

27       53.      Answering Paragraph 53 of the Complaint, Paragraph 53 contains legal arguments not

28   requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1    Code § 512 prohibits an employer from employing certain employees for a work period of more than

2    five hours per day without providing that employee with a meal period of not less than 30 minutes,

3    or for a work period of more than 10 hours per day without providing that employee with a second

4    meal period of not less than 30 minutes, all of which the employee may waive or simply choose not

5    to take.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph

6    53.

7        54.    Answering Paragraph 54 of the Complaint, Paragraph 54 contains legal arguments not

8    requiring an answer.  To the extent an answer is required, HSBC Bank admits that Section 11 of

9    Wage Order No. 4 includes language related to meal period requirements under California law.

10    HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 54.

11        55.    Answering Paragraph 55 of the Complaint, Paragraph 55 contains legal arguments not

12    requiring an answer.  To the extent an answer is required, HSBC Bank admits that Section 12 of

13    Wage Order No. 4 includes language related to rest period requirements under California law.

14    HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 55.

15        56.    Answering Paragraph 56 of the Complaint, Paragraph 56 contains legal arguments not

16    requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Labor

17    Code § 226.7 prohibits certain employees from being denied meal and rest periods as mandated

18    under California law and requires premium pay in the amount of one hour's wages for violations of

19    the meal and rest period provisions of the California Industrial Welfare Commission wage orders.

20    Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every

21    other allegation in Paragraph 56.

22        57.    Answering Paragraph 57 of the Complaint, HSBC Bank denies, generally and

23    specifically, each and every allegation in Paragraph 57.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

26        58.    Answering Paragraph 58 of the Complaint, HSBC Bank incorporates by reference its

27    answers to Paragraphs 1 through 57 of the Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

12.

Case No.  C 07 2446 MMC [ECF]

59.     Answering Paragraph 59 of the Complaint, Paragraph 59 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank admits that California Business and Professions Code § 17200 prohibits certain types of competition by prohibiting unlawful or unfair business acts and practices.  HSBC Bank denies the implication that it engaged in any unlawful or unfair business practices.  Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 59.

60.     Answering Paragraph 60 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 60.

**SEVENTH CLAIM FOR RELIEF**

**(Violation of New Jersey Wage and Hour Law, N.J.S.A. § 34:11 *et seq.*, and**

**N.J.A.C. § 12:56 *et seq.* – On Behalf of the New Jersey Named Plaintiff and New Jersey Class)**

61.     Answering Paragraph 61 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 60 of the Complaint.

62.     Answering Paragraph 62 of the Complaint, Paragraph 62 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 62.

63.     Answering Paragraph 63 of the Complaint, Paragraph 63 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 63.

64.     Answering Paragraph 64 of the Complaint, Paragraph 64 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 66.

66.     Answering Paragraph 66 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 66.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**EIGHTH CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of New York Law)**

67. Answering Paragraph 67 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 66 of the Complaint.

68. Answering Paragraph 68 of the Complaint, Paragraph 68 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 68. HSBC Bank further specifically denies that it ever employed Shearn or any putative member of the proposed New York class and denies that it is a proper party to this claim.

69. Answering Paragraph 69 of the Complaint, Paragraph 69 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 69.

70. Answering Paragraph 70 of the Complaint, Paragraph 70 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Bank admits New York law requires payment of overtime compensation to non-exempt employees, and requires that an employer pay non-exempt employees for all hours worked at an agreed upon rate of pay. HSBC Bank denies that it ever employed Shearn or any putative class member. Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 70.

71. Answering Paragraph 71 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 71.

72. Answering Paragraph 72 of the Complaint, Paragraph 72 contains legal arguments not requiring an answer. To the extent an answer is required, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 72.

73. Answering Paragraph 73 of the Complaint, generally no answer is required to Paragraph 73, which merely sets forth the types of relief sought by Plaintiffs. HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 73, as well as the implication

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

14.

Case No.  C 07 2446 MMC [ECF]

1   that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 73.  HSBC

2   Bank denies, generally and specifically, each and every other allegation in Paragraph 73.

3        74.    Answering Paragraph 74 of the Complaint, generally no answer is required to

4   Paragraph 74, which merely sets forth a type of relief sought by Plaintiffs.  HSBC Bank denies the

5   implication that it engaged in any violations alleged in Paragraph 74, as well as the implication that

6   Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 74.  HSBC

7   Bank denies, generally and specifically, each and every other allegation in Paragraph 74.

8                                   **NINTH CLAIM FOR RELIEF**

9          **(Unlawful Deductions from Wages in California, under California Labor Code**

10                      **§§ 221 and 224 and IWC Wage Order 4 )**

11        75.    Answering Paragraph 75 of the Complaint, HSBC Bank incorporates by reference its

12   answers to Paragraphs 1 through 74 of the Complaint.

13        76.    Answering Paragraph 76 of the Complaint, HSBC Bank denies, generally and

14   specifically, each and every allegation in Paragraph 76.

15        77.    Answering Paragraph 77 of the Complaint, HSBC Bank denies, generally and

16   specifically, each and every allegation in Paragraph 77.

17        78.     Answering Paragraph 78 of the Complaint, Paragraph 78 contains legal argument

18   not requiring an answer.  To the extent an answer is required, HSBC Bank admits that California

19   Labor Code § 221 provides that "it shall be unlawful for any employer to collect or to receive from

20   an employee any part of the wages theretofore paid by said employer to said employee" and admits

21   that California Labor Code § 224 allows deductions from wages when required or empowered by

22   law or when authorized by the employee in writing.  Except as expressly admitted herein, HSBC

23   Bank denies, generally and specifically, each and every other allegation in Paragraph 78.

24        79.    Answering Paragraph 79 of the Complaint, Paragraph 79 contains legal argument not

25   requiring an answer.  To the extent an answer is required, HSBC Bank admits that *DLSE Policies &*

26   *Interpretations Manual*, § 11.3, states that deductions from wages are permitted for "items which are

27   for the direct benefit of the employee – not deductions which in any way benefit the employer either

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT                    15.                    Case No.  C 07 2446 MMC [ECF]

1   directly or indirectly."  Except as expressly admitted herein, HSBC Bank denies, generally and
2   specifically, each and every other allegation in Paragraph 79.

3        80.    Answering Paragraph 80 of the Complaint, Paragraph 80 contains legal argument not
4   requiring an answer.  To the extent an answer is required, HSBC Bank admits that IWC Wage Order
5   4, which applies only to certain employees, provides:  "No employer shall make any deduction from
6   the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of
7   equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or
8   willful act, or by the gross negligence of the employee."  Except as expressly admitted herein, HSBC
9   Bank denies, generally and specifically, each and every other allegation in Paragraph 80.

10        81.    Answering Paragraph 81 of the Complaint, HSBC Bank denies, generally and
11   specifically, each and every allegation in Paragraph 81.

12        82.    Answering Paragraph 82 of the Complaint, generally no answer is required to
13   Paragraph 82, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies
14   the implication that it engaged in any violations alleged in Paragraph 82, as well as the implication
15   that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 82.  HSBC
16   Bank denies, generally and specifically, each and every other allegation in Paragraph 82.

17        83.    Answering Paragraph 83 of the Complaint, generally no answer is required to
18   Paragraph 83, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies
19   the implication that it engaged in any violations alleged in Paragraph 83, as well as the implication
20   that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 83.  HSBC
21   Bank denies, generally and specifically, each and every other allegation in Paragraph 83.

22   **TENTH CLAIM FOR RELIEF**

23   **(Unlawful Deductions from Wages in New York, under N.Y. Lab. Law § 193(1) and**

24   **N.Y. Comp. Codes. R. & Regs. Title 12, § 142-1.1 *et seq.*)**

25        84.    Answering Paragraph 84 of the Complaint, HSBC Bank incorporates by reference
26   its answers to Paragraphs 1 through 83 of the Complaint.

27        85.    Answering Paragraph 85 of the Complaint, HSBC Bank denies, generally and
28   specifically, each and every allegation in Paragraph 85.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

16.

Case No.  C 07 2446 MMC [ECF]

86.    Answering Paragraph 86 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 86.

87.    Answering Paragraph 87 of the Complaint, Paragraph 87 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank admits that New York Labor Law § 193 prohibits certain deductions from being made from an employee's wages.  Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 87.

88.    Answering Paragraph 88 of the Complaint, Paragraph 88 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Bank admits that New York regulations purport to prohibit certain deductions from wages.  Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 88.

89.    Answering Paragraph 89 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 89.

90.    Answering Paragraph 90 of the Complaint, generally no answer is required to Paragraph 90, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 90, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 90.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 90.

91.    Answering Paragraph 91 of the Complaint, generally no answer is required to Paragraph 91, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 91, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 91.  HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 91.

### ELEVENTH CLAIM FOR RELIEF

### (Unlawful Deductions from Wages in New Jersey, under N.J. Stat. Ann. § 34:11-4.4)

92.    Answering Paragraph 92 of the Complaint, HSBC Bank incorporates by reference its answers to Paragraphs 1 through 91 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

17.

Case No.  C 07 2446 MMC [ECF]

93. Answering Paragraph 93 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 93.

94. Answering Paragraph 94 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 94.

95. Answering Paragraph 95 of the Complaint, Paragraph 95 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Bank admits that New Jersey Statutes Annotated § 34:11-4.4 provides that it is unlawful for an employer to withhold or divert employees' wages under certain circumstances. Except as expressly admitted herein, HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 95.

96. Answering Paragraph 96 of the Complaint, HSBC Bank denies, generally and specifically, each and every allegation in Paragraph 96.

97. Answering Paragraph 97 of the Complaint, generally no answer is required to Paragraph 97, which merely sets forth the types of relief sought by Plaintiffs. HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 97, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 97. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 97.

98. Answering Paragraph 98 of the Complaint, generally no answer is required to Paragraph 98, which merely sets forth the types of relief sought by Plaintiffs. HSBC Bank denies the implication that it engaged in any violations alleged in Paragraph 98, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 98. HSBC Bank denies, generally and specifically, each and every other allegation in Paragraph 98.

## **AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges that the Complaint, and each and every cause of action contained therein, fails to properly state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges that it has no liability for wages, penalties, interest, or other compensation or amounts that may be due Plaintiffs because HSBC Bank was not Plaintiffs' or putative plaintiffs' or class

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

18.

Case No.  C 07 2446 MMC [ECF]

1    members' employer within the definition of, but not limited to, the federal Fair Labor Standards Act,

2    the California Labor Code, the California Industrial Welfare Commission wage orders, New Jersey

3    State Wage and Hour Law or New York Labor Law.

4          AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

5    that all or portions of Plaintiffs' claims are barred by the applicable statutes of limitation.

6          AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

7    alleges that Plaintiffs were not entitled to payment of overtime premiums because they were

8    employees exempted from overtime requirements pursuant to, but not limited to, 29 U.S.C.

9    § 213 *et seq.* (excluding the executive, professional, administrative and retail exemptions as

10   specified in the Court's March 19, 2008 Order Granting In Part and Denying In Part Plaintiffs'

11   Motion for Conditional Certification, For Production, and For Partial Summary Judgment;

12   Directions to Parties; Vacating Hearing), the California Labor Code, the provisions of the California

13   Industrial Welfare Commission's wage orders, New Jersey State Wage and Hour Law and New

14   York Labor Law.

15         AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

16   that any violation of the Fair Labor Standards Act was not willful, and that all or portions of

17   Plaintiffs' claims alleging violation of the Fair Labor Standards Act are barred by the applicable

18   statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

19         AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

20   that any violation of the Fair Labor Standards Act was an act or omission made in good faith and

21   HSBC Bank had reasonable grounds for believing that the act or omission was not a violation of the

22   Fair Labor Standards Act so that, pursuant to 29 U.S.C. § 260, liquidated damages cannot be

23   awarded.

24         AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

25   alleges that the amounts described in Section 7(e) of the Fair Labor Standards Act, 29 U.S.C.

26   § 207(e), must be excluded from the regular rate on which any overtime due is calculated under

27   federal, California, New York or New Jersey law.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT                    19.                    Case No.  C 07 2446 MMC [ECF]

1    AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

2    alleges that its business actions or practices were not "unfair" within the meaning of California

3    Business and Professions Code § 17200 *et seq.*

4    AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

5    that its business actions or practices were not "unlawful" within the meaning of California Business

6    and Professions Code § 17200 *et seq.*

7    AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank alleges

8    that its business actions or practices were not "harmful" within the meaning of California Business

9    and Professions Code § 17200 *et seq.*

10    AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

11    alleges that its business actions or practices were not "fraudulent" or "deceptive" within the meaning

12    of California Business and Professions Code § 17200 *et seq.*

13    AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

14    alleges that Plaintiffs' claims under California Labor Code § 226.7 are barred because Plaintiffs lack

15    a private right of action to bring suit under that statute.

16    AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

17    alleges that the Complaint fails to properly state a claim for penalties under California Labor Code

18    § 203 because any failure to pay wages found to be due Plaintiffs was not willful.

19    AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

20    alleges that the Complaint fails to properly state a claim for penalties under California Labor Code

21    § 203 because there is a bona fide, good faith dispute with respect to HSBC Bank's obligation to pay

22    any wages.

23    AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

24    alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

25    AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

26    alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims presented

27    in the Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT                    20.                    Case No. C 07 2446 MMC [ECF]

1    AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2  Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrine of laches.

3    AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4  Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrine of unclean hands.

5    AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

6  alleges that all or portions of Plaintiffs' claims are barred by the doctrine of avoidable consequences

7  because reasonable steps were taken to prevent and correct allegedly improper wage payments,

8  Plaintiffs unreasonably failed to use the preventative and corrective opportunities provided to them,

9  and the reasonable use of those procedures would have prevented at least some, if not all, of the

10  harm Plaintiffs allegedly suffered.

11    AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

12  alleges that Plaintiffs and putative plaintiffs or class members were treated fairly and in good faith,

13  and that all actions taken with respect to Plaintiffs were taken for lawful business reasons and in

14  good faith.

15    AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

16  Bank alleges that Plaintiffs and putative plaintiffs or class members were not entitled to mandatory

17  meal and/or rest periods under California law, nor are they entitled to recover penalties under

18  California law for allegedly missed meal or rest periods, because they were exempted from meal and

19  rest period requirements pursuant to the provisions of the California Industrial Welfare Commission

20  wage orders.

21    AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

22  Bank alleges that Plaintiffs' prosecution of this action by Plaintiffs as a representative of the general

23  public under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and

24  circumstances of this case, would constitute a denial of HSBC Bank's substantive and procedural

25  due process rights under the Fourteenth Amendment of the United States Constitution and under the

26  California Constitution.

27    AS A TWENTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

28  Bank alleges that the Complaint fails to properly state a claim for injunctive relief.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

21.

Case No.  C 07 2446 MMC [ECF]

1    AS A TWENTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2    Bank alleges that Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies

3    at law.

4    AS A TWENTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5    Bank alleges that all or portions of Plaintiffs' claims are barred by the doctrines of waiver and

6    release.

7    AS A TWENTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8    Bank alleges that Plaintiffs and putative plaintiffs or class members consented to, encouraged, or

9    voluntarily participated in all actions taken, if any.

10    AS A TWENTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

11    HSBC Bank alleges that any unlawful or other wrongful acts of any person(s) employed by

12    Defendants, or any of them, were outside of the scope of his or her authority and such acts, if any,

13    were not authorized, ratified, or condoned, nor did Defendants know or have reason to be aware of

14    such alleged conduct.

15    AS A TWENTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

16    Bank alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of accord and

17    satisfaction.

18    AS A TWENTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

19    Bank alleges that Plaintiffs' claims for recovery pursuant to California Business and Professions

20    Code § 17200 *et seq.* are barred with respect to penalties of any nature.

21    AS A THIRTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

22    alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must comport with

23    the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

24    AS A THIRTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

25    Bank alleges that the Complaint and each cause of action therein, or some of them, is barred because

26    the applicable wage orders of the California Industrial Welfare Commission or the provisions of the

27    California Labor Code, New Jersey State Wage and Hour Law, and New York Labor Law are

28    unconstitutionally vague and ambiguous and violate HSBC Bank's rights under the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT**                22.                **Case No.  C 07 2446 MMC [ECF]**

1    Constitution, the California Constitution, the New Jersey Constitution and/or the New York

2    Constitution to, among other things, due process of law.

3        AS A THIRTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4    Bank alleges that Plaintiffs' prayers for restitution or injunctive relief under California Business and

5    Professions Code § 17200 *et seq.* are barred with respect to any alleged violations that have

6    discontinued, ceased, or are not likely to recur.

7        AS A THIRTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8    Bank alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged injuries

9    were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated

10   and/or tolerated by any Defendant.

11       AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

12   Bank alleges that the Complaint fails to properly state a claim for interest, as the damages claimed

13   are not sufficiently certain to support an award of interest.

14       AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15   Bank alleges that the Complaint fails to properly state a claim for recovery of costs and attorneys'

16   fees under California Labor Code §§ 218.5 or 1194, California Code of Civil Procedure § 1021.5,

17   California Business and Professions Code § 17200 *et seq.*, New Jersey State Wage and Hour Law,

18   New York Labor Law, and/or 29 U.S.C. § 216(b), or any other basis.

19       AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20   Bank alleges that the Complaint fails to properly state a claim for recovery of compensatory

21   damages based upon wages due and owing, restitution, or any other basis.

22       AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

23   Bank alleges that further investigation and discovery will reveal that defendants are entitled to an

24   offset against any relief due Plaintiffs, and/or those persons they seek to represent, based upon their

25   respective wrongful conduct and/or monies owed.

26       AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

27   Bank alleges that the Complaint fails to properly state a claim that may be maintained as a class

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

23.

Case No. C 07 2446 MMC [ECF]

1    action under Rule 23 of the Federal Rules of Civil Procedure or any corresponding state law
2    requirements regarding class actions.

3        AS A THIRTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC
4    Bank alleges that Plaintiffs or some of them cannot fairly and adequately represent the interests of
5    the purported class.

6        AS A FORTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank
7    alleges that all Plaintiffs or some of them are not proper parties to the action.

8        AS A FORTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank
9    alleges that certification of a class, as applied to the facts and circumstances of this case, would
10    constitute a denial of its rights to trial by jury and to substantive and procedural due process, in
11    violation of the Fourteenth Amendment of the United States Constitution and the Due Process and
12    Equal Protection Clauses of the California, New Jersey and/or New York Constitutions.

13        AS A FORTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC
14    Bank alleges that this suit may not be properly maintained as a class action because: (a) Plaintiffs
15    have failed to plead and/or cannot establish the necessary procedural elements for, class treatment;
16    (b) a class action is not an appropriate method for the fair and efficient adjudication of the claims
17    described in the Complaint; (c) common issues of fact or law do not predominate; to the contrary,
18    individual issues predominate; (d) Plaintiffs' claims are not representative or typical of the claims of
19    the putative class; (e) Plaintiffs are not proper class representatives; (f) the named Plaintiffs and
20    alleged putative class counsel are not adequate representatives for the alleged putative class;
21    (g) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action
22    treatment is neither appropriate nor constitutional; (h) there is not a well-defined community of
23    interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative
24    class; (i) the alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the
25    extent the alleged putative class is ascertainable and its members are identifiable, the number of
26    putative class members is too small to meet the numerosity requirement for a class action.

27        AS A FORTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank
28    alleges that this suit may not be properly maintained as a collective action because: (a) Plaintiffs

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

24.

Case No. C 07 2446 MMC [ECF]

1   have failed to plead and/or cannot establish the necessary procedural elements for collective action
2   treatment; (b) a collective action is not an appropriate method for the fair and efficient adjudication
3   of the claims described in the Complaint; (c) common issues of fact or law do not predominate; to
4   the contrary, individual issues predominate; (d) Plaintiffs' claims are not representative or typical of
5   the claims of the putative class; (e) Plaintiffs are not proper class representatives; (f) the named
6   Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative
7   class; (g) Plaintiffs cannot satisfy any of the requirements for collective action treatment, and
8   collective action treatment is neither appropriate nor constitutional; (h) there is not a well-defined
9   community of interest in the questions of law or fact affecting Plaintiffs and the members of the
10  alleged putative class; (i) the alleged putative class is not ascertainable, nor are its members
11  identifiable; and (j) to the extent the alleged putative class is ascertainable and its members are
12  identifiable, the number of putative class members is too small to meet the numerosity requirement
13  for a collective action.

14          AS A FORTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC
15  Bank alleges that the adjudication of the claims of the putative class through generalized class-wide
16  proof would violate its rights to trial by jury under the United States Constitution and/or the
17  California Constitution and/or the New York Constitution and/or the New Jersey Constitution.

18          AS A FORTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank
19  alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiffs or putative class
20  members to any relief, including, but not limited to, its failure to properly state facts sufficient to
21  identify any actual or threatened harm to Plaintiffs beyond pure speculation, its failure to allege facts
22  showing that Plaintiffs have no adequate remedy at law, and that the proposed relief would impose
23  an undue burden on both HSBC Bank and the Court and be so uncertain as to be wholly
24  unenforceable.

25          AS A FORTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank
26  opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class
27  in this case over HSBC Bank's objections, then HSBC Bank asserts the affirmative defenses set
28  forth herein against each and every member of the certified class.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

25.

Case No.  C 07 2446 MMC [ECF]

1    AS A FORTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2    Bank alleges that Plaintiffs' claim for relief under New York law may not proceed as a class action

3    by operation of New York Civil Practice Law and Rules § 901(b).

4    AS A FORTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5    Bank alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because no deductions were

6    taken from "wages" already earned by any employee,.

7    AS A FORTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8    Bank alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because, assuming *arguendo* that

9    any deductions were taken from employees' wages, all deductions were authorized by the employee

10   in writing and did not reduce the agreed-upon wage.

11   AS A FIFTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

12   alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because, assuming *arguendo* that any

13   deductions were taken from employees' wages for any business loss, such loss was caused by a

14   dishonest, willful or grossly negligent act of the employee.

15   AS A FIFTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

16   alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because any reductions in commissions

17   occurred as a result of the employee not meeting contractual conditions precedent for earning

18   commissions.

19   AS A FIFTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20   Bank alleges that all or some of Plaintiffs' claims are barred for failure to exhaust the requisite

21   administrative remedies.

22   AS A FIFTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Bank

23   alleges that Plaintiffs were not entitled to payment of overtime premiums because HSBC Bank at all

24   times believed and acted in good faith that the employees were exempt from overtime requirements

25   pursuant to, but not limited to, 29 U.S.C. § 213 *et seq.* (excluding the executive, professional,

26   administrative and retail exemptions as specified in the Court's March 19, 2008 Order Granting In

27   Part and Denying In Part Plaintiffs' Motion for Conditional Certification, For Production, and For

28   Partial Summary Judgment; Directions to Parties; Vacating Hearing), the California Labor Code, the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC BANK'S ANSWER TO SECOND**
**AMENDED COMPLAINT**

26.

**Case No.  C 07 2446 MMC [ECF]**

1  California Industrial Welfare Commission's wage orders, New Jersey State Wage and Hour Law and

2  New Jersey written administrative regulations, orders, rulings or approvals and interpretations, and

3  New York Labor Law.

4  ### **PRAYER FOR RELIEF**

5      WHEREFORE, HSBC Bank prays for judgment from this Court as follows:

6      1.      Plaintiffs take nothing by this action;

7      2.      That the Complaint be dismissed with prejudice and that judgment be entered

8  against Plaintiffs and in favor of HSBC Bank on each of Plaintiffs' causes of action;

9      3.      That Plaintiffs be ordered to pay HSBC Bank's costs and attorneys' fees,

10  including, but not limited to, costs and attorneys' fees provided under California, New Jersey and/or

11  New York law; and

12      4.      Such other and further relief as the Court deems appropriate and proper.

13  Dated: September 11, 2008

14

15                          _/s/ Michelle R. Barrett_____
                            MICHELLE R. BARRETT
16                          LITTLER MENDELSON
                            A Professional Corporation
17                          Attorneys for Defendants
                            HSBC MORTGAGE CORPORATION (USA)
18                          and HSBC BANK USA, N.A.

19  Firmwide:86567994.2 023404.1043

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC BANK'S ANSWER TO SECOND
AMENDED COMPLAINT

27.

Case No.  C 07 2446 MMC [ECF]