1  GEORGE J. TICHY, II, Bar No. 041146
   MICHAEL F. MCCABE, Bar No. 111151
2  MICHELLE R. BARRETT, Bar No. 197280
   KIMBERLY L. OWENS, Bar No. 233185
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, California  94108
5  Telephone:     (415) 433-1940
   Facsimile:      (415) 399-8490
6  E-mail: gtichy@littler.com, mmccabe@littler.com,
   mbarrett@littler.com, kowens@littler.com
7
   Attorneys for Defendants
8  HSBC MORTGAGE CORPORATION (USA) and
   HSBC BANK USA, N.A.
9

10                UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   Philip Wong, Frederic Chaussy, and Leslie        Case No. C 07 2446 MMC [ECF]
14 Marie Shearn, individually, on behalf of all
   others similarly situated, and on behalf of      **HSBC MORTGAGE CORPORATION**
15 the general public,                              **(USA)'S ANSWER TO PLAINTIFFS'**
                                                    **SECOND AMENDED COMPLAINT**
16                  Plaintiffs,

17          v.

18 HSBC Mortgage Corporation (USA);
   HSBC Bank USA, N.A.; and DOES 1
19 through 50, inclusive,

20                  Defendants.

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT**                1.              **Case No.  C 07 2446 MMC [ECF]**

1    COMES NOW Defendant HSBC Mortgage Corporation (USA) ("HSBC Mortgage"),

2    and for its Answer to the First Amended Complaint for Damages, Restitution and Injunctive Relief

3    ("Complaint") filed by Plaintiffs Philip Wong, Frederic Chaussy, Leslie Marie Shearn and Chad

4    Barbiere, hereinafter collectively referred to as "Plaintiffs," on behalf of themselves, the general

5    public, and all others similarly situated, admits, denies, and alleges as follows:

6    **PRELIMINARY STATEMENT**

7    1.    Answering Paragraph 1 of the Complaint, generally no answer is required to

8    Paragraph 1, which merely defines the nature of the action, on whose behalf Plaintiffs seek to assert

9    claims, and against whom Plaintiffs' claims are asserted.  HSBC Mortgage denies that Plaintiffs and

10   putative class members are or were employed by HSBC Bank USA, N.A. ("HSBC Bank"), denies

11   the implication that it engaged in any violations alleged in Paragraph 1, and denies the implication

12   that Plaintiffs or putative class members were erroneously denied anything referenced in

13   Paragraph 1.  Answering Paragraph 1 of the Complaint, HSBC Mortgage denies, generally and

14   specifically, each and every other allegation in Paragraph 1.

15   2.    Answering Paragraph 2 of the Complaint, generally no answer is required to

16   Paragraph 2, which merely defines on whose behalf Plaintiffs seek to assert claims and information

17   regarding the alleged statutes of limitation.  HSBC Mortgage denies the implication that it engaged

18   in any violations alleged in Paragraph 2, as well as the implication that Plaintiffs or putative class

19   members were erroneously denied anything referenced in Paragraph 2.  Answering Paragraph 2 of

20   the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation

21   in Paragraph 2.

22   3.    Answering Paragraph 3 of the Complaint, generally no answer is required to

23   Paragraph 3, which merely defines on whose behalf Plaintiffs seek to assert their California claims

24   and information regarding the alleged statutes of limitation.  HSBC Mortgage denies the implication

25   that it engaged in any violations alleged in Paragraph 3, as well as the implication that Plaintiffs or

26   putative class members were erroneously denied anything referenced in Paragraph 3.  Answering

27   Paragraph 3 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every

28   other allegation in Paragraph 3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

2.

Case No.  C 07 2446 MMC [ECF]

4.      Answering Paragraph 4 of the Complaint, generally no answer is required to Paragraph 4, which merely defines on whose behalf Plaintiffs seek to assert their New York claims and information regarding the alleged statutes of limitation.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 4, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 4.  Answering Paragraph 4 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 4.

5.      Answering Paragraph 5 of the Complaint, generally no answer is required to Paragraph 4, which merely defines on whose behalf Plaintiffs seek to assert their New Jersey claims and information regarding the alleged statutes of limitation.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 5, as well as the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 5.  Answering Paragraph 5 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 5.

6.      Answering Paragraph 6 of the Complaint, generally no answer is required to Paragraph 6, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 6, as well as the implication that Plaintiffs or putative class members are entitled to any relief referenced in Paragraph 6.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 6.

**THE PARTIES**

7.      Answering Paragraph 7 of the Complaint, HSBC Mortgage admits only that Wong was employed by HSBC Mortgage from December 5, 2005 to November 20, 2006 as a Senior Retail Mortgage Lending Consultant and from November 20, 2006 to approximately March 13, 2008 as a Retail Mortgage Lending Consultant.  HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 7, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 7.

8.      Answering Paragraph 8 of the Complaint, HSBC Mortgage admits only that Chaussy was employed by HSBC Mortgage from approximately April 2006 to November 20, 2006 as a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT
3.
Case No.  C 07 2446 MMC [ECF]

Senior Retail Mortgage Lending Consultant and from November 20, 2006 until his employment was terminated on approximately April 19, 2007 as a Retail Mortgage Lending Consultant. HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 8, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 8.

9.    Answering Paragraph 9 of the Complaint, HSBC Mortgage admits only that Shearn was employed by HSBC Mortgage from approximately February 11, 2002 until August 18, 2003 as a Loan Production Office Assistant and from approximately August 18, 2003 until January 3, 2005 as a Senior Loan Production Office Assistant and from approximately January 3, 2005 to October 13, 2006 as a Senior Retail Mortgage Lending Consultant. HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 9, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 9.

10.    Answering Paragraph 10 of the Complaint, HSBC Mortgage admits only that Barbiere was employed by HSBC Mortgage from April 3, 2006 to November 20, 2006 as a Senior Retail Mortgage Lending Consultant and from November 20, 2006 to February 22, 2007 as a Retail Mortgage Lending Consultant. HSBC Mortgage lacks sufficient information or belief to respond to the remaining allegations in Paragraph 10, and on that basis, denies, generally and specifically, each and every other allegation in Paragraph 10.

11.    Answering Paragraph 11 of the Complaint, HSBC Mortgage admits only that it does business in several states and cities throughout the United States and that it maintains places of business in several states throughout the United States. HSBC Mortgage denies generally and specifically, each and every other allegation in Paragraph 11.

12.    Answering Paragraph 12 of the Complaint, HSBC Mortgage denies that HSBC Bank USA, N.A. is a proper defendant in this matter. HSBC Mortgage admits that HSBC Bank operated banks in San Francisco, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland and Fremont California, New Jersey and New York at various times. HSBC Mortgage denies that HSBC Bank ever operated a bank in Redwood City. HSBC Mortgage denies generally and specifically, each and every other allegation in Paragraph 12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

4.

Case No.  C 07 2446 MMC [ECF]

13.     Answering Paragraph 13, HSBC Mortgage alleges that Doe defendant pleading is impermissible in Federal Court.  HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, as it relates to Defendants not yet named, and therefore denies, generally and specifically, each and every allegation.

14.     Answering Paragraph 14 of the Complaint, Paragraph 14 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 14.

## JURISDICTION AND VENUE

15.     Answering Paragraph 15 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that each representative Plaintiff signed the necessary consent form to join this lawsuit, and therefore denies this allegation.  HSBC Mortgage denies that there is supplemental or pendent jurisdiction over the Plaintiffs' state law claims as the federal claims are without merit.

16.     Answering Paragraph 16 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to the claims occurred in this district, and therefore denies this allegation.  HSBC Mortgage admits that HSBC Bank USA, N.A. operates facilities in San Francisco, San Mateo, Palo Alto, Milpitas, Cupertino, Oakland and Fremont, California.  HSBC Mortgage denies, generally and specifically, all other allegations in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that a substantial part of the events giving rise to this dispute occurred in San Francisco, San Mateo, Santa Clara, and Alameda Counties, California and, on that basis, denies the allegations in Paragraph 17.

## COLLECTIVE ACTION ALLEGATIONS

18.     Answering Paragraph 18 of the Complaint, generally no answer is required to Paragraph 18, which merely defines the nature of the action, the alleged collective class and on whose behalf Plaintiffs seek to assert claims.  HSBC Mortgage admits that Plaintiffs have alleged that they bring this action under 29 U.S.C. § 216(b), that Plaintiffs have alleged that they seek to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

5.

Case No.  C 07 2446 MMC [ECF]

represent the classes of persons described in Paragraph 18, and that the job titles listed in Paragraph 18 are job titles used by HSBC Mortgage, but states that those allegations call for ultimate conclusions of law reserved exclusively for the trier of fact. Moreover, HSBC Mortgage denies that such positions are appropriately included in any proposed class(es). HSBC Mortgage further denies the implication that it engaged in any violations alleged in Paragraph 18 and denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 18. Answering Paragraph 18 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 18.

19.    Answering Paragraph 19 of the Complaint, HSBC Mortgage denies the implication that Plaintiffs or putative class members were erroneously denied anything referenced in Paragraph 19 and, on that basis, denies, generally and specifically, all allegations in Paragraph 19.

20.    Answering Paragraph 20 of the Complaint, Paragraph 20 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 20.

21.    Answering Paragraph 21 of the Complaint, Paragraph 21 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 21.

22.    Answering Paragraph 22 of the Complaint, Paragraph 22 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 22.

23.    Answering Paragraph 23 of the Complaint, Paragraph 23 contains legal argument not requiring an answer. HSBC Mortgage denies the implications that there are numerous similarly situated current and former employees who would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 23.

A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

6.

Case No.  C 07 2446 MMC [ECF]

1

## CLASS ACTION ALLEGATIONS

2      24.     Answering Paragraph 24 of the Complaint, generally no answer is required to

3   Paragraph 24, which merely defines the nature of the action, the alleged classes and on whose behalf

4   Plaintiffs seek to assert claims.  HSBC Mortgage admits that Plaintiffs bring this action pursuant to

5   Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs seek to represent the classes of

6   persons described in Paragraph 24.  HSBC Mortgage denies the implication that it engaged in any

7   violations alleged in Paragraph 24 and denies the implication that Plaintiffs or putative class

8   members were erroneously denied anything referenced in Paragraph 24.  Answering Paragraph 24 of

9   the Complaint, HSBC Mortgage denies, generally and specifically, each and every other allegation

10  in Paragraph 24.

11      25.     Answering Paragraph 25 of the Complaint, Paragraph 25 contains legal argument not

12  requiring an answer.  HSBC Mortgage denies the implication that the proposed classes are so

13  numerous as to make the case suitable for class treatment.  To the extent an answer is required,

14  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 25.

15      26.     Answering Paragraph 26 of the Complaint, Paragraph 26 contains legal argument not

16  requiring an answer.  HSBC Mortgage denies the implication that Plaintiffs' claims are typical of the

17  proposed class' claims so as to make the case suitable for class treatment.  To the extent an answer is

18  required, HSBC Mortgage denies, generally and specifically, each and every allegation in

19  Paragraph 26.

20      27.     Answering Paragraph 27 of the Complaint, Paragraph 27 contains legal argument not

21  requiring an answer.  HSBC Mortgage denies the implication that a class action is the superior

22  method to resolve Plaintiffs' or the proposed class' claims.  To the extent an answer is required,

23  HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 27.

24      28.     Answering Paragraph 28 of the Complaint, Paragraph 28 contains legal argument not

25  requiring an answer.   HSBC Mortgage denies the implication that Plaintiffs are adequate

26  representatives so as to make the case suitable for class treatment.  Moreover, HSBC Mortgage

27  denies that the legal counsel retained by Plaintiffs in this matter will adequately represent the

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

7.

Case No.  C 07 2446 MMC [ECF]

proposed class(es).  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 28.

29.    Answering Paragraph 29 and subparagraphs A through J of the Complaint, Paragraph 29 and subparagraphs A through J contain legal argument not requiring an answer.  HSBC Mortgage denies the implication that common questions of law and fact exist so as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 29 and subparagraphs A through J.

30.    Answering Paragraph 30 of the Complaint, Paragraph 30 contains legal argument not requiring an answer.  HSBC Mortgage denies the implication that prosecutions of actions by or against individuals would result in inconsistent or varying adjudications so as to make the case suitable for class treatment.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 30.

31.    Answering Paragraph 31 of the Complaint, Paragraph 31 contains legal argument not requiring an answer.  HSBC Mortgage denies the implication that this case is suitable for class treatment.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 31.

32.    Answering Paragraph 32 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs intend to send notice to all members of the proposed class to the extent required by Rule 23 or that the names and addresses of the proposed class are available from HSBC Mortgage, as the allegation is related to proposed class members not yet named.  On these bases, HSBC Mortgage denies the allegations in Paragraph 32.

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

33.    Answering Paragraph 33 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint.

34.    Answering Paragraph 34 of the Complaint, HSBC Mortgage lacks information sufficient to form a belief as to the truth of the allegation that Plaintiffs signed the necessary consent

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

8.

Case No.  C 07 2446 MMC [ECF]

1   forms to join this lawsuit or that Plaintiffs anticipate other consent forms will be signed, and

2   therefore denies these allegations.

3       35.     Answering Paragraph 35 of the Complaint, HSBC Mortgage admits that 20 U.S.C.

4   § 203 covers certain employers, that HSBC Mortgage formerly employed Wong, Chaussy, Shearn

5   and Barbiere, that it employs other individuals who performed or perform job duties similar to or the

6   same as Wong and/or Chaussy and/or Shearn and/or Barbiere, and that HSBC Mortgage and HSBC

7   Bank have or have had gross operating revenue in excess of $500,000.00.  HSBC Mortgage denies,

8   generally and specifically, each and every other allegation in Paragraph 35.

9       36.     Answering Paragraph 36 of the Complaint, HSBC Mortgage admits that non-exempt

10  employees are entitled to pay at a rate of one and one-half times their regular rate of pay for work

11  performed in excess of forty hours per work week under the FLSA.  HSBC Mortgage denies,

12  generally and specifically, each and every other allegation in Paragraph 36.

13      37.     Answering Paragraph 37 of the Complaint, Paragraph 37 contains legal argument not

14  requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and

15  specifically, each and every allegation in Paragraph 37.

16      38.     Answering Paragraph 38 of the Complaint, Paragraph 38 contains legal argument not

17  requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and

18  specifically, each and every allegation in Paragraph 38.

19      39.     Answering Paragraph 39 of the Complaint, Paragraph 39 contains legal argument not

20  requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and

21  specifically, each and every allegation in Paragraph 39.

22      40.     Answering Paragraph 40 of the Complaint, generally no answer is required to

23  Paragraph 40, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

24  answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in

25  Paragraph 40.

26      41.     Answering Paragraph 41 of the Complaint, generally no answer is required to

27  Paragraph 41, which merely sets forth the types of relief sought by Plaintiffs.  To the extent an

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT**

9.

**Case No.  C 07 2446 MMC [ECF]**

1  answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in

2  Paragraph 41.

3                              **SECOND CLAIM FOR RELIEF**

4            **(Failure to Pay Overtime Compensation in Violation of California Law)**

5        42.    Answering Paragraph 42 of the Complaint, HSBC Mortgage incorporates by

6  reference its answers to Paragraphs 1 through 41 of the Complaint.

7        43.    Answering Paragraph 43 of the Complaint, Paragraph 43 contains legal argument not

8  requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

9  Labor Code § 510 requires employers to pay overtime to certain employees under certain

10 circumstances and that California Labor Code § 1198 makes it unlawful to employ certain persons

11 for hours longer than certain hours set by the Industrial Welfare Commission or under certain

12 conditions prohibited under certain wage orders of the Industrial Welfare Commission.  HSBC

13 Mortgage denies any implication that HSBC Bank was an employer of Plaintiffs or putative class

14 members at any time.  HSBC Mortgage denies, generally and specifically, each and every other

15 allegation in Paragraph 43.

16       44.    Answering Paragraph 44 of the Complaint, HSBC Mortgage denies, generally and

17 specifically, each and every allegation in Paragraph 44.

18       45.    Answering Paragraph 45 of the Complaint, HSBC Mortgage denies, generally and

19 specifically, each and every allegation in Paragraph 45.

20                              **THIRD CLAIM FOR RELIEF**

21                              **(Waiting Time Penalties)**

22       46.    Answering Paragraph 46 of the Complaint, HSBC Mortgage incorporates by

23 reference its answers to Paragraphs 1 through 45 of the Complaint.

24       47.    Answering Paragraph 47 of the Complaint, HSBC Mortgage admits that certain

25 individuals who performed services for it, including all named Plaintiffs, are no longer employed by

26 HSBC Mortgage.  Except as expressly admitted herein, HSBC Mortgage denies, generally and

27 specifically, each and every other allegation in Paragraph 47.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                    10.                    Case No.  C 07 2446 MMC [ECF]

1    48.    Answering Paragraph 48 of the Complaint, HSBC Mortgage denies, generally and

2    specifically, each and every allegation in Paragraph 48.

3                            **FOURTH CLAIM FOR RELIEF**

4              **(Failure to Provide Accurate Itemized Wage Statements)**

5    49.    Answering Paragraph 49 of the Complaint, HSBC Mortgage incorporates by

6    reference its answers to Paragraphs 1 through 48 of the Complaint.

7    50.    Answering Paragraph 50 of the Complaint, Paragraph 50 contains legal arguments not

8    requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

9    Labor Code § 226(a) requires that California employers provide itemized wage statements and that

10   California Labor Code § 226(e) provides certain remedies for a violation of California Labor Code

11   § 226(a).  HSBC Mortgage denies, generally and specifically, each and every other allegation in

12   Paragraph 50.

13   51.    Answering Paragraph 51 of the Complaint, HSBC Mortgage denies, generally and

14   specifically, each and every allegation in Paragraph 51.

15                            **FIFTH CLAIM FOR RELIEF**

16              **(Failure to Provide Rest Breaks and Meal Periods)**

17   52.    Answering Paragraph 52 of the Complaint, HSBC Mortgage incorporates by

18   reference its answers to Paragraphs 1 through 51 of the Complaint.

19   53.    Answering Paragraph 53 of the Complaint, Paragraph 53 contains legal arguments not

20   requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

21   Labor Code § 512 prohibits an employer from employing certain employees for a work period of

22   more than five hours per day without providing that employee with a meal period of not less than 30

23   minutes, or for a work period of more than 10 hours per day without providing that employee with a

24   second meal period of not less than 30 minutes, all of which the employee may waive or simply

25   choose not to take.  HSBC Mortgage denies, generally and specifically, each and every other

26   allegation in Paragraph 53.

27   54.    Answering Paragraph 54 of the Complaint, Paragraph 54 contains legal arguments not

28   requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that Section 11 of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT**

11.

**Case No.  C 07 2446 MMC [ECF]**

1  Wage Order No. 4 includes language related to meal period requirements under California law.

2  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 54.

3      55.    Answering Paragraph 55 of the Complaint, Paragraph 55 contains legal arguments not

4  requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that Section 12 of

5  Wage Order No. 4 includes language related to rest period requirements under California law.

6  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 55.

7      56.    Answering Paragraph 56 of the Complaint, Paragraph 56 contains legal arguments not

8  requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that California

9  Labor Code § 226.7 prohibits certain employees from being denied meal and rest periods as

10  mandated under California law and requires premium pay in the amount of one hour's wages for

11  violations of the meal and rest period provisions of the California Industrial Welfare Commission

12  wage orders.  Except as expressly admitted herein, HSBC Mortgage denies, generally and

13  specifically, each and every other allegation in Paragraph 56.

14      57.    Answering Paragraph 57 of the Complaint, HSBC Mortgage denies, generally and

15  specifically, each and every allegation in Paragraph 57.

16                    **SIXTH CLAIM FOR RELIEF**

17             **(Unfair Practice under the Unfair Competition Act)**

18      58.    Answering Paragraph 58 of the Complaint, HSBC Mortgage incorporates by

19  reference its answers to Paragraphs 1 through 57 of the Complaint.

20      59.    Answering Paragraph 59 of the Complaint, Paragraph 59 contains legal arguments not

21  requiring an answer.  To the extent an answer is required, HSBC admits that California Business and

22  Professions Code § 17200 prohibits certain types of competition by prohibiting unlawful or unfair

23  business acts and practices.  HSBC Mortgage denies the implication that it engaged in any unlawful

24  or unfair business practices.  Except as expressly admitted herein, HSBC Mortgage denies, generally

25  and specifically, each and every other allegation in Paragraph 59.

26      60.    Answering Paragraph 60 of the Complaint, HSBC Mortgage denies, generally and

27  specifically, each and every allegation in Paragraph 60.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

12.

Case No.  C 07 2446 MMC [ECF]

**SEVENTH CLAIM FOR RELIEF**

**(Violation of New Jersey Wage and Hour Law, N.J.S.A. § 34:11 *et seq.*, and**

**N.J.A.C. § 12:56 *et seq*. – On Behalf of the New Jersey Named Plaintiff and New Jersey Class)**

61.    Answering Paragraph 61 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 60 of the Complaint.

62.    Answering Paragraph 62 of the Complaint, Paragraph 62 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 62.

63.    Answering Paragraph 63 of the Complaint, Paragraph 63 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 63.

64.    Answering Paragraph 64 of the Complaint, Paragraph 64 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 64.

65.    Answering Paragraph 65 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 65.

66.    Answering Paragraph 66 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 66.

**EIGHTH CLAIM FOR RELIEF**

**(Failure to Pay Overtime Compensation in Violation of New York Law)**

67.    Answering Paragraph 67 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 66 of the Complaint.

68.    Answering Paragraph 68 of the Complaint, Paragraph 68 contains legal arguments not requiring an answer.  HSBC Mortgage specifically denies that HSBC Bank ever employed Shearn or any putative member of the New York class and denies that HSBC Bank is a proper party to this claim.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 68.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

13.

Case No.  C 07 2446 MMC [ECF]

69.     Answering Paragraph 69 of the Complaint, Paragraph 69 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 69.

70.     Answering Paragraph 70 of the Complaint, Paragraph 70 contains legal argument not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits New York law requires payment of overtime compensation to non-exempt employees, and requires that an employer pay non-exempt employees for all hours worked at an agreed upon rate of pay.  HSBC Mortgage specifically denies that HSBC Bank ever employed Shearn or any putative class member. Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 70.

71.     Answering Paragraph 71 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 71.

72.     Answering Paragraph 72 of the Complaint, Paragraph 72 contains legal arguments not requiring an answer.  To the extent an answer is required, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 72.

73.     Answering Paragraph 73 of the Complaint, generally no answer is required to Paragraph 73, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 73, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 73. HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 73.

74.     Answering Paragraph 74 of the Complaint, generally no answer is required to Paragraph 74, which merely sets forth a type of relief sought by Plaintiffs.  HSBC Mortgage denies the implication that it engaged in any violations alleged in Paragraph 74, as well as the implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph 74.  HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 74.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

14.

Case No.  C 07 2446 MMC [ECF]

# NINTH CLAIM FOR RELIEF

## (Unlawful Deductions from Wages in California, under California Labor Code

### §§ 221 and 224 and IWC Wage Order 4 )

75. Answering Paragraph 75 of the Complaint, HSBC Mortgage incorporates by reference its answers to Paragraphs 1 through 74 of the Complaint.

76. Answering Paragraph 76 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 76.

77. Answering Paragraph 77 of the Complaint, HSBC Mortgage denies, generally and specifically, each and every allegation in Paragraph 77.

78. Answering Paragraph 78 of the Complaint, Paragraph 78 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage admits that California Labor Code § 221 provides that "it shall be unlawful for any employer to collect or to receive from an employee any part of the wages theretofore paid by said employer to said employee" and admits that California Labor Code § 224 allows deductions from wages when required or empowered by law or when authorized by the employee in writing. Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 78.

79. Answering Paragraph 79 of the Complaint, Paragraph 79 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage admits that *DLSE Policies & Interpretations Manual*, § 11.3, states that deductions from wages are permitted for "items which are for the direct benefit of the employee – not deductions which in any way benefit the employer either directly or indirectly." Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 79.

80. Answering Paragraph 80 of the Complaint, Paragraph 80 contains legal argument not requiring an answer. To the extent an answer is required, HSBC Mortgage admits that IWC Wage Order 4, which applies only to certain employees, provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee." Except as expressly

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

15.

Case No.  C 07 2446 MMC [ECF]

1  admitted herein, HSBC Mortgage denies, generally and specifically, each and every other allegation
2  in Paragraph 80.

3        81.    Answering Paragraph 81 of the Complaint, HSBC Mortgage denies, generally and
4  specifically, each and every allegation in Paragraph 81.

5        82.    Answering Paragraph 82 of the Complaint, generally no answer is required to
6  Paragraph 82, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
7  denies the implication that it engaged in any violations alleged in Paragraph 82, as well as the
8  implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph
9  82.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
10  Paragraph 82.

11        83.    Answering Paragraph 83 of the Complaint, generally no answer is required to
12  Paragraph 83, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
13  denies the implication that it engaged in any violations alleged in Paragraph 83, as well as the
14  implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph
15  83.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
16  Paragraph 83.

17  **TENTH CLAIM FOR RELIEF**

18  **(Unlawful Deductions from Wages in New York, under N.Y. Lab. Law § 193(1) and**

19  **N.Y. Comp. Codes. R. & Regs. Title 12, § 142-1.1 *et seq.*)**

20        84.    Answering Paragraph 84 of the Complaint, HSBC Mortgage incorporates by
21  reference its answers to Paragraphs 1 through 83 of the Complaint.

22        85.    Answering Paragraph 85 of the Complaint, HSBC Mortgage denies, generally and
23  specifically, each and every allegation in Paragraph 85.

24        86.    Answering Paragraph 86 of the Complaint, HSBC Mortgage denies, generally and
25  specifically, each and every allegation in Paragraph 86.

26        87.    Answering Paragraph 87 of the Complaint, Paragraph 87 contains legal argument
27  not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that New
28  York Labor Law § 193 prohibits certain deductions from being made from an employee's wages.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT**      16.      **Case No.  C 07 2446 MMC [ECF]**

1    Except as expressly admitted herein, HSBC Mortgage denies, generally and specifically, each and
2    every other allegation in Paragraph 87.

3        88.    Answering Paragraph 88 of the Complaint, Paragraph 88 contains legal argument not
4    requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that New York
5    regulations purport to prohibit certain deductions from wages.  Except as expressly admitted herein,
6    HSBC Mortgage denies, generally and specifically, each and every other allegation in Paragraph 88.

7        89.    Answering Paragraph 89 of the Complaint, HSBC Mortgage denies, generally and
8    specifically, each and every allegation in Paragraph 89.

9        90.    Answering Paragraph 90 of the Complaint, generally no answer is required to
10   Paragraph 90, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
11   denies the implication that it engaged in any violations alleged in Paragraph 90, as well as the
12   implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph
13   90.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
14   Paragraph 90.

15       91.    Answering Paragraph 91 of the Complaint, generally no answer is required to
16   Paragraph 91, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
17   denies the implication that it engaged in any violations alleged in Paragraph 91, as well as the
18   implication that Plaintiffs or putative class members are entitled to the relief referenced in Paragraph
19   91.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
20   Paragraph 91.

21                        **ELEVENTH CLAIM FOR RELIEF**

22       **(Unlawful Deductions from Wages in New Jersey, under N.J. Stat. Ann. § 34:11-4.4)**

23       92.    Answering Paragraph 92 of the Complaint, HSBC Mortgage incorporates by
24   reference its answers to Paragraphs 1 through 91 of the Complaint.

25       93.    Answering Paragraph 93 of the Complaint, HSBC Mortgage denies, generally and
26   specifically, each and every allegation in Paragraph 93.

27       94.    Answering Paragraph 94 of the Complaint, HSBC Mortgage denies, generally and
28   specifically, each and every allegation in Paragraph 94.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                17.                Case No.  C 07 2446 MMC [ECF]

1    95.    Answering Paragraph 95 of the Complaint, Paragraph 95 contains legal argument
2  not requiring an answer.  To the extent an answer is required, HSBC Mortgage admits that New
3  Jersey Statutes Annotated § 34:11-4.4 provides that it is unlawful for an employer to withhold or
4  divert employees' wages under certain circumstances.  Except as expressly admitted herein, HSBC
5  Mortgage denies, generally and specifically, each and every other allegation in Paragraph 95.

6    96.    Answering Paragraph 96 of the Complaint, HSBC Mortgage denies, generally and
7  specifically, each and every allegation in Paragraph 96.

8    97.    Answering Paragraph 97 of the Complaint, generally no answer is required to
9  Paragraph 97, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
10 denies the implication that it engaged in any violations alleged in Paragraph 97, as well as the
11 implication that Plaintiffs or putative class members are entitled to the relief referenced in
12 Paragraph 97.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
13 Paragraph 97.

14   98.    Answering Paragraph 98 of the Complaint, generally no answer is required to
15 Paragraph 98, which merely sets forth the types of relief sought by Plaintiffs.  HSBC Mortgage
16 denies the implication that it engaged in any violations alleged in Paragraph 98, as well as the
17 implication that Plaintiffs or putative class members are entitled to the relief referenced in
18 Paragraph 98.  HSBC Mortgage denies, generally and specifically, each and every other allegation in
19 Paragraph 98.

20 **AFFIRMATIVE DEFENSES**

21   AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage
22 alleges that the Complaint, and each and every cause of action contained therein, fails to properly
23 state a claim upon which relief can be granted.

24   AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage
25 alleges that it has no liability for wages, penalties, interest, or other compensation or amounts that
26 may be due Plaintiffs because HSBC Mortgage was not Plaintiffs' or putative plaintiffs' or class
27 members' employer within the definition of, but not limited to, the federal Fair Labor Standards Act,

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

18.

Case No.  C 07 2446 MMC [ECF]

1  the California Labor Code, the California Industrial Welfare Commission wage orders, New Jersey

2  State Wage and Hour Law or New York Labor Law.

3          AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

4  alleges that all or portions of Plaintiffs' claims are barred by the applicable statutes of limitation.

5          AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

6  alleges that Plaintiffs were not entitled to payment of overtime premiums because they were

7  employees exempted from overtime requirements pursuant to, but not limited to, 29 U.S.C.

8  § 213 *et seq.*(excluding the executive, professional, administrative and retail exemptions as specified

9  in the Court's March 19, 2008 Order Granting In Part and Denying In Part Plaintiffs' Motion for

10 Conditional Certification, For Production, and For Partial Summary Judgment; Directions to Parties;

11 Vacating Hearing), the California Labor Code, the provisions of the California Industrial Welfare

12 Commission's wage orders, New Jersey State Wage and Hour Law and New York Labor Law.

13         AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

14 alleges that any violation of the Fair Labor Standards Act was not willful, and that all or portions of

15 Plaintiffs' claims alleging violation of the Fair Labor Standards Act are barred by the applicable

16 statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

17         AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

18 alleges that any violation of the Fair Labor Standards Act was an act or omission made in good faith

19 and HSBC Mortgage had reasonable grounds for believing that the act or omission was not a

20 violation of the Fair Labor Standards Act so that, pursuant to 29 U.S.C. § 260, liquidated damages

21 cannot be awarded.

22         AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

23 alleges that the amounts described in Section 7(e) of the Fair Labor Standards Act, 29 U.S.C.

24 § 207(e), must be excluded from the regular rate on which any overtime due is calculated under

25 federal, California, New York or New Jersey law.

26         AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

27 alleges that its business actions or practices were not "unfair" within the meaning of California

28 Business and Professions Code § 17200 *et seq.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                    19.                    Case No.  C 07 2446 MMC [ECF]

1            AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

2    alleges that its business actions or practices were not "unlawful" within the meaning of California

3    Business and Professions Code § 17200 *et seq.*

4            AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

5    alleges that its business actions or practices were not "harmful" within the meaning of California

6    Business and Professions Code § 17200 *et seq.*

7            AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8    Mortgage alleges that its business actions or practices were not "fraudulent" or "deceptive" within

9    the meaning of California Business and Professions Code § 17200 *et seq.*

10            AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

11    alleges that Plaintiffs' claims under California Labor Code § 226.7 are barred because Plaintiffs lack

12    a private right of action to bring suit under that statute.

13            AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

14    Mortgage alleges that the Complaint fails to properly state a claim for penalties under California

15    Labor Code § 203 because any failure to pay wages found to be due Plaintiffs was not willful.

16            AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

17    Mortgage alleges that the Complaint fails to properly state a claim for penalties under California

18    Labor Code § 203 because there is a bona fide, good faith dispute with respect to HSBC Mortgage's

19    obligation to pay any wages.

20            AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

21    Mortgage alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

22            AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

23    Mortgage alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims

24    presented in the Complaint.

25            AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

26    Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of laches.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

20.

Case No.  C 07 2446 MMC [ECF]

AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of unclean hands.

AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrine of avoidable consequences because reasonable steps were taken to prevent and correct allegedly improper wage payments, Plaintiffs unreasonably failed to use the preventative and corrective opportunities provided to them, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm Plaintiffs allegedly suffered.

AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs and putative plaintiffs or class members were treated fairly and in good faith, and that all actions taken with respect to Plaintiffs were taken for lawful business reasons and in good faith.

AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs and putative plaintiffs or class members were not entitled to mandatory meal and rest periods under California law, nor are they entitled to recover penalties under California law for allegedly missed meal or rest periods, because they were exempted from meal and rest period requirements pursuant to the provisions of the California Industrial Welfare Commission wage orders.

AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that Plaintiffs' prosecution of this action by Plaintiffs as a representative of the general public under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of HSBC Mortgage's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

AS A TWENTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage alleges that the Complaint fails to properly state a claim for injunctive relief.

1       AS A TWENTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2   Mortgage alleges that Plaintiffs are not entitled to equitable relief insofar as they have adequate

3   remedies at law.

4       AS A TWENTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5   Mortgage alleges that all or portions of Plaintiffs' claims are barred by the doctrines of waiver and

6   release.

7       AS A TWENTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8   Mortgage alleges that Plaintiffs and putative plaintiffs or class members consented to, encouraged,

9   or voluntarily participated in all actions taken, if any.

10      AS A TWENTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,

11  HSBC Mortgage alleges that any unlawful or other wrongful acts of any person(s) employed by

12  Defendants, or any of them, were outside of the scope of his or her authority and such acts, if any,

13  were not authorized, ratified, or condoned, nor did Defendants know or have reason to be aware of

14  such alleged conduct.

15      AS A TWENTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

16  Mortgage alleges that Plaintiffs' claims are barred in whole or in part by the doctrine of accord and

17  satisfaction.

18      AS A TWENTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

19  Mortgage alleges that Plaintiffs' claims for recovery pursuant to California Business and Professions

20  Code § 17200 *et seq.* are barred with respect to penalties of any nature.

21      AS A THIRTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

22  Mortgage alleges that, to the extent Plaintiffs seek statutory or other penalties, such claims must

23  comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

24      AS A THIRTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

25  Mortgage alleges that the Complaint and each cause of action therein, or some of them, is barred

26  because the applicable wage orders of the California Industrial Welfare Commission or the

27  provisions of the California Labor Code, New Jersey State Wage and Hour Law, and New York

28  Labor Law are unconstitutionally vague and ambiguous and violate HSBC Mortgage's rights under

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                22.                Case No. C 07 2446 MMC [ECF]

1    the United States Constitution, the California Constitution, the New Jersey Constitution, and/or New

2    York Constitution to, among other things, due process of law.

3              AS A THIRTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4    Mortgage alleges that Plaintiffs' prayers for restitution or injunctive relief under California Business

5    and Professions Code § 17200 *et seq.* are barred with respect to any alleged violations that have

6    discontinued, ceased, or are not likely to recur.

7              AS A THIRTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8    Mortgage alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs' alleged

9    injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure

10   promulgated and/or tolerated by any Defendant.

11             AS A THIRTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

12   Mortgage alleges that the Complaint fails to properly state a claim for interest, as the damages

13   claimed are not sufficiently certain to support an award of interest.

14             AS A THIRTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15   Mortgage alleges that the Complaint fails to properly state a claim for recovery of costs and

16   attorneys' fees under California Labor Code §§ 218.5 or 1194, California Code of Civil Procedure

17   § 1021.5, California Business and Professions Code § 17200 *et seq.*, New Jersey State Wage and

18   Hour Law, New York Labor Law, and/or 29 U.S.C. § 216(b), or any other basis.

19             AS A THIRTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20   Mortgage alleges that the Complaint fails to properly state a claim for recovery of compensatory

21   damages based upon wages due and owing, restitution, or any other basis.

22             AS A THIRTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

23   Mortgage alleges that further investigation and discovery will reveal that defendants are entitled to

24   an offset against any relief due Plaintiffs, and/or those persons they seek to represent, based upon

25   their respective wrongful conduct and/or monies owed..

26             AS A THIRTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

27   Mortgage alleges that the Complaint fails to properly state a claim that may be maintained as a class

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT

23.

Case No.  C 07 2446 MMC [ECF]

1   action under Rule 23 of the Federal Rules of Civil Procedure or any corresponding state law

2   requirements regarding class actions.

3          AS A THIRTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

4   Mortgage alleges that Plaintiffs or some of them cannot fairly and adequately represent the interests

5   of the purported class.

6          AS A FORTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

7   alleges that all Plaintiffs or some of them are not proper parties to the action.

8          AS A FORTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

9   Mortgage alleges that certification of a class, as applied to the facts and circumstances of this case,

10  would constitute a denial of its rights to trial by jury and to substantive and procedural due process,

11  in violation of the Fourteenth Amendment of the United States Constitution and the Due Process and

12  Equal Protection Clauses of the California, New Jersey and/or New York Constitutions.

13         AS A FORTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

14  Mortgage alleges that this suit may not be properly maintained as a class action because:

15  (a) Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for, class

16  treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the

17  claims described in the Complaint; (c) common issues of fact or law do not predominate; to the

18  contrary, individual issues predominate; (d) Plaintiffs' claims are not representative or typical of the

19  claims of the putative class; (e) Plaintiffs are not proper class representatives; (f) the named

20  Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative

21  class; (g) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action

22  treatment is neither appropriate nor constitutional; (h) there is not a well-defined community of

23  interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative

24  class; (i) the alleged putative class is not ascertainable, nor are its members identifiable; and (j) to the

25  extent the alleged putative class is ascertainable and its members are identifiable, the number of

26  putative class members is too small to meet the numerosity requirement for a class action.

27         AS A FORTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

28  Mortgage alleges that this suit may not be properly maintained as a collective action because:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1    (a) Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements for

2    collective action treatment; (b) a collective action is not an appropriate method for the fair and

3    efficient adjudication of the claims described in the Complaint; (c) common issues of fact or law do

4    not predominate; to the contrary, individual issues predominate; (d) Plaintiffs' claims are not

5    representative or typical of the claims of the putative class; (e) Plaintiffs are not proper class

6    representatives; (f) the named Plaintiffs and alleged putative class counsel are not adequate

7    representatives for the alleged putative class; (g) Plaintiffs cannot satisfy any of the requirements for

8    collective action treatment, and collective action treatment is neither appropriate nor constitutional;

9    (h) there is not a well-defined community of interest in the questions of law or fact affecting

10   Plaintiffs and the members of the alleged putative class; (i) the alleged putative class is not

11   ascertainable, nor are its members identifiable; and (j) to the extent the alleged putative class is

12   ascertainable and its members are identifiable, the number of putative class members is too small to

13   meet the numerosity requirement for a collective action.

14          AS A FORTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

15   Mortgage alleges that the adjudication of the claims of the putative class through generalized class-

16   wide proof would violate its rights to trial by jury under the United States Constitution and/or the

17   California Constitution and/or the New York Constitution and/or the New Jersey Constitution.

18          AS A FORTY-FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

19   Mortgage alleges that the Complaint fails to properly state facts sufficient to entitle Plaintiffs or

20   putative class members to any relief, including, but not limited to, its failure to properly state facts

21   sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, its failure

22   to allege facts showing that Plaintiffs have no adequate remedy at law, and that the proposed relief

23   would impose an undue burden on both HSBC Mortgage and the Court and be so uncertain as to be

24   wholly unenforceable.

25          AS A FORTY-SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

26   Mortgage opposes class certification and disputes the propriety of class treatment.  If the Court

27   certifies a class in this case over HSBC Mortgage's objections, then HSBC Mortgage asserts the

28   affirmative defenses set forth herein against each and every member of the certified class.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                    25.                    Case No.  C 07 2446 MMC [ECF]

1    AS A FORTY-SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

2  Mortgage alleges that Plaintiffs' claim for relief under New York law may not proceed as a class

3  action by operation of New York Civil Practice Law and Rules § 901(b).

4    AS A FORTY-EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5  Mortgage alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because no deductions were

6  taken from "wages" already earned by any employee,.

7    AS A FORTY-NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

8  Mortgage alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because, assuming *arguendo*

9  that any deductions were taken from employees' wages, all deductions were authorized by the

10  employee in writing and did not reduce the agreed-upon wage.

11    AS A FIFTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC Mortgage

12  alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because, assuming *arguendo* that any

13  deductions were taken from employees' wages for any business loss, such loss was caused by a

14  dishonest, willful or grossly negligent act of the employee.

15    AS A FIFTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

16  Mortgage alleges that Plaintiffs' Ninth, Tenth and Eleventh Claims fail because any reductions in

17  commissions occurred as a result of the employee not meeting contractual conditions precedent for

18  earning commissions.

19    AS A FIFTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

20  Mortgage alleges that all or some of Plaintiffs' claims are barred for failure to exhaust the requisite

21  administrative remedies.

22    AS A FIFTY-THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

23  Mortgage alleges that Plaintiffs were not entitled to payment of overtime premiums because HSBC

24  Mortgage at all times believed and acted in good faith that the employees were exempt from

25  overtime requirements pursuant to, but not limited to, 29 U.S.C. § 213 *et seq.* (excluding the

26  executive, professional, administrative and retail exemptions as specified in the Court's March 19,

27  2008 Order Granting In Part and Denying In Part Plaintiffs' Motion for Conditional Certification,

28  For Production, and For Partial Summary Judgment; Directions to Parties; Vacating Hearing), the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT                    26.                    Case No.  C 07 2446 MMC [ECF]

1    California Labor Code, the provisions of the California Industrial Welfare Commission's wage

2    orders, New Jersey State Wage and Hour Law and New Jersey written administrative regulations,

3    orders, rulings or approvals and interpretations, and New York Labor Law.

4         AS A FIFTY-FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, HSBC

5    Mortgage alleges that Plaintiffs' claims under New Jersey state law are barred, in whole or in part,

6    because there is no private right of action for some or all of the relief sought.

7                              **PRAYER FOR RELIEF**

8         WHEREFORE, HSBC Mortgage prays for judgment from this Court as follows:

9         1.    Plaintiffs take nothing by this action;

10        2.    That the Complaint be dismissed with prejudice and that judgment be entered

11   against Plaintiffs and in favor of HSBC Mortgage on each of Plaintiffs' causes of action;

12        3.    That Plaintiffs be ordered to pay HSBC Mortgage's costs and attorneys' fees,

13   including, but not limited to, costs and attorneys' fees provided under California, New Jersey and/or

14   New York law; and

15        4.    Such other and further relief as the Court deems appropriate and proper.

16   Dated: September 11, 2008

17

18                                   _/s/ Michelle R. Barrett_____
                                     MICHELLE R. BARRETT
19                                   LITTLER MENDELSON
                                     A Professional Corporation
20                                   Attorneys for Defendants
                                     HSBC MORTGAGE CORPORATION (USA)
21                                   and HSBC BANK USA, N.A.

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**HSBC MORTGAGE'S ANSWER TO
SECOND AMENDED COMPLAINT**    27.    **Case No. C 07 2446 MMC [ECF]**