IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WONG, et al., | No. C-07-2446 MMC |
|     Plaintiffs, | **ORDER GRANTING IN PART AND IN PART DEFERRING RULING ON DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11(C) SANCTIONS** |
| v. | |
| HSBC MORTGAGE CORPORATION (USA), et al., | |
|     Defendants | |

    Before the Court is defendants' "Motion for Administrative Relief to File Under Seal Exhibits in Support of Defendants' Motion for Rule 11(c) Sanctions," filed September 5, 2008.

    Having read and considered defendants' motion and supporting declaration, the Court hereby GRANTS in part, and in part DEFERS ruling on, the motion, as follows:

    1. To the extent defendants seek to file under seal the following documents, the motion is GRANTED, and the Clerk is directed to file such documents under seal:

        a. Exhibit A to the Declaration of Ronald Lord; and

        b. Exhibits F and G to the Declaration of Michelle R. Barrett.

//
//

      2. To the extent defendants seek to file under seal the following documents, the Court hereby DEFERS ruling on the motion:

          a. Exhibits A through G to the Declaration of Jeannette Jennings; and

          b. Exhibit A to the Declaration of Henry Yip.

Such exhibits consist of copies of various written policies of defendants made available to defendants' employees. In their motion for sanctions, defendants quote from and/or paraphrase statements contained in each such exhibit. (See, e.g., Defs.' Mot. for Rule 11(c) Sanctions at 2:27-28, 4:16-19, 4:19-22, 5:16-19, 5:26-28.) As a result, the entirety of each such exhibit is not properly filed under seal. See Civil L.R. 79-5(a) (providing request to file document under seal "must be narrowly tailored to seek sealing only of sealable material"). Moreover, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law," see Civil L.R. 79-5(a), and defendants have made no such showing as to any portion of such exhibits; instead, defendants assert, in a conclusory manner, that each such exhibit is "confidential." (See Barrett Decl. ¶¶ 2, 3.) Rather than direct the Clerk to file such exhibits in the public record, however, the Court will afford defendants leave to (1) file in the public record redacted versions of each such exhibit, and (2) file a supplemental declaration stating why any portions thereof not filed in the public record are "privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). Any such additional support shall be filed no later than September 23, 2008.

      **IT IS SO ORDERED.**

Dated: September 16, 2008

                                      MAXINE M. CHESNEY
                                      United States District Judge