1  Donald H. Nichols, MN State Bar No. 78918
   (admitted **pro hac vice**)
2  Paul J. Lukas, MN State Bar No. 22084X
   (admitted **pro hac vice**)
3  Tim C. Selander, MN Bar No. 0387016
   (admitted **pro hac vice**)
4  Adrianna S. Haugen, WI Bar No.1064788
   (admitted **pro hac vice**)
5  NICHOLS KASTER, PLLP
   4600 IDS Center
6  80 S. 8th Street
   Minneapolis, MN 55402

7  Bryan J. Schwartz, CA State Bar No. 209903
   Matthew C. Helland, CA State Bar No. 250451
8  NICHOLS KASTER, LLP
   One Embarcadero Center, Ste. 720
9  San Francisco, CA 94111

10 Attorneys for Individual and Representative Plaintiffs

        IN THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA

| Philip Wong, Frederic Chaussy, Leslie Marie Shearn, and Chad Barbiere, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:07-cv-2446 MMC<br><br>**DECLARATION OF BRYAN J. SCHWARTZ, ESQ., IN OPPOSITION TO DEFENDANTS' "MOTION FOR RULE 11(C) SANCTIONS"** |
|---|---|

1.  I am counsel for the Plaintiffs in this matter, over 18 years old, and competent to testify.

2.  I certify that **Exhibit 1** represents a true and correct copy of Defendants' letter to Plaintiffs, dated May 12, 2008.

3.  I certify that **Exhibit 2** represents a true and correct copy of Defendants' April 8, 2008 Request For Production of Documents to Plaintiff Wong, Set II.

DECLARATION OF BRYAN J. SCHWARTZ, ESQ.
WONG, ET AL. V. HSBC MORTGAGE CORP., ET AL.,
07-2446 MMC

4. I certify that **Exhibit 3** represents a true and correct copy of the undersigned's May 13, 2008 email on Plaintiffs' behalf to Defendants' counsel, Michelle Barrett of Littler Mendelson, "Subject: Wong, et al. v. HSBC Mortgage Corp, et al; privilege log forthcoming."

5. I certify that **Exhibit 4** represents a true and correct copy of the undersigned's April 9, 2008 email on Plaintiffs' behalf to Defendants' counsel, Ms. Barrett, George Tichy, and Justin Curley of Littler Mendelson, "Subject: Wong v. HSBC; Return of Privileged Information Inadvertently Disclosed."

6. I am informed and believe that, on or about September 5, 2008, the same day Defendants presented their sanctions Motion to the Court, Nichols Kaster, LLP, in San Francisco, received a copy of Defendants' Motion with exhibits. Plaintiffs' counsel has retained copies of all communications sent to or received from clients in this matter, and has not destroyed or requested destruction of any, without copies being preserved.

7. Defendants requested all HSBC-related documents in the Plaintiffs' possession, and Plaintiffs agreed to produce such, other than documents which are subject to the attorney-client and attorney work product privileges. Upon information and belief, Plaintiffs have produced all such documents.

8. Alleged retaliation against Plaintiff for his wage complaint, whether or not to engage the representation of Nichols Kaster & Anderson, LLP (now called Nichols Kaster, LLP), and whether Defendants were acting properly with respect to Family and Medical Leave requested by Mr. Wong encompass a tiny fraction of the communications between counsel and Plaintiff Wong regarding this wage/hour case. I have been engaged in dozens of communications with Mr. Wong regarding this case which did not relate, in any manner, to the aforementioned subjects, since the latter are peripheral to the central issue in this case: whether Defendants' loan officers were misclassified.

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC

9. To avoid extraordinary inconvenience of the type that Defendants have caused through their frivolous motion, the undersigned will in the future seek to avoid communicating on employers' email accounts, to avoid any malicious efforts to discover privileged information, and more commonly, inadvertent disclosure – just as the undersigned has typically done in this case and in the past. Of hundreds of communications with clients in this matter, only a small handful occurred on work email. On the other hand, to the extent that lapses occur in the future, **i.e.**, clients communicate with the undersigned or other employees of this firm via work email, or vice versa, the undersigned will once again instruct such clients to delete these privileged communications, to protect the attorney-client and attorney work product privileges, and to avoid the possibility of inadvertent disclosure.

10. Notwithstanding the December 28, 2007, 2:28 p.m., attorney-client privileged email, between Wong and the undersigned (Lord Dec., Exh. A, pp. 29-30 (Dkt. #184-3)), in which Plaintiff appears to indicate that he believed he had sent a fax to counsel regarding "ytd funding numbers," the undersigned, upon information and belief, never received such information from Plaintiff Wong. As such, this information, which Mr. Wong no longer possesses (upon information and belief), and which was discussed in the context of evaluating a reprisal claim by Mr. Wong which was never brought, was not produced in discovery.

11. The undersigned's recognition that communications via work email might lead to inadvertent disclosure led him to advise Mr. Wong to begin using only personal email for communications.

12. The undersigned never thought or believed that any emails conducted via work email waived privilege automatically, but, in an abundance of caution, took reasonable steps to protect privileges from being breached.

Declaration of Bryan J. Schwartz, Esq., C 07-2446 MMC

13. Without having statistical or expert data on point, the undersigned's experience suggests that virtually every client, co-worker, and friend whose work email permits sending to and receiving from outside parties **does** have personal communications from time to time on this email system, which he or she does not expect to be read by non-addressees at the employer.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: 9/19/08

Bryan Schwartz