# EXHIBIT 1



MAY 1 5 2008

May 12, 2008

Michelle R. Barrett
Direct: 415.677.4089
Direct Fax: 415.743.6618
mbarrett@littler.com

**VIA PDF AND U.S. MAIL**
Bryan J. Schwartz, Esq.
Nichols Kaster & Anderson, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111

Re: **Philip Wong, et al. v. HSBC Mortgage Corp., et al.**
**USDC Action No. C 07-2446 MMC**
- *Second Letter re Plaintiff Wong's Failure to Provide Objections and/or Responses to Defendant HSBC Mortgage Corporation (USA)'s Request for Production of Documents, Set Two*
- *Defendant HSBC Mortgage Corporation (USA)'s Meet and Confer Letter*

Dear Bryan:

Please be advised that neither George Tichy nor I received any responses to Defendant HSBC Mortgage Corporation (USA)'s Request for Production of Documents, Set Two prior to my earlier letter to you today. Further, I have sent out an email inquiry to everyone located in Littler Mendelson's San Francisco, San Jose and Walnut Creeks offices to determine if anyone else had erroneously received these responses. Nobody has notified me that they received these responses.

We are, however, in receipt (via email) of Plaintiff Wong's responses to these Requests dated today, May 12. Contrary to your assertion, a late response to a Rule 34 request does, in fact, waive all objections to the request. *See, e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). As such, any objections to the Request are inappropriate.

Further, your reference to Defendant HSBC Mortgage Corporation's responses to Plaintiffs' discovery requests is misplaced. As you will recall, when Plaintiffs propounded their requests, Defendant timely interposed a number of objections to the discovery requests. Here, the situation is different, as Plaintiff failed to either object to the requests in a timely manner or to provide any responses by the May 7 deadline.

Bryan J. Schwartz, Esq.
May 12, 2008
Page 2

Given your statement that you "have no intention of providing the material requested," as well as your belated discovery responses, which indicate the same, this letter should be considered as Defendant HSBC Mortgage Corporation's attempt to meet and confer with Plaintiff regarding this matter.

It is Defendant's position that Plaintiff Wong waived the attorney-client privilege with respect to all email communications with your firm when he communicated with you and/or any other representatives from your firm using the Company's computer network and email system. While the attorney-client privilege protects communications between a client and his attorney for the purpose of obtaining or providing legal advice, it is critical that any such communication be made in confidence and under circumstances ensuring that the communications will remain in confidence. See, e.g., In re Qwest Communications Intern. Inc., 450 F.3d 1179, 1185 (11th Cir. 2006). Without such circumstances, the privilege will not attach to the communications.

As you are aware, Plaintiff Wong signed a number of documents indicating his understanding of and his agreement to abide by a number of policies, including the Electronic Monitoring Policy and the E-mail Policy, both of which indicate that his communications using these systems were not confidential. These policies were attached to the Motion for Sanctions filed at the end of April. Moreover, as you know, each time Plaintiff Wong logged onto the work computer system, he was warned, in the "Notice to Users," that his communications were not confidential and that by continuing to use the system, he was acknowledging his awareness of this and was consenting to have his communications monitored, disclosed or otherwise reviewed. Similar to the policies, a copy of this notice was attached to the Motion for Sanctions.

Given the fact that Plaintiff Wong communicated with you knowing his communications were not confidential, it is clear that no privilege applies to these communications and that a broad waiver of the privilege has occurred. See, e.g., Scott v. Beth Israel Med. Ctr. Inc., 2007 WL 3053351 (N.Y. Sup. Ct. Oct. 17, 2007); Long v. Marubeni America Corp., 2006 WL 2998671, at *3 (S.D.N.Y. Oct. 19, 2006); Kaufman v. SunGuard Inv. System, 2006 WL 1307882, at *4 (D. N.J. May 10, 2006). It is also clear that you understood that Plaintiff Wong had no expectation of privacy with regard to his email communications over the work email system, as you directed Plaintiff to delete emails between the two of you and to switch to using his personal email account. Interestingly, despite this knowledge, you continued to communicate with and to provide legal advice to Plaintiff Wong on later dates via the work email system. As such, any argument related to inadvertent disclosure does not apply in this situation.

Bryan J. Schwartz, Esq.
May 12, 2008
Page 3

Further, it is clear that Plaintiff Wong also waived the privilege by sharing your communications with other individuals who were not represented by your firm at the time. Plaintiff Wong's forwarding of these communications to others demonstrates that he had no intention of preserving confidentiality with regard to the communications.

Here, the scope of the attorney-client privilege waiver must be broadly interpreted to include not just the particular email communications of which Defendant is aware, but also to all other communications that may have occurred between Plaintiff Wong and your firm—whether in person, via telephone, or other written form, including other email communications using other email addresses. *See Sony Computer Ent. Am., Inc. v. Great American Insurance Co.*, 229 F.R.D. 632, 635 (N.D. Cal. 2005) (scope of the privilege waiver includes the contents of the e-mail and any follow-up discussions between counsel and the client regarding the subjects discussed in the e-mail). Given that the initial e-mails between Plaintiff Wong and you covered all of the employment practices alleged to be unlawful in this lawsuit, a waiver applies as to any follow up communications regarding those issues. *See, e.g., In re Seagate Tech., LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007); *Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 23 (9th Cir. 1981); *Aclara Biosciences v. Caliper Techs. Corp.*, 2000 U.S. Dist. LEXIS 10585 at *12 (N.D. Cal. 2000).

Case law clearly supports that a broad waiver of the privilege has occurred here and that Plaintiff Wong's failure to timely respond to Defendant's Request, Set Two waives any and all objections to the Request. As such, Plaintiff Wong must provide Defendant with responses to Request, Set Two reflecting that he will provide responsive documents and then actually provide the responsive documents. We ask that Plaintiff Wong provide us with these by no later than close of business on Friday, May 16, 2008.

Finally, as you are aware, the parties have repeatedly discussed Defendants' request that Plaintiff Wong be produced to give further deposition testimony so that Defendants can close out Plaintiff Wong's deposition. In fact, we met in person in your offices to discuss this matter on March 14, 2008. At that meeting, you again stated that you would be unwilling to produce Plaintiff Wong for additional deposition testimony and that you agreed that the matter was ripe for presentation to Magistrate Spero. As such, we will move forward to compel Plaintiff Wong's appearance for further deposition testimony. However, given that any further deposition of Plaintiff Wong will include questions regarding his communications with your firm, please also be advised that we will wait to file such a motion until such

Bryan J. Schwartz, Esq.
May 12, 2008
Page 4

time as we can determine if the parties' meet and confer efforts regarding the privilege issue are fruitful.

Like you, we regret that Defendant has been forced to pursue this information. While we believed the parties were working together in good faith, it is clear from Plaintiffs' actions, as well as your instructions to Plaintiff Wong to destroy emails, that we can no longer assume this to have been the case. As such, Defendant must engage in efforts to protect its interests and rights in this litigation.

Very truly yours,

/s/ Michelle R. Barrett

Michelle R. Barrett

Firmwide:85183434.1 023404.1043