# EXHIBIT 3

**Schwartz, Bryan**

| | |
|---|---|
| **From:** | Schwartz, Bryan |
| **Sent:** | Tuesday, May 13, 2008 12:30 PM |
| **To:** | 'Barrett, Michelle R.' |
| **Cc:** | Honkanen, Melissa; Lukas, Paul |
| **Subject:** | Wong, et al, v. HSBC Mortgage Corp, et al; privilege log forthcoming |

| | |
|---|---|
| **Categories:** | Purple Category |

Michelle:

We are still working diligently to finish a privilege log to go with our discovery responses to your document requests seeking all of our attorney-client and work-product privileged communications with our client, Mr. Wong – the very obvious privileges which I unambiguously asserted and sought to protect in my email to you dated April 9, 2008, requesting immediate return of all inadvertently disclosed communications, and which I again noted during our May 2, 2008 hearing with Judge Chesney.

As was the case when you were months late providing employee lists you had agreed to produce according to a specific timeframe in a stipulation before the Magistrate -- when I without hesitation extended you professional courtesies repeatedly -- we are experiencing some technical difficulties, and will require your patience and professional courtesy regarding this very brief, unintended delay in finalizing a privilege log.

If, instead, you intend to continue asserting that our privilege objections were waived based on this extremely brief and non-prejudicial delay, I will of course raise with the Magistrate the many many times we have extended you and your client professional courtesy throughout these proceedings, with your extraordinarily delayed discovery responses.

Of course, this notion of waiver based on the very brief delay is also contrary to 9th Circuit and N.D. Cal. precedent. **See, e.g., Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,** 408 F.3d 1142, 1147-1150 (9th Cir. 2005) (noting that waiver of privilege is not automatic, and that, inter alia, "the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues."); **Hardeman v. Amtrak/Caltrain R.R.,** 2006 WL 1156395 (N.D.Cal.) (Illston, J.) ("[T]he discovery rules do not automatically require waiver upon a party's failure to object. [citation] The Ninth Circuit has rejected a *per se* rule that privileges are waived if a party fails to respond within the 30 day period."), **citing Burlington; E.E.O.C. v. Safeway Store, Inc.,** 2002 WL 31947153, **2-3 (N.D.Cal. 2002) (Chen, Magistrate Judge) ("Finding that a party has waived its right to assert a privilege objection due to its conduct (or lack thereof) is a harsh sanction utilized where that party has unjustifiably delayed discovery.").

If you have, in fact, completely abandoned professional courtesy in these proceedings, by continuing to assert a waiver of the most well-recognized privileges based on a delay of three business days in serving our captioned discovery responses reiterating our asserted privileges, please let me know by tomorrow, and we will notify the Magistrate and take responsive action accordingly. Otherwise, we will presume that you have extended us some bit of the sort of professional courtesy that we have continuously extended to you and your client throughout these proceedings, and will serve the privilege log as soon as we have been able to complete it.

Bryan Schwartz

the **Voice** for employees®

**Nichols Kaster & Anderson**, LLP

| | |
|---|---|
| **Bryan Schwartz**<br>Attorney | One Embarcadero Center<br>Suite 720<br>San Francisco, CA 94111 |
| 415.277.7236 direct<br>415.277.7238 fax<br>877.777.0622 main | **schwartz@nka.com | bio**<br>**nka.com**<br>**overtimecases.com** |

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

2