# EXHIBIT 4

## Schwartz, Bryan

| | |
|---|---|
| From: | Schwartz, Bryan |
| Sent: | Wednesday, April 09, 2008 11:54 AM |
| To: | 'Barrett, Michelle R.'; 'Tichy, George J.'; 'Curley, Justin T.' |
| Subject: | Wong v. HSBC; Return of Privileged Information Inadvertently Disclosed |

**Michele, Justin, and George,**

Plaintiffs have just become aware of the inadvertent disclosure of privileged information (including but not limited to the documents entitled MORT 3215-3218, 3241-3246). **Plaintiffs do not waive any attorney-client, work product, or other privileges that apply to these documents, and seek prompt return all documents which reflect or contain communications between myself and/or any other employee of my firm with Philip Wong, Frederic Chaussy, and/or any other HSBC employee or former employee who is a Plaintiff, opt-in Plaintiff, or putative class member in the Wong, et al., v. HSBC Mortgage Corporation (USA) case.**

Under Fed.R.Civ.P. 26(b)(5)(B), after being notified of an inadvertent disclosure of privileged information, "a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim." "Once a party claims the attorney-client privilege, the communication sought to be suppressed is presumed confidential." La Jolla Cove Motel and Hotel Apartments, Inc., v. Superior Court, 121 Cal.App.4th 773, 791 (2004), citing Cal.Evid.Code, § 917.

Both the attorney-client privilege and the attorney work product doctrine are interpreted broadly in this Circuit and in this State (In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir.2004); Roberts v. City of Palmdale, 5 Cal.4th 363, 371, 20 Cal.Rptr.2d 330, 853 P.2d 496 (1993)), so we urge you to tread cautiously in this area, so as not to violate the ethical obligations we all share. In particular, the rules of professional responsibility which apply to all of us preclude your searching intentionally to discover information in our clients' email accounts, when you know the information is subject to an asserted or very likely attorney-client or work-product privilege. Such would include all communications between this firm's clients and myself. I note that the ABA's Standing Committee on Ethics and Professional Responsibility, "Formal Opinion 92-368: Inadvertent Disclosure of Confidential Materials (1992)," makes clear that counsel should not seek to review information it has reason to believe was inadvertently disclosed.

Please return the inadvertently disclosed information promptly to my office listed below. Thank you for your prompt attention to this matter.

Bryan Schwartz

---

the **Voice** for employees

**Nichols Kaster & Anderson** LLP

| | |
|---|---|
| Bryan Schwartz | One Embarcadero Center |
| Attorney | Suite 720 |
| | San Francisco, CA 94111 |
| 415.277.7236 direct | schwartz@nka.com | bio |
| 415.277.7238 fax | nka.com |
| 877.777.0622 main | overtimecases.com |

1

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.