GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone:   (415) 433-1940
Facsimile:   (415) 399-8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) and
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**<br><br>Hearing Date:   October 10, 2008<br>Time:   9:00 A.M.<br>Courtroom:   7 (19th Floor)<br><br>Complaint Filed:   May 7, 2007 |

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendants HSBC Mortgage Corporation (USA) and HSBC Bank USA, N.A. (collectively "Defendants") respectfully request the Court to take judicial notice of (1) the article entitled "HSBC Seeks Sanctions in Overtime Case," which is attached as Exhibit 1; and (2) the Ninth Circuit's order granting discretionary interlocutory review of *In Wells Fargo Home Mortgage Overtime Pay Litigation*, 527 F. Supp. 2d 1053, which is attached as Exhibit 2.

## II. LEGAL ARGUMENT

A court *must* take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d). Judicial notice is appropriate for any fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### A. The Court Should Grant Judicial Notice of the Article Attached as Exhibit 1.

The Ninth Circuit has held that information in newspaper articles may be judicially noticed. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995). In *Ritter*, the court held that a district court properly exercised its discretion in taking judicial notice of facts in a newspaper article regarding layoffs at a company. *Id.*; *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999) (taking judicial notice of "information contained in news articles submitted by the defendants"). Courts have also judicially noticed articles published online and other web pages as such sources may be easily verified. *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (granting request to take judicial notice of pages from the websites of Amazon.com and the American Academy of Allergy Asthma & Immunology).

The article that Defendants bring to the Court's attention is relevant to the named Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23 because the article contains statements by the named Plaintiffs' counsel that demonstrate he cannot adequately represent the absent putative class members in this litigation. Not only did Mr. Schwartz instruct Plaintiffs Wong and Chaussy to steal confidential financial information regarding their coworkers and clients and to destroy evidence, but he also told the media that he "would do it again," failing to recognize

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REQUEST FOR JUDICIAL NOTICE
ISO OPP. TO RULE 23 CERT MOTION

1

Case No. C 07 2446 MMC [ECF]

that his actions were unethical.[1] Erin Fuchs, *HSBC Seeks Sanctions in Overtime Case*, Law 360 (Sept. 8, 2008), at http://www.law360.com/articles/68496. This article is appropriate for judicial notice under Rule 201(b) because it is (1) published online, and thus easily verifiable; and (2) published in a reliable source whose accuracy cannot reasonably be questioned as that source is an accepted journal relied upon by practitioners throughout the nation. *See* http://www.law360.com/about (last accessed on Sept. 17, 2008) (noting that Law 360 is the "only news source that covers the entire spectrum of practice areas every single day" and that Law 360 is read by 79% of employment law practitioners at top law firms).

Faced with a similar request for judicial notice, the court in *United States ex rel. Marchese v. Cell Therapeutics, Inc.*, 2007 U.S. Dist. Lexis 65952 (W.D. Wash. Sept. 6, 2007), granted the request. A party had requested judicial notice of an article in the *New York Times* that regarded the case and contained statements by counsel for the other party. *Id.* The court explained, "[b]ecause Mr. Winn is counsel of record in this case, press statements attributed to him regarding this case are capable of accurate and ready determination by resort to Mr. Winn himself, who has not challenged the accuracy of his statements in the article." Numerous courts have found newspaper articles appropriate for judicial notice. *Heliotrope, supra*, 189 F.3d at 981 n. 18; *Ritter, supra*, 58 F.3d at 458-59; *Wible v. Aetna Life Ins. Co., supra*, 375 F. Supp. 2d at 965-66; *see also Ieradi v. Mylan Lab., Inc.*, 230 F.3d 594, 598 n. 2 (3d Cir. 2000) (taking judicial notice of a newspaper article); *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1356 n. 12 (3d Cir. 1994) (taking judicial notice of newspaper accounts).

As in *United States ex rel. Marchese*, the published article attached as Exhibit 1 contains admissions by Plaintiffs' counsel that are capable of accurate and ready determination by resort to Mr. Schwartz himself. The article contains statements attributed to Mr. Schwartz that demonstrate he is an inadequate counsel for absent putative class members. Judicial notice of a published article is proper.

---

[1] For a more thorough discussion of Mr. Schwartz's actions, which precipitated the *Law 360* article and his comment, please see Defendants' Motion for Rule 11 Sanctions, which is on file with this Court, Docket # 184.

B. **The Court Should Grant Judicial Notice of the Ninth Circuit Order Attached as Exhibit 2.**

Under Rule 201(b), courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents filed in a related district court case); *see also Bennett v. Medtronio, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002) ("We 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue'") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of pleadings filed in a related state court action).

The order attached as Exhibit 2 is part of the docket for *In Wells Fargo Home Mortgage Overtime Pay Litigation*, Northern District of California Case No. 06-1770 MHP. (Docket #126.) It is an official act of a government agency and a matter of public record.. Therefore, the order is certainly capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

III. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court to take judicial notice of these relevant documents.

Dated: September 19, 2008

                                     */s/ Michelle R. Barrett*
                                     MICHELLE R. BARRETT
                                     GEORGE J. TICHY II
                                     MICHAEL F. MCCCABE
                                     KIMBERLY L. OWENS
                                     LITTLER MENDELSON
                                     A Professional Corporation
                                     Attorneys for Defendants
                                     HSBC MORTGAGE CORPORATION (USA)
                                     and HSBC BANK USA, N.A.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFS' REQUEST FOR JUDICIAL NOTICE
ISO OPP. TO RULE 23 CERT MOTION

3

Case No. C 07 2446 MMC [ECF]

# EXHIBIT 1

LAW360

Portfolio Media. Inc. | 648 Broadway, Suite 200 | New York, NY 10012 | www.law360.com
Phone: +1 212 537 6331 | Fax: +1 212 537 6371 | customerservice@portfoliomedia.com

# HSBC Seeks Sanctions In Overtime Case

By **Erin Fuchs**

Law360, New York (September 08, 2008) -- HSBC Mortgage Corp. moved Friday to sanction the plaintiffs' lawyer in an overtime, meal and rest period compensation and unlawful deductions suit, alleging that the lawyer directed a class representative to destroy evidence.

The company filed its motion for sanctions against Bryan Schwartz of Nichols Kaster & Anderson PLLP, in the U.S. District Court for the Northern District of California on the same day the plaintiffs filed for class certification.

HSBC alleges that Schwartz blocked the defendant's access to evidence about the case by instructing class representative Philip Wong to delete correspondence from his work e-mail.

The company's motion quotes the Model Rule of Professional Conduct, which prohibits any attorney from "unlawfully obstruct[ing] a document or other material having evidentiary value" or assisting another person to do so.

Shwartz contends that he instructed his client to delete e-mails in order to protect attorney-client privilege.

"I would do it again. There's nothing even vaguely unethical about it," he said. HSBC has "been losing consistently in this case, and they appear to be clutching at straws," he said.

Schwartz said he expects the motion for class certification to be granted.

The suit against HSBC was filed in May 2007 by mortgage lending consultants who claimed they were denied overtime and meal and rest period compensation.

Last month, plaintiffs amended the complaint to allege that HSBC has "a policy and practice of deducting from employees' wages uncollected loan application fees when loans are ultimately not funded by defendants" in violation of California, New York and New Jersey state law.

The lawsuit accuses HSBC of violating the Fair Labor Standards Act and breaching various California labor laws. The suit names HSBC Mortgage Corp., HSBC Bank USA, HSBC Holdings Inc. and 50 unidentified

individuals as defendants.

In its Friday motion, HSBC argued that Schwartz's client had implicitly waived his right to attorney-client privilege because he had no expectation of privacy on a work computer.

The motion said that each time HSBC employees log onto their computers, the following message appears: "Any or all uses of this system and all files and data on this system may be intercepted, monitored, recorded, copied, audited, inspected and disclosed to relevant authorities."

HSBC further alleges that Schwartz's request that his client delete correspondence from work e-mail suggests that the client has been mounting a case against HSBC "using company resources and time."

The company also moves to disqualify the class representative for allegedly violating company policies.

The suit claims that Schwartz solicited confidential information about Wong's coworkers. Schwartz denies the charge, saying that he only asked his client about his treatment compared to similarly situated coworkers.

The lawyer for HSBC did not immediately return a call Monday seeking comment.

The plaintiffs are represented in the matter by Nichols Kaster & Anderson PLLP. HSBC is represented by Littler Mendelson PC.

The case is Wong et al. v. HSBC Mortgage et al., case number 3:07-cv-02446, in the U.S. District Court for the Northern District of California.

--Additional reporting by Erin Marie Daly

All Content © 2003-2008, Portfolio Media, Inc.

# EXHIBIT 2

**FILED**

FEB 19 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON MEVORAH; et al., | No. 07-80188 |
| Plaintiffs - Respondents, | D.C. No. CV-06-01770-MHP<br>Northern District of California,<br>San Francisco |
| v. | |
| WELLS FARGO HOME MORTGAGE<br>OVERTIME PAY LITIGATION, | ORDER |
| Defendant - Petitioner. | |

Before: LEAVY and RYMER, Circuit Judges.

The motion of the Chamber of Commerce, et al., for leave to file an *amicus curiae* brief in support of petitioner is granted. The Clerk shall file the brief, received on November 13, 2007.

The court, in its discretion, grants the petition for permission to appeal the district court's November 15, 2007 orders granting class action certification. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) (per curiam). Within 10 days of this order, petitioner shall perfect the appeal in accordance with Federal Rule of Appellate Procedure 5(d).

07-80188

This appeal shall be heard with the appeal in *Vinole, et al., v. Countrywide Home Loans, Inc.*, petition no. 07-80203.