**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiffs' Unopposed Motion For Preliminary Approval of Settlement Between Plaintiffs and Defendant, filed June 20, 2008**

Pending before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Between Plaintiff and Defendant. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court DENIES Plaintiffs' Motion.

## I. BACKGROUND

### A. Complaint

On March 20, 2007, Plaintiffs Morgan Rivera, Cherry Phan and Elvia Gonzalez (collectively referred to as "Representative Plaintiffs") brought a fair labor standards action against their former employer, Solstice Capital Group Inc. ("Defendant" or "Solstice"). Plaintiffs allege that Solstice unlawfully failed to pay overtime wages, failed to timely pay wages owed upon separation from employment, failed to provide timely and accurate itemized wage statements, and failed to provide meal and rest periods. The Complaint alleges six causes of action: (1) violation of the Fair Labor Standard Act ("FSLA"), 29 U.S.C. § 207; (2) violation of Cal. Labor Code §§ 510, 1194 and 1198, and Industrial Welfare Commission ("IWC") Wage order No. 4, Cal. Code Regs. tit. 8, § 11040; (3) waiting time penalties under Cal. Labor Code §§ 201-203; (4) violation of Cal. Labor Code § 226; (5) failure to provide and/or authorize meal and rest periods; and (6) violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

B.    *Strich v. Solstice Capital Group, et al.*

On August 16, 2007, in a different class action lawsuit also against Defendant Solstice, *Strich v. Solstice Capital Group, et al.,* CV 05-8757 SGL (RZx), Judge Larson approved a final settlement agreement which encompassed the claims of loan consultants and loan processors at least through December 31, 2005. Defendant allegedly informed Plaintiffs that it had reclassified all the positions at issue as "non-exempt," effective January 1, 2006, so the claims after this date were limited or non existent. (Motion at 4, citing Schwarz Dec. ¶ 10; Settlement and Release at 3.) Defendant maintains that it is now assiduously tracking meal and rest periods, thus limiting claims for meal and rest period premiums. (Schwarz Dec. ¶ 11.)

C.    Procedural Facts

The parties in this action reached a settlement agreement on December 12, 2007, and on January 3, 2008, filed a Joint Motion for Preliminary Approval of Settlement and Joint Stipulation of Settlement and Release. The Court struck the motion on January 9, 2008 for failure to submit a memorandum of points and authorities. On April 29, 2008, Plaintiffs filed a Motion for Settlement Approval of Unopposed Motion for Final Approval of Settlement Between Plaintiffs and Defendant. On May 5, 2008, the Court struck this motion as well, this time because the elected hearing date was closed. The Court did not address the fact that Plaintiffs must file a motion for *preliminary* approval before filing a motion for *final* approval.

On May 5, 2008, Plaintiffs re-filed their Motion for Settlement Approval of Unopposed Motion For Final Approval Of Settlement Between Plaintiffs and Defendant. The Court held a hearing on the matter, and Plaintiffs informed the Court that the parties had interpreted docket entry No. 47 to mean the Court had granted preliminary approval of their settlement agreement.[1] Based on Plaintiffs' mistaken interpretation, between January 17, 2008 and February 2, 2008, Plaintiffs mailed notices to a list of class members at their most

---

[1]Docket No, 47 indicates that the parties **lodged** a proposed order granting Preliminary Approval of Stipulation of Settlement. However, there is no signed order or minute order showing the Court granted the parties' requested approval. In fact, the docket shows that the Court **struck** Plaintiffs' motions for preliminary and final approval of the settlement.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

recent known addresses, provided by Defendant. (Motion at 3, fn. 1.)[2] On March 7, 2007, Plaintiffs re-sent notice to certain individuals at new addresses, as reflected in the National Change of Address database. (Id.) According to Plaintiffs, as of June 20, 2008, no one class member has opted out or objected to the settlement. (Schwartz Dec.).

    D.    <u>The</u> <u>Proposed</u> <u>Classes</u>

    Plaintiffs now seek certification of two classes based on the unlawful action of failure to pay overtime and provide meal and rest time breaks. Plaintiffs are members of both proposed classes. The first class ("FLSA Collective Class"), an "opt-in" class based on willful violations of the FLSA, inlcudes:

> All employees of Defendant who were, are, or will be, employed in the State of California as loan processors, credit managers, loan consultants, account executives, funders, and post closers within the United States at any time four years of the filing of this Complaint to the final disposition of this case.

(Comp. ¶ 13.)

    The second class ("Rule 23 Class"), a Rule 23 "opt-out" class based on the state law violations under the California Labor Code and Bus. & Prof. Code § 17200, *et seq.*, includes:

> All persons who are or have been employed by Defendant as loan processors, credit managers, loan consultants, account executives, funders, and post closers within the United States at any time three years prior to the filing of this Complaint, to the final disposition of this case.

(Comp. ¶ 19.

---

    [2]Plaintiffs in their papers do not acknowledge that they read the docket incorrectly, and instead state that they "mailed the notice ***approved by the Court*** to the entire class list . . ." (Motion at 3, fn. 3) (emphasis added). As discussed at the hearing, the Court never approved or even assessed Plaintiffs' proposed notice to the class, since it struck Plaintiffs' motion for preliminary approval.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

II.  <u>PRELIMINARY CLASS CERTIFICATION FOR THE PURPOSE OF SETTLEMENT</u>

    A.  <u>Certification of the FLSA Collective Class</u>

        *1.  Fair Labor Standards Act*

The FLSA permits employees to collectively sue an employer under § 216(b), which states:

> An action to recover liability . . . may be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

The FLSA provides a right of action to an employee against his or her employer when the employer fails to pay overtime wages, fails to provide lawful meal or rest breaks, or provides inaccurate wage statements. *See* 29 U.S.C. §§ 203, 207, 226. Such an employee may also bring a "collective action," which is a type of class action, on behalf of similarly situated employees who opt-in to the suit by filing a consent in writing with the court. 29 U.S.C. § 216(b); *see also Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). Employees who do not opt-in by filing a written consent are not bound by the outcome of the collective action and may bring a subsequent private action. *EEOC v. Pan Am. Work Airways, Inc.,* 897 F.2d 1499, 1508 n. 11 (9th Cir. 1990). The district court may authorize the named FLSA plaintiffs to send notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit. *Pfohl v. Farmers Ins. Group,* 2004 WL 554834, *2 (C.D.Cal. 2004) (citing *Advanced Textile Corp.*, 214 F.3d at 1064). Determining whether a collective action is appropriate is within the discretion of the district court. *Ray v. Motel 6 Operating*, 1996 WL 938231, **2-3 (D.Minn. 1996).

        *2.  Similarly Situated*

Plaintiffs request conditional certification of the FLSA Collective Class. To certify a FLSA collective action, the court must evaluate whether the proposed lead plaintiffs and the proposed collective action group are "similarly situated" for purposes of § 216(b). *Wynn v. National Broadcasting Co., Inc.,* 234 F.Supp.2d 1067, 1081 (C.D.Cal. 2002). Plaintiffs bear the burden of making this showing. *Pfohl,* 2004 WL 554834 at *2. The FLSA does not define the term "similarly situated," and the Ninth Circuit has not ruled on this issue. *See id.* However, courts have generally followed one of two approaches to make this determination.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

Under the first approach, the court evaluates the FLSA collective action in terms of Rule 23's class certification requirements. *Kane v. Gage Merchandising Services, Inc.*,138 F.Supp.2d 212, 214 (D.Mass. 2001) (citing *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

Under the second approach, followed by the majority of courts, the district court applies a two-step approach involving initial notice to prospective plaintiffs followed by a final evaluation whether such plaintiffs are similarly situated. *See Pfohl,* 2004 WL 554834 at *8. At the notice stage, the court makes a decision based on the pleadings and any affidavits that have been submitted, as to whether the class should be certified. *Wynn,* 234 F.Supp.2d at 1082. "Due to the minimal evidence at the court's disposal, this determination is made based on a fairly lenient standard, and typically results in a 'conditional certification of a representative class.' *Id.* (citing *Mooney,* 54 F.3d at 1213-14). Courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001) (internal quotations omitted). After discovery is largely complete, the court makes the second determination, usually on a motion for decertification by the defendant. *Id.* At this stage, the court has much more evidence on which to base its decision, and makes a factual determination on whether the opt-in plaintiffs are similarly situated. *Mooney*, 54 F.3d at 1214. The court may weigh several factors, including: "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear [ ] to be individual to each plaintiff, and (3) fairness and procedural considerations." *Pfohl,* 2004 WL 554834 at *2 (citing *Thiessen,* 267 F.3d at 1103).

According to Plaintiffs, twelve individuals, aside from the three Representative Plaintiffs, have consented to join in the FLSA Collective Class and stipulate to settlement. (Joint Stipulation, Ex. A.) Despite this stipulation, Plaintiffs have failed to address, under either of the two approaches outlined above, whether the individuals in the proposed collective action group are "similarly situated" to the Representative Plaintiffs. That Plaintiffs have failed to produce any evidence of similarity precludes class certification. *See Hipp,* 252 F.3d at 1219. The Court therefore DENIES conditional certification of the FLSA Collective Class at this time.

Given that the majority of courts have adopted the two-tiered analysis, the Court advises Plaintiffs that it will proceed under this analysis for any future requests for conditional certification of the class. Furthermore, Plaintiffs should take into consideration that determining whether proposed class members are similarly situated is fact specific. *See Wynn,* 234 F.Supp.2d at 1082. In making this determination, courts look at several factors,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|----------|----------------------|------|-----------------|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

including: (1) whether there is evidence that the alleged activity was part of an institution wide practice; (2) the extent of the similarities among the members of the proposed collective action, in particular whether the members all are challenging the same employment practice; and (3) the extent to which the members of the proposed action will rely on common evidence. *Trinh v. JP Morgan Chase & Co.,* 2008 WL 1860161, *3 (S.D.Cal. 2008) (citing *Hyman v. First Union Corp.*, 982 F.Supp. 1, 3-5 (D.D.C. 1997)). Plaintiffs bear the burden of making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage a defendant's affidavits to the contrary. *Hipp v. Nat'l Liberty Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see also Trinh,* 2008 WL 1860161, *3 (denying condition certification where plaintiffs simply state that plaintiffs and members of the putative class had essentially the same job description and training and were compensated in the same manner).

    B.    <u>Certification of the Rule 23 Class</u>

A court may certify a class if a plaintiff has met all the prerequisites of Rule 23(a), and that at least one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The burden lies with Plaintiff to establish that the Rule 23(a) and Rule 23(b) requirements have been met. *Zinser v. Accufix Research Inst., Inc.*., 253 F.3d 1180, 1186 (9th Cir. 2001).

Under Rule 23(a), a plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members individually is "impracticable"; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative are typical of the claims or defenses of the class; and (4) the class representative will fairly and adequately protect the interests of all members of the class. Fed. R. Civ. P. 23(a).

With respect to the first prerequisite, Plaintiffs must show that a class must be so numerous "that joinder of all members is impracticable." Fed. R. C. P. 23(a)(1). To fulfill the commonality prerequisite of Rule 23(a)(2), Plaintiffs must establish that there are questions of law or fact common to the class as a whole. The Ninth Circuit has construed Rule 23(a)(2) permissively. *See Staton*, 327 F.3d at 953. Individual variation among plaintiffs' questions of law and fact does not defeat underlying legal commonality, because "the existence of shared legal issues with divergent factual predicates is sufficient" to satisfy Rule 23. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). Under Rule 23(a)(3), the claims of the representative plaintiff must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). The Ninth Circuit does not insist "that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|---|---|---|---|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

from the same, injurious course of conduct." *Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir. 2001) (*citing Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992)). Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

If all four prerequisites of Rule 23(a) are satisfied, a plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b)

Here, Plaintiffs have failed to address, much less establish, that they have met the requirements of Rule 23(a) and (b). Accordingly, the Court DENIES conditional certification of the Rule 23 Class at this time. For any future requests for conditional certification of the Rule 23 Class, Plaintiffs are advised that they should throughly brief whether they have satisfied these requirements.

The Court further advises Plaintiffs that under no circumstances will the Court give preliminary or final approval of class certification that relied on the notices previously sent to Class Plaintiffs. The Court does not find it appropriate to retroactively approve these notices given that they were insufficient in many respects. Most glaringly, the Notices of Settlement incorrectly informed the recipients that "the Court has given the class and settlement preliminary approval . . . ." (Joint Stipulation, Ex. D at 4.) This alone warrants denial.

Because the Court denies conditional certification of the Class at this time, it does not address whether the terms of the parties' proposed Settlement Agreement are "fair, reasonable, and adequate" under Fed. R. Civ. P. 23(e)(1)(C).

## III.    CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Between Plaintiffs and Defendant.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1852 PSG (VBKx) | Date | August 21, 2008 |
|----------|----------------------|------|-----------------|
| Title | Morgan Rivera, *et al.* v. Solstice Capital Group Inc., *et al.* | | |

IT IS SO ORDERED

_____ : _____

Initials of Preparer _____