GEORGE J. TICHY, II, Bar No. 041146
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
JUSTIN T. CURLEY, Bar No. 233287
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone:   415.433.1940
Facsimile:   415.399.8490
E-mail: gtichy@littler.com, mbarrett@littler.com,
kowens@littler.com, jcurley@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 07 2446 MMC [ECF]<br><br>**DECLARATION OF AMY YOUNG IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION, PRODUCTION OF UPDATED CLASS LIST, AND PARTIAL SUMMARY JUDGMENT**<br><br>Date:            February 8, 2008<br>Time:            9:00 a.m.<br>Courtroom:  7 (19th Floor)<br>Judge:           Hon. Maxine M. Chesney<br><br>Complaint Filed:  June 29, 2007 (Amended)<br>Trial Date:           Not Yet Set |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF AMY YOUNG                                Case No. C 07 2446 MMC [ECF]

I, Amy Young, hereby declare and state:

1. I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. I have been employed by HSBC Mortgage Corporation (USA) ("HSBC Mortgage") for approximately two and a half years. Prior to that, I was employed by HSBC Consumer Lending for two years. My current job title is Regional Sales Manager for Southern California. I am presently the most senior person on the retail side of HSBC Mortgage in Southern California.

3. I manage all of the loan officers employed by HSBC Mortgage in Southern California. Currently, I manage four (4) loan officers. At our peak, I managed ten (10) loan officers.

4. My employer is HSBC Mortgage, which is a separate entity from HSBC Bank U.S.A., N.A. ("HSBC Bank"). The manager to whom I report, Jeff Needham, is also an employee of HSBC Mortgage. I do not report to any manager of HSBC Bank, nor do any of the loan officers whom I manage. They only report to me, and not an HSBC Bank branch manager.

5. All the loan officers whom I manage are employees of HSBC Mortgage. I specifically tell applicants whom I interview for the loan officer position that, if hired, they will be employed by HSBC Mortgage and not HSBC Bank. HSBC Mortgage Corporation (USA) is listed as the employer name on the business cards of all loan officers whom I supervise, and HSBC Mortgage is also indicated on their paychecks and W-2 forms.

6. I tell loan officers whom I supervise that it is totally up to them how and where they spend their time during the week. The HSBC Bank branches are merely referral sources and how much time the loan officers spend at the branches is up to them.

7. My loan officers use a schedule only to indicate which Bank branch they are "assigned to" for each day of the week. By "assigned to," I mean that a loan officer will receive any client referrals coming from a particular Bank branch when they are "assigned to" that particular Branch. In other words, this is for continuity for the Bank branches so they know which loan officer to contact if they have a question or a referral. The loan officers do not have to be physically present

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF AMY YOUNG        1.        Case No. C 07 2446 MMC [ECF]

at the Bank branch they are assigned to for a particular day. The loan officers do not even have to stop by the Bank branch they are assigned to for a particular day. To the extent the loan officer wants to drop by a Bank branch for potential referrals, the loan officer would look at the schedule and stop by the branch they are assigned to for that day. However, it is completely up to the loan officer if and when they visit the Bank branch.

8. I do not require my loan officers to keep a calendar or to otherwise document what they have done for the day. I do not require my loan officers to tell me where they are each day, but encourage them to have open communication with me regarding their daily activity. I do not keep track of my loan officers' hours. How they spend their work day is completely up to them. They may work as little as they like or as much as they like.

9. Of the thirteen (13) Bank branches in my region, approximately four (4) have a dedicated land line that an HSBC Mortgage employee can use. All of my loan officers have BlackBerry devices, which is the telephone number they typically use.

10. My loan officers and I have staff meetings periodically, but they are generally via conference call or over lunch. My loan officers can call into the staff meeting from any location.

11. My loan officers are free to attend trade shows and other networking events. Their attendance at these functions to obtain leads and referrals is completely up to them and within their discretion. I do not require them to attend any such events. How my loan officers obtain leads and referrals is within their discretion.

12. My loan officers are not required to have a home office.

13. Within my region, the expense policy varies from the national level. For example, I am in charge of determining how much my loan officers can spend for items such as mileage and entertaining clients, which varies between region.

14. How I apply the progressive discipline policy varies by each loan officer, and I will diverge from the progressive discipline policy as circumstances warrant. I view the progressive discipline policy as guidance. For example, if the loan officer understands he or she needs to improve, I may just given them a verbal counseling rather than writing him or her up. Also, if the loan officer has improved but has slipped back again, I may give him or her a second written

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF AMY YOUNG         2.         Case No. C 07 2446 MMC [ECF]

warning, rather than terminating him or her. However, I would not do a termination without the involvement of Human Resources.

15. Performance goals also vary by region and by manager. I will adjust performance goals based upon the market and the individual compensation goals of my loan officers.

16. There are also variances with respect to the compensation of loan officers during the first few months of employment. For example, I have the discretion to grant loan officers a guarantee of money or a "forgivable draw" when they start. I grant a forgivable draw for anywhere between three to six months. Additionally, sometimes I will provide a loan officer a higher draw. I have provided loan officers a draw of up to $35,000 if they are performing well above average.

17. I provide training to the loan officers who I manage on an almost daily basis, and the training I provide depends on the individual loan officer. I tell my loan officers to call me if they have any questions. Most of the loan officers under my supervision ask me questions every day.

18. In 2007, at least one of my loan officers earned over $100,000, over half of which came from commission.

19. Christine Lim's employment with HSBC Mortgage was terminated for unsatisfactory performance related to low production.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing declaration is true and correct to the best of my personal knowledge. Executed this 18th day of January, 2008, in Los Angeles, California.

_____
AMY YOUNG

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF AMY YOUNG   3.   Case No. C 07 2446 MMC [ECF]

Lew, Loretta M.

| | |
|---|---|
| **From:** | ECF-NDCA |
| **Sent:** | Friday, January 18, 2008 9:25 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-02446-MMC Wong et al v. HSBC Mortgage Corporation (USA) et al Declaration in Support |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Owens, Kimberly entered on 1/18/2008 9:24 PM PST and filed on 1/18/2008

| | |
|---|---|
| **Case Name:** | Wong et al v. HSBC Mortgage Corporation (USA) et al |
| **Case Number:** | 3:07-cv-2446 |
| **Filer:** | HSBC Mortgage Corporation (USA) |
| | HSBC Bank USA, N.A. |

**Document Number:** 93

**Docket Text:**
Declaration of Amy Young in Support of [78] Memorandum in Opposition,,,, filed byHSBC Mortgage Corporation (USA), HSBC Bank USA, N.A.. (Related document(s)[78]) (Owens, Kimberly) (Filed on 1/18/2008)

**3:07-cv-2446 Notice has been electronically mailed to:**

Michelle R. Barrett    mbarrett@littler.com, RYee@littler.com

Matthew C Helland    helland@nka.com, assistant@nka.com

Paul J. Lukas    lukas@nka.com, assistant@nka.com

1/22/2008

Donald H. Nichols    nichols@nka.com, assistant@nka.com

Kimberly Lynn Owens    kowens@littler.com

Bryan Jeffrey Schwartz    schwartz@nka.com, assistant@nka.com

Timothy C Selander    selander@nka.com

George Joseph Tichy, II    gtichy@littler.com, LChow@littler.com

**3:07-cv-2446 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** L:\EFILE\Barrett, Michelle R\HSBC-Wong\Young dec.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=1/18/2008] [FileNumber=4068986-0]

[a10c1964c3d2495b0f5df56a4f4aef6fa06322ae57a5ef7a75b98d928b753db81f423
9d5f12d0cbd53d449bc2bedf0d4c7ba01652b66e3867bb9210c05fc4ca8]]

1/22/2008