GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DECLARATION OF JEFFREY P. NEEDHAM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7 (19th Floor)<br>Judge: Hon. Maxine M. Chesney |

I, Jeffrey P. Needham, hereby declare and state:

1. I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify to the following.

2. I am employed by HSBC Mortgage Corporation (USA) (hereinafter "HMCU"). My title is "Senior Vice President, Western Division." In my job, I am responsible for overseeing the retail and wholesale business of HMCU in the Western United States, including overseeing individuals employed in the capacity of Senior Retail Mortgage Lending Consultant, Retail Mortgage Lending Consultant, and Premier Mortgage Sales Officer positions. These

DECL. OF J. NEEDHAM/OPP. RULE 23
CLASS CERT

Case No. C 07 2446 MMC [ECF]

positions are also commonly known as "loan officer" positions.

3. I have worked with the same mortgage company for fourteen (14) years. In 1997, the company for which I worked was called Marine Midland Mortgage Corporation, which was owned by an HSBC company. In or about 2000, Marine Midland Mortgage Corporation rebranded and became known as HSBC Mortgage Corporation (USA).

4. Because of my position as "Senior Vice President, Western Division," I have knowledge of HMCU's requirement regarding collection of application fees from customers.

5. HMCU requires loan officers to collect any required mortgage loan application fees from customers at the time of loan application. The amount of fee required to be collected by the loan officer varies by the type of loan, e.g., jumbo or conforming, which are identified by loan program codes.

6. If a loan officer fails to collect the required application fee and the loan fails to fund, HMCU's Mortgage Sales Incentive Plan for Retail Loan Consultants ("Incentive Plan") specifies that the amount of the application fee that was not collected should be subtracted as part of the loan officer's incentive compensation calculation.

7. In my region, the regional managers make clear that there is an expectation that loan officers collect the required application fees from customers at the time a loan application will be processed. Further, my regional managers and I also remind loan officers that failure to collect an application fee can be factored into a loan officer's incentive compensation under the Incentive Plan.

8. While we have told loan officers that they are required to collect this application fee and that failure to do so will be factored into their incentive compensation under the Incentive Plan, I or my regional managers have, under some circumstances, made exceptions to this requirement and have decided not to charge the loan officer's incentive compensation with the uncollected application fee amount. In those circumstances, the amount of the application fee will be charged to my "cost center," which means that HMCU absorbs the amount of the uncollected application fee as a charge to the business.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECL. OF J. NEEDHAM/OPP. RULE 23 CLASS CERT    2.    Case No. C 07 2446 MMC [ECF]

9. Such exceptions are decided on a case-by-case basis with input from the loan officer, as they arise. There is no national policy about when the waived application fee will be charged to the cost center as opposed to the individual loan officer's compensation. It is wholly dependent on what individual managers, like myself, decide. In my experience, a loan officer may request an exception be granted in cases when a customer feels that HMCU or the particular loan officer did not meet or exceed the customer's expectations on a transaction.

10. Further, an exception may be granted if other intervening circumstance prevent the loan officer from closing the deal or prevent the loan application from funding. As an example of such exception, I am aware of an instance where Plaintiff Philip Wong failed to collect a customer's application fee and, rather than charge that uncollected fee to Mr. Wong's incentive compensation, HMCU absorbed the amount of the uncollected application fee. Specifically, Mr. Wong had taken an application for a loan from an existing HMCU customer, who simultaneously received a retention or modification solicitation from HMCU. The customer withdrew his application with Mr. Wong and decided instead to pursue the retention or modification offer. Given the circumstances, I, along with regional manager Amy Ku, requested that the HMCU Accounting Department charge the uncollected fee to our cost center, rather than factor the uncollected application fee into Mr. Wong's incentive compensation. A true and correct copy of an e-mail message, dated May 2, 2007, providing the approval to do this is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing declaration is true and correct to the best of my personal knowledge.

Executed this 18th day of September, 2008, in Concord, California.

JEFFREY P. NEEDHAM

DECL. OF J. NEEDHAM/OPP. RULE 23 CLASS CERT     3.     Case No. C 07 2446 MMC [ECF]