GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DECLARATION OF LISA PETRUS IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7 (19th Floor)<br>Judge: Hon. Maxine M. Chesney |

DECL. OF L. PETRUS/OPP. RULE 23 CLASS CERT

Case No. C 07 2446 MMC [ECF]

I, Lisa Petrus, hereby declare and state:

1. I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify to the following.

2. I am an Accounting Manager employed by HSBC Mortgage Corporation (USA) ("HMCU"). I have worked for HMCU as Accounting Manager for nine (9) years at HMCU's office located at 2929 Walden Avenue, Depew, New York.

3. As an Accounting Manager, I manage accounting processes related to compensation provided to loan officers under HMCU's Mortgage Sales Incentive Plan for Retail Loan Consultants ("Incentive Plan").

4. I am aware of situations where loan officers have failed to collect customers' loan application fees.

5. If a loan officer has failed to charge and collect an application fee for a loan application and payment of the fee is required, and the loan is withdrawn or declined, the amount of the fee will generally be subtracted from the loan officer's incentive compensation under the Incentive Plan. Under a separate process, fees can also be waived and charged to the sales team's "cost center," or can be charged to the individual loan officer's compensation as determined by the loan officer in conjunction with the manager.

6. "Cost centers" are HMCU departments.

7. As an Accounting Manager, I also have personal knowledge about the "Declined/Withdrawn Expense Report" that HMCU provides to managers, and e-mail notification about the contents of the report provided to loan officers.

8. Each month, HMCU will generate a "Declined/Withdrawn Expense Report" (hereinafter "D/W Report") for individual loan officers. The D/W Report reflects what, if any, adjustments will be made the loan officer's incentive compensation for uncollected loan application fees. Prior to approximately early 2008, the D/W Reports for loan officers were provided to loan officers' managers, who, in turn, circulated the D/W Reports to the loan officers they supervised. It is estimated that in early 2008, loan officers also began to receive an e-mail indicating their individual W&D charges. Managers also still receive copies of loan officers' D/W Reports.

9. After a loan officer receives notification of the charges in his or her D/W Report, the loan officer has forty-five (45) to sixty (60) days to refute the amount of the listed adjustment(s). If the loan officer does not request that any changes be made to the D/W Report, the adjustment(s) are generally considered to be accepted by the loan officer; the loan officer, however, may still dispute the adjustment(s) after the loan officer receives their incentive compensation that reflects the amount of the adjustment. If the loan officer requests changes be made to the adjustments listed in the D/W Report, the manager and/or the Accounting Department in conjunction with the loan officer will discuss and/or investigate the matter further and resolve the issue between them. If the loan officer waits to dispute an adjustment until he or she receives his incentive compensation, then the loan officer may contact the Accounting Department and/or the manager, who will research and determine, with input from the loan officer, whether or not the amount of the fee should be refunded to the loan officer.

I declare under penalty of perjury under the laws of the States of California and New York and the United States of America that the foregoing declaration is true and correct to the best of my personal knowledge.

Executed this 18th day of September, 2008, in Depew, New York.

*/s/ Lisa Petrus*

LISA PETRUS

DECL. OF L. PETRUS/OPP. RULE 23 CLASS CERT     2.     Case No. C 07 2446 MMC [ECF]