1  GEORGE J. TICHY, II, Bar No. 041146
   MICHAEL F. MCCABE, Bar No. 111151
2  MICHELLE R. BARRETT, Bar No. 197280
   KIMBERLY L. OWENS, Bar No. 233185
3  LITTLER MENDELSON
   A Professional Corporation
4  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
5  Telephone: 415.433.1940
   Facsimile: 415.399.8490
6  E-mail: gtichy@littler.com, mmccabe@littler.com,
   mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) AND
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Philip Wong, Frederic Chaussy, and Leslie Marie Shearn, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC Mortgage Corporation (USA); HSBC Bank USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DECLARATION OF DEBBIE A. DEZEGO IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FED. R. CIV. P. 23**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>Courtroom: 7 (19th Floor)<br>Judge: Hon. Maxine M. Chesney |

DECLARATION OF D. DEZEGO/OPP.
RULE 23 CLASS CERT

Case No. C 07 2446 MMC [ECF]

I, Debbie A. DeZego, hereby declare and state:

1. I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify to the following.

2. I am employed by HSBC Mortgage Corporation (USA) (hereinafter "HMCU"). My title is "Senior Vice President, Divisional Manager, Downstate Region." In my job, I am responsible for overseeing the retail business of HMCU in the "Downstate Region" of the United States, which includes the following territory: Connecticut, Westchester, Rockland, Manhattan, Brooklyn, Bronx, Queens, Long Island, Staten Island and New Jersey. As part of my job, I oversee four (4) Regional Managers, twelve (12) Sales Managers, three (3) Business Development Officers, and one hundred thirteen (113) mortgage lending consultants.

3. I have worked with the same mortgage company since 1972, which at the time was Williamsburgh Savings Bank. In approximately 1987, Williamsburg Savings Bank was acquired by Republic National Bank. Republic National Bank merged with HMCU in 2000. I have been in a management position since 1987.

4. Because of my position as "Senior Vice President, Downstate Region," I have knowledge about HMCU's requirement regarding the collection of application fees from customers.

5. HMCU requires mortgage lending consultants (otherwise known as "loan officers") to collect mortgage loan application fees from customers at the time the loan officer enters and submits a customer's loan application in HMCU's loan application and tracking system, Loan Quest. The application fee is a non-refundable fee.

6. If a loan officer fails to collect the required application fee, HMCU's Mortgage Sales Incentive Plan for Retail Loan Consultants ("Incentive Plan") specifies that the amount of the application fee that was not collected should be subtracted as part of the loan officer's incentive compensation calculation.

7. While HMCU has told loan officers that they are required to collect this application fee and that failure to do so will be factored into their incentive compensation under the Incentive Plan, I have, under some circumstances, made exceptions to this requirement and have decided to not charge the loan officer's incentive compensation with the uncollected application fee

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF D. DEZEGO/OPP.
RULE 23 CLASS CERT                    1.                    Case No. C 07 2446 MMC [ECF]

amount.

8.  I have decided to not charge the loan officers' incentive compensation with this uncollected application fee amount in circumstances when there has been a transfer of the application fee because the loan failed to close in one type of lending program, but we filed a new application for a loan through another lending program. I have also decided to not charge the uncollected application fee to loan officers' incentive compensation when the customer has threatened to file a "Presidential Complaint," which is a complaint to HMCU's President, requesting a refund of the customer's application fee. In a case such as this, I refund the customer's application fee without charging the loan officer for the fee that was not retained by HMCU.

9.  In situations where there is an uncollected application fee, such as the situation where a customer has threatened to file a "Presidential Complaint" or where the customer has filed more than one application, the loan officer provides input to his or her manager about the circumstances of the particular loan application(s). Any decision as to whether or not the amount of the uncollected or disputed application fee will be absorbed by HMCU or subtracted from the loan officer's incentive compensation is made on a case-by-case basis with the loan officer's input about the circumstances of the particular loan application(s).

I declare under penalty of perjury under the laws of the States of California and New York and the United States of America that the foregoing declaration is true and correct to the best of my personal knowledge.

Executed this _18_ day of September, 2008, in _Queens_____, New York.

_____
DEBBIE A. DEZEGO

DECLARATION OF D. DEZEGO/OPP.
RULE 23 CLASS CERT                       2.                    Case No. C 07 2446 MMC [ECF]