GEORGE J. TICHY, II, Bar No. 041146
MICHAEL F. MCCABE, Bar No. 111151
MICHELLE R. BARRETT, Bar No. 197280
KIMBERLY L. OWENS, Bar No. 233185
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Telephone:   (415) 433-1940
Facsimile:   (415) 399-8490
E-mail: gtichy@littler.com, mmccabe@littler.com,
mbarrett@littler.com, kowens@littler.com

Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA) and
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP WONG, FREDERIC CHAUSSY, and LESLIE MARIE SHEARN, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC MORTGAGE CORPORATION (USA); HSBC BANK USA, N.A.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C 07 2446 MMC [ECF]<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS' IN SUPPORT OF MOTION FOR CLASS CERTIFICATION UNDER FED.R.CIV.P. 23**<br><br>Hearing Date:   October 10, 2008<br>Time:   9:00 A.M.<br>Courtroom:   7 (19th Floor)<br><br>Complaint Filed:   May 7, 2007 |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' OBJECTIONS TO EVIDENCE**   Case No. C 07 2446 MMC [ECF]

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants HSBC Mortgage Corporation (USA) and HSBC Bank U.S.A., N.A. ("Defendants") hereby make the following written objections to, and move to strike, portions of the evidence submitted in support of Plaintiffs' Motion for Class Certification Under Federal Rule of Civil Procedure 23 ("Class Certification Motion"). *See McPhail v. First Command Finan. Planning, Inc.*, 247 F.R.D. 598, 604-05 (S.D. Cal. 2007) (considering, pursuant to Fed. R. Civ. P. 12(f), defendants' motion to strike evidence submitted in support of plaintiffs' motion for class certification). Defendants further move to strike portions of Plaintiffs' Class Certification Motion that refer and rely upon the evidence subject to Defendants' objections and motion to strike.

Supporting declarations must be based upon personal knowledge, must show affirmatively that the declarant is competent to testify to the matters stated in the declaration, and must set forth admissible evidence. Fed. R. Evid. 602; Schwartzer, et al., *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 14:162. Moreover, such declarations must contain statements of fact, rather than opinions or conclusions, and must conform to the hearsay rule and other rules of evidence. *Orr v. Bank of Am.*, 285 F.3d 764, 778 (9th Cir. 2002) (hearsay statements are inadmissible); *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997) (declarations must state "evidentiary facts"); *Schuler v. Chronicle Broad. Co.,* 793 F.2d 1010, 1011 (9th Cir. 1986) (subjective opinions not relevant); Statements made by third persons, including employees of Defendants, cannot be considered unless facts are shown to establish that these persons held positions such that their statements could be admitted as authorized admissions under Federal Rule of Evidence 801(d)(2). Finally, if a declaration's assertions create a substantial danger of undue prejudice or of confusing the issues, they are inadmissible under Federal Rule of Evidence 403.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE   1.   Case No. C 07 2446 MMC [ECF]

## II. OBJECTIONS

### A. Defendants' Objections to the Declaration of Bryan J. Schwartz, Esq. Submitted in Support of Plaintiffs' Motion for Class Certification.

#### 1. Summary of Objections.

Mr. Schwartz' declaration, submitted in support of Plaintiffs' Class Certification Motion, contains multiple inadmissible statements lacking foundational support. *See* Fed. R. Evid. 602; *Los Angeles Times Communications, LLC v. Department of Army*, 442 F.Supp.2d 880, 886 (C.D. Cal. 2006). Moreover, Mr. Schwartz' declaration includes numerous opinions and conclusions wholly unsupported by any evidentiary fact. *See* Fed. R. Evid. 701, 704. The Court should therefore strike any reference to these inadmissible statements, opinions and conclusions.

#### 2. Table of Objections to Evidence in Mr. Schwartz' Declaration.

| EVIDENCE | OBJECTION |
|---|---|
| "A host of current HSBC employees have conveyed to the undersigned and, I am informed and believe, to other employees of Nichols Kaster, that they would like to claim the overtime to which they are entitled, but fear joining the suit because they fear retaliation from HSBC and cannot afford to risk their careers, in such a precarious job market for mortgage loan officers. Individuals have conveyed to the undersigned and, I am informed and believe to other employees of Nichols Kaster, that they feel that their jobs are always in jeopardy." (Schwartz Decl., ¶ 28, p. 4, lines 11-17.)[1] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is further made on the grounds that the phrases "current HSBC" and "from HSBC" are misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "These employees have likewise conveyed that their general impression is that they may recover relatively little from this action, such that they certainly cannot justify risking their careers." (Schwartz Decl, ¶ 28, p. 4, lines 17-19.)[2] | Objection is made on the grounds that this statement consists nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |

---

[1] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, lines 9 to 13.

[2] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, lines 15 to 17, and page 20, lines 11 to 12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE   2.   Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| "Both current and former employees have expressed to the undersigned, and, I am informed and believe, to other employees of Nichols Kaster, that they fear they could not only lose their jobs with Defendants, but be 'blackballed' (foreclosed from working) in the mortgage loan industry as a whole."<br>(Schwartz Decl., ¶ 29, p. 4, lines 24-28.)[3] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "One intimidated current employee had the courage to provide a declaration regarding such intimidation, with the promise that the declaration would be submitted only in redacted form, made available for the Court to review unredacted in camera. **See Exhibit 15**."<br>(Schwartz Decl., ¶ 30, p. 5, lines 1-3.)[4] | Objection is made to use of the phrase "one intimidated employee," as it consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "Plaintiffs' counsel's experience is that this witness' willingness to sign a declaration is unusual – but his/her reasons for not submitting a consent form in the FLSA opt-in matter are common."<br>(Schwartz Decl., ¶ 30, p. 5, lines 3-6.)[5] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "I am informed and believe that no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole. Neither the Plaintiffs nor any of the other putative class members have an interest in individually controlling the prosecution of separate actions."<br>(Schwartz Decl., ¶ 32, p. 5, lines 16-19.)[6] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without any foundation regarding Plaintiffs' counsel's belief that "no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole. Similarly, Plaintiffs' counsel's statement regarding the interests of Plaintiffs or other putative class members lacks foundation. |

---

[3] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, lines 17 to 19, and page 20, lines 15 to 17.
[4] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, 20 to 23.
[5] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 9, lines 2 to 3.
[6] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    3.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| "Plaintiffs' counsel has been actively and diligently pursuing this matter, with the cooperation of Class Representatives." (Schwartz Decl., ¶ 33, p. 5, lines 21-22.)[7] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without any foundation regarding Plaintiffs' counsel's alleged pursuit of this matter with the cooperation of Class Representatives. |
| "The firm, and these attorneys in particular, have served as Class Counsel and succeeded in obtaining results on behalf of classes of employees with wage/hour claims, approved by Courts nationwide . . ." (Schwartz Decl., ¶ 33, p. 6, lines 2-7.)[8] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without any foundation regarding Plaintiffs' counsel's alleged obtained results. |
| "Many New York and California putative class members outside the FLSA statute of limitations . . . who did receive notice were deterred by fear and impracticability, as discussed **supra**." (Schwartz Decl., ¶ 36, p. 7, lines 1-3.)[9] | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without any foundation regarding the allegation that many New York and California putative class members were never notified of the suit, or were deterred by fear and impracticability. Objection is further made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. |

---

located at page 14, lines 8 to 9, and page 24, lines 7 to 10.
[7] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 14, 7 to 10, and page 24, lines 2 to 3.
[8] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 14, 7 to 10, and page 24, lines 2 to 3.
[9] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 19, n. 37, lines 27 to 28.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    4.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| | Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "The potential liability of Defendants can be calculated (and has been estimated for current opt-ins) based on Plaintiffs' and putative class members' rate of pay, time worked, good-faith overtime estimates, and pay records regarding $325 deductions. Average wage loss claims in California, New York, and New Jersey are approximately $40,000, with the smallest claim a mere $750 and some claims worth only several thousand dollars." (Schwartz Decl., ¶ 37, p. 7, lines 4-9.)[10] | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. These statements are made without any foundation regarding Plaintiffs' counsel's alleged calculations of Defendants' potential liability and alleged average wage loss claims in California, New York, and New Jersey. |
| "I am informed and believe, based on my discussions and those of my colleagues with would-be class members, that Defendants' loan officers generally were misled to believe, and commonly believed, that salespersons who are eligible for commissions cannot earn overtime – regardless of their job duties." (Schwartz Decl., ¶ 39, p. 7, lines 14-17.)[11] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). <br><br> Objection is further made on the grounds of lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. This statement is made without any foundation regarding the facts as to why loan officers allegedly were misled by Defendants to believe or commonly believed that salespersons who are eligible for commissions cannot earn overtime. <br><br> Objection is further made on the grounds that this statement constitutes inadmissible hearsay. Fed. R. Evid. 802. *Orr v. Bank of Am.*, 285 F.3d 764, 778 (9th Cir. 2002). |

---

[10] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 21, lines 6 to 9.
[11] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 22, lines 8 to 12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE   5.   Case No.  C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| "I am informed and believe, based on my discussions and those of my colleagues with would-be class members in this and other cases, that individual employees and former employees, unlike consumers and borrowers who raise class claims (for example), often have emotional barriers to accusing supervisors of denying them overtime – not wanting to get anyone in trouble. This is because frequently employees remain friendly or on positive terms with former supervisors, even those who denied them overtime pay, and fear they might harm these managers with their case." (Schwartz Decl., ¶ 40, p. 7, lines 18-25.)[12] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is further made on the grounds of lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. This statement is made without personal knowledge or facts establishing foundation for Plaintiffs' counsel's belief that "would-be class members" have alleged "emotional barriers to accusing supervisors of denying them overtime," and/or that "would-be class members" allegedly want to remain friendly with supervisors. |
| "I am informed and believe, based on my experience in this and similar cases, that the mortgage lending industry generally has extremely high turnover and the average length of employment is short term. Based on data from current opt-in Plaintiffs and limited discovery provided by Defendants, I am informed and believe that the average length of employment for Defendants' California loan officers was approximately one year, while the average length of employment for Defendants' New York and New Jersey loan officers was approximately two years." (Schwartz Decl., ¶ 41, pp. 7-8, lines 26-28, 1-6.)[13] | Objection is made on the grounds that these statements consist of nothing more than opinion and conclusion (instead of any evidentiary fact) and are inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "I am informed and believed that the Plaintiffs have no conflict of interest with other Class Members, and that they have and will fairly and adequately represent the interests of the Class. **See Exhibit 24**." (Schwartz Decl., ¶42, p. 8, lines 7-8.)[14] | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without facts establishing foundation for Plaintiffs' counsel's conclusion that Class Members have no conflict of interest and will fairly and adequately represent the interests of the Class. |

---

[12] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 23, lines 10 to 15.
[13] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 23, lines 16 to 19.
[14] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 24, lines 7 to 8.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE — 6. — Case No.  C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| | Objection is further made on the grounds that these statements consist of nothing more than opinion and conclusion (instead of any evidentiary fact) and are inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "I attended the deposition of Plaintiff Leslie Shearn in New York City, New York, on September 3, 2008, and, to the best of my recollection, she testified that she has suffered pay deductions when she waived customers' $325 loan application fees in order to obtain loan sales at Defendants." (Schwartz Decl., ¶ 44, p. 8, lines 15-21.)[15] | Objection is made on the grounds that this statement contradicts Plaintiff's sworn deposition testimony. *Salter v. Washington Township Health Care Dist.*, 260 F. Supp. 2d 919, 926 (N.D. Cal. 2003). (See Shearn Depo. 192:21-193:4.) |

    **B.**   **Defendants' Objections to Declaration of Godwin Tsui Submitted in Support of Plaintiff's Motion for Class Certification.**

        **1.**   **Summary of Defendants' Objections.**

The declaration of Mr. Godwin Tsui submitted in support of Plaintiffs' Motion for Class Certification Motion contains multiple inadmissible statements, which are vague and misleading and lack foundational support. *See* Fed. R. Evid. 403, 602; *Los Angeles Times Communications, LLC v. Department of Army*, 442 F.Supp.2d 880, 886 (C.D. Cal. 2006). Moreover, Mr. Tsui's declaration includes opinions and conclusions wholly unsupported by any evidentiary fact. *See* Fed. R. Evid. 701, 704. The Court should therefore strike any reference to these inadmissible statements, opinions and conclusions.

        **2.**   **Table of Defendants' Objections to Evidence in Mr. Tsui's Declaration.**

| EVIDENCE | OBJECTION |
|---|---|
| "former employee of Defendants (hereinafter "HSBC") . . ." (Ex. 2, Tsui Decl., ¶ 1, p. 1.) | Objection is made on the grounds that the phrase "former employee of Defendants (hereinafter "HSBC") is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |

---

[15] References in Plaintiffs' Class Certification Motion to this inadmissible statement are located at page 3, n. 13, lines 24 to 26.

**DEFENDANTS' OBJECTIONS TO EVIDENCE**     7.     Case No. C 07 2446 MMC [ECF]

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

| EVIDENCE | OBJECTION |
|---|---|
| "worked for HSBC . . ." (Ex. 2, Tsui Decl., ¶ 2, p. 2.) | Objection is made on the grounds that the phrase "worked for HSBC," is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "have not spoken with HSBC lawyers . . . and "by HSBC's lawyers." (Ex. 2, Tsui Decl., ¶ 2, p. 2.) | Objection is made on the grounds that the phrases "have not spoken with HSBC lawyers . . . and "by HSBC lawyers," are misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities names as defendants in this case, that have "HSBC" as part of their name. |
| "My job was to help start a region of the mortgage division in California, so we used all of the organizational structure already in place from other regions of the mortgage division around the country." (Ex. 2, Tsui Decl., ¶ 3, p. 1.) | Objection is made on the grounds that the statement "my job was to help start a region of the mortgage division in California, so we used all of the organization structure already in place from other regions of the mortgage division around the country," is misleading and impermissibly vague. Fed. R. Evid. 403. Objection is further made on the grounds lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. This statement is made without personal knowledge and facts establishing foundation for Mr. Tsui's knowledge about organizational structure in other regions of HSBC Mortgage Corporation (USA) around the country. |
| "We did not create anything new-we were trying to integrate a region of the country, California, into a larger division of HSBC – mortgage." (Ex. 2, Tsui Decl., ¶ 3, p. 1.) | Objection is made on the grounds that the phrase "we did not create anything new," is vague and misleading. Fed. R. Evid. 403. Objection is further made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "In California, we made no determinations about which loan programs to offer, which loans to underwrite, what software systems to use, any of the personnel practices – all of that was coming | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement is made without facts establishing foundational support for the assertion that all programs, |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    8.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| from headquarters in New York." (Ex. 2, Tsui Decl., ¶ 3, p. 1.)[16] | software and personnel practices came from New York.<br><br>Objection is further made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| "As an HSBC manager . . ." (Ex. 2, Tsui Decl., ¶ 5, p. 2.) | Objection is made on the grounds that the phrase "[a]s an HSBC manager" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "As a manager at HSBC, and in my experience as a loan officer, most business was, and is done over the phone." Ex. 2, Tsui Decl., ¶ 6, p. 2.) | Objection is made on the grounds that the phrase "[a]s an HSBC manager" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name.<br><br>Objection is further made on the grounds that the phrase "most business" is misleading and impermissibly vague. Fed. R. Evid. 403.<br><br>Objection is further made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |

---

[16] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located page 3, lines 3 to 6.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    9.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| "and, in my experience, the norm across the industry." (Ex. 2, Tsui Decl., ¶ 6, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is further made on the grounds that the phrase "the norm across the industry" is misleading and impermissibly vague. Fed. R. Evid. 403.<br><br>Objection is further made on the grounds lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. This statement is made without personal knowledge and facts establishing foundation for Mr. Tsui's knowledge of the "norm across the industry." |
| "At HSBC . . ." (Ex. 2, Tsui Decl., ¶ 6, p. 2.) | Objection is made on the grounds that the phrase "[a]t HSBC" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "HSBC's loan officers . . ." (Ex. 2, Tsui Decl., ¶ 7, p. 2.) | Objection is made on the grounds that the phrase "HSBC's loan officers" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "There were discussions among upper HSBC sales management about how to help drive more leads to the mortgage division from the HSBC Bank USA, N.A. branches." (Ex. 2, Tsui Decl., ¶ 8, p. 2.) | Objection is made on the grounds that the phrase "upper HSBC sales management" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name.<br><br>Objection is further made on the grounds of lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. These statements are made without personal knowledge or facts establishing foundation as to how Mr. Tsui was aware of these discussions. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    10.    Case No. C 07 2446 MMC [ECF]

**C.   Defendants' Objections to the Declaration of Leslie Marie Shearn, Ex. 9, Plaintiffs' Motion for Class Certification.**

**1.   Summary of Objections.**

The declaration of Leslie Marie Shearn submitted in support of Plaintiffs' Class Certification Motion contains multiple inadmissible statements which are vague and misleading and lack foundational support. *See* Fed. R. Evid. 403, 602; *Los Angeles Times Communications, LLC v. Department of Army*, 442 F.Supp.2d 880, 886 (C.D. Cal. 2006). Moreover, Mr. Shearn's declaration includes opinions and conclusions wholly unsupported by any evidentiary fact. *See* Fed. R. Evid. 701, 704. Finally, Ms. Shearn's statements in her declaration conflict with the testimony she provided during her deposition. *See Salter v. Washington Township Health Care Dist.*, 260 F. Supp. 2d 919, 926 (N.D. Cal. 2003). The Court should therefore strike any reference to these inadmissible statements, opinions and conclusions.

**2.   Table of Objections to Evidence in Ms. Shearn's Declaration.**

| EVIDENCE | OBJECTION |
|---|---|
| "Defendants (hereinafter "HSBC")" (Ex. 9, Shearn Decl., ¶ 1, p. 1.) | Objection is made on the grounds that the phrase "Defendants (hereinafter "HSBC")" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "at an HSBC loan production office" (Ex. 9, Shearn Decl., ¶ 2, p. 1.) | Objection is made on the grounds that the phrase "at an HSBC loan production office" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "employed by HSBC" (Ex. 9, Shearn Decl., ¶ 3, p. 1.) | Objection is made on the grounds that the phrase "employed by HSBC" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. HSBC Mortgage Corporation (USA) was Shearn's employer. See Jennings Decl. ¶ 7 in Opposition to Plaintiffs' Class Certification Motion. |
| "I am informed and believe that the duties of other persons holding my position in my region, the New Jersey and New York areas, were substantially similar to mine." | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    11.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| (Ex. 9, Shearn Decl., ¶ 3, p. 1.) | N.D. Civil L. R. 7-5(b). |
| | Objection is further made on the grounds of lack of personal knowledge and insufficient foundation. Fed. R. Evid. 602. This statement is made without personal knowledge or facts establishing foundation as to how Ms. Shearn was aware of the duties of other loan officers in the New Jersey and New York areas, and what facts support her conclusion that other loan officers' duties were substantially similar. |
| | Objection is made on the grounds that this statement contradicts Ms. Leslie Shearn's prior sworn deposition testimony. *Salter v. Washington Township Health Care Dist.*, 260 F. Supp. 2d 919, 926 (N.D. Cal. 2003). Shearn Depo. 124:16-126:20. |
| "the HSBC Franklin Lakes office" (Ex. 9, Shearn Decl., ¶ 4, p. 2.) | Objection is made on the grounds that the phrase "the HSBC Franklin Lakes office" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "my HSBC loan production office" (Ex. 9, Shearn Decl., ¶ 6, p. 2.) | Objection is made on the grounds that the phrase "my HSBC loan production office" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "in the HSBC office" (Ex. 9, Shearn Decl., ¶ 6, p. 2.) | Objection is made on the grounds that the phrase "in the HSBC office" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "Outside sales were by no means my primary responsibility and did not amount to a majority of my work time." (Ex. 9, Shearn Decl., ¶ 7, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). |
| | Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement facts establishing foundation as to why Ms. Shearn believed outside sales were not her primary responsibility and did not amount to a majority of her work time. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    12.    Case No.  C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| "I worked with other loan officers and observed their responsibilities and the ratio of their inside versus outside sales work to be similar to mine." (Ex. 9, Shearn Decl., ¶ 8, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is made on the grounds that this statement contradicts Ms. Leslie Shearn's prior sworn deposition testimony. *Salter v. Washington Township Health Care Dist.*, 260 F. Supp. 2d 919, 926 (N.D. Cal. 2003). Depo. 124:16-126:20. |
| "Since we were misclassified as exempt by HSBC, . . . ." (Ex. 9, Shearn Decl., ¶ 8, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is further made on the grounds that the phrase "by HSBC" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |

### D. **Defendants' Objections to the Declaration of Chad Barbiere, Plaintiffs' Motion for Class Certification.**

#### 1. **Summary of Objections.**

The declaration of Chad Barbiere submitted in support of Plaintiffs' Class Certification Motion contains multiple inadmissible statements which are vague and misleading and lack foundational support. *See* Fed. R. Evid. 403, 602; *Los Angeles Times Communications, LLC v. Department of Army*, 442 F.Supp.2d 880, 886 (C.D. Cal. 2006). Moreover, Mr. Barbiere's declaration includes opinions and conclusions wholly unsupported by any evidentiary fact. *See* Fed. R. Evid. 701, 704. The Court should strike any reference to these inadmissible statements, opinions and conclusions.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE   13.   Case No. C 07 2446 MMC [ECF]

2. **Table of Objections to Evidence in Mr. Barbiere's Declaration.**

| EVIDENCE | OBJECTION |
|---|---|
| "against Defendants (hereinafter "HSBC")" (Ex. 10, Barbiere Decl., ¶ 1, p. 1.) | Objection is made on the grounds that the phrase "against Defendants (hereinafter "HSBC")" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "including at HSBC Bank branches, mortgage offices . . . ." (Ex. 10, Barbiere Decl., ¶ 2, p. 1.) | Objection is made on the grounds that the phrase "including at HSBC Bank branches, mortgage offices . . . is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. "Mortgage offices" are not "HSBC Bank" facilities. |
| "sell HSBC's mortgage and loan products and generate loans for customers according to HSBC's guidelines and procedures." (Ex. 10, Barbiere Decl., ¶ 3, p. 1.) | Objection is made on the grounds that the phrase "sell HSBC's mortgage and loan products and generate loans for customers according to HSBC's guidelines and procedures" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "I am informed and believe that the duties of other persons holding my position in my region, the New Jersey area, were substantially similar to mine." (Ex. 10, Barbiere Decl., ¶ 3, p. 1.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement does not contain any foundation of the facts supporting Mr. Barbiere's belief that other loan officers performed substantially similar duties. |
| "HSBC Hoboken, Ridgewood and Parsippany facilities" (Ex. 10, Barbieri Decl., ¶ 4, p. 2.) | Objection is made on the grounds that the phrase "HSBC Hoboken, Ridgewood and Parsippany facilities" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "not at the HSBC facilities" | Objection is made on the grounds that the phrase |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    14.    Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| (Ex. 10, Barbiere Decl., ¶ 4, p. 2.) | "not at the HSBC facilities" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "These activities were not really outside sales . . . (Ex. 10, Barbiere Decl., ¶ 6, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). <br><br> Objection is further made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement does not contain any foundation of the facts supporting Mr. Barbiere's belief that his activities were not really outside sales. |
| "Since we were misclassified as exempt by HSBC . . . . (Ex. 10, Barbiere Decl., ¶ 7, p. 2.) | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b). <br><br> Objection is made on the grounds that the phrase "exempt by HSBC" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "HSBC did not" (Ex. 10, Barbiere Decl., ¶ 8, p. 2.) | Objection is made on the grounds that the phrase "HSBC did not" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "HSBC never provided" (Ex. 10, Barbiere Decl., ¶ 8, p. 2.) | Objection is made on the grounds that the phrase "HSBC never provided" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "by HSBC . . . while employed at HSBC" (Ex. 10, Barbiere Decl., ¶ 8, p. 2.) | Objection is made on the grounds that the phrase "by HSBC . . . while employed by HSBC" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    15.    Case No.  C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| | entities named as defendants in this case, that have "HSBC" as part of their name. |

### E. Defendants' Objections to Declaration of Anonymous Employee Submitted in Support of Plaintiffs' Motion for Class Certification.

#### 1. Summary of Objections.

Plaintiffs improperly rely on an anonymous declaration rife with inadmissible opinions and conclusions from an alleged employee of an unidentified "HSBC" Company[17] to support their assertions that current and former loan officers have declined to opt-in to the FLSA class because officers fear retaliation. Affidavits and declarations must be made by a witness, who possesses "personal knowledge of the facts." *Donnachie v. East Bay Regional Park Dist.*, 217 Cal. App. 2d 172, 175 (1963). When an affiant or declarant fails to disclose his or her identity, courts strike or give little weight to the affidavit or declaration, reasoning that the court can not determine whether the witness actually possesses personal knowledge about the facts at issue. *Patterson v. County of Oneida, New York,* 375 F.3d 206, 223 (2d Cir. 2004); *see also Last Atlantis Capital LLC v. AGS Specialist Partners*, 533 F. Supp. 2d 828, 832 (N.D. Ill. 2008), *quoting Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 757 (7th Cir. 2007) ("'It is hard to see how information from 'anonymous' sources, could be deemed 'compelling' or how we take account of plausible opposing inferences. Perhaps these confidential sources have axes to grind. Perhaps they are lying. Perhaps they don't even exist.'"). Neither this Court nor the Defendants have any ability to determine whether the anonymous declarant here has personal knowledge about the facts and assertions in his or her declaration. Further, Defendants have no ability to investigate the anonymous witness' statements to either rebut or confirm those statements. This Court should thus exclude, in its entirety, Plaintiffs' anonymous declaration, and strike any portions of Plaintiff's Class Certification Motion that rely on the declaration. See Plaintiffs' Class Certification at 8:20-9:1.

---

[17] As Plaintiff's counsel is so wont to point out: the HSBC group of affiliated companies is large. By only stating that this anonymous declarant works for "HSBC" the Court and Defendants have no way of knowing if the individual works for HSBC Mortgage Corporation (USA), HSBC Bank USA, N.A., HSBC Pay Services, Inc., HSBC Finance Corporation, or any of the other HSBC-affiliated companies.

Even if this Court does not exclude this declaration in its entirety, the Court should exclude inadmissible statements lacking foundational support or that merely contain opinions and conclusions lacking in evidentiary fact. Again, the Court should strike any portions of Plaintiffs' Class Certification Motion that rely on the anonymous declarant's inadmissible statements, opinions and conclusions.

**2.   Table of Objections to Evidence in Anonymous Declaration.**

| EVIDENCE | OBJECTION |
|---|---|
| "Declaration of REDACTED" (Ex. 15, Anonymous Decl., p. 1.) [18] | Objection is made on the grounds that, because the declarant has submitted an anonymous declaration, the declaration fails, in its entirety, to demonstrate personal knowledge and factual foundation required for admissibility. *See Patterson v. County of Oneida, New York*, 375 F.3d 206, 223 (2d Cir. 2004); *Last Atlantis Capital LLC v. AGS Specialist Partners*, 533 F.Supp.2d 828, 832 (N.D. Ill. 2008); *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 757 (7th Cir. 2007); *see also Southern Methodist University Ass'n of Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979). |
| "From approximately RED 2006 to presently, I have been employed as a loan officer by Defendants ("HSBC") REDACTED." (Ex. 15, Anonymous Decl., ¶2, p. 1.) [19] | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement does not contain any foundational facts indicating where and when the declarant was employed by Defendants.  Objection is further made on the grounds that the phrase "Defendants ("HSBC")" is misleading and impermissibly vague. Fed. R. Evid. 403. There are two different corporate entities named as defendants in this case, that have "HSBC" as part of their name. |
| "I ultimately decided not to join the lawsuit against HSBC for fear of retaliation from the company, and/or fear of being blackballed in the industry." (Ex. 15, Anonymous Decl., ¶ 3, p. 1.) [20] | Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement does not contain any foundational facts indicating why the declarant feared retaliation or |

---

[18] References in Motion for Class Certification Motion to this inadmissible declaration are located at page 8, lines 20 to 23, and page 20, lines 11 to 12.
[19] References in Motion for Class Certification Motion to this inadmissible statement are located at page 8, line 20.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE     17.     Case No. C 07 2446 MMC [ECF]

| EVIDENCE | OBJECTION |
|---|---|
| | being "blackballed" in the industry. |
| "The mortgage lending industry is struggling, and jobs are scarce. I could not afford to risk losing my job because I got involved in this wage/hour case, which I believe will pay relatively little to me individually."<br>(Ex. 15, Anonymous Decl., ¶ 3, p. 1.)[21] | Objection is made on the grounds that this statement consists of nothing more than opinion and conclusion (instead of any evidentiary fact) and is inadmissible. Fed. R. Evid. 701, 704; Cal. N.D. Civil L. R. 7-5(b).<br><br>Objection is made on the grounds of insufficient foundation. Fed. R. Evid. 602. This statement does not contain any foundational facts indicating why the declarant believes the mortgage lending industry is struggling, why the declarant believes his or her job may be at risk, and/or why the declarant believes he or she will be paid relatively little. |

### F. Defendants' Objections to Plaintiffs' Exhibits 20 -23 For Failure to Follow the Procedural Requirements for Judicial Notice Under Fed. R. Evid. 201.

Plaintiffs submitted Exhibits 20-23 which include newspaper articles, and excerpts from web sites – related to or referring to HSBC-affiliated entitles. Under Federal Rule of Evidence 201, a party may request a court to take judicial notice of fact(s) provided that the fact(s) "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Plaintiffs, however, failed to properly request judicial notice as required by Federal Rule of Evidence 201. Because Plaintiffs failed to properly request judicial notice of Exhibits 20-23, this Court should strike Exhibits 20-23, and any reference to those Exhibits in Plaintiffs' Class Certification Motion.[22]

---

[20] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, lines 24 to 25.
[21] References in Plaintiffs' Class Certification Motion to this inadmissible statement and opinion are located at page 8, lines 24 to 25.
[22] References in Plaintiffs' Class Certification Motion to these inadmissible Exhibits are located at page 8, line 15, and page 23, lines 1 to 7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE — 18. — Case No. C 07 2446 MMC [ECF]

## III. CONCLUSION

For the foregoing reasons, the Defendants request the Court to strike the inadmissible evidence and opinions submitted in support of Plaintiffs' Class Certification Motion.

Dated: September 19, 2008

*/s/ Michelle R. Barrett*
MICHELLE R. BARRETT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HSBC MORTGAGE CORPORATION (USA)
and HSBC BANK USA, N.A.

Firmwide:86674325.1 023404.1043

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO EVIDENCE    19.    Case No. C 07 2446 MMC [ECF]