IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP WONG, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>HSBC MORTGAGE CORPORATION (USA), et al.,<br><br>    Defendants | No. C-07-2446 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, TO STRIKE; DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Before the Court are two motions: (1) defendants' Motion for Judgment on the Pleadings or to Strike Rule 23 Allegations, filed October 14, 2008; and (2) plaintiffs' Motion for Class Certification, filed September 5, 2008. The matters, having been fully briefed, came on regularly for hearing January 9, 2009. Paul J. Lukas and Bryan J. Schwartz of Nichols Kaster & Anderson, LLP appeared on behalf of plaintiffs. George J. Tichy II and Michelle R. Barrett of Littler Mendelson appeared on behalf of defendants. Having read and considered the papers filed in support and in opposition to the motions, and having considered the arguments of counsel made at the hearing, the Court rules as follows.

At the outset, defendants, in reliance on out-of-circuit authorities, seek judgment as to each of plaintiffs' ten state law claims on the theory a plaintiff cannot under any circumstances proceed, in a single case, with a collective action under the Fair Labor Standards Act ("FLSA") and a class action under state law. See, e.g., Herring v. Hewitt

Assoc., Inc., 2006 WL 2347875, at *2 (D. N.J. 2006) (holding "state law class action allegations are legally incompatible with the federal [FLSA] statute"). The Court is not persuaded, and finds the reasoning set forth in such decisions to be "flawed." See Baas v. Dollar Tree Stores, Inc., 2007 WL 2462150 (N.D. Cal. 2007); see also Thorpe v. Abbott Laboratories, Inc., 534 F. Supp. 2d 1120, 1123-25 (N.D. Cal. 2008); Neary v. Metropolitan Property & Casualty Ins. Co., 472 F. Supp. 2d 247, 250-51 (D. Conn. 2007). Rather, where, as here, a district court's jurisdiction over state law claims is alleged to be supplemental in nature, the Court finds the issue of whether a federal and a state law claim are properly heard in one action should be addressed under 28 U.S.C. § 1367. See, e.g., Neary, 472 F. Supp. 2d at 251.

      A district court has supplemental jurisdiction over a state law claim where the federal and state law claims "derive from a common nucleus of operative fact." See Trustees v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir. 2003). Here, for the reasons stated by defendants, the Court finds it lacks supplemental jurisdiction over plaintiffs' Ninth, Tenth, and Eleventh Claims for Relief, by which plaintiffs allege defendants violated, respectively, California, New York, and New Jersey law, by taking unlawful deductions from paychecks. In particular, the Court finds such claims bear no relation to the exemption issues presented by the FLSA claim, and, indeed, plaintiffs have not identified any material issues of fact common to the FLSA claim and to the unlawful deductions claims.

      Even where a district court has supplemental jurisdiction over state law claims, the district court has the discretion to decline to exercise jurisdiction over claims that raise a novel or complex issue of state law and/or claims that substantially predominate over the federal claim. See 28 U.S.C. §§ 1367(c)(1), (c)(2). Here, the primary issues remaining for resolution in plaintiffs' FLSA claim are whether plaintiffs are exempt from the protections of the FLSA under the "outside sales" exemption, see 29 C.F.R. § 541.500, and/or the "highly compensated employees" exemption, see 29 C.F.R. § 541.601. The ten state law claims, by contrast, raise a far greater number of issues, some of which are novel.

With respect to the state overtime claims, plaintiffs rely on the laws of three different states, specifically, California, New York, and New Jersey. While it appears that only two exemptions remain at issue as to the FLSA claim, defendants are relying on a significantly greater number of exemptions under the laws of each of the states at issue. This circumstance alone counsels against exercising supplemental jurisdiction. Concededly, a "handful" of district courts, when exercising original jurisdiction over a FLSA claim, have found it appropriate to exercise supplemental jurisdiction over a state overtime claim; such cases, however, have involved the laws of one state, not, as here, multiple states. See Neary, 472 F. Supp. 2d at 253 n.3 (citing cases).

In an effort to suggest the issues implicated solely by the state law claims will be limited in number, plaintiffs, at the January 9, 2009 hearing, argued defendants should be limited herein to each state's outside sales exemption. Even if the Court accepts such limitation, however, the state law claims would still present a number of additional legal and factual issues not presented by the FLSA claim. Not only does the statutory language of the outside sales exemption differ among the states at issue, each state's language differs from that set forth in the FLSA outside sales exemption. The federal test is "qualitative" in nature, focusing on a determination of whether an employee's "primary duty" is sales and whether such employee is "customarily and regularly engaged away from his employer's place or places of business." See Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 796, 798 (1999). By contrast, California law "differs substantially," because it employs a "quantitative method" focusing on whether the employee spends "more than half the number of hours worked" engaged in outside sales. See id. New York and New Jersey likewise appear to follow a more quantitative approach. New York law considers whether the employee is "customarily and predominantly" engaged in sales outside of the office.

//
//
//
//

See 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(5) (emphasis added)[1]; see also Oxford English Dictionary, http://dictionary.oed.com (defining "predominant" as "having ascendancy, supremacy, or prevailing influence over others; superior" and as "constituting the main, most abundant, or strongest element"). New Jersey law requires analysis of whether an employee's non-outside sales work "exceed[s] 20 percent of hours worked in the workweek" and a determination of whether such non-outside sales work is "work performed incidental to and in conjunction with the outside sales person's own personal sales or solicitations." See N.J. Admin. Code § 12:56-7.4(a).

Additionally, plaintiffs allege herein that defendants violated California law by "fail[ing] to provide [p]laintiffs . . . with meal periods as required by [state] law and . . . rest periods as required by [state] law." (See Second Amended Complaint ¶ 57.) Such claim would require the resolution of numerous legal and factual issues not presented by the FLSA claim or by any other state law claim, including, but not limited to, the interpretation of the word "provide," a presently unresolved issue of state law, see Brinker Restaurant Corp. v. Superior Court, 196 P. 3d 216 (Cal. 2008) (granting review of Court of Appeal decision interpreting "provide" for purposes of meal and rest periods), as well as a determination as to whether each plaintiff was provided with the requisite breaks and, if so, the length thereof, see 8 Cal. Admin. Code tit. 8, § 11070, subparts 11, 12 (setting forth maximum length of time employer may "employ any person" without providing meal breaks and rest breaks), and also a determination as to the applicability and scope of the good faith

---

[1] The Court notes that a New York regulation provides that an "employer shall pay an employee for overtime . . . in the manner and methods provided in and subject to the exemptions of [the FLSA]," see 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14(c)(5), which arguably suggests the New York outside sales exemption should be interpreted in the same manner as the FLSA outside sales exemption. As noted, however, the New York outside sales exemption and the FLSA outside sales exemption employ different language, which arguably suggests the state legislature intended an exemption different in scope from that provided under the FLSA. See N.Y. Statutes § 231 ("In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning."); see, e.g., People v. Dethloff, 23 N.E. 2d 850, 852 (N.Y. 1940) (relying on New York presumption that legislature does not "deliberately place in [a] statute a phrase which [is] intended to serve no purpose"). New York state courts are better equipped than this Court to interpret their own state's regulations.

defense asserted by defendants.[2]

Finally, as noted, plaintiffs have pleaded state law claims based on the allegation that defendants took unlawful deductions from plaintiffs' paychecks. Even assuming, arguendo, the Court has supplemental jurisdiction over those claims, the claims present a number of different factual and legal issues not presented by the FLSA claim or by any other state law claim, including, but limited to, whether any plaintiff agreed to the deductions and, if so, whether such agreement is enforceable under state law, the nature of any practice or policy by defendants regarding the deductions at issue herein, and whether the lawfulness of such deductions, and/or calculation of damages, is dependent upon whether such deductions were taken from base wages as opposed to commissions.

Accordingly, the Court finds plaintiffs' ten state law claims substantially predominate over plaintiffs' relatively straightforward FLSA claim and present novel issues of state law. Put another way, if said state law claims remain joined with the federal claim herein, the "federal tail" will "wag what is in substance a state dog." See DeAsencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3rd Cir. 2003). Under such circumstances, the Court declines to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. §§ 1367(c)(1), (c)(2).

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion for judgment on the pleadings or to strike is hereby GRANTED and the Court hereby DISMISSES the state law claims, specifically, the Second through Eleventh Claims for Relief, without prejudice to plaintiffs' filing such claims in state court.

//

---

[2] Each defendant has alleged, as its Twentieth Affirmative Defense, that it acted in good faith. Whether such an affirmative defense is cognizable appears to present a novel issue of state law; the Court has not located any decision addressing whether an employer may assert a good faith defense to a claim that the employer failed to provide a required meal and/or rest period.

5

2. Plaintiffs' motion for class certification is hereby DENIED as moot, in light of the dismissal of the state law claims, and without prejudice.

**IT IS SO ORDERED.**

Dated:  January 21, 2009

_____
MAXINE M. CHESNEY
United States District Judge